**UNITED STATES DISTRICT COURT FOR
THE DISTRICT COURT OF MASSACHUSETTS
BOSTON DIVISION**

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC, <br><br> Plaintiff, <br><br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION), <br><br> Defendant. | Civil Action No. 1:14-cv-14176-ADB |

## PROPOSED ANSWER OF PROPOSED DEFENDANT-INTERVENORS

Proposed Defendant-Intervenors, M.B., K.C., Y.D., G.E., A.G., I.G., R.H., J.L., R.S., Sarah Cole, Fadhal Moore, Arjini Kumari Nawal, Itzel Vasquez-Rodriguez, and Keyanna Wigglesworth  (collectively, "Defendant-Intervenors"), by their undersigned attorneys, hereby answer the Complaint filed by the Plaintiff in the above-styled action as follows:

## I.    RESPONSES TO THE COMPLAINT

Defendant-Intervenors deny each and every averment of the Complaint except as specifically admitted in the following responses to the enumerated paragraphs of the Complaint.

1.    Paragraph 1 states conclusions of law and Plaintiff's characterization of its claims, to which no response is necessary.

2.    Paragraph 2 states conclusions of law, to which no response is necessary.  To the extent a response is deemed necessary, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2

and therefore deny those allegations.

3.     Defendant-Intervenors deny the allegations in paragraph 3, except to the extent they contain conclusions of law, which require no response.

4.     Defendant-Intervenors deny the allegations in paragraph 4, except to the extent they contain conclusions of law, which require no response.

5.     Defendant-Intervenors deny the allegations in paragraph 5, except to the extent they contain conclusions of law, which require no response.

6.     Defendant-Intervenors deny the allegations in paragraph 6, except to the extent they contain conclusions of law, which require no response. With regard to the enrollment statistics discussed in paragraph 6, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations and therefore deny those allegations. Defendant-Intervenors further state that even if it were found that the racial demographics of Harvard's entering class remained relatively stable over the years, this may be primarily the result of the relative consistency of the demographics of the applicant pool from year to year. It does not demonstrate that Harvard is unconstitutionally considering race in the admissions process.

7.     Defendant-Intervenors deny the allegations in paragraph 7, except to the extent they contain conclusions of law, which require no response.

8.     Defendant-Intervenors deny the allegations in paragraph 8, except to the extent they contain conclusions of law, which require no response.

9.     Defendant-Intervenors deny the allegations in paragraph 9, except to the extent they contain conclusions of law, which require no response.

10.    Defendant-Intervenors admit that Plaintiff brought this action under 42 U.S.C. § 2000d

*et seq.* and that 28 U.S.C. §§ 1331 and 1343 authorize the Court's subject-matter jurisdiction over such actions. Defendant-Intervenors deny that the Court possesses subject-matter jurisdiction over this case, however.

11. Defendant-Intervenors admit that venue is proper.

12. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 and therefore deny those allegations.

13. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 and therefore deny those allegations.

14. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 and therefore deny those allegations.

15. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 and therefore deny those allegations.

16. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 and therefore deny those allegations.

17. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 and therefore deny those allegations.

18. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 and therefore deny those allegations.

19. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 and therefore deny those allegations.

20. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 and therefore deny those allegations.

21. Defendant-Intervenors lack knowledge or information sufficient to form a belief about

the truth of the allegations in paragraph 21 and therefore deny those allegations.

22.     Defendant-Intervenors deny the allegations in paragraph 22.

23.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 and therefore deny those allegations.

24.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 and therefore deny those allegations.

25.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 and therefore deny those allegations.

26.     Defendant-Intervenors deny the allegations in paragraph 26.

27.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 and therefore deny those allegations.

28.     Defendant-Intervenors deny the allegations in paragraph 28.

29.     Defendant-Intervenors admit on information and belief that the Harvard Corporation is Harvard University's senior governing board.  Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29 and therefore deny those allegations.

30.     Defendant-Intervenors admit on information and belief that Harvard University is a private educational institution with its legal address in Cambridge, Massachusetts.

31.     Defendant-Intervenors admit on information and belief that Harvard College is a component of Harvard University that offers undergraduate education.  Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about

the truth of the remaining allegations in paragraph 31 and therefore deny those allegations.

32.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 and therefore deny those allegations.

33.  Defendant-Intervenors admit upon information and belief that Harvard College enrolls a number of students who receive federal financial aid.

34.  Paragraph 34 states a conclusion of law, which requires no response.

35.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 and therefore deny those allegations.

36.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 and therefore deny those allegations.

37.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 and therefore deny those allegations.

38.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 and therefore deny those allegations.

39.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 and therefore deny those allegations.

40.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 and therefore deny those allegations.

41.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 and therefore deny those allegations.

42.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 and therefore deny those allegations.

43.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 and therefore deny those allegations.

44.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 and therefore deny those allegations.

45.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 and therefore deny those allegations.

46.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 and therefore deny those allegations.

47.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 and therefore deny those allegations.

48.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 and therefore deny those allegations.

49.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 and therefore deny those allegations.

50.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 and therefore deny those allegations.

51.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 and therefore deny those allegations.

52.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 and therefore deny those allegations.

53.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 and therefore deny those allegations.

54.     Defendant-Intervenors lack knowledge or information sufficient to form a belief about

the truth of the allegations in paragraph 54 and therefore deny those allegations.

55.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 and therefore deny those allegations.

56.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 and therefore deny those allegations.

57.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57 and therefore deny those allegations.

58.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 and therefore deny those allegations.

59.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 and therefore deny those allegations.

60.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 and therefore deny those allegations.

61.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 and therefore deny those allegations.

62.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 and therefore deny those allegations.

63.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 and therefore deny those allegations.

64.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 and therefore deny those allegations.

65.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 and therefore deny those allegations.

66.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 and therefore deny those allegations.

67.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 and therefore deny those allegations.

68.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 and therefore deny those allegations.

69.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69 and therefore deny those allegations.

70.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70 and therefore deny those allegations.

71.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71 and therefore deny those allegations.

72.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72 and therefore deny those allegations.

73.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73 and therefore deny those allegations.

74.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74 and therefore deny those allegations.

75.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75 and therefore deny those allegations.

76.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76 and therefore deny those allegations.

77.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about

the truth of the allegations in paragraph 77 and therefore deny those allegations.

78.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78 and therefore deny those allegations.

79.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79 and therefore deny those allegations.

80.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80 and therefore deny those allegations.

81.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81 and therefore deny those allegations.

82.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82 and therefore deny those allegations.

83.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83 and therefore deny those allegations.

84.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84 and therefore deny those allegations.

85.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85 and therefore deny those allegations.

86.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86 and therefore deny those allegations.

87.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87 and therefore deny those allegations.

88.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88 and therefore deny those allegations.

89.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89 and therefore deny those allegations.

90.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90 and therefore deny those allegations.

91.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91 and therefore deny those allegations.

92.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92 and therefore deny those allegations.

93.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93 and therefore deny those allegations.

94.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94 and therefore deny those allegations.

95.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95 and therefore deny those allegations.

96.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 96 and therefore deny those allegations.

97.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97 and therefore deny those allegations.

98.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98 and therefore deny those allegations.

99.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99 and therefore deny those allegations.

