UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION), <br><br> Defendant. | Civil Action No. 1:14-cv-14176-ADB |

### HARVARD'S SUPPLEMENTAL SUBMISSION REGARDING ITS MOTION TO STAY

Harvard maintains that a temporary stay of all proceedings in this litigation is warranted pending the Supreme Court's ruling in *Fisher II*. As set forth more fully in Harvard's memoranda (Dkts. 59, 78), the Supreme Court's decision in *Fisher II* will provide important guidance on the legal standards governing this litigation, guidance that will be highly relevant to defining not only the applicable legal framework but also the scope of permissible discovery—including in a way that will inform the resolution of the discovery disputes now pending before the Court. In light of this legal uncertainty, Harvard should not be subjected to the substantial burden and intrusion of discovery SFFA has acknowledged is "broad-sweeping," while SFFA's counsel simultaneously litigates the legal boundaries of race-conscious admissions in the Supreme Court.[1] This is particularly the case in light of the significant privacy concerns associated with the bulk of the discovery requested by SFFA.

---

[1] During the July 21, 2015 status conference, the Court inquired of the parties whether the Court lost jurisdiction during the pendency of the Proposed Intervenors' appeal to the First Circuit (Dkt. 60). It is Harvard's understanding that an appeal by intervenors typically does not deprive the trial court of jurisdiction. *See United States v. Hurley*, 63 F.3d 1, 23 (1st Cir. 1995) ("even after [an] appeal is filed the district court retains authority to decide matters not

During the Court's July 21, 2015 status conference, the Court invited the parties to articulate a proposal for whether there might be steps that could be taken to advance the case in certain respects while the balance of proceedings is stayed during the pendency of *Fisher II*, with the goal of allowing full discovery to proceed expeditiously once a stay is lifted. Counsel for Harvard and counsel for SFFA met and conferred about each party's proposal for limited discovery, during which Harvard communicated its proposal to SFFA. Counsel for SFFA informed counsel for Harvard that SFFA's proposal for "limited" discovery included the full contents of the admissions database (including all applicant data), as well as whatever number of admissions files the Court orders Harvard to produce in connection with SFFA's pending motion to compel (Dkt. 64). SFFA also identified several categories of document discovery that it thought should proceed during the pendency of a stay, and suggested that it would propose that discovery against third parties be allowed to proceed forward during the pendency of a partial stay. SFFA's proposal, at least as communicated by counsel during the parties' conference, does not in Harvard's view limit discovery in any meaningful way. The parties agreed that separate submissions, rather than a single joint submission, would be appropriate in light of the divergence in approaches.

---

inconsistent with the pendency of the appeal"); *Connecticut v. Spellings*, 453 F. Supp. 2d 459, 467-68 (D. Conn. 2006) (pendency of appeal of denial of motion to intervene did not strip district court of jurisdiction to decide motion to dismiss). However, the Proposed Intervenors' pending appeal also weighs in favor of granting Harvard's request for a temporary stay of all proceedings. In the event the First Circuit concludes that the Proposed Intervenors should be allowed to participate in this litigation as parties, this Court may conclude that the new parties should be allowed to participate in discovery that has already occurred (as occurred in the *Grutter* litigation). *See Grutter v. Bollinger*, No. 97-cv-75928, (E.D. Mich. Aug. 30, 1999) (Dkt. 132). Although the First Circuit has not yet set a briefing schedule in that appeal, briefing is likely to be complete by late October, and thus a decision likely to issue before the decision in *Fisher II* is expected (by June).

Some or all of the discovery identified below may be mooted if *Fisher II* changes the law in important respects or if Harvard revisits its admissions practices in light of the Supreme Court's decision.  Moreover, the scale and sweep of SFFA's proposed discovery, even following this Court's direction that the parties confer to seek to identify reasonable limitations, remains so broad that the case for a stay becomes even more compelling.  This notwithstanding, and reserving all rights, Harvard submits the following proposal.

In light of the Court's question as to whether the parties could exchange information that would position the parties to move forward with data analysis once a stay is lifted, the Court could consider the production of a list of the variables or fields in the applicant database maintained by Harvard's Office of Admissions from which Harvard intends to produce data, as well as any manuals or guides relating to the operation of this database.  This information will allow SFFA and its expert to understand the types and format of the data that, depending on *Fisher II*, would be produced in full discovery, and should also allow SFFA to prepare its statistical model in order to be fully prepared to move quickly once the stay is lifted.

The following might be other options the Court could consider during the pendency of a partial stay:

- Documents sufficient to show Harvard's current training materials (policies, procedures, case studies) relating to undergraduate freshman admissions;

- Documents sufficient to identify current Admissions Office personnel and their roles and responsibilities;

- Documents sufficient to show the current forms used to evaluate undergraduate freshman applicants by the Admissions Office;

- The Dean of Admissions' Annual Report to the President;

- Documents sufficient to describe the categories of materials Harvard receives from applicants for freshman admission; and

- A sample redacted freshman application file.

In the event that the Court enters anything less than a complete stay of proceedings, and thus allows discovery to proceed forward against Harvard, Harvard should also be allowed to proceed with its discovery relating to SFFA's standing to pursue this litigation, including the standing of the members on whom SFFA relies for its organizational standing, which would include communications between SFFA and its members, policies and practices relating to member selection, the membership's roles in contributing to and participating in SFFA's decisionmaking, and, during the stay, no more than two depositions of SFFA's membership and/or leadership on these topics.

Harvard submits that discovery concerning specific applicants or prospective applicants would not be appropriate during the pendency of any stay. Accordingly, in the event the Court is inclined to allow any discovery to proceed at this point, Harvard requests that the Court specifically prohibit any discovery concerning specific applicants (by document, database, deposition, application file, or otherwise) while the case is stayed.

Respectfully submitted,

*/s/ Felicia H. Ellsworth*
Felicia H. Ellsworth (BBO #665232)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6687
Fax: (617) 526-5000
felicia.ellsworth@wilmerhale.com


Seth P. Waxman (*pro hac vice*)
Paul R.Q. Wolfson (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP

                                                1875 Pennsylvania Ave. NW
                                                Washington, D.C. 20006
Tel: (202) 663-6800
Fax: (202) 663-6363
seth.waxman@wilmerhale.com
paul.wolfson@wilmerhale.com

Debo P. Adegbile (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 295-6717
Fax: (212) 230-8888
debo.adegbile@wilmerhale.com

Dated: July 28, 2015

*Counsel for Defendant President and Fellows of Harvard College*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants on July 28, 2015.

                                            */s/ Felicia H. Ellsworth*
                                            Felicia H. Ellsworth