UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC, <br><br> Plaintiff, <br><br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION), <br><br> Defendant. | Civil Action No. 1:14-cv-14176-ADB |

**PROPOSED DEFENDANT-INTERVENORS'
MEMORANDUM IN SUPPORT OF A STAY PENDING APPEAL**

The group of 14 underrepresented minority students who moved to intervene in this case on April 29, 2015 ("the Students") has appealed this Court's denial of their motion to intervene. Pending resolution of that appeal, further proceedings in this action would be inefficient for the parties and the Court, and would be highly prejudicial to the Students. Conducting discovery in particular would be inappropriate; should the Court of Appeals reverse this Court's order on Students' motion to intervene after substantial discovery has taken place, additional depositions, affidavits, etc. involving the same witnesses will be needed to address the Students' claims. Such a second phase of discovery, which would create an undue burden on the witnesses, the parties, and the Court, should be avoided by staying this case pending the outcome of the Students' appeal.

Granting such a stay is in the interest of judicial economy, will guard against prejudice to the Students, and is consistent with judicial authority holding that a court lacks jurisdiction to proceed in an action during the appeal of such court's denial of a motion to intervene. Defendant Harvard has separately moved for a stay, including of discovery, pending a decision by the Supreme Court in *Fisher v. University of Texas at Austin*, No. 14-981 (*Fisher II*). As Harvard has explained in support of its motion, such a stay will promote judicial economy and efficient resolution for the current parties because the Supreme Court will resolve issues that will have a significant effect on how the parties argue this case and, in turn, the discovery they will seek. Granting the Students' stay will align with Harvard's preference and it will not impose undue hardship on Plaintiff Students for Fair Admissions ("SFFA"), whose resources would be wasted in discovery and other pre-trial proceedings in advance of a determination by the Court of Appeals that, as is reasonable to anticipate, the Students have the right to participate as parties in those proceedings. Moreover, as discussed below, substantial authority holds that the Court lacks jurisdiction over pre-trial proceedings in this action pending the resolution of the Students' appeal.

I. **THE NOTICE OF APPEAL DIVESTED THE DISTRICT COURT OF JURISDICTION OVER DISCOVERY AND OTHER PRE-TRIAL MATTERS IN WHICH A SUCCESSFUL INTERVENOR WOULD HAVE A RIGHT TO PARTICIPATE.**

As the Supreme Court has instructed:

> "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeals."

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The First Circuit has explained the "sturdy roots" of this principle and articulated a slightly more specific standard:

"as a general rule, the filing of a notice of appeal 'divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal.'" *United States v. Brooks*, 145 F.3d 446, 455 (1st Cir. 1998) (quoting *United States v. Mala*, 7 F.3d 1058, 1061 (1st Cir.1993)); *see also United States v. Hurley*, 63 F.3d 1, 23 (1st Cir. 1995) (explaining that a district court retains jurisdiction to decide matters "not inconsistent with the pendency of the appeal").[1]  The question in a case involving a motion to intervene, therefore, is whether proceeding with matters in which the movants would have a right to participate "touch[es] upon" or "involve[s]" an appeal that will decide the movants' right to intervene.

A sister court in this Circuit, the U.S. District Court for the District of Maine, has squarely resolved this question in the affirmative.  In *Maine v. Norton*, 148 F. Supp. 2d 81 (D. Me. 2001), the court held that it must stay discovery and all other pre-trial matters pending the resolution of an appeal of its order denying intervention to various groups and individuals.  There, as here:

> The proposed intervenors filed a motion to be allowed by the Court to intervene as parties in this lawsuit. Granting of the motion would have meant that they could participate to the full extent that the existing parties to the case can participate in pleading, discovery, motion practice, advocacy on any of the issues that might arise in the course of pretrial preparation of the case, and, ultimately, trial participation, including direct and cross-examination of the witnesses at trial and the opportunity to present testimony and evidence at trial at their own initiative.

