IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION),<br><br>Defendant. | Civil Action No.<br>1:14-cv-14176-ADB |

## DECLARATION OF PATRICK STRAWBRIDGE

Patrick Strawbridge, pursuant to 28 U.S.C. § 1746, declares the following:

1. I am an individual over twenty-one years of age, and of sound mind, who has never been convicted of a felony, is capable of making this declaration, and am fully competent to declare as to matters stated herein.

2. I am an attorney for the Plaintiff in this action, Students for Fair Admissions, Inc. ("SFFA").

3. I make this Declaration in connection with the motion to compel the production of certain documents that SFFA has requested from Defendant President and Fellows of Harvard College (Harvard Corporation) ("Harvard").

4. Attached hereto as Exhibit A is a true and correct copy of an email exchange I had with counsel for Harvard, renewing SFFA's request that Harvard provide information about its database so SFFA could determine the merit of Harvard's claim that the database was sufficient for its expert analysis.

1

5. In follow up phone conversations, I made clear to Ms. Ellsworth that SFFA was willing to review this material, and that if provided it may permit SFFA to table the pending request for application files. Ms. Ellsworth indicated that her client would not produce any documents or information pending a decision on the motion to stay.

6. Attached hereto as Exhibit B is a true and correct copy of an excerpt from relevant portions of the transcript of the deposition of Marlyn E. McGrath, Harvard's Director of Admissions, taken on June 18, 2015. Names of individual admissions officers have been redacted pursuant to Harvard's request under the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this day, August 6, 2015.

/s/ Patrick Strawbridge
Patrick Strawbridge

# Exhibit A

**From:** **Ellsworth, Felicia H** felicia.ellsworth@wilmerhale.com
**Subject:** RE: SFFA v. Harvard
**Date:** August 3, 2015 at 4:35 PM
**To:** Patrick Strawbridge patrick@consovoymccarthy.com
**Cc:** Wolfson, Paul Paul.Wolfson@wilmerhale.com, William Consovoy will@consovoymccarthy.com, Paul Sanford psanford@burnslev.com, Benjamin Caldwell bcaldwell@burnslev.com, Thomas McCarthy tom@consovoymccarthy.com, Michael Park park@consovoymccarthy.com, Michael Connolly mike@consovoymccarthy.com

Patrick,

My client is out of the office this week, so it will not be possible to respond by the end of the day as your email demands. I would note, however, that your email simply reiterates the request for discovery on your motion to compel, to which Harvard already responded last week.

Felicia

**Felicia H. Ellsworth | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6687 (t)
+1 617 526 5000 (f)
felicia.ellsworth@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Patrick Strawbridge [mailto:patrick@consovoymccarthy.com]
**Sent:** Monday, August 03, 2015 11:00 AM
**To:** Ellsworth, Felicia H
**Cc:** Wolfson, Paul; William Consovoy; Paul Sanford; Benjamin Caldwell; Thomas McCarthy; Michael Park; Michael Connolly
**Subject:** Re: SFFA v. Harvard

Felicia:

Your response is insufficient. The issue is not whether Harvard can continue to withhold production of documents in hopes of a stay it has not yet received. The issue is providing the Court with accurate and complete information so it can decide the pending motion to compel. Your refusal to provide even the most basic information — a list of the fields in a database — that Harvard obviously was able to produce for the benefit of its own expert's declaration has led to an absurd situation: Harvard presumes to tell SFFA's expert what he needs to do his own analysis, while also refusing to provide any of the underlying information that would help settle that question.

Given Harvard's refusal to to respond in a reasonable manner to our simple request, I ask that you confirm (or, if necessary, clarify) the following points on behalf of your client, so both parties can be confident that the Court is not misled:

1) That the "one year" of data that Mr. McCrary refers to in paragraph 18 of his declaration is, in fact, the data captured by Harvard's electronic application system (known as Slate) during the Class of 2019 admissions cycle.

2) That the "more than 900 fields" of data Mr. McCrary refers to do not, in fact, exist in database form for any application year prior to the Class of 2019. This means that Harvard's admissions database contains substantially fewer fields, and substantially less content from the applications, for the application cycles that were the subject of SFFA's RFP # 24.

3) That even the data Mr. McCrary reviewed for the Class of 2019 does not contain the text of the personal statements or teacher recommendations for the applicants that year.

Answers to these simple questions are essential to addressing the accuracy and completeness of the information Harvard has provided to the Court. If Harvard is unwilling to provide confirmation or any necessary clarification of these questions by the end of the day, we will inform the Court of Harvard's resistance to clarifying these important factual points.

Patrick Strawbridge
**Consovoy McCarthy Park PLLC**
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
617.227.0548
207.522.3163 (mobile)
www.consovoymccarthy.com

> On Jul 31, 2015, at 1:37 PM, Ellsworth, Felicia H <felicia.ellsworth@wilmerhale.com> wrote:
>
> Patrick,
>
> As I have previously indicated, Harvard does not believe it is appropriate to produce documents pending the Court's ruling on Harvard's motion for a stay in light of *Fisher II*. In light of the Court's comments at last week's status conference, we expect Judge Burroughs to issue a ruling on that motion in fairly short order, and Harvard will proceed accordingly based on that ruling. In any event, we disagree that this information is required to litigate SFFA's motion to compel production of 6,400 applicant files, and believe the Court has sufficient information to adjudicate the dispute based on the briefing and declarations provided by both parties' experts. In the alternative, if SFFA would prefer to ask the Court to hold its motion to compel in abeyance pending a ruling on the motion to stay, Harvard would assent to such a request.
>
> Harvard will consent to your request to file a reply brief in support of the motion to

compel, and assume that SFFA will extend the parallel courtesy to Harvard in the future. If after reviewing your reply brief we feel it is necessary to seek leave to file a sur-reply, we will seek your consent for that filing at the appropriate time.

