UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC.,<br><br>                   Plaintiff,<br><br>     v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION),<br><br>                   Defendant. | Civil Action No. 1:14-cv-14176-ADB<br><br>Leave to File Granted August 18, 2015 (Dkt. 100) |

### HARVARD'S SUR-REPLY IN OPPOSITION TO MOTION TO COMPEL

Defendant President and Fellows of Harvard College ("Harvard") offers this submission to prevent a potential misunderstanding arising from the reply memorandum filed by Plaintiff Students for Fair Admissions, Inc. ("SFFA") (Dkt. 94), which for the first time asks the Court to compel the production of information from Harvard's Admissions Office database (Reply at 6).

SFFA's demand is both premature and procedurally improper.  It is premature because the Court is still considering Harvard's pending motion to stay (Dkt. 59), as well as a motion to stay filed by the prospective Intervenors (Dkt. 90), to which the parties have not even responded.  Should the Court grant a stay, production of information from the database—which includes sensitive personal information about Harvard's students and applicants—would be inappropriate during the pendency of the stay.  SFFA's demand is also procedurally improper because SFFA has not in fact moved to compel production of the database information; the motion to compel seeks only applicant files and information about transfer applicants and alumni interviewers— understandably so, given that Harvard has *agreed* to produce the database information.  Yet now, SFFA in its reply brief asks the Court to order Harvard to produce the database information—

within 30 days—separate and apart from ruling on *either* the motions to stay *or* the motion to compel.

The Court should not reach this improper demand. In connection with the information in the database, however, Harvard wishes to make the Court aware that—contrary to SFFA's apparent position—the database is protected by the Family Educational Rights and Privacy Act ("FERPA"). SFFA claims in its reply (at 6-7 n.3) that "because Harvard's arguments" as to the effect of FERPA "are all directed at the application files, and not the databases, … there is no need to address the FERPA issues in detail at this time." But the reason Harvard has not previously addressed the FERPA status of the database is simply that SFFA has never previously asked the Court to order production of the database.

SFFA suggests that information in the database does not constitute "education records" under FERPA. That is incorrect. Subject to exceptions not relevant here, "education records" are "those records that are: (1) Directly related to a student; and (2) Maintained by an educational agency or institution or by a party acting for the agency or institution." 34 C.F.R. § 99.3. The records in the database—directly related to students and maintained by Harvard—are "education records" under that definition. Furthermore, because FERPA (in accord with its purpose of maintaining the confidentiality and privacy of student education records) governs not only the disclosure of information from education records but also the "*re*disclos[ure of] personally identifiable information from education records," 34 C.F.R. § 99.3(b)(2) (emphasis added), it protects not only the education records of Harvard's enrolled students, but also information from education records Harvard has received from other federally-supported institutions (such as many public high schools). FERPA thus protects the database information not only of matriculated Harvard students but also of other applicants.

Because FERPA covers the database information, SFFA's proposed timeframe for production would be unreasonable even if its demand for production of the database were appropriately timed or procedurally regular. Under FERPA and its implementing regulations, an educational institution may not disclose education records—even "to comply with a judicial order or lawfully issued subpoena"—without first "mak[ing] a reasonable effort to notify" those individuals whose records are being disclosed. In this case, the production of the database for the timeframe requested by SFFA would result in the notification of more than 100,000 Harvard students and applicants, who then would have an opportunity to "seek protective action" from the Court. 34 C.F.R. § 99.31(a)(9).[1] The resulting burden—for Harvard and for the Court, which may have to entertain further requests for intervention—would be significant, and undoubtedly would preclude compliance with an arbitrary 30-day deadline.

For the reasons discussed in Harvard's pending motion to stay and its supplemental submission regarding that motion (Dkts. 59, 82), and because of the burden of the notifications required by FERPA, the Court should not order production of database information before the resolution of *Fisher II*, which may well alter the appropriateness of this discovery. Even if the Court permits some limited discovery to proceed before *Fisher II* is decided, it should at most order production of the list of database *fields* (which would not implicate FERPA), rather than the information contained in the database (which would).

---

[1]  Harvard intends to redact certain identifying information from the database, including the names and personal contact information of applicants and their families. Even with those redactions, however, the identity of the applicant may be discernible from other information contained in the database, such as the applicants' extracurricular activities.

Respectfully submitted,

/s/ Felicia H. Ellsworth
Felicia H. Ellsworth (BBO #665232)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6687
Fax: (617) 526-5000
felicia.ellsworth@wilmerhale.com

Seth P. Waxman (*pro hac vice*)
Paul R.Q. Wolfson (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Tel: (202) 663-6800
Fax: (202) 663-6363
seth.waxman@wilmerhale.com
paul.wolfson@wilmerhale.com

Debo P. Adegbile (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 295-6717
Fax: (212) 230-8888
debo.adegbile@wilmerhale.com

Dated:  August 18, 2015

*Counsel for Defendant President and Fellows of Harvard College*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants on August 18, 2015.

                                              /s/ Felicia H. Ellsworth
                                              Felicia H. Ellsworth