IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br><br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION), <br><br> Defendant. | Civil Action No. 1:14-cv-14176-ADB |

**PLAINTIFF'S  OPPOSITION TO DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER**

Plaintiff Students for Fair Admissions, Inc. ("SFFA") respectfully submits this opposition to the purported Emergency Motion For Protective Order filed by Defendant President and Fellows of Harvard College ("Harvard") (Dkt. No. 104). In its Emergency Motion, Harvard asks this Court to (1) relieve it from all discovery pending the resolution of its motion to stay (Dkt. No. 58) and (2) excuse two properly noticed witnesses from their depositions as scheduled on October 9, 2015. SFFA opposes Harvard's broad and ongoing effort to further obstruct discovery in this case, and its specific request to move Ms. Weaver's deposition. SFFA does not oppose rescheduling Ms. Ray's deposition for a reasonable time after she returns from her preexisting travel commitment.

**I.**

Nearly three months ago, Harvard sought to stay all discovery in this case for eleven months, pending the decision in *Fisher v. University of Texas at Austin*, No. 14-981 ("*Fisher II*"). *See* Dkt No. 58. SFFA opposed this motion, noting the harm its

1

members would suffer from an eleven-month delay and the negligible effect *Fisher II* is likely to have, if any, on any of the necessary factual discovery about Harvard's admissions process. *See* Dkt No. 71. The Court heard argument on this motion by the parties on July 21, and supplemental briefing was completed by July 28. (Dkt Nos. 82, 83). Rather than continue to abide its discovery obligations while awaiting a ruling from the Court, Harvard effectively granted itself a stay by refusing to exchange any documents with SFFA or otherwise participate in discovery. Instead, without any legal authority and despite the lack of any order from this Court granting a stay, Harvard has repeatedly asserted that it can avoid *all* of its discovery obligations until it obtains a ruling on the stay motion.[1] Harvard "assumes that the moment it has filed a motion to stay … , it need no longer obey basic discovery rules." *Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989).

Harvard's assertion is indisputably wrong. "[T]he filing of a motion to stay discovery does not automatically relieve the movant from continuing to comply with its discovery obligations." *Wells Fargo Bank, N.A. v. Iny*, No. 2:13-CV-01561-MMD, 2014 WL 1796216, at *3 (D. Nev. May 6, 2014). "Simple logic teaches that [Harvard] has put the presumption on the wrong side: unless and until it is granted a stay, defendant should be required to conduct discovery as if no motion had been filed at all." *Willemijn* 707 F. Supp. at 1441. *See also Arriaga v. City of New York*, No. 06 CIV. 2362PKCHBP, 2007 WL 582813, at *1 (S.D.N.Y. Feb. 23, 2007) ("[I]t is self-evident that a request for relief, without more, cannot operate to grant the relief sought"); *DSM Desotech Inc. v. 3D Sys.*

---

[1] SFFA has brought Harvard's obstruction to this Court's attention several times, most recently in written request for a telephonic hearing filed on September 1, 2015 (Dkt. No. 102). *See also* Dkt No. 94, at 5; Dkt. No. 98, at 2. SFFA and Harvard have also made repeated attempts to contact the Court by telephone to address this issue.

*Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) (noting that a "court will [not] automatically grant a stay … simply because a defendant asks for one"). *Cf. Goodwin v. City of Boston*, 118 F.R.D. 297, 298 (D. Mass. 1988) ("The filing of a motion to quash or a motion for protective order does not automatically operate to stay a deposition or other discovery.").

With no stay in place, and without any indication of when the Court would enter a decision, SFFA is obligated to advance this case on behalf of its members and secure their right to an admissions process that does not discriminate against them on the basis of race. At the time Harvard filed its stay motion, discovery had been underway for two months, and Harvard had yet to produce a single document responsive to SFFA's requests, served more than four months ago. Since filing its stay motion, Harvard has effectively granted itself an indefinite stay of approximately three months and counting. Given Harvard's ongoing refusal to produce even a single document for an indefinite period of time, SFFA properly noticed two depositions of junior admissions officers (one current, and one who left Harvard in the last two months). Unfortunately, Harvard has responded with further obfuscation and delay, culminating in the present motion.

