# Exhibit 1

**From:** Patrick Strawbridge patrick@consovoymccarthy.com
**Subject:** Re: SFFA v. Harvard - Notice of Deposition (Weaver)
**Date:** September 29, 2015 at 1:37 PM
**To:** Ellsworth, Felicia H felicia.ellsworth@wilmerhale.com
**Cc:** Benjamin Caldwell bcaldwell@burnslev.com, William Consovoy will@consovoymccarthy.com, Michael Park park@consovoymccarthy.com, Paul Sanford psanford@burnslev.com, Wolfson, Paul Paul.Wolfson@wilmerhale.com

Felicia:

At the outset, let me note once again that no stay has been granted in this case. Your suggestion that the parties are awaiting an order for discovery to proceed is completely unfounded. Absent a stay, discovery *must* proceed, witnesses *must* obey subpoenas, document productions *must* commence, and the case *must* move forward. Harvard's ongoing assumption that it can unilaterally grant itself a stay, and avoid its obligations under the rules, is wrong. I renew our request that Harvard comply with its obligations under the rules and agree to immediately exchange responsive documents and move the discovery process forward.

As for Ms. Weaver, your email once again makes no effort to explain why Ms. Weaver cannot appear for a deposition sometime in the next two weeks (or within a month of when her deposition was noticed). We have been completely reasonable in asking for an explanation as to the reason of her unavailability; the burden is on the witness to explain why a four-week period does not work, and to substantiate the reasons for unavailability. We did not ask for "correspondence" with her employer; we asked for confirmation that she had actually sought one day to appear—and offered to take the deposition on the weekend, if that would not work. Moreover, our firm has substantial upcoming commitments in November and December that make scheduling more difficult late in the year. This is why we noticed the deposition two weeks ago.

Because you have ignored our repeated requests, and have failed to provide any actual reason for the delay, attached please find a subpoena and amended notice of deposition for Ms. Weaver's deposition on October 9. We expect the witness and counsel to appear on that day, and reserve our rights under the rules if the subpoena is disregarded. Based on your prior representations, it is our understanding that you will accept service of the subpoena on behalf of Ms. Weaver (and that personal service on Ms. Weaver is unnecessary); if that understanding is incorrect please let us know by the close of business today. The Rule 45(b)(1) attendance and mileage fee will be tendered with the original subpoena which is being mailed to you.

Finally, we disagree with your assertion that Ms. Weaver's deposition counts as one of Harvard's presumptive ten party depositions. As you have made clear (including within your demand for a subpoena), Ms. Weaver is no longer a Harvard employee and not under Harvard's direct control. Your assertion that Harvard can have it both ways — treat Ms. Weaver as a party for purposes of limiting discovery in this case, but a non-party for purposes of trying to delay and avoid her deposition — is unsustainable. This is a non-party deposition.

Patrick Strawbridge
**Consovoy McCarthy Park PLLC**
Ten Post Office Square
8th Floor South PMB #706
Boston, MA  02109
617.227.0548
207.522.3163 (mobile)
www.consovoymccarthy.com

www.consovoymccarthy.com

 
Weaver - Subpoena 4810-5351-9401.pdf    Weaver - Amended Notice of D…7-3065.pdf

On Sep 28, 2015, at 5:09 PM, Ellsworth, Felicia H <felicia.ellsworth@wilmerhale.com> wrote:

Patrick,

Without addressing your unwarranted request for Ms. Weaver's specific dates of unavailability and correspondence with her employer, and the unreasonable demand that Ms. Weaver make herself available for a deposition before October 11, please be advised that, if, in the interim, the Court orders discovery to proceed in this matter, Ms. Weaver is available on October 29 or November 13 to sit for a deposition.  She will require a subpoena to provide to her employer.  Please note that we consider this to be one of the 10 Harvard depositions that SFFA is allotted under the Rules, per the Court's orders at the scheduling conference.

Felicia

**Felicia H. Ellsworth | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6687 (t)
+1 617 526 5000 (f)
felicia.ellsworth@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Patrick Strawbridge [mailto:patrick@consovoymccarthy.com]
**Sent:** Friday, September 25, 2015 4:02 PM
**To:** Ellsworth, Felicia H
**Cc:** Benjamin Caldwell; William Consovoy; Michael Park; Paul Sanford; Wolfson, Paul
**Subject:** Re: SFFA v. Harvard - Notice of Deposition (Weaver)

Felicia:

I appreciate that the witness has a new job, but that change in and of itself is not sufficient to

excuse her appearance at a deposition.  We have a right and obligation to our clients to develop our case, and scheduling pressures of our own.  It does not take two weeks to get a set of dates for a witness's availability; it is a matter of one, maybe two telephone calls. I therefore must request that Wilmer provide the following information by  5 p.m. on Monday:

1) The specific dates and destinations of Ms. Weaver's pre-existing out-of-state travel commitments in September and October.
2) Written and specific confirmation that Ms. Weaver has inquired with her employer about receiving time to prepare for and provide a deposition, and been expressly denied permission to do so by her employer. We intend to provide a subpoena to compel her attendance, if that helps convince her employer.
3) Days Ms. Weaver is available between Monday and October 11. We are willing to take the deposition over the weekend, to accommodate the vacation issue (if necessary).


