IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br><br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION), <br><br> Defendant. | Civil Action No. 1:14-cv-14176-ADB |

**PLAINTIFF'S PROPOSAL FOR DISCOVERY DURING THE *FISHER II* STAY**

Plaintiff Students for Fair Admissions, Inc. ("SFFA") respectfully submits this proposal in response to the Court's Order of October 9, 2015 directing the parties "to submit, jointly or separately, no later than October 23, 2015, written proposals concerning what additional discovery each believes should go forward during the *Fisher* stay."[1]

As an initial matter, the Court properly stated its inclination "to allow discovery to proceed. . . ." Consistent with this "general guideline," SFFA proposes that, after the First Circuit decides the pending appeal by the proposed intervenors, the discovery listed

---

[1] SFFA provided counsel for Defendant President and Fellows of Harvard College ("Harvard") with a written summary of its discovery proposal on October 12, 2015. The parties conferred by telephone on October 15, during which counsel for Harvard advised that it would send SFFA a proposed discovery plan early the following week so the parties could identify the issues on which they agree those on which they disagree. Harvard did not do so, and on October 22, one day before the proposals were due, Harvard informed SFFA that it would not be circulating its proposal in advance of filing. As a result, the parties are filing separate proposals.

1

below proceed with the goal of moving the case forward so that the parties can proceed quickly to summary judgment (and trial, if necessary) after the Supreme Court issues a decision in *Fisher v. University of Texas at Austin*, No. 14-981 ("*Fisher II*"). Specifically, SFFA proposes the following:

- **Document Production.** E-mail and production of other requested documents (aside from individual application files) will represent a substantial portion of the discovery in this case. The relevant custodians, date ranges, or search terms are not contingent on the Supreme Court's decision in *Fisher II*. Regardless of the outcome there, SFFA will need to understand the facts about how Harvard uses race in the admissions process to advance its case. The parties should thus negotiate the parameters for e-discovery and each proceed with productions of documents from the relevant custodians, as well as any other documents responsive to pending requests.[2] If Harvard can articulate how *Fisher II* could render a particular document request or custodian unnecessary, SFFA would be willing to consider staying discovery of such items on an individual basis. But it would cause substantial and unnecessary delay and would be contrary to the Court's prudent guidance simply to halt the largest areas of document discovery.

- **Third-Party Discovery.** Third-party discovery also will be necessary regardless of the outcome of *Fisher II*. As with document discovery between the parties, the scope of third-party discovery will generally uncover and make known the facts about

---

[2] SFFA respectfully notes that while most of the issues raised in its pending Motion to Compel (Dkt No. 64) have for now been resolved, one issue essential to SFFA's case remains outstanding: SFFA's requests for the disclosure of at least some of the names of third parties who serve as alumni interviewers and qualify as potential witnesses under the Federal Rules of Civil Procedure.

Harvard's use of race in its admissions process. No party will be prejudiced by such discovery moving forward.

- **Depositions.** Given the history in this case, it is doubtful that Harvard will sufficiently complete its production of documents while *Fisher II* is pending to enable the parties to move forward with further depositions. SFFA thus believes that the proper course is to stay party depositions until after *Fisher II* is decided. SFFA understands that Harvard intends to seek depositions as to SFFA, while resisting depositions of its own officials. This one-sided proposal is clearly inappropriate and unfair, and if the Court were to permit party depositions to move forward, SFFA respectfully requests that they should move forward as to both parties.

- **Regular discovery status conferences.** Regrettably, SFFA expects that it will be necessary for this Court to keep a vigilant eye on this case to ensure that any ordered discovery proceeds in a timely and diligent fashion. Even in response to the Court's Order of October 9, 2015, Harvard took almost two weeks before making its first production of documents on October 21, failed to provide a discovery proposal as the parties previously discussed, and reiterated its view that any discovery against Harvard should remain largely stayed, contrary to the Court's explicit guidance that discovery generally should proceed (with the limited exception of individual student or applicant files). Moreover, disputes about custodians, date ranges, and other issues may continue to arise, and the parties would benefit from quick resolution by the Court. SFFA thus respectfully requests that this Court schedule regular status conferences during the pendency of *Fisher II* to help ensure that the parties are moving forward at a pace that will make efficient use of the coming months.

