Case 1:14-cv-14176-ADB   Document 124   Filed 02/01/16   Page 1 of 4



Consovoy McCarthy Park PLLC

Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
617.227.0548
www.consovoymccarthy.com

February 1, 2016

Hon. Allison D. Burroughs
U.S. District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:   *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*,
      No. 1:14-cv-14176-ADB

Dear Judge Burroughs,

Plaintiff Students for Fair Admissions, Inc. ("SFFA") respectfully submits this letter to propose that discovery move forward on SFFA's following requests for production of documents ("RFPs"). At the status conference on January 28, 2016, the Court stated that Harvard should move forward with production of documents in response to SFFA's RFP Nos. 16, 18, 27, and 31. In addition, the Court invited SFFA to submit a letter proposing additional discovery items that should move forward during the *Fisher* stay. Listed below are several categories of requests targeted at material that is relevant to this case regardless of the outcome of *Fisher II*.[1]

**Policies, Manuals, and Guides.** To the extent that Harvard's production of the following categories of documents is not already complete, it should produce all remaining responsive materials:

- Nos. 1-14: Codebooks or guides for the databases identified in requests 1-14.

- No. 17: "All training manuals or other formal instructional materials from any time used to train or guide Your admissions personnel on how to perform admissions tasks, including the evaluation of admissions files, the preparation of admissions reports, outreach activities, and recruitment activities."

---

[1] Harvard has agreed to produce documents responsive to most of these requests and has objected on relevance and other grounds to others. Such objections are separate from whether discovery can proceed during while *Fisher II* is pending and should be resolved separately through motion practice, if necessary, after the parties attempt to reach agreement through the meet-and-confer process.

Case 1:14-cv-14176-ADB   Document 124   Filed 02/01/16   Page 2 of 4

Hon. Allison D. Burroughs
February 1, 2016
Page 2

- <u>No. 20:</u> "All guidelines and manuals used by your admissions office during the Relevant Period, including (but not limited to) the documents described in Section II(I) of your Rule 26(a)(1)(a)(ii) disclosures."

**Application Files for SFFA Members.** Harvard previously agreed to produce complete application files for the individuals identified as SFFA members. Producing these files implicates no third-party privacy concerns, is relevant to standing-related discovery and will help SFFA and the Court understand the contents of an application file and how they relate to or supplement electronic database information.

**Documents Concerning Race and the Admissions Process.** To the extent that there are materials responsive to the following requests that do not identify individual applicants, Harvard should produce the following:

- <u>No. 15:</u> "All documents from the Relevant Period prepared by You concerning the racial composition of the pool of applicants, admitted persons, or enrollees to Harvard."
    - For example, Harvard's Director of Admissions testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This is precisely the type of document the Court indicated should be produced notwithstanding the pendency of *Fisher II*.

- <u>No. 22:</u> "All communications from the Relevant Period by or among Your employees or agents regarding the use of race in the admissions process, including (but not limited to): the importance of diversity; any goals or targets for the racial composition of a particular admissions cycle or subset of applicants, admitted students or enrolled students; Your efforts to achieve a critical mass of Underrepresented Minority students; and your efforts to increase or decrease the number of applicants, admitted students, or enrollees at Harvard by race."

- <u>No. 23:</u> "All communications from any time by or among Your employees or agents regarding: Your use of race as a tiebreaker in the admissions process; any adjustments made to the criteria of admissions for particular racial groups or subsets; and any changes or evaluations of Your admissions policies in light of U.S. Supreme Court decisions."

- <u>No. 32:</u> "All communications with third parties (including, but not limited to, testing services, college boards, accreditation bodies, educational associations, ratings providers, and secondary schools, but excluding applicants and their families) during the Relevant Period concerning the use of race in your

Hon. Allison D. Burroughs
February 1, 2016
Page 3

admissions process or the racial composition of your applicants, admitted students, and enrolled students."
- For example, Harvard's Director of Admissions testified  See McGrath Dep. Tr. at 135-36. Communications of this type should be produced during the *Fisher* stay.

- No. 33: "All documents from the Relevant Period that seek to measure, estimate, or predict, using race or other demographic variables, the application rate of high school students to Harvard, the rate at which applicants are admitted, the rate at which admitted students enroll, the academic performance at Harvard of enrolled students, the major selection at Harvard of enrolled students, the dropout rate at Harvard of enrolled students, the graduation rate at Harvard of enrolled students, or the debt levels accrued by enrolled students while at Harvard."
  - Specifically, SFFA has requested that Harvard produce aggregate data regarding the academic performance of students by race—a request that Harvard was considering before it moved for a stay.

**Documents Concerning Harvard's Consideration of Race-Neutral Alternatives.** To the extent that the following requests do not require production of materials identifying individual applicants, Harvard should produce all responsive materials:

- No. 37: "All reports, analyses, surveys, or other reviews or assessments prepared by Your employees or agents during the Relevant Period concerning race-neutral alternatives."

- No. 38: "All documents from each admissions cycle during the Relevant Period sufficient to show that You considered and determined that no workable race-neutral alternatives would produce the educational benefits of diversity."

During the January 28 conference, the Court indicated its desire for this case to move forward during the *Fisher* stay, provided that any discovery not include information pertaining to specific applicants. Responses to the RFPs above concern Harvard's implementation of its race-conscious admissions policy and thus will be necessary regardless of the outcome of *Fisher II*. Accordingly, SFFA respectfully submits that such discovery should proceed to the extent that it does not include personally identifiable information.

Case 1:14-cv-14176-ADB   Document 124   Filed 02/01/16   Page 4 of 4

Hon. Allison D. Burroughs
February 1, 2016
Page 4

Respectfully submitted,

/s/ Patrick Strawbridge
Patrick Strawbridge

cc:   William S. Consovoy, Esq.
      Paul M. Sanford, Esq.
      Seth P. Waxman, Esq.
      Felicia Ellsworth, Esq.