UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC. | * * * | |
| Plaintiff, | * * | |
| v. | * * | 1:14-cv-14176-ADB |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION), | * * * * | |
| Defendant. | * | |

## **STAY ORDER**

BURROUGHS, D.J.

On October 9, 2015, the Court entered an Order [ECF No. 110] granting in part and denying in part a Motion to Stay filed by Proposed Defendants-Intervenors. In that Order, I partially stayed this action pending resolution of the Proposed Defendants-Intervenors' interlocutory appeal to the Court of Appeals for the First Circuit. I also indicated that after the First Circuit ruled on the Proposed Defendant-Intervenors' appeal, this Court would enter a further partial stay, which would remain in effect until the United States Supreme Court resolves *Fisher v. University of Texas*, No. 14-981, *cert. granted*, 135 S.Ct. 2888 (U.S. June 29, 2015), or until further order of the Court. I asked both the Plaintiff and the Defendant to submit written proposals concerning what additional discovery should go forward during the *Fisher* stay. Plaintiff filed its proposal on October 9, 2015. [ECF No. 110]. Defendant filed its proposal on October 23, 2015. [ECF No. 111].

On December 9, 2015, the First Circuit affirmed this Court's denial of the Proposed Defendant-Intervenors' Motion to Intervene. On January 28, 2016, and again on February 25,

1

2016, this Court held Status Conferences, and the parties were heard on their respective proposals for discovery during the *Fisher* stay. The parties have also submitted a number of letters to the Court expanding upon issues discussed at the Status Conferences. After considering the parties' respective positions, and in the interests of judicial economy, it is hereby ORDERED as follows:

1. With certain exceptions detailed below, this action is stayed pending the United States Supreme Court's ruling in *Fisher v. University of Texas*, No. 14-981, *cert. granted*, 135 S.Ct. 2888 (U.S. June 29, 2015), or until further order of this Court.

2. Notwithstanding the stay, the following discovery may proceed:

    a. The parties shall continue to comply with the Court's October 9, 2015 Order [ECF No. 110]. In addition, the parties' duty to supplement any disclosures previously made shall apply notwithstanding the *Fisher* stay. See Fed. R. Civ. P. 26(e).

    b. Defendant shall produce documents responsive to Plaintiff's Requests for Production 2, 16, 17, 18, 20, 27, and 31, subject to any objections thereto.

    c. Defendant shall produce the application files for the individuals Plaintiff identified as its members, subject to the receipt of an appropriate consent to such disclosure from the individual applicants.

    d. The Parties may conduct discovery limited to the threshold issue of Plaintiff's standing, and Plaintiff shall respond to any outstanding discovery requests relating to this issue. These may include discovery requests pertaining to Plaintiff's corporate structure, its corporate filings, its 501(c)(3) status, and documents sufficient to identify and establish the standing of individual members

upon whom Plaintiff relies to bring this case. The Court does not anticipate that responding to such requests will require Plaintiff to conduct large-scale searches or productions of email communications or other electronically stored information. To the extent that Defendant has requested "communications between SFFA and its members," which are relevant to the standing issue, the parties shall meet and confer in an attempt to narrow the scope of documents that Plaintiff must review and produce in response to such requests. The parties shall notify the Court if they are unable to reach an agreement. The parties may conduct depositions, if necessary, limited to the issue of Plaintiff's standing.

3. During the *Fisher* stay, the parties generally shall not be required to search or produce large quantities of electronically stored information, such as email files. The Court nonetheless encourages the parties to meet and confer over the next several months about the appropriate scope of electronic discovery in this case, so that any disputes may be brought to the Court's attention promptly after the stay is lifted.

4. During the *Fisher* stay, no depositions shall be taken (with the exception of depositions narrowly limited to the issue of Plaintiff's standing), nor may the parties seek discovery from any third parties. Defendant shall not be required to produce the names of its alumni interviewers at this time.

5. The Court declines to authorize Plaintiff to share materials designated as "Highly Confidential – Attorneys' Eyes Only" with a designated client representative at this time. The parties' Protective Order [ECF No. 53], which was negotiated at arms-length and approved by the Court, lists several categories of individuals who may view documents designated as Highly Confidential, and Plaintiff has not shown good cause for why that

list should be modified. Plaintiff may notify the Court in instances where it contends that Defendant is improperly designating documents as Highly Confidential. Defendant is advised to adhere closely to the designation guidelines agreed to in the Protective Order, and to avoid designating materials as Highly Confidential unless truly necessary.

6. If either party has produced documents that are heavily redacted, the producing party shall, upon reasonable request of the receiving party, provide a general explanation as to what type of information has been redacted. The Court declines to order the parties to prepare or produce redaction logs at this time.

7. The Court clarifies that counsel for the parties may, consistent with the Protective Order, inform their clients of the conclusions of any Testifying Expert or Consulting Expert, notwithstanding the fact that those conclusions may be based upon a review or analysis of Protected Materials. The Court notes, however, that these conclusions may need to be restated, abbreviated, or perhaps redacted to comply with the agreed-upon parameters of the Protective Order.

8. With respect to Defendant's admissions database, Defendant shall not be required to produce any additional data or fields at this time. The Court once again reiterates its intention to require the production of additional materials after *Fisher* is decided and the appropriate scope of discovery has been clarified.

9. A further Status Conference before the Court will be scheduled for <u>April 25, 2016</u>, at <u>2:00 p.m</u>. Counsel for the parties are welcome to attend telephonically. If the parties do not believe a further Status Conference is necessary, they may file a Joint Motion to Continue the conference to a later date.

**SO ORDERED.**

Dated: March 11, 2016

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
DISTRICT JUDGE