# EXHIBIT 1

WILMERHALE

**By Email**

Felicia H. Ellsworth

+1 617 526 6687 (t)
+1 617 526 5000 (f)
felicia.ellsworth@wilmerhale.com

February 26, 2016

Patrick Strawbridge
Consovoy McCarthy Park PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109

Re:  *SFFA v. Harvard* – SFFA's Document Production and Discovery Responses

Dear Patrick:

This letter concerns SFFA's recent production of documents and its responses to Harvard's Requests for Production ("RFPs") and Interrogatories.  We have not previously written about SFFA's responses in light of the Court's prior stay of any discovery as to SFFA.  Now that Harvard's discovery of SFFA is proceeding forward and we have received SFFA's first document production, we are writing to request clarification of your position on some points, supplementation of your responses, and prompt production of additional documents.

As an initial matter, we trust that the production that SFFA made on February 10, 2016, is not the only production it will be making.  That production, of approximately 50 documents, consists entirely of publicly available and other external materials, including screenshots from SFFA's publicly accessible website; letters sent from SFFA's president, Edward Blum, to other universities that have been extensively publicized; and the Complaint filed against Harvard in this action.  Notably absent from that production (among other things) are such critical documents as SFFA's articles of incorporation and bylaws and SFFA's 501(c)(3) application, which SFFA represented that it would produce in its responses to Harvard RFP Nos. 4 and 5.  Also completely absent are any internal SFFA documents or other communications bearing on SFFA's governance or SFFA's standing.  Please confirm whether and when SFFA is planning to make a further production of documents responsive to Harvard's RFPs.

We also write to express concern about several of SFFA's objections to Harvard's RFPs and Interrogatories.  For RFP Nos. 2, 3, 8(b), 8(c), 8(d), 8(e), 8(f), 10, 12, and 13, it appears based on SFFA's responses that SFFA is refusing to produce any responsive documents whatsoever.  A position of complete non-response to those RFPs is unjustified for reasons explained in greater detail below.  Further, in many instances SFFA's responses to Harvard's other RFPs improperly seek to limit the amount and type of information that SFFA will produce.  In particular, SFFA's objections on relevance and associational privacy grounds to Harvard's discovery requests relating to SFFA's membership and its finances are unwarranted.  SFFA has the burden to establish its standing to pursue this case, and Harvard is entitled to test that standing by, among other things, seeking information about SFFA's membership, the degree of participation by

WILMERHALE

Patrick Strawbridge
February 26, 2016
Page 2

SFFA's members in the organization, and the sources of SFFA's funding.

SFFA's contention that such requests unduly infringe the First Amendment rights of SFFA's members to associational privacy is without merit.  First, it cannot come as a surprise to SFFA or its members that Harvard seeks that information.  SFFA's stated "mission is to support and participate in litigation" seeking to eliminate the consideration of race in university admissions. *See*  https://studentsforfairadmissions.org/about/ (last visited Feb. 10, 2016).  SFFA's members knew that SFFA was a litigation vehicle upon joining and should reasonably have expected that information about them could be disclosed in the course of such litigation.  By filing a lawsuit against Harvard that it claims to have standing to maintain as an association, SFFA put the identity and participation of its membership squarely at issue.

Second, SFFA has pointed to nothing to suggest that its members' right of association would be impaired by the production of the information that Harvard seeks.  Such a claim requires a compelling showing that disclosure of this information will result in the "harassment of current members, a decline in new members, or other chilling of associational rights," *see United States v. Comley*, 890 F.2d 539 (1st Cir. 1989), a showing that is completely absent from SFFA's boilerplate objections in its responses.

In addition, the protective order in this case provides ample protection to SFFA's members.  Courts have regularly required disclosure of membership lists in litigation between private parties where there is a protective order in place that prevents public disclosure and the information is relevant to the issues in the case.  *See Marshall v. Bramer*, 828 F.2d 355, 360 (6th Cir. 1987); *Nat'l Org. for Marriage v. McKee*, 723 F. Supp. 2d 236 (D. Me. 2010).  Further, Harvard has a compelling interest in obtaining the information it seeks, which is directly relevant to Harvard's defense of lack of standing.  SFFA's objections to Harvard's discovery requests on the basis of the First Amendment are therefore misplaced.

