# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE, <br><br> Defendant. | CIVIL ACTION NO: 1:14-cv-14176-ADB |

### DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the applicable Local Rules, Defendant President and Fellows of Harvard College hereby requests that Plaintiff Students for Fair Admissions, Inc. ("SFFA") answer separately, fully, and under oath each interrogatory set forth below in accordance with the Definitions and Instructions contained herein within thirty (30) days of service of these interrogatories. SFFA is further requested to supplement its responses pursuant to Rule 26(e)(1).

### DEFINITIONS

1. The definitions and rules of construction set forth in Federal Rule of Civil Procedure 33 shall apply to these Interrogatories and are incorporated as if fully set forth herein.

2. "SFFA," "you," "your," and "Plaintiff" means Students for Fair Admissions, Inc., its current and former officers, directors, employees, consultants, attorneys, experts, agents, partners, corporate parents, subsidiaries, subdivisions, predecessors, and affiliates, and all other persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

3. "Harvard" or "Defendant" means the President and Fellows of Harvard College.

1

4.      "POFR" means Project on Fair Representation, Inc., its current and former officers, directors, employees, consultants, attorneys, experts, agents, partners, corporate parents, subsidiaries, subdivisions, predecessors, and affiliates, and all other persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

5.      "Complaint" refers to the Complaint filed on November 17, 2014 in *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, Civ. Act. No. 1:14-cv-14176-ADB (D. Mass.) (Dkt. 1), and any amendments to the Complaint.

6.      "Action" or "Litigation" means the civil action captioned *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, Civ. Act. No. 1:14-cv-14176-ADB (D. Mass.).

7.      "Communication" refers to the transmittal of information (including facts, ideas, inquiries, or otherwise) regardless of form (*e.g.*, email, letter, notes, telephone conversation) including without limitation all correspondence, memoranda, and advertisements.

8.      "Relating to" means referencing, concerning, describing, evidencing, reflecting, constituting, documenting, or recording.

9.      "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, but not limited to, electronic or computerized data compilations, electronic chats, email communications, other electronically stored information from personal computers, voice recordings, handwritten notes, and hard copy documents.

10.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatories all information that might otherwise be construed as outside of their scope.

11.     The term "any" includes "all" and "each," and the term "all" includes "any," and the term "each" includes "every."

12.     The use of the singular form of any word includes the plural and vice versa.

13. To the extent these Interrogatories employ terms used in the Complaint, such use is without prejudice to the rights of Harvard.

## **INSTRUCTIONS**

1.      Where an Interrogatory does not specifically request particular facts, but where such facts are necessary in order to make the answer to the Interrogatory comprehensible, complete, or not misleading, the Interrogatory shall be deemed specifically to request such facts, and you are requested to include such facts as part of the answer.

2.      If any document or information responsive to the following Interrogatories is being withheld on a claim of attorney-client privilege, work-product protection, or any other privilege: (1) identify the date, the author, and all recipients of the document or information; (2) describe the form of the document or communication (such as a memorandum, letter, voice recording, email, etc.); (3) describe generally the content of the document or the information withheld; (4) state the privilege upon which you rely and the grounds for the assertion of such privilege; (5) identify all persons who have or have had access to the document or information being withheld; and (6) identify each Interrogatory to which the document relates.

3.      If you elect to answer any Interrogatory pursuant to Federal Rule of Civil Procedure 33(d), identify by Bates number or range the particular document(s) relating to the specific Interrogatory.

4.      If you cannot answer an Interrogatory in full, you are directed to answer it to the fullest extent possible, specify the reasons for your inability to answer the remainder, and state whatever information or knowledge you have concerning the unanswered portion.

5.      To identify an entity in response to these Interrogatories means to give, to the extent known, (a) the entity's full name, including (when not apparent from the name) the nature of the entity, *e.g.* corporation, limited liability corporation, partnership, or professional corporation, and (b) present or last known address of its headquarters or principal place of business.

6.      To identify a document or documents in response to these Interrogatories means to give, to the extent known and applicable: (a) the type of document; (b) the general subject matter; (c) the date of the document; (d) the author or authors, according to the document; (e) the

persons to whom, according to the document, the document (or a copy) was to have been sent; and, if applicable, (f) the Bates number or range of the document.

7. To state the basis of a claim or allegation in response to these Interrogatories means to provide a substantial summary of the factual basis supporting the claim or allegation that: (a) identifies the essential acts or failures to act forming the substance of the claim or allegation; (b) identifies the persons and entities that, through firsthand information or possession of documents, are the sources of the party's information regarding the claim or allegation; and (c) when one or more documents is the basis of the claim or allegation (such as a written contract in a contractual claim), that identifies each such document by Bates number or range.

