# EXHIBIT B



Ten Post Office Square
8th Floor South PMB #706
Boston, MA  02109
617.227.0548
www.consovoymccarthy.com

April 15, 2016

**VIA EMAIL**

Felicia H. Ellsworth, Esq.
WilmerHale
60 State Street
Boston, MA  02109

**Re:**   *SFFA v. Harvard*: **Document Production and Discovery Responses**

Dear Felicia:

I write on behalf of Students for Fair Admissions ("SFFA") in response to your letter of April 14, 2016, regarding SFFA's responses to Harvard's Requests for Production and Interrogatories. Your letter states that because "the parties have made their positions known to each other, Harvard will present this issue to the Court for its determination." We do not agree that Harvard has satisfied its obligation to "confer with good faith to narrow the areas of disagreement to the greatest possible extent." D. Mass. Local R. 37.1. You have simply refused SFFA's requests for additional specificity, *see* SFFA Letter dated April 1, 2016, and refused to justify or consider narrowing *any* of Harvard's extremely broad attempts, which (among other things) seek the identity of every one of SFFA's members, detailed information about every financial contribution it has received, and the content of virtually every communication it has had with any member or prospective member. It appears that Harvard has a strategic preference for burdening the Court with premature discovery disputes rather than engaging in a bona fide meet-and-confer process.

SFFA has explained that documents concerning its inner workings are entirely irrelevant to the standing inquiry. Moreover, the requests seek information that, if produced, would violate recognized First Amendment rights and privileges of SFFA and its members. We nonetheless invited Harvard to articulate the legal bases for its requests and to identify the specific factual information it seeks. Indeed, SFFA expressed its willingness to "search for and produce certain documents, provided that Harvard and SFFA can reach agreement on a reasonable scope of that additional information." Harvard incorrectly alleges that this proposal "is fundamentally inconsistent with the basic tenets of discovery" because "SFFA's obligation to produce responsive information continues, regardless of the fact that disputes remain regarding other discovery requests." This misunderstands SFFA's position. SFFA has no legal obligation to divulge information that is both irrelevant and

April 15, 2016

protected by associational privacy rights and the First Amendment. It nonetheless has offered—as part of an effort to seek compromise and to avoid burdening the Court—to discuss a potential resolution of discovery disputes regarding SFFA's standing. In that vein, we expressed our willingness to "make ourselves available for a meet and confer if necessary to advance these discussions." Instead of engaging in a good-faith discussion, Harvard mischaracterizes SFFA's proposal for a global resolution and has indicated its intention to seek the intervention of the Court.

We invite Harvard to reconsider SFFA's proposal and to meet and confer regarding the legal and factual basis for Harvard's requests regarding SFFA's standing.

                              Sincerely,

                              */s/ Patrick Strawbridge*

cc:    William S. Consovoy, Esq.
        Michael H. Park, Esq.
        Michael Connolly, Esq.
        Paul Sanford, Esq.