WILMERHALE

July 27, 2016

**By ECF**

Felicia H. Ellsworth

+1 617 526 6687 (t)
+1 617 526 5000 (f)
felicia.ellsworth@wilmerhale.com

Honorable Allison D. Burroughs
U.S. District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re: *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*
    No. 1:14-cv-14176-ADB

Dear Judge Burroughs:

I write to provide additional information that may assist the Court in ruling on the parties' separate proposals regarding the scope of discovery.

**Harvard Custodians.** At the recent July 20, 2016 status conference, the Court indicated that it was inclined to order Harvard to produce non-privileged electronically stored information ("ESI") from additional custodians beyond the 11 that Harvard has proposed to SFFA. So that the record is clear, Harvard has offered to produce ESI from the following individuals for two full years, from September 1, 2012 through August 31, 2014:

   A.    Admissions Personnel

   - Roger Banks, Director of Recruitment

   - Grace Cheng, Associate Director of Admissions for Staff Development

   - Sally Donahue, Director of Financial Aid and Senior Admissions Officer

   - William Fitzsimmons, Dean, Office of Admissions and Financial Aid

   - Charlene Kim, Assistant Director of Financial Aid and Senior Admissions Officer

   - Marlyn McGrath, Director of Admissions

   - Dwight Miller, Senior Admissions Officer

   - Elizabeth Yong, Special Projects Administrator for Admissions Policy, Research & Operations

WILMERHALE

Honorable Allison D. Burroughs
July 27, 2016
Page 2

As stated at the conference, all but one of these proposed admissions custodians read application files during the relevant time period, and four of the proposed custodians served as the first reader of application files (as well as, in some cases, serving as the second reader of admissions files and docket chairs). This list also includes the senior leadership of the admissions office (Dean Fitzsimmons, Director McGrath, and Director Donahue), each of whom also continues to read admissions files as well as perform their other duties.

B.     Non-Admissions Personnel

Harvard has also proposed as custodians the following senior university officials—including the President of the University—who oversee admissions policy:

- Drew Gilpin Faust, President, Harvard University

- Rakesh Khurana, Dean, Harvard College

- Michael D. Smith, Dean, Faculty of Arts and Sciences

This proposal is sufficient to give SFFA an understanding of how the admissions office operates and evaluates applications and how Harvard sets admissions policy. To the extent the Court is inclined to allow additional custodians, Harvard suggests allowing SFFA to choose four additional admissions custodians, for a total of 15, which would be more than sufficient to complete the picture for SFFA and would avoid unnecessary burden and expense in the review and production of ESI.[1]

**Harvard Data.** Harvard has produced two years of database information relating to students who will graduate in 2018 and 2019. SFFA argues that it requires eight years of data—what it has described as two complete four-year cycles—to assess its theory of "racial balancing." But SFFA does not need eight years of data to evaluate whether Harvard is supposedly "balancing" across four years of admitted students. In fact, an eight-year period would encompass *five* full four-year student bodies—the classes of 2013-2016, the classes of 2014-2017, the classes of 2015-2018, the classes of 2016-2019, and the classes of 2017-2020. Any evidence of "balancing" (which Harvard vigorously denies) should be ascertainable from a smaller sample. Moreover, SFFA has not explained why it requires specific, personal information about each of

---

[1] At the recent status conference, the Court suggested that alumni interviewers would not be appropriate custodians for purposes of ESI. Harvard maintains that no discovery from alumni interviewers in any form is appropriate given that Harvard is in possession of all information provided to alumni interviewers and all information alumni interviewers provide with respect to any individual admissions decision. Harvard further requests that the Court expressly prohibit SFFA from directly contacting alumni interviewers without this Court's prior permission.

WILMERHALE

Honorable Allison D. Burroughs
July 27, 2016
Page 3

the more than 35,000 individual applicants in a given year's admissions cycle to determine whether Harvard is engaged in "racial balancing."  SFFA can conduct that analysis using *aggregate* data about the racial composition of the applicant and admitted-student pools in various years.  And the request for additional years of *individualized* information compounds the significant privacy concerns at stake.[2]

To the extent the Court is inclined to order the production of additional years of database information (concerning individual applicants, as opposed to the aggregate characteristics of the applicant and admitted-student pools), Harvard respectfully suggests that the Court order the production of data for two additional prior years (applicants to the classes of 2016 and 2017).  Any additional data should be only aggregate data (including racial and ethnic characteristics) of the applicant and admitted-student pools.  That would properly take account of the privacy and burden issues at stake while providing SFFA with more than enough information to analyze its allegations of racial balancing.

Finally, I would also like to clarify a point that was raised during the Court's most recent status conference, concerning the hypothetical possibility of comparing the religious affiliations of students who apply to Harvard with those who are admitted.  Harvard does not track information regarding the religion of an applicant.

Respectfully yours,

*/s/ Felicia H. Ellsworth*

Felicia H. Ellsworth


cc:  Counsel of record (via ECF)

---

[2]   As discussed at the status conference, Harvard is available at the Court's convenience to address the list of database fields requested by SFFA that implicate the serious privacy concerns of applicants and enrolled students and therefore have not been produced.