

Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
617.227.0548
www.consovoymccarthy.com

September 26, 2016

**VIA ECF**

Hon. Allison D. Burroughs
U.S. District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:   *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*,
      No. 1:14-cv-14176-ADB

Dear Judge Burroughs,

Plaintiff Students for Fair Admissions, Inc. ("SFFA") submits this letter in response to Harvard's September 23, 2016 Rule 12(b)(1) motion to dismiss and Rule 12(c) motion for judgment on the pleadings with respect to two counts of the Complaint. SFFA submits that the motions are procedurally improper and that the Court should order Harvard to withdraw them or hold them in abeyance until dispositive motions are due under the Amended Scheduling Order (Doc. 180). SFFA requests that the Court stay briefing on these motions until this procedural dispute is resolved. Harvard opposes staying the briefing schedule pending resolution of this dispute, but would agree to a 14-day extension.

Harvard's motions violate the Amended Scheduling Order. Paragraph 7 states that dispositive motions under Rule 56 are due on March 2, 2018 and that opposition briefs are due 45 days later. Harvard's motions are not brought pursuant to Rule 56. But, procedurally, there is little or no difference between this type of Rule 12(b)(1) motion and a Rule 56 motion. *See Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986); *Gordon v. Nat'l Youth Work All.*, 675 F.2d 356, 360 (D.C. Cir. 1982). Moreover, the reference to Rule 56 in the Amended Scheduling Order was not meant to authorize the parties to submit other dispositive motions on a schedule of their own choosing. The Court—like SFFA—was not anticipating the submission of ***any*** dispositive motions until the end of discovery in light of the case's posture.

If Harvard wanted the opportunity to submit dispositive motions in the midst of discovery, it should (and certainly could) have raised the issue before the Court established the schedule. Indeed, the Amended Scheduling Order is the product of intense negotiations, a lengthy status conference, and the Court's close supervision. Courts take the time and energy to issue comprehensive scheduling orders because they establish an orderly process that averts procedural disputes like this. Harvard should not be permitted to circumvent the agreed-to schedule.

In any event, the Court should table Harvard's motions for reasons independent of whether they violate the Amended Scheduling Order. With respect to Harvard's Rule 12(b)(1) motion to dismiss, the Court correctly exercised its authority not to stage discovery or to allow Harvard to raise standing separately from the underlying merits. *See* 1/28/16 Hearing Tr. (Doc. No. 128) at 10:5; *see also Poulin v. Greer*, 18 F.3d 979, 986 (1st Cir. 1994) ("District courts have broad discretionary powers to manage cases and, concomitantly, to manage pretrial discovery."); *Berardi v. Swanson Mem'l Lodge No. 48 of the Fraternal Order of Police*, 920 F.2d 198, 200 (3d Cir. 1990) ("Trial judges enjoy substantial procedural flexibility in handling Rule 12(b)(1) motions."). The Court should adhere to its decision.

***First***, requiring SFFA to respond while Harvard's Motion for Reconsideration (Doc. No. 154) remains pending would be prejudicial. If the Court denies the request to reconsider the appropriate legal standard for associational standing, as it should, then Harvard's 12(b)(1) motion fails as a matter of law. Although Harvard refuses to acknowledge it, the motion is premised on the same erroneous legal theory that the Court has already rejected. *See* 4/29/16 Hearing Tr. at 7:21-23 ("[I]f [SFFA is] a membership organization, it has members, I think it sort of ends the inquiry."); *id.* at 11:14-18 ("I don't think you get to test whether they're members or real members. I think that whole—that whole indicia of membership thing comes up in those organizations that don't actually have any members at all."). Unless the Court grants reconsideration, further briefing may not be needed to deny the 12(b)(1) motion.

Even if the Court does reconsider its ruling, however, Harvard's motion to dismiss is premature. At that point, the Court would need to resolve SFFA's First Amendment objections (which could necessitate an interlocutory appeal to the First Circuit) so SFFA may make an informed choice as to whether to submit evidence in opposition to Harvard's motion. *See Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) ("In support of a motion to dismiss under Rule 12(b)(1), the moving party may submit affidavits or any other evidence properly before the court …. It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction."). SFFA should not be penalized for failing to submit evidence that the Court held is legally irrelevant and SFFA asserts is shielded by the First Amendment. But requiring SFFA to respond to the motion to dismiss before these issues are resolved would do just that.

***Second***, the nature of Harvard's Rule 12(b)(1) motion counsels strongly in favor of deferring resolution until after discovery. The motion is not based on any defect in SFFA's complaint (and thus has nothing to do with the deadline for amending pleadings). Harvard is "controverting the accuracy (rather than the sufficiency) of the jurisdictional facts asserted by the plaintiff and proffering materials of evidentiary quality in support of that position." *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001). This type of challenge may require "factfinding" and, in turn, "evidentiary hearings in order to determine … jurisdiction." *Id*. Harvard's motion, for example, repeatedly challenges the credibility of testimony given by

SFFA's president, a board member, and its many standing members. For obvious reasons, this "factual" standing challenge should be addressed after discovery or "at trial itself." *Munoz-Mendoza v. Pierce*, 711 F.2d 421, 425 (1st Cir. 1983).

Remarkably, Harvard claims in a footnote that it should be allowed to seek dismissal under Rule 12(b)(1) now based on the present record *and* to seek further discovery if it fails to controvert SFFA's jurisdictional allegations. Harvard may not file this type of Rule 12(b)(1) motion while reserving the right to seek further discovery. *See* Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1350 (3d ed.). Again, this concern arises only if the Court grants reconsideration. But if it does, the Court cannot decide a "factual" Rule 12(b)(1) motion until it has all the facts. Otherwise, a defendant could seek dismissal on an incomplete record, lose the motion, get more discovery, seek dismissal again, lose again, get even more discovery, and then raise standing yet again at trial. Harvard's position is untenable and highlights its unwillingness to follow basic rules that apply to all civil litigants.

The Court also should table Harvard's motion for judgment on the pleadings as to Count IV and Count VI. As is evident from the filing, Harvard's motion for judgment on Count IV will require the Court to resolve a fundamental dispute between the parties as to the kinds of race-based admissions programs allowed under Supreme Court precedent. Briefing and arguing this complex issue now will not streamline discovery—and Harvard does not argue otherwise. Harvard does argue, however, that adjudicating Count VI now will streamline discovery. But Harvard is incorrect. The discovery Harvard seeks to avoid is equally relevant to SFFA's request for an injunction barring Harvard (and only Harvard) from using race in admissions if it is found to have violated Title VI. In sum, adjudicating Harvard's motion for judgment on the pleadings will not conserve party or judicial resources—it will waste them.

*Finally*, SFFA regrets the need to burden the Court with another procedural dispute. Harvard chose to negotiate a schedule without informing SFFA or the Court that it was planning to file dispositive motions in the midst of discovery. Had Harvard stated its intention to do so, the Court and the parties could have addressed and resolved the issue at the most recent status conference. Unfortunately, Harvard was not candid about its intentions and did not even inform the Court of such when the parties met in Chambers earlier this month.

Accordingly, SFFA requests that the Court stay briefing on Harvard's motions until it issues an Order resolving this procedural dispute. Alternatively, counsel for SFFA is available for a telephonic or in-person conference at the Court's convenience to discuss the best way of addressing these unanticipated filings.

                                                Respectfully submitted,

                                                */s/ Patrick Strawbridge*
                                                Patrick Strawbridge

Hon. Allison D. Burroughs<br>
September 26, 2016<br>
Page 4

cc:   ECF recipients