WILMERHALE

September 29, 2016

**Seth P. Waxman**

+1 202 663 6800 (t)
+1 202 663 6363 (f)
seth.waxman@wilmerhale.com

Honorable Allison D. Burroughs
U.S. District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

    Re:  *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*
          No. 1:14-cv-14176-ADB

Dear Judge Burroughs:

I write in response to the September 26, 2016 letter filed by Students for Fair Admissions, Inc. (SFFA).

On September 23, 2016, Harvard filed two motions that demonstrate that (1) two of the six counts in SFFA's complaint are deficient as a matter of law, and (2) SFFA lacks standing to sue on any of the counts in the complaint, depriving this Court of subject-matter jurisdiction. For the reasons explained in the motions, these issues are ripe for resolution now, and should be resolved as they may substantially streamline, and perhaps completely dispose of, the issues presented in this litigation. Granting the motion for judgment on the pleadings would streamline the discovery and adjudication of this case, and granting the motion to dismiss for lack of standing would spare the parties and the Court the needless burdens of litigation over which this Court lacks jurisdiction. There is no reason—and SFFA certainly has not suggested any—why either the Court or the parties would be served by deferring the resolution of these threshold issues.

Instead, rather than oppose those arguments on the merits through motion practice, SFFA attempts to avoid them through yet another "non-motion" filing, suggesting that Harvard's motions are "procedurally improper" and arguing that the Court's Scheduling Order somehow restricts Harvard's ability to file these motions, or any other dispositive motions contemplated by the Federal Rules of Civil Procedure, until after all discovery is concluded. That position is meritless. The Scheduling Order does not render inapplicable the well-established parameters of the Federal Rules. It merely sets a deadline for when motions for summary judgment under Rule 56 may be filed—and Harvard has not filed a motion for summary judgment under Rule 56.

The Federal Rules authorize a party to move for judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Harvard's motion complies with these requirements—the pleadings closed on September 15, 2016, Harvard's motion followed eight days later, and trial has yet to be scheduled. Nothing in the Federal Rules requires a party to wait until summary judgment to argue that a count in the complaint fails to

WILMERHALE

Honorable Allison D. Burroughs
September 29, 2016
Page 2

state a claim on which relief may be granted, and for good reason—if a claim cannot proceed, then discovery on it is a waste of the parties' resources and the Court's.

With respect to Harvard's motion to dismiss, Rule 12(h)(3) requires the Court to dismiss an action "[i]f the court determines at any time that it lacks subject matter jurisdiction." Again, nothing in the Federal Rules requires Harvard to wait until summary judgment to challenge SFFA's standing. To the contrary, lack of subject-matter jurisdiction is conventionally raised by motion to dismiss, because courts cannot address the merits of a dispute, and defendants should not be put through the burden of discovery, if the case lies beyond the federal judicial power. *See, e.g.*, *Donahue v. City of Boston*, 304 F.3d 110, 117 (1st Cir. 2002) ("[T]his Court must resolve questions pertaining to its subject-matter jurisdiction before it may address the merits of a case."); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) (emphasizing that standing is a "threshold jurisdictional question").

Nor can SFFA claim to be surprised by these motions. Harvard indicated at the very first hearing in this case that a challenge to SFFA's standing was forthcoming, Dkt. 43 at 21:17-22:14, and has consistently sought discovery in support of its challenge, which SFFA has resisted. *See* Dkts. 147, 154, 164. The Court also has recognized the threshold nature of SFFA's standing, allowing discovery on SFFA's standing to proceed even during the pendency of the partial stay of the case. The record is sufficient now to establish that SFFA lacks standing. SFFA's suggestion that it needs additional time to "make an informed choice as to whether to submit evidence in opposition to Harvard's motion" is baseless—having resisted discovery, SFFA must rest on the record it has created.[1]

Respectfully yours,

*/s/ Seth P. Waxman*

Seth P. Waxman

cc: Counsel of record

---

[1] If the Court believes further discovery is necessary to resolve the motion to dismiss, it should hold the motion in abeyance while allowing such additional discovery to proceed.