

Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
617.227.0548
www.consovoymccarthy.com

September 30, 2016

**VIA ECF**

Hon. Allison D. Burroughs
U.S. District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:   *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*,
      No. 1:14-cv-14176-ADB

Dear Judge Burroughs,

In response to SFFA's procedural objections to Harvard's premature filing of dispositive motions, Harvard claims that SFFA "has not suggested any [reason] why … resolution of these threshold issues" should be deferred. Opp. at 1. That is of course incorrect. SFFA has offered a litany of reasons. Harvard is simply unable to counter them.

1.     Harvard does not assert that the Amended Scheduling Order contemplates the filing of dispositive motions during discovery. Rather, Harvard baselessly argues that Order "does not render inapplicable" the Federal Rules. *Id*. But this overlooks the purpose of the scheduling order and precisely why the Federal Rules provide substantial discretion for the Court to defer resolution of dispositive motions. *See* Fed. R. Civ. P. 12(i) (dispositive motions need only be "heard and decided before trial unless the court orders a deferral until trial"); Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). Harvard's claim that "nothing in the Federal Rules requires [it] to wait," Opp. at 1-2, ignores the pertinent issue.

2.     Harvard argues that SFFA cannot "claim to be surprised by these motions." Opp. at 2. But SFFA rightly was surprised. Indeed, Harvard does not dispute it had several opportunities to timely make its intentions known, and that it deliberately chose not to do so while simultaneously negotiating a comprehensive schedule. The claim that SFFA should have anticipated these motions—especially while Harvard's motion for reconsideration on this very issue remains pending—is untenable. Harvard made a deliberate choice to hide its intentions from the Court and SFFA. It should not be allowed to profit from such gamesmanship.

3.     Harvard does not (because it cannot) dispute that the denial of its pending reconsideration motion will foreclose its motion to dismiss. Nor does Harvard deny that requiring a response before the Court adjudicates that motion would prejudice

Hon. Allison D. Burroughs
September 30, 2016
Page 2

SFFA. Rather, Harvard wants SFFA to be penalized for "having resisted discovery" the Court has ruled is irrelevant and SFFA claims is subject to a First-Amendment privilege. Opp. at 2. Harvard has offered no contrary support for proceeding in such an inequitable manner.

4.  Finally, Harvard claims that allowing "discovery" on Counts IV and VI will "waste ... the parties' resources and the Court's." Opp. at 1-2. But it cannot identify any specific discovery that would be averted given the discovery to which SFFA is entitled in pursuit of its other claims and its request for an injunctive remedy. As SFFA has explained, litigating these fundamental legal issues now will waste resources—not conserve them. Harvard's inability to justify its self-serving position should be viewed as the concession it is.

Respectfully submitted,

*/s/ Patrick Strawbridge*
Patrick Strawbridge

cc: ECF recipients