UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Students for Fair Admissions, Inc.,<br><br>    Plaintiff,<br>v.<br><br>President and Fellows of Harvard College<br>(Harvard Corporation)<br><br>    Defendant. | Docket No: 1:14-cv-14176-ADB |

### NON-PARTY BOSTON LATIN SCHOOL'S MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH THE PLAINTIFF'S SUBPOENA

#### I.  FACTUAL STATEMENT & PROCEDURAL HISTORY

Upon information and belief, Plaintiff SFFA, Inc. filed suit against Defendant ("Harvard") in the U.S. District Court for Massachusetts on or about November 17, 2014, alleging racial and/or ethnic discrimination practices and procedures relative to Harvard's undergraduate admissions. BLS is not a party to this case, and has had no other involvement in the lawsuit or litigation since its inception. On or about February 27, 2017, BLS received a deposition and document production subpoena in this matter. See attached, Exhibit 1. Plaintiff's Complaint has not referenced BLS specifically, other than generally in paragraph 115 related to Harvard's alleged docketing system of applicants from a variety of schools. See Compl. at 115. The subpoena nonetheless seeks very specific, private information related to the race of BLS students who applied or were admitted to Harvard, and any correspondence between BLS and Harvard regarding same over a six-year period. See Exhibit 1.

#### II.  LEGAL STANDARDS

While the scope of discovery is broad, it is not unlimited, particularly in the case of discovery requests to non-parties. See Fed.R.Civ.P 26(b) advisory committee notes (1983) & 45.

1

For example, Fed.R.Civ.P. 26(c) provides that, upon a showing of good cause, the presiding court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 45(c)(3)(A)(iv) commands that a court **shall** quash or modify a subpoena if the subpoena "subjects a person to undue burden." See also *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.,* 333 F.3d 38, 41 (1st Cir. 2003). "Although discovery is by definition invasive…non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) (referencing *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed.Cir.1993); *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir.1980); *Addamax Corp. v. Open Software Found., Inc.*, 148 F.R.D. 462, 468 (D.Mass.1993)).

Discovery requests seeking testimony that is likely to be duplicative or cumulative of discovery already provided, or that can be obtained from a source that is more convenient, less burdensome, or less expensive is also outside the bounds of permissible discovery and is therefore limited, especially for a non-party. See Fed.R..Civ.p. 26(b)(2)(c); *In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, No. MDL 13-2419-FDS, 2013 WL 6058483 (D. Mass. Nov. 13, 2013). The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a [non-party] subject to the subpoena." Fed.R.Civ.P. 45(d)(1); *Massachusetts Nurses Ass'n v. Radius Specialty Hosp., LLC,* No. CV 14-13686-FDS, 2016 WL 6090713, at *3 (D. Mass. Oct. 18, 2016) (citing *Noel v. The Bank of New York Mellon,* 2011 WL 3279076, at *2 (S.D.N.Y. July 27, 2011) ("non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative")).

2

In addition, a party may not use the subpoena process as a fishing expedition. See Fed.R.Civ.P. 26(g)(1)(b)(iii). Court must apply a set of general principles and parties "have a correlative obligation to tailor interrogatories to suit the particular exigencies of the litigation. They ought not to be permitted to use broadswords where scalpels will suffice, nor to undertake wholly exploratory operations in the vague hope that something helpful will turn up." *Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 187 (1st Cir. 1989). Where subpoenas seek testimony of unknown individuals with unknown knowledge of the facts at issue, there is no proper basis for proceeding with a deposition, and the motion for same should be quashed. See *Spaceon Specialty Contractors, LLC v. Bensinger*, 2010 WL 3927783, at *2 (D. Colo. Oct. 1, 2010); *Mannington Mills, Inc. v. Armstrong World Industries, Inc.*, 206 F.R.D. 525, 529 (D.Del. 2002).

### III. ARGUMENT

#### a. *The subpoena should be quashed because it seeks information available from Defendant and/or other or publicly accessible sources, and seeks information irrelevant to the issues raised in the Plaintiff's Complaint*

As a party to the case, Defendant Harvard should be in possession of the information now sought by the subpoena to the non-party witness, BLS, if any such information exists.[1] For example, the subpoena's Rule 30(b)(6) topic of deposition examination lists as # 1 seeking the "racial composition of applicants, admitted persons, or enrollees to Harvard" should be available from Harvard, who would have an affirmative obligation to respond to, defend, or answer such request for information. Additionally, where deposition examination topic # 2 seeks "Harvard's use of race in the admissions process," the obvious best source of this discovery request would be the depositions of Defendant Harvard's personnel. Similarly, the general and generic topic listed in document request #1, "[t]he racial composition of applicants, admitted persons, or enrollees to

---

[1] Upon information and belief, Defendant has in fact produced voluminous discovery, much of which is now being requested of BLS and which is under heavy protective order for the precise reasons BLS now articulates.

3

Harvard," would best be produced by Defendant Harvard's personnel and/or records, and should even be available as public record in part (re: aggregate data of total admitted persons or enrollees broken down by race; such data is routinely disseminated by Harvard and other secondary educational institutions). Furthermore, document request # 3 seeking correspondence "to, from, or copying Harvard" would indeed therefore be in Harvard's possession and obtainable by and through the Defendant, a party to the case.

Finally, the Plaintiff has failed to demonstrate how the documents and testimony sought from BLS are relevant to its claims or defenses, and proportional to the needs of the case. There are no allegations that BLS or its students were involved in any alleged discrimination or other improper acts. Therefore, the requests contained in the subpoena are irrelevant, disproportionate to the needs of Plaintiff's case given the availability of other means to obtain same, and are nothing more than a fishing expedition.

