UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC. | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 14-cv-14176-ADB |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION), | * * * * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER
## GRANTING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

BURROUGHS, D.J.

On September 23, 2016, Harvard moved for partial judgment on the pleadings on Counts IV and VI pursuant to Fed. R. Civ. P. 12(c) and 12(h)(2). [ECF Nos. 185, 186]. SFFA opposed the motion on October 21, 2016 [ECF Nos. 202, 203], and Harvard filed its reply brief on November 4, 2016 [ECF NO. 218]. The intervenors also filed a memorandum in support of Harvard's motion on October 19, 2016. [ECF No. 199].

For the reasons set forth below and more fully articulated by Harvard and the intervenors in their briefs, the Court grants the motion. The First Circuit recognizes, at least implicitly, the permissibility of partial judgments under Fed. R. Civ. P. 12. See, e.g., Najas Realty, LLC v. Seekonk Water Dist., 821 F.3d 134, 146 (1st Cir. 2016) (affirming district court's grant of motion for partial judgment on pleadings pursuant to Fed. R. Civ. P. 12(c)). Further, SFFA acknowledges that ruling on Count VI would require this Court to overrule Supreme Court precedent, something it decidedly cannot do, and the Court does not find persuasive SFFA's

1

rationale that it should wait to enter judgment on the Count VI until the close of discovery simply because discovery will not be impacted one way or another. Finally, Count IV presumes a legal requirement for race-conscious admissions—that Harvard may only consider race for the "last few places left"—that the case law does not support.

Accordingly, Harvard's motion for partial judgment on the pleadings as to Count IV and VI [ECF No. 185] is <u>GRANTED</u>.

**SO ORDERED.**

Dated: June 2, 2017 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE