

Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
617.227.0548
www.consovoymccarthy.com

July 7, 2017

**VIA ECF**

Hon. Allison D. Burroughs
U.S. District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:   *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*,
      No. 1:14-cv-14176-ADB

*****Emergency Request for Judicial Intervention and Relief*****

Dear Judge Burroughs,

Plaintiff Students for Fair Admissions, Inc. ("SFFA") writes to request the Court's guidance on an urgent scheduling dispute that has arisen between the parties. In short, Harvard refuses to accept weekend dates for three recently-noticed depositions of SFFA standing members. Harvard's insistence on a weekday deposition—without offering any reason why it cannot accommodate this reasonable request—would disrupt the students' summer internships and possibly sacrifice their anonymous participation in this case. SFFA respectfully requests that the Court either require Harvard to accommodate the witnesses' availability on the weekend or quash these depositions in their entirety.

Last month, the Court granted SFFA's request to extend the close of discovery by 45 days. Less than a week later, Harvard for the first time requested the depositions of six SFFA standing members, despite the fact that five of them had been identified to Harvard more than a year ago. Until the discovery deadline was extended, Harvard had expressed no interest in deposing these individuals and would have forgone these depositions if discovery had not been extended.

Moreover, Harvard has already taken the depositions of two of SFFA's standing members, both of whom confirmed the statements in their declarations and thus established that they would have Article III standing to sue individually. As this Court correctly observed in denying Harvard's motion to dismiss, "it is sufficient for associational standing that at least one member have standing to sue on his own." 6/2/17 Order at 14 n.12. Thus, the additional depositions Harvard seeks here are irrelevant and cumulative.

Nonetheless, when Harvard belatedly requested these additional depositions, SFFA provided dates on which the students would be available. Some of the students were available on weekdays, and SFFA has scheduled those depositions even though this

entire exercise is pointless. Three students, however, indicated unavailability during the week due to their summer internship schedules, but offered to make themselves available on one of multiple weekend days. Conducting these depositions on the weekend would avoid the need for these students to request time off from their competitive and short summer internships and potentially having to disclose their involvement in this case to their employers, which would raise serious confidentiality and privacy concerns.

Regrettably, Harvard has refused to accommodate SFFA's scheduling request—forcing SFFA to seek relief from the Court on an issue that never should have required judicial intervention. The only reasons Harvard has provided for its inflexibility are the convenience of Harvard's lawyers and that the depositions of Harvard's employees have been during the week. Neither reason is persuasive. First, the privacy and scheduling needs of deponents takes obvious precedence over the scheduling preferences of lawyers who are compensated for their time. Second, when Harvard previously requested a weekend date for a prior deposition, SFFA immediately offered to accommodate that scheduling concern and take the deposition on the weekend. In contrast, Harvard has flatly refused to consider the availability of these non-party witnesses, showed no sensitivity to the privacy concerns, and unilaterally issued subpoenas for dates of its choosing.

Given the dubious need for these depositions, the extreme delay in noticing them, and Harvard's uncooperative approach to scheduling, including its refusal to consider weekend dates, the Court should intervene. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). At best, Harvard is indifferent to the undue burden its inflexibility imposes on these students. At worst, Harvard is refusing to accommodate this modest scheduling request in the hope that making things as difficult as possible will drive the students from the case. Either way, Harvard's position is indefensible. *See, e.g.*, *Bombardiere v. Schlumberger Tech. Corp.*, No. 1:11-CV-50, 2013 WL 12143888, at *1 (N.D. W. Va. Feb. 28, 2013) (finding a Rule 45 violation because, among other things, the witness "offered to attend an evidentiary deposition over the weekend").

For all of these reasons, SFFA requests that the Court rule promptly either to require Harvard to accommodate the witnesses' availability on the weekend, or to quash these depositions in their entirety. As the first of these depositions has been noticed by Harvard for Friday, July 14, SFFA respectfully requests that the Court rule on this matter as soon as possible.

Respectfully submitted,

*/s/ Patrick Strawbridge*
Patrick Strawbridge

cc: ECF recipients