

3033 Wilson Boulevard
Suite 700
Arlington, VA 22201
703.243.9423
www.consovoymccarthy.com

April 6, 2018

**VIA ECF**

Hon. Allison D. Burroughs
U.S. District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:   *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*,
      No. 1:14-cv-14176-ADB

Dear Judge Burroughs,

SFFA submits this response to Harvard's letter of March 30, 2018 concerning the treatment of confidential materials in SFFA's forthcoming motion for summary judgment. SFFA's position is thoroughly set forth in its own letter. This short response is submitted only to correct factual and legal errors in Harvard's submission.

1. Much of Harvard's letter is devoted to concerns that "deeply personal and highly sensitive information about applicants to and students at Harvard" will be disclosed if the record is not sealed. Harvard Letter at 1. The argument is a strawman, which Harvard repeatedly commingles with its separate claims of business confidentiality in an attempt to bolster those meritless assertions. As explained, such information is not in dispute. SFFA has almost no such information because Harvard already redacted it, and SFFA anticipates using at summary judgment only a handful of documents that could even raise this issue. SFFA will work collaboratively with Harvard ***before*** filing to ensure that no applicant or student will be identified. It is not a justification for sealing the record.

2. Harvard complains that it would be "extremely burdensome, and entirely unnecessary, for the parties or Court to engage in a document-by-document review of every single document produced in this litigation before knowing which of those documents are even at issue." Harvard Letter at 1. This too is a red herring. All SFFA asked Harvard to do was identify samples of any types of documents that it thinks should be sealed so the parties could confer. Harvard's claim that "[w]ithout a specific document in hand to evaluate ... it is impossible to determine whether any of the myriad types of documents .... can be submitted for public filing in the first instance," *id.* at 6, thus rings hollow. Harvard had the opportunity to cherry-pick ***any*** documents it wanted so as to make its strongest possible case. It declined to do so.

Relatedly, Harvard complains that the "SFFA-defined categories of documents are both overbroad and vague." Harvard Letter at 5. SFFA identified those categories, however, ***at Harvard's request***. Harvard's response was to stall and then ultimately refuse to offer its own proposal for how to organize the record so that the Court could

understand the types of documents that Harvard seeks to seal. But the point is not to highlight Harvard's strategic refusal to participate in the meet-and-confer-process in an attempt to make sealing the entire record seem like the less burdensome alternative. The point is that Harvard wants to avoid pointing to specific documents because doing so would lay bare the weakness of its substantive position. Harvard prefers to allege business confidentiality in the abstract because it cannot point to any specific documents that actually contain protected secrets.

3. Harvard claims "SFFA has not made any proposal for how the documents that SFFA has produced and designated as Confidential or Highly Confidential under the Protective Order should be filed." Harvard Letter at 5 n.3. That is untrue. SFFA told Harvard that none of those documents will be relevant to SFFA's motion, and Harvard has neither indicated whether it will seek summary judgment nor explained how SFFA's documents would be relevant to such a motion. SFFA nevertheless told Harvard that its documents should be treated the same as Harvard's, *i.e.*, redacted to ensure that applicants and students are not identified, but otherwise not sealed. SFFA is puzzled why Harvard made this assertion.

4. Harvard claims that SFFA has no "right to seek public dissemination of the information that it obtained from Harvard in the civil discovery process and that is subject to a proper protective order" or engage in a "media campaign." Harvard Letter at 2. But SFFA has not asked for release of the full record. And Harvard's insinuation that SFFA has an improper motive is unfortunate. SFFA asks only that the documents it relies on in support of its summary-judgment motion be filed on the public docket— for the simple reason that "[t]he public … is entitled to know why, how and on what basis the court decided the summary judgment motion." *Bullard v. Goodyear Tire & Rubber Co.*, No. 09-4024, 2011 WL 5248085, at *2 (D. Kan. Apr. 12, 2011).

5. Harvard conflates the "good cause" needed for a protective order to govern discovery with the quite different "good cause" needed to seal summary-judgment filings. Harvard Letter at 3. The Court's broad discretion to issue a protective order for discovery cannot supply the "good cause" needed at this stage of the case. *See Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 448 (D. Mass. 2015); *Mangosoft, Inc. v. Oracle Corp.*, No. 02-545, 2005 WL 2203171, at *2 (D.N.H. Sept. 9, 2005).

