**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION**

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION), <br><br> Defendant. | Civil Action No. 1:14-cv-14176-ADB <br><br><br> <u>Oral Argument Requested</u> |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant President and Fellows of Harvard College ("Harvard") moves the Court for summary judgment on the remaining counts (Counts I, II, III, and V) of Students for Fair Admissions, Inc.'s ("SFFA's") complaint (Dkt. 1). The grounds for this motion are set forth in Harvard's Memorandum in Support of this motion, Statement of Undisputed Material Facts, and Declaration of Felicia Ellsworth and attached exhibits.

*First*, Harvard is entitled to summary judgment on all remaining counts because there is no genuine dispute of material fact that SFFA lacks standing to pursue this litigation. SFFA is not a true membership organization that can sue on behalf of its members; it is a litigation vehicle designed to further the ideological objectives of its founder, Edward Blum. In addition, discovery has revealed that SFFA's "standing members" lack the concrete stake in the outcome of this dispute required by Article III.

*Second*, Harvard is entitled to summary judgment on Count I because there is no genuine dispute of material fact that Harvard does not discriminate against applicants of any race, including Asian Americans. No documentary or testimonial evidence supports SFFA's claim of discrimination, and SFFA's statistical arguments depend on a model of the Harvard admissions

process that excludes numerous factors relevant to the admissions process and numerous applicants who participate in that process. The model offered by Harvard's expert, which accounts for all observable information concerning the admissions process, finds no evidence of discrimination.

*Third*, Harvard is entitled to summary judgment on Count II because there is no genuine dispute of material fact that Harvard does not engage in "racial balancing" or impose racial quotas of any kind. No documentary or testimonial evidence supports SFFA's allegation that Harvard manipulates its admissions process to produce a class with a desired racial composition, and unrebutted statistical analysis demonstrates that the racial composition of Harvard's admitted classes has varied significantly from year to year.

*Fourth*, Harvard is entitled to summary judgment on Count III because there is no genuine dispute of material fact that Harvard's admissions process reviews each applicant as a whole person, using race flexibly and as only one factor among many. The unrebutted record establishes that each applicant to Harvard is considered as an individual and that race does not have a mechanical effect or overwhelm the effects of other factors.

*Finally*, Harvard is entitled to summary judgment on Count V because there is no genuine dispute of material fact that there are no race-neutral measures that would permit Harvard to attain an exceptional class that is racially diverse, at a tolerable administrative expense, and without compromising Harvard's pursuit of excellence in all forms. Harvard has carefully studied and will continue to study its many existing race-neutral practices, as well as numerous potential practices it might employ. At present, however, no workable race-neutral alternatives would allow it to achieve its diversity-related educational objectives while also maintaining its standards of excellence.

WHEREFORE, Harvard respectfully requests that the Court enter judgment in its favor on Counts I, II, III, and V of SFFA's complaint.

Respectfully submitted,

*/s/ Seth P. Waxman*
Seth P. Waxman (*pro hac vice*)
Paul R.Q. Wolfson (*pro hac vice*)
Daniel Winik (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Tel: (202) 663-6800
Fax: (202) 663-6363
seth.waxman@wilmerhale.com
paul.wolfson@wilmerhale.com
daniel.winik@wilmerhale.com

Debo P. Adegbile (*pro hac vice*)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 295-6717
Fax: (212) 230-8888
debo.adegbile@wilmerhale.com

William F. Lee (BBO #291960)
Felicia H. Ellsworth (BBO #665232)
Andrew S. Dulberg (BBO #675405)
Elizabeth C. Mooney (BBO #679522)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
william.lee@wilmerhale.com
felicia.ellsworth@wilmerhale.com
andrew.dulberg@wilmerhale.com
elizabeth.mooney@wilmerhale.com

Dated:  June 15, 2018

*Counsel for Defendant President and Fellows of Harvard College*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

>                                             */s/ Seth P. Waxman*
>                                             Seth P. Waxman