# EXHIBIT 39

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br><br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION), <br><br> Defendant. | Civil Action No. 1:14-cv-14176-ADB |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' SECOND SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rule 33, Plaintiff Students for Fair Admissions, Inc. ("SFFA") submits the following objections and responses to Defendant, President and Fellows of Harvard College's ("Harvard") Second Set of Interrogatories, dated May 19, 2017.

**GENERAL OBJECTIONS**

SFFA makes the following general objections to Harvard's Second Set of Interrogatories, which apply to each interrogatory regardless of whether the general objections are specifically incorporated into the specific objections below.

1.  SFFA objects to each interrogatory to the extent it calls for information that is protected from discovery by the attorney-client privilege or the work product doctrine, or that are otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the relevant statutory or case law.

1

Smith Tr. at 63-64; Khurana Tr. 102-109. Likewise, Harvard has not given any serious consideration to race-neutral alternatives examined by other schools, such as a top 10% plan, or using a holistic admissions process that does not consider the use of race. *See, e.g.,* McGrath Tr. 255-57; Smith Tr. 123-125; Faust Tr. 52.

      Moreover, it is apparent that Harvard has myriad race-neutral alternatives at its disposal that could achieve student body diversity without the use of racial classifications. Such race-neutral alternatives include, but are not limited to, (1) increasing the use of non-race-based preferences, such as socioeconomic and/or geographic factors, in its admissions process; (2) increasing the use of financial aid, scholarships, and recruitment to attract and enroll minority applicants; and (3) eliminating admissions policies and practices that operate to the disadvantage of minority applicants. *See, e.g.,* Harvard's Electronic Database of Applicants; HARV00005694; HARV000069119; HARV00032626-32685.

**INTERROGATORY NO. 14**

    If you contend that Harvard engages in intentional or invidious discrimination against Asian-American applicants in its undergraduate admissions process, state the basis for the contention and identify with particularity all facts supporting your contention.

**RESPONSE TO INTERROGATORY NO. 14**

    SFFA objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case. SFFA further objects to this interrogatory to the extent it seeks privileged information, including information protected from disclosure by the attorney-client or attorney work product privileges. SFFA furthers object to this interrogatory to the extent it seeks to impose any burdens beyond the scope of the Federal Rules of Civil Procedure or the local rules, including the fact that this request is

premature because discovery remains ongoing and SFFA is not yet required to serve its expert reports. SFFA further objects to this interrogatory to the extent it is overbroad and unduly burdensome because it seeks a response that identifies "all facts" supporting its contention.

Subject to and without waiving its objections, SFFA responds as follows: Harvard has intentionally discriminated against Asian-American applicants for admission on the basis of race or ethnicity based on, *inter alia*, prejudicial and stereotypical assumptions about them. Evidence produced in this case to date indicates that Harvard's admissions system has a disproportionately negative effect on Asian-American applicants for admission that is not explainable on grounds other than intentional discrimination on the basis of race or ethnicity. *See, e.g.,* HARV00031718-31724; HARV00065741-65757; HARV00023548-23555; HARV00030303; Harvard's Electronic Database of Applicants.

Other evidence of intentional discrimination includes testimony from Harvard's witnesses confirming they were not bothered or concerned about repeated allegations of discrimination against Asian-Americans by the admissions office. *See, e.g.,* Faust Tr. 228-31; Khurana Tr. 257-60. Indeed, Harvard officials also have made racially stereotypical statements assuming that, as a group, Asian Americans all have the same academic interests, experiences, and personal attributes and that Asian Americans, as a group, lack certain qualities that Harvard values. *See, e.g.,* HARV00077139. Harvard officials have also made and tolerated statements indicative of prejudicial and stereotypical views about Asian-American applicants for admission. *See, e.g.,* HARV00032339; HARV00029940-45. These statements and other evidence arise in the

9

context of an admissions process that has historically been used to limit the numbers of other disfavored groups who were qualified for admission to Harvard. *See, e.g.,* Khurana Tr. 125-27; McGrath Tr. 289-290.

**INTERROGATORY NO. 15**

> If you contend that Harvard's undergraduate admissions process considers race as the defining feature of an application rather than one factor within the full context of the entire application, state the basis for the contention and identify with particularity all facts supporting your contention.

**RESPONSE TO INTERROGATORY NO. 15**

SFFA objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case. SFFA further objects to this interrogatory to the extent it seeks to improperly shift Harvard's burden to SFFA. Specifically, it is Harvard's burden (and not SFFA's burden) to demonstrate that its admitted use of racial classifications satisfies strict scrutiny and are narrowly tailored to achieve a compelling interest in the alleged educational benefits of diversity it espouses. SFFA further objects to this interrogatory to the extent it seeks privileged information, including information protected from disclosure by the attorney-client or attorney work product privileges. SFFA furthers object to this interrogatory to the extent it seeks to impose any burdens beyond the scope of the Federal Rules of Civil Procedure or the local rules, including the fact that this request is premature because discovery remains ongoing and SFFA is not yet required to serve its expert reports. SFFA further objects to this interrogatory to the extent it is overbroad and unduly burdensome because it seeks a response that identifies "all facts" supporting its contention.

Subject to and without waiving its objections, SFFA responds as follows: Harvard does not evaluate each applicant for admission as an individual. Instead, race or

Signed under the penalties of perjury this 20th day of July, 2017.

_____
Edward Blum
on behalf of Students For Fair Admissions, Inc.

As to Objections:

/s/ William S. Consovoy
_____

| | |
|---|---|
| Paul M. Sanford BBO #566318<br>Benjamin C. Caldwell BBO #675061<br>BURNS & LEVINSON LLP<br>One Citizens Plaza, Suite 1100 Providence, RI 02903<br>Tel: 617-345-3000<br>Fax: 617-345-3299<br>psanford@burnslev.com<br>bcaldwell@burnslev.com | William S. Consovoy<br>Thomas R. McCarthy<br>J. Michael Connolly<br>CONSOVOY MCCARTHY PARK PLLC<br>3033 Wilson Boulevard, Suite 700<br>Arlington, Virginia 22201<br>Tel: 703.243.4923<br>Fax: 703.243.4923<br>will@consovoymccarthy.com<br>tom@consovoymccarthy.com<br>mike@consovoymccarthy.com<br><br>Patrick Strawbridge<br>BBO #678274<br>CONSOVOY MCCARTHY PARK PLLC<br>Ten Post Office Square<br>Boston, MA 02109<br>Tel: 617.227.0548<br>patrick@consovoymccarthy.com<br><br>*Counsel for Plaintiff Students for Fair Admissions, Inc.* |
| Dated: July 20, 2017 | |

14