# EXHIBIT 87

# UNANIMOUS WRITTEN CONSENT
## IN LIEU OF AN ORGANIZATIONAL MEETING
*of*
## THE BOARD OF DIRECTORS
*of*
## STUDENTS FOR FAIR ADMISSIONS, INC.

The undersigned, being and constituting all of the initial members of the Board of Directors of Students for Fair Admissions, Inc. (the "Corporation"), a Virginia nonstock corporation, for purposes of taking action in lieu of an organizational meeting of the Board of Directors of the Corporation, pursuant to Sections 13.1-865 and 13.1-867 of the Virginia Nonstock Corporation Act, hereby adopt the following resolutions and waive all requirements of notice:

### Adoption of Bylaws

WHEREAS, the Articles of Incorporation have been duly filed with the office of the Virginia State Corporation Commission of the Commonwealth of Virginia as of July 30, 2014, and

WHEREAS, the Bylaws of the Corporation (Exhibit A) have been presented to the Board of Directors of the Corporation, it is hereby:

RESOLVED, that said Bylaws of the Corporation are adopted in their entirety and ordered to be a permanent part of the records of the Corporation.

### Election of Officers

WHEREAS, the election of officers of the Corporation is to be undertaken as specified in the Bylaws, it is hereby:

RESOLVED, that the following persons hereby are elected to the offices set forth opposite their names, to serve until their respective successors are elected, or until their prior resignation or removal:

| *Name of Officer* | *Corporate Office* |
|---|---|
| Edward Blum | President |
| Abigail Fisher | Secretary |
| Richard Fisher | Treasurer |

### Other Organizational Actions

WHEREAS, the following organizational actions of the Corporation have been reviewed by the Board, and the Board deems it is advisable and in the best interests of the Corporation to take the following actions, it is hereby:

SFFA-Harvard 0000068

RESOLVED, that the officers of the Corporation shall make such filings and take such actions as may be necessary to cause the Corporation to receive from the Internal Revenue Service a determination letter recognizing the tax exemption of the Corporation under Section 501(c)(3) of the Internal Revenue Code; and it is

FURTHER RESOLVED, that the accounting and tax year of the Corporation shall be January 1st through December 31st, unless otherwise determined by resolution of the Board at a later date pursuant to the provisions of the Bylaws; and it is

FURTHER RESOLVED, that the officers of the Corporation are hereby authorized to pay all fees and expenses incident to and necessary for the organization of the Corporation; and it is

FURTHER RESOLVED, that the officers of the Corporation are hereby authorized to open such bank accounts in the name of the Corporation in such bank or banks as they shall determine necessary for the deposit of funds belonging to the Corporation, such funds to be withdrawn only by check of the Corporation and other orders for the payment of money drawn in the name of the Corporation when signed by an officer of the Corporation; and it is

FURTHER RESOLVED, that the President and Treasurer are hereby authorized to sign checks, drafts, or other orders for payment of money on behalf of the Corporation; sign acceptances, notes, or other evidences of indebtedness on behalf of the Corporation; enter into contracts on behalf of the Corporation; execute and deliver other documents and instruments on behalf of the Corporation; and it is

FURTHER RESOLVED, that the officers of the Corporation are hereby authorized to exercise all such powers of the Corporation and take all such lawful acts that they deem necessary to implement the foregoing resolutions of the Corporation that are not by law, by the Articles of Incorporation, or by the Bylaws of the Corporation reserved or required to be exercised or done by the Board of Directors; and it is

FURTHER RESOLVED, that all activities and actions taken and documents executed heretofore by any incorporator, director, or officer of the Corporation in connection with the organization and operation of the Corporation are hereby ratified, confirmed, and approved in all respects.

### Adoption of Governance Policies

WHEREAS, the Conflict of Interest Policy (Exhibit B), Compensation Review Policy (Exhibit C), Document Retention Policy (Exhibit D), and Whistleblower Policy (Exhibit E) of the Corporation have been presented to the Board of Directors;

WHEREAS, the Board of Directors has reviewed these governance policies and deems it is advisable and in the best interests of the Corporation to adopt these governance policies, it is hereby:

CONFIDENTIAL

SFFA-Harvard 0000069

RESOLVED, that the Conflict of Interest Policy, Compensation Review Policy, Document Retention Policy, and Whistleblower Policy are hereby approved and adopted in their entireties, and ordered to be inserted in the minute book of the Corporation.

\*   \*   \*

This action by unanimous written consent may be signed in any number of counterparts, all of which when taken together will constitute one and the same document.

Dated:  August 6, 2014

[SIGNATURE PAGE FOLLOWS]

- 3 -

**CONFIDENTIAL**                                                    **SFFA-Harvard 0000070**

SIGNATURE PAGE TO
UNANIMOUS WRITTEN CONSENT
IN LIEU OF AN ORGANIZATIONAL MEETING
*of*
THE BOARD OF DIRECTORS
*of*
STUDENTS FOR FAIR ADMISSIONS, INC.

IN WITNESS WHEREOF, the undersigned have executed this Written Consent as of the date set forth above.

