# EXHIBIT 98

No. 11-345

In The
# Supreme Court of the United States

ABIGAIL NOEL FISHER,
*Petitioner,*

v.

UNIVERSITY OF TEXAS AT AUSTIN, *et al.*,
*Respondents.*

ON WRIT OF CERTIORARI TO THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

BRIEF OF BROWN UNIVERSITY, UNIVERSITY OF CHICAGO, COLUMBIA UNIVERSITY, CORNELL UNIVERSITY, DARTMOUTH COLLEGE, DUKE UNIVERSITY, HARVARD UNIVERSITY, JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, UNIVERSITY OF PENNSYLVANIA, PRINCETON UNIVERSITY, STANFORD UNIVERSITY, VANDERBILT UNIVERSITY, AND YALE UNIVERSITY
IN SUPPORT OF RESPONDENTS

SETH P. WAXMAN
*Counsel of Record*
PAUL R.Q. WOLFSON
KELLY P. DUNBAR
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
(202) 663-6000
seth.waxman@wilmerhale.com

ADDITIONAL COUNSEL LISTED ON INSIDE COVER

HARV00018900

## INTEREST OF AMICI CURIAE[1]

Brown University, University of Chicago, Columbia University, Cornell University, Dartmouth College, Duke University, Harvard University, Johns Hopkins University, Massachusetts Institute of Technology, University of Pennsylvania, Princeton University, Stanford University, Vanderbilt University, and Yale University submit this brief as amici curiae in support of respondents. Amici have long used admissions policies similar to the Harvard Plan that Justice Powell approved in *Regents of University of California* v. *Bakke*, 438 U.S. 265 (1978), and the University of Michigan Law School plan this Court upheld in *Grutter* v. *Bollinger*, 539 U.S. 306 (2003). Amici accordingly have substantial experience with admissions policies that consider all aspects of an applicant's background and experience, including in some circumstances the applicant's racial or ethnic background.

Although Amici differ in many ways, they speak with one voice to the profound importance of a diverse student body—including racial diversity—for their educational missions. Amici seek to provide their students with the most rigorous, stimulating, and enriching educational environment, in which ideas are tested and debated from every perspective. They also seek to prepare active citizens and leaders in all fields of human endeavor. Although all Amici have highly selective admissions criteria designed to ensure that all of their

---

[1] Letters consenting to the filing of this brief have been filed with the Clerk of the Court. No counsel for a party authored this brief in whole or in part, and no person, other than amici or their counsel, made any monetary contribution to the preparation or submission of this brief.

HARV00018907

7

(Kennedy, J., concurring in part and concurring in the judgment).

Petitioner does not ask this Court to abandon *Grutter*'s holding on this score. *See, e.g.*, Pet. Br. 26 ("*Grutter* ... permits race to be used as a factor in admissions decisions to obtain a 'critical mass' of otherwise underrepresented minority students for educational reasons."); JA74a. That acknowledgment is exceptionally important to Amici. The admissions policies of Amici vary somewhat, but each is firmly committed to individualized, holistic review of the type long approved of by this Court.[2] In deciding which students to admit, Amici consider all aspects of their applicants both as individuals and also in relation to other potential members of the incoming class. That review is intended to produce a student body that is talented and diverse in many ways, including in intellectual interests, geography, socio-economic status, background and experience (including race and ethnicity), perspective, and areas of accomplishment.

1. In pursuing an academically excellent and broadly diverse student body, Amici do not place dispositive weight on objective numerical measures such as

---

[2] *See Grutter*, 539 U.S. at 337 (upholding admissions policy because the Law School "engages in a highly individualized, holistic review of each applicant's file"); *Gratz* v. *Bollinger*, 539 U.S. 244, 271 (2003) (identifying constitutional vice in undergraduate admissions as the absence of "individualized consideration"); *id.* at 276 (O'Connor, J., concurring) (flaw in undergraduate admissions was a lack of "meaningful individualized review of applicants"); *Bakke*, 438 U.S. at 315 (Powell, J.) ("The diversity that furthers a compelling state interest encompasses a far broader array of qualifications and characteristics of which racial or ethnic origin is but a single though important element.").

HARV00018913