# EXHIBIT 149

No. 14-981

In The

# Supreme Court of the United States

ABIGAIL NOEL FISHER,
*Petitioner,*

v.

UNIVERSITY OF TEXAS AT AUSTIN, *et al.*,
*Respondents.*

ON WRIT OF CERTIORARI TO THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**BRIEF FOR AMICUS CURIAE
HARVARD UNIVERSITY IN SUPPORT OF
RESPONDENTS**

ROBERT W. IULIANO
SENIOR VICE PRESIDENT
  AND GENERAL COUNSEL
ARA B. GERSHENGORN
MATTHEW T. FOX
OFFICE OF THE GENERAL
  COUNSEL
HARVARD UNIVERSITY
Holyoke Center, Suite 980
1350 Massachusetts Ave.
Cambridge, MA 02138

FELICIA H. ELLSWORTH
ERIC F. FLETCHER
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109

SETH P. WAXMAN
  *Counsel of Record*
PAUL R.Q. WOLFSON
KELLY P. DUNBAR
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
(202) 663-6000
seth.waxman@wilmerhale.com

DEBO P. ADEGBILE
ADRIEL I. CEPEDA DERIEUX
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007

HARV00066599

3

## SUMMARY OF ARGUMENT

This Court has long affirmed that universities may conclude, based on their academic judgment, that establishing and maintaining a diverse student body is essential to their educational mission and that the pursuit of such diversity is a compelling interest. Petitioner does not directly challenge that holding here, with good reason. It is more apparent now than ever that maintaining a diverse student body is essential to Harvard's goals of providing its students with the most robust educational experience possible on campus and preparing its graduates to thrive in a complex and stunningly diverse nation and world. These goals, moreover, are not held by Harvard alone, but are shared by many other universities that, like Harvard, have seen through decades of experience the transformative importance of student body diversity on the educational process. This Court should therefore reaffirm its longstanding deference to universities' academic judgment that diversity serves vital educational goals.

The Court should also reaffirm its previous decisions recognizing the constitutionality of holistic admissions processes that consider each applicant as an individual and as a whole. Harvard developed such policies long before they were embraced by Justice Powell in *Bakke* and reaffirmed by this Court in *Grutter*. In Harvard's judgment, based on its decades of experience with holistic admissions, these admissions policies best enable the university to admit an exceptional class of students that is diverse across many different dimensions, including race and ethnicity. Admissions processes that treat students in a flexible, nonmechanical manner and that permit applicants to choose how to present themselves respects the dignity and autonomy

HARV00066607

4

of each applicant, while also permitting Harvard to admit exceptional classes each year. Compelling Harvard to replace its time-tested holistic admissions policies with the mechanistic race-neutral alternatives that petitioner suggests would fundamentally compromise Harvard's ability to admit classes that are academically excellent, broadly diverse, extraordinarily talented, and filled with the potential to succeed and thrive after graduation.

Many of the specific arguments made by petitioner are unique to the admissions policy of the University of Texas at Austin ("UT"). UT ably responds to those arguments, and Harvard addresses them only to emphasize two errors in petitioner's understanding of strict scrutiny. First, petitioner's insistence that a university's consideration of race or ethnicity, as part of a holistic admissions process, must be restricted to the last "few places to fill" in an admissions class misreads *Bakke*, ignores *Grutter*, and advocates an unworkable, counterintuitive rule. Second, petitioner's suggestion that the constitutionality of race-conscious admissions turns on the precise rationales and evidence a university had in mind at the time such admissions policies were first adopted misunderstands the nature of universities' admissions processes. Although Harvard's desire to achieve a diverse class has been unwavering, Harvard's admissions policies have not been static. And *Grutter* forecloses the suggestion that a university may not rely on evidence acquired and experience gained after the adoption of such policies in defending race-conscious admissions policies.

HARV00066608