**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION**

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION), <br><br> Defendant. | Civil Action No. 1:14-cv-14176-ADB |

## HARVARD'S MOTION TO UNSEAL CERTAIN INFORMATION FILED IN CONNECTION WITH THE PARTIES' SUMMARY JUDGMENT MOTIONS

1.  In recognition of the important privacy interests at issue in this case, on May 23, 2018, this Court ordered the parties to meet and confer before filing any summary judgment motions to propose a procedure that would allow the Court to determine which documents filed under seal in connection with the parties' summary judgment motions should remain sealed. Dkt. 404.  During the days and weeks following the entry of that order, the parties met and conferred, narrowing the scope of their disputes regarding confidentiality substantially.  On June 12, 2018, the parties filed a joint motion proposing a schedule for briefing the remaining confidentiality disputes, which the Court entered that same day.  Dkt. 408, 409.  As contemplated by that motion, the parties filed a joint motion to seal on June 13, and the Court allowed the motion on June 14.  Dkt. 410, 411.

2.  Pursuant to this Court's orders, on June 15, 2018, Harvard and SFFA each filed motions for summary judgment, memoranda of law, statements of material facts, declarations, and exhibits, the majority of which were filed publicly without redaction.  In accordance with

Local Rule 7.2, the Stipulated Protective Order (Dkt. 55), this Court's order regarding the parties' disputes relating to confidentiality (Dkt. 409), and the parties' joint motion to seal (Dkt. 411), the parties filed under seal some of the exhibits in support of their motions, and redacted limited information from other exhibits, declarations, and from their memoranda of law and statements of material facts.  Harvard then immediately undertook a review of the materials SFFA filed under seal or filed publicly with redactions, and on June 22, 2018, informed SFFA that many of these materials did not need to be sealed and could be publicly filed.

3.	Harvard also filed a memorandum (Dkt. 422) explaining why the privacy interests of applicants, alumni, and non-parties—and Harvard's own interest in protecting its commercially sensitive information—require a small amount of the redacted or sealed information to remain under seal.  Harvard also informed the Court in that memorandum that it had identified for SFFA many of the documents previously filed under seal that should be unsealed.  Dkt. 422 at Ex. D.  Accordingly, Harvard respectfully requests that the Court unseal the previously-sealed documents listed below:

| Exhibits to the Declaration of Michael Connolly (Dkt. 421) | 5, 11-13, 19, 22-26, 35, 67, 82, 83, 85, 91, 111, 120, 121, 138, 231, 233, 234 |
|---|---|
| Exhibits to the Declaration of Felicia Ellsworth (Dkt. 419) | 3-8, 10, 12-14, 16-18, 20, 23, 25, 26, 27, 29, 30, 54, 55 |

4.	Harvard has also informed SFFA and the Court that 16 exhibits that SFFA filed under seal could be publicly filed with limited redactions, and that two exhibits filed by Harvard under seal can also be publicly filed with limited redactions.  Dkt. 422 at Ex. D (Connolly Exs. 1, 2, 6-10, 14, 16-18, 20, 78, 110, 140, 225; Ellsworth Exs. 1, 9).  In addition, Harvard has informed SFFA that SFFA may remove many of the redactions it applied to its summary

judgment brief, Rule 56.1 statement, and its expert declarations, and that Harvard intends to remove certain redactions from its brief and the expert reports Harvard filed as exhibits.

5. WHEREFORE, Harvard respectfully request that the Court grant this motion and (1) allow the exhibits listed in the chart above (identified in paragraph 3 of this motion) to be unsealed and (2) authorize the parties to provide the Court with (A) redacted copies of certain previously-sealed exhibits (identified in paragraph 4 of this motion) for public filing, and (B) copies of certain documents previously filed publicly with redactions (identified in paragraph 4 of this motion) that may now be filed with fewer redactions.

Respectfully submitted,

*/s/ Felicia H. Ellsworth*
William F. Lee (BBO #291960)
Felicia H. Ellsworth (BBO #665232)
Andrew S. Dulberg (BBO #675405)
Elizabeth C. Mooney (BBO #679522)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
william.lee@wilmerhale.com
felicia.ellsworth@wilmerhale.com
andrew.dulberg@wilmerhale.com
elizabeth.mooney@wilmerhale.com

Seth P. Waxman (*pro hac vice*)
Paul R.Q. Wolfson (*pro hac vice*)
Daniel Winik (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Tel: (202) 663-6800
Fax: (202) 663-6363
seth.waxman@wilmerhale.com
paul.wolfson@wilmerhale.com

        daniel.winik@wilmerhale.com

        Debo P. Adegbile (*pro hac vice*)
        WILMER CUTLER PICKERING
        HALE AND DORR LLP
        7 World Trade Center
        250 Greenwich Street
        New York, NY 10007
        Tel: (212) 295-6717
        Fax: (212) 230-8888
        debo.adegbile@wilmerhale.com

Dated:  June 28, 2018

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule 7.1(a)(2), I hereby certify that Students for Fair Admissions, Inc.'s counsel was made aware of this motion before it was filed.

*/s/ Felicia H. Ellsworth*
Felicia H. Ellsworth

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to all counsel of record via the CM/ECF system.

*/s/ Felicia H. Ellsworth*
Felicia H. Ellsworth