100. Defendant-Intervenors lack knowledge or information sufficient to form a belief about

the truth of the allegations in paragraph 100 and therefore deny those allegations, except to the extent they state conclusions of law, which require no response.

101.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101 and therefore deny those allegations.

102.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102 and therefore deny those allegations.

103.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103 and therefore deny those allegations.

104.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104 and therefore deny those allegations.

105.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 105 and therefore deny those allegations.

106.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106 and therefore deny those allegations.

107.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107 and therefore deny those allegations.

108.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108 and therefore deny those allegations.

109.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109 and therefore deny those allegations.

110.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110 and therefore deny those allegations.

111.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about

the truth of the allegations in paragraph 111 and therefore deny those allegations.

112. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 112 and therefore deny those allegations.

113. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113 and therefore deny those allegations.

114. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114 and therefore deny those allegations.

115. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115 and therefore deny those allegations.

116. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 116 and therefore deny those allegations.

117. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117 and therefore deny those allegations.

118. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 118 and therefore deny those allegations.

119. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 119 and therefore deny those allegations.

120. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120 and therefore deny those allegations.

121. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 121 and therefore deny those allegations.

122. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 122 and therefore deny those allegations.

123.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 123 and therefore deny those allegations.

124.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 124 and therefore deny those allegations.

125.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 125 and therefore deny those allegations.

126.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 126 and therefore deny those allegations.

127.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 127 and therefore deny those allegations.

128.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 128 and therefore deny those allegations.

129.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 129 and therefore deny those allegations.

130.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 130 and therefore deny those allegations.

131.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 131 and therefore deny those allegations.

132.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 132 and therefore deny those allegations.

133.    Defendant-Intervenors admit on information and belief the allegations of paragraph 133.

134.    Defendant-Intervenors state that to the extent the allegations set forth in paragraph 134 are from a written document, the document speaks for itself and, to the extent the

allegations of paragraph 134 are inconsistent with any such document, Defendant-Intervenors deny the allegations in paragraph 134. To the extent that paragraph 134 contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 134 and therefore deny those allegations.

135.   Defendant-Intervenors state that to the extent the allegations set forth in paragraph 135 are from a written document, the document speaks for itself and, to the extent the allegations of paragraph 135 are inconsistent with any such document, Defendant-Intervenors deny the allegations in paragraph 135. To the extent that paragraph 135 contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 135 and therefore deny those allegations.

136.   Defendant-Intervenors state that to the extent the allegations set forth in paragraph 136 are from a written document, the document speaks for itself and, to the extent the allegations of paragraph 136 are inconsistent with any such document, Defendant-Intervenors deny the allegations in paragraph 136. To the extent that paragraph 136 contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 136 and therefore deny those allegations.

137.   Defendant-Intervenors state that to the extent the allegations set forth in paragraph 137

are from a written document, the document speaks for itself and, to the extent the allegations of paragraph 137 are inconsistent with any such document, Defendant-Intervenors deny the allegations in paragraph 137. To the extent that paragraph 137 contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 137 and therefore deny those allegations.

138. Defendant-Intervenors state that to the extent the allegations set forth in paragraph 138 are from a written document, the document speaks for itself and, to the extent the allegations of paragraph 138 are inconsistent with any such document, Defendant-Intervenors deny the allegations in paragraph 138. To the extent that paragraph 138 contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 138 and therefore deny those allegations.

139. Defendant-Intervenors admit on information and belief the allegations of paragraph 139.

140. Defendant-Intervenors state that to the extent the allegations set forth in paragraph 140 are from a written document, the document speaks for itself and, to the extent the allegations of paragraph 140 are inconsistent with any such document, Defendant-Intervenors deny the allegations in paragraph 140. To the extent that paragraph 140 contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 140 and therefore deny those

allegations.

141.   Defendant-Intervenors state that to the extent the allegations set forth in paragraph 141 are from a written document, the document speaks for itself and, to the extent the allegations of paragraph 141 are inconsistent with any such document, Defendant-Intervenors deny the allegations in paragraph 141.  To the extent that paragraph 141 contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 141 and therefore deny those allegations.

142.   Defendant-Intervenors state that to the extent the allegations set forth in paragraph 142 are from a written document, the document speaks for itself and, to the extent the allegations of paragraph 142 are inconsistent with any such document, Defendant-Intervenors deny the allegations in paragraph 142.  To the extent that paragraph 142 contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 142 and therefore deny those allegations.

143.   Defendant-Intervenors admit on information and belief the allegations of paragraph 143.

144.   Defendant-Intervenors state that to the extent the allegations set forth in paragraph 144 are from a written document, the document speaks for itself and, to the extent the allegations of paragraph 144 are inconsistent with any such document, Defendant-Intervenors deny the allegations in paragraph 144.  To the extent that paragraph 144 contains allegations neither set forth in a written document nor inconsistent with such a

document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 144 and therefore deny those allegations.

145. Defendant-Intervenors state that to the extent the allegations set forth in paragraph 145 are from a written document, the document speaks for itself and, to the extent the allegations of paragraph 145 are inconsistent with any such document, Defendant-Intervenors deny the allegations in paragraph 145. To the extent that paragraph 145 contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 145 and therefore deny those allegations.

146. Defendant-Intervenors state that to the extent the allegations set forth in paragraph 146 are from a written document, the document speaks for itself and, to the extent the allegations of paragraph 146 are inconsistent with any such document, Defendant-Intervenors deny the allegations in paragraph 146. To the extent that paragraph 146 contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 146 and therefore deny those allegations.

147. Defendant-Intervenors admit upon information and belief that Harvard's admissions committee considers each applicant's background and personal characteristics, including—where relevant—the applicant's race or ethnicity as it bears on the holistic review, as one among many factors that it evaluates holistically in determining

whether to make an offer of admission.  Defendant-Intervenors otherwise deny the allegations in paragraph 147.

148.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 148 and therefore deny those allegations.

149.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 149 and therefore deny those allegations.

150.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 150 and therefore deny those allegations.

151.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 151 and therefore deny those allegations.

152.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 152 and therefore deny those allegations.

153.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 153 and therefore deny those allegations.

154.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 154 and therefore deny those allegations.

155.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 155 and therefore deny those allegations.

156.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 156 and therefore deny those allegations.

157.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 157 and therefore deny those allegations.

158.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about

the truth of the allegations in paragraph 158 and therefore deny those allegations.

159.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 159 and therefore deny those allegations.

160.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 160 and therefore deny those allegations.

161.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 161 and therefore deny those allegations.

162.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 162 and therefore deny those allegations.

163.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 163 and therefore deny those allegations.

164.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 164 and therefore deny those allegations.

165.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 165 and therefore deny those allegations.

166.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 166 and therefore deny those allegations.

167.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 167 and therefore deny those allegations.

168.  Defendant-Intervenors state that to the extent the allegations set forth in paragraph 168 are from a written document, the document speaks for itself and, to the extent the allegations of  paragraph 168 are inconsistent with any such document, Defendant-Intervenors deny the allegations in  paragraph 168.  To the extent that paragraph 168

contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 168 and therefore deny those allegations.