*Id.* at 83.  The district court, noting the First Circuit's jurisprudence regarding the lack of district court jurisdiction during the pendency of an appeal to adjudicate "any matter relating to the appeal," concluded that it lacked jurisdiction to conduct pre-trial proceedings pending the Court

---

[1] As a prudential guard, there is an exception to the rule that the district court lacks jurisdiction pending an appeal in cases where the appeal "constitutes a transparently frivolous attempt to impede the progress of the case." *United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998). This exception serves to prevent an undue burden on judicial efficacy.

3

of Appeals' decision. *Id*. (citing *United States v. Distasio*, 820 F.2d 20, 23 (1st Cir.1987)). The court had little difficulty reaching this conclusion, stating that:

> It is clear beyond peradventure of any doubt to this Court, if the usual rules of analytical thought and process are to be applied, that any action that this Court allows or takes for the development of the case without the opportunity of the proposed intervenors to participate therein *must* be inconsistent with the question pending on appeal as to whether they are entitled to such rights. Any other conclusion is nothing more than wishful thinking.

*Id*.

This case is on all fours with *Maine v. Norton*. Just as was true there, "the generic issue posed to the Court of Appeals to be resolved [here] is whether the proposed intervenors are entitled to . . . a [full] participatory role in the ongoing development and progress of this case as intervenors qua parties." *Id*. Because that issue "touches on the Court's jurisdiction to proceed in the face of the assertion of the appellate court's jurisdiction," it is inapposite whether the parties believe there is exigency to their interests. *Id*. "Jurisdiction either exists or it does not (here, it clearly does not), and neither the Court nor the parties may in such event attempt to confer jurisdiction on this Court by the employment of unfounded analyses, artful stratagems, pleas of exigency, or wishful thinking." *Id*.; *see also Pharm. Care Mgmt. Ass'n v. Maine*, 332 F. Supp. 2d 258, 259-60 (D. Maine 2004) (distinguishing a case involving an appeal of an order denying a preliminary injunction and citing *Norton* as a quintessential example of a "trial court proceeding[] that impinge[s] more directly upon the questions presented in the interlocutory appeal"); *cf. Connecticut v. Spellings*, 453 F. Supp. 2d 459, 467-68 (D. Conn. 2006) *aff'd on other grounds sub nom. Connecticut v. Duncan*, 612 F.3d 107 (2d Cir. 2010) (finding jurisdiction to proceed pending the appeal of an order denying intervention to resolve a motion to dismiss

because the sole question presented by that motion was a challenge to the court's subject-matter jurisdiction).

## II. JUDICIAL ECONOMY AND THE POTENTIAL FOR PREJUDICE TO THE PROPOSED DEFENDANT-INTERVENORS WEIGH IN FAVOR OF A STAY PENDING APPEAL.

As Harvard explained in its memoranda in support of a stay, the Court has broad discretion to grant a motion to stay, and may do so to achieve efficacious management of the proceedings. *Marquis v. FDIC*, 965 F.2d 1148, 1154 (1st Cir. 1992) ("It is beyond cavil that, absent a statute or rule to the contrary, federal district courts possess the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention."). As Harvard further explained, three factors are of key relevance in deciding whether to grant a stay pending resolution of related proceedings: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy." *Alves v. Prospest Mortgage, LLC*, No. 13-cv-10985, 2013 WL 5755465, at *2 (D. Mass. Oct. 22, 2013) (internal quotation marks omitted). In addition, the First Circuit has found a fourth factor to be important: the movant-appellant's likelihood of success. Balancing these factors, the First Circuit has explained that "the issuance of a stay [pending appeal] depends on whether the harm caused movant without the stay, in light of the movant's likelihood of eventual success on the merits, outweighs the harm the stay will cause the non-moving party." *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 16-17 (1st Cir. 2002) (quotation marks and denotations of alteration omitted).