Felicia

**Felicia H. Ellsworth | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6687 (t)
+1 617 526 5000 (f)
felicia.ellsworth@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Patrick Strawbridge [mailto:patrick@consovoymccarthy.com]
**Sent:** Thursday, July 30, 2015 6:42 PM
**To:** Ellsworth, Felicia H
**Cc:** Wolfson, Paul; William Consovoy; Paul Sanford; Benjamin Caldwell; Thomas McCarthy; Michael Park; Michael Connolly
**Subject:** SFFA v. Harvard

Felicia:

I write to request that Harvard produce for SFFA's immediate review: (1) the portion of Harvard's admissions database that identifies all of the fields, as well as any guidebook or other information necessary to understand the contents of the database; and (2) the applicant-specific entries for the four rejected applicants who are members of SFFA, identified in SFFA's supplemental response to Harvard's interrogatories. This information has already been requested by SFFA, and Harvard has agreed to produce it. The reliance on this information in support of the opposition to SFFA's Motion to Compel makes its production essential to the litigation of that motion, so that SFFA and the Court may ascertain the accuracy of Harvard's assertion that the database contains all the information its expert needs to conduct his analysis.

To expedite this request, SFFA agrees that <u>one</u> designated administrative person in the admissions office may retrieve this information for production, provided that he/she (1) executes the attachment to the protective order agreeing to be bound by its terms (including the obligation not to share this information with any other Harvard employees) and (2) take reasonable steps to prevent other admissions employees from discovering the identity of those applicants.

Concurrent with this request, we ask for your consent for SFFA to file a reply, not to exceed 10 pages, to Harvard's Opposition to the Motion to Compel.

Patrick Strawbridge
**Consovoy McCarthy Park PLLC**
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
617.227.0548
207.522.3163 (mobile)
www.consovoymccarthy.com

# Exhibit B

**In The Matter Of:**

*Students for Fair Admissions, Inc. v.*

*President and Fellows of Harvard College, et al.*

---

*Marlyn Elizabeth McGrath*

*June 18, 2015*

*Highly Confidential*

---

*195 State Street • Boston, MA 02109*

*Nationwide - Worldwide*

*888.825.3376 - 617.399.0130*

*www.court-reporting.com*

O'BRIEN & LEVINE
Court Reporting Services
*Making Your Case*

Original File Marlyn Elizabeth 6-18-15.txt

Min-U-Script® with Word Index

1  grounds of race?
2          MR. WOLFSON:  Objection.
3          Go ahead.
4      A.   We often have alumni say, you know, "You admitted
5  too many of this" or "too few of that."  This could be any
6  kind of characteristic, and it certainly has been applied
7  to race.
8      Q.   When you say "alumni," are you talking about
9  alumni interviewers?
10     A.   I'm thinking of alumni interviewers, but I
11 wouldn't limit it to --
12     Q.   Can you recall any specific alumni interviewer
13 concerns regarding discrimination against Asian-Americans
14 in the admissions process?
15         MR. WOLFSON:  Objection.
16         Go ahead.
17     A.   We have a -- and I'm not going to remember her
18 name.  I'm not sure that I ever knew it.  But we have an
19 alumnus -- alumna in New York State somewhere, Northern New
20 York, not in New York City, who I believe was Asian-
21 American herself and who thought that we discriminated
22 against Asian-Americans, and she wanted to have -- and she
23 wanted to have an event around that, sponsored by the
24 Harvard Club, whichever place it was.  And I heard that one

1  because the area person asked me -- wanted me to know and
2  asked me about whether they should go.
3      Q.   You don't remember the name of this person?
4      A.   I don't.
5      Q.   Do you remember who the area coordinator was?
6      A.   Yes, I do, I think.  The person who told it to me
7  was _____ is his name.  I think he was the area
8  person who heard it directly.
9      Q.   Do you recall when this was?
10     A.   I think it was -- I think it was two years ago.
11 It may have been last spring.  It may have been a year ago.
12 I mean, you know, a year ago, but it may also have been two
13 years ago.  It was after the process was over.  Also, the
14 Connecticut Club, the only other one I remember is that the
15 Connecticut Club had a similar, they wanted to discuss the
16 topic because some member of the club, who I never knew who
17 it was, didn't ask, felt that this was a topic for
18 discussion.
19     Q.   Before we go on to the Connecticut Club, do you
20 remember what the basis of the alumnus who was in New York
21 State, the basis of her complaint was?
22     A.   No, I don't.  I don't think I ever knew that,
23 actually.
24     Q.   And is that also true with respect to the

```
1   Connecticut Club?
2       A.   Yes.  Yes.
3       Q.   Who would have had responsibility for
4   communications with the Connecticut Club?
5       A.   I don't remember who this was, actually, who
6   brought this to my attention.  It could have been
7        , but I think I'm remembering that wrong.  I don't
8   remember.  It came to me indirectly.
9       Q.   How did it come to you?
10      A.   Some member of my staff.  Might have been         .
11      Q.   I'd like to hand you a document that I'm going to
12  ask the reporter to mark as Exhibit 1.
13              (Exhibit 1, Harvard University fall
14          2015 application supplement, marked.)
15              MR. WOLFSON:  Be sure you look
16          carefully at the exhibit.
17      Q.   I'd ask you to review the exhibit and let me know
18  when you've had a chance to look it over.  (Pause.)  Have
19  you had a chance to review this?
20      A.   Yes, I have.
21      Q.   Do you recognize this document?
22      A.   I do.
23      Q.   What is this document?
24      A.   That's what's known as the Harvard supplement.
```