SFFA has opposed Harvard's motion to stay discovery in this case and stands by its position in the relevant filings. *See* Dkt. Nos. 71, 83. But regardless of the ultimate outcome of that filing, this Court should not tolerate Harvard's abuse of the discovery process. A party cannot unilaterally evade its obligations under the rules merely because it has a pending motion with the Court. No authority supports Harvard's contrary view. And Harvard could have asked for an interim stay at the July 19 hearing or in the weeks the followed, but declined to timely seek that relief. SFFA therefore respectfully requests

that this Court deny Harvard's request for relief from any depositions or discovery until a ruling on the pending motion to stay.

**II.**

With respect to Ms. Weaver's deposition, Harvard omits important details of the negotiation of the dates, and falsely suggests that SFFA unreasonably rejected "a cooperative scheduling solution":

- On September 15, SFFA noticed Ms. Weaver's deposition for Sept. 30. *See* Strawbridge Decl., Ex. 1.

- Counsel for Harvard notified SFFA on Sept. 17 that Ms. Weaver had recently left Harvard's employment, but was checking on available dates. *Id.*

- After waiting seven days, SFFA inquired as to progress; Harvard replied on Sept. 25 that it was "still discussing with Ms. Weaver," noted that she had started a new job and had limited time off, and referred to "several preexisting out-of-state travel commitments in the coming weeks." *Id.*

- The same day, SFFA requested the dates of those travel commitments and confirmation that Ms. Weaver's employer would not excuse her to attend a deposition. It also offered to accommodate Ms. Weaver by taking the deposition on the weekend, if necessary. *Id.*

- On Sept. 28, Harvard declined to provide further details of Ms. Weaver's travel obligations, failed to explain whether she could obtain a day off for the deposition, or explain why a weekend date would not work. It instead offered dates for Ms. Weaver of October 29 or November 13, but only if the Court were to order discovery to go forward. *Id.*

- SFFA explained that with no stay in place, the law required discovery to proceed. Without any basis to support the vague claims regarding Ms. Weaver's availability, SFFA issued a subpoena and notice for October 11. *Id.*

SFFA responded to the subpoena by filing its emergency motion the next day. In its supporting memorandum, Harvard disclosed for the first time that Ms. Weaver's employer *would*, in fact, grant her a day off for her deposition. *See* Dkt No. 104-1, at 4. Harvard also disclosed for the first time that Ms. Weaver's pre-existing travel

4

commitments all *postdate* SFFA's requested two-week window for a deposition between September 28 and October 11. *Id.* Thus, other than vague references to "standing personal commitments" on nights and weekend, Harvard *still* has failed to explain why Ms. Weaver could not be attend a deposition until one month after its initially noticed date, especially given SFFA's offered accommodation of her work schedule. Harvard thus has not met its burden of showing any undue burden sufficient to justify the further rescheduling of Ms. Weaver's deposition. SFFA opposes Harvard's request for relief from the Oct. 11 date for her deposition.

As for Ms. Ray's deposition, Harvard actually has provided a basis for her unavailability on October 9. Had Harvard given SFFA more than two hours' notice of that fact before filing this motion, it would have learned that SFFA does not object to rescheduling her deposition for the following week. *See* Strawbridge Decl., Ex. 2. Harvard's request for relief as to Ms. Ray's deposition should be dismissed as moot.

### III.

A final word regarding Harvard's complaint that SFFA's deposition notices are somehow unfair because "[n]either party's limited stay proposal included depositions of one-off admissions officers[.]" Dkt. No. 104-1, at 5. In fact, SFFA proposed a partial stay to Harvard that would have excluded depositions. But Harvard rejected that offer, instead insisting that it would agree to a partial stay only if discovery were as minimal as possible. *See* Dkt. No. 82, at 3-4. Having rejected SFFA's compromise proposal, Harvard cannot complain about SFFA's proper use of the rules regarding discovery.