Patrick Strawbridge
**Consovoy McCarthy Park PLLC**
Ten Post Office Square
8th Floor South PMB #706
Boston, MA  02109
617.227.0548
207.522.3163 (mobile)
www.consovoymccarthy.com


> On Sep 25, 2015, at 12:54 PM, Ellsworth, Felicia H <felicia.ellsworth@wilmerhale.com> wrote:
>
> Patrick,
>
> We are still discussing with Ms. Weaver.  As I mentioned, she has just started new employment (with the accompanying lack of accrued vacation or other leave time), and also has several preexisting out-of-state travel commitments in the coming weeks. September 30 definitely does not work for her; we are discussing possible alternative dates in October and early November.
>
> Thanks,
> Felicia
>
> ---
>
> **From:** Patrick Strawbridge [mailto:patrick@consovoymccarthy.com]
> **Sent:** Thursday, September 24, 2015 1:30 PM
> **To:** Ellsworth, Felicia H
> **Cc:** Benjamin Caldwell; William Consovoy; Michael Park; Paul Sanford; Wolfson, Paul
> **Subject:** Re: SFFA v. Harvard - Notice of Deposition (Weaver)

Felicia:

Have you been able to confirm some dates for Ms. Weaver?

Patrick Strawbridge
**Consovoy McCarthy Park PLLC**
Ten Post Office Square
8th Floor South PMB #706
Boston, MA  02109
617.227.0548
207.522.3163 (mobile)
www.consovoymccarthy.com

> On Sep 21, 2015, at 2:43 PM, Ellsworth, Felicia H <felicia.ellsworth@wilmerhale.com> wrote:
>
> Patrick,
>
> Bryce Gilfillian has assumed Ms. Weaver's responsibilities with regard to alumni.
>
> Thank you,
> Felicia
>
> **Felicia H. Ellsworth | WilmerHale**
> 60 State Street
> Boston, MA 02109 USA
> +1 617 526 6687 (t)
> +1 617 526 5000 (f)
> felicia.ellsworth@wilmerhale.com
>
> **Please consider the environment before printing this email.**
>
> This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.
>
> For more information about WilmerHale, please visit us at http://www.wilmerhale.com.
>
> **From:** Patrick Strawbridge [mailto:patrick@consovoymccarthy.com]
> **Sent:** Thursday, September 17, 2015 2:16 PM
> **To:** Ellsworth, Felicia H
> **Cc:** Benjamin Caldwell; William Consovoy; Michael Park; Paul Sanford; Wolfson, Paul
> **Subject:** Re: SFFA v. Harvard - Notice of Deposition (Weaver)

**Subject:** Re: SFFA v. Harvard - Notice of Deposition (Weaver)

Felicia:

No stay is in place. Harvard could have sought a temporary stay, but elected not to. We are thus well within our rights to notice the deposition of current and former Harvard employees.

Please advise who has taken over Ms. Weaver's function in the admissions office, particularly with respect to alumni interviewers.

Finally, please confirm that Wilmer actually represents Ms. Weaver in this matter, as your email does not make that entirely clear.

Thank you,

Patrick Strawbridge
**Consovoy McCarthy Park PLLC**
Ten Post Office Square
8th Floor South PMB #706
Boston, MA  02109
617.227.0548
207.522.3163 (mobile)
www.consovoymccarthy.com

> On Sep 17, 2015, at 11:51 AM, Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com> wrote:
>
> Ben,
>
> As you know, Harvard has moved for a stay of proceedings pending the Supreme Court's ruling in *Fisher II*, on which Judge Burroughs has not yet ruled. We believe the judge's ruling on that motion is necessary to inform the scope of permissible discovery, if any, at this time, and reserve all rights in light of that pending motion.
>
> In any event, please be aware that Ms. Weaver left the Admissions Office toward the end of the summer and has recently begun work at a new employer. We will contact Ms. Weaver to determine her availability, which will of course depend on her schedule and the restrictions stemming from her being newly employed. I will be in touch when we have determined Ms. Weaver's availability. For the avoidance of

determined Ms. Weaver's availability. For the avoidance of doubt, any contact with Ms. Weaver should continue to go through WilmerHale.

Thank you,
Felicia

**Felicia H. Ellsworth | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6687 (t)
+1 617 526 5000 (f)
felicia.ellsworth@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Benjamin Caldwell [mailto:bcaldwell@burnslev.com]
**Sent:** Tuesday, September 15, 2015 1:19 PM
**To:** Ellsworth, Felicia H
**Cc:** 'Patrick Strawbridge'; 'William Consovoy'; 'Michael Park'; Paul Sanford; Wolfson, Paul
**Subject:** SFFA v. Harvard - Notice of Deposition (Weaver)

Felicia,

Attached please find a Notice of Deposition for Caroline Weaver (Admissions Officer). The deposition had been scheduled for September 30th at Burns & Levinson's office.

**Benjamin C. Caldwell**
**Burns & Levinson LLP**
One Citizens Plaza | Suite 1100 | Providence, RI  02903
125 Summer Street | Boston, MA 02110
Phone:  401.330.1751
Facsimile:  401.831.8359
Website:  www.burnslev.com

::::::::::::::::::::::::::::::::::::::::::::::::::::::::

*Only print this e-mail if necessary.

This e-mail message is intended only for the designated recipient(s).  It may contain confidential or proprietary information, and may be subject to the attorney-client privilege and/or other confidentiality protections.   If you are not the intended recipient, you may not review, retain, disseminate, distribute or copy this

> recipient, you may not review, retain, disseminate, distribute or copy this
> communication.  If you have received this communication in error, please notify us
> immediately by telephone or reply e-mail. Thank you.