3

Permitting discovery to proceed as outlined above will allow the parties and their experts to make substantial progress while *Fisher II* is pending. By contrast, Harvard's proposal appears likely to include very limited discovery (at least, as to it) and would further stall this case in a manner inconsistent with the intent of this Court's recent order. And to the extent that Harvard renews its request to engage in full discovery, and even motion practice, on SFFA's associational standing, while at the same time largely avoiding discovery itself, such a proposal plainly would be improper and unfair.[3] There is no basis for any lopsided approach that would impose the full burdens of discovery on SFFA (including document and depositions) while shielding Harvard from the same type of discovery.[4] This is especially true here because any questions concerning SFFA's standing "are to be resolved much like any other factual issue," and "[t]he court must resolve any genuine disputed factual issue concerning standing, either through a pretrial evidentiary proceeding or at trial itself." *Munoz-Mendoza v. Pierce*, 711 F.2d 421, 425-26 (1st Cir. 1983); *see also Vander Slam v. Bailin & Assocs., Inc.*, No. 11-40180, 2014 WL

---

[3] As a recognized 501(c)(3) with its own Board of Directors and thousands of members—including numerous students who have applied, or wish to apply, to Harvard without being penalized because of their race—SFFA is confident that any attempt to challenge its factual basis for standing is without merit.

[4] *See, e.g.*, *Inland Am. (LIP) SUB, LLC v. Lauth*, No. 09-893, 2010 WL 670546, at *2 (S.D. Ind. Feb. 19, 2010) (rejecting request because "Defendants want to be able to conduct discovery on their counterclaims, while denying Plaintiff the ability to conduct discovery on its claim"); *Bank of Am. v. Veluchamy*, No. 09-5109, 2010 WL 1693108, at *4 (N.D. Ill. Apr. 26, 2010) (noting that "it would be unfair to impose a one-sided stay that would allow Counterplaintiffs to pursue discovery, while preventing Bank of America from engaging in the discovery necessary to defend against the nine-count counterclaim brought by Counterplaintiffs"); *Pendergest-Holt v. Certain Underwriters at Lloyd's of London & Arch Specialty Ins. Co.*, No. 09-3712, 2010 WL 3199355, at *3 (S.D. Tex. Aug. 11, 2010) (rejecting a stay of discovery that was "one-sided and would impose an undue hardship" on other party).

1117017, at *5 (D. Mass. Mar. 18, 2014) (denying motions for summary judgment on standing because of genuine issue of material fact). Harvard is thus free to raise the issue of standing at the time the Court sets for other dispositive motions (and at trial, if necessary), but there is no practical or legal basis to subject SFFA to a unilateral discovery burden during any partial stay.

Finally, the Court's initial scheduling order has been overtaken by events, including a unilateral standstill by Harvard on nearly all discovery between July and October. SFFA therefore respectfully requests that this Court issue a new scheduling order, resetting all deadlines in the initial order, following the resolution of *Fisher II*.

Respectfully submitted,

/s/ William S. Consovoy

|  |  |
|---|---|
| Paul M. Sanford<br>BBO #566318<br>Benjamin C. Caldwell<br>BBO #67506<br>BURNS & LEVINSON LLP<br>One Citizens Plaza, Suite 1100<br>Providence, RI  02903<br>Tel: 617-345-3000<br>Fax: 617-345-3299<br>psanford@burnslev.com<br>bcaldwell@burnslev.com | William S. Consovoy<br>Thomas R. McCarthy<br>J. Michael Connolly<br>CONSOVOY MCCARTHY PARK PLLC<br>3033 Wilson Boulevard<br>Suite 700<br>Arlington, Virginia 22201<br>Tel: 703.243.4923<br>Fax: 703.243.4923<br>will@consovoymccarthy.com<br>tom@consovoymccarthy.com<br>mike@consovoymccarthy.com<br><br>Patrick Strawbridge<br>BBO #678274<br>CONSOVOY MCCARTHY PARK PLLC<br>Ten Post Office Square<br>Boston, MA 02109<br>Tel: 617.227.0548<br>patrick@consovoymccarthy.com |
| Dated: October 23, 2015 | *Counsel for Plaintiff Students for Fair Admissions, Inc.* |

5

**CERTIFICATE OF SERVICE**

In accordance with Local Rule 5.2(b), I hereby certify that I filed the preceding document through the ECF system, and that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Patrick Strawbridge