Below are Harvard's specific concerns about SFFA's responses to Harvard's RFPs and Interrogatories and areas in which Harvard requests supplemental responses from SFFA.  Harvard reserves the right to request additional documents responsive to its RFPs and additional responses to its Interrogatories, irrespective of whether the RFPs and Interrogatories are specifically listed in this letter.

**Harvard's Requests for Production**

As an initial matter, although SFFA asserts that it "came into existence on July 28, 2014" and has therefore stated it only will produce documents after that date, documents responsive to Harvard's discovery requests that were created on or before July 28, 2014 are also relevant and

WilmerHale

Patrick Strawbridge
February 26, 2016
Page 3

should be produced.  To the extent documents responsive to Harvard's RFPs exist that date
before July 28, 2014, Harvard expects SFFA to produce such documents.

A.    *RFP No. 1*

SFFA has indicated that it will "produce non-privileged documents setting forth its
organizational structure," but Harvard's RFP No. 1 also calls for documents relating to SFFA's
"past and present relationships to parent, subsidiary, or other affiliate corporations or
organizations."  That information is relevant to Harvard's examination of SFFA's alleged
standing because it will show the extent to which other corporations or organizations—as
opposed to SFFA's members—are funding SFFA or directing its strategy.  Any responsive
documents therefore should be produced.

B.    *RFP No. 2*

SFFA's objections to Harvard's RFP No. 2 are unfounded.  First, it is hardly "unduly
burdensome" to gather and produce documents relating to any meetings of SFFA's Board of
Directors, leadership, and membership when the organization has only been in existence since
July 28, 2014 (SFFA's Objections and Responses to Harvard's First Set of RFPs at 3) and its
leadership team comprised only three people as of July 2, 2015 (SFFA's Objections and
Responses to Harvard's First Set of Interrogatories at 4-5).  SFFA presumably maintains
documents to comply with requirements of state corporation law, and any such documents
responsive to this RFP should be produced.  Second, documents relating to meetings held by
SFFA's Board of Directors, leadership, and membership, including who attends and participates
in those meetings, are undoubtedly relevant to Harvard's inquiry into SFFA's alleged
associational standing, because they will reveal the extent to which SFFA's members participate
in controlling the organization.  Third, production of documents responsive to this RFP will not
infringe any associational rights, for the reasons stated above.

C.    *RFP No. 3*

As with RFP No. 2, SFFA's suggestion that Harvard's RFP No. 3 is improperly broad is without
merit.  Meetings between SFFA and current or prospective members are relevant to SFFA's
alleged associational standing, and the production of responsive documents does not infringe any
First Amendment rights.

D.    *RFP No. 7*

Harvard's RFP No. 7 requests documents sufficient to identify SFFA's current and former
members.  SFFA's response that it will produce documents "sufficient to identify and establish
the standing of individual members upon whom SFFA relies for its associational standing" is

WILMERHALE

Patrick Strawbridge
February 26, 2016
Page 4

unacceptable.  Harvard is entitled to receive not just the self-selected documents that SFFA believes establish its standing, but also documents that allow Harvard to proffer arguments that refute SFFA's standing.  The identity of SFFA's members and information about the dates when they joined are highly relevant to SFFA's alleged standing at the time SFFA filed this suit in November 2014.

E.      *RFP No. 8*

SFFA's objections to Harvard's RFP No. 8, which requests documents relating to the specific members identified in SFFA's Complaint, are again misplaced.  First, neither SFFA nor members of SFFA can claim to be surprised that Harvard wishes to verify allegations about them in the Complaint.  Second, documents responsive to this RFP are clearly relevant to an analysis of SFFA's associational standing, because they will allow Harvard to determine whether, and the extent to which, SFFA's members actually participate in the organization.  Third, production of documents responsive to this RFP will not infringe any First Amendment rights, as explained above.  Finally, SFFA's objections that the RFP is overly broad or burdensome are overblown— Harvard limited the scope of these requests to the "'Applicant,' 'Future Applicants,' and 'Parents'' (and any of the 'Parents'' children who have applied to or plan to apply to Harvard) referenced in Paragraphs 15, 25, and 27 of the Complaint."