8. If you find the meaning of any term in these Interrogatories to be unclear, then assume a reasonable meaning, state what that assumed meaning is, and answer the Interrogatory on the basis of that assumed meaning.

9. You are reminded of your obligation under Federal Rule of Civil Procedure 26(e) to supplement or correct your responses should additional information or documents subsequently become known to you.

10. Responses to these Interrogatories may be designated for protection pursuant to the terms of a Protective Order the parties expect to enter into in the Action.

11. Unless otherwise stated, the time frame for these Interrogatories is July 1, 2013 through the present.

## **INTERROGATORIES**

1. Identify all persons with knowledge of the formation, incorporation, purpose, mission, or funding of SFFA, and describe their titles, roles, and responsibilities.

2. Identify all members of SFFA's management, leadership, and staff, including without limitation SFFA's Board of Directors and employees, and describe their titles, roles, responsibilities, and to whom they report.

3. Describe SFFA's organizational structure, including without limitation any parents, subsidiaries, or affiliated organizations.

4. Describe the relationship between SFFA and POFR, including but not limited to any role POFR had or has in founding, managing or operating SFFA, or advising SFFA in connection with the conduct of the Litigation.

5. Identify all members of SFFA who applied to or plan to apply to, or who have children who applied to or plan to apply to, Harvard, whether as a freshman or as a transfer student, including without limitation those members referenced in Paragraphs 15, 25, and 27 of the Complaint, by providing their full names, cities and states of residence, race or ethnicity, and, for the members or their children who applied to or plan to apply to Harvard, provide their grade level, high school, grade point average (and the scale on which the GPA is calculated), test scores (including without limitation PSAT, ACT, SAT I, SAT II, and AP scores), dates of membership in SFFA, institutions of higher education applied to or planning to apply to (whether as a freshman or transfer applicant), and institutions of higher education currently attending.

6. List all current and former members of SFFA not identified in response to Interrogatory 5, and provide their full names, cities and states of residence, the start and end dates of their membership, and, for those members who applied to college on or after September 1, 2012 or who plan to apply to college, or whose children applied to college on or after September 1, 2012 or plan to apply to college, list the institutions of higher education that the members or their children applied to, plan to apply to, and, where applicable, currently attend.

7. List and describe all sources of SFFA's funding, including but not limited to any dues, fees, or other funds contributed by individual members, as well as contributions or other funds received from other sources, including from non-members.

8. Describe the recruitment and selection process for SFFA members, both past and ongoing, and the criteria for membership in SFFA.

9. Describe the rights and responsibilities of SFFA members within the organization, including but not limited to any decision-making responsibilities, any processes or mechanisms by which members communicate with SFFA regarding SFFA's activities, any input members have regarding SFFA's leadership or conduct, and any responsibilities members have to pay dues, render services, or otherwise contribute to SFFA's work.

10. Describe how decisions about SFFA's activities and operations are made, and who makes them, including but not limited to decisions about the Litigation.

/s/ Felicia H. Ellsworth
Felicia H. Ellsworth (BBO #665232)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6687
Fax: (617) 526-5000
felicia.ellsworth@wilmerhale.com

Seth P. Waxman (*pro hac vice*)
Paul R.Q. Wolfson (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Tel: (202) 663-6800
Fax: (202) 663-6363
seth.waxman@wilmerhale.com
paul.wolfson@wilmerhale.com

Debo P. Adegbile (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center

          250 Greenwich Street
          New York, NY 10007
          Tel: (212) 295-6717
          Fax: (212) 230-8888
          debo.adegbile@wilmerhale.com

Dated:  May 13, 2015     *Counsel for Defendant President and Fellows of Harvard College*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2015, I caused a true and correct copy of the foregoing First Set of Interrogatories to be served by email on the following counsel of record:

Paul M. Sanford
Benjamin C. Caldwell
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
(617) 345-3000
psanford@burnslev.com
bcaldwell@burnslev.com

William S. Consovoy
Thomas R. McCarthy
J. Michael Connolly
CONSOVOY MCCARTHY PLLC
3033 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
(703) 243-4923
will@consovoymccarthy.com
tom@consovoymccarthy.com
mike@consovoymccarthy.com

Patrick Strawbridge
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
Boston, MA 02109
(617) 227-0548
patrick@consovoymccarthy.com

    /s/ Felicia H. Ellsworth
    Felicia H. Ellsworth

ActiveUS 500205693v.4