Where less expensive and less burdensome means are available to procure the information from a party to the lawsuit, and where the requests at issue are irrelevant, and for all the reasons cited above, the subpoena to BLS should be quashed.

### b. *The subpoena should be quashed because it places an undue burden on non-party BLS*

Responding to the Plaintiff's subpoena in terms of time and resources places an undue burden and expense on non-party BLS. The deposition topics and document requests are very broad and span a number of years. BLS would be forced to divert a number of resources and personnel – from the school, the Office of Instructional & Informational Technology (OIIT), the Office of Human Capital, the Office of Legal Advisor and others – away from serving the children of the school and district in order to respond to a request in a case where it is not a party. It would be fruitless to devote such time and resources to a request which most likely will fail to produce

4

Case 1:14-cv-14176-ADB   Document 272   Filed 04/06/17   Page 5 of 7

any information at all, let alone information would be useful, not duplicative, or not protected by privacy laws. Furthermore, Plaintiff has provided no proof that it has met its obligation to "take reasonable steps to avoid imposing undue burden or expense on a [non-party] subject to the subpoena." *Bell Inc. v. GE Lighting*, LLC, 2014 WL 1630754, at *11 (W.D. Va. 2014) (quoting Fed.R.Civ.P. 45(d)(1)). As such, the subpoena for same should be quashed.

> **c. The subpoena should be quashed because there has been no allegation or proof of a reasonable belief that a witness from BLS would have knowledge of the facts at issue**

A party may not use the subpoena process as a fishing expedition. See Fed.R.Civ.P. 26(g)(1)(b)(iii). Where subpoenas seek testimony of unknown individuals with unknown knowledge of the facts at issue, there is no proper basis for proceeding with a deposition, and the motion for same should be quashed. See *Spaceon Specialty Contractors, LLC v. Bensinger*, 2010 WL 3927783, at *2 (D. Colo. Oct. 1, 2010); *Mannington Mills, Inc. v. Armstrong World Industries, Inc.*, 206 F.R.D. 525, 529 (D.Del. 2002). The Plaintiff has failed to demonstrate what knowledge or information, if any, that non-party BLS possesses which would be relevant to its claims or defenses, and proportional to the needs of the case. There are no allegations that BLS or its students were involved in any alleged discrimination or other improper acts. In fact, BLS is mentioned but once, in paragraph 115, and merely in passing and along with a reference to approximately 22 other schools. See Compl. at 115. Therefore, the requests contained in the subpoena are irrelevant, disproportionate to the needs of Plaintiff's case given the availability of other means to obtain same, and are nothing more than a fishing expedition. As such, the motion should be quashed.

> **d. The subpoena should be quashed because it seeks and requests confidential student record information and/or would create a chilling effect as a matter of public policy**

5

The information sought in both testimony and records is subject to the protections of the Family Educational Rights and Protections Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99), a Federal law that protects the privacy of student education records. Generally, schools must have written permission from the parent or eligible student in order to release any information from a student's education record. Pursuant to 34 CFR § 99.31, FERPA allows schools to disclose those records, without consent, to the following parties or under the following conditions only: school officials with legitimate educational interest; other schools to which a student is transferring; specified officials for audit or evaluation purposes; appropriate parties in connection with financial aid to a student; organizations conducting certain studies for or on behalf of the school; accrediting organizations; to comply with a judicial order or lawfully issued subpoena; appropriate officials in cases of health and safety emergencies; and state and local authorities, within a juvenile justice system, pursuant to specific State law. Neither these parties nor circumstances are present in the current action. Additionally, pursuant to 34 CFR § 99.37, schools may disclose, without parental or student consent, only "directory" information such as a student's name, address, telephone number, date and place of birth, honors and awards, and dates of attendance. Again, this is not the type of information which has been requested in the current action.

Finally, as a matter of public policy, producing such information, if it exists, would create an absolute "chilling effect" on the students and families of BLS who utilize the school's assistance and services for college application processes. Such information is personal and private to students and their families relative to their educational or other future endeavors.

As such, for the reasons described above, the subpoena for such documentary and testimonial information should be quashed.

Respectfully submitted,
BOSTON LATIN SCHOOL,
By and through Boston Public Schools,
By its attorney,
Eugene O'Flaherty, Corporation Counsel,

_____
Jennifer N. Seich Kelly, Esq.-BBO#675785
Asst. Corporation Counsel
Boston Public Schools-Office of Legal Advisor
2300 Washington Street, 4TH floor
Roxbury, MA 02119
Tel: (617) 635-9320
Jkelly8@bostonpublicschools.org

## CERTIFICATE OF SERVICE

I, Jennifer Seich Kelly, hereby certify that the foregoing Motion to Quash upon all registered ECF/CM participating attorneys and by e-mail to the Plaintiff's attorney of record and by e-mailing such copy on April 6, 2017:

Benjamin C. Caldwell, Esq.
Burns & Levinson LLP
Counsel for Plaintiff
1 Citizens Plaza, Suite 1100
Providence, RI 02903
bcaldwell@burnslev.com

Felicia H. Ellsworth, Esq.
Wilmer Hale
Counsel for Defendant
60 State Street,
Boston, MA 02109
Felicia.Ellsworth@wilmerhale.com

_____
Jennifer N. Seich Kelly, Esq.