6. Harvard offers the same generalizations about the "proprietary" nature of the "inner workings of its admission process" that it used to stonewall SFFA throughout the meet-and-confer process. Harvard Letter at 4. Harvard's explanation is woefully insufficient. Harvard needed to bring forth compelling evidence and documentation that specific (or at least types of) documents warrant protection as a trade secret or something approximating one. "Far more" than the generalizations Harvard offered are "necessary before the court may properly seal documents filed in the case." *Mangosoft, Inc.*, 2005 WL 2203171, at *2; *see, e.g.*, *Thompson v. Glenmede Trust Co.*, No. 92-5233, 1994 WL 689046, at *4 (E.D. Pa. Dec. 6, 1994) ("[D]efendants have not shown good cause to seal the summary judgment papers. They fail to indicate a specific, precise harm. Rather, they refer to broad, generalized issues that might be sensitive if made public. Such vague concerns are insufficient grounds on which to seal court records."). Harvard has not even come close to meeting its burden.

7. Harvard suggests that the presumption of access may not apply because "[t]he Court may decide that a trial is necessary in this case and may rely on none of the summary judgment materials in its rulings." Harvard Letter at 6. But the First Circuit has "rejected an approach to public access that would turn on whether the documents at issue actually played a role in the court's deliberations. Instead, [it has] held that documents relevant to the determination of the litigants' substantive rights that came to the attention of the district judge could fairly be assumed to play a role in the court's deliberations." *United States v. Kravetz*, 706 F.3d 47, 58-59 (1st Cir. 2013) (citation omitted). Accordingly, "relevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of access applies." *Id*.

8. Harvard cites a handful of cases to argue that "sealing summary judgment motions and related documents is accepted practice in this District." Harvard Letter at 7. SFFA does not claim, however, that the Court lacks the power to seal but that Harvard's vague assertions are insufficient to seal documents in **this** case and, even if Harvard had made a stronger case, it could never justify sealing the **entire** summary judgment record. Harvard's cases do not say otherwise. All of Harvard's cites are (1) orders that contain no analysis and simply grant an unopposed motion to seal or (2) docket entries in which the parties unilaterally acted pursuant to a protective order. Further, those cases appear more likely to have involved genuine trade secrets. *See, e.g., CardiAQ Valve Techs., Inc. v. Neovasc Inc.*, No. 1:14-cv-12405-ADB (patent infringement); *see also id.* (sealing only "portions" of briefs, "portions" of the statement of material facts, and specific exhibits).

9. Last, Harvard incorrectly claims that its request "is consistent with the routine granting of motions to seal materials containing business secrets submitted in connection with summary judgment motions." Harvard Letter at 7 n.4. But the Court cannot grant a motion to seal merely because there **may be** "confidential internal business information." Harvard's own cases confirm that such decisions must be **narrow** based on **particularized** findings about **specific** documents. *See Goldenberg v. Indel, Inc.*, No. 09-cv-5202, 2012 WL 15909, at *4 (D.N.J. Jan. 3, 2012) (allowing three exhibits to be sealed because "the [Defendants] do not ask the court to seal the entirety of [the] Declaration or their motion for partial summary judgment as a whole"); *Glass Dimensions, Inc. v. State St. Corp.*, No. 10-cv-10588, 2013 WL 6280085, at *1 (D. Mass. Dec. 3, 2013) (allowing specific documents to be sealed only after declarations "establish[ed] the sensitive and confidential nature of the information and provide[d] a particularized showing of the presence of commercial harm"); *McAirlaids, Inc. v. Kimberly-Clark Corp.*, No. 12-cv-578, 2013 WL 12317059, at *2 (W.D. Va. July 23, 2013) (redacting "*portions* of ... memorandum and exhibits"); *Interstate Fire & Cas. Co. v. New Hampshire Ins. Co.*, No. CV-12-1237, 2013 WL 11693771, at *1-2 (D. Ariz. Apr. 22, 2013) (allowing specific documents to be sealed).

Respectfully submitted,

*/s/ William S. Consovoy*
William S. Consovoy

cc:   ECF recipients