_____
Edward Blum
Director


_____
Abigail Fisher
Director


_____
Richard Fisher
Director

CONFIDENTIAL                                          SFFA-Harvard 0000071

SIGNATURE PAGE TO
UNANIMOUS WRITTEN CONSENT
IN LIEU OF AN ORGANIZATIONAL MEETING
*of*
THE BOARD OF DIRECTORS
*of*
STUDENTS FOR FAIR ADMISSIONS, INC.

IN WITNESS WHEREOF, the undersigned have executed this Written Consent as of the date set forth above.

_____
Edward Blum
Director

_____
Abigail Fisher
Director

_____
Richard Fisher
Director

- 3 -

SIGNATURE PAGE TO
UNANIMOUS WRITTEN CONSENT
IN LIEU OF AN ORGANIZATIONAL MEETING
*of*
THE BOARD OF DIRECTORS
*of*
STUDENTS FOR FAIR ADMISSIONS, INC.


IN WITNESS WHEREOF, the undersigned have executed this Written Consent as of the date set forth above.


_____
Edward Blum
Director


_____
Abigail Fisher
Director


_____
Richard Fisher
Director


– 4 –

CONFIDENTIAL

SFFA-Harvard 0000073

## EXHIBIT A

Bylaws
(see attached)

BYLAWS

*of*

STUDENTS FOR FAIR ADMISSIONS, INC.

(Formed under the Virginia Nonstock Corporation Act)

(Adopted August 6, 2014)

## ARTICLE I
*Name and Location*

Section 1.01   Name.  The name of the corporation is Students for Fair Admissions, Inc. (the "Corporation").

Section 1.02   Location.  The principal office of the Corporation shall be located at 109 North Henry Street, Alexandria, Virginia 22314, or at any other place approved by the Board of Directors.

Section 1.03   Registered Office and Agent.   The Corporation shall continuously maintain a registered office and agent within the Commonwealth of Virginia at such place as may be designated by the Board of Directors.  The Corporation's initial registered office and agent are set forth in the Articles of Incorporation.

## ARTICLE II
*Purposes*

The Corporation is organized and shall be operated exclusively for charitable, religious, scientific, literary, educational and other purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code of 1986, as now in effect or as hereafter may be amended (the "Code"). The purposes for which the Corporation is formed are to defend human and civil rights secured by law, including the right of individuals to equal protection under the law, through litigation and any other lawful means, and to engage in any lawful act or activity for which corporations may be organized under the Virginia Nonstock Corporation Act (the "Act").  In furtherance thereof, the Corporation shall have all the general powers enumerated in Sections 13.1-826 and 13.1-827 of the Act.

## ARTICLE III
*Membership*

Section 3.01   Members.  The Corporation shall have no members within the meaning of the Act.

Section 3.02   Affiliate Members.   The Corporation shall have one class of affiliate members with rights, privileges, and obligations established by the Board of Directors.  Affiliate members have no voting rights and are not members within the meaning of the Act.  Any

CONFIDENTIAL

individual who seeks to support the purposes and mission of the Corporation shall be eligible to be an affiliate member, subject to any additional standards that may be set from time to time by the Board of Directors. The Board of Directors shall have authority to recognize any individual as an affiliate member.

## ARTICLE IV
### Board of Directors

Section 4.01    Power of Board of Directors.   The business and affairs of the Corporation shall be managed by the Board of Directors.

Section 4.02    Number of Directors.   The number of directors of the Corporation is no fewer than three (3), but no more than five (5), and may be increased or decreased from time to time by action of the Board of Directors.

Section 4.03    Election and Term of Directors.   The initial Board of Directors shall consist of those directors named in the Action of the Sole Incorporator dated July 30, 2014 and shall serve until their successors are elected and qualified. Thereafter, directors shall be elected at an annual meeting of the Board of Directors by an affirmative vote of a majority of the directors then in office, and each shall continue in office until his or her successor is elected or qualified (unless the Board of Directors, at the annual meeting, determines that there is to be no such immediate successor), or until his or her death, resignation, or removal. The tenure of incumbent members of the Board of Directors shall not be affected by an increase or decrease in the number of directors.

Section 4.04    Vacancies and Newly-Created Directorships.   Vacancies and newly-created directorships, resulting from any increase in the authorized number of directors, may be filled by a majority vote of the directors then in office although less than a quorum, or by a sole remaining director. A director elected to fill a vacancy or newly-created directorship shall hold office until the next annual meeting of the Board of Directors and until his or her successor is elected and qualified.

Section 4.05    Removal.   Any director may be removed with or without cause at any time by action of the Board. A director may be removed only at a meeting called for that purpose (together with other purposes, if any).

Section 4.06    Resignations.   Any director may resign at any time upon written notice to the Corporation. Unless otherwise specified in the written notice, the resignation shall be effective upon delivery to the Corporation.

Section 4.07    Quorum of the Board of Directors and Action of the Board of Directors.   Unless a greater proportion is required by law or by these Bylaws for adoption of a particular action, a majority of the directors shall constitute a quorum for the transaction of business and, except as otherwise provided by law or by the Articles of Incorporation or these Bylaws, the vote of a majority of the directors present at the meeting at which a quorum is present shall be the act of the Board of Directors.