169.   Defendant-Intervenors state that to the extent the allegations set forth in paragraph 169 are from a written document, the document speaks for itself and, to the extent the allegations of paragraph 169 are inconsistent with any such document, Defendant-Intervenors deny the allegations in paragraph 169.  To the extent that paragraph 169 contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 169 and therefore deny those allegations.

170.   Defendant-Intervenors state that to the extent the allegations set forth in paragraph 170 are from a written document, the document speaks for itself and, to the extent the allegations of paragraph 170 are inconsistent with any such document, Defendant-Intervenors deny the allegations in paragraph 170.  To the extent that paragraph 170 contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 170 and therefore deny those allegations.

171.   Defendant-Intervenors state that to the extent the allegations set forth in paragraph 171 are from a written document, the document speaks for itself and, to the extent the allegations of paragraph 171 are inconsistent with any such document, Defendant-

Intervenors deny the allegations in paragraph 171.  To the extent that paragraph 171 contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 171 and therefore deny those allegations.

172.   Defendant-Intervenors state that to the extent the allegations set forth in paragraph 172 are from a written document, the document speaks for itself and, to the extent the allegations of paragraph 172 are inconsistent with any such document, Defendant-Intervenors deny the allegations in paragraph 172.  To the extent that paragraph 172 contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 172 and therefore deny those allegations.

173.   Defendant-Intervenors state that to the extent the allegations set forth in paragraph 173 are from a written document, the document speaks for itself and, to the extent the allegations of paragraph 173 are inconsistent with any such document, Defendant-Intervenors deny the allegations in paragraph 173.  To the extent that paragraph 173 contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 173 and therefore deny those allegations.

174.   Defendant-Intervenors state that to the extent the allegations set forth in paragraph 174 are from a written document, the document speaks for itself and, to the extent the

allegations of paragraph 174 are inconsistent with any such document, Defendant-Intervenors deny the allegations in paragraph 174. To the extent that paragraph 174 contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 174 and therefore deny those allegations.

175. Defendant-Intervenors admit the allegations in paragraph 175 to the extent that they list the materials required to apply to Harvard College. With regard to the process by which the Harvard Admissions Committee reviews such admissions material, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 175 and therefore deny those allegations.

176. Defendant-Intervenors admit that applicants, on the Common Application, may choose to provide information about their race or ethnicity. Defendant-Intervenors otherwise deny the allegations in paragraph 176.

177. Defendant-Intervenors admit that applicants, on the Common Application, may choose to provide information about their race or ethnicity.

178. Defendant-Intervenors state that to the extent the allegations set forth in paragraph 178 are from a written document, the document speaks for itself and, to the extent the allegations of paragraph 178 are inconsistent with any such document, Defendant-Intervenors deny the allegations in paragraph 178. To the extent that paragraph 178 contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 178 and therefore deny those

allegations.

179. Defendant-Intervenors state that to the extent the allegations set forth in paragraph 179 are from a written document, the document speaks for itself and, to the extent the allegations of paragraph 179 are inconsistent with any such document, Defendant-Intervenors deny the allegations in paragraph 179. To the extent that paragraph 179 contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 179 and therefore deny those allegations.

180. Defendant-Intervenors admit that applicants, on the Common Application, may choose to provide information about their race or ethnicity.

181. Defendant-Intervenors state that to the extent the allegations set forth in paragraph 181 are from a written document, the document speaks for itself and, to the extent the allegations of paragraph 181 are inconsistent with any such document, Defendant-Intervenors deny the allegations in paragraph 181. To the extent that paragraph 181 contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 181 and therefore deny those allegations.

182. Defendant-Intervenors state that to the extent the allegations set forth in paragraph 182 purport to characterize a written document, the document speaks for itself and, to the extent the allegations of paragraph 182 are inconsistent with any such document, Defendant-Intervenors deny the allegations in paragraph 182. To the extent that

paragraph 182 contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 182 and therefore deny those allegations.

183.   Defendant-Intervenors state that to the extent the allegations set forth in paragraph 183 purport to characterize a written document, the document speaks for itself and, to the extent the allegations of paragraph 183 are inconsistent with any such document, Defendant-Intervenors deny the allegations in paragraph 183.  To the extent that paragraph 183 contains allegations neither set forth in a written document nor inconsistent with such a document, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 183 and therefore deny those allegations.

184.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 184 and therefore deny those allegations.

185.   Defendant-Intervenors admit on information and belief that the Harvard College admissions office considers for transfer admission students who have completed at least one continuous academic year in a full-time degree program at one college. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 185 and therefore deny those allegations.

186.   Defendant-Intervenors admit upon information and belief that the Harvard College admissions office considers applicants for transfer admission in a holistic manner and that, as with applicants for early or regular admission, it considers each applicant's

background and personal characteristics, including—where relevant—the applicant's race or ethnicity as it bears on the holistic review, as one among many factors that it evaluates holistically in determining whether to make an offer of admission.  Defendant-Intervenors otherwise deny the allegations in paragraph 186.

187.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 187 and therefore deny those allegations.

188.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 188 and therefore deny those allegations.

189.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 189 and therefore deny those allegations.

190.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 190 and therefore deny those allegations.

191.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 191 and therefore deny those allegations.

192.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 192 and therefore deny those allegations.

193.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 193 and therefore deny those allegations.

194.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 194 and therefore deny those allegations.

195.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 195 and therefore deny those allegations.

196.   Defendant-Intervenors admit that the admissions committee considers each applicant's

background and personal characteristics, including—where relevant—the applicant's race or ethnicity as it bears on the holistic review, as one among many factors that it evaluates holistically in determining whether to make an offer of admission. Defendant-Intervenors otherwise deny the allegations in paragraph 196.

197. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 197 and therefore deny those allegations.

198. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 198 and therefore deny those allegations.

199. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 199 and therefore deny those allegations.

200. With regard to the references in paragraph 200 to statistical studies, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations asserted and therefore deny those allegations. Defendant-Intervenors otherwise deny the allegations in paragraph 200, except to the extent they contain conclusions of law, which require no response.

201. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 201 and therefore deny those allegations.

202. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 202 and therefore deny those allegations.

203. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 203 and therefore deny those allegations.

204. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 204 and therefore deny those allegations.

205.  With regard to the references in paragraph 205 to statistical studies, Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations and therefore deny those allegations. Defendant-Intervenors otherwise deny the allegations in paragraph 205, except to the extent they contain conclusions of law, which require no response.

206.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 206 and therefore deny those allegations.

207.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 207 and therefore deny those allegations.

208.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 208 and therefore deny those allegations.

209.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 209 and therefore deny those allegations.

210.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 210 and therefore deny those allegations.

211.  Defendant-Intervenors deny the last sentence of paragraph 211, except to the extent it contains conclusions of law which require no response. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 211 and therefore deny those allegations.

212.  Defendant-Intervenors deny the last sentence of paragraph 212, except to the extent it contains conclusions of law which require no response. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 212 and therefore deny those allegations.

213.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 213 and therefore deny those allegations.

214.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 214 and therefore deny those allegations.

215.   Defendant-Intervenors deny the allegations set forth in paragraph 215, except to the extent they contain conclusions of law, which require no response.

216.   Defendant-Intervenors deny the last sentence of paragraph 216, except to the extent it contains conclusions of law which require no response. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 216 and therefore deny those allegations.