Several courts have balanced these factors and found a stay is warranted when a denial of intervention is on appeal. *See, e.g.*, *Abbott Labs. v. Diamedix Corp.*, No. 94-1345, 1994 WL 782247, at *2 (Fed. Cir. July 26, 1994) ("From a practical standpoint, if discovery and/or trial proceeds without Diamedix and a merits panel of this court later decides that Diamedix should

5

participate, then Diamedix, the other parties, and the trial court will all be harmed."); *Greenidge v. Allstate Ins. Co.,* No. 02 Civ. 9796 JCF, 2003 WL 22871905, at *2 (S.D.N.Y. Dec. 3, 2003) (weighing probability of success multiplied by the harm to proposed intervenor from going forward against probability of affirmance multiplied by the harm to existing parties from delay); *cf. Sagebrush Rebellion, Inc. v. Watt,* 713 F.2d 525, 527 (9th Cir. 1983) (stating the Ninth Circuit had granted a stay pending appeal after the district court denied one and going on to decide the question of intervention).

As the courts found in the above-cited cases, the relevant factors weigh in favor of a stay in this case. *First*, the Students are sufficiently likely to win their appeal. *Second*, the Students will suffer substantial hardship and inequity if a stay is not granted and they are excluded from the proceedings that will shape the trajectory of the litigation. *Third*, it is in the interests of the parties and the Court, for reasons of judicial economy, to grant a stay to prevent the necessity for multiple and overlapping phases of discovery in the event Students are permitted to intervene following resolution of their appeal. For these reasons and the reasons Harvard cites in support of its motion to stay, the Court should stay the case pending a resolution of the Students' appeal.

> **A.   Proposed Defendant-Intervenors Are Sufficiently Likely to Succeed on the Merits of Their Appeal to Warrant a Stay of Proceedings.**

In determining the "likelihood of success" of an appeal of one of its own decisions, a district court need not be convinced that the decision *will* be overturned in order to grant a stay of pretrial proceedings pending resolution of the appeal. Indeed such a requirement would be nonsensical. Rather, as other courts have understood, the district court need only consider whether there is a "reasonable possibility" that its decision could be found by the appellate court to have been made in error. *Harris v. Pernsley*, 654 F. Supp. 1057, 1060 (E.D. Pa. 1987) (quoting Judge Pollak in *First Amendment Coal. v. Judicial Inquiry & Review Bd.*, 584 F. Supp.

635, 638 (E.D. Pa. 1984)); s*ee also Diamedix Corp.*, 1994 WL 782247, at *2 (stating that movant for a stay pending appeal of denial of motion to intervene must demonstrate a "substantial case on the merits" provided other factors militate in its favor).

In this case, there is more than a "reasonable possibility" that the Court's order denying intervention will be overturned, given the relevant precedent. The First Circuit has held intervention is a right for minorities whose underrepresentation as a group is an issue in litigation. *See Cotter v. Mass. Ass'n of Minority Law Enforcement Officers*, 219 F.3d 31 (1st Cir. 2000) (overruling denial of intervention as of right for an association of minority law enforcement officers who sought to protect the status quo promotion practices of the Boston Police Department against a challenge by white officers who alleged they had not been promoted on account of a race-conscious policy). And although the First Circuit has not ruled as to the right of intervention for underrepresented minority applicants seeking to defend a university admissions policy that considers race, a sister circuit has affirmed that right, even when the university will also defend the policy. *See Grutter v. Bollinger*, 188 F.3d 394 (6th Cir. 1999) (overturning denial of intervention as of right for underrepresented minority prospective applicants, and a non-profit organization dedicated to them, who sought to protect the admissions policy of the University of Michigan against a challenge by white students who alleged they had not been admitted on account of the policy). Moreover, whatever the chance of success, it is great enough that, when multiplied by the procedural harm the Students will suffer if their motion is denied, the balance of interests tips far in favor of granting a stay, as discussed further below.