Harvard's refusal to negotiate stands in marked contrast to SFFA's experience in a similar case pending in the Western District of North Carolina against the University of

North Carolina-Chapel Hill. As here, the Defendant sought a stay pending *Fisher II*, which SFFA opposed. But instead of granting itself a unilateral stay, UNC-Chapel Hill worked in good faith with SFFA to discuss reasonable compromises. Those discussions have resulted in a joint motion for a partial stay under which UNC-Chapel Hill will, by December 31, 2015, produce:

- Two full admissions cycles' worth of electronic admissions data;
- 1,250 application files (randomly selected and stratified by race);
- Certain additional policy documents from the 2013-2014 and 2014-2015 admissions cycles that are partially responsive to Plaintiff's discovery requests. *See* Strawbridge Decl., Exs. 3, 4.[2]

Notably, UNC-Chapel Hill has agreed to produce a non-trivial initial sample of application files, notwithstanding the fact that it is subject to the same federal laws and student privacy concerns that Harvard has claimed justify its refusal to produce more than a handful of cherry-picked files. *See, e.g.,* Dkt. No. 86, at 9-11. UNC-Chapel Hill also has agreed to produce electronic data; Harvard, on the other hand, has refused to produce similar electronic data *even to help resolve SFFA's pending motion to compel. See* Dkt. No. 94, at 5; Dkt. No. 98, at 2. Harvard's actions stand in stark contrast to UNC-Chapel Hill's agreement to produce the same types of material that SFFA requested from Harvard in its proposal for a partial stay.

Regrettably, Harvard has spurned this Court's clear invitation to negotiate a similar compromise. Instead, Harvard has resisted even the smallest efforts to produce

---

[2] Naturally, this joint motion reflects compromise by both parties. SFFA has reserved the right to seek additional materials—including files and electronic data, as well as information from other admissions cycles—when discovery in the UNC case resumes.

basic responsive documents. It has exaggerated the burdens of production. It has asserted the ability to grant itself a stay merely by filing a motion. And now Harvard seeks further delay and obstruction of routine discovery. SFFA respectfully requests that this Court stop this pattern of recalcitrance and remind Harvard that it must follow the same rules as everybody else. Respectfully, Harvard's request to forego any discovery pending resolution of its motion to stay, and its request to move Ms. Weaver's deposition from October 9, should be denied; its request to move Ms. Ray's deposition should be dismissed as moot.

                          Respectfully submitted,

                          /s/ William S. Consovoy

| | |
|---|---|
| | William S. Consovoy |
| | Thomas R. McCarthy |
| Paul M. Sanford | J. Michael Connolly |
| BBO #566318 | CONSOVOY MCCARTHY PARK PLLC |
| Benjamin C. Caldwell | 3033 Wilson Boulevard |
| BBO #67506 | Suite 700 |
| BURNS & LEVINSON LLP | Arlington, Virginia 22201 |
| One Citizens Plaza, Suite | Tel: 703.243.4923 |
| 1100 Providence, RI  02903 | Fax: 703.243.4923 |
| Tel: 617-345-3000 | will@consovoymccarthy.com |
| Fax: 617-345-3299 | tom@consovoymccarthy.com |
| psanford@burnslev.com | mike@consovoymccarthy.com |
| bcaldwell@burnslev.com | |
| | Patrick Strawbridge |
| | BBO #678274 |
| | CONSOVOY MCCARTHY PARK PLLC |
| | Ten Post Office Square |
| | Boston, MA 02109 |
| | Tel: 617.227.0548 |
| | patrick@consovoymccarthy.com |
| | |
| Dated: October 1, 2015 | *Counsel for Plaintiff Students for Fair Admissions, Inc.* |

## CERTIFICATE OF SERVICE

In accordance with Local Rule 5.2(b), I hereby certify that I filed the preceding document through the ECF system, and that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                  s/ Patrick Strawbridge_____