F.      *RFP No. 10*

SFFA's objections to Harvard's RFP No. 10, which requests documents regarding SFFA's finances, are also without merit.  First, the RFP is hardly "overly broad and unduly burdensome" since it calls only for documents "sufficient to show SFFA's finances," which should not be difficult to obtain and produce.  Second, the extent to which members—as opposed to outside donors or the leadership of the organization—finance an organization's activities is directly relevant to any associational standing analysis.

G.      *RFP No. 11*

In response to Harvard's RFP No. 11, SFFA agreed to produce "published materials concerning its identification, recruitment, and selection of members or potential members."  To the extent that SFFA's February 10 production contained such "published materials," this response is inadequate.  Once again, the identity and roles of SFFA's membership are highly relevant to SFFA's claim of standing to pursue this litigation, and Harvard is entitled to internal SFFA materials relating to the identification, recruitment, and selection of its members.

WilmerHale

Patrick Strawbridge
February 26, 2016
Page 5

H.      *RFP No. 12*

This RFP requests communications between SFFA and its donors relating to this case, which are highly relevant to any associational standing analysis. Harvard is entitled to examine such communications to assess the extent to which SFFA's donors are funding or participating in the litigation, and producing documents responsive to RFP No. 12 will not infringe any First Amendment rights for the reasons explained above.

I.      *RFP No. 14*

This RFP asks for documents relating to SFFA's formation and mission and the activities it undertakes in furtherance of that mission.  SFFA has agreed to produce documents and "published materials" describing its mission and formation.  Please confirm that SFFA's production will include (1) responsive documents that pre- and post-date SFFA's official founding on July 28, 2014, and (2) email and other communications from relevant custodians, including Edward Blum.  To the extent that SFFA's February 10 production contained the "published materials" that SFFA contends are responsive to this request, that response is inadequate and requires supplementation.

J.      *RFP No. 15*

Harvard's RFP No. 15 requests documents relating to SFFA's members' participation in the organization.  SFFA's response that it will "produce non-privileged documents governing the rights and responsibilities of membership in SFFA to pay dues, render services, or otherwise contribute to SFFA's work" is insufficient.  As explained above, the extent to which SFFA's members actually participate in or finance SFFA's activities is a critical aspect of the associational standing analysis, and Harvard therefore requests that SFFA produce documents fully responsive to this RFP, including without limitation: (1) records reflecting the amount and timing of members' dues payments; (2) documents evidencing, constituting, or reflecting elections of SFFA leadership; and (3) documents evidencing, constituting, or reflecting the participation of members in key decisions.

**Harvard's Interrogatories**

A.      *Interrogatory No. 2*

In its response to Interrogatory No. 2, SFFA stated that it had two vacant board positions that it expected to fill by the end of 2015.  Please provide an updated response to this Interrogatory, including by identifying these new board members, if those seats have been filled.

WILMERHALE

Patrick Strawbridge
February 26, 2016
Page 6


B.       *Interrogatory No. 6*

Interrogatory No. 6 requests information about members of SFFA.  SFFA's total unwillingness
to respond to this Interrogatory is unacceptable, for the reasons discussed above with regard to
RFP No. 7.  At a minimum, the names of SFFA's members and the dates when those members
joined SFFA are directly relevant to SFFA's asserted standing to sue, and the production of that
information will not infringe any First Amendment rights.  To evaluate SFFA's status as a
genuine membership organization with associational standing, it is also critical to know whether
and how many of SFFA's members are in fact students who intend to apply to college (or the
parents of such students).

We would like to meet and confer by telephone to discuss these issues.  Please let us know your
availability.

Very truly yours,

/s/ Felicia Ellsworth


Felicia H. Ellsworth


FHE:ecm