- 2 -

**CONFIDENTIAL**

**SFFA-Harvard 0000076**

Section 4.08   Meetings of the Board of Directors.  An annual meeting of the Board of Directors shall be held each year at such time and place as shall be fixed by the Board of Directors, for the election of officers and directors and for the transaction of such other business as may properly come before the meeting.  Regular meetings of the Board of Directors shall be held at such times as may be fixed by the Board of Directors.  Special meetings of the Board of Directors may be held at any time whenever called by a majority of the directors then in office.  Notice of all special meetings shall be delivered in writing to all directors and shall specify the matters to be addressed at such meeting.  Meetings of the Board of Directors may be held at such places within or without the Commonwealth of Virginia as may be fixed by the Board of Directors for annual and regular meetings and in the notice of meeting for special meetings.

Section 4.09   Informal Action by the Board of Directors.  Unless otherwise restricted by the Articles of Incorporation or these Bylaws, any action required or permitted to be taken by the Board of Directors may be taken without a meeting if all directors consent in writing to the adoption of a resolution authorizing the action.  The resolution and the written consents thereto by the directors shall be filed with the minutes of proceedings of the Board of Directors.  A written consent and the signing thereof may be accomplished by one or more electronic transmissions, including a signed email message from the applicable director.

Section 4.10   Meetings by Conference Telephone.  Any one or more members of the Board of Directors may participate in a meeting of such Board of Directors by means of conference telephone or similar communications equipment by means of which all persons participating in the meeting can communicate with one another.  Participation in a meeting by such means shall constitute presence in person at the meeting.

Section 4.11   Compensation of Directors.   The Corporation may not pay any compensation to directors for services rendered, except that directors may be reimbursed for expenses incurred in the performance of their duties to the Corporation, in reasonable amounts as approved by a majority of the entire Board of Directors.

## ARTICLE V
*Committees*

Section 5.01   General Provisions.  A majority of the Board of Directors may create one or more committees and appoint members of the Board of Directors to serve on them.  To the extent specified by the Board of Directors, each committee may exercise the authority of the Board of Directors, except that a committee may not exercise authority prohibited by law.

Section 5.02   Committee Rules.  Requirements for the Board of Directors set forth herein or, if applicable, in Sections 13.1-864 through 13.1-868 of the Act as now in effect or as may hereafter be amended, or any other statutory provision, governing meetings, action without meetings, notice and waiver of notice, and quorum and voting requirements shall apply to committees and their members as well.

CONFIDENTIAL

SFFA-Harvard 0000077

## ARTICLE VI
*Officers, Agents, and Employees*

Section 6.01   Officers.   The Board of Directors shall elect or appoint a President, Secretary, and Treasurer, and it may, if it so determines, elect or appoint one or more Vice Presidents, Assistant Secretaries, Assistant Treasurers, and other officers and may give any of them such further designation or alternate titles as it considers desirable.   The same individual may simultaneously hold more than one office in the Corporation.

Section 6.02   Term of Office, Vacancies and Removal.   Each officer shall hold office for the term for which he or she is elected or appointed and until his or her successor is elected or appointed and qualified, or until his or her earlier death, resignation or removal.   All officers shall be elected or appointed at the annual meeting of the Board of Directors, except in the case of initial officers and vacancies resulting from any resignation or removal, which may be filled by the Board of Directors as needed.   An officer appointed or elected to fill a vacancy shall hold office for the unexpired term of his or her predecessor in office, and until his or her successor is elected and qualified.   Any officer may be removed by the Board of Directors with or without cause at any time.

Section 6.03   Resignation.   Any officer may resign at any time by giving written notice to the Corporation. Unless otherwise specified in the written notice, the resignation shall be effective upon delivery to the Corporation.

Section 6.04   Powers and Duties of Officers.   Subject to the control of the Board of Directors, all officers as between themselves and the Corporation shall have such authority and perform such duties in the management of the Corporation as may be provided by the Board of Directors and, to the extent not so provided, as generally pertain to their respective offices.

*President.*   The President shall serve as the chief executive officer of the Corporation and preside at all meetings of the Board of Directors.   The President shall supervise and control all of the affairs of the Corporation and oversee the management of the Corporation in accordance with policies and directives approved by the Board of Directors, including appointing assistants and hiring employees as necessary to ensure orderly operations.

*Secretary.*   The Secretary shall be responsible for the keeping of an accurate record of the proceedings of all meetings of the Board of Directors, shall give or cause to be given all notices in accordance with these Bylaws or as required by law, and shall perform all duties customary to the office of Secretary.

*Treasurer.*   The Treasurer shall have the custody of, and be responsible for, all funds and securities of the Corporation.   He or she shall keep or cause to be kept complete and accurate accounts of receipts and disbursements of the Corporation, and shall deposit all monies and other valuable property of the Corporation in the name and to the credit of the Corporation in such banks or depositories as the Board of Directors may designate. Whenever required by the Board of Directors, the Treasurer shall render a statement of accounts.   He or she shall at all reasonable times exhibit the books and accounts to any

CONFIDENTIAL                                                                    SFFA-Harvard 0000078

officer or director of the Corporation, and shall perform all duties incident to the office of Treasurer, subject to the supervision of the Board of Directors, and such other duties as shall from time to time be assigned by the Board of Directors.