217.   Defendant-Intervenors deny the allegations set forth in paragraph 217, except to the extent it contains conclusions of law, which require no response.

218.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 218 and therefore deny those allegations.

219.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 219 and therefore deny those allegations.

220.   Defendant-Intervenors deny the last sentence of paragraph 220, except to the extent they contain conclusions of law which require no response. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 220 and therefore deny those allegations.

221.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 221 and therefore deny those allegations.

222.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about

the truth of such allegations in paragraph 222 and therefore deny those allegations. Defendant-Intervenors further state that even if it were found that the racial demographics of Harvard's entering class remained relatively stable over the years, this may primarily be the result of the relative consistency of the demographics of the applicant pool from year to year. It does not demonstrate that Harvard is unconstitutionally considering race in the admissions process.

223.  Defendant-Intervenors deny the allegations of paragraph 223, except to the extent they contain conclusions of law, which require no response.

224.  Defendant-Intervenors deny the last sentence of paragraph 224, except to the extent they contain conclusions of law which require no response. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 224 and therefore deny those allegations.

225.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 225 and therefore deny those allegations.

226.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 226 and therefore deny those allegations.

227.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 227 and therefore deny those allegations.

228.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 228 and therefore deny those allegations.

229.  Defendant-Intervenors deny the allegations in paragraph 229, except to the extent they contain conclusions of law, which require no response.

230.  Defendant-Intervenors lack knowledge or information sufficient to form a belief

about the truth of the allegations in paragraph 230 and therefore deny those allegations.

231.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 231 and therefore deny those allegations.

232.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 232 and therefore deny those allegations.

233.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 233 and therefore deny those allegations, except to the extent they contain conclusions of law, which require no response.

234.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 234 and therefore deny those allegations.

235.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 235 and therefore deny those allegations.

236.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 236 and therefore deny those allegations.

237.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 237 and therefore deny those allegations.

238.   Defendant-Intervenors deny the allegations in paragraph 238, except to the extent they contain conclusions of law, which require no response.

239.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 239 and therefore deny those allegations,

240.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 240 and therefore deny those allegations,

241.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 241 and therefore deny those allegations.

242.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 242 and therefore deny those allegations.

243.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 243 and therefore deny those allegations.

244.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 244 and therefore deny those allegations.

245.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 245 and therefore deny those allegations.

246.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 246 and therefore deny those allegations.

247.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 247 and therefore deny those allegations.

248.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 248 and therefore deny those allegations.

249.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 249 and therefore deny those allegations.

250.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 250 and therefore deny those allegations.

251.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 251 and therefore deny those allegations.

252.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 252 and therefore deny those allegations.

253.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 253 and therefore deny those

allegations.

254.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 254 and therefore deny those allegations.

255.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 255 and therefore deny those allegations.

256.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 256 and therefore deny those allegations.

257.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 257 and therefore deny those allegations.

258.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 258 and therefore deny those allegations.

259.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 259 and therefore deny those allegations.

260.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 260 and therefore deny those allegations, except to the extent they contain conclusions of law, which require no response.

261.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 261 and therefore deny those allegations.

262.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 262 and therefore deny those allegations.

263.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about

the truth of such allegations in paragraph 263 and therefore deny those allegations

264. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 264 and therefore deny those allegations

265. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 265 and therefore deny those allegations

266. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 266 and therefore deny those allegations.

267. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 267 and therefore deny those allegations.

268. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 268 and therefore deny those allegations

269. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 269 and therefore deny those allegations.

270. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 270 and therefore deny those allegations.

271. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 271 and therefore deny those allegations. Defendant-Intervenors further rejct the implication in paragraph 271 that SAT scores are a reliable indicator of merit or accurately predict student achievement in college.

272. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 272 and therefore deny those allegations.

273. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 273 and therefore deny those allegations.

274.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 274 and therefore deny those allegations.

275.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 275 and therefore deny those allegations.

276.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 276 and therefore deny those allegations. Defendant-Intervenors further reject the implication in paragraph 276 that SAT scores are a reliable indicator of merit or accurately predict student achievement in college.

277.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 277 and therefore deny those allegations.

278.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 278 and therefore deny those allegations.

279.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 279 and therefore deny those allegations.

280.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 280 and therefore deny those allegations.

281.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 281 and therefore deny those allegations.

282.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 282 and therefore deny those allegations.

283.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 283 and therefore deny those allegations. Defendant-Intervenors further rejct the implication in paragraph 283 that SAT scores are

a reliable indicator of merit or accurately predict student achievement in college.

284.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 284 and therefore deny those allegations, except to the extent they contain conclusions of law, which require no response.

285.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 285 and therefore deny those allegations, except to the extent they contain conclusions of law, which require no response.

286.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 286 and therefore deny those allegations, except to the extent they contain conclusions of law, which require no response.

287.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 287 and therefore deny those allegations, except to the extent they contain conclusions of law, which require no response.

288.   Defendant-Intervenors deny the allegations of paragraph 288, except to the extent they contain conclusions of law, which require no response.

289.   Defendant-Intervenors deny the allegations of paragraph 289, except to the extent they contain conclusions of law, which require no response.

290.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 290 and therefore deny those allegations. Defendant-Intervenors further state that even if it were found that the racial demographics of Harvard's entering class remained relatively stable over the years, this may primarily be the result of the relative consistency of the demographics of the applicant pool from year to year. It does not demonstrate that Harvard is unconstitutionally considering race

in the admissions process.

291.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 291 and therefore deny those allegations. Defendant-Intervenors further state that even if it were found that the racial demographics of Harvard's entering class remained relatively stable over the years, this may primarily be the result of the relative consistency of the demographics of the applicant pool from year to year. It does not demonstrate that Harvard is unconstitutionally considering race in the admissions process.

292.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 292 and therefore deny those allegations. Defendant-Intervenors further state that even if it were found that the racial demographics of Harvard's entering class remained relatively stable over the years, this may primarily be the result of the relative consistency of the demographics of the applicant pool from year to year. It does not demonstrate that Harvard is unconstitutionally considering race in the admissions process.

293.   Defendant-Intervenors deny the allegations in paragraph 293 to the extent they suggest Harvard is engaging in unconsitutional racial balancing. Defendant-Intervenors further state that even if it were found that the racial demographics of Harvard's entering class remained relatively stable over the years, this may primarily be the result of the relative consistency of the demographics of the applicant pool from year to year. It does not demonstrate that Harvard is unconstitutionally considering race in the admissions process. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 293 and therefore deny

those allegations.

294.  Defendant-Intervenors deny the allegations in paragraph 294 to the extent they suggest Harvard is engaging in unconsitutional racial balancing. Defendant-Intervenors further state that even if it were found that the racial demographics of Harvard's entering class remained relatively stable over the years, this may primarily be the result of the relative consistency of the demographics of the applicant pool from year to year. It does not demonstrate that Harvard is unconstitutionally considering race in the admissions process. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 294 and therefore deny those allegations.

295.  Defendant-Intervenors deny the allegations in paragraph 295 to the extent they suggest Harvard is engaging in unconsitutional racial balancing. Defendant-Intervenors further state that even if it were found that the racial demographics of Harvard's entering class remained relatively stable over the years, this may primarily be the result of the relative consistency of the demographics of the applicant pool from year to year. It does not demonstrate that Harvard is unconstitutionally considering race in the admissions process. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 295 and therefore deny those allegations.