### B.  Proposed Defendant-Intervenors Will Suffer Harm If Discovery Proceeds Before Their Appeal Is Decided.

A critical reason for staying further proceedings pending the resolution of the Students' appeal is the harm to the Students—as well as to the parties and to the district court—if the Court's decision on intervention is reversed by the Court of Appeals.  If this Court permits the case to proceed during the appeal, the Students will miss out on participating as parties in the early development of the case, including the ability to participate fully in discovery, motion practice, and other advocacy on the numerous issues that might arise in the course of pretrial preparation of the case.  If the case proceeds without the Students as parties, it will become increasingly impossible to "unscramble the egg" to provide the Students, if they succeed in their appeal, an adequate opportunity to exercise their rights to participate fully in the proceedings.  The parties and the Court as well would be substantially burdened by the efforts necessary to attempt to unscramble that egg.  *See Diamedix Corp.*, 1994 WL 782247 at *2 ("From a practical standpoint, if discovery and/or trial proceeds without [the proposed intervenor] and a merits panel of this [appeals] court later decides that [the proposed intervenor] should participate, then [it], the *other parties, and the trial court will all be harmed.*" (emphasis added)).

### C.  A Stay Is Equitable and Efficacious For the Reasons Cited by Harvard.

The Students hereby adopt the additional arguments for a stay that Harvard articulated in support of its motion to stay pending the Supreme Court's decision in *Fisher II*.  First, Harvard is correct that the members of SFFA will not be significantly prejudiced by a stay lasting approximately one year.  *See* Reply Mem. in Support of Harvard's Motion to Stay, Section II, at 4-6  (Docket No. 78).  This case is like *Greenidge*, in which the harm of a stay to the opposing party was "zero" and so could never outweigh the probability of success multiplied by the harm

8

to the movant from being excluded from participation as a party to the litigation in early proceedings.  2003 WL 22871905, at *2-4.

Second, if the Court grants Harvard's request for a stay pending resolution of *Fisher II*, as is fully warranted, there would be little additional delay caused by waiting for the First Circuit to resolve the Students' appeal.[2]  SFFA argues that the Court, in deciding Harvard's motion, should consider "the interests of third parties."  *See* Plaintiff's Supp. Mem., at 2, n.1 (Docket No. 83).  SFFA intends to draw the Court's attention to undisclosed SFFA members with undisclosed requirements for urgency. But, contrary to SFFA's suggestion, the third-party interests in this case actually weigh in favor of granting Harvard's motion to stay because the Students have a concrete interest in pausing the litigation while their appeal is being decided.  Finally, even if there were some prejudice to SFFA (or Harvard) from delaying resolution of this matter until the Students' appeal is resolved, the prejudice is minimal in comparison to the burdens the parties would encounter if discovery were to proceed and the Court of Appeals then reversed this Court's decision on intervention, leading to additional and overlapping discovery.

Overall, the concern for judicial economy warrants staying the proceedings in this case both because the subject matter for discovery will be narrowed by waiting for a ruling in *Fisher II* and because the additional delay required to determine the Students' status as parties is insubstantial compared to the benefits of limiting redundancies in discovery and minimizing the prejudice of excluding the Students from the early development of the case.

---

[2] The Students plan to move for expedited review in the First Circuit, which would minimize disruption and perhaps eliminate any delay beyond the time it will take the Supreme Court to decide *Fisher II*.

## **CONCLUSION**

For the reasons set forth above, the Court should stay the proceedings in this action pending resolution of the Students' appeal of this Court's order denying their motion to intervene.

Respectfully submitted,

Dated: August 5, 2015

/s/ Priya A. Lane
Priya A. Lane, BBO # 688499
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS AND ECONOMIC JUSTICE
294 Washington St. Suite 443
Boston, MA 02108
Tel: (617) 988-0608
plane@lawyerscom.org

Jon M. Greenbaum
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1401 New York Avenue, NW, Suite 400
Washington, DC 20005
Tel: (202) 662-8600

Lawrence E. Culleen
Steven L. Mayer
Nancy L. Perkins
ARNOLD & PORTER LLP
555 12th Street, NW
Washington, D.C. 20004
Tel: (202) 942-5000

ATTORNEYS FOR PROPOSED
DEFENDANT-INTERVENORS

**CERTIFICATE OF SERVICE**

In accordance with Local Rule 5.2(b), I hereby certify that this document filed through the ECF system on August 5, 2015 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Priya A. Lane
Priya A. Lane