Section 6.05    Agents and Employees.  The Board of Directors may appoint agents and employees who shall have such authority and perform such duties as may be prescribed by the Board of Directors.  The Board of Directors may remove any agent or employee at any time with or without cause.  Removal without cause shall be without prejudice to such person's contract rights, if any, and the appointment of such person shall not itself create contract rights.

Section 6.06    Compensation of Officers, Agents and Employees.  The Corporation may pay compensation to officers for services rendered to the Corporation in their capacity as officers, and officers may be reimbursed for expenses incurred in the performance of their duties to the Corporation, in reasonable amounts as approved by a majority of the entire Board of Directors.  The Corporation may pay compensation in reasonable amounts to agents and employees for services rendered, such amounts to be fixed by the Board of Directors or, if the Board of Directors delegates power to any officer or officers, then by such officer or officers. The Board of Directors may require officers, agents or employees to give security for the faithful performance of their duties.

## ARTICLE VII
### *Miscellaneous*

Section 7.01    Fiscal Year.  The fiscal year of the Corporation shall be the calendar year or such other period as may be fixed by the Board of Directors.

Section 7.02    Corporate Seal.  The corporate seal, if any, shall be circular in form, shall have the name of the Corporation inscribed thereon and shall contain the words "Corporate Seal" and "Virginia" and the year the Corporation was formed in the center, or shall be in such form as may be approved from time to time by the Board of Directors.

Section 7.03    Checks, Notes, Contracts.  The Board of Directors shall determine who shall be authorized from time to time on the Corporation's behalf to: (A) sign checks, drafts, or other orders for payment of money; (B) to sign acceptances, notes, or other evidences of indebtedness; (C) to enter into contracts; and (D) to execute and deliver other documents and instruments.

Section 7.04    Books and Records.  The Corporation shall keep correct and complete books and records of account, the activities and transactions of the Corporation, minutes of the proceedings of the Board of Directors and any committee of the Corporation, a current list of the directors and officers of the Corporation, their business addresses and the Corporation's most recent annual report.  Any of the books, minutes, and records of the Corporation may be in written form or in any other form capable of being converted into written form within a reasonable time.

Section 7.05    Amendment of Articles of Incorporation and Bylaws.  The Articles of Incorporation or Bylaws of the Corporation may be amended in whole or in part by a majority

- 5 -

CONFIDENTIAL

SFFA-Harvard 0000079

vote of the directors then in office and upon the taking of any other actions required under the Act.

Section 7.06   Indemnification and Insurance.   The Corporation shall indemnify any director, any former director, any person who while a director of the Corporation may have served at its request as a director, officer, partner, trustee, employee, or agent of another foreign or domestic corporation, partnership, joint venture, trust, employee benefit plan or other enterprise, and may, by resolution of the Board of Directors, indemnify any officer, employee, or agent against any and all expenses and liabilities actually and necessarily incurred by him or her or imposed on him or her in connection with any claim, action, suit, or proceeding (whether actual or threatened, civil, criminal, administrative, or investigative, including appeals) to which he or she may be or is made a party by reason of being or having been such director, officer, employee or agent; subject to the limitation, however, that there shall be no indemnification in relation to matters unless such person: (1) conducted himself or herself in good faith; (2) believed in the case of conduct in his or her official capacity with the Corporation that his or her conduct was in the best interest of the Corporation; and in all other cases that his or her conduct was at least not opposed to the best interests of the Corporation; or (3) in the case of any criminal proceeding, he or she had no reasonable cause to believe that his or her conduct was unlawful. Further, there shall be no indemnification in connection with a proceeding (A) by or in the right of the Corporation in which the director, officer, employee or agent was judged liable to the Corporation, or (B) in which improper personal benefit is charged.

The Corporation shall upon order of a court of competent jurisdiction indemnify a director who entirely prevails in the defense of any proceeding to which he or she was a party because he or she is or was a director of the Corporation, for reasonable expenses incurred by him or her in connection with the proceeding.

Amounts paid in indemnification of expenses and liabilities may include, but shall not be limited to, counsel fees and other fees; costs and disbursements; judgments, fines, and penalties against, and amounts paid in settlement by, such director, officer, employee or agent.   The Corporation may pay for or reimburse the reasonable expenses in advance of final disposition of the proceeding provided that the provisions of Section 13.1-878 of the Act are met.

The provisions of this Article shall be applicable to claims, actions, suits, or proceedings made or commenced after the adoption hereof, whether arising from acts or omissions to act occurring before or after adoption hereof.

The indemnification provided by this Article shall not be deemed exclusive of any other rights to which such director, officer, or employee may be entitled under any statute, bylaw, agreement, vote of the Board of Directors, or otherwise and shall not restrict the power of the Corporation to make any indemnification permitted by law.