296.  Defendant-Intervenors deny the allegations in paragraph 296 to the extent they suggest Harvard is engaging in unconsitutional racial balancing. Defendant-Intervenors further state that even if it were found that the racial demographics of Harvard's entering class remained relatively stable over the years, this may primarily be the result of the relative

consistency of the demographics of the applicant pool from year to year. It does not demonstrate that Harvard is unconstitutionally considering race in the admissions process. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 296 and therefore deny those allegations.

297. Defendant-Intervenors deny the allegations in paragraph 297 to the extent they suggest Harvard is engaging in unconsitutional racial balancing. Defendant-Intervenors further state that even if it were found that the racial demographics of Harvard's entering class remained relatively stable over the years, this may primarily be the result of the relative consistency of the demographics of the applicant pool from year to year. It does not demonstrate that Harvard is unconstitutionally considering race in the admissions process. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 297 and therefore deny those allegations.

298. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 298 and therefore deny those allegations.

299. Defendant-Intervenors deny the allegations in paragraph 299 to the extent they suggest Harvard is engaging in unconsitutional racial balancing. Defendant-Intervenors further state that even if it were found that the racial demographics of Harvard's entering class remained relatively stable over the years, this may primarily be the result of the relative consistency of the demographics of the applicant pool from year to year. It does not demonstrate that Harvard is unconstitutionally considering race in the admissions process. Defendant-Intervenors otherwise lack knowledge or information sufficient to

form a belief about the truth of such allegations in paragraph 299 and therefore deny those allegations.

300. Defendant-Intervenors deny the allegations in paragraph 300 to the extent they suggest Harvard is engaging in unconsitutional racial balancing. Defendant-Intervenors further state that even if it were found that the racial demographics of Harvard's entering class remained relatively stable over the years, this may primarily be the result of the relative consistency of the demographics of the applicant pool from year to year. It does not demonstrate that Harvard is unconstitutionally considering race in the admissions process. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 300 and therefore deny those allegations.

301. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 301 and therefore deny those allegations.

302. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of such allegations in paragraph 302 and therefore deny those allegations.

303. Defendant-Intervenors deny the allegations in paragraph 303. Defendant-Intervenors further state that even if it were found that the racial demographics of Harvard's entering class remained relatively stable over the years, this may primarily be the result of the relative consistency of the demographics of the applicant pool from year to year. It does not demonstrate that Harvard is unconstitutionally considering race in the admissions process.

304. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 304 and therefore deny those

allegations.

305. Defendant-Intervenors admit on information and belief that particular admissions policies, such as legacy preferences, have a disparate negative impact on racial minority applicants, but Defendant-Intervenors otherwise deny the allegations in paragraph 305.

306. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 306 and therefore deny those allegations, except to the extent they contain conclusions of law which require no response.

307. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 307 and therefore deny those allegations.

308. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 308 and therefore deny those allegations.

309. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 309 and therefore deny those allegations.

310. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 310 and therefore deny those allegations.

311. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 311 and therefore deny those allegations.

312. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 312 and therefore deny those allegations.

313. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 313 and therefore deny those allegations.

314. Defendant-Intervenors lack knowledge or information sufficient to form a belief about

the truth of the allegations in paragraph 314 and therefore deny those allegations.

315. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 315 and therefore deny those allegations.

316. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 316 and therefore deny those allegations.

317. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 317 and therefore deny those allegations.

318. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 318 and therefore deny those allegations.

319. Defendant-Intervenors admit on information and belief that students at Harvard receive Pell Grants, but Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 319 and therefore deny those allegations.

320. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 320 and therefore deny those allegations.

321. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 321 and therefore deny those allegations.

322. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 322 and therefore deny those allegations.

323. Paragraph 323 states a conclusion of law, which requires no response.  To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 323.

324. Defendant-Intervenors lack knowledge or information sufficient to form a belief about

the truth of the allegations in the first two sentences of paragraph 324.  The allegations in the third sentence of paragraph 324 state conclusions of law, which require no response.  To the extent a response is required, Defendant-Intervenors deny the allegations in the third sentence of paragraph 324.

325.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 325 and therefore deny those allegations.

326.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 326 and therefore deny those allegations.

327.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 327 and therefore deny those allegations.

328.   Paragraph 328 states a conclusion of law, which requires no response.  To the extent a response is required, Defendant-Intervenors deny the allegations in the third sentence of paragraph 328.

329.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 329 and therefore deny those allegations.

330.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 330 and therefore deny those allegations.

331.   Defendant-Intervenors lack knowledge or information sufficient to form a belief

about the truth of the allegations in paragraph 331 and therefore deny those allegations.

332.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 332 and therefore deny those allegations.

333.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 333 and therefore deny those allegations.

334.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 334 and therefore deny those allegations.

335.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 335 and therefore deny those allegations.

336.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 336 and therefore deny those allegations.

337.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 337 and therefore deny those allegations.

338.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 338 and therefore deny those allegations.

339.    Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 339 and therefore deny those allegations.

340.    Paragraph 340 states a conclusion of law, which requires no response.  To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 340.

341.    Defendant-Intervenors admit on information and belief that particular admissions

policies, such as legacy preferences, have a disparate negative impact on racial minority applicants, but Defendant-Intervenors otherwise deny the allegations in paragraph 341.

342. Defendant-Intervenors admit on information and belief the allegations of paragraph 342.

343. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 343 and therefore deny those allegations.

344. Defendant-Intervenors admit on information and belief the allegations of paragraph 344.

345. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 345 and therefore deny those allegations, except to the extent they contain conclusions of law which require no response.

346. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 346 and therefore deny those allegations

347. Paragraph 347 states a conclusion of law, which requires no response.  To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 347.

348. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 348 and therefore deny those allegations, except to the extent they contain conclusions of law which require no response.

349. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 349 and therefore deny those allegations.

350. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 350 and therefore deny those allegations.

351. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 351 and therefore deny those allegations.  Defendant-Intervenors further reject the implication in paragraph 351 that SAT scores are a reliable indicator of merit or accurately predict student achievement in college.

352.  Defendant-Intervenors admit on information and belief the allegations of paragraph 352.

353.  Defendant-Intervenors admit on information and belief that particular admissions policies, such as preferences for legacies and children of wealthy donors, have a disparate negative impact on racial minority applicants, but Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 353 and therefore deny those allegations.

354.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 354 and therefore deny those allegations.

355.  Paragraph 355 states a conclusion of law, which requires no response.  To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 355.

356.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 356 and therefore deny those allegations

357.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 357 and therefore deny those allegations

358.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 358 and therefore deny those allegations

359.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 359 and therefore deny those allegations

360.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 360 and therefore deny those allegations

361.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 361 and therefore deny those allegations

362.   Paragraph 362 states a conclusion of law, which requires no response.  To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 362.

363.   Defendant-Intervenors admit that Harvard accepts some students earlier in the year than other students, but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 363 and therefore deny those allegations.

364.   Defendant-Intervenors admit on information and belief the allegations of paragraph 364.

365.   Defendant-Intervenors admit on information and belief the allegations of paragraph 365.

366.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 366 and therefore deny those allegations

367.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 367 and therefore deny those allegations

368.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 368 and therefore deny those allegations.