The Board of Directors may authorize the purchase of and maintain insurance on behalf of any director, officer, employee or agent of the Corporation against any liability asserted against or incurred by him or her which arises out of such person's status in such capacity or who is or was serving at the request of the Corporation as a director, officer, employee or agent of another foreign or domestic corporation, partnership, joint venture, trust, employee benefit plan

- 6 -

CONFIDENTIAL                                                                     SFFA-Harvard 0000080

or otherwise, or out of acts taken in such capacity, whether or not the Corporation would have the power to indemnify the person against that liability under law.

If any part of this Section shall be found in any action, suit or proceeding to be invalid or ineffective, the validity and the effectiveness of the remaining parts shall not be affected.

Section 7.07   Dissolution.  The Corporation may be dissolved at any time by majority vote of the directors then in office and upon the taking of any other actions required under the Act.  In the event of dissolution or final liquidation of the Corporation, all of the remaining assets of the Corporation shall, after paying or making provision for the payment of all of the liabilities and obligations of the Corporation and for necessary expenses thereof, be distributed as determined by the Board of Directors in accordance with the Articles of Incorporation and applicable law.

CONFIDENTIAL

SFFA-Harvard 0000081

EXHIBIT B

Conflict of Interest Policy
(see attached)

SFFA-Harvard 0000082

*Adopted August 6, 2014*

# STUDENTS FOR FAIR ADMISSIONS, INC.

## Conflict of Interest Policy

### I.  Purpose

The purpose of this Conflict of Interest Policy is to protect the interests of Students for Fair Admissions, Inc. (the "Corporation") as a tax-exempt, charitable and educational organization when it is contemplating entering into a transaction or arrangement that might benefit the private interest of an officer or director of the Corporation or might possibly result in an excess benefit transaction.  This Policy is intended to supplement but not replace any applicable state and federal laws governing conflicts of interest applicable to nonprofit entities.

### II.  Definitions

A.  **Interested Person** – Any director, principal officer, or member of a committee with Board of Directors-delegated powers, who has a direct or indirect financial interest, as defined below, is an interested person.

B.  **Financial Interest** – A person has a financial interest if the person has, directly or indirectly, through business, investment, or family:

1.  An ownership or investment interest in any entity with which the Corporation has a transaction or arrangement;

2.  A compensation arrangement with the Corporation or with any entity or individual with which the Corporation has a transaction or arrangement; or

3.  A potential ownership or investment interest in, or compensation arrangement with, any entity or individual with which the Corporation is negotiating a transaction or arrangement.

Compensation includes direct and indirect remuneration as well as gifts or favors that are not insubstantial.  A financial interest is not necessarily a conflict of interest.  Under Section III.B, a person who has a financial interest may have a conflict of interest only if the Board of Directors or committee with Board of Directors-delegated powers decides that a conflict of interest exists.

### III.  Procedures

A.  **Duty to Disclose** – In connection with any actual or possible conflict of interest, an interested person must disclose on an ongoing basis the existence of the financial interest and be given the opportunity to disclose all material facts to the directors and members of committees with Board of Directors delegated powers considering the proposed transaction or arrangement.

1

B.  **Determining Whether a Conflict of Interest Exists** – After disclosure of the financial interest and all material facts, and after any discussion with the interested person, he/she shall leave the Board of Directors or committee with Board of Directors-delegated powers meeting while the determination of a conflict of interest is discussed and voted upon. The remaining board or committee members shall decide if a conflict of interest exists.

C.  **Procedures for Addressing the Conflict of Interest**

1.  An interested person may make a presentation at the Board of Directors or committee with Board of Directors-delegated powers meeting, but after the presentation, he/she shall leave the meeting during the discussion of, and the vote on, the transaction or arrangement involving the possible conflict of interest.

2.  The President of the Corporation or chairperson of the committee with Board of Directors-delegated powers shall, if appropriate, appoint a disinterested person or committee to investigate alternatives to the proposed transaction or arrangement.

3.  After exercising due diligence, the Board of Directors or committee with Board of Directors-delegated powers shall determine whether the Corporation can obtain with reasonable efforts a more advantageous transaction or arrangement from a person or entity that would not give rise to a conflict of interest.

4.  If a more advantageous transaction or arrangement is not reasonably possible under circumstances not producing a conflict of interest, the Board of Directors or committee with Board of Directors-delegated powers shall determine by a majority vote of the disinterested directors whether the transaction or arrangement is in the Corporation's best interest, for its own benefit, and whether it is fair and reasonable. In conformity with the above determination it shall make its decision as to whether to enter into the transaction or arrangement.

D.  **Violations of the Conflict of Interest Policy**

1.  If the Board of Directors or committee with Board of Directors-delegated powers has reasonable cause to believe a member has failed to disclose an actual or possible conflict of interest, it shall inform the member of the basis for such belief and afford the member an opportunity to explain the alleged failure to disclose.

2.  If, after hearing the member's response and after making further investigation as warranted by the circumstances, the Board of Directors or committee with Board of Directors-delegated powers determines the member has failed to disclose an actual or possible conflict of interest, it shall take appropriate disciplinary and corrective action.