369.   Paragraph 369 states a conclusion of law, which requires no response.  To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 369.

370.   The first sentence of paragraph 370 states a conclusion of law, which requires no response.  To the extent a response is required, Defendant-Intervenors deny the

allegations in the first sentence of paragraph 370.  Defendant-Intervenors deny the allegations in the second sentence of paragraph 370.

371.   Paragraph 371 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 371.

372.   Paragraph 372 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 372.

373.   Defendant-Intervenors deny the allegations in paragraph 373, except to the extent they contain conclusions of law, which require no response.

374.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 374 and therefore deny those allegations.

375.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 375 and therefore deny those allegations.

376.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 376 and therefore deny those allegations.

377.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 377 and therefore deny those allegations.

378.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 378 and therefore deny those allegations.

379.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 379 and therefore deny those allegations, except to the extent they contain conclusions of law, which require no response.

380.   Defendant-Intervenors deny the allegations in paragraph 380. Contrary to Plaintiff's claim that Harvard's holistic consideration of race—where relevant—stigmatizes and produces a

"devastating [physcological] effect" for the policy's supposed beneficiaries, Defendant-Intervenors assert that Harvard's current policy of racial preferencing does not harm Native American, African American, and Latino students but rather produces critical benefits for such students, including: providing a learning environment that is more hospitable and reduces isolation for Native American, African American, and Latino students and, furthermore, by producing a more productive educational environment due to the benefits that flow from a diverse student body to all students, including Defendant-Intervenors, including: increased cross-racial understanding and dialogue, increased capacity to break down racial stereotypes, and better preparation to meet the challenges of an increasingly diverse workforce and society.

381. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 381 and therefore deny those allegations.

382. Defendant-Intervenors deny the allegations in paragraph 382, except to the extent they contain conclusions of law, which require no response.

383. Defendant-Intervenors deny the allegations in paragraph 383. Defendant-Intervenors further reject all allegations that "mismatch effect" explains or accounts for the academic achievement of any student admitted under Harvard's current admissions policy which allows for the consideration of an applicant's race to further the compelling interest of achieving the educational benefits that flow from a diverse student body. Defendant-Intervenors further state upon information and belief that Harvard College applies rigorous admissions standards to all applicants; and that all admitted students are fully qualified to succeed at Harvard.

384. Defendant-Intervenors deny the allegations in paragraph 384 to the extent they suggest

that "mismatch effect" explains or accounts for the academic achievement of any student admitted under Harvard's current admissions policy which allows for the consideration of an applicant's race to further the compelling interest of achieving the educational benefits that flow from a diverse student body. Defendant-Intervenors further state upon information and belief that Harvard College applies rigorous admissions standards to all applicants; and that all admitted students are fully qualified to succeed at Harvard. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 384 and therefore deny those allegations.

385.   Defendant-Intervenors deny the allegations in paragraph 385 to the extent they suggest that "mismatch effect" explains or accounts for the academic achievement of any student admitted under Harvard's current admissions policy which allows for the consideration of an applicant's race to further the compelling interest of achieving the educational benefits that flow from a diverse student body. Defendant-Intervenors further state upon information and belief that Harvard College applies rigorous admissions standards to all applicants; and that all admitted students are fully qualified to succeed at Harvard. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 385 and therefore deny those allegations.

386.   Defendant-Intervenors deny the allegations in paragraph 386 to the extent they suggest that "mismatch effect" explains or accounts for the academic achievement of any student admitted under Harvard's current admissions policy which allows for the consideration of an applicant's race to further the compelling interest of achieving the educational benefits

that flow from a diverse student body. Defendant-Intervenors further state upon information and belief that Harvard College applies rigorous admissions standards to all applicants; and that all admitted students are fully qualified to succeed at Harvard. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 386 and therefore deny those allegations.

387.   Defendant-Intervenors deny the allegations in paragraph 387 to the extent they suggest that "mismatch effect" explains or accounts for the academic achievement of any student admitted under Harvard's current admissions policy which allows for the consideration of an applicant's race to further the compelling interest of achieving the educational benefits that flow from a diverse student body. Defendant-Intervenors further state upon information and belief that Harvard College applies rigorous admissions standards to all applicants; and that all admitted students are fully qualified to succeed at Harvard. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 387 and therefore deny those allegations.

388.   Defendant-Intervenors deny the allegations in paragraph 388 to the extent they suggest that "mismatch effect" explains or accounts for the academic achievement of any student admitted under Harvard's current admissions policy which allows for the consideration of an applicant's race to further the compelling interest of achieving the educational benefits that flow from a diverse student body. Defendant-Intervenors further state upon information and belief that Harvard College applies rigorous admissions standards to all applicants; and that all admitted students are fully qualified to succeed at Harvard.

Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 388 and therefore deny those allegations.

389.  Defendant-Intervenors deny the allegations in paragraph 389 to the extent they suggest that "mismatch effect" explains or accounts for the academic achievement of any student admitted under Harvard's current admissions policy which allows for the consideration of an applicant's race to further the compelling interest of achieving the educational benefits that flow from a diverse student body. Defendant-Intervenors further state upon information and belief that Harvard College applies rigorous admissions standards to all applicants; and that all admitted students are fully qualified to succeed at Harvard. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 389 and therefore deny those allegations.

390.  Defendant-Intervenors deny the allegations in paragraph 390 to the extent they suggest that "mismatch effect" explains or accounts for the academic achievement of any student admitted under Harvard's current admissions policy which allows for the consideration of an applicant's race to further the compelling interest of achieving the educational benefits that flow from a diverse student body. Defendant-Intervenors further state upon information and belief that Harvard College applies rigorous admissions standards to all applicants; and that all admitted students are fully qualified to succeed at Harvard. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 390 and therefore deny those allegations.

391.    Defendant-Intervenors deny the allegations in paragraph 391 to the extent they suggest that "mismatch effect" explains or accounts for the academic achievement of any student admitted under Harvard's current admissions policy which allows for the consideration of an applicant's race to further the compelling interest of achieving the educational benefits that flow from a diverse student body. Defendant-Intervenors further state upon information and belief that Harvard College applies rigorous admissions standards to all applicants; and that all admitted students are fully qualified to succeed at Harvard. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 391 and therefore deny those allegations.

392.    Defendant-Intervenors deny the allegations in paragraph 392 to the extent they suggest that "mismatch effect" explains or accounts for the academic achievement of any student admitted under Harvard's current admissions policy which allows for the consideration of an applicant's race to further the compelling interest of achieving the educational benefits that flow from a diverse student body. Defendant-Intervenors further state upon information and belief that Harvard College applies rigorous admissions standards to all applicants; and that all admitted students are fully qualified to succeed at Harvard. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 392 and therefore deny those allegations.

393.    Defendant-Intervenors deny the allegations in paragraph 393 to the extent they suggest that "mismatch effect" explains or accounts for the academic achievement of any student admitted under Harvard's current admissions policy which allows for the consideration

of an applicant's race to further the compelling interest of achieving the educational benefits that flow from a diverse student body. Defendant-Intervenors further state upon information and belief that Harvard College applies rigorous admissions standards to all applicants; and that all admitted students are fully qualified to succeed at Harvard. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 393 and therefore deny those allegations.