CONFIDENTIAL

SFFA-Harvard 0000084

*Adopted August 6, 2014*

IV.   **Records of Proceedings**

The minutes of the Board of Directors and all committees with Board of Directors-delegated powers shall contain:

A.   The names of the persons who disclosed or otherwise were found to have a financial interest in connection with an actual or possible conflict of interest, the nature of the financial interest, any action taken to determine whether a conflict of interest was present, and the decision of the Board of Directors or committee with Board of Directors-delegated powers as to whether a conflict of interest in fact existed; and

B.   The names of the persons who were present for discussions and votes relating to the transaction or arrangement, the content of the discussion (including any alternatives to the proposed transaction or arrangement), and a record of any votes taken in connection with the proceedings.

V.   **Compensation**

A.   A director who receives compensation, directly or indirectly, from the Corporation for services is precluded from voting on matters pertaining to that director's compensation.

B.   A voting member of any committee with Board of Directors-delegated powers whose jurisdiction includes compensation matters and who receives compensation, directly or indirectly, from the Corporation for services is precluded from voting on matters pertaining to that member's compensation.

C.   No director or voting member of any committee with Board of Directors-delegated powers whose jurisdiction includes compensation matters and who receives compensation, directly or indirectly, from the Corporation, either individually or collectively, is prohibited from providing information to any such committee regarding compensation.

VI.   **Annual Statements**

Each director, principal officer and member of a committee with Board of Directors-delegated powers shall annually sign a statement which affirms such person:

A.   Has received a copy of the Conflict of Interest Policy;

B.   Has read and understands the Policy;

C.   Has agreed to comply with the Policy; and

D.   Understands the Corporation is a nonprofit, charitable and educational organization and in order to maintain its federal tax exemption it must engage primarily in activities which accomplish one or more of its tax-exempt purposes.

3

**CONFIDENTIAL**                                                                      **SFFA-Harvard 0000085**

*Adopted August 6, 2014*

## VII.   Periodic Reviews

To ensure the Corporation operates in a manner consistent with its charitable and educational purposes and does not engage in activities that could jeopardize its tax-exempt status, periodic reviews shall be conducted.  The periodic reviews shall, at a minimum, include the following subjects:

i.     Whether compensation arrangements and benefits are reasonable, based on competent survey information, and the result of arm's length bargaining; and

ii.    Whether partnerships, joint ventures, and arrangements with management entities conform to the Corporation's written policies, are properly recorded, reflect reasonable investment or payments for goods and services, further the charitable and educational purposes of the Corporation and do not result in inurement, impermissible private benefit or in an excess benefit transaction.

## VIII.   Use of Outside Experts

When conducting the periodic reviews pursuant to Section VII, the Corporation may, but need not, use outside advisors.  If outside experts are used, their use shall not relieve the Board of Directors of its responsibility for ensuring periodic reviews are conducted.

4

**CONFIDENTIAL**

**SFFA-Harvard 0000086**

STUDENTS FOR FAIR ADMISSIONS, INC.

Annual Conflict of Interest Disclosure Statement

I hereby acknowledge that I have received a copy of Students for Fair Admissions, Inc.'s Conflict of Interest Policy ("Policy") and that I have read and understand its terms. I understand that Students for Fairness, Inc. is a nonprofit, charitable and educational organization and in order to maintain its federal tax exemption it must engage primarily in activities which accomplish one or more of its tax-exempt purposes. To the best of my knowledge, except as disclosed below, I do not have a Conflict of Interest, as defined in the Policy, requiring disclosure under the Policy.

☑ Without exception

☐ Except as described below

Disclosure of Financial Interest that may give rise to a Conflict of Interest (a written statement may be attached if additional space is needed):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

If any situation should arise in the future which I believe may or does pose a Conflict of Interest, I will promptly disclose the applicable Financial Interest in writing to the President.

By signing below I indicate my agreement to comply with the terms of the Policy and of this Disclosure Statement.

Signature: _____     Date: 8-12-14

Print Name: Edward Blum

SFFA-Harvard 0000087

STUDENTS FOR FAIR ADMISSIONS, INC.

Annual Conflict of Interest Disclosure Statement

I hereby acknowledge that I have received a copy of Students for Fair Admissions, Inc.'s Conflict of Interest Policy ("Policy") and that I have read and understand its terms. I understand that Students for Fairness, Inc. is a nonprofit, charitable and educational organization and in order to maintain its federal tax exemption it must engage primarily in activities which accomplish one or more of its tax-exempt purposes. To the best of my knowledge, except as disclosed below, I do not have a Conflict of Interest, as defined in the Policy, requiring disclosure under the Policy.

☒ Without exception

☐ Except as described below

Disclosure of Financial Interest that may give rise to a Conflict of Interest (a written statement may be attached if additional space is needed):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

If any situation should arise in the future which I believe may or does pose a Conflict of Interest, I will promptly disclose the applicable Financial Interest in writing to the President.

By signing below I indicate my agreement to comply with the terms of the Policy and of this Disclosure Statement.

Signature: _Richard Fisher_   Date: _August 11, 2014_

Print Name: _Richard Fisher_

**CONFIDENTIAL**                                   **SFFA-Harvard 0000088**

STUDENTS FOR FAIR ADMISSIONS, INC.