394.    Defendant-Intervenors deny the allegations in paragraph 394 to the extent they suggest that "mismatch effect" explains or accounts for the academic achievement of any student admitted under Harvard's current admissions policy which allows for the consideration of an applicant's race to further the compelling interest of achieving the educational benefits that flow from a diverse student body. Defendant-Intervenors further state upon information and belief that Harvard College applies rigorous admissions standards to all applicants; and that all admitted students are fully qualified to succeed at Harvard. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 394 and therefore deny those allegations.

395.    Defendant-Intervenors deny the allegations in paragraph 395 to the extent they suggest that "mismatch effect" explains or accounts for the academic achievement of any student admitted under Harvard's current admissions policy which allows for the consideration of an applicant's race to further the compelling interest of achieving the educational benefits that flow from a diverse student body. Defendant-Intervenors further state upon information and belief that Harvard College applies rigorous admissions standards to all

applicants; and that all admitted students are fully qualified to succeed at Harvard. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 395 and therefore deny those allegations.

396. Defendant-Intervenors deny the allegations in paragraph 396 to the extent they suggest that "mismatch effect" explains or accounts for the academic achievement of any student admitted under Harvard's current admissions policy which allows for the consideration of an applicant's race to further the compelling interest of achieving the educational benefits that flow from a diverse student body. Defendant-Intervenors further state upon information and belief that Harvard College applies rigorous admissions standards to all applicants; and that all admitted students are fully qualified to succeed at Harvard. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 396 and therefore deny those allegations.

397. Defendant-Intervenors deny the allegations in paragraph 397 to the extent they suggest that "mismatch effect" explains or accounts for the academic achievement of any student admitted under Harvard's current admissions policy which allows for the consideration of an applicant's race to further the compelling interest of achieving the educational benefits that flow from a diverse student body. Defendant-Intervenors further state upon information and belief that Harvard College applies rigorous admissions standards to all applicants; and that all admitted students are fully qualified to succeed at Harvard. Defendant-Intervenors otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 397 and therefore deny those

allegations.

398.  Defendant-Intervenors deny the allegations of paragraph 398 to the extent they suggest
      that African American and Histpanic students are harmed because of any "admissions
      preference." Defendant-Intervenors further deny the allegations in paragraph 398 to the
      extent they suggest that "mismatch effect" explains or accounts for the academic
      achievement of any student admitted under Harvard's current admissions policy which
      allows for the consideration of an applicant's race to further the compelling interest of
      achieving the educational benefits that flow from a diverse student body. Defendant-
      Intervenors state upon information and belief that Harvard College applies rigorous
      admissions standards to all applicants; and that all admitted students are fully qualified
      to succeed at Harvard. Defendant-Intervenors otherwise lack knowledge or information
      sufficient to form a belief about the truth of the allegations in paragraph 388 and

399.  Defendant-Intervenors deny the allegations in paragraph 399, except to the extent they
      contain conclusions of law, which require no response.

400.  Paragraph 400 states a conclusion of law, which requires no response. To the extent a
      response is required, Defendant-Intervenors deny the allegations in paragraph 400.

401.  Paragraph 401 states a conclusion of law, which requires no response. To the extent a
      response is required, Defendant-Intervenors deny the allegations in paragraph 401.

402.  Paragraph 402 states a conclusion of law, which requires no response. To the extent a
      response is required, Defendant-Intervenors deny the allegations in paragraph 402.

403.  Paragraph 403 states a conclusion of law, which requires no response. To the extent a
      response is required, Defendant-Intervenors deny the allegations in paragraph 403.

404.  Paragraph 404 states a conclusion of law, which requires no response. To the extent a

response is required, Defendant-Intervenors deny the allegations in paragraph 404.

405.   Paragraph 405 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 405.

406.   Paragraph 406 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 406.

407.   Paragraph 407 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 407.

408.   Paragraph 408 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 408.

409.   Paragraph 409 states conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 409.

410.   Paragraph 410 states conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 410.

411.   Paragraph 411 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 411.

412.   Paragraph 412 states conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 412.

413.   Paragraph 413 states conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 413.

414.   Paragraph 414 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 414.

415.   Paragraph 415 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 415.

416.   Paragraph 416 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 416.

417.   Paragraph 417 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 417.

418.   Paragraph 418 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 418.

419.   Paragraph 419 states conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 419.

420.   Paragraph 420 states conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 420.

421.   Paragraph 421 states conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 421.

422.   Paragraph 422 states conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 422

423.   Paragraph 423 states conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 423.

424.   Paragraph 424 states conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 424

425.   Paragraph 425 states conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 425.

426.   Paragraph 426 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 426.

427.   Defendant-Intervenors deny the allegations in paragraph 427, deny that Harvard has

violated Title VI, and deny that Plaintiff is entitled to any relief whatsoever.

## COUNT I

428.  Defendant-Intervenors incorporate its responses to paragraphs 1-427 of the Complaint.

429.  Defendant-Intervenors deny the allegations in paragraph 429.

430.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 430 and therefore deny those allegations, except to the extent they contain conclusions of law, which require no response. Defendant-Intervenors otherwise deny the allegations in paragraph 430.

431.  Paragraph 431 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 431.

432.  Paragraph 432 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 432.

433.  Paragraph 433 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 433.

434.  Defendant-Intervenors deny the allegations in paragraph 434.

435.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 435 and therefore deny those allegations.

436.  Defendant-Intervenors deny the allegations in paragraph 436.

437.  Defendant-Intervenors deny the allegations in paragraph 437.

438.  Defendant-Intervenors deny the allegations in paragraph 438.

439.  Defendant-Intervenors deny the allegations in paragraph 439.

440.  Defendant-Intervenors deny the allegations in paragraph 440.

441.   Defendant-Intervenors deny that Plaintiff is entitled to a declaratory judgment, a permanent injunction, or any other relief whatsoever.

442.   Defendant-Intervenors deny that Plaintiff is entitled to attorneys' fees, costs, or any other relief whatsoever.

## **COUNT II**

443.   Defendant-Intervenors incorporate its responses to paragraphs 1-442 of the Complaint.

444.   Defendant-Intervenors deny the allegations in paragraph 444.

445.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 445 and therefore deny those allegations, except to the extent they contain conclusions of law, which require no response. Defendant-Intervenors otherwise deny the allegations in paragraph 445.

446.   Paragraph 446 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 446.

447.   Paragraph 447 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 447.

448.   Paragraph 448 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 448.

449.   Defendant-Intervenors deny the allegations in paragraph 449.

450.   Defendant-Intervenors deny the allegations in paragraph 450.

451.   Defendant-Intervenors deny the allegations in paragraph 451.

452.   Defendant-Intervenors deny the allegations in paragraph 452.

453.   Defendant-Intervenors deny the allegations in paragraph 453.

454.   Defendant-Intervenors deny that Plaintiff is entitled to a declaratory    judgment, a

permanent injunction, or any other relief whatsoever.