Annual Conflict of Interest Disclosure Statement

I hereby acknowledge that I have received a copy of Students for Fair Admissions, Inc.'s Conflict of Interest Policy ("Policy") and that I have read and understand its terms. I understand that Students for Fairness, Inc. is a nonprofit, charitable and educational organization and in order to maintain its federal tax exemption it must engage primarily in activities which accomplish one or more of its tax-exempt purposes. To the best of my knowledge, except as disclosed below, I do not have a Conflict of Interest, as defined in the Policy, requiring disclosure under the Policy.

☒ Without exception

☐ Except as described below

Disclosure of Financial Interest that may give rise to a Conflict of Interest (a written statement may be attached if additional space is needed):

_____

_____

_____

_____

_____

_____

_____

_____

_____

If any situation should arise in the future which I believe may or does pose a Conflict of Interest, I will promptly disclose the applicable Financial Interest in writing to the President.

By signing below I indicate my agreement to comply with the terms of the Policy and of this Disclosure Statement.

Signature: _Abigail Fisher_____     Date: _8-11-14_

Print Name: _Abigail Fisher_____

EXHIBIT C

Compensation Review Policy
(see attached)

**CONFIDENTIAL**

**SFFA-Harvard 0000090**

*Adopted on August 6, 2014*

STUDENTS FOR FAIR ADMISSIONS, INC.

Compensation Review Policy

This Compensation Review Policy applies to Students for Fair Admission, Inc.'s (the "Corporation") Chief Employed Executive, Officers, Key Employees, and Disqualified Persons. The purpose of this policy is to ensure the Corporation does not engage in any "excess benefit transaction" as defined in Section 4958 of the Internal Revenue Code ("I.R.C.") and regulations promulgated thereunder.[1]

1.   **Definitions**

a.     **Chief Employed Executive** – The chief executive officer, executive director, or top management official (i.e., the employee who has ultimate responsibility for implementing the decisions of the Corporation's governing body or for supervising the management, administration, or operations of the Corporation).

b.     **Officer** – A person elected or appointed to manage the Corporation's daily operations, such as a president, vice president, secretary, or treasurer. The officers of the Corporation are determined by reference to its organizing document, bylaws, or resolutions of its governing body, or as otherwise designated consistent with state law, but at a minimum include those officers required by applicable law. The Corporation's top management official and top financial official (the person who has ultimate responsibility for managing the Corporation's finances) are included as officers.

c.     **Key Employee** – An employee of the Corporation who meets all three of the following tests: (a) *$100,000 Test* – receives reportable compensation from the Corporation and all related entities in excess of $100,000 for the year; (b) *Responsibility Test* – the employee (i) has responsibility, powers, or influence over the Corporation as a whole that is similar to those of officers, directors, or trustees, (ii) manages a discrete segment or activity of the Corporation that represents 10% or more of its activities, assets, income, or expenses of the Corporation, as compared to the Corporation as a whole, or (iii) has or shares authority to control or determine 10% or more of the Corporation's capital expenditures, operating budget, or compensation for employees; and (c) *Top 20 Test* – is one of the 20 employees (that satisfy the $100,000 Test and Responsibility Test) with the highest reportable compensation from the Corporation and related entities for the year.

d.     **Disqualified Person** – Any person (including any management company or entity acting as a consultant or independent contractor) in a position to exercise substantial influence over the affairs of the Corporation. To be a disqualified

---

[1]   See *An Introduction to I.R.C. 4958 (Intermediate Sanctions)* by Lawrence M. Brauer, Toussaint T. Tyson, Leonard J. Henzke and Debra J. Kawecki, (2002 EO CPE Text, page 259) (the "Introduction to I.R.C. 4958").

1

**CONFIDENTIAL**                                                                          **SFFA-Harvard 0000091**

*Adopted on August 6, 2014*

person, it is not necessary that the person *actually* exercise substantial influence, only that the person *be in a position to* exercise substantial influence. (*See* Treas Reg. § 53.4958-3T).

2.  Compensation Review Process

   a.  **Review and Approval.** The compensation of the Chief Employed Executive and each Officer, Key Employee or Disqualified Person shall be reviewed and approved by the Board of Directors or compensation committee of the Corporation, provided that directors or other persons with conflicts of interest with respect to the compensation arrangement at issue shall not be involved in this review and approval.

   b.  **Use of Comparable Compensation Data.** The compensation of the Chief Employed Executive and each Officer, Key Employee or Disqualified Person shall be reviewed and approved using data as to comparable compensation for similarly qualified persons in functionally comparable positions at similarly situated entities.

   c.  **Contemporaneous Documentation and Recordkeeping.** There shall be contemporaneous documentation and recordkeeping with respect to the deliberations and decisions regarding the compensation arrangement. The board of directors or compensation committee evaluating such compensation arrangement may, but shall not be required, to use the "Rebuttable Presumption Checklist" or other tools set forth in the Introduction to I.R.C. 4958.