455. Defendant-Intervenors deny that Plaintiff is entitled to attorneys' fees, costs, or any other relief whatsoever.

## COUNT III

456. Defendant-Intervenors incorporate its responses to paragraphs 1-455 of the Complaint.

457. Defendant-Intervenors deny the allegations in paragraph 457.

458. Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 458 and therefore deny those allegations, except to the extent they contain conclusions of law, which require no response. Defendant-Intervenors otherwise deny the allegations in paragraph 458.

459. Paragraph 459 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 459.

460. Paragraph 460 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 460.

461. Defendant-Intervenors deny the allegations in paragraph 461.

462. Defendant-Intervenors deny the allegations in paragraph 462.

463. Defendant-Intervenors deny the allegations in paragraph 463.

464. Defendant-Intervenors deny that Plaintiff is entitled to a declaratory judgment, a permanent injunction, or any other relief whatsoever.

465. Defendant-Intervenors deny that Plaintiff is entitled to attorneys' fees, costs, or any other relief whatsoever.

## COUNT IV

466. Defendant-Intervenors incorporate its responses to paragraphs 1-465 of the Complaint.

467.   Defendant-Intervenors deny the allegations in paragraph 467.

468.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 468 and therefore deny those allegations, except to the extent they contain conclusions of law, which require no response. Defendant-Intervenors otherwise deny the allegations in paragraph 468.

469.   Paragraph 469 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 469.

470.   Paragraph 470 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 470.

471.   Defendant-Intervenors deny the allegations in paragraph 471.

472.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 472 and therefore deny those allegations, except to the extent they contain conclusions of law which require no response.

473.   Defendant-Intervenors deny the allegations in paragraph 473.

474.   Defendant-Intervenors deny the allegations in paragraph 474.

475.   Defendant-Intervenors deny that Plaintiff is entitled to a declaratory judgment, a permanent injunction, or any other relief whatsoever.

476.   Defendant-Intervenors deny that Plaintiff is entitled to attorneys' fees, costs, or any other relief whatsoever.

## COUNT V

477.   Defendant-Intervenors t incorporates its responses to paragraphs 1-476 of the Complaint.

478.   Defendant-Intervenors deny the allegations in paragraph 478.

479.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about

the truth of the allegations in paragraph 479 and therefore deny those allegations, except to the extent they contain conclusions of law, which require no response. Defendant-Intervenors otherwise deny the allegations in paragraph 479.

480.   Paragraph 480 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 480.

481.   Paragraph 481 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 481.

482.   Paragraph 482 states conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 482.

483.   Defendant-Intervenors deny the allegations in paragraph 483.

484.   Defendant-Intervenors deny the allegations in paragraph 484.

485.    Defendant-Intervenors deny the allegations in paragraph 485.

486.   Defendant-Intervenors deny the allegations in paragraph 486.

487.   Defendant-Intervenors deny that Plaintiff is entitled to a declaratory judgment, a permanent injunction, or any other relief whatsoever.

488.   Defendant-Intervenors deny that Plaintiff is entitled to attorneys' fees, costs, or any other relief whatsoever.

## COUNT VI

489.   Defendant-Intervenors incorporates its responses to paragraphs 1-488 of the Complaint.

490.   Defendant-Intervenors deny the allegations in paragraph 490.

491.   Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 491 and therefore deny those allegations, except to the extent they contain conclusions of law, which require no response.

Defendant-Intervenors otherwise deny the allegations in paragraph 491.

492.   Paragraph 492 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 492.

493.   Paragraph 493 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 493.

494.   Paragraph 494 states conclusions of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 494.

495.   Paragraph 495 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations in paragraph 495.

496.   The first sentence of paragraph 496 states a conclusion of law, which requires no response.  Defendant-Intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 496 and therefore deny those allegations.  Defendant- Intervenors deny the remaining allegations in paragraph 496.

497.   Defendant-Intervenors deny the allegations in paragraph 497.

498.   Paragraph 498 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations as to Defendant-Intervenors and otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 498 and therefore deny those allegations.

499.   Paragraph 499 states a conclusion of law, which requires no response. To the extent a response is required, Defendant-Intervenors deny the allegations as to Defendant-Intervenors and otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 499 and therefore deny those allegations.

500.   Defendant-Intervenors deny the allegations in paragraph 500, except to the extent they state conclusions of law, which require no response.

501.   Defendant-Intervenors deny the allegations in paragraph 501, except to the extent they state conclusions of law, which require no response.

502.   Defendant-Intervenors deny the allegations in paragraph 502, except to the extent they state conclusions of law, which require no response.

503.   Defendant-Intervenors deny the allegations in paragraph 503.

504.   Defendant-Intervenors deny that Plaintiff is entitled to a declaratory judgment, a permanent injunction, or any other relief whatsoever.

505.   Defendant-Intervenors deny that Plaintiff is entitled to attorneys' fees, costs, or any other relief whatsoever.

## RELIEF SOUGHT

506.   Plaintiff is not entitled to any form of relief.

## DEMAND FOR JURY TRIAL

507.   Plaintiff is not entitled to a jury trial.


## II.   AFFIRMATIVE DEFENSES

Defendant-Intervenors assert the following affirmative defenses on the basis of its current knowledge and information, reserving the right to withdraw any of these defenses or to assert additional defenses as further information becomes available.

1.   The Court lacks subject-matter jurisdiction over this action.

2.   Plaintiff fails to state a claim upon which relief can be granted.

3.   Plaintiff fails to allege irreparable harm or any other basis upon which injunctive relief

would be available.

4.  Plaintiff's claims for injunctive relief are barred by the doctrine of mootness.

5.  The President and Fellows of Harvard College (Harvard Corporation) are permitted under the Fourteenth Amendment to the United States Constitution, Title VI, and prior legal precedent to use race as one of many factors in its flexible and individualized review of applicants in order to achieve its compelling interest in obtaining the benefits that flow from achieving a diverse student body, which include but are not limited to: promoting cross-racial understanding and classroom dialogue, reducing racial isolation, helping to break down stereotypes, and better preparing students to meet the challenges of an increasingly diverse workforce and society.

        **WHEREFORE**, Defendant-Intervenors respectfully request that the Court enter judgment in its favor and award it the costs of this action, together with attorneys' fees, expert fees, and such other relief as the Court may deem just and proper.


DATED: April 29, 2015            Respectfully Submitted,

            /s/ Rahsaan D. Hall
            Rahsaan D. Hall, BBO # 645369
            LAWYERS' COMMITTEE FOR CIVIL RIGHTS
            AND ECONOMIC JUSTICE
            294 Washington St., Suite 443
            Boston, MA 02108
            Tel: (617) 988-0608
            rhall@lawyerscom.org

            /s/ Jon M. Greenbaum
            Jon M. Greenbaum, DC Bar # 489887
            LAWYERS' COMMITTEE FOR CIVIL RIGHTS
            UNDER LAW
            1401 New York Avenue, NW, Suite 400
            Washington, DC 20005

Tel: (202) 662-8600
jgreenbaum@lawyerscommittee.org

ATTORNEYS FOR PROPOSED DEFENDANT-
INTERVENORS


## <u>CERTIFICATE OF SERVICE</u>

In accordance with Local Rule 5.2(b), I hereby certify that this document filed through

the ECF system on April 29, 2015 will be sent electronically to the registered participants as

identified on the Notice of Electronic Filing.

/s/ Rahsaan D. Hall
Rahsaan D. Hall