CONFIDENTIAL

SFFA-Harvard 0000092

## EXHIBIT D

Document Retention Policy
(see attached)

**CONFIDENTIAL**

**SFFA-Harvard 0000093**

*Adopted August 6, 2014*

## STUDENTS FOR FAIR ADMISSIONS, INC.

### Document Retention and Destruction Policy

This Document Retention and Destruction Policy identifies the record retention responsibilities of directors, officers, employees, volunteers, and outside agents and vendors of Students for Fair Admissions, Inc. (the "Corporation") for maintaining and documenting the storage and destruction of the Corporation's paper and electronic documents and records.

1.  **Rules.** The Corporation's directors, officers, employees, consultants, vendors, and volunteers are required to honor the following rules:

    a.  All documents or records containing information concerning the Corporation should be closely guarded and considered as containing confidential information not to be disseminated or distributed outside of the Corporation.

    b.  No paper or electronic documents will be destroyed or deleted if pertinent to any ongoing or anticipated government investigation or proceeding or any civil or criminal judicial proceeding.

    c.  Paper or electronic documents listed for retention below will be transferred and maintained by the President or his designee.

    d.  All other paper documents that do not fall under the retention schedule below will be destroyed after three years.

    e.  All other electronic documents that are not currently being used and do not fall under the retention schedule below will be deleted from all individual computers, databases, networks, and back-up storage after one year.

2.  **Retain Permanently**

    a.  **Governance records** – Articles of Incorporation and Bylaws, and any amendments thereto, other organizational documents, policies, governing board and committee written consents and minutes.

    b.  **Tax records** – Filed federal and state tax returns/reports and supporting records, application for tax exemption, tax exemption determination letter and related correspondence, and any files related to tax audits.

    c.  **Intellectual property records** – Copyright and trademark registrations and samples of protected works.

    d.  **Financial records** – Audited financial statements, attorney contingent liability letters.

1

CONFIDENTIAL

SFFA-Harvard 0000094

*Adopted August 6, 2014*

3.     **Retain for 10 Years**

    a.     **Pension and benefit records** – Pension (ERISA) plan participant/beneficiary records, actuarial reports, related correspondence with government agencies, and supporting records.

    b.     **Government relations records** – Federal and state lobbying reports and supporting records.

4.     **Retain for 3 Years**

    a.     **Employee/employment records** – Employee names, addresses, social security numbers, dates of birth, INS Form I-9, resume/application materials, job descriptions, dates of hire and termination/separation, evaluations, compensation information, promotions, transfers, disciplinary matters, time/payroll records, leave/comp time/FMLA, engagement and discharge correspondence, documentation of basis for independent contractor status (retain for all current employees and independent contractors and for three years after the departure of each individual).

    b.     **Lease, Insurance, and Contract/License Records** – Software license agreements, vendor, hotel, and service agreements, independent contractor agreements, employment agreements, consultant agreements, and all other agreements (retain during the term of the agreement and for three years after the termination, expiration, or non-renewal of each agreement).

5.     **Retain for 1 Year**

All other pertinent electronic records, documents, and files, such as correspondence files, publications, survey information.

6.     **Exceptions**

Any exceptions to these rules and the terms for retention may be granted only by the Corporation's President or Board of Directors in writing.

CONFIDENTIAL

SFFA-Harvard 0000095

# EXHIBIT E

Whistleblower Policy
(see attached)

CONFIDENTIAL

SFFA-Harvard 0000096

*Adopted on August 6, 2014*

## STUDENTS FOR FAIR ADMISSIONS, INC.

### Whistleblower Policy

This Whistleblower Policy (1) encourages Students for Fair Admissions, Inc. (the "Corporation") employees and volunteers to come forward with information on possible illegal practices or serious violations of adopted policies of the Corporation, (2) specifies that the Corporation will protect any such person from retaliation, and (3) identifies where and how such information can be reported.

1.    **Encouragement of Reporting.**  The Corporation encourages complaints, reports, or inquiries about possible illegal practices or serious violations of the Corporation's policies, including illegal or improper conduct by the Corporation itself, by its leadership, or by others on its behalf.   Appropriate subjects to report under this policy include financial improprieties, accounting or audit matters, ethical violations, or other similar illegal or improper practices.

2.    **Protection from Retaliation.**  The Corporation prohibits retaliation by or on behalf of the Corporation against employees or volunteers who make good-faith complaints, reports, or inquiries under this Policy or who participate in a review or investigation under this Policy.  This protection extends to those whose allegations are made in good faith but prove to be mistaken.   The Corporation reserves the right to discipline persons who make bad faith, knowingly false, or vexatious complaints, reports, or inquiries or who otherwise abuse this Policy.

3.    **Where to Report.**  Complaints, reports, or inquiries may be made under this Policy on a confidential or anonymous basis.  Complaints should describe in detail the specific facts demonstrating the bases for the complaints, reports, or inquiries.  Complaints may be directed to the Corporation's President; if this person is implicated in the complaint, report, or inquiry, then it should be directed to any other member of the Corporation's Board of Directors. The Corporation will conduct a prompt, discreet, and objective review or investigation. Employees or volunteers must recognize that the Corporation may be unable to fully evaluate a vague or general complaint, report, or inquiry that is made anonymously.

**CONFIDENTIAL**