## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

STUDENTS FOR FAIR ADMISSIONS, INC.,

Plaintiff,

v.

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE (HARVARD
CORPORATION),

Defendant.

Civil Action No. 1:14-cv-14176-ADB

**Motion to File Under Seal Granted
July 24, 2018 [Dkt. 431]**

## HARVARD'S RESPONSE TO SFFA'S LOCAL RULE 56.1 STATEMENT

SFFA's 900 paragraphs of supposedly undisputed facts—many of which are neither undisputed nor even facts—serve only to confirm that SFFA's summary judgment filing is not a serious effort to persuade the Court that this case can be resolved in SFFA's favor without a trial but rather an opportunity to present a fundamentally misleading account of the record to the public.  Unable to find any actual documentary or testimonial support for the purported scheme of intentional discrimination alleged by the Complaint, SFFA instead relies on distortions of the record and misleading characterizations of data analysis in a document SFFA has (inaccurately) labeled its "Statement of Undisputed Material Facts."  Harvard's objection is not to the length of SFFA's submission so much as its content:  SFFA's purportedly "undisputed material facts" are nothing of the sort.  They are obviously disputed, plainly immaterial, and loaded with improper, inaccurate, and misleading characterizations and commentary.  What is more, SFFA's voluminous submission is squarely at odds with Local Rule 56.1, which provides that "[m]otions for summary judgment shall include a *concise* statement of the material facts of record," D. Mass. L.R. 56.1 (emphasis added), and with the Court's order emphasizing that "[o]nly those

facts which bear on dispositive material issues shall be included in this statement," Dkt. 407. Indeed, the Court would have grounds to strike SFFA's submission altogether. *Rand v. M/A-Com, Inc.*, 824 F. Supp. 242, 266 (D. Mass. 1992) (striking Rule 56.1 statement that was "not concise" and "contain[ed] numerous statements of facts which are not material").

SFFA litters its Rule 56.1 statement with immaterial assertions about Harvard's past admissions practices (which this Court has already deemed irrelevant), denigrating commentary about Harvard's admissions personnel, puffery regarding its experts, and countless other topics. *See, e.g.*, Dkt. 414 ¶¶ 21-46, 544-548, 566-578, 851-854.   Moreover, many of the statements in SFFA's filing are not even facts, but instead reflect SFFA's opinions, characterizations, and legal commentary. *See, e.g.*, *id.* ¶¶ 50, 357, 439, 485, 547, 553, 561, 687, 715, 857, 878.  SFFA well knows that many of its other assertions are fundamentally contested by Harvard. *See, e.g.*, *id.* ¶¶ 624, 721, 749, 806.

Although Harvard has undertaken a paragraph-by-paragraph refutation of SFFA's assertions below, some of SFFA's lines of argument (inappropriately presented as undisputed fact) warrant further response.  In particular:

- ***SFFA presents its expert's flawed analysis as fact.***  SFFA devotes 226 paragraphs to a near-verbatim recitation of the expert report of its statistical expert, Dr. Peter Arcidiacono, treating as incontrovertible truth statistical conclusions that are fundamentally flawed and universally disputed by Harvard, including through competing reports from Dr. David Card, Harvard's expert.  As Dr. Card explains, Dr. Arcidiacono's analysis is reverse-engineered to arrive at a predetermined outcome; it excludes entire categories of applicants and key pieces of information that admissions officers take into account.  Dr. Card's analysis, which faithfully attempts to model Harvard's actual admissions process, finds *no* statistically significant effect of Asian-American ethnicity on admissions outcomes.

- ***SFFA misrepresents the facts about documents created by OIR.***  SFFA devotes 195 paragraphs to a flagrant mischaracterization of a series of documents created by individuals within Harvard's Office of Institutional Research ("OIR") in early 2013.  SFFA improperly characterizes those documents as the fruits of an

"investigation," but they are nothing of the sort.  The OIR employees who created the documents had a limited understanding of the admissions process, and they neither examined nor reached any conclusion on the question whether the admissions process discriminates against any group.  In light of the evident limitations of OIR's work, the reactions of Harvard administrators to that work are unsurprising and unremarkable.

- ***SFFA mischaracterizes the work of the Admissions Office.***  SFFA claims that differences in the personal rating assigned by admissions officers to a subset of the applicant pool confirm the existence of an "Asian penalty."  But SFFA can make this claim only by grossly mischaracterizing the personal rating.  The personal rating reflects the wide range of information in the application file that sheds light on whether the applicant will fulfill the ambitions Harvard has for its students: to be the kind of roommates, classmates, teammates, friends, and collaborators who will contribute diverse experiences, world views, and personal stories so important to Harvard's educational environment and critically, once they graduate, to be citizen-leaders in the world.  The examination of applicants' personal characteristics is fundamental to Harvard's admissions process, which considers the whole person and does not seek simply to admit the applicants with the highest grades or standardized test scores.

In addition to the hundreds of argumentative assertions presented as if they were facts, SFFA's filing contains a four-page Table of Contents summarizing its 103 headings and sub-headings, which are riddled with inflammatory, false accusations.  *See, e.g.*, Dkt. 414 at iv.  The Table of Contents demonstrates that SFFA's Rule 56.1 statement is essentially an additional 180-page brief—these headings are plainly not "undisputed material facts" in any sense of the rule.  While Harvard has not responded individually to the headings, Harvard disputes any and all characterizations and conclusions suggested in the headings, which are entirely inappropriate.

Below, Harvard responds individually to each of SFFA's 900 assertions, an exercise that serves only to reinforce the impropriety of SFFA's submission and to confirm what Harvard told this Court months ago:  SFFA is not entitled to summary judgment.

## I.      Harvard's Statement Of Material Facts That Preclude Summary Judgment For SFFA

1.      Harvard incorporates by reference its Local Rule 56.1 Statement of Undisputed Material Facts in Support of Defendant's Motion for Summary Judgment on All Remaining Counts.  Dkt. 420.

2.      Most applicants to Harvard College are academically qualified to attend.  *See* Ellsworth Ex. 55 at HARV00001401; *see also* Ellsworth Ex. 1 at 277:11-12 (McGrath 2015 Dep.); Ellsworth Ex. 102 at 74:5-6 (Cheng Dep.).

3.      Admissions officers use the phrase "standard strong" to refer to applicants who are strong across the range of factors the Admissions Committee considers but are not distinguished in Harvard's competitive applicant pool.  *See* Ellsworth Ex. 102 at 73:20-74:6 (Cheng Dep.); Connolly Ex. 25 at 229:10-15 (Weaver Dep.); *see also, e.g.*, Ellsworth Ex. 139; Ellsworth Ex. 136; Ellsworth Ex. 140.

4.      Harvard's admissions process is a comparative process; each year, all freshman applicants to Harvard College compete against the other applicants who have applied that year for the limited number of spots in Harvard's class.  *See* Ellsworth Ex. 112 at 173:2-9 (Howrigan Dep.); Ellsworth Ex. 120 at 297:13-22 (Fitzsimmons Dep.); *see also, e.g.*, Ellsworth Ex. 132; Ellsworth Ex. 134; Ellsworth Ex. 135; Ellsworth Ex. 137.

5.      The same individualized, whole person admissions process applies to every applicant to Harvard.  *See* Ellsworth Ex. 102 at 187:10-12 (Cheng Dep.); Ellsworth Ex. 120 at 297:13-22 (Fitzsimmons Dep.); Ellsworth Ex. 1 at 231:14-232:3 (McGrath 2015 Dep.); Ellsworth Ex. 149 ¶¶ 6, 8 (Worth Decl.).

6.      Harvard recognizes that applicants' ability to contribute to the Harvard community and succeed at Harvard and beyond is not just a function of their prior academic,

extracurricular, and athletic successes; it also reflects a broader range of personal characteristics, including citizenship attributes such as kindness and sensitivity; leadership attributes such as courage and independence; and the grit required to succeed in Harvard's competitive environment.  *See* Ellsworth Ex. 149 ¶ 9 (Worth Decl.); Ellsworth Ex. 54 at HARV00001153-55 (Interviewer Handbook 2013-2014); Ellsworth Ex. 17 at 60:14-20 (Walsh Dep.).  The personal rating assigned by admissions officers attempts to capture the strength of such characteristics in an applicant.  *See* Ellsworth Ex. 149 ¶ 9 (Worth Decl.); Ellsworth Ex. 98 at 164:11-165:2 (McGrath 2015 Dep.); Ellsworth Ex. 25 at 359:16-360:9 (McGrath 2017 Dep.); Connolly Ex. 9 at 245:18-20, 248:6-25 (Fitzsimmons Dep.); Ellsworth Ex. 9 at 80:3-12 (Banks Dep.); Ellsworth Ex. 17 at 60:14-20 (Walsh Dep.); Ellsworth Ex. 115 at 121:2-6 (Bever Dep.).

7.     The personal rating assigned by admissions officers reflects the wide range of information in the application—such as the applicant's personal essays, recommendations from teachers and guidance counselors, letters of support sent from outside recommenders, supplementary material submitted by the applicant, and reports from alumni or staff interviews (to the extent they have arrived before the rating is assigned)—that bears on whether the applicant will fulfill the ambitions Harvard has for all its applicants: to be the kinds of roommates, classmates, and teammates who will contribute to Harvard's educational environment for all its students and, once they graduate, to be citizen-leaders of our society.  *See* Ellsworth Ex. 1 at 164:11-165:2 (McGrath 2015 Dep.); Ellsworth Ex. 26 at 245:18-246:20 (Fitzsimmons Dep.); Ellsworth Ex. 149 ¶¶ 8-9 (Worth Decl.).

8.     Alumni interviewers have limited information about the applicants they interview.  An alumni interviewer meets an applicant only once, for "no more than 60

minutes." *See* Ellsworth Ex. 54 at HARV00001172.  Alumni interviewers "do not have access to applications." *See id.* at HARV00001175.

9.      An applicant's race is one of many factors that admissions officers consider in their whole-person review process but is not a determining factor in the admission decision. *See* Connolly Ex. 20 at 149:22-24 (Ray Dep.); Connolly Ex. 18 at 57:24-58:2 (Ortiz Dep.).

10.     Harvard admissions officers have a nuanced understanding of many distinct identities within Asian-American communities and the ways in which those differences may enrich the diversity of Harvard's student body.  *See, e.g.*, Ellsworth Ex. 127 at HARV00013394 (training presentation urging admissions officers to "be [wary] of aggregated data for Asian American student populations" and "[h]onor the nuance of both identity and context").

11.     Harvard admissions officers frequently regard the ethnicity of Asian-American applicants as a positive factor in the admissions process.  Ellsworth Ex. 141 ("[Applicant] is a very deserving student from a first generation Vietnamese background who is valedictorian for this city-wide magnet school."); Ellsworth Ex. 131 (applicant of Nepali descent "[c]ertainly would bring a fascinating perspective to campus"); Ellsworth Ex. 142 ("Tug for BG [background] here, she writes well about the plight of exiled Tibetans and T2 [second teacher recommendation] lets us know that both of her parents were born in Tibetan refugee camps in India."); Ellsworth Ex. 130 ("B/G [background] of interest as he [applicant of Indian origin] would be someone who would add to the mix at H"); Ellsworth Ex. 143 (comment that applicant was "involved in the Asian community as EIC [editor-in-chief] of local journal").

12.     Harvard has a limited number of beds available for first-year students, and it attempts to ensure that the number of matriculating students does not exceed the number of available beds.  *See* Ellsworth Ex. 149 ¶ 17 (Worth Decl.); Ellsworth Ex. 47 at HARV00097321

(Smith Committee Report); Ellsworth Ex. 120 at 283:11-13, 285:8-10 (Fitzsimmons Dep.);

Connolly Ex. 16 at 212:14-213:2 (McGrath 2015 Dep.).

13.     Before the subcommittee process begins, senior admissions officers set a rough

target number—which is flexible and subject to change—of admitted students for each docket

based on the number of applicants and admits in the previous year and variations in application

numbers.  *See* Ellsworth Ex. 120 at 279:17-19, 279:22-282:6, 283:11-13, 285:8-10, 297:5-12

(Fitzsimmons Dep.); Connolly Ex. 16 at 212:14-213:2 (McGrath 2015 Dep.).  Harvard does not

use statistics shared at Association of Black Admissions and Financial Aid Officers of the Ivy

League and Sister Schools' biannual Round Robin meetings to set admissions targets.  *See*

Ellsworth Ex. 149 ¶ 18 (Worth Decl.); Connolly Ex. 9 at 452:10-13 (Fitzsimmons Dep.);

Ellsworth Ex. 105 at 156:20-157:6, 158:24-159:10 (Banks Dep.).

14.     "Yield" is the percentage of admitted students who choose to accept Harvard's

offer of admission.  *See* Connolly Ex. 16 at 211:19-21 (McGrath 2015 Dep.).  Harvard estimates

the yield based on a number of factors, including the previous year's yield.  *See* Connolly Ex. 16

at 211:19-23 (McGrath 2015 Dep.); Ellsworth Ex. 26 at 281:18-21 (Fitzsimmons Dep.).

Applicants with different characteristics have historically chosen to accept Harvard's offers of

admission at different rates.  *See, e.g.*, Ellsworth Ex. 120 at 338:2-6 (Fitzsimmons Dep.);

Connolly Ex. 16 at 211:22-212:4, 213:12-20 (McGrath 2015 Dep.).

15.     The yield in a given year tends to be roughly similar to that of the previous year,

but yields can vary by docket, overall, and from year to year; if the composition of the class of

students that Harvard preliminarily intends to offer admission differs from previous years in a

way that could affect the yield, senior admissions officers may need to adjust the estimated yield

and the overall target number of admitted students.  *See* Connolly Ex. 9 at 282:7-19, 339:3-17

(Fitzsimmons Dep.); Connolly Ex. 16 at 212:5-13 (McGrath 2015 Dep.).

16.     Near the end of the regular decision process, the Dean and Director of Admissions

confirm the final target number and determine whether any applicants must be "lopped" from the

class of students that Harvard preliminarily intends to offer admission to reach that number.  *See*

Ellsworth Ex. 120 at 317:22-318:9 (Fitzsimmons Dep.); Ellsworth Ex. 105 at 115:2-9 (Banks

Dep.).

17.     During the lop phase, admissions officers apply the same criteria employed

throughout the admissions process by considering all information in an application file.  *See*

Ellsworth Ex. 149 ¶¶ 19-20 (Worth Decl.); Ellsworth Ex. 99 at 249:1-12, 296:13-24 (Weaver

2017 Dep.); Ellsworth Ex. 105 at 98:9-99:13, 125:7-24 (Banks Dep.); Ellsworth Ex. 102 at

198:19-200:15 (Cheng Dep.); Ellsworth Ex. 113 at 94:4-17 (Walsh Dep.).

18.     Harvard neither seeks a minimum number nor a maximum number of students of

any particular race or ethnicity, and there is never an expectation or understanding that certain

racial groups needed to be lopped more than others in the lop phase.  *See* Ex. 98 at 196:5-6,

240:19-20, 252:4-10, (McGrath 2015 Dep.); Connolly Ex. 1 at 98:9-13 (Banks Dep.); Ellsworth

Ex. 99 at 248:24-251:9 (Weaver 2017 Dep.); Ellsworth Ex. 113 at 94:4-17, 130:2-24 (Walsh

Dep.); Connolly Ex. 9 at 329:19-330:5 (Fitzsimmons Dep.).

19.     Periodically during the admission process, Dean Fitzsimmons and Director

McGrath receive documents that contain a snapshot of the group of students currently

recommended for admission and the prior admitted class, listing the number of students by

gender, geography, intended concentration, whether the student is a recruited athlete, whether the

student's parent attended Harvard, whether Harvard waived the student's application fee,

whether the student was flagged as socioeconomically "disadvantaged" by Harvard's admissions staff, whether the student applied for financial aid, and the student's citizenship, permanent residency, and race.  *See* Connolly Exs. 43, 70; Ellsworth Ex. 120 at 101:18-102:4 (Fitzsimmons Dep.); Ellsworth Ex. 260 at 260:22-261:8 (Donahue Dep.); Ellsworth Ex. 112 at 20:9-14, 148:3-7 (Howrigan Dep.).

20.    SFFA's standing members are not ready, willing, and able to transfer to Harvard. *See* Ellsworth Ex. 76 (Transferring to Harvard College); Ellsworth Ex. 11 at 70:5-8 (█ Dep.); Ellsworth Ex. 21 at 74:12-14, 81:25-82:4 (█ Dep.); Ellsworth Ex. 22 at 65:14-16, 73:22-23 (█ Dep.); Ellsworth Ex. 24 at 65:16-17, 66:2-15 (█ Dep.); Ellsworth Ex. 93 at SFFA-Harvard0001955; Ellsworth Ex. 15 at 37:25-38:3 (█ Dep.); Ellsworth Ex. 19 at 44:5-12 (█ Dep.).

21.    SFFA's standing members have no ability to control SFFA.  *See* Ellsworth Ex. 89 at SFFA-Harvard0000060 (Unanimous Written Consent); Ellsworth Ex. 24 at 40:5-41:17 (█ Dep.); Ellsworth Ex. 21 at 35:24-36:7, 108:7-109:16 (█ Dep.); Ellsworth Ex. 22 at 38:15-17, 63:5-15 (█ Dep.); Ellsworth Ex. 15 at 76:21-25, 80:4-81:12 (█ Dep.); Ellsworth Ex. 19 at 22:15-23:19, 75:10-77:3, 82:11-83:4 (█ Dep.); Ellsworth Ex. 11 at 47:13-48:16, 55:3-57:9, 111:4-13 (█ Dep.).

22.    In 1988, the Department of Education's Office for Civil Rights ("OCR") conducted a compliance review of Harvard College's admissions policies.  OCR "found no evidence of the existence or use of quotas, nor did [it] find that Asian Americans were treated differently than white applicants in the implementation of the admissions process."  Connolly Ex. 116 at HARV00023643.

23. Harvard's OIR conducts analysis and responds to hundreds of requests per year to support the work of various administrators, schools, and departments across Harvard University. *See* Connolly Ex. 2 at 219:11-220:2 (Bever Dep.); Ellsworth Ex. 150 ¶ 2 (Declaration of Erin Driver-Linn ("Driver-Linn Decl.")).

24. Staff within OIR conducted preliminary and limited analyses of Harvard's admissions process in 2013. *See, e.g.*, Connolly Ex. 134 at HARV00031718 ("The following analysis is preliminary and for discussion."); Connolly Ex. 145 at HARV00065741 (document marked "PRELIMINARY DRAFT"); Connolly Ex. 112 at HARV00023548-23549 (describing analysis as having "several limitations"); Ellsworth Ex. 23 at 195:21-196:10 (Driver-Linn Dep.) (OIR was "[r]educing what's a very complicated thing into … a quant model" and its analyses were "iterative, exploratory, preliminary, and limited"); Ellsworth Ex. 20 at 196:7-18 (Hansen Dep.) (OIR modeling "d[id] not take socioeconomic status into account" and "[t]here are other factors and data that are not reflected in these models").

25. The 2013 admissions analysis entitled "Admissions Part II Subtitle" originated within OIR. *See, e.g.*, Ellsworth Ex. 150 ¶¶ 6-8 (Driver-Linn Decl.); Ellsworth Ex. 118 at 143:22-145:15 (Driver-Linn Dep.) ("no person outside of OIR" asked OIR to conduct this analysis).

26. The OIR employees who worked on the 2013 analyses acknowledged that they did not know enough about the admissions process to render reliable conclusions. *See, e.g.*, Ellsworth Ex. 115 at 156:12-24 (Bever Dep.) ("[T]his does not reflect the process by which we do admissions … [b]ecause we review many factors, some of which can be data and some of which are not."); Ellsworth Ex. 116 at 116:20-117:4, 137:20-138:21, 195:23-196:18 (Hansen Dep.) (admissions process considers factors and data not reflected in the OIR models). The OIR

admissions analyses were not prepared in consultation with the Admissions Office. *See, e.g.*, Ellsworth Ex. 115 at 134:19-138:17 (Bever Dep.) (OIR "oversimplified the [admissions] process"); Ellsworth Ex. 116 at 116:20-117:4, 137:20-138:21, 195:23-196:8 (Hansen Dep.) (admissions process considers factors and data not reflected in the OIR models).

27.    OIR's 2013 analyses relating to the admissions process were not part of an internal investigation into allegations of discrimination against Asian-American applicants or any other topic and were not created in response to a request from Harvard's Office of the General Counsel. *See* Ellsworth Ex. 150 ¶¶ 8-9, 16-17, 23-24 (Driver-Linn Decl.); Ellsworth Ex. 23 at 165:9-16 (Driver-Linn Dep.) (OIR analysis not directed to "whether there was bias against Asians in college admissions at Harvard").

28.    OIR's 2013 analyses relating to the admissions process were not designed to evaluate whether Harvard was discriminating against Asian-American applicants or any other group and reached no conclusion on that question. *See* Ellsworth Ex. 150 ¶¶ 10, 18, 25 (Driver-Linn Decl.); Ellsworth Ex. 23 at 165:9-16 (Driver-Linn) (OIR analysis not directed to "whether there was bias against Asians in college admissions at Harvard"); Ellsworth Ex. 116 at 193:24-194:4 (Hansen Dep.) (former OIR employee answering "no" when asked whether "any of the work that [he] did while at OIR showed that Harvard College discriminates against Asian[] Americans"); *id.* at 137:20-138:21 (Hansen lacked "enough information" to assess whether there was evidence of discrimination).

29.    OIR staff created four models that attempted to simulate how Harvard's admitted class might look under certain simplified admissions processes, such as an admissions process that considered only each applicant's Academic Index (an algebraic combination of the applicant's high-school GPA and standardized test scores) and the academic rating assigned by

an admissions officer.  *See* Connolly Ex. 145 at HARV00065750.  The four models did not

attempt to identify the particular effect of any one factor (including the effect of race) in

Harvard's actual admissions process.  They estimated the effects of simplified processes that

differed from the process actually used.  *See* Ellsworth Ex. 150 ¶ 12 (Driver-Linn Decl.);

Ellsworth Ex. 115 at 134:19-138:17, 143:10-18, 156:12-24 (Bever Dep.).

30.     OIR also created models that attempted to estimate the effects of various factors

in Harvard's admissions process.  *See, e.g.*, Connolly Ex. 145 at HARV00065748.  Those

models did not allow reliable estimates of the effects of certain factors on admissions outcomes

because they were basic and preliminary and did not include many of the dozens of factors that

the Admissions Office considers when reviewing applications.  Ellsworth Ex. 150 ¶¶ 13-14

(Driver-Linn Decl.); Ellsworth Ex. 33 ¶ 139 (Card Rep.).  For example, the models did not

account for socioeconomic factors, factors concerning each applicant's high school, geographic

factors, or a range of other information that could play a role in the admissions process.  *See,*

*e.g.*, Connolly Ex. 145 at HARV00065757; Connolly Ex. 134 at HARV00031718, 31722;

Ellsworth Ex. 150 ¶ 14 (Driver-Linn Decl.).

31.     OIR employees acknowledged that their analyses were based on incomplete

information.  *See, e.g.*, Connolly Ex. 145 at HARV00065757 ("Other factors not used in models:

Children faculty/staff[,] Search for socioeconomic diversity[,] High school quality/opportunities

open to student[,] Dockets."); Connolly Ex. 134 at HARV00031722 ("There are a variety of

factors that quantitative data is likely to miss or ratings do not capture.  We'd like to better

understand: Exceptional talent (music, art writing)[;] The role of context cases[;] The role of the

personal statement/essay[;] Measures of socio-economic status (HFAI Flag, Low Income

Flag)."); Connolly Ex. 112 at HARV00023549 (describing "several limitations" of OIR's

analysis); *id.* ("[W]e picked a small set of variables that would factor in admissions decisions. The selection of a wider set of variables might result in a better fitting model, one that accounts for more of the variation in individual applicants and their potentially unique contributions to the entering class."); *see also* Ellsworth Ex. 115 at 143:10-18 (Bever Dep.) (admissions modeling analysis "seems to inaccurately reflect[] the [admissions] process"); *id.* 134:19-138:17 (admissions modeling "oversimplified the [admissions] process"); *id.* 156:12-24 (admission modeling "does not reflect the process by which we do admissions … [b]ecause we review many factors, some of which can be data and some of which are not"); *id.* 276:5-16 ("This does not represent the Harvard admission process…. This is a model … of an admissions outcome using a limited data set.").

32.     Harvard's expert, Dr. David Card, built a statistical model of the Harvard College admissions process based on data for domestic applicants to the Classes of 2014 through 2019 (approximately 150,000 applicants).  *See* Ellsworth Ex. 33 ¶¶ 7, 128 (Card Report).  Dr. Card's model estimates the effects of several hundred applicant characteristics on the probability of an applicant's admission.  *See* Ellsworth Ex. 33 ¶¶ 95-96 (Card Report).

33.     Dr. Card found no statistically significant negative effect of Asian-American ethnicity on applicants' likelihood of admission.  *See* Ellsworth Ex. 33 ¶ 92 (Card Report); *see also id.* ¶¶ 128, 134-135, 141 & Card Exs. 17-19; Ellsworth Ex. 37 ¶ 103 (Card Rebuttal).

34.     Dr. Arcidiacono also built a statistical model of the Harvard College admissions process.  Despite having access to the same dataset that Dr. Card used, Dr. Arcidiacono excluded from his preferred model of the admissions process several categories of applicants: recruited athletes, applicants with a parent who attended Harvard College or Radcliffe, applicants whose names appeared on a "Dean's interest" or "Director's interest" list, and children of Harvard

faculty and staff.  *See* Ellsworth Ex. 35 at 69 (Arcidiacono Rebuttal); Ellsworth Ex. 37 ¶¶ 85-86

(Card Rebuttal).  Dr. Card and Dr. Arcidiacono have referred to these applicants as "ALDC"

applicants (Athletes, Lineage, Dean/Director List, Children of faculty and staff).  *See* Ellsworth

Ex. 37 ¶ 85 (Card Rebuttal); Ellsworth Ex. 27 at 116:11-13 (Arcidiacono Dep.).

35.     Both Dr. Card and Dr. Arcidiacono found that Asian-American ethnicity was

positively associated with the likelihood of admission for applicants with a parent who attended

Harvard College or Radcliffe.  Dr. Card found that the estimated effect of Asian-American

ethnicity among such applicants was +3.12 percentage points.  *See* Ellsworth Ex. 37 ¶ 98 ("This

means that among lineage applicants, Asian-American applicants are admitted at a rate that is

roughly three percentage points higher than the rate at which the model would expect White

applicants with identical characteristics to be admitted.").  Dr. Arcidiacono agreed that "the

estimated effect for Asian-American legacies is positive."  *See* Ellsworth Ex. 27 at 110:10-111:8

(Arcidiacono Dep.); Ellsworth Ex. 35 at Table B.7.R2 (Arcidiacono Rebuttal).

36.     Both Dr. Card and Dr. Arcidiacono found that Asian-American ethnicity was

positively associated with the likelihood of admission for applicants on the Dean's or Director's

list and applicants who are children of Harvard faculty and staff.  *See* Ellsworth Ex. 37 ¶ 98

(Card Rebuttal); Ellsworth Ex. 35 at Table B.7.R2 (Arcidiacono Rebuttal); Ellsworth Ex. 27 at

112:8-113:9.

37.     Dr. Card concluded that Dr. Arcidiacono's exclusion of ALDC applicants from

his preferred model "appears to be a form of data mining, a process whereby the researcher

selectively chooses a subsample of the data to obtain a desired result."  Ellsworth Ex. 37 ¶ 95.

38.     In 2017, Harvard established a Committee to Study Race Neutral Alternatives in

Harvard College Admissions.  *See* Ellsworth Ex. 47 at HARV00097310-97311 (Smith

Committee Report).  Michael Smith, the Edgerley Family Dean of the Faculty of Arts and Sciences, chaired the Committee.  *Id.* at HARV00097312.  The Committee's other members were William Fitzsimmons, the Dean of Admissions and Financial Aid; and Rakesh Khurana, the Dean of Harvard College, Marvin Bower Professor of Leadership at Harvard Business School, and Faculty Dean of Cabot House.  *Id.* at HARV00097328.

39.     The Committee was charged with evaluating whether proposed race-neutral alternatives are available and workable for achieving the benefits that flow from student body diversity at Harvard College.  *See* Ellsworth Ex. 46 at HARV00072381 (Race Neutral Alternatives Committee Charge).

40.     To that end, the Committee considered social-science and other literature on race-neutral means of pursuing diversity and collected information from several offices of Harvard College including the Office of Admissions and Financial Aid.  *See* Ellsworth Ex. 47 at HARV00097312 (Smith Committee Report).  It also considered materials produced in this litigation, including the complaint and expert reports submitted by both parties, which analyze the effects that abandoning consideration of race and certain other practices in admissions would have on the academic, demographic, and other characteristics of the Harvard College student body.  *See* Ellsworth Ex. 47 at HARV00097312 (Smith Committee Report).

41.     After meeting seven times over the course of nine months, considering voluminous materials, and deliberating extensively, the Committee memorialized its conclusions in a report in April 2018.  *See* Ellsworth Ex. 47 at HARV00097310-97328 (Smith Committee Report).

42.    Dean Smith requested that a first draft of the report, based on the Committee's discussions, be prepared by counsel.  *See* Ellsworth Ex. 123 at 65:21-67:10, 69:2-19 (Smith 2018 Dep.).

43.    The Committee received the first draft of the report in March 2018 and held meetings to discuss and revise the report, both with and without counsel present.  *See* Ellsworth Ex. 123 at 38:9-15, 67:18-23, 72:4-73:8, 74:6-15, 82:23-84:11, 164:17-165:3; (Smith 2018 Dep.); Ellsworth Ex. 155 at HARV00097513 (Mar. 23, 2018 Agenda); Ellsworth Ex. 155 at HARV00097307 (Apr. 6, 2018 Agenda).

44.    After the March 23, 2018 meeting, Dean Khurana revised the draft based on the Committee's discussion.  *See* Ellsworth Ex. 123 at 85:19-86:2, 166:16-22 (Smith 2018 Dep.). After Dean Khurana edited the draft, he circulated it to Dean Smith and Dean Fitzsimmons who made further edits.  *See id.* at 166:23-167:6.

45.    The Committee's drafting process was typical for a Harvard Faculty of Arts and Sciences Committee, with a first draft being prepared by individuals assisting the Committee, and subsequent drafts being both directly edited by Committee members and revised by individuals assisting the Committee based on the Committee's feedback.  *See* Ellsworth Ex. 123 at 64:5-65:16, 190:5-191:6 (Smith 2018 Dep.).  Each member of the Committee carefully reviewed several drafts of the report and fully endorsed the final draft.  *Id.* at 75:19-77:16.

## II. Harvard's Responses To SFFA's Assertions

### Response to ¶ 1

Harvard does not dispute that SFFA is an Internal Revenue Code Section 501(c)(3) organization or that, according to Connolly Ex. 193, SFFA's declared mission is as stated in ¶ 1.

### Response to ¶ 2

Harvard disputes that Connolly Ex. 234, which is Harvard's Objections and Responses to Plaintiff's Second Set of Interrogatories, contains any information about SFFA's members. Harvard also disputes that SFFA genuinely represents its members and that it is a genuine membership organization.  *See* Ellsworth Ex. 2 at 73:23-25, 108:11-109:16, 166:13-25 (Blum Dep.); Ellsworth Ex. 85 ¶ 2 (Articles of Incorporation); Ellsworth Ex. 87 at SFFA-Harvard0000068, SFFA-Harvard0000075 (Unanimous Written Consent); Ellsworth Ex. 24 at 40:5-41:17 (█ Dep.); Ellsworth Ex. 21 at 35:24-36:7, 108:7-109:16 (█ Dep.); Ellsworth Ex. 22 at 38:15-17, 63:5-15 (█ Dep.); Ellsworth Ex. 15 at 76:21-25, 80:4-81:12 (█ Dep.); Ellsworth Ex. 19 at 22:15-23:19, 75:10-77:3, 82:11-83:4 (█ Dep.); Ellsworth Ex. 11 at 47:13-48:16, 55:3-57:9, 111:4-13 (█ Dep.).

### Response to ¶ 3

Harvard disputes that SFFA genuinely represents its members.  *See* Ellsworth Ex. 2 at 73:23-25, 108:11-109:16, 166:13-25 (Blum Dep.); Ellsworth Ex. 85 at ¶ 2 (Articles of Incorporation); Ellsworth Ex. 87 at SFFA-Harvard0000068, SFFA-Harvard0000075 (Unanimous Written Consent); Ellsworth Ex. 24 at 40:5-41:17 (█ Dep.); Ellsworth Ex. 21 at 35:24-36:7, 108:7-109:16 (█ Dep.); Ellsworth Ex. 22 at 38:15-17, 63:5-15 (█ Dep.); Ellsworth Ex. 15 at 76:21-25, 80:4-81:12 (█ Dep.); Ellsworth Ex. 19 at 22:15-23:19, 75:10-77:3, 82:11-83:4 (█ Dep.); Ellsworth Ex. 11 at 47:13-48:16, 55:3-57:9, 111:4-13 (█ Dep.).

Harvard disputes that SFFA's members are ready and able to transfer to Harvard. *See* Ellsworth Ex. 76 (Transferring to Harvard College); Ellsworth Ex. 11 at 70:5-8 (█████ Dep.); Ellsworth Ex. 21 at 74:12-14, 81:25-82:4 (████ Dep.); Ellsworth Ex. 22 at 65:14-16, 73:22-23 (████ Dep.); Ellsworth Ex. 24 at 65:16-17, 66:2-15 (███ Dep.); Ellsworth Ex. 93 at ¶ 5; Ellsworth Ex. 15 at 37:25-38:3 (█████ Dep.); Ellsworth Ex. 19 at 44:5-12 (██████ Dep.).

Harvard disputes SFFA's characterization of Harvard's admissions practices. *See* Ellsworth Ex. 33 ¶¶ 92, 128, 134-135, 141 & Card Exs. 17-19 (Card Report); Ellsworth Ex. 37 ¶ 103 (Card Rebuttal).

### Response to ¶ 4

Harvard does not dispute ¶ 4.

### Response to ¶ 5

Harvard does not dispute ¶ 5.

### Response to ¶ 6

Harvard disputes SFFA's characterization of Harvard's recruiting efforts. *See, e.g.*, Ellsworth Ex. 110 at 226:6-232:5 (Ray Dep.); Ellsworth Ex. 98 at 251:15-19 (McGrath 2015 Dep.); Ellsworth Ex. 120 at 79:8-80:2 (Fitzsimmons Dep.); Ellsworth Ex. 105 at 21:4-22:4 (Banks Dep.).

### Response to ¶ 7

Harvard disputes ¶ 7. *See* Connolly Ex. 9 at 265:4-11, 269:5-19 (Fitzsimmons Dep.); Ellsworth Ex. 47 at HARV00097326.

### Response to ¶ 8

Harvard disputes ¶ 8. *See* Ellsworth Ex. 118 at 44:13-24 (Driver-Linn Dep.); Ellsworth Ex. 150 ¶ 3 (Driver-Linn Decl.).

**Response to ¶ 9**

Harvard does not dispute ¶ 9.

**Response to ¶ 10**

Harvard does not dispute that Drew G. Faust was President of Harvard from 2007 to June 30, 2018.  On July 1, 2018, Lawrence Bacow became Harvard's President.  *See* Ellsworth Ex. 147.  Harvard does not dispute that the President of Harvard University is responsible for overseeing all of Harvard University's 12 degree-granting schools, one of which is Harvard College.  *See* Connolly Ex. 8 at 10:5-20 (Faust Dep.); Ellsworth Ex. 148.

**Response to ¶ 11**

Harvard does not dispute that Michael D. Smith is the Dean of Harvard's Faculty of Arts and Sciences and is responsible for overseeing the administrative, financial, and human resources aspects of Harvard's Faculty of Arts and Sciences, the Harvard College Graduate School of Arts and Sciences, the Paulson School of Engineering and Applied Science, Harvard's Division of Continuing Education, some of Harvard's museums and libraries, Harvard's athletics programs, and the Harvard College Admissions and Financial Aid Office.  *See* Ellsworth Ex. 103 at 12:1-21.

**Response to ¶ 12**

Harvard does not dispute ¶ 12.

**Response to ¶ 13**

Harvard does not dispute ¶ 13.

**Response to ¶ 14**

Harvard does not dispute ¶ 14.

**Response to ¶ 15**

Harvard does not dispute that Sally Donahue was the Griffin Director of Financial Aid at Harvard College from 2000 until her retirement on July 16, 2018. *See* Ellsworth Ex. 157. On July 16, 2018, Jake Kaufmann became the Griffin Director of Financial Aid at Harvard College. *See id.* Harvard does not dispute that the Director of Financial Aid at Harvard College is responsible for running the financial aid program and ensuring that financial aid awards are made in accordance with institutional and federal guidelines.

**Response to ¶ 16**

Harvard does not dispute ¶ 16.

**Response to ¶ 17**

Harvard disputes ¶ 17 and further states that the materials cited do not support the statement asserted in ¶ 17. Ellsworth Ex. 118 at 53:24-55:8 (Driver-Linn Dep.).

**Response to ¶ 18**

Harvard does not dispute ¶ 18.

**Response to ¶ 19**

Harvard does not dispute ¶ 19.

**Response to ¶ 20**

Harvard does not dispute ¶ 20.

**Response to ¶ 21**

The Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation. *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

**Response to ¶ 22**

The Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation. *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

**Response to ¶ 23**

The Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

**Response to ¶ 24**

The Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

**Response to ¶ 25**

The Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

**Response to ¶ 26**

The Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

**Response to ¶ 27**

The Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

**Response to ¶ 28**

The Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

**Response to ¶ 29**

The Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

**Response to ¶ 30**

The Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

**Response to ¶ 31**

The Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

**Response to ¶ 32**

The Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

**Response to ¶ 33**

The Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

**Response to ¶ 34**

The Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

**Response to ¶ 35**

The Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

**Response to ¶ 36**

The Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

**Response to ¶ 37**

The Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

**Response to ¶ 38**

The Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

**Response to ¶ 39**

Harvard disputes ¶ 39.  *See* Ellsworth Ex. 55 at HARV00001400-01.

**Response to ¶ 40**

Harvard disputes SFFA's characterization of Connolly Ex. 62.  *See* Connolly Ex. 62.

**Response to ¶ 41**

Harvard disputes SFFA's characterization of Dean Khurana's testimony.  Dean Khurana's full testimony is available in context in Connolly Ex. 13 at 124:14-127:2 (Khurana Dep.).  Moreover, the Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

**Response to ¶ 42**

Harvard disputes SFFA's characterization of President Faust's testimony.  President Faust's full testimony is available in context in Connolly Ex. 8 at 30:15-31:17 (Faust Dep.).  Moreover, the Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

**Response to ¶ 43**

Harvard disputes SFFA's characterization of President Faust's testimony.  President Faust's full testimony is available in context in Connolly Ex. 8 at 291:14-293:24 (Faust Dep.).  President Faust testified that her "understanding of the idea" of mismatch theory "is that it has been entirely discredited."  *See* Connolly Ex. 8 at 293:10-11 (Faust Dep.).  President Faust also testified that "97 percent of our students graduate."  *See id.* at 293:24.

**Response to ¶ 44**

Harvard disputes SFFA's characterization of Dean Fitzsimmons's testimony.  Dean Fitzsimmons's full testimony is available in context in Connolly Ex. 9 at 409:11-410:22

(Fitzsimmons Dep.).  Moreover, the Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

### Response to ¶ 45

Harvard disputes SFFA's characterization of Dean Fitzsimmons's testimony.  Dean Fitzsimmons's full testimony is available in context in Connolly Ex. 9 at 409:11-410:22 (Fitzsimmons Dep.).

### Response to ¶ 46

The Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

### Response to ¶ 47

Harvard does not dispute ¶ 47.

### Response to ¶ 48

Harvard does not dispute ¶ 48.

### Response to ¶ 49

Harvard disputes SFFA's characterization of the purpose of its admissions process, either at the time of *Bakke* or today.  *See* Connolly Ex. 150 at HARV00066679-81.  Moreover, the Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 181 ¶ 6; Dkt. 193 at 15:17-17:18.

### Response to ¶ 50

Harvard disputes ¶ 50.  *See* Ellsworth Ex. 120 at 237:25-238:12, 443:5-13 (Fitzsimmons Dep.).

### Response to ¶ 51

Harvard does not dispute that in 2003, Harvard and other universities submitted an *amicus* brief to the U.S. Supreme Court in *Grutter v. Bollinger* that contains the quote in ¶ 51.

**Response to ¶ 52**

Harvard does not dispute ¶ 52.

**Response to ¶ 53**

Harvard does not dispute ¶ 53.

**Response to ¶ 54**

Harvard does not dispute ¶ 54.

**Response to ¶ 55**

Harvard disputes ¶ 55.  *See* Ellsworth Ex. 74 (Harvard College Admissions & Financial Aid, Application Requirements); Ellsworth Ex. 1 at 94:15-97:23 (McGrath 2015 Dep.).

**Response to ¶ 56**

Harvard does not dispute ¶ 56.

**Response to ¶ 57**

Harvard disputes ¶ 57.  *See* Ellsworth Ex. 55 at HARV00001408 (Interviewer Handbook 2014-15); Ellsworth Ex. 1 at 158:12-21, 177:20-178:17, 182:19-187:16; 190:11-19 (McGrath 2015 Dep.); Ellsworth Ex. 26 at 233:8-14 (Fitzsimmons Dep.).

**Response to ¶ 58**

Harvard does not dispute that the early action and regular decision admissions processes are generally the same.

**Response to ¶ 59**

Harvard does not dispute that the Admissions Office sends admissions decisions to early action applicants by mid-December and to regular decision applicants by late March.  *See* Ellsworth Ex. 75 (Application Timeline, Harvard College Admissions & Financial Aid).

**Response to ¶ 60**

Harvard does not dispute that it invests time, effort, and resources to recruit talented students.

**Response to ¶ 61**

Harvard does not dispute that its recruitment efforts include, among other things, mailing and emailing recruitment materials to certain college-bound students, sending admissions officers to various cities throughout the country to talk about Harvard, and arranging for on-campus visits and tours for visiting students.

**Response to ¶ 62**

Harvard disputes ¶ 62.  *See* Ellsworth Ex. 105 at 139:21-141:9 (Banks Dep.); Connolly Ex. 14 at 86:10-24 (Looby Dep.).

**Response to ¶ 63**

Harvard disputes ¶ 63.  *See* Ellsworth Ex. 105 at 139:21-141:9 (Banks Dep.); Connolly Ex. 14 at 86:10-24 (Looby Dep.).  Harvard does not dispute that it undertakes efforts to recruit students demonstrating excellence along many dimensions to apply to and matriculate at Harvard.

**Response to ¶ 64**

Harvard disputes ¶ 64.  *See* Ellsworth Ex. 55 at HARV00001408 (Interviewer Handbook 2014-2015); Connolly Ex. 16 at 184:11-22 (McGrath 2015 Dep.); Ex. 120 at 297:5-19 (Fitzsimmons Dep.).

**Response to ¶ 65**

Harvard does not dispute that it organizes its review of applications in approximately 20 geographic dockets.

**Response to ¶ 66**

Harvard does not dispute that its dockets vary widely in geographic size.  Harvard notes that the share of applicants for each docket changes from time to time.  *See* Connolly Ex. at 225:8-14 (McGrath 2015 Dep.).

**Response to ¶ 67**

Harvard does not dispute that the information in ¶ 67 was previously correct and notes that the personnel assigned to dockets and the geographic coverage of dockets changes from time to time.

**Response to ¶ 68**

Harvard does not dispute that the Reading Procedures contain written guidelines for how admissions officers should review files or that the Reading Procedures are distributed to admissions officers each year.

**Response to ¶ 69**

Harvard does not dispute ¶ 69.

**Response to ¶ 70**

Harvard does not dispute ¶ 70.

**Response to ¶ 71**

Harvard does not dispute ¶ 71.

**Response to ¶ 72**

Harvard does not dispute ¶ 72.

**Response to ¶ 73**

Harvard does not dispute ¶ 73.  Harvard notes that Connolly Ex. 29 does not contain HARV00001484-85.

**Response to ¶ 74**

Harvard does not dispute that the information in ¶ 74 was accurate before the Admissions Office moved to an electronic review platform.

**Response to ¶ 75**

Harvard does not dispute that the Ratings section contains 14 boxes representing 14 ratings for which the applicant can receive numerical scores, or that the Ratings include:  overall, academic, extracurricular, athletic, personal, teacher recommendation (up to four possible), a school support recommendation, two staff interview ratings (overall and personal), and two alumni interview ratings (overall and personal).

**Response to ¶ 76**

Harvard does not dispute that first readers may use the notes section to briefly summarize the application or other pertinent information.   *See* Ellsworth Ex. 57 at HARV00015421 (Reading Procedures, Class of 2018).

**Response to ¶ 77**

Harvard does not dispute that first readers may use the comments section to provide a lengthier assessment of the quality of the application.  *See* Ellsworth Ex. 57 at HARV00015414 (Reading Procedures, Class of 2018).

**Response to ¶ 78**

Harvard disputes ¶ 78.  *See* Ellsworth Ex. 47 at HARV00097327.

**Response to ¶ 79**

Harvard does not dispute that numerical ratings can be modified with a plus or minus. *See* Ellsworth Ex. 142.

**Response to ¶ 80**

Harvard disputes ¶ 80.  *See* Connolly Ex. 29 at HARV00001443.

**Response to ¶ 81**

Harvard disputes ¶ 81.  *See* Connolly Ex. 29 at HARV00001443.

**Response to ¶ 82**

Harvard disputes ¶ 82.  *See* Connolly Ex. 29 at HARV00001443.

**Response to ¶ 83**

Harvard disputes ¶ 83.  *See* Connolly Ex. 29 at HARV00001443.

**Response to ¶ 84**

Harvard disputes ¶ 84.  *See* Ellsworth Ex. 101 at 132:17-133:5 (Yong Dep.).

**Response to ¶ 85**

Harvard disputes ¶ 85.  *See* Connolly Ex. 29 at HARV00001443-44.

**Response to ¶ 86**

Harvard disputes ¶ 86.  *See* Ellsworth Ex. 149 ¶ 9 (Worth Decl.).

**Response to ¶ 87**

Harvard disputes ¶ 87.  *See* Connolly Ex. 29 at HARV90001442, 44.

**Response to ¶ 88**

Harvard disputes SFFA's characterization of the Reading Procedures.  The full Reading Procedures guidelines for the personal rating are available in context in Connolly Ex. 29 at HARV00001442.

**Response to ¶ 89**

Harvard disputes ¶ 89 and SFFA's characterization of Director McGrath's testimony. Director McGrath's full testimony is available in context in Ellsworth Ex. 1 at 171:9-24 (McGrath 2015 Dep.).

**Response to ¶ 90**

Harvard disputes SFFA's characterization of the testimony of Harvard witnesses.  Ms. Cheng's full testimony is available in context in Connolly Ex. 5 at 72:10-24 (Cheng Dep.). Director Donahue's full testimony is available in context in Connolly Ex. 6 at 158:13-159:24 (Donahue Dep.).  Mr. Looby's full testimony is available in context in Connolly Ex. 14 at 50:2-52:07 (Looby Dep.).  Director McGrath's full testimony is available in context in Ellsworth Ex. 1 (McGrath 2015 Dep.) at 171:9-24; Connolly Ex. 16 at 164:11-165:6 (McGrath 2015 Dep.); Connolly Ex. 17 at 359:16-360:13 (McGrath 2017 Dep.).  Ms. Ray's full testimony is available in context in Connolly Ex. 20 at 21:15-22:22 (Ray Dep.).  Mr. Walsh's full testimony is available in context in Connolly Ex. 24 at 60:3-61:11 (Walsh Dep.).

**Response to ¶ 91**

Harvard disputes SFFA's characterization of Dean Fitzsimmons's testimony.  Dean Fitzsimmons's full testimony is available in context at Connolly Ex. 9 at 239:2-17 (Fitzsimmons Dep.).  Harvard disputes SFFA's characterization of Director Donahue's testimony.  Director Donahue's full testimony is available in context at Connolly Ex. 6 at 191:15-192:9 (Donahue Dep.).  Harvard disputes SFFA's characterization of Connolly Ex. 29 at HARV00001444.  *See* Connolly Ex. 29 at HARV00001444.

**Response to ¶ 92**

Harvard does not dispute ¶ 92.  Harvard notes that Connolly Ex. 6 at 193:22-194:15 (Donahue Dep.) does not address whether alumni interviewers assign academic and extracurricular ratings.

**Response to ¶ 93**

Harvard disputes SFFA's characterization of Connolly Exs. 35, 29, and 83.  *See* Connolly Exs. 35, 29, and 83.

**Response to ¶ 94**

Harvard disputes ¶ 94.  *See* Ellsworth Ex. 1 at 55:4-17 (McGrath 2015 Dep.); Ellsworth Ex. 101 at 91:23-92:2 (Yong Dep.); Ellsworth Ex. 112 at 262:6-13 (Howrigan Dep.); Ellsworth Ex. 113 at 99:3-100:1 (Walsh Dep.).

**Response to ¶ 95**

Harvard does not dispute ¶ 95.

**Response to ¶ 96**

Harvard does not dispute that Arcidiacono Ex. B includes the data in ¶ 96 but disputes SFFA's characterization of the data.

**Response to ¶ 97**

Harvard disputes ¶ 97.   *See* Ellsworth Ex. 149 ¶ 9 (Worth Decl.); Ellsworth Ex. 99 at 194:4-6 (Weaver Dep.).

**Response to ¶ 98**

Harvard disputes SFFA's characterization of the Reading Procedures.  The full Reading Procedures guidelines for the overall rating are available in context at Connolly Ex. 29 at HARV00001442-1443.

**Response to ¶ 99**

Harvard does not dispute ¶ 99.

**Response to ¶ 100**

Harvard disputes ¶ 100.  *See* Ellsworth Ex. 1 at 173:18-24 (McGrath 2015 Dep.).

**Response to ¶ 101**

Harvard disputes SFFA's characterization of Connolly Ex. 16 at 175:15-176:12 (McGrath Dep.) and Connolly Ex. 29 at HARV00001450-51.  *See* Connolly Ex. 16 at 175:15-176:12 (McGrath Dep.) and Connolly Ex. 29 at HARV00001450-51.

**Response to ¶ 102**

Harvard disputes ¶ 102.  *See* Ellsworth Ex. 1 at 176:18-177:8 (McGrath 2015 Dep.)

**Response to ¶ 103**

Harvard does not dispute ¶ 103.

**Response to ¶ 104**

Harvard does not dispute ¶ 104.

**Response to ¶ 105**

Harvard does not dispute ¶ 105.

**Response to ¶ 106**

Harvard does not dispute ¶ 106.

**Response to ¶ 107**

Harvard disputes ¶ 107.  *See* Connolly Ex. 16 at 212:10-12 (McGrath 2015 Dep.); Connolly Ex. 9 at 280:11-281:3, 282:17-19 (Fitzsimmons Dep.).

**Response to ¶ 108**

Harvard disputes SFFA's characterization of Director McGrath's testimony.  Director McGrath's full testimony is available in context in Connolly Ex. 16 at 211:12-215:14 (McGrath 2015 Dep.).

**Response to ¶ 109**

Harvard disputes SFFA's characterization of Director McGrath's testimony.  Director McGrath's full testimony is available in context in Connolly Ex. 16 at 211:12-215:14 (McGrath 2015 Dep.).

**Response to ¶ 110**

Harvard disputes ¶ 110.   *See* Ellsworth Ex. 55 at HARV00001408 (Interviewer Handbook 2014-2015); Connolly Ex. 16 at 184:11-22 (McGrath 2015 Dep.); Ellsworth Ex. 120 at 297:5-19 (Fitzsimmons Dep.).

**Response to ¶ 111**

Harvard disputes ¶ 111.   *See* Connolly Ex. 9, 281:4-282:19 (Fitzsimmons Dep.); Connolly Ex. 69 at HARV00010476-77.

**Response to ¶ 112**

Harvard disputes ¶ 112.  *See* Ellsworth Ex. 120 at 279:17-281:3, 297:5-19 (Fitzsimmons Dep.); Connolly Ex. 20 at 41:3-12 (Ray Dep.); Ellsworth Ex. 112 at 47:24-48:23 (Howrigan Dep.); Ellsworth Ex. 113 at 53:17-54:8 (Walsh Dep.); Ellsworth Ex. 55 at HARV00001408 (Interviewer Handbook 2014-2015); Ellsworth Ex. 98 at 190:20-191:24 (McGrath 2015 Dep.).

**Response to ¶ 113**

Harvard does not dispute ¶ 113.

**Response to ¶ 114**

Harvard disputes ¶ 114.   *See* Ellsworth Ex. 55 at HARV00001408 (Interviewer Handbook 2014-2015); Connolly Ex. 16 at 184:11-22 (McGrath 2015 Dep.); Ellsworth Ex. 120 at 297:5-19 (Fitzsimmons Dep.).

**Response to ¶ 115**

Harvard disputes ¶ 115.  *See* Connolly Ex. 141 at HARV00057292.

**Response to ¶ 116**

Harvard disputes ¶ 116.  *See* Ellsworth Ex. 1 at 177:1-8 (McGrath 2015 Dep.).

**Response to ¶ 117**

Harvard disputes ¶ 117.  *See* Ellsworth Ex. 149 ¶ 16 (Worth Decl.).

### Response to ¶ 118

Harvard disputes ¶ 118.  *See* Ellsworth Ex. 55 at HARV00001408 (Interviewer Handbook 2014-2015); Connolly Ex. 16 at 184:11-22 (McGrath 2015 Dep.); Ellsworth Ex. 120 at 297:5-19 (Fitzsimmons Dep.).

### Response to ¶ 119

Harvard disputes ¶ 119.  *See* Connolly Ex. 9 at 279:17-281:3 (Fitzsimmons Dep.); Ellsworth Ex. 120 at 297:5-19 (Fitzsimmons Dep.); Connolly Ex. 20 at 41:3-12 (Ray Dep.); Ellsworth Ex. 112 at 47:24-48:23 (Howrigan Dep.); Ellsworth Ex. 113 at 53:17-54:8 (Walsh Dep.); Ellsworth Ex. 55 at HARV00001408 (Interviewer Handbook 2014-2015); Connolly Ex. 16 at 184:11-22 (McGrath 2015 Dep.).

### Response to ¶ 120

Harvard disputes ¶ 120.  *See* Ellsworth Ex. 26 at 311:12-17 (Fitzsimmons Dep.); Ellsworth Ex. 112 at 20:9-14 (Howrigan Dep.); Connolly Ex. 11 at 148:3-7 (Howrigan Dep.).

### Response to ¶ 121

Harvard disputes ¶ 121. *See* Connolly Ex. 101 at HARV0002128424; Connolly Ex. 223 at HARV00016809; Connolly Ex. 89 at HARV0001678434; Connolly Ex. 70 at HARV00010499.

### Response to ¶ 122

Harvard disputes ¶ 122.  *See* Ellsworth Ex. 120 at 101:18-102:4 (Fitzsimmons Dep.); Ellsworth Ex. 109 at 260:22-261:8 (Donahue Dep.); Ellsworth Ex. 112 at 20:9-14, 148:3-7 (Howrigan Dep.).  Harvard notes that Connolly Ex. 26 at 125:6-127:9 (Yong Dep.) contains no information about whether Harvard's electronic database is updated daily.

**Response to ¶ 123**

Harvard disputes ¶ 123.  *See* Ellsworth Ex. 120 at 101:18-102:4 (Fitzsimmons Dep.); Ellsworth Ex. 109 at 260:22-261:8 (Donahue Dep.); Ellsworth Ex. 112 at 20:9-14, 148:3-7 (Howrigan Dep.).

**Response to ¶ 124**

Harvard disputes ¶ 124.  *See* Ellsworth Ex. 1 at 74:14-75:1 (McGrath Dep.).

**Response to ¶ 125**

Harvard disputes ¶ 125.  *See* Connolly Ex. 31 at HARV00001733-34.

**Response to ¶ 126**

Harvard disputes ¶ 126.  *See* Ellsworth Ex. 1 at 177:1-8 (McGrath 2015 Dep.).

**Response to ¶ 127**

Harvard disputes ¶ 127.  *See* Ellsworth Ex. 149 ¶ 16 (Worth Decl.).

**Response to ¶ 128**

Harvard disputes ¶ 128.  In the full committee, there is a "one person-one vote" system in which each member of the approximately 40-person committee votes on whether to admit an applicant.  *See* Ellsworth Ex. 26 at 52:10-12 (Fitzsimmons Dep.); *see also* Ellsworth Ex. 98 at 193:16-194:5 (McGrath 2015 Dep.).  When a vote occurs, a "majority vote … decide[s] whether a student is admitted, wait-listed, or denied."  *See* Ellsworth Ex. 110 at 49:10-13 (Ray Dep.).

**Response to ¶ 129**

Harvard does not dispute ¶ 129.

**Response to ¶ 130**

Harvard does not dispute that Director McGrath's deposition contains the language quoted in ¶ 130.

**Response to ¶ 131**

Harvard disputes ¶ 131.   *See* Ellsworth Ex. 120 at 311:18-312:4 (Fitzsimmons Dep.);
Ellsworth Ex. 109 at 233:13-235:13, 236:116-23 (Donahue Dep.).

**Response to ¶ 132**

Harvard disputes ¶ 132.  *See* Ellsworth Ex. 120 at 101:18-102:4 (Fitzsimmons Dep.);
Ellsworth Ex. 109 at 260:22-261:8 (Donahue Dep.); Ellsworth Ex. 112 at 20:9-14, 148:3-7
(Howrigan Dep.).

**Response to ¶ 133**

Harvard  disputes ¶ 133.   *See*  Ellsworth  Ex.  120  at  316:7-21  (Fitzsimmons  Dep.);
Connolly Ex. 16 at 199:17-22 (McGrath 2015 Dep.).

**Response to ¶ 134**

Harvard does not dispute that near the end of the regular decision process, the Dean and
Director of Admissions confirm the final target number and determine whether any applicants
must be "lopped" from the class of students that Harvard preliminarily intends to offer admission
to reach that number.  *See* Ellsworth Ex. 120 at 317:22-318:9 (Fitzsimmons Dep.); Ellsworth Ex.
105 at 115:2-9 (Banks Dep.).

**Response to ¶ 135**

Harvard disputes SFFA's characterization of Connolly Ex. 68.  *See* Connolly Ex. 68.

**Response to ¶ 136**

Harvard disputes ¶ 136.  *See* Ellsworth Ex. 129 at HARV00066298; Ellsworth Ex. 99 at
248:24-251:9 (Weaver 2017 Dep.); Ellsworth Ex. 113 at 94:4-17, 130:2-24 (Walsh Dep.).

**Response to ¶ 137**

Harvard disputes ¶ 137.  *See* Ex. 102 at 137:17-138:2, 139:9-14 (Cheng Dep.).

**Response to ¶ 138**

Harvard does not dispute ¶ 138.

**Response to ¶ 139**

Harvard disputes ¶ 139.  *See* Ellsworth Ex. 47 at HARV00097314 (Smith Committee Report); Ellsworth Ex. 80 (Fact Sheet, Griffin Financial Aid Office, Harvard College).

**Response to ¶ 140**

Harvard does not dispute ¶ 140.

**Response to ¶ 141**

Harvard does not dispute ¶ 141.

**Response to ¶ 142**

Harvard disputes ¶ 142.  *See* Connolly Ex. 18 at 186:9-19 (Ortiz Dep.); Connolly Ex. 11 at 68:17-69:10 (Howrigan Dep.); Ellsworth Ex. 149 ¶¶ 23-24 (Worth Decl.).

**Response to ¶ 143**

Harvard disputes ¶ 143.  *See* Connolly Ex. 14 at 213:2-216:8 (Looby Dep.).

**Response to ¶ 144**

Harvard does not dispute ¶ 144.

**Response to ¶ 145**

Harvard does not dispute that it offers some applicants deferred admission each year.  *See* Ex. 102 at 138:6-9 (Cheng Dep.).

**Response to ¶ 146**

Harvard does not dispute that it offers some applicants deferred admission each year.  *See* Ex. 138 at 138:6-9 (Cheng Dep.).

**Response to ¶ 147**

Harvard disputes ¶ 147.  *See* Ellsworth Ex. 123 at 139:8-21 (Smith 2018 Dep.); Ellsworth Ex. 110 at 240:1-15 (Ray Dep.); Ellsworth Ex. 102 at 136:23-137:2 (Cheng Dep.).

**Response to ¶ 148**

Harvard disputes ¶ 148.  *See* Ellsworth Ex. 123 at 139:8-21 (Smith 2018 Dep.); Ellsworth Ex. 110 at 240:1-15 (Ray Dep.); Ellsworth Ex. 102 at 136:24-137:2 (Cheng Dep.).

**Response to ¶ 149**

Harvard disputes SFFA's characterization of Connolly Ex. 83 at HARV00015816.  *See* Connolly Ex. 83 at HARV00015816.

**Response to ¶ 150**

Harvard does not dispute ¶ 150.

**Response to ¶ 151**

Harvard does not dispute ¶ 151.

**Response to ¶ 152**

Harvard disputes ¶ 152.  *See* Ellsworth Ex. 26 at 50:16-20, 51:24-52:20, 233:12-236:2, 238:4-12, 238:23-239:17 (Fitzsimmons Dep.); Ellsworth Ex. 52 (2012 Casebook); Ellsworth Ex. 53 (2012 Casebook Discussion Guide); Ellsworth Ex. 55 at HARV00001400-02 (Interviewer Handbook 2014-2015); Ellsworth Ex. 6 at 33:12-35:1 (Cheng Dep.); Ellsworth Ex. 47 at HARV00097325-26 (Smith Committee Report); Ellsworth Ex. 33 ¶ 178 (Card Report); Ellsworth Ex. 37 ¶¶ 91-92, 118-119, 145 (Card Rebuttal).

**Response to ¶ 153**

Harvard disputes ¶ 153.  *See* Ellsworth Ex. 26 at 50:16-20, 51:24-52:20, 233:12-236:2, 238:4-12, 238:23-239:17 (Fitzsimmons Dep.); Ellsworth Ex. 52 (2012 Casebook); Ellsworth Ex. 53 (2012 Casebook Discussion Guide); Ellsworth Ex. 55 at HARV00001400-02 (Interviewer

Handbook 2014-2015); Ellsworth Ex. 6 at 33:12-35:1 (Cheng Dep.); Ellsworth Ex. 47 at HARV00097325-26 (Smith Report); Ellsworth Ex. 33 ¶ 178 (Card Report); Ellsworth Ex. 37 ¶¶ 91-92, 118-119, 145 (Card Rebuttal).

### Response to ¶ 154

Harvard disputes ¶ 154.  *See* Connolly Ex. 29 at HARV00001441-44; *see also* Ellsworth Ex. 55 at HARV00001401-02.

### Response to ¶ 155

Harvard disputes SFFA's characterization of its institutional and educational objectives related to diversity.  *See* Ellsworth Ex. 68 (Mission Vision and History, Harvard College, Harvard University); Ellsworth Ex. 4 at 24:1-4 (Faust Dep.); Ellsworth Ex. 41 at HARV00030419, HARV00030450 (Rudenstine Report); Ellsworth Ex. 45 at HARV00008069 (Khurana Report).

### Response to ¶ 156

Harvard disputes SFFA's characterization of its institutional mission.  Diversity of many kinds, including but not limited to racial diversity, is essential to Harvard's mission.  *See* Ellsworth Ex. 4 at 24:1-4, 196:3-8 (Faust Dep.); Ellsworth Ex. 8 at 71:18-22 (Khurana Dep.); Ellsworth Ex. 26 at 55:14-21, 200:24-201:22 (Fitzsimmons Dep.); Ellsworth Ex. 1 at 232:8-16 (McGrath 2015 Dep.); Ellsworth Ex. 55 at HARV00001401 (Interviewer Handbook 2014-2015).

### Response to ¶ 157

Harvard disputes SFFA's characterization of the testimony of Harvard witnesses.  Dean Fitzsimmons's full testimony is available in context at Connolly Ex. 9 at 153:10-154:13 (Fitzsimmons Dep.).  Dean Khurana's full testimony is available in context at Connolly Ex. 13 at 128:5-129:21 (Khurana Dep.).  Dean Smith's full testimony is available in context at Connolly Ex. 22 at 54:22-57:22 (Smith Dep.).  Director Donahue's full testimony is available in context at

Ex. 6 at 183:18-185:13 (Donahue Dep.).   Director McGrath's full testimony is available in context at Connolly Ex. 16 at 239:7-240:5, 247:23-248:17 (McGrath 2015 Dep.).   President Faust's full testimony is available in context at Connolly Ex. 8 at 24:17-25:21 (Faust Dep.).

Harvard does not dispute that it does not use the term "critical mass," but Harvard has determined that the educational benefits of diversity are "essential to [Harvard's] pedagogical objectives and institutional mission," *see* Ellsworth Ex. 45 at HARV00008069 (Khurana Report), and Harvard seeks a diverse student body in order to achieve those educational benefits, *see id.*; Ellsworth Ex. 70 (Faculty Unanimously Endorse Student Body Diversity, Harvard Crimson (Feb. 3, 2016)); Ellsworth Ex. 68 (Mission Vision and History, Harvard College, Harvard University); Ellsworth Ex. 47 at HARV00097310-12, 17; Ellsworth Ex. 41 at HARV00030419 (Rudenstine Report); Ellsworth Ex. 100 at 23:20-24:4 (Faust Dep.); Ellsworth Ex. 8 at 71:18-22 (Khurana Dep.); Ellsworth Ex. 26 at 253:4-12 (Fitzsimmons Dep.); Ellsworth Ex. 1 at 232:8-16 (McGrath 2015 Dep.).   "[T]he significant decline in racial diversity that would flow from eliminating the consideration of race in the admissions process would prevent Harvard from achieving its diversity-related educational objectives."   *See* Ellsworth Ex. 47 at HARV00097317 (Smith Committee Report).

### Response to ¶ 158

Harvard disputes SFFA's characterization of Director McGrath's testimony.   Director McGrath's full testimony is available in context in Connolly Ex. 16 at 239:7-241:23 (McGrath 2015 Dep.).

### Response to ¶ 159

Harvard disputes SFFA's characterization of the testimony of Harvard witnesses. Director Donahue's full testimony is available in context in Connolly Ex. 6 at 183:18-185:13 (Donahue Dep.).   Director McGrath's full testimony is available in context in Connolly Ex. 16 at

239:7-240:5, 247:23-248:17 (McGrath 2015 Dep.).  Dean Khurana's full testimony is available in context in Connolly Ex. 13 at 128:5-129:21 (Khurana Dep.).  Dean Fitzsimmons's full testimony is available in context in Connolly Ex. 9 at 153:10-154:13 (Fitzsimmons Dep.). President Faust's full testimony is available in context in Connolly Ex. 8 at 24:17-25:21 (Faust Dep.).

Harvard does not dispute that it does not use the term "critical mass," but Harvard has determined that the educational benefits of diversity are "essential to [Harvard's] pedagogical objectives and institutional mission," *see* Ellsworth Ex. 45 at HARV00008069 (Khurana Report), and Harvard seeks a diverse student body in order to achieve those educational benefits, *see id.*; Ellsworth Ex. 70 (Faculty Unanimously Endorse Student Body Diversity, Harvard Crimson (Feb. 3, 2016)); Ellsworth Ex. 68 (Mission Vision and History, Harvard College, Harvard University); Ellsworth Ex. 47 at HARV00097310-12, 17; Ellsworth Ex. 41 at HARV00030419 (Rudenstine Report); Ellsworth Ex. 100 at 23:20-24:4 (Faust Dep.); Ellsworth Ex. 8 at 71:18-22 (Khurana Dep.); Ellsworth Ex. 26 at 253:4-12 (Fitzsimmons Dep.); Ellsworth Ex. 1 at 232:8-16 (McGrath 2015 Dep.).  "[T]he significant decline in racial diversity that would flow from eliminating the consideration of race in the admissions process would prevent Harvard from achieving its diversity-related educational objectives."  *See* Ellsworth Ex. 47 at HARV00097317 (Smith Committee Report).

### **Response to ¶ 160**

Harvard disputes SFFA's characterization of President Faust's testimony. President Faust's full testimony is available in context in Connolly Ex. 8 at 25:3-21 (Faust Dep.).

### **Response to ¶ 161**

Harvard disputes SFFA's characterization of the testimony of Harvard witnesses. Director Donahue's full testimony is available in context in Connolly Ex. 6 at 183:18-185:13

(Donahue Dep.).   Dean Khurana's full testimony is available in context in Connolly Ex. 13 at 128:5-129:21 (Khurana Dep.).   Director McGrath's full testimony is available in context in Connolly Ex. 16 at 239:7-240:5, 247:23-248:17 (McGrath 2015 Dep.).   Dean Fitzsimmons's full testimony is available in context in Connolly Ex. 9 at 153:10-154:13 (Fitzsimmons Dep.). President Faust's full testimony is available in context in Connolly Ex. 8 at 25:3-21 (Faust Dep.).

Harvard does not dispute that it does not use the term "critical mass," but Harvard has determined that the educational benefits of diversity are "essential to [Harvard's] pedagogical objectives and institutional mission," *see* Ellsworth Ex. 45 at HARV00008069 (Khurana Report), and Harvard seeks a diverse student body in order to achieve those educational benefits, *see id.*; Ellsworth Ex. 70 (Faculty Unanimously Endorse Student Body Diversity, Harvard Crimson (Feb. 3, 2016)); Ellsworth Ex. 68 (Mission Vision and History, Harvard College, Harvard University); Ellsworth Ex. 47 at HARV00097310-12, 17; Ellsworth Ex. 41 at HARV00030419 (Rudenstine Report); Ellsworth Ex. 100 at 23:20-24:4 (Faust Dep.); Ellsworth Ex. 8 at 71:18-22 (Khurana Dep.); Ellsworth Ex. 26 at 253:4-12 (Fitzsimmons Dep.); Ellsworth Ex. 1 at 232:8-16 (McGrath 2015 Dep.).   "[T]he significant decline in racial diversity that would flow from eliminating the consideration of race in the admissions process would prevent Harvard from achieving its diversity-related educational objectives."   *See* Ellsworth Ex. 47 at HARV00097317 (Smith Committee Report).

### **Response to ¶ 162**

Harvard disputes SFFA's characterization of Dean Fitzsimmons's testimony.   Dean Fitzsimmons's full testimony is available in context in Connolly Ex. 9 at 153:10-154:13 (Fitzsimmons Dep.).   Harvard disputes SFFA's characterization of President Faust's testimony. President Faust's full testimony is available in context in Connolly Ex. 8 at 25:3-21 (Faust Dep.).

Harvard does not dispute that it does not use the term "critical mass," but Harvard has determined that the educational benefits of diversity are "essential to [Harvard's] pedagogical objectives and institutional mission," *see* Ellsworth Ex. 45 at HARV00008069 (Khurana Report), and Harvard seeks a diverse student body in order to achieve those educational benefits, *see id.*; Ellsworth Ex. 70 (Faculty Unanimously Endorse Student Body Diversity, Harvard Crimson (Feb. 3, 2016)); Ellsworth Ex. 68 (Mission Vision and History, Harvard College, Harvard University); Ellsworth Ex. 47 at HARV00097310-12, 17; Ellsworth Ex. 41 at HARV00030419 (Rudenstine Report); Ellsworth Ex. 100 at 23:20-24:4 (Faust Dep.); Ellsworth Ex. 8 at 71:18-22 (Khurana Dep.); Ellsworth Ex. 26 at 253:4-12 (Fitzsimmons Dep.); Ellsworth Ex. 1 at 232:8-16 (McGrath 2015 Dep.).   "[T]he significant decline in racial diversity that would flow from eliminating the consideration of race in the admissions process would prevent Harvard from achieving its diversity-related educational objectives."   *See* Ellsworth Ex. 47 at HARV00097317 (Smith Committee Report).

## **Response to ¶ 163**

Harvard disputes SFFA's characterization of the testimony of Harvard witnesses. Director Donahue's full testimony is available in context in Connolly Ex. 6 at 184:4-185:13 (Donahue Dep.).  Dean Fitzsimmons's full testimony is available in context in Connolly Ex. 9 at 153:10-154:13 (Fitzsimmons Dep.).  President Faust's full testimony is available in context in Connolly Ex. 8 at 24:17-25:21 (Faust Dep.).

Harvard does not dispute that it does not use the term "critical mass," but Harvard has determined that the educational benefits of diversity are "essential to [Harvard's] pedagogical objectives and institutional mission," *see* Ellsworth Ex. 45 at HARV00008069 (Khurana Report), and Harvard seeks a diverse student body in order to achieve those educational benefits, *see id.*; Ellsworth Ex. 70 (Faculty Unanimously Endorse Student Body Diversity, Harvard Crimson (Feb.

3, 2016)); Ellsworth Ex. 68 (Mission Vision and History, Harvard College, Harvard University);
Ellsworth Ex. 47 at HARV00097310-12, 17; Ellsworth Ex. 41 at HARV00030419 (Rudenstine
Report); Ellsworth Ex. 100 at 23:20-24:4 (Faust Dep.); Ellsworth Ex. 8 at 71:18-22 (Khurana
Dep.); Ellsworth Ex. 26 at 253:4-12 (Fitzsimmons Dep.); Ellsworth Ex. 1 at 232:8-16 (McGrath
2015 Dep.).  "[T]he significant decline in racial diversity that would flow from eliminating the
consideration of race in the admissions process would prevent Harvard from achieving its
diversity-related educational objectives."  *See* Ellsworth Ex. 47 at HARV00097317 (Smith
Committee Report).

### Response to ¶ 164

Harvard does not dispute that it does not seek to achieve a specific range or quantified
level of racial diversity.  *See* Ellsworth Ex. 47 at HARV00097317 (Smith Committee Report);
Ellsworth Ex. 7 at 57:7-22 (Smith 2017 Dep.).

### Response to ¶ 165

Harvard disputes ¶ 165.  The Court has allowed Harvard's motion for judgment on the
pleadings for SFFA's claim that Harvard does not use race merely to decide who will fill the
final seats in a class.  *See* Dkt. 525 at 2.

### Response to ¶ 166

Harvard disputes ¶ 166.  When an applicant chooses to disclose his or her race, Harvard
may take race into account as one of many factors that it considers in the admissions process.
*See* Ellsworth Ex. 14 at 54:11-23 (Ortiz Dep.); Connolly Ex. 16 at 263:17-264:2 (McGrath 2015
Dep.); Ellsworth Ex. 99 at 314:4-9 (Weaver Dep.).

### Response to ¶ 167

Harvard disputes SFFA's characterization of President Faust's testimony.  President
Faust's full testimony is available in context in Ellsworth Ex. 100 at 52:6-21 (Faust Dep.).

**Response to ¶ 168**

Harvard disputes ¶ 168.  *See* Ellsworth Ex. 7 at 78:14-24 (Smith 2017 Dep.); Ellsworth Ex. 26 at 335:20-336:15 (Fitzsimmons Dep.); Ellsworth Ex. 98 at 194:6-10 (McGrath 2015 Dep.); Ellsworth Ex. 33 ¶¶ 193-194 & Card Ex. 31-34 (Card Report); Ellsworth Ex. 35 at 58 (Arcidiacono Rebuttal).  Director McGrath's full testimony is available in context at Connolly Ex. 16 at 248:12-249:2 (McGrath Dep.).

**Response to ¶ 169**

Harvard disputes ¶ 169.  Director McGrath's testimony is available in context at Connolly Ex. 16 at 240:6-19 (McGrath 2015 Dep.).

**Response to ¶ 170**

Harvard disputes ¶ 170.  Director McGrath's testimony is available in context at Connolly Ex. 16 at 240:6-19 (McGrath 2015 Dep.).

**Response to ¶ 171**

Harvard disputes ¶ 171.  Director McGrath's testimony is available in context at Connolly Ex. 16 at 199:10-200:5 (McGrath 2015 Dep.).

**Response to ¶ 172**

Harvard disputes ¶ 172.  Director McGrath's testimony is available in context at Connolly Ex. 16 at 211:12-213:2 (McGrath 2015 Dep.).

**Response to ¶ 173**

Harvard disputes ¶ 173.  *See* Ellsworth Ex. 1 at 145:11-147:12 (McGrath 2015 Dep.); Ellsworth Ex. 49 at HARV00003562 (The Common Application); Ellsworth Ex. 50 at HARV00003557 (Universal College Application); Ellsworth Ex. 95 at 1 (Coalition Application).

### Response to ¶ 174

Harvard disputes ¶ 174.  *See* Ellsworth Ex. 1 at 145:11-147:12 (McGrath 2015 Dep.); Ellsworth Ex 49 at HARV00003562 (The Common Application); Ellsworth Ex. 50 at HARV00003557 (Universal College Application); Ellsworth Ex. 95 (Coalition Application).

### Response to ¶ 175

Harvard does not dispute that, for the Classes of 2014-2019, roughly 10,000 applicants chose not to answer questions about their race.  *See* Ellsworth Ex. 33 ¶¶ 7, 111 (Card Report). Harvard does not dispute that when an applicant does not choose to self-identify with a particular race, Harvard makes no attempt to identify the applicant's race and instead reports it as unknown.  *See* Ellsworth Ex. 1 at 145:11-147:12, 149:18-150:23, 152:19-153:2 (McGrath 2015 Dep.).

### Response to ¶ 176

Harvard does not dispute that it has used three methodologies, the Old Methodology, New Methodology, and federal Integrated Postsecondary Education Data System (IPEDS), to report applicants by race.

### Response to ¶ 177

Harvard does not dispute ¶ 177.

### Response to ¶ 178

Harvard does not dispute ¶ 178.

### Response to ¶ 179

Harvard does not dispute that the New Methodology counts every box that an applicant checks.

### Response to ¶ 180

Harvard does not dispute ¶ 180.

**Response to ¶ 181**

Harvard disputes ¶ 181.  Ms. Yong's full testimony is available in context in Connolly Ex. 26 at 135:24-136:6, 137:15-138:11 (Yong Dep.).

**Response to ¶ 182**

Harvard disputes ¶ 182.  *See* Ellsworth Ex. 82.

**Response to ¶ 183**

Harvard disputes SFFA's characterization of Connolly Ex. 133.  *See* Connolly Ex. 133 at HARV00030510-11.

**Response to ¶ 184**

Harvard disputes ¶ 184.  When an applicant does not choose to self-identify with a particular race, Harvard makes no attempt to identify the applicant's race and instead reports the applicant's race as unknown.  *See* Ellsworth Ex. 1 at 145:11-147:12, 149:18-150:23, 152:19-153:2 (McGrath 2015 Dep.); Ellsworth Ex. 6 at 114:9-115:18 (Cheng Dep.); Ellsworth Ex. 9 at 190:10-14 (Banks Dep.).

**Response to ¶ 185**

Harvard disputes ¶ 185.  When an applicant does not choose to self-identify with a particular race, Harvard makes no attempt to identify the applicant's race and instead reports the applicant's race as unknown.  *See* Ellsworth Ex. 1 at 145:11-147:12, 149:18-150:23, 152:19-153:2 (McGrath 2015 Dep.); Ellsworth Ex. 6 at 114:9-115:18 (Cheng Dep.); Ellsworth Ex. 9 at 190:10-14 (Banks Dep.).

**Response to ¶ 186**

Harvard does not dispute that at the beginning of each admissions cycle, the Admissions Office purchases the contact information of certain high school students who have taken the

PSAT, the SAT, the ACT, or AP exams.  The number of students for whom the Admissions Office purchases contact information changes from year to year.

### Response to ¶ 187

Harvard does not dispute that the Admissions Office sends every student whose contact information it has purchased and who has a valid mailing address a letter and adds every student whose contact information it has purchased with a valid email address to its emailing list.

### Response to ¶ 188

Harvard disputes SFFA's characterization of Connolly Ex. 83.  *See* Connolly Ex. 83 at HARV00015828-29.

### Response to ¶ 189

Harvard disputes ¶ 189.  *See* Connolly Ex. 9 at 60:6-24 (Fitzsimmons Dep.).

### Response to ¶ 190

Harvard disputes ¶ 190.  *See* Ellsworth Ex. 47 at HARV00097313-14 (Smith Committee Report).

### Response to ¶ 191

Harvard disputes ¶ 191.  *See* Ellsworth Ex. 47 at HARV00097313-14 (Smith Committee Report).

### Response to ¶ 192

Harvard disputes ¶ 192.  *See* Ellsworth Ex. 47 at HARV00097313-14 (Smith Committee Report).

### Response to ¶ 193

Harvard disputes ¶ 193.  *See* Connolly Ex. 9 at 60:6-24 (Fitzsimmons Dep.).  Dean Fitzsimmons's full testimony is available in context at Connolly Ex. 9 at 333:20-335:8 (Fitzsimmons Dep.).

### Response to ¶ 194

Harvard does not dispute ¶ 194.

### Response to ¶ 195

Harvard does not dispute ¶ 195.

### Response to ¶ 196

Harvard disputes ¶ 196.  *See, e.g.*, Ellsworth Ex. 37 at ¶¶ 93-99.

### Response to ¶ 197

Harvard does not dispute ¶ 197.

### Response to ¶ 198

Harvard disputes ¶ 198.  *See* Connolly Ex. 29 at HARV00001439.

### Response to ¶ 199

Harvard disputes ¶ 199.  *See* Ellsworth Ex. 55 at HARV00001402 (Interviewer Handbook 2014-2015); Ellsworth Ex. 125 at HARV00000461 (Training Binder); Ellsworth Ex. 52 (2012 Casebook); Ellsworth Ex. 53 (2012 Casebook Discussion Guide); Ellsworth Ex. 26 at 234:15-236:2, 238:4-12 (Fitzsimmons Dep.); Ellsworth Ex. 102 at 34:21-35:16 (Cheng Dep.); Ellsworth Ex. 127 at HARV00013367-13472; Connolly Ex. 125.

### Response to ¶ 200

Harvard disputes SFFA's characterization of Connolly Exs. 65, 64, and 20.  *See* Connolly Exs. 65, 64, and 20.

### Response to ¶ 201

Harvard disputes SFFA's characterization of Connolly Ex. 50 at HARV00004943.  *See* Connolly Ex. 50 at HARV00004943.

**Response to ¶ 202**

Harvard disputes SFFA's characterization of Connolly Exs. 129 and 20.  *See* Connolly Exs. 129 and 20.  Harvard notes that Connolly Ex. 129 does not address the training sessions.

**Response to ¶ 203**

 Harvard disputes SFFA's characterization of Connolly Ex. 77.  *See* Connolly Ex. 77. Harvard disputes SFFA's characterization of Ms. Ray's testimony.  Ms. Ray's full testimony is available in context at Connolly Ex. 20 at 71:4-73:9 (Ray Dep.).

**Response to ¶ 204**

Harvard disputes ¶ 204.  *See* Connolly Ex. 18 at 153:3-20 (Ortiz Dep.); Connolly Ex. 20 at 132:22-133:21 (Ray Dep.).

**Response to ¶ 205**

Harvard disputes ¶ 205.  *See* Ellsworth Ex. 111 at 78:22-80:15, 160:17-24, 164:12-18 (Ortiz Dep.); Connolly Ex. 20 at 72:2-5, 74:22-75:4, 75:24-76:4 (Ray Dep.).

**Response to ¶ 206**

Harvard disputes SFFA's characterization of Connolly Ex. 77 at HARV00013376.  The PowerPoint slides that were shown to admissions officers are available in context at Ellsworth Ex. 127 at HARV00013376-94.

**Response to ¶ 207**

Harvard disputes SFFA's characterization of Connolly Ex. 119 at HARV00024974.  *See* Connolly Ex. 119 at HARV00024974.

**Response to ¶ 208**

Harvard disputes SFFA's characterization of Connolly Ex. 125 at HARV00028380.  *See* Connolly Ex. 125 at HARV00028380-81.  Harvard disputes SFFA's characterization of Ms.

Ray's testimony.  Ms. Ray's full testimony is available in context at Connolly Ex. 20 at 146:8-148:16 (Ray Dep.).

**Response to ¶ 209**

Harvard disputes ¶ 209.  *See* Connolly Ex. 77 at HARV00013394.

**Response to ¶ 210**

Harvard disputes SFFA's characterization of Connolly Ex. 125 at HARV00028382.  *See* Connolly Ex. 125 at HARV00028382.

**Response to ¶ 211**

Harvard does not dispute that in 2014 Ms. Bever provided the information contained in Connolly Exs. 205 and 206 to Ms. Ortiz.

**Response to ¶ 212**

Harvard disputes SFFA's characterization of Ms. Bever's testimony.  Ms. Bever's full testimony is available in context at Connolly Ex. 2 at 347:18-348:11 (Bever Dep.).

**Response to ¶ 213**

Harvard disputes SFFA's characterization of the Reading Procedures.  The full Reading Procedures are available in context at Connolly Ex. 29.

**Response to ¶ 214**

Harvard does not dispute that admissions officers do not take race into account when assigning scores for the academic, extracurricular, athletic, and personal ratings.  Harvard disputes SFFA's characterization of Director McGrath's testimony.  Director McGrath's full testimony is available in context at Connolly Ex. 16 at 165:3-14 (McGrath 2015 Dep.).

**Response to ¶ 215**

Harvard disputes ¶ 215.  *See* Ellsworth Ex. 99 at 191:9-192:10 (Weaver Dep.); Ellsworth Ex. 17 at 60:14-61:11 (Walsh Dep.); Ellsworth Ex. 14 at 21:25-22:4 (Ortiz Dep.); Ellsworth Ex.

9 at 80:13-81:1 (Banks Dep.).  Harvard notes that Connolly Ex. 2 at 22:2-6 (Bever Dep.) does not address whether to consider a student's race when assigning a personal rating score.

### Response to ¶ 216

Harvard disputes SFFA's characterization of Mr. Looby's testimony.  Mr. Looby's full testimony is available in context in Connolly Ex. 14 at 39:17-52:7 (Looby Dep.).

### Response to ¶ 217

Harvard disputes SFFA's characterization of Connolly Ex. 9 at 253:13-254:3 (Fitzsimmons Dep.); Connolly Ex. 20 at 28:1-21 (Ray Dep.); Connolly Ex. 18 at 22:5-22:12 (Ortiz Dep.); and Connolly Ex. 11 at 33:4-36:24 (Howrigan Dep.).  *See* Connolly Ex. 9 at 253:13-254:3 (Fitzsimmons Dep.); Connolly Ex. 20 at 28:1-21 (Ray Dep.); Connolly Ex. 18 at 22:5-22:12 (Ortiz Dep.); and Connolly Ex. 11 at 33:4-36:24 (Howrigan Dep.).

### Response to ¶ 218

Harvard disputes SFFA's characterization of Ms. Ray's testimony.  Ms. Ray's full testimony is available in context at Connolly Ex. 20 at 34:24-35:10 (Ray Dep.).  Harvard disputes SFFA's characterization of Ms. Howrigan's testimony.  Ms. Howrigan's full testimony is available in context at Connolly Ex. 11 at 37:24-38:13 (Howrigan Dep.).

### Response to ¶ 219

Harvard disputes SFFA's characterization of Connolly Ex. 82 at HARV00014772-14777.  *See* Connolly Ex. 82 at HARV00014772-14777.

### Response to ¶ 220

Harvard does not dispute representatives from Harvard and 15 other schools, including Barnard, Brown, Bryn Mawr, Columbia, Cornell, Dartmouth, MIT, Mount Holyoke, Princeton, Smith, Stanford, the University of Pennsylvania, Vassar, Wellesley, and Yale, are invited to attend ABAFOILSS conferences.

**Response to ¶ 221**

Harvard disputes SFFA's characterization of Mr. Banks's testimony.  Mr. Banks's full testimony is available in context in Connolly Ex. 1 at 153:9-154:19 (Banks Dep.).

**Response to ¶ 222**

Harvard has no knowledge of whether institutional liaisons are not permitted to attend Round Robin meetings unless they are willing to share their school's admissions statistics.

**Response to ¶ 223**

Harvard disputes ¶ 223.  *See* Ex. 105 at 162:18-163:8 (Banks Dep.).

**Response to ¶ 224**

Harvard disputes ¶ 224.  *See* Connolly Ex. 222 at ABAFAOILLSS08-15; Connolly Ex. 82 at HARV00014774-14777.

**Response to ¶ 225**

Harvard disputes SFFA's characterization of Director McGrath's testimony.  Director McGrath's full testimony is available in context at Connolly Ex. 16 at 258:10-259:4 (McGrath 2015 Dep.).

**Response to ¶ 226**

Harvard disputes ¶ 226.  *See* Ex. 105 at 162:18-163:8 (Banks Dep.).

**Response to ¶ 227**

Harvard has no knowledge of how long it typically takes for institutional liaisons to read and record admissions numbers and no knowledge of what typically happens during the meetings.

**Response to ¶ 228**

Harvard does not dispute that Mr. Banks, Ms. Ortiz, and Ms. Ray have attended Round Robin meetings.  Harvard notes that the cited exhibits do not state that Ms. Ortiz attended Round

Robin meetings.  Harvard disputes SFFA's characterization of Connolly Ex. 1 at 170:3-172:23 (Banks Dep.) and Connolly Ex. 20 at 191:3-192:9 (Ray Dep.).  *See* Connolly Ex. 1 at 170:3-172:23 (Banks Dep.) and Connolly Ex. 20 at 191:3-192:9 (Ray Dep.).

**Response to ¶ 229**

Harvard disputes ¶ 229.  *See* Connolly Ex. 1 at 156:20-157:6 (Banks Dep.); Connolly Ex. 9 at 452:10-13 (Fitzsimmons Dep.).

**Response to ¶ 230**

Harvard disputes ¶ 230.  *See* Connolly Ex. 16 at 212:5-13 (McGrath 2015 Dep.); Connolly Ex. 9 at 279:17-282:19 (Fitzsimmons Dep.).

**Response to ¶ 231**

Harvard does not dispute that Connolly Ex. 32 contains the percentages used in ¶ 231.  Harvard disputes SFFA's characterization of Connolly Ex. 32.  *See* Connolly Ex. 32.  Harvard disputes SFFA's characterization of Director McGrath's testimony.  Director McGrath's full testimony is available in context at Connolly Ex. 16 at 213:3-215:9 (McGrath 2015 Dep.).

**Response to ¶ 232**

Harvard disputes ¶ 232.  *See* Connolly Ex. 9 at 282:17-19 (Fitzsimmons Dep.).  Harvard disputes SFFA's characterization of Dean Fitzsimmons's testimony.  Dean Fitzsimmons's full testimony is available in context at Connolly Ex. 9 at 326:14-333:2, 339:3-340:25 (Fitzsimmons Dep.).

**Response to ¶ 233**

Harvard disputes SFFA's characterization of Director McGrath's testimony.  Director McGrath's full testimony is available in context at Connolly Ex. 16 at 213:21-214:8 (McGrath 2015 Dep.).

**Response to ¶ 234**

Harvard disputes SFFA's characterization of Director McGrath's testimony.   Director McGrath's full testimony is available in context at Connolly Ex. 16 at 213:3-215:14 (McGrath 2015 Dep.).

**Response to ¶ 235**

Harvard disputes ¶ 235.  *See* Connolly Ex. 9 at 452:10-453:12 (Fitzsimmons Dep.).

**Response to ¶ 236**

Harvard disputes  ¶ 236.   *See*  Ellsworth  Ex.  26  at  145:19-20,  240:3-11,  336:12-15 (Fitzsimmons Dep.); Ellsworth Ex. 9 at 190:10-14 (Banks Dep.); Ellsworth Ex. 1 at 148:20-150:23 (McGrath 2015 Dep.); Ellsworth Ex. 6 at 114:9-115:18 (Cheng Dep.).

**Response to ¶ 237**

Harvard disputes ¶ 237.  *See* Connolly Ex. 20 at 38:3-18 (Ray Dep.); Ellsworth Ex. 135 at HARV00076387.

**Response to ¶ 238**

Harvard disputes ¶ 238.  *See* Harvard's Statement Of Material Facts As To Which A Genuine Issue Of Fact Exists To Be Tried ¶ 19.

**Response to ¶ 239**

Harvard  does  not  dispute  that  Dean  Fitzsimmons  and  Director  McGrath  periodically receive admissions statistics that contain information about many aspects of the admitted class including  gender,  geographic  region,  expected  concentration,  whether  the  applicant's  parent attended Harvard or Radcliffe, whether the applicant has applied for financial aid, whether the applicant is a recruited athlete, whether the applicant has been flagged by admissions staff as potentially  socioeconomically  disadvantaged,  the  applicant's  citizenship  status,  and  race  as counted by the three methodologies.  *See* Connolly Ex. 101, HARV00021284.

**Response to ¶ 240**

Harvard does not dispute that Connolly Ex. 90 contains the statistics shown in ¶ 240 but notes that it also contains many additional statistics, such as admission statistics by geographic region, disadvantaged status, and expected concentration. *See* Connolly Ex. 90.

**Response to ¶ 241**

Harvard does not dispute that on March 2, 2014, Dean Fitzsimmons was copied on an email that contains the statistics shown in ¶ 240, as well as many additional statistics, such as admission statistics by geographic region, disadvantaged status, and expected concentration. *See* Connolly Ex. 90.

**Response to ¶ 242**

Harvard does not dispute that on March 2, 2014, Dean Fitzsimmons was copied on an email that contains the statistics shown in ¶ 240, as well as many additional statistics, such as admission statistics by geographic region, disadvantaged status, and expected concentration. *See* Connolly Ex. 90. Harvard disputes SFFA's characterization of Connolly Ex. 90. *See id.*

**Response to ¶ 243**

Harvard disputes ¶ 243. *See* Connolly Exs. 36 and 97.

**Response to ¶ 244**

Harvard disputes ¶ 244. *See* Harvard's Statement Of Material Facts As To Which A Genuine Issue Of Fact Exists To Be Tried ¶ 19.

**Response to ¶ 245**

Harvard does not dispute that on March 2, 2014, March 17, 2014, and March 18, 2014, Dean Fitzsimmons received documents containing admissions statistics by geographic region, disadvantaged status, expected concentration, and race. *See* Ellsworth Ex. 158 at HARV00016806-07; Connolly Ex. 89; Connolly Ex. 70. Harvard does not dispute that on

March 2, 2014 and March 17, 2014 Director McGrath and Director Donahue received documents containing admissions statistics by geographic region, disadvantaged status, expected concentration, and race. *See* Ellsworth Ex. 158 at HARV00016806-07; Connolly Ex. 89; Connolly Ex. 70.

### Response to ¶ 246

Harvard disputes ¶ 246. *See* Connolly Ex. 9 at 311:18-312:2 (Fitzsimmons Dep.).

### Response to ¶ 247

Harvard disputes ¶ 247. *See* Connolly Ex. 9 at 311:18-314:19, 329:19-330:11 (Fitzsimmons Dep.); Connolly Ex. 16 at 196:5-6, 198:22-202:6, 206:5-207:14 (McGrath 2015 Dep.).

### Response to ¶ 248

Harvard disputes ¶ 248. *See* Connolly Ex. 11 at 61:9-63:1 (Howrigan Dep.); Connolly Ex. 14 at 32:20-34:16 (Looby Dep.); Connolly Ex. 20 at 46:23-47:8 (Ray Dep.); Ellsworth Ex. 133 at HARV00076387.

### Response to ¶ 249

Harvard disputes SFFA's characterization of Director McGrath's testimony. Director McGrath's full testimony is available in context at Connolly Ex. 16 at 196:7-198:7 (McGrath 2015 Dep.).

### Response to ¶ 250

Harvard disputes ¶ 250. *See* Ellsworth Ex. 26 at 145:19-20, 240:3-11, 336:12-15 (Fitzsimmons Dep.); Ellsworth Ex. 9 at 190:10-14; Ellsworth Ex. 1 at 148:20-150:23 (McGrath 2015 Dep.); Ellsworth Ex. 6 at 114:9-115:18.

**Response to ¶ 251**

Harvard does not dispute that if an applicant chooses to provide information about his or her race or ethnicity through materials submitted with the application it may take the student's race or ethnicity into account when making admissions decisions.  *See* Ellsworth Ex. 98 at 150:7-18 (McGrath 2015 Dep.).

**Response to ¶ 252**

Harvard disputes ¶ 252.   *See* Ellsworth Ex. 120 at 313:5-22 (Fitzsimmons Dep.); Ellsworth Ex. 105 at 125:7-24 (Banks Dep.).

**Response to ¶ 253**

Harvard disputes ¶ 253.  *See* Ellsworth Ex. 120 at 312:12-313:11 (Fitzsimmons Dep.).

**Response to ¶ 254**

Harvard disputes SFFA's characterization of Director McGrath's testimony.   Director McGrath's full testimony is available in context at Connolly Ex. 16 at 248:12-249:2 (McGrath 2015 Dep.).

**Response to ¶ 255**

Harvard disputes ¶ 255.  *See* Connolly Ex. 16 at 199:17-22 (McGrath 2015 Dep.).

**Response to ¶ 256**

Harvard disputes ¶ 256.  *See* Ex.102 at 137:18-138:2, 139:9-14 (Cheng Dep.).

**Response to ¶ 257**

Harvard disputes ¶ 257.  *See* Ellsworth Ex. 129 at HARV00066298; Ellsworth Ex. 99 at 248:24-251:9 (Weaver 2017 Dep.); Ellsworth Ex. 105 at 97:11-99:13 (Banks Dep.); Ellsworth Ex. 113 at 94:4-17, 130:2-24 (Walsh Dep.).

**Response to ¶ 258**

Harvard disputes ¶ 258.   *See* Ellsworth Ex. 99 at 296:13-297:4 (Weaver 2017 Dep.); Ellsworth Ex. 102 at 198:19-200:15 (Cheng Dep.); Ellsworth Ex. 105 at 97:11-99:13, 125:7-24 (Banks Dep.); Ellsworth Ex. 113 at 94:4-17 (Walsh Dep.).

**Response to ¶ 259**

Harvard disputes ¶ 259.   *See* Ellsworth Ex. 99 at 296:13-297:4 (Weaver 2017 Dep.); Ellsworth Ex. 102 at 198:19-200:15 (Cheng Dep.); Ellsworth Ex. 105 at 97:11-99:13, 125:7-24 (Banks Dep.); Ellsworth Ex. 113 at 94:4-17 (Walsh Dep.).   Harvard disputes SFFA's characterization of Connolly Ex. 102 at HARV00021585.   *See* Connolly Ex. 102 at HARV00021585.

**Response to ¶ 260**

Harvard disputes SFFA's characterization of Dean Fitzsimmons's testimony.   Dean Fitzsimmons's full testimony is available in context in Connolly Ex. 9 at 319:20-323:19, 334:4-335:25; 340:16-25 (Fitzsimmons Dep.).

**Response to ¶ 261**

Harvard disputes SFFA's characterization of Connolly Ex. 190 at HARV00097317.   *See* Connolly Ex. 190 at HARV00097317.

**Response to ¶ 262**

Harvard disputes SFFA's characterization of Connolly Ex. 83 at HARV00015825-26. *See* Connolly Ex. 83 at HARV00015825-26.

**Response to ¶ 263**

Harvard disputes SFFA's characterization of Dean Fitzsimmons's testimony.   Dean Fitzsimmons's full testimony is available in context in Connolly Ex. 9 at 157:2-22 (Fitzsimmons Dep.).

**Response to ¶ 264**

Harvard does not dispute that an applicant's race is "one of many factors that [admissions officers] consider in their whole-person review process but is not a determining factor" in the admission decision.  *See* Connolly Ex. 20 at 149:22-24 (Ray Dep.); *see also* Connolly Ex. 18 at 57:24-58:2 (Ortiz Dep.).  Harvard disputes SFFA's characterization of the testimony of Harvard admissions officers.  Ms. Ray's full testimony is available in context in Connolly Ex. 20 at 149:18-150:18 (Ray Dep.).  Ms. Ortiz's full testimony is available in context in Connolly Ex. 18 at 57:18-58:2 (Ortiz Dep.).  Ms. Howrigan's full testimony is available in context in Connolly Ex. 11 at 169:6-172:21 (Howrigan Dep.).

**Response to ¶ 265**

Harvard disputes ¶ 265.  *See* Ellsworth Ex. 98 at 145:11-147:12, 149:18-150:23, 152:19-153:2 (McGrath 2015 Dep.); Ellsworth Ex. 33 ¶¶ 7, 111 (Card Report).

**Response to ¶ 266**

Harvard does not dispute that the UMRP makes distinct efforts to recruit applicants of different races.

**Response to ¶ 267**

Harvard disputes ¶ 267.  *See* Ellsworth Ex. 9 at 17:12-18:10 (Banks Dep.).

**Response to ¶ 268**

Harvard disputes SFFA's characterization of the testimony of Dean Fitzsimmons and Ms. Ortiz.  Dean Fitzsimmons's full testimony is available in context at Connolly Ex. 9 at 80:14-24 (Fitzsimmons Dep.).  Ms. Ortiz's full testimony is available in context at Connolly Ex. 18 at 139:5-21 (Ortiz Dep.).

**Response to ¶ 269**

Harvard disputes SFFA's characterization of Connolly Ex. 1 at 73:5-20 (Banks Dep.); Connolly Ex. 20 at 213:6-216:23 (Ray Dep.); Connolly Ex. 9 at 80:14-24 (Fitzsimmons Dep.). *See* Connolly Ex. 1 at 73:5-20 (Banks Dep.); Connolly Ex. 20 at 213:6-216:23 (Ray Dep.); Connolly Ex. 9 at 80:14-24 (Fitzsimmons Dep.).

**Response to ¶ 270**

Harvard disputes ¶ 270.  *See* Connolly Ex. 20 at 208:7-209:17 (Ray Dep.).

**Response to ¶ 271**

Harvard disputes SFFA's characterization of Connolly Ex. 20 at 205:23-206:18 (Ray Dep.).  *See* Connolly Ex. 20 at 205:23-206:18 (Ray Dep.).

**Response to ¶ 272**

Harvard disputes SFFA's characterization of Connolly Ex. 126 at HARV00028629; Connolly Ex. 127 at HARV00028633.  *See* Connolly Ex. 126 at HARV00028629; Connolly Ex. 127 at HARV00028633.

**Response to ¶ 273**

Harvard does not dispute ¶ 273.

**Response to ¶ 274**

Harvard disputes ¶ 274.  *See* Connolly Ex. 18 at 141:10-15 (Ortiz Dep.); Ellsworth Ex. 47 at HARV00097313 (Smith Committee Report); Ellsworth Ex. 60 at HARV00036381 (UMRP Coordinator Manual); Ellsworth Ex. 9 at 18:21-24 (Banks Dep.); Ellsworth Ex. 120 at 81:8-24 (Fitzsimmons Dep.).

**Response to ¶ 275**

Harvard disputes SFFA's characterization of Mr. Banks's testimony.  Mr. Banks's full testimony is available in context at Connolly Ex. 1 at 18:11-19:11 (Banks Dep.).

**Response to ¶ 276**

Harvard does not dispute that there is typically a May ABAFAOILSS meeting.

**Response to ¶ 277**

Harvard disputes SFFA's characterization of Connolly Ex. 1 at 153:11-154:14 (Banks Dep.).  *See* Connolly Ex. 1 at 153:11-154:14 (Banks Dep.).

**Response to ¶ 278**

Harvard has no knowledge of what information admissions officers share for each racial group at ABAFOILSS meetings.

**Response to ¶ 279**

Harvard disputes ¶ 279.  *See* Connolly Ex. 1 at 156:20-157:6 (Banks Dep.); Connolly Ex. 9 at 452:10-13 (Fitzsimmons Dep.).

**Response to ¶ 280**

Harvard disputes ¶ 280.  *See* Connolly Ex. 9 at 283:20-284:4 (Fitzsimmons Dep.).

**Response to ¶ 281**

Harvard disputes SFFA's characterization of Connolly Ex. 45.  *See* Connolly Ex. 45.

**Response to ¶ 282**

Harvard does not dispute ¶ 282.

**Response to ¶ 283**

Harvard disputes ¶ 283.  *See* Connolly Ex. 11 at 248:21-249:1 (Howrigan Dep.).

**Response to ¶ 284**

Harvard does not dispute that, for the Classes of 2014-2019, the racial composition of students offered deferred admissions was as stated in ¶ 285.

**Response to ¶ 285**

Harvard does not dispute that, for the Classes of 2014-2019, the racial composition of students offered deferred admission was as stated in ¶ 285.

**Response to ¶ 286**

Harvard disputes ¶ 286.   *See* Connolly Ex. 9 at 259:3-16 (Fitzsimmons Dep.); Connolly Ex. 20 at 29:12-16 (Ray Dep.).

**Response to ¶ 287**

Harvard disputes ¶ 287.  *See* Ellsworth Ex. 6 at 220:14-18 (Cheng Dep.).

**Response to ¶ 288**

Harvard disputes ¶ 288.   *See* Connolly Ex. 190 at HARV00097326; Connolly Ex. 9 at 191:2-193:12 (Fitzsimmons Dep.).

**Response to ¶ 289**

Harvard disputes ¶ 289.  *See* Ellsworth Ex. 99 at 197:8-9 (Weaver 2017 Dep.); Ellsworth Ex. 47 at HARV00097325-26 (Smith Committee Report).   Harvard disputes SFFA's characterization of Director Donahue's testimony.   Director Donahue's full testimony is available in context at Connolly Ex. 6 at 125:17-127:1 (Donahue Dep.).

**Response to ¶ 290**

Harvard does not dispute that, for the Classes of 2014-2019, the percentage of lineage students offered deferred admission was as stated in ¶ 290.

**Response to ¶ 291**

Harvard disputes ¶ 291.   *See* Connolly Ex. 16 at 207:1-14 (McGrath 2015 Dep.); Ellsworth Ex. 99 at 200:17-201:11 (Weaver 2017 Dep.).

**Response to ¶ 292**

Harvard disputes SFFA's characterization of the testimony of Dean Smith and President Ruth Simmons.  Dean Smith's full testimony is available in context in Connolly Ex. 23 at 146:17-147:21 (Smith 2018 Dep.).  President Simmons's full testimony is available in context in Connolly Ex. 21 at 143:2-145:24 (Simmons Dep.).  Harvard disputes SFFA's characterization of Connolly Ex. 190 at HARV00097326.  *See* Connolly Ex. 190 at HARV00097326.

**Response to ¶ 293**

Harvard disputes SFFA's characterization of Mr. Banks's testimony.  Mr. Banks's full testimony is available in context in Connolly Ex. 1 at 211:21-214:9 (Banks Dep.).

**Response to ¶ 294**

Harvard disputes ¶ 294.  *See* Connolly Ex. 9 at 265:4-11 (Fitzsimmons Dep.).

**Response to ¶ 295**

Harvard disputes ¶ 295.  *See* Connolly Ex. 9 at 264:18-265:18 (Fitzsimmons Dep.).

**Response to ¶ 296**

Harvard disputes ¶ 296.  *See* Connolly Ex. 9 at 268:15-269:19 (Fitzsimmons Dep.).

**Response to ¶ 297**

Harvard disputes ¶ 297.  *See* Connolly Ex. 9 at 277:14-278:7 (Fitzsimmons Dep.).

**Response to ¶ 298**

Harvard disputes ¶ 298.  *See* Connolly Ex. 9 at 265:19-266:2 (Fitzsimmons Dep.); Ellsworth Ex. 99 at 202:4-204:4 (Weaver 2017 Dep.).

**Response to ¶ 299**

Harvard disputes SFFA's characterization of Connolly Ex. 224 at HARV00004890; Connolly Ex. 9 at 273:21-276:24 (Fitzsimmons Dep.); Connolly Ex. 38 at HARV00004008.  *See*

Connolly Ex. 224 at HARV00004890; Connolly Ex. 9 at 273:21-276:24 (Fitzsimmons Dep.); Connolly Ex. 38 at HARV00004008.

**Response to ¶ 300**

Harvard does not dispute that Connolly Ex. 71 contains the language quoted in ¶ 300. Harvard disputes SFFA's characterization of Connolly Ex. 71 at HARV00010543.  *See* Connolly Ex. 71 at HARV00010543.

**Response to ¶ 301**

Harvard disputes ¶ 301.  *See* Ellsworth Ex. 99 at 200:1-204:4 (Weaver 2017 Dep.).

**Response to ¶ 302**

Harvard does not dispute that, for the Classes of 2014-2019, the percentage of students that were offered deferred admission and on the Dean's or Director's list was as stated in ¶ 302.

**Response to ¶ 303**

Harvard does not dispute that, for the Classes of 2014-2019, the percentage of students that were offered deferred admission and flagged as possibly disadvantaged or first generation was as stated in ¶ 303.

**Response to ¶ 304**

Harvard disputes SFFA's characterization of Ms. Cheng's testimony.  Ms. Cheng's full testimony is available in context in Connolly Ex. 5 at 141:2-142:4 (Cheng Dep.).

**Response to ¶ 305**

Harvard disputes ¶ 305.  *See* Connolly Ex. 190 at HARV00097326; Connolly Ex. 23 at 145:6-146:15 (Smith 2018 Dep.).

**Response to ¶ 306**

Harvard disputes SFFA's characterization of Dean Smith's testimony.  Dean Smith's full testimony is available in text in Connolly Ex. 23 at 145:6-146:15 (Smith 2018 Dep.).

**Response to ¶ 307**

Harvard disputes SFFA's characterization of Connolly Ex. 190 at HARV00097325.  *See* Connolly Ex. 190 at HARV00097325.

**Response to ¶ 308**

Harvard does not dispute ¶ 308.

**Response to ¶ 309**

Harvard disputes ¶ 309.  *See* Ellsworth Ex. 77 (Frequently Asked Questions); Ellsworth Ex. 63 at HARV00022645 (FW: Harvard Women's Ice Hockey).

**Response to ¶ 310**

Harvard disputes ¶ 310.  *See* Ellsworth Ex. 77 (Frequently Asked Questions); Ellsworth Ex. 63 at HARV00022645 (FW: Harvard Women's Ice Hockey).

**Response to ¶ 311**

Harvard disputes ¶ 311.  *See, e.g.,* Ellsworth Ex. 77 (Frequently Asked Questions); Ellsworth Ex. 63 at HARV00022645; Ellsworth Ex. 37 ¶¶ 12, 87-96 (Card Rebuttal).

**Response to ¶ 312**

Harvard disputes that it has long been dogged by claims that it discriminates against Asian Americans in its admissions process.  Harvard does not dispute that in the 1980s, unsupported accusations that Harvard discriminates against Asian-American applicants were raised, investigated, and found to be without merit by the United States Department of Education's Office for Civil Rights.  Harvard disputes SFFA's characterization of Connolly Ex. 117.  *See* Connolly Ex. 117.

**Response to ¶ 313**

Harvard does not dispute that Ex. 105 contains the language quoted above, but disputes SFFA's characterization of Connolly Ex. 105.  *See* Connolly Ex. 105.

**Response to ¶ 314**

Harvard does not dispute ¶ 314.

**Response to ¶ 315**

Harvard does not dispute ¶ 315.

**Response to ¶ 316**

Harvard does not dispute ¶ 316.

**Response to ¶ 317**

Harvard does not dispute ¶ 317, but states that the full letter informing President Bok of the completion of OCR's compliance review is available in context at Connolly Ex. 116.

**Response to ¶ 318**

Harvard disputes the substance of Prof. Dershowitz's criticism and SFFA's unsupported suggestion that such criticism was common.  Harvard disputes that the exhibit cited supports the statement that the OCR report was roundly criticized.

**Response to ¶ 319**

Harvard disputes that the exhibit cited supports the statement asserted in ¶ 319.

**Response to ¶ 320**

Harvard does not dispute that it has cooperated with any OCR investigations of its admissions practices, none of which found that Harvard discriminates on the basis of race.

**Response to ¶ 321**

Harvard does not dispute ¶ 321.

**Response to ¶ 322**

Harvard does not dispute ¶ 322.

**Response to ¶ 323**

Harvard does not dispute ¶ 323.

**Response to ¶ 324**

Harvard disputes SFFA's characterization of Connolly Ex. 49.  *See* Connolly Ex. 49.

**Response to ¶ 325**

Harvard does not dispute that Ex. 130 includes the language quoted above, but disputes SFFA's characterization of Connolly Ex. 130.  *See* Connolly Ex. 130.

**Response to ¶ 326**

Harvard does not dispute that Ex. 130 includes the language quoted above, but disputes the substance of the allegation stated in the quotation and disputes SFFA's characterization of Connolly Ex. 130.  *See* Connolly Ex. 130.

**Response to ¶ 327**

Harvard does not dispute that Ex. 73 includes the language quoted above, but disputes the substance of the allegation stated in the quotation and disputes SFFA's characterization of Connolly Ex. 73.  *See* Connolly Ex. 73.

**Response to ¶ 328**

Harvard does not dispute that Ex. 73 includes the language quoted above, but disputes the substance of the allegation stated in ¶ 328.

**Response to ¶ 329**

Harvard disputes SFFA's characterization of Connolly Ex. 124.  *See* Connolly Ex. 124.

**Response to ¶ 330**

Harvard does not dispute that Ex. 217 includes the language quoted above, but disputes the substance of the allegation stated in ¶ 330.

**Response to ¶ 331**

Harvard does not dispute that Ex. 217 includes the language quoted above, but disputes the substance of the allegation stated in ¶ 331.

**Response to ¶ 332**

Harvard does not dispute that Ex. 129 includes the language quoted above, but disputes the substance of the allegation stated in ¶ 332.

**Response to ¶ 333**

Harvard disputes ¶ 333.  *See* Connolly Ex. 7 at 211:7-212:24, 333:24-338:25 (Driver-Linn Dep.).

**Response to ¶ 334**

Harvard does not dispute that Ex. 104 contains the language quoted in ¶ 334.

**Response to ¶ 335**

Harvard disputes SFFA's characterization of Connolly Ex. 131.  *See* Connolly Ex. 131.

**Response to ¶ 336**

Harvard disputes SFFA's characterization of Connolly Ex. 118.  *See* Connolly Ex. 118.

**Response to ¶ 337**

Harvard disputes SFFA's characterization of Connolly Ex. 76.  *See* Connolly Ex. 76.

**Response to ¶ 338**

Harvard does not dispute that Ex. 136 includes the language quoted above, but disputes SFFA's characterization of Ex. 136.

**Response to ¶ 339**

Harvard does not dispute that Ex. 136 includes the language quoted above.

**Response to ¶ 340**

Harvard does not dispute that it admitted nine students from Utah to the class of 2018 and that two self-identified as Asian American.

**Response to ¶ 341**

Harvard disputes that the exhibit cited supports the statement asserted in ¶ 341.

**Response to ¶ 342**

Harvard disputes SFFA's characterization of Connolly Exs. 132 and 17.  *See* Connolly Ex. 132; Connolly Ex. 17 at 373:15-382:22 (McGrath Dep.).

**Response to ¶ 343**

Harvard disputes SFFA's characterization of President Faust's testimony. President Faust's full testimony in context is contained in Connolly Ex. 8 at 238:1-241:3 (Faust Dep.).

**Response to ¶ 344**

Harvard disputes SFFA's characterization of President Faust's testimony. President Faust's full testimony in context is contained in Connolly Ex. 8 at 238:1-241:3 (Faust Dep.). Harvard disputes SFFA's characterization of Director McGrath's testimony. Director McGrath's full testimony in context is contained in Connolly Ex. 17 at 380:23-383:7 (McGrath Dep.).

**Response to ¶ 345**

Harvard disputes that it responds to claims of discrimination against Asian Americans in a manner that is different from how it responds to claims of discrimination against any other racial or ethnic group.  Harvard takes all allegations of discrimination seriously.  *See, e.g.*, Ellsworth Ex. 100 at 277:23-279:16 (Faust Dep.).

**Response to ¶ 346**

Harvard takes all allegations of discrimination seriously, and Harvard disputes that Ex. 67 supports the statement asserted.

**Response to ¶ 347**

Harvard disputes SFFA's characterization of President Faust's testimony.  President Faust's full testimony in context is contained in Connolly Ex. 8 at 277:23-279:16 (Faust Dep.).

**Response to ¶ 348**

Harvard does not dispute ¶ 348.

**Response to ¶ 349**

Harvard does not dispute that Ex. 88 contains the language quoted above, but disputes the substance of the allegation stated in ¶ 349.   The Court has already ruled that Harvard's admissions practices in the 1920s are not relevant to this litigation.  *See* Dkt. 193 at 15:17-17:18; Dkt. 181 at 2.

**Response to ¶ 350**

Harvard does not dispute that Ex. 88 contains the language quoted above, but disputes the substance of the allegation stated in ¶ 350.  *See* Ellsworth Ex. 33 (Card Rep.).

**Response to ¶ 351**

Harvard disputes SFFA's characterization of Dean Fitzsimmons's testimony.  The exhibit cited does not support the statement asserted in ¶ 351.

**Response to ¶ 352**

Harvard disputes SFFA's characterization of Ex. 138.  *See* Connolly Ex. 138.

**Response to ¶ 353**

Harvard disputes SFFA's characterization of Exs. 232, 217.  *See* Connolly Exs. 232, 216.

**Response to ¶ 354**

Harvard disputes SFFA's characterization of Ex. 216.  *See* Connolly Ex. 216.

**Response to ¶ 355**

Harvard does not dispute ¶ 355.

**Response to ¶ 356**

Harvard does not dispute ¶ 356.

**Response to ¶ 357**

Harvard disputes ¶ 357 and SFFA's characterizations of Exs. 108 and 109.  *See* Connolly Exs. 108, 109.

**Response to ¶ 358**

Harvard disputes ¶ 358.  *See* Ellsworth Ex. 101 at 200:24-202:14 (Yong Dep.).

**Response to ¶ 359**

Harvard disputes ¶ 359 and SFFA's characterization of Ex. 52.  The exhibit cited does not support the statement in ¶ 359.

**Response to ¶ 360**

Harvard disputes ¶ 360.  *See* Connolly Ex. 63; Connolly Ex. 128; Connolly Ex. 142.

**Response to ¶ 361**

Harvard disputes ¶ 361 and SFFA's characterization of Ex. 111.

**Response to ¶ 362**

Harvard disputes ¶ 362.  *See, e.g.*, Ellsworth Ex. 118 at 94:13-95:11; 157:21-158:12, 220:20-221:10 (Driver-Linn Dep.).

**Response to ¶ 363**

Harvard disputes ¶ 363.  *See* Ellsworth Ex. 118 at 143:22-145:15, 131:17-132:7 (Driver-Linn Dep.).

**Response to ¶ 364**

Harvard disputes ¶ 364.

**Response to ¶ 365**

Harvard disputes ¶ 365.  *See* Connolly Ex. 7 at 86:9-23 (Driver-Linn Dep.); Ellsworth Ex. 20 at 193:8-194:4 (Hansen Dep.).

**Response to ¶ 366**

Harvard disputes ¶ 366 and SFFA's characterization of Exs. 232, 235.  *See* Connolly Exs. 232, 235.

**Response to ¶ 367**

Harvard disputes ¶ 367.  *See, e.g.*, Ellsworth Ex.118 at 143:22-145:15, 165:9-16 (Driver-Linn Dep.).

**Response to ¶ 368**

Harvard disputes ¶ 368.  *See* Connolly Ex. 232; Connolly Ex. 235.

**Response to ¶ 369**

Harvard disputes ¶ 369 and SFFA's characterization of Ex. 168.  *See* Connolly Ex. 168.

**Response to ¶ 370**

Harvard does not dispute that, in accordance with established law, it asserted the attorney-client privilege as to certain documents and deposition questions, but otherwise disputes ¶ 370.  The Court has already ruled that Harvard's assertion of attorney-client privilege was proper.  *See* Dkt. 383.

**Response to ¶ 371**

Harvard does not dispute that Ex. 111 contains the language quoted above but disputes the substance of the allegation stated in ¶ 371.  Harvard further disputes that the exhibit cited supports the statement asserted in ¶ 371.

**Response to ¶ 372**

Harvard does not dispute ¶ 372.

**Response to ¶ 373**

Harvard does not dispute that Ex. 111 includes the language quoted above, but disputes that Exs. 85, 110, and 140 support the statement asserted in ¶ 373.

**Response to ¶ 374**

Harvard disputes SFFA's characterization of Ex. 187.  *See* Connolly Ex. 187.

**Response to ¶ 375**

Harvard disputes ¶ 375 and SFFA's characterization of Exs. 78, 143, 142.

**Response to ¶ 376**

Harvard disputes ¶ 376.  *See* Connolly Ex. 216.

**Response to ¶ 377**

Harvard does not dispute ¶ 377.

**Response to ¶ 378**

Harvard does not dispute ¶ 378.

**Response to ¶ 379**

Harvard does not dispute ¶ 379.

**Response to ¶ 380**

Harvard does not dispute that OIR typically employees approximately ten individuals.

**Response to ¶ 381**

Harvard disputes ¶ 381.  *See* Ex. 150 ¶ 4 (Declaration of Erin Driver-Linn ("Driver-Linn Decl.")).

**Response to ¶ 382**

Harvard disputes SFFA's characterization of Ex. 184.  *See* Connolly Ex. 184.

**Response to ¶ 383**

Harvard disputes ¶ 383 and SFFA's characterization of Ex. 184.  *See* Connolly Ex. 184.

**Response to ¶ 384**

Harvard disputes ¶ 384.  Ellsworth Ex. 156 at HARV00077592-607.

**Response to ¶ 385**

Harvard disputes ¶ 385.  *See, e.g.*, Ellsworth Ex. 23 at 165:9-16, 166:4-13 (Driver-Linn Dep.).

**Response to ¶ 386**

Harvard disputes ¶ 386.  *See* Ellsworth Ex. 116at 195:23-196:18 (Hansen Dep.).

**Response to ¶ 387**

Harvard disputes ¶ 386.  *See* Ellsworth Ex. 65 at 36; Ex. 115 at 134:19-138:17, 156:12-24 (Bever Dep.); Ex. 116 at 116:20-117:4, 137:20-138:21, 195:23-196:18 (Hansen Dep.) (listing factors not included in OIR analyses). Ellsworth Ex. 23 at 165:9-16 (Driver-Linn Dep.) (OIR analysis not directed to "whether there is bias against Asians in college admissions at Harvard").

**Response to ¶ 388**

Harvard disputes ¶ 388.  *See* Connolly Ex. 202.

**Response to ¶ 389**

Harvard disputes ¶ 389.  Ex. 118 at 13:3-12 (Driver-Linn Dep.).  Harvard further disputes SFFA's use of the defined term "February 2013 Report," and incorporates its dispute into its response to each paragraph that uses that term.

**Response to ¶ 390**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 391**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 392**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 393**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 394**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 395**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 396**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 397**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 398**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 399**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 400**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 401**

Harvard disputes that Ex. 134 examined Asian-American bias.  *See, e.g.*, Ellsworth Ex. 23 at 165:9-16, 166:4-13 (Driver-Linn Dep.). Harvard further disputes SFFA's characterizations of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 402**

Harvard does not dispute that Ex. 134 contains the above chart, but disputes SFFA's characterization of Ex. 134.

**Response to ¶ 403**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134, HARV00031718-20.

**Response to ¶ 404**

Harvard disputes SFFA's characterization of Ex. 154.  *See* Connolly Ex. 154.

**Response to ¶ 405**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 406**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 407**

Harvard disputes SFFA's characterization of Ex. 154.  *See* Connolly Ex. 154.

**Response to ¶ 408**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 409**

Harvard disputes SFFA's characterization of Ex. 154.  *See* Connolly Ex. 154.

**Response to ¶ 410**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 411**

Harvard disputes SFFA's characterization of Ex. 154.  *See* Connolly Ex. 154.

**Response to ¶ 412**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 413**

Harvard disputes SFFA's characterization of Ex. 154.  *See* Connolly Ex. 154.

**Response to ¶ 414**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 415**

Harvard disputes SFFA's characterization of Ex. 154.  *See* Connolly Ex. 154.

**Response to ¶ 416**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 417**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 418**

Harvard disputes SFFA's characterization of Ex. 154.  *See* Connolly Ex. 154.

**Response to ¶ 419**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 420**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 421**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 422**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 423**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 424**

Harvard does not dispute that Ex. 134 contains the language quoted above, but disputes

SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134, HARV00031723.

**Response to ¶ 425**

Harvard disputes SFFA's characterization of Ex. 134.  *See* Connolly Ex. 134.

**Response to ¶ 426**

Harvard does not dispute that in February 2013, Erin Driver-Linn, Erica Bever, and Mark

Hansen met with Dean Fitzsimmons, but disputes ¶ 426 and SFFA's characterization of Ex. 134.

*See* Connolly Ex. 134; Connolly Ex. 7 at 161:18-162:11 (Driver-Linn Dep.).

**Response to ¶ 427**

Harvard disputes that OIR presented findings of Asian-American bias and disputes SFFA's characterization of Ms. Driver-Linn's testimony.  Ms. Driver-Linn's full testimony in context is contained in Ex. 118 at 165:9-16, 191:25-195:22, 198:14-20.

**Response to ¶ 428**

Harvard disputes SFFA's characterization of Ex. 134.  Ex. 118 at 198:14-20 (Driver-Linn Dep.).

**Response to ¶ 429**

Harvard disputes ¶ 429 and disputes SFFA's characterization of Dean Fitzsimmons's testimony.  Dean Fitzsimmons's full testimony in context is contained in Connolly Ex. 9 at 392:8-13 (Dean Fitzsimmons noting that the OIR analysis was "incomplete" and that "there [is] lots of information that they clearly didn't have in putting together a model"), 442:25-445:7.

**Response to ¶ 430**

Harvard disputes ¶ 430.  Dean Fitzsimmons was intimately aware of the training already given to Admissions Office staff that ensured all applicants, including Asian-American applicants, are treated fairly in the admissions process.  *See, e.g.*, Ellsworth Ex. 52, 2012 Casebook; Ellsworth Ex. 53, Discussion Guide to the 2012 Casebook; Ex. 128, HARV00025279; Ex. 127, HARV00013367; Connolly Ex. 20 at 69:12-18, 70:19-71:9 (Ray Dep.).

**Response to ¶ 431**

Harvard disputes that the cited testimony supports the statement asserted in ¶ 431, and further disputes SFFA's characterization of Ex. 9.  *See* Connolly Ex. 9 at 83:8-84:19 (Fitzsimmons Dep.).

**Response to ¶ 432**

Harvard disputes ¶ 432 and that OIR's work examined bias against Asian-Americans in admissions. *See, e.g.*, Ellsworth Ex. 23 at 165:9-16, 166:4-13 (Driver-Linn Dep.).

**Response to ¶ 433**

Harvard disputes SFFA's characterization of Ex. 145. *See* Connolly Ex. 145.

**Response to ¶ 434**

Harvard disputes SFFA's characterization of Ex. 145. *See* Connolly Ex. 145.

**Response to ¶ 435**

Harvard disputes SFFA's characterization of Ex. 145. *See* Connolly Ex. 145. Harvard further disputes SFFA's characterization of Mr. Hansen's testimony. Mr. Hansen's full testimony in context is contained in Connolly Ex. 10 at 114:7-115:19. Harvard further disputes SFFA's characterization of Ms. Bever's testimony. Ms. Bever's full testimony in context is contained in Connolly Ex. 2 at 160:20-162:4.

**Response to ¶ 436**

Harvard disputes SFFA's characterization of Ex. 145. *See* Connolly Ex. 145.

**Response to ¶ 437**

Harvard does not dispute that Ex. 145 contains the above chart, but disputes SFFA's characterization of Ex. 145. *See* Connolly Ex. 145.

**Response to ¶ 438**

Harvard disputes SFFA's characterization of Ex. 145. *See* Connolly Ex. 145.

**Response to ¶ 439**

Harvard disputes SFFA's characterization of the chart shown in Ex. 145. *See* Connolly Ex. 145.

**Response to ¶ 440**

Harvard disputes SFFA's characterization of Ex. 145.  *See* Connolly Ex. 145.

**Response to ¶ 441**

Harvard disputes ¶ 441.   *See* Ellsworth Ex. 26 at 55:14-21, 200:24-202:10, 233:23-234:12 (Fitzsimmons Dep.); Ellsworth Ex. 12, Donahue at 46:6-48:5; Ellsworth Ex. 1, McGrath 2015 at 231:9-233:15; *see also* Ellsworth Ex. 55 at HARV00001400-02.   Harvard further disputes SFFA's characterization of Ex. 145.  *See* Connolly Ex. 145.

**Response to ¶ 442**

Harvard does not dispute that Ex. 145 contains the above chart, but disputes SFFA's characterization of Ex. 145.  *See* Connolly Ex. 145.

**Response to ¶ 443**

Harvard disputes SFFA's characterization of Ex. 145 and Mr. Hansen's testimony.  Mr. Hansen's full testimony in context is contained in Ellsworth Ex. 116 at 116:7-117:4.

**Response to ¶ 444**

Harvard disputes ¶ 444.   *See* Ellsworth Ex. 26 at 55:14-21, 200:24-202:10, 233:23-234:12 (Fitzsimmons); Ellsworth Ex. 1 at 231:9-233:15 (McGrath 1); Ellsworth Ex. 55 at HARV00001400-02.   Harvard further disputes SFFA's characterization of Ex. 145.   *See* Connolly Ex. 145.

**Response to ¶ 445**

Harvard does not dispute that Ex. 145 contains the above chart, but disputes SFFA's characterization of Ex. 145.  *See* Connolly Ex. 145.

**Response to ¶ 446**

Harvard disputes SFFA's characterization of Ex. 145.  *See* Connolly Ex. 145.

**Response to ¶ 447**

Harvard disputes ¶ 447.  *See, e.g.*, Ex. 134, HARV00031722; Ex. 145, HARV00065757; Ellsworth Ex. 23 at 196:8-10 (Driver-Linn Dep.).

**Response to ¶ 448**

Harvard does not dispute that Ex. 145 contains the above chart, but disputes SFFA's characterization of Ex. 145.  *See* Connolly Ex. 145.

**Response to ¶ 449**

Harvard disputes SFFA's characterization of Ex. 145.  *See* Connolly Ex. 145.

**Response to ¶ 450**

Harvard disputes SFFA's characterization of Ex. 145.  *See* Connolly Ex. 145.

**Response to ¶ 451**

Harvard disputes SFFA's characterization of Ex. 145.  *See* Connolly Ex. 145.

**Response to ¶ 452**

Harvard disputes ¶ 452.  *See, e.g.*, Connolly Ex. 134, HARV00031722; Ex. 145, HARV00065757; Ellsworth Ex. 23 at 196:8-10 (Driver-Linn).

**Response to ¶ 453**

Harvard does not dispute that Ex. 145 contains the above chart, but disputes SFFA's characterization of Ex. 145.  *See* Connolly Ex. 145.

**Response to ¶ 454**

Harvard disputes SFFA's characterization of Ex. 145.  *See* Connolly Ex. 145.

**Response to ¶ 455**

Harvard disputes SFFA's characterization of Ex. 145.  *See* Connolly Ex. 145.

**Response to ¶ 456**

Harvard disputes SFFA's characterization of Ex. 145.  *See* Connolly Ex. 145.

**Response to ¶ 457**

Harvard disputes SFFA's characterization of Ex. 145.

**Response to ¶ 458**

Harvard does not dispute that Ex. 145 contains the language quoted above, but disputes SFFA's characterization of Connolly Ex. 145.  *See* Connolly Ex. 145.

**Response to ¶ 459**

Harvard disputes SFFA's characterization of Ex. 145.  *See* Connolly Ex. 145.

**Response to ¶ 460**

Harvard disputes SFFA's characterization of Ex. 145.  *See* Connolly Ex. 145.

**Response to ¶ 461**

Harvard disputes SFFA's characterization of Ex. 145.  *See* Connolly Ex. 145.

**Response to ¶ 462**

Harvard disputes SFFA's characterization of Ex. 145.  *See* Connolly Ex. 145.

**Response to ¶ 463**

Harvard disputes SFFA's characterization of Ex. 145.  *See* Connolly Ex. 145.

**Response to ¶ 464**

Harvard disputes SFFA's characterization of Ex. 145.  *See* Connolly Ex. 145.

**Response to ¶ 465**

Harvard disputes SFFA's characterization of Ex. 145.  *See* Connolly Ex. 145.

**Response to ¶ 466**

Harvard disputes ¶ 466 and that OIR's work examined bias against Asian-Americans in admissions.  *See, e.g.*, Ellsworth Ex. 23 at 165:9-16, 166:4-13 (Driver-Linn).

**Response to ¶ 467**

Harvard disputes SFFA's characterization of Dean Fitzsimmons's testimony.   Dean Fitzsimmons's full testimony in context is contained in Connolly Ex. 9 at 415:19-416:16.

**Response to ¶ 468**

Harvard disputes SFFA's characterization of Ex. 145.  Ellsworth Ex. 118 at 198:14-20 (Driver-Linn Dep.).

**Response to ¶ 469**

Harvard disputes ¶ 469 and SFFA's characterization of Dean Fitzsimmons's testimony. Dean Fitzsimmons's full testimony in context is contained in Connolly Ex. 9 at 401:7-402:21.

**Response to ¶ 470**

Harvard disputes ¶ 470.  Dean Fitzsimmons was intimately aware of the training already given to Admissions Office staff that ensured all applicants, including Asian-American applicants, are treated fairly in the admissions process.  *See, e.g.*, Ellsworth Ex. 52, 2012 Casebook; Ellsworth Ex. 53, Discussion Guide to the 2012 Casebook; Ex. 128, HARV00025279; Ex. 127, HARV00013367; Connolly Ex. 20 at 69:12-18, 70:19-71:9 (Ray Dep.).

**Response to ¶ 471**

Harvard disputes that the cited testimony supports the statement asserted in ¶ 471, and further disputes SFFA's characterization of Ex. 9.   *See* Connolly Ex. 9 at 83:8-84:19 (Fitzsimmons Dep.).

**Response to ¶ 472**

Harvard does not dispute ¶ 472.

**Response to ¶ 473**

Harvard disputes ¶ 473 and disputes that the exhibit cited supports the statements in ¶ 473.

**Response to ¶ 474**

Harvard disputes SFFA's characterization of Exs. 156 and 166.  *See* Connolly Exs. 156, 166.

**Response to ¶ 475**

Harvard disputes ¶ 475 and that OIR conducted an investigation.  *See, e.g.*, Ex. 118 at 143:22-145:15 (Driver-Linn Dep.).

**Response to ¶ 476**

Harvard disputes ¶ 476 and that the dataset used by OIR was created to analyze potential bias against Asian Americans.  *See* Ellsworth Ex. 23 at 165:9-16 (Driver-Linn Dep.).

**Response to ¶ 477**

Harvard disputes SFFA's characterization of Ex. 164.  *See* Connolly Ex. 164.  Harvard further disputes SFFA's use of the defined term "April 22, 2013 Report," and incorporates its dispute into its response to each paragraph that uses that term.

**Response to ¶ 478**

Harvard does not dispute that Ex. 165 contains the above chart, but disputes SFFA's characterization of Ex. 165.  *See* Connolly Ex. 165.

**Response to ¶ 479**

Harvard disputes SFFA's characterization of Ex. 165.  *See* Connolly Ex. 165.

**Response to ¶ 480**

Harvard disputes ¶ 480 and that OIR's logistic regression model controlled for factors important to the admissions process.  *See* Connolly Ex. 112 at 00023549.

**Response to ¶ 481**

Harvard does not dispute that Ex. 165 contains the above chart, but disputes SFFA's characterization of Ex. 165.  *See* Connolly Ex. 165.

**Response to ¶ 482**

Harvard disputes SFFA's characterization of Ex. 165.  *See* Connolly Ex. 165.

**Response to ¶ 483**

Harvard disputes SFFA's characterization of Ex. 163.  *See* Connolly Ex. 163.

**Response to ¶ 484**

Harvard disputes SFFA's characterization of Ex. 156.  *See* Connolly Ex. 156.

**Response to ¶ 485**

Harvard disputes SFFA's characterization of Ex. 156.  *See* Connolly Ex. 156.

**Response to ¶ 486**

Harvard disputes SFFA's characterization of Ex. 156.  *See* Connolly Ex. 156.

**Response to ¶ 487**

Harvard disputes SFFA's characterization of Ex. 163.  *See* Connolly Ex. 163.

**Response to ¶ 488**

Harvard disputes SFFA's characterization of Ex. 163.  *See* Connolly Ex. 163.

**Response to ¶ 489**

Harvard does not dispute that Ex. 163 contains the language quoted in ¶ 489.

**Response to ¶ 490**

Harvard disputes SFFA's characterization of Ex. 163.  *See* Connolly Ex. 163.

**Response to ¶ 491**

Harvard disputes SFFA's characterization of Ex. 163.  *See* Connolly Ex. 227.

**Response to ¶ 492**

Harvard does not dispute ¶ 492.

**Response to ¶ 493**

Harvard does not dispute that Ex. 112 contains the language quoted in ¶ 493.

**Response to ¶ 494**

Harvard disputes SFFA's characterization of Ex. 112. *See* Connolly Ex. 112.

**Response to ¶ 495**

Harvard disputes ¶ 495 and SFFA's characterization of Ex. 112. *See, e.g.*, Ex. 112, HARV00023548.

**Response to ¶ 496**

Harvard disputes SFFA's characterization of Ex. 112. *See* Connolly Ex. 112.

**Response to ¶ 497**

Harvard disputes SFFA's characterization of Ex. 112. *See* Connolly Ex. 112.

**Response to ¶ 498**

Harvard disputes SFFA's characterization of Ex. 112. *See* Connolly Ex. 112.

**Response to ¶ 499**

Harvard disputes ¶ 499 and that OIR's logistic regression model allowed for reliable estimates of the effect of certain factors on admissions outcomes. *See* Connolly Ex. 112 at HARV00023549.

**Response to ¶ 500**

Harvard disputes SFFA's characterization of Ex. 112. *See* Connolly Ex. 112.

**Response to ¶ 501**

Harvard disputes SFFA's characterization of Ex. 112. *See* Connolly Ex. 112.

**Response to ¶ 502**

Harvard does not dispute that Ex. 112 contains the table shown above, but disputes SFFA's characterization of Ex. 112. *See* Connolly Ex. 112.

**Response to ¶ 503**

Harvard does not dispute that Ex. 112 includes the language quoted above, but disputes SFFA's characterization of Ex. 112 and the substance of the allegation stated in ¶ 503.  *See* Ellsworth Ex. 33 ¶ 139 (Card Rep.).

**Response to ¶ 504**

Harvard disputes ¶ 504 and SFFA's characterization of Ex. 112.  *See* Connolly Ex. 112.

**Response to ¶ 505**

Harvard disputes SFFA's characterization of Ex. 112.  *See* Connolly Ex. 112.

**Response to ¶ 506**

Harvard disputes SFFA's characterization of Ex. 112.  *See* Connolly Ex. 112.

**Response to ¶ 507**

Harvard does not dispute that Ex. 112 contains the table shown above, but disputes SFFA's characterization of Ex. 112.  *See* Connolly Ex. 112.

**Response to ¶ 508**

Harvard does not dispute that Ex. 112 includes the language quoted above, but disputes the substance of the allegation stated in ¶ 508.

**Response to ¶ 509**

Harvard does not dispute that Ex. 112 includes the language quoted above, but disputes the substance of the allegation stated in ¶ 509.

**Response to ¶ 510**

Harvard disputes SFFA's characterization of Ex. 112.  *See* Connolly Ex. 112.

**Response to ¶ 511**

Harvard disputes SFFA's characterization of Ex. 112.  *See* Connolly Ex. 112.

**Response to ¶ 512**

Harvard disputes ¶ 512.  *See* Ellsworth Ex. 33 ¶¶ 128-138 (Card Rep.).

**Response to ¶ 513**

Harvard disputes SFFA's characterization of Connolly Ex. 112, *see* Connolly Ex. 112, and SFFA's characterization of Dean Fitzsimmons's testimony.  Dean Fitzsimmons's full testimony in context is contained in Connolly Ex. 9 at 423:14-424:20.

**Response to ¶ 514**

Harvard disputes ¶ 514.  *See* Connolly Ex. 9 at 428:4-429:8 (Fitzsimmons Dep.).

**Response to ¶ 515**

Harvard disputes SFFA's characterization of Ex. 112.  *See* Ellsworth Ex. 118 at 198:14-20 (Driver-Linn Dep.); Connolly Ex. 112 at HARV00023547.

**Response to ¶ 516**

Harvard disputes ¶ 516.  Dean Fitzsimmons was intimately aware of the training already given to Admissions Office staff that ensured all applicants, including Asian-American applicants, are treated fairly in the admissions process.  *See, e.g.*, Ellsworth Ex. 52, 2012 Casebook; Ellsworth Ex. 53, Discussion Guide to the 2012 Casebook; Ex. 128, HARV00025279; Ex. 127, HARV00013367; Connolly Ex. 20 at 69:12-18, 70:19-71:9 (Ray Dep.).

**Response to ¶ 517**

Harvard disputes that the cited testimony supports the statement asserted in ¶ 517, and further disputes SFFA's characterization of Ex. 9.  *See* Connolly Ex. 9 at 83:8-84:19 (Fitzsimmons Dep.).

**Response to ¶ 518**

Harvard disputes SFFA's characterization of Ex. 157.  *See* Connolly Ex. 157.  Harvard further disputes SFFA's use of the defined term "May 30, 2013 Report," and incorporates its dispute into its response to each paragraph that uses that term.

**Response to ¶ 519**

Harvard disputes SFFA's characterization of Ex. 157.  *See* Connolly Ex. 157.

**Response to ¶ 520**

Harvard disputes SFFA's characterization of Ex. 157.  *See* Connolly Ex. 157.  Harvard further disputes that "[i]nteraction terms are often included when there is evidence that preferences operate differently for particular groups of applicants."   Ellsworth Ex. 33 ¶ 100 (Card Rep.).

**Response to ¶ 521**

Harvard does not dispute that the above chart appears in Ex. 157, but disputes SFFA's characterization of Ex. 157.

**Response to ¶ 522**

Harvard disputes ¶ 522.   *See* Connolly Ex. 157, HARV00069767; Connolly Ex. 2 at 273:24-274:16, 276:5-10 (Bever Dep.).

**Response to ¶ 523**

Harvard disputes SFFA's characterization of Ex. 157.  Ellsworth Ex. 115 at 276:5-10, 280:7-15 (Bever Dep.).

**Response to ¶ 524**

Harvard disputes SFFA's characterization of Ex. 157.  *See* Connolly Ex. 157; Ellsworth Ex. 115 at 276:5-10 (Bever Dep.).

**Response to ¶ 525**

Harvard disputes SFFA's characterization of Ex. 157.  Ellsworth Ex. 118 at 198:14-20 (Driver-Linn Dep.).

**Response to ¶ 526**

Harvard disputes ¶ 526 and disputes that the exhibit cited supports the statement asserted in ¶ 526.

**Response to ¶ 527**

Harvard disputes ¶ 527.  Dean Fitzsimmons was intimately aware of the training already given to Admissions Office staff that ensured all applicants, including Asian-American applicants, are treated fairly in the admissions process.  *See, e.g.*, Ellsworth Ex. 52, 2012 Casebook; Ellsworth Ex. 53, Discussion Guide to the 2012 Casebook; Ex. 128, HARV00025279; Ex. 127, HARV00013367; Connolly Ex. 20 at 69:12-18, 70:19-71:9 (Ray Dep.).

**Response to ¶ 528**

Harvard disputes that the cited testimony supports the statement asserted in ¶ 528, and further disputes SFFA's characterization of Ex. 9.  *See* Connolly Ex. 9 at 83:8-84:19 (Fitzsimmons Dep.).

**Response to ¶ 529**

Harvard does not dispute ¶ 529.

**Response to ¶ 530**

Harvard disputes SFFA's characterization of Ex. 186 and disputes that Ex. 186 supports the statements asserted in ¶ 530.

**Response to ¶ 531**

Harvard does not dispute ¶ 531.

**Response to ¶ 532**

Harvard disputes that Ex. 155 supports the assertions in ¶ 532, and disputes SFFA's use of the defined term "October 8, 2013 Report," and incorporates its dispute into its response to each paragraph that uses that term.

**Response to ¶ 533**

Harvard disputes ¶ 533.   *Compare* Connolly Ex. 134 at HARV00031718-22 *with* Connolly Ex. 155 at HARV00069114-18.  Harvard further disputes SFFA's characterization of Exs. 134 and Ex. 155.  *See* Connolly Ex. 134; Connolly Ex. 155; Ellsworth Ex. 118 at 198:14-20 (Driver-Linn Dep.).

**Response to ¶ 534**

Harvard disputes SFFA's characterization of Ex. 155.  *See* Connolly Ex. 155.

**Response to ¶ 535**

Harvard does not dispute that, in accordance with established law, it asserted the attorney-client privilege as to certain documents and deposition questions, but otherwise disputes ¶ 535.  The Court has already ruled that Harvard's assertion of attorney-client privilege was proper. *See* Dkt. 383.

**Response to ¶ 536**

Harvard disputes that the cited testimony supports the statement asserted in ¶ 536, and further disputes SFFA's characterization of Ex. 9.   *See* Connolly Ex. 9 at 83:8-84:19 (Fitzsimmons Dep.).

**Response to ¶ 537**

Harvard disputes ¶ 537.  *See* Connolly Ex. 184.

**Response to ¶ 538**

Harvard does not dispute that Ex. 184 contains the language quoted above, but disputes SFFA's characterization of Ex. 184.

**Response to ¶ 539**

Harvard disputes SFFA's characterization of Ex. 162.  *See* Ellsworth Ex. 118 at 198:14-20 (Driver-Linn Dep.).

**Response to ¶ 540**

Harvard disputes that the cited testimony supports the statement in ¶ 540 and further disputes SFFA's characterization of Ms. Driver-Linn's testimony.  *See* Connolly Ex. 13 at 253:13-17 (Khurana Dep.) (Dean Khurana "didn't think that [the OIR] analysis was done appropriately").

**Response to ¶ 541**

Harvard disputes SFFA's characterization of Dean Khurana's testimony.  Dean Khurana's full testimony is contained in context at Connolly Ex. 13 at 252:13-258:6.

**Response to ¶ 542**

Harvard disputes SFFA's characterization of Dean Khurana's testimony. Dean Khurana's full testimony is contained in context at Connolly Ex. 13 at 252:13-258:6.

**Response to ¶ 543**

Harvard disputes ¶ 543.  Ellsworth Ex. 118 at 198:14-20 (Driver-Linn Dep.).

**Response to ¶ 544**

Harvard disputes SFFA's characterizations of Ms. Bever's testimony and of any work conducted by OIR employees.  Ms. Bever's full testimony in context is contained in Ellsworth Ex. 115 at 80:17-83:4, 85:9-88:10, 219:11-220:2 (Bever Dep.).  Harvard further states that Ms. Bever was on maternity leave through January 2013.  Ellsworth Ex. 115 at 81:4-12 (Bever Dep.).

**Response to ¶ 545**

Harvard disputes SFFA's characterization of Ms. Bever's testimony.  Ms. Bever's full testimony in context is contained in Ellsworth Ex. 115 at 80:17-83:4, 85:9-88:10, 219:4-221:10 (Bever Dep.) (OIR conducts hundreds of analyses per year).

**Response to ¶ 546**

Harvard disputes SFFA's characterization of Ms. Bever's testimony.  Ms. Bever's full testimony is contained in context in Connolly Ex. 2 at 354:5-24, 219:11-220:2 (Bever Dep.).

**Response to ¶ 547**

Harvard disputes SFFA's characterization of Ms. Driver-Linn's testimony and of any work done by OIR employees.  *See* Connolly Ex. 2 at 219:11-220:2, 354:5-24 (Bever Dep.); Ellsworth Ex. 150 ¶¶ 10, 18, 25 (Driver-Linn Decl.).

**Response to ¶ 548**

Harvard disputes that Dean Fitzsimmons had "significant gaps in his memory" and that OIR's work "uncover[ed] bias against Asian-American applicants," neither of which is supported by the testimony cited.

**Response to ¶ 549**

Harvard disputes SFFA's characterizations of Ex. 145 and Dean Fitzsimmons's testimony.  Dean Fitzsimmons's full testimony is contained in context in Connolly Ex. 2 at 392:8-395:13.

**Response to ¶ 550**

Harvard disputes SFFA's characterization of Dean Fitzsimmons's testimony.   Dean Fitzsimmons's full testimony is contained in context in Connolly Ex. 2 at 392:8-395:13.

**Response to ¶ 551**

Harvard disputes that OIR made "findings on discrimination against Asian Americans," and therefore disputes that there were findings to recall or discuss.

**Response to ¶ 552**

Harvard disputes SFFA's characterization of Dean Khurana's testimony and OIR's work. Dean Khurana's full testimony is contained in context in Connolly Ex. 13 at 252:13-256:8; *see also* Ellsworth Ex. 150 ¶¶ 10, 18, 25 (Driver-Linn Decl.).

**Response to ¶ 553**

Harvard disputes SFFA's characterizations of Ms. Bever, Ms. Driver-Linn, Dean Fitzsimmons, and Dean Khurana's testimony.  Ms. Bever's full testimony in context is contained in Ellsworth Ex. 115 at 134:19-138:17 (Bever Dep.).

**Response to ¶ 554**

Harvard disputes SFFA's characterization of Ms. Driver-Linn's testimony.  Ms. Driver-Linn's full testimony in context is contained in Connolly Ex. 7 at 191:25-193:8.

**Response to ¶ 555**

Harvard disputes SFFA's characterization of Dean Fitzsimmons's testimony.  Dean Fitzsimmons's full testimony is contained in context in Connolly Ex. 9 at 392:8-393:25.

**Response to ¶ 556**

Harvard disputes SFFA's characterization of Dean Khurana's testimony.  Dean Khurana's full testimony is contained in context in Connolly Ex. 13 at 252:23-256:14.

**Response to ¶ 557**

Harvard disputes ¶ 557.  *See, e.g.*, Connolly Ex. 145 at HARV00065757; Connolly Ex. 134 at HARV00031722.

### Response to ¶ 558

Harvard disputes SFFA's characterization of documents created by OIR employees and President Faust's testimony.  President Faust's full testimony is contained in Ellsworth Ex. 100 at 184:8-24 (Faust Dep.).  Harvard further states that the document referred to by President Faust was itself labeled "Preliminary."  *See* Connolly Ex. 134 at HARV00031718.

### Response to ¶ 559

Harvard does not dispute ¶ 559.  Harvard further notes that OIR itself labeled some of its analyses as "preliminary."  *See, e.g.*, Connolly Ex. 145 at HARV00065757; Connolly Ex. 134 at HARV00031722.

### Response to ¶ 560

Harvard disputes ¶ 560.  *See* Ellsworth Ex. 33 ¶ 139 (Card Rep.).

### Response to ¶ 561

Harvard disputes SFFA's characterization of Mr. Hansen's testimony.  *See* Ellsworth Ex. 118 at 143:22-145:15, 165:9-16 (Driver-Linn Dep.); Ellsworth Ex. 116 at 193:8-194:4 (Hansen Dep.).

### Response to ¶ 562

Harvard disputes SFFA's characterizations of Mr. Hansen's testimony.  Mr. Hansen's full testimony in context is contained in Ellsworth Ex. 116 at 18:12-20:3, 107:23-108:5 (Hansen Dep.).

### Response to ¶ 563

Harvard disputes SFFA's characterization of Mr. Hansen's testimony.  *See* Ellsworth Ex. 118 at 143:22-145:15, 165:9-16 (Driver-Linn Dep.).

**Response to ¶ 564**

Harvard disputes ¶ 564.  *See* Ellsworth Ex. 20 at 193:8-194:4 (Hansen Dep.) ("Q. Did you ever conclude that the [Admissions Office] discriminates against Asian Americans?  A. No…. Q. Does any of the work that you did while at OIR show[] that Harvard College intentionally discriminates against Asian Americans? A. No.").

**Response to ¶ 565**

Harvard disputes SFFA's characterization of Mr. Hansen's testimony. *See* Ellsworth Ex. 20 at 193:8-194:4 (Hansen Dep.) ("Q. Did you ever conclude that the [Admissions Office] discriminates against Asian Americans?  A. No…. Q. Does any of the work that you did while at OIR show[] that Harvard College intentionally discriminates against Asian Americans? A. No.").

**Response to ¶ 566**

Harvard does not dispute that ¶ 566 accurately quotes Dean Fitzsimmons's testimony.

**Response to ¶ 567**

Harvard does not dispute that ¶ 567 accurately quotes Dean Fitzsimmons's testimony. *See also* Ellsworth Ex. 407:2-11 ("with a very, very incomplete model with a great deal of information missing … it's unclear what to do with it").

**Response to ¶ 568**

Harvard does not dispute that ¶ 568 accurately quotes Dean Fitzsimmons's testimony. *See also* Ellsworth Ex. 407:2-11 ("with a very, very incomplete model with a great deal of information missing … it's unclear what to do with it").

**Response to ¶ 569**

Harvard does not dispute that ¶ 569 accurately quotes Dean Fitzsimmons's testimony. *See also* Ellsworth Ex. 407:2-11 ("with a very, very incomplete model with a great deal of information missing … it's unclear what to do with it").

**Response to ¶ 570**

Harvard does not dispute that ¶ 570 accurately quotes Dean Fitzsimmons's testimony. *See also* Ellsworth Ex. 407:2-11 ("with a very, very incomplete model with a great deal of information missing … it's unclear what to do with it").

**Response to ¶ 571**

Harvard does not dispute that ¶ 571 accurately quotes Dean Fitzsimmons's testimony. *See also* Ellsworth Ex. 407:2-11 ("with a very, very incomplete model with a great deal of information missing … it's unclear what to do with it").

**Response to ¶ 572**

Harvard does not dispute that ¶ 572 accurately quotes Dean Fitzsimmons's testimony. *See also* Ellsworth Ex. 407:2-11 ("with a very, very incomplete model with a great deal of information missing … it's unclear what to do with it").

**Response to ¶ 573**

Harvard disputes that Dr. Arcidiacono's analyses in this litigation used accepted econometric and statistical methods and techniques. *See, e.g.*, Ellsworth Ex. 37 ¶¶ 6, 95. Harvard does not dispute that Dr. Arcidiacono indicated he was retained by SFFA to review and analyze data and information produced by Harvard in this litigation.

**Response to ¶ 574**

Harvard does not dispute ¶ 574.

**Response to ¶ 575**

Harvard disputes that Dr. Arcidiacono's work in this litigation applies mathematics and statistical methods to draw reliable inferences. *See, e.g.*, Ellsworth Ex. 37 ¶¶ 3, 6, 95. Harvard does not dispute that Dr. Arcidiacono's fields of study are as stated in ¶ 575.

**Response to ¶ 576**

Harvard disputes that Dr. Arcidiacono has, in this litigation, employed statistical methods and conducted statistical analyses in accordance with generally accepted practices in his field. *See, e.g.*, Ellsworth Ex. 37 ¶¶ 3, 6, 95.   Harvard does not dispute that Dr. Arcidiacono has published papers and given presentations as described in ¶ 576.

**Response to ¶ 577**

Harvard does not dispute that Dr. Arcidiacono has published papers as described in ¶ 577. Harvard has no information regarding SFFA's characterization of the journal identified in ¶ 577.

**Response to ¶ 578**

Harvard does not dispute ¶ 578.   Harvard has no information regarding SFFA's characterization of the journals identified in ¶ 578.

**Response to ¶ 579**

Harvard has no information regarding the questions on which Dr. Arcidiacono was initially retained to offer opinions, but notes that during Dr. Arcidiacono's deposition, counsel for SFFA instructed him not to answer whether there were "any allegations in the complaint that [he] tested and could not support[.]"  Ellsworth Ex. 122 at 65:3-66:10 (Arcidiacono Dep.).

**Response to ¶ 580**

Harvard does not dispute ¶ 580, including its concession that Dr. Arcidiacono's analysis of race-neutral alternatives was provided "to support Mr. Kahlenberg's opinions" rather than to independently evaluate such opinions.

**Response to ¶ 581**

Harvard does not dispute ¶ 581.

**Response to ¶ 582**

Harvard does not dispute that it produced the data described in ¶ 582, as well as numerous other variables, for the admissions cycles for the Class of 2014 through the Class of 2019.

**Response to ¶ 583**

Harvard does not dispute that it produced the aggregate information described for the admission cycles for the Class of 2000 through the Class of 2017.

**Response to ¶ 584**

Harvard disputes ¶ 584.  Harvard produced 674 such summary sheets, only 640 of which were acknowledged in Dr. Arcidiacono's Report.  *See* Ellsworth Ex. 31 at 13-14.  Harvard produced 480 application files from the admissions cycles for the Class of 2018 and the Class of 2019, as well as the application files of applicants identified by SFFA as its standing members.

**Response to ¶ 585**

Harvard disputes ¶ 585.  Harvard fully complied with the Court's orders as to which database fields to produce, including the Court's orders of September 6 and 7, 2016.  *See* Dkt. 181 ¶ 3.  Harvard further notes that page 18 of Mr. Kahlenberg's Report does not relate to the assertion in ¶ 585.  *See* Ellsworth Ex. 32 at 18.

**Response to ¶ 586**

Harvard disputes that the manner in which Dr. Arcidiacono constructed his model permitted him to determine how factors affect the scoring of applications and admissions decisions.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 3, 6, 95.

**Response to ¶ 587**

Harvard disputes ¶ 587.  *See, e.g.*, Ellsworth Ex. 27 at 90:12-104:8 (Arcidiacono Dep.); Ellsworth Ex. 37 ¶¶ 87-92.

**Response to ¶ 588**

Harvard disputes ¶ 588. *See, e.g.*, Ellsworth Ex. 27 at 90:12-104:8 (Arcidiacono Dep.);
Ellsworth Ex. 37 ¶¶ 87-92.

**Response to ¶ 589**

Harvard disputes ¶ 589. *See, e.g.*, Ellsworth Ex. 27 at 90:12-104:8 (Arcidiacono Dep.);
Ellsworth Ex. 37 ¶¶ 87-92.

**Response to ¶ 590**

Harvard disputes ¶ 590. *See, e.g.*, Ellsworth Ex. 27 at 90:12-104:8 (Arcidiacono Dep.);
Ellsworth Ex. 37 ¶¶ 87-92.

**Response to ¶ 591**

Harvard disputes ¶ 591. *See, e.g.*, Ellsworth Ex. 27 at 90:12-104:8 (Arcidiacono Dep.);
Ellsworth Ex. 37 ¶¶ 87-99.

**Response to ¶ 592**

Harvard disputes ¶ 592. *See, e.g.*, Ellsworth Ex. 27 at 90:12-104:8 (Arcidiacono Dep.);
Ellsworth Ex. 37 ¶¶ 87-99.

**Response to ¶ 593**

Harvard disputes ¶ 593. *See, e.g.*, Ellsworth Ex. 27 at 90:12-104:8 (Arcidiacono Dep.);
Ellsworth Ex. 37 ¶¶ 87-99.

**Response to ¶ 594**

Harvard disputes ¶ 594. *See, e.g.*, Ellsworth Ex. 37 ¶ 103 & Ex. 12, ¶ 119.

**Response to ¶ 595**

Harvard disputes ¶ 595. *See, e.g.*, Ellsworth Ex. 37 ¶¶ 93-99.

**Response to ¶ 596**

Harvard disputes ¶ 596. *See, e.g.*, Ellsworth Ex. 37 ¶¶ 93-99.

**Response to ¶ 597**

Harvard disputes ¶ 597.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 93-99.

**Response to ¶ 598**

Harvard does not dispute ¶ 598, but notes that many applicants excel on many dimensions.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 23-24 & Ex. 1, ¶¶ 45-57.

**Response to ¶ 599**

Harvard disputes ¶ 599.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 45-57, 93-99.

**Response to ¶ 600**

Harvard disputes ¶ 600.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 93-99.

**Response to ¶ 601**

Harvard disputes ¶ 601.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 93-99.

**Response to ¶ 602**

Harvard disputes ¶ 602.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 93-99.

**Response to ¶ 603**

Harvard disputes ¶ 603.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 47-48 & Ex. 4, ¶¶ 93-99.

**Response to ¶ 604**

Harvard disputes ¶ 604.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 47-48 & Ex. 4, ¶¶ 93-99.

**Response to ¶ 605**

Harvard disputes ¶ 605.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 45-57, 93-99.

**Response to ¶ 606**

Harvard disputes ¶ 606.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 93-99.

**Response to ¶ 607**

Harvard does not dispute that the personal rating is based on factors that are difficult to measure directly.  Harvard notes that the academic and extracurricular ratings also reflect factors

that are in some cases difficult to quantify.  Harvard disputes SFFA's characterization of the academic, extracurricular, and personal ratings.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 7, 40, 42-43, 49.

### Response to ¶ 608

Harvard disputes ¶ 608.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 93-99.

### Response to ¶ 609

Harvard disputes ¶ 609.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 93-99.

### Response to ¶ 610

Harvard disputes ¶ 610.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 93-99.

### Response to ¶ 611

Harvard disputes ¶ 611.  *See, e.g.*, Ellsworth Ex. 35, Appendix C, Table 5.6R; Ellsworth Ex. 37 ¶¶ 35-57, 93-99.

### Response to ¶ 612

Harvard disputes ¶ 612.  *See, e.g.*, Ellsworth Ex. 35, Appendix C, Table 5.6R; Ellsworth Ex. 37 ¶¶ 35-57, 93-99.

### Response to ¶ 613

Harvard disputes ¶ 613.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 93-99.

### Response to ¶ 614

Harvard disputes ¶ 614.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 93-99.

### Response to ¶ 615

Harvard disputes ¶ 615.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 93-99.

### Response to ¶ 616

Harvard disputes ¶ 616.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 93-99.

**Response to ¶ 617**

Harvard does not dispute that Admissions Office leaders and employees testified that Asian-American applicants often have strong personal qualities, but Harvard disputes that the testimony cited is inconsistent with the personal ratings assigned by the Admissions Office.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57.  Harvard further disputes SFFA's characterization of Dean Fitzsimmons's testimony.  Dean Fitzsimmons's full testimony in context is available at Connolly Ex. 9 at 347:6-348:2 (Fitzsimmons Dep.).

**Response to ¶ 618**

Harvard does not dispute that Director McGrath testified as quoted in ¶ 618.  Director McGrath's full testimony in context is available at Ellsworth Ex. 119 at 358:12-359:11 (McGrath 2017 Dep.).  Harvard disputes the implication that the testimony cited is inconsistent with the personal ratings that are assigned by the Admissions Office.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57.

**Response to ¶ 619**

Harvard disputes SFFA's characterization of Director Donahue's testimony.  Director Donahue's full testimony is available in context in Ellsworth Ex. 109 at 165:1-166:7 (Donahue Dep.).  Harvard further disputes the implication that the testimony cited is inconsistent with the personal ratings that are assigned by the Admissions Office.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57.

**Response to ¶ 620**

Harvard disputes SFFA's characterization of Dr. Simmons's testimony.  Dr. Simmons's full testimony is available in context in Ellsworth Ex. 121 at 127:10-131:11 (Simmons Dep.).  Harvard further disputes the implication that the testimony cited is inconsistent with the personal ratings that are assigned by the Admissions Office.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57.

**Response to ¶ 621**

Harvard disputes SFFA's characterization of the testimony of Dean Smith, Ms. Yong, and Mr. Hansen.  The full testimony in context of these witnesses is contained in Connolly Ex. 22 at 188:15-189:1 (Smith 2017 Dep.), Connolly Ex. 26 at 232:20-233:1 (Yong Dep.), and Connolly Ex. 10 at 110:20-111:11 (Hansen Dep.).  Harvard further disputes SFFA's characterization of Mr. Hansen and Ms. Yong as "Harvard officials."  Harvard further disputes the implication that the testimony cited is inconsistent with the personal ratings that are assigned by the Admissions Office. *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57.

**Response to ¶ 622**

Mr. Contompasis's full testimony is available in context in Ellsworth Ex. 117 at 41:17-42:13 (Contompasis Dep.).

**Response to ¶ 623**

Mr. Zuluaga's full testimony is available in context in Connolly Ex. 27 at 81:2-20 (Zuluaga Dep.).

**Response to ¶ 624**

Harvard disputes ¶ 624.  *See, e.g.*, Ellsworth Ex. 33 ¶ 21; Ellsworth Ex. 112 at 36:8-11 (Howrigan Dep.).  Harvard further disputes SFFA's characterization of the testimony of Ms. Ray and Ms. Howrigan and the opinions of Dr. Card.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37, and Ms. Ray's and Ms. Howrigan's full testimony is available in context in Ellsworth Ex. 110 at 26:14-28:21 (Ray Dep.), and Ellsworth Ex. 112 at 32:4-36:11 (Howrigan Dep.).

**Response to ¶ 625**

Harvard disputes ¶ 625.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 47-48 & Ex. 4, ¶¶ 93-99.

**Response to ¶ 626**

Harvard disputes ¶ 626.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 47-48 & Ex. 4, ¶¶ 93-99.

**Response to ¶ 627**

Harvard disputes ¶ 627.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 93-99.

**Response to ¶ 628**

Harvard disputes ¶ 628.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 47-48 & Ex. 4, ¶¶ 93-99.

**Response to ¶ 629**

Harvard disputes that Connolly Ex. 139, which contains aggregate data only for the Classes of 2000 through 2017, supports the statement asserted in ¶ 629.

**Response to ¶ 630**

Harvard does not dispute that ¶ 630 reflects the data contained in HARV00032509-511.

**Response to ¶ 631**

Harvard does not dispute that ¶ 631 reflects the data contained in HARV00032509-511.

**Response to ¶ 632**

Harvard disputes ¶ 632.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 5, 21-24 & Ex. 1.

**Response to ¶ 633**

Harvard disputes ¶ 633.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 5, 21-24 & Ex. 1.

**Response to ¶ 634**

Harvard disputes ¶ 634.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 5, 93-99.

**Response to ¶ 635**

Harvard disputes ¶ 635.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 5, 93-99.

**Response to ¶ 636**

Harvard disputes ¶ 636.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 5, 93-99.

**Response to ¶ 637**

Harvard disputes ¶ 637.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 5, 25-27, 93-99.

**Response to ¶ 638**

Harvard disputes ¶ 638.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 5, 93-99.

**Response to ¶ 639**

Harvard disputes ¶ 639.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 5, 25-27, 93-99.

**Response to ¶ 640**

Harvard disputes ¶ 640.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 5, 25-27, 93-99.

**Response to ¶ 641**

Harvard disputes ¶ 641.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 5, 25-27, 93-99.

**Response to ¶ 642**

Harvard disputes ¶ 642.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 5, 25-27, 93-99.

**Response to ¶ 643**

Harvard disputes ¶ 643.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 5, 25-27, 93-99.

**Response to ¶ 644**

Harvard disputes ¶ 644.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 5, 25-27, 93-99.

**Response to ¶ 645**

Harvard disputes ¶ 645.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 93-99.

**Response to ¶ 646**

Harvard disputes ¶ 646.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 93-99.

**Response to ¶ 647**

Harvard disputes ¶ 647.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 93-99.

**Response to ¶ 648**

Harvard does not dispute that statistical analysis, when conducted in a methodologically sound manner, can provide relevant information about the role various factors play in Harvard's whole-person admissions process.  *See* Ellsworth Ex. 33 ¶ 95.  Harvard disputes that Dr. Arcidiacono's analysis was performed in a methodologically sound manner or can provide such information.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 3, 6, 95.

**Response to ¶ 649**

Harvard does not dispute that the data produced in this litigation include information about numerous observable factors in the admissions process.  Harvard has no information regarding the described practices of "excellent journals" regarding the quality or amount of data.

**Response to ¶ 650**

Harvard disputes that Dr. Arcidiacono's model was designed to, or does, accurately model Harvard's admissions process or admissions decisions.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 3, 6, 95.

**Response to ¶ 651**

Harvard disputes that Dr. Arcidiacono's model was designed to, or does, accurately model Harvard's admissions process or admissions decisions.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 3, 6, 95.

**Response to ¶ 652**

Harvard disputes that Dr. Arcidiacono's model was designed in a way that controls, or that it does control, for the effects of relevant applicant characteristics.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 31-32 & nn.18-19.

**Response to ¶ 653**

Harvard does not dispute ¶ 653.

**Response to ¶ 654**

Harvard does not dispute that Dr. Arcidiacono reported results using two different samples.   Harvard disputes Dr. Arcidiacono's characterization of the groups of applicants excluded from his samples.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 87-99.

**Response to ¶ 655**

Harvard does not dispute that Dr. Arcidiacono chose to pool his analysis across admissions cycles, but disputes that that choice was methodologically sound.   *See, e.g.*, Ellsworth Ex. 37 ¶¶ 79-84.

**Response to ¶ 656**

Harvard disputes ¶ 656.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99.

**Response to ¶ 657**

Harvard disputes ¶ 657.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99.

**Response to ¶ 658**

Harvard disputes ¶ 658.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99.

**Response to ¶ 659**

Harvard disputes ¶ 659.  *See, e.g.*, Ellsworth Ex. 33 ¶ 21; Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99.

**Response to ¶ 660**

Harvard disputes ¶ 660.  *See, e.g.*, Ellsworth Ex. 33 ¶ 21; Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99.

**Response to ¶ 661**

Harvard disputes ¶ 661.  *See, e.g.*, Ellsworth Ex. 33 ¶ 21; Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99.

**Response to ¶ 662**

Harvard disputes ¶ 662.  *See, e.g.*, Ellsworth Ex. 33 ¶ 21; Ellsworth Ex. 37 ¶¶ 93-99.

**Response to ¶ 663**

Harvard disputes ¶ 663.  *See, e.g.*, Ellsworth Ex. 33 ¶ 21; Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99.

**Response to ¶ 664**

Harvard disputes ¶ 664.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99.

**Response to ¶ 665**

Harvard disputes ¶ 665.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99.

**Response to ¶ 666**

Harvard disputes ¶ 666.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99.

**Response to ¶ 667**

Harvard disputes ¶ 667.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99.

**Response to ¶ 668**

Harvard disputes ¶ 668.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99.

**Response to ¶ 669**

Harvard disputes ¶ 669.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99.

**Response to ¶ 670**

Harvard disputes ¶ 670.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99, 103.

**Response to ¶ 671**

Harvard disputes ¶ 671.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99, 103.

**Response to ¶ 672**

Harvard disputes ¶ 672.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99, 103.

**Response to ¶ 673**

Harvard disputes ¶ 673.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99, 103.

**Response to ¶ 674**

Harvard disputes ¶ 674.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99, 103.

**Response to ¶ 675**

Harvard disputes ¶ 675.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99, 103.

**Response to ¶ 676**

Harvard disputes ¶ 676.  *See, e.g.*, Ellsworth Ex. 33 ¶ 21; Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99.

**Response to ¶ 677**

Harvard disputes ¶ 677.  *See, e.g.*, Ellsworth Ex. 33 ¶ 21; Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99, 103.

**Response to ¶ 678**

Harvard disputes ¶ 678.  *See, e.g.*, Ellsworth Ex. 33 at 37 n.65.

**Response to ¶ 679**

Harvard does not dispute that "standard strong" is a phrase "used to describe an applicant who is very well qualified academically and likely has a good deal of extracurricular involvement as well but isn't distinguished in Harvard's incredibly, incredibly competitive applicant pool."  Connolly Ex. 25 at 229:10-15.  Ms. Weaver's full testimony is available in context in Connolly Ex. 25 at 229:8-18 (Weave 2017 Dep.).  Dean Fitzsimmons's full testimony is available in context in Connolly Ex. 9 at 260:19-261:12 (Fitzsimmons Dep.).

**Response to ¶ 680**

Harvard disputes ¶ 680.  *See, e.g.*, Ellsworth Ex. 33 at 37 n.65.

**Response to ¶ 681**

Harvard disputes ¶ 681's characterization of the summary sheets, including because Dr. Arcidiacono's report incorrectly states the number of summary sheets produced by Harvard.  *See supra* ¶ 584.  Harvard does not dispute that it was ordered to produce, and did produce, summary sheets for the Class of 2018.

**Response to ¶ 682**

Harvard disputes ¶ 682.  *See, e.g.*, Ellsworth Ex. 33 at 37 n.65.

**Response to ¶ 683**

Harvard disputes ¶ 683.  *See, e.g.*, Ellsworth Ex. 33 at 37 n.65.

**Response to ¶ 684**

Harvard disputes ¶ 684.  *See, e.g.*, Ellsworth Ex. 33 at 37 n.65.

**Response to ¶ 685**

Harvard disputes ¶ 685.  *See, e.g.*, Ellsworth Ex. 33 at 37 n.65.

**Response to ¶ 686**

Harvard disputes ¶ 686.  *See, e.g.*, Ellsworth Ex. 33 at 37 n.65; Ellsworth Ex. 37 ¶¶ 25-27.

**Response to ¶ 687**

Harvard disputes ¶ 687.  Harvard produced application files and summary sheets consistent with the Court's orders, under which SFFA selected and received 320 application files (in addition to the application files of the applicants identified by SFFA as its standing members), Harvard selected and produced 160 application files, and Harvard produced summary sheets based on a search-term review of a random sample of summary sheets.  Harvard further disputes SFFA's characterization of the contents of the summary sheets in ¶ 687.  *See, e.g.*, Connolly Exs. 171, 173, 175, 176, 178, 180, 181, 182.

**Response to ¶ 688**

Harvard disputes ¶ 688's characterization of Connolly Ex. 176, including because SFFA uses an ellipsis to inaccurately suggest that an admissions officer wrote that an *applicant* "doesn't go [the] extra mile," when in fact the officer wrote that the "support" from the applicant's school "doesn't go [the] extra mile."  *See* Connolly Ex. 176 at HARV00076691. Harvard does not dispute that the words quoted appear in Connolly Ex. 171 and HARV00076506 (Connolly Ex. 173).  Harvard disputes SFFA's suggestion that any of the quoted language relates to the applicants' Asian-American ethnicity or that similar language was not used in reference to applicants who were not Asian American.  *See, e.g.*, Connolly Ex. 230 (referring to African-American applicant as "bright and perfectly busy"); Ellsworth Ex. 132 (questioning how a White applicant would "compare in the pool"); Ellsworth Ex. 134 (noting that a Hispanic applicant might not "surviv[e] this competition"); Ellsworth Ex. 135 (observing that a White applicant would not "jump out in our pool"); Ellsworth Ex. 137 (referring to a White applicant as "very SS [standard strong] given the competition").

**Response to ¶ 689**

Harvard disputes SFFA's characterization of Connolly Exhibits 178, 180, and 181.  *See* Connolly Exs. 178, 180, 181.  Harvard does not dispute that the words quoted appear in the summary sheets identified, but Harvard disputes SFFA's suggestion that any of the quoted language relates to the applicants' Asian-American ethnicity.  Harvard notes that Connolly Ex. 181 omits the page quoted, and the full summary sheet in context is available at Ellsworth Ex. 138 at HARV00077155.

**Response to ¶ 690**

Harvard disputes ¶ 690, including its characterization of Connolly Exs. 175 and 182.  *See* Connolly Exs. 175, 182; *see also supra* Response to ¶ 688.

**Response to ¶ 691**

Harvard disputes ¶ 691.  *See, e.g.*, Connolly Exs. 176, 182; *see also, e.g.*, Ellsworth Ex. 141 ("[Applicant] is a very deserving student from a first generation Vietnamese background who is valedictorian for this city-wide magnet school."); Ellsworth Ex. 131 (applicant of Nepali descent "[c]ertainly would bring a fascinating perspective to campus"); Ellsworth Ex. 142 ("Tug for BG [background] here, she writes well about the plight of exiled Tibetans and T2 [second teacher recommendation] lets us know that both of her parents were born in Tibetan refugee camps in India."); Ellsworth Ex. 130 ("B/G [background] of interest as he [applicant of Indian origin] would be someone who would add to the mix at H"); Ellsworth Ex. 143 (comment that applicant was "involved in the Asian community as EIC [editor-in-chief] of local journal").

**Response to ¶ 692**

Harvard disputes ¶ 692, including ¶ 692's characterizations of the exhibits cited.  *See* Connolly Exs. 170, 172, 174, 177, 179, 183, 228, 229.

**Response to ¶ 693**

Harvard disputes that the materials cited support the statement asserted in ¶ 693.  Harvard further disputes ¶ 693 because it presents a narrow picture of applicant characteristics that does not reflect the multitude of factors considered in Harvard's admissions process.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 5, 21-27.

**Response to ¶ 694**

Harvard disputes ¶ 694 because it presents a narrow picture of applicant characteristics that does not reflect the multitude of factors considered in Harvard's admissions process.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 5, 21-27.

**Response to ¶ 695**

Harvard disputes SFFA's characterization of the summary sheet of the applicant described.

**Response to ¶ 696**

Harvard does not dispute ¶ 696.

**Response to ¶ 697**

Harvard disputes ¶ 697 because it presents a narrow picture of applicant characteristics that does not reflect the multitude of factors considered in Harvard's admissions process.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 5, 21-27.

**Response to ¶ 698**

Harvard does not dispute ¶ 698.

**Response to ¶ 699**

Harvard disputes ¶ 699.  *See, e.g.*, Ellsworth Ex. 33 at 90-93 & Card Exs. 31-34 (showing year-to-year variation in racial composition of Classes of 2001 through 2019, including, *e.g.*, an increase of 13% in the share of admitted students who were Asian American from the Class of 2013 to the Class of 2014); Connolly Ex. 139 at HARV00032522 (showing, *e.g.*, an increase in the Asian-American share of the admitted class by 16.3% from the Class of 2015 to the Class of 2016).

**Response to ¶ 700**

Harvard disputes ¶ 700.  *See* Connolly Ex. 231 at HARV00023178 ("2014 to 2018 numbers reflect new methodology of counting ethnicity"); *see also* Ellsworth Ex. 33 at 91 & Card Ex. 32 (showing year-to-year variation in Asian-American share of Classes of 2001 through 2019, including, for example, an increase of 13% in the share of admitted students who were Asian-American from the Class of 2013 to the Class of 2014).

**Response to ¶ 701**

Harvard disputes ¶ 701.  *See* Connolly Ex. 231 at HARV00023178 ("2014 to 2018 numbers reflect new methodology of counting ethnicity"); *see also* Ellsworth Ex. 33 at 91 & Card Ex. 32 (showing year-to-year variation in Asian-American share of Classes of 2001 through 2019, including, for example, an increase of 13% in the share of admitted students who were Asian-American from the Class of 2013 to the Class of 2014).  Harvard further disputes that, even for the numbers as portrayed here, "5 of the 7 years" displayed reflect the statistical phenomenon described.

**Response to ¶ 702**

Harvard does not dispute SFFA's characterization of the sources cited, but has no independent knowledge of the rankings described.

**Response to ¶ 703**

Harvard does not dispute SFFA's characterization of the sources cited, but has no independent knowledge of Stuyvesant's admissions practices.

**Response to ¶ 704**

Harvard does not dispute SFFA's characterization of the source cited, but has no independent knowledge of Stuyvesant's admissions practices.

**Response to ¶ 705**

Harvard does not dispute SFFA's characterization of the source cited, but has no independent knowledge of the composition of Stuyvesant's student body.

**Response to ¶ 706**

Harvard does not dispute SFFA's characterization of the source cited, but has no independent knowledge of Ms. Pedrick's professional background or motivations.

**Response to ¶ 707**

Harvard does not dispute SFFA's characterization of the source cited, but has no independent knowledge of the subject matters addressed in the portions of Ms. Pedrick's testimony cited in ¶ 707.

**Response to ¶ 708**

Harvard disputes that Connolly Ex. 209 supports the statement asserted in ¶ 708.

**Response to ¶ 709**

Harvard does not dispute that Connolly Ex. 208 is accurately quoted, but disputes that it supports the statement asserted in ¶ 708.

**Response to ¶ 710**

Harvard does not dispute that Connolly Ex. 208 is accurately quoted, but disputes that it supports the statement asserted in ¶ 708.

**Response to ¶ 711**

Harvard does not dispute that Connolly Ex. 200 is accurately quoted, but disputes that it supports the statement asserted in ¶ 708.

**Response to ¶ 712**

Harvard disputes ¶ 712 and disputes that the pages of Ms. Pedrick's deposition testimony cited contain any discussion of statistics she had or had not seen.

**Response to ¶ 713**

Harvard disputes ¶ 713, and notes that the tables portrayed here reflect neither the same numbers nor the same format shown to Ms. Pedrick during her deposition.

**Response to ¶ 714**

Harvard disputes ¶ 714.  *See* Ellsworth Ex. 151 ¶¶ 4-6 (Card Decl.) & Card Decl. Ex. 1 (finding that, even using Dr. Arcidiacono's own model, Stuyvesant's Asian-American applicants

were admitted at a slightly higher rate than the rate that would be expected given individual applicant characteristics).

### Response to ¶ 715

Harvard disputes ¶ 715.  *See* Ellsworth Ex. 151 ¶¶ 4-6 (Card Decl.) & Card Decl. Ex. 1.

### Response to ¶ 716

Harvard disputes SFFA's characterization of Ms. Pedrick's testimony.  Ms. Pedrick's full testimony is available in context in Connolly Ex. 19 at 96:23-101:24 (Pedrick Dep.).  Harvard notes that the quotation in ¶ 716 selectively omits testimony and objections, in many cases without the use of ellipses.

### Response to ¶ 717

Harvard disputes ¶ 717.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 147-167.

### Response to ¶ 718

Harvard disputes ¶ 718.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 147-167.

### Response to ¶ 719

Harvard disputes ¶ 719.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 147-167.

### Response to ¶ 720

Harvard disputes ¶ 720.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 147-167.

### Response to ¶ 721

Harvard disputes ¶ 721.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 147-167.

### Response to ¶ 722

Harvard disputes ¶ 722.  *See, e.g.*, Ellsworth Ex. 35, Appendix D, Tables B.1.2R-B.1.4R; Ellsworth Ex. 37 ¶¶ 147-167.

### Response to ¶ 723

Harvard disputes ¶ 723.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 147-167.

**Response to ¶ 724**

Harvard does not dispute that the racial composition of its admitted class is required to be, and is, reported to the federal government using the IPEDS methodology.  Harvard otherwise disputes ¶ 724.  *See, e.g.*, Connolly Ex. 26, Yong 137:15-138:11 ("Q.  Do you prepare reports that are used for press releases announcing Harvard's class at the end of portions of the admissions cycle?  MR. WOLFSON: Objection.  A. Yes.  Q. When you prepared those reports, did those reports include an ethnicity breakdown?  A. Yes.  Q.  Which of these methodologies do you use to reflect that information on the press release report?  ... A. New methodology. ... Q. But you don't use the IPEDS methodology?  A. Not for press releases."); Ellsworth Ex. 33 ¶ 190; Ellsworth Ex. 37 ¶ 153.

**Response to ¶ 725**

Harvard does not dispute ¶ 725's characterization of the federally-mandated reporting requirements imposed by IPEDS.

**Response to ¶ 726**

Harvard disputes ¶ 726.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 147-167; Connolly Exs. 114, 115, 123, 133.

**Response to ¶ 727**

Harvard does not dispute that "[t]he IPEDS reporting system leads to significantly underreported percentages for all ethnicities except Hispanic Americans," but otherwise disputes SFFA's characterization of Connolly Ex. 133.  *See* Connolly Ex. 133.

**Response to ¶ 728**

Harvard disputes the characterization of Connolly Ex. 115.  *See* Connolly Ex. 115.

**Response to ¶ 729**

Harvard disputes that the materials cited support the statement asserted in ¶ 729.  Harvard further disputes ¶ 729 because it purports to characterize documents that preceded the time period for discovery in this litigation.

**Response to ¶ 730**

Harvard does not dispute ¶ 730, but notes that the documents in question also included numbers using Harvard's Old Methodology and New Methodology.

**Response to ¶ 731**

Harvard disputes ¶ 731.  *See* Connolly Ex. 3 at 379:12-380:6 (Card Dep.).

**Response to ¶ 732**

Harvard disputes ¶ 732.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 147-167, 219-223; Dkt. 415-3 (Arcidiacono Errata).

**Response to ¶ 733**

Harvard disputes ¶ 733.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 147-167, 219-223; Dkt. 415-3 (Arcidiacono Errata).

**Response to ¶ 734**

Harvard disputes ¶ 734.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 147-167, 219-223; Dkt. 415-3 (Arcidiacono Errata).

**Response to ¶ 735**

Harvard disputes that Dr. Arcidiacono's model was designed to, or does, accurately model the role of race in Harvard's admissions process or admissions decisions. *See, e.g.*, Ellsworth Ex. 37 ¶¶ 3, 6, 95.

**Response to ¶ 736**

Harvard disputes ¶ 736.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99, 135-146.

### Response to ¶ 737

Harvard disputes ¶ 737.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99, 103, 135-146.

### Response to ¶ 738

Harvard disputes ¶ 738.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 58-78, 93-99, 103, 135-146.

### Response to ¶ 739

Harvard disputes ¶ 739.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99, 103, 135-146.

### Response to ¶ 740

Harvard disputes ¶ 740.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99, 103, 135-146.

### Response to ¶ 741

Harvard disputes ¶ 741.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99.

### Response to ¶ 742

Harvard disputes ¶ 742.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99.

### Response to ¶ 743

Harvard disputes ¶ 743.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99.

### Response to ¶ 744

Harvard does not dispute that David Card, the Class of 1950 Professor of Economics at the University of California, Berkeley, was retained by Harvard in this litigation and submitted two expert reports.

### Response to ¶ 745

Harvard disputes ¶ 745.  Dr. Card has published over 110 articles and book chapters including extensive scholarship on race, discrimination, and education.  *See* Ellsworth Ex. 33 ¶ 2.

He is a recipient of the John Bates Clark Medal, which is widely regarded as one of the highest honors in the field of economics.  *See* Ellsworth Ex. 33 ¶ 3.  His curriculum vitae may be viewed in full at Ellsworth Ex. 33 at 156-169.

### Response to ¶ 746

Harvard disputes SFFA's characterization of Dr. Card's opinions.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37.

### Response to ¶ 747

Harvard disputes ¶ 747, including because Dr. Card did not describe a "model like Professor Arcidiacono's" as "appropriate."  *See* Ellsworth Ex. 33 ¶ 95.

### Response to ¶ 748

Harvard disputes SFFA's characterization of Dr. Card's opinions.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37.

### Response to ¶ 749

Harvard disputes ¶ 749.  *See* Ellsworth Exs. 33, 37.

### Response to ¶ 750

Harvard disputes ¶ 750.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 85-99.  Harvard further disputes SFFA's characterization of Dr. Card's opinions.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37.

### Response to ¶ 751

Harvard disputes ¶ 751.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 85-99; Complaint (Dkt. 1) at ¶¶ 429 (alleging that Harvard "intentionally discriminates against Asian-American applicants"), 472 (alleging that "race is—to one degree or another—a factor for every applicant").

### Response to ¶ 752

Harvard disputes ¶ 752.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 85-99.

**Response to ¶ 753**

Harvard disputes ¶ 753.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 85-99.

**Response to ¶ 754**

Harvard disputes ¶ 754.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 85-99.

**Response to ¶ 755**

Harvard disputes ¶ 755.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 85-99.

**Response to ¶ 756**

Harvard disputes ¶ 756.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 128-132.

**Response to ¶ 757**

Harvard disputes SFFA's characterization of Dr. Card's analysis.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 128-132.

**Response to ¶ 758**

Harvard disputes SFFA's characterization of Dr. Card's analysis and deposition testimony.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 128-132; Connolly Ex. 3 at 53:11-56:25 (Card Dep.).

**Response to ¶ 759**

Harvard disputes ¶ 759.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57.  Harvard further disputes SFFA's characterization of Dr. Card's opinions.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37.

**Response to ¶ 760**

Harvard disputes SFFA's characterization of Dr. Card's opinions.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37.

**Response to ¶ 761**

Harvard disputes ¶ 761.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57.  Harvard further disputes SFFA's characterization of Dr. Card's opinions.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37.

**Response to ¶ 762**

Harvard disputes SFFA's characterization of Dr. Card's opinions.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37.

**Response to ¶ 763**

Harvard disputes SFFA's characterization of Dr. Card's opinions.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37.

**Response to ¶ 764**

Harvard disputes SFFA's characterization of Dr. Card's opinions.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37.

**Response to ¶ 765**

Harvard disputes ¶ 765.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57.  Harvard further disputes SFFA's characterization of Dr. Card's opinions and deposition testimony.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37, and his full testimony is available in context in Ellsworth Ex. 124 at 283:5-290:4 (Card Dep.).

**Response to ¶ 766**

Harvard disputes SFFA's characterization of Dr. Card's opinions and deposition testimony.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37, and his full testimony is available in context in Ellsworth Ex. 124 at 282:18-290:4 (Card Dep.).

**Response to ¶ 767**

Harvard disputes SFFA's characterization of Dr. Card's opinions and deposition testimony.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37, and his full testimony is available in context in Ellsworth Ex. 124 at 282:18-290:4 (Card Dep.).

**Response to ¶ 768**

Harvard disputes SFFA's characterization of Dr. Card's opinions and deposition testimony.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37, and his full testimony is available in context in Ellsworth Ex. 124 at 282:18-290:4 (Card Dep.).

**Response to ¶ 769**

Harvard disputes ¶ 769, including SFFA's characterization of Dr. Card's opinions and deposition testimony.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37, and his full testimony is available in context in Ellsworth Ex. 124 at 282:18-290:4 (Card Dep.).

**Response to ¶ 770**

Harvard disputes SFFA's characterization of Dr. Card's opinions and deposition testimony.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37, and his full testimony is available in context in Ellsworth Ex. 124 at 282:18-290:4 (Card Dep.).

**Response to ¶ 771**

Harvard disputes ¶ 771.  *See, e.g.*, Ellsworth Ex. 33 ¶¶ 145-156; Ellsworth Ex. 37 ¶¶ 35-57.  Harvard further disputes SFFA's characterization of Dr. Card's opinions and deposition testimony.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and

37, and his full testimony is available in context in Ellsworth Ex. 124 at 45:12-47:20, 216:6-217:19 (Card Dep.).

### Response to ¶ 772

Harvard disputes ¶ 772, including SFFA's characterization of Dr. Card's opinions and deposition testimony.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37, and his full testimony is available in context in Ellsworth Ex. 124 at 45:12-47:20 (Card Dep.).

### Response to ¶ 773

Harvard disputes ¶ 773, including SFFA's characterization of Dr. Card's opinions.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37.

### Response to ¶ 774

Harvard disputes ¶ 774, including SFFA's characterization of Dr. Card's opinions and deposition testimony.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37, and his full testimony is available in context in Ellsworth Ex. 124 at 309:18-319:20 (Card Dep.).

### Response to ¶ 775

Harvard disputes ¶ 775, including SFFA's characterization of Dr. Card's opinions and deposition testimony.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37, and his full testimony is available in context in Ellsworth Ex. 124 at 309:18-319:20 (Card Dep.).

### Response to ¶ 776

Harvard disputes ¶ 776, including SFFA's characterization of Dr. Card's opinions.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37.  *See, e.g.*, Ellsworth Ex. 37 ¶ 67 ("[T]hese fluctuations primarily reflect a change in how data about

occupations were recorded in Harvard's database starting in 2015. Harvard's database indicates a switch from using one set of occupation codes in 2014, to using two sets in 2015, with the majority of applicants classified under the new system. As a result, certain occupational categories appear to 'fluctuate' between 2014 and later years.").

**Response to ¶ 777**

Harvard disputes ¶ 777, including SFFA's characterization of Dr. Card's opinions.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37.  *See, e.g.*, Ellsworth Ex. 37 ¶ 62 (explaining that "[t]he importance of parental occupation in the admissions process is supported by numerous pieces of evidence in the record," and providing examples); Ellsworth Ex. 27 at 195:10-15 (Arcidiacono Dep.) ("Q. Do you think that that information [about hypothetical applicant's parents' occupations] could be important to an admissions officer? A. It could possibly be important to them.  Q. Because it would tell you something about the family? A. Correct.").

**Response to ¶ 778**

Harvard disputes SFFA's characterization of Dr. Card's opinions and deposition testimony.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37, and his full testimony is available in context in Connolly Ex. 3 at 123:2-124:15 (Card Dep.).

**Response to ¶ 779**

Harvard disputes ¶ 779.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 60-71; Ellsworth Ex. 27 at 196:6-13 (Arcidiacono Dep.) ("Q. ... Would you agree with me that the parents' occupation provides information to the admissions officer beyond simply the family income level? ... A. It can certainly provide information on other things.").

**Response to ¶ 780**

Harvard disputes ¶ 780, including SFFA's characterization of Dr. Card's opinions.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37, including Ellsworth Ex. 37 ¶¶ 51 n.44, 84, 108 & n.99.

**Response to ¶ 781**

Harvard disputes ¶ 781.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 51 n.44, ¶¶ 84, 108 & n.99.

**Response to ¶ 782**

Harvard disputes ¶ 782.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 51 n.44, ¶¶ 84, 108 & n.99.

**Response to ¶ 783**

Harvard disputes ¶ 783.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 51 n.44, ¶¶ 84, 108 & n.99.

**Response to ¶ 784**

Harvard disputes ¶ 784, including SFFA's characterization of Connolly Ex. 157.  *See* Connolly Ex. 157.

**Response to ¶ 785**

Harvard disputes ¶ 785.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 93-99.

**Response to ¶ 786**

Harvard disputes ¶ 786.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 51 n.44, ¶¶ 64, 84, 108 & n.99.

**Response to ¶ 787**

Harvard disputes ¶ 787, including its suggestion that any of the significant methodological flaws in Dr. Arcidiacono's model constitute "minor corrective adjustments." *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 84, 93-99, 108 & n.99.

**Response to ¶ 788**

Harvard disputes ¶ 788.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 84, 93-99, 108 & n.99.

**Response to ¶ 789**

Harvard disputes ¶ 789.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 84, 93-99, 108 & n.99.

**Response to ¶ 790**

Harvard disputes ¶ 790.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 35-57, 58-78, 84, 93-99, 108 & n.99.

**Response to ¶ 791**

Harvard disputes ¶ 791, including SFFA's characterization of Dr. Card's opinions.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37.

**Response to ¶ 792**

Harvard disputes ¶ 792, including SFFA's characterization of Dr. Card's opinions.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37, including Ellsworth Ex. 37 ¶¶ 147-167.

**Response to ¶ 793**

Harvard disputes SFFA's characterization of Dr. Card's opinions and deposition testimony.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37, and his full testimony is available in context in Ellsworth Ex. 124 at 369:13-373:5 (Card Dep.).

**Response to ¶ 794**

Harvard disputes ¶ 794.  *See, e.g.*, Connolly Ex. 223.

**Response to ¶ 795**

Harvard disputes ¶ 795, including SFFA's characterization of Dr. Card's opinions and deposition testimony.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth

Exs. 33 and 37, and his full testimony is available in context in Ellsworth Ex. 124 at 377:25-379:7 (Card Dep.).

**Response to ¶ 796**

Harvard disputes SFFA's characterization of Dr. Card's opinions and deposition testimony.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37, and his full testimony is available in context in Connolly Ex. 3 at 379:12-380:6 (Card Dep.).

**Response to ¶ 797**

Harvard disputes ¶ 797.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 135-146.

**Response to ¶ 798**

Harvard disputes ¶ 798, including SFFA's characterization of Dr. Card's opinions.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37.

**Response to ¶ 799**

Harvard disputes SFFA's characterization of Dr. Card's opinions and deposition testimony.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37, and his full testimony is available in context in Connolly Ex. 3 at 320:18-321:7 (Card Dep.).

**Response to ¶ 800**

Harvard does not dispute that *Grutter* requires public universities to undertake "serious, good faith consideration of workable race-neutral alternatives" to race-based admissions.

**Response to ¶ 801**

Harvard disputes that James E. Ryan was the Dean of Harvard's Graduate School of Education in July 2013.  Harvard does not dispute that Connolly Exhibit 56 contains the quoted language.

**Response to ¶ 802**

Harvard does not dispute that Connolly Exhibits 56 and 60 contain the quoted language.

**Response to ¶ 803**

Harvard does not dispute that Connolly Exhibit 56 contains the quoted language.

**Response to ¶ 804**

Harvard does not dispute that Connolly Exhibit 56 contains the quoted language.

**Response to ¶ 805**

Harvard does not dispute that Connolly Exhibit 56 contains the quoted language.

**Response to ¶ 806**

Harvard disputes ¶ 806.  *See, e.g.*, Ellsworth Ex. 47; Dkt. 420 ¶¶ 126-144, 191-196 (Harvard's Statement of Material Facts); Ellsworth Ex. 120 at 164:20-188:15.

**Response to ¶ 807**

Harvard disputes SFFA's characterization of Director McGrath's testimony.  Director McGrath's full testimony is available in context in Connolly Ex. 16 at 255:13-256:5 (McGrath 2015 Dep.).

**Response to ¶ 808**

Harvard disputes ¶ 808.  *See, e.g.*, Ellsworth Ex. 152; Ellsworth Ex. 41; Ellsworth Ex. 153; Ellsworth Ex. 154; Ellsworth Ex. 120 at 164:20-188:15.

**Response to ¶ 809**

Harvard does not dispute that prior to April 2014, it had never established a formal committee charged solely with analyzing the availability of race-neutral alternatives to its race-based admissions process.

**Response to ¶ 810**

Harvard disputes ¶ 810.  *See, e.g.*, Ellsworth Ex. 152; Ellsworth Ex. 41; Ellsworth Ex. 153; Ellsworth Ex. 154; Ellsworth Ex. 120 at 164:20-188:15.

**Response to ¶ 811**

Harvard disputes ¶ 811.  *See, e.g.*, Ellsworth Ex. 152; Ellsworth Ex. 41; Ellsworth Ex. 153; Ellsworth Ex. 154; Ellsworth Ex. 120 at 164:20-188:15.

**Response to ¶ 812**

Harvard disputes ¶ 812 and disputes that Dean Fitzsimmons's testimony supports the statement asserted in ¶ 812.

**Response to ¶ 813**

Harvard disputes ¶ 813.  *See, e.g.*, Ellsworth Ex. 2 at 166:13-25 (Blum Dep.).

**Response to ¶ 814**

Harvard does not dispute ¶ 814.

**Response to ¶ 815**

Harvard disputes that the "One Harvard College Working Group" was "focused on admissions" and was created in response to the launch of the website "Harvard Not Fair."  *See* Connolly Ex. 62; Connolly Ex. 66.

**Response to ¶ 816**

Harvard disputes that the committee described in ¶ 816 was created in response to the launch of the website "Harvard Not Fair."  *See* Connolly Ex. 57; Connolly Ex. 160.

**Response to ¶ 817**

Harvard does not dispute ¶ 817.

**Response to ¶ 818**

Harvard does not dispute ¶ 818.

**Response to ¶ 819**

Harvard does not dispute ¶ 819.

**Response to ¶ 820**

The documents Harvard did and did not produce relating to the Ryan Committee were in accordance with the Court's orders, including its orders of February 7 and 14, 2018. Harvard disputes SFFA's characterization of the documents listed in Exhibit 232, and notes that the three documents identified were dated January 3, 2013. *See* Connolly Ex. 232, Priv. Log Nos. 31-33. Harvard disputes SFFA's characterization of Connolly Ex. 120.

**Response to ¶ 821**

Harvard disputes SFFA's characterization of the scope of Harvard's instructions not to answer on the basis of attorney-client privilege. The Court's orders of February 7 and 14, 2018 approved of Harvard's invocation of attorney-client privilege for certain documents relating to the Ryan Committee.

**Response to ¶ 822**

Harvard does not dispute ¶ 822.

**Response to ¶ 823**

Harvard disputes SFFA's characterization of the Ryan Committee's December 2014 meeting.

**Response to ¶ 824**

Harvard disputes ¶ 824.

**Response to ¶ 825**

Harvard disputes ¶ 825, including SFFA's characterization of Director Donahue's testimony, and notes that the cited pages are not included in Connolly Ex. 6. Director Donahue's full testimony is available in context in Ellsworth Ex. 124 at 270:13-271:5 (Donahue Dep.).

**Response to ¶ 826**

Harvard disputes SFFA's characterization of Dean Smith's testimony.  Dean Smith's full testimony is available in context in Ellsworth Ex. 123 at 15:8-18:2 (Smith 2018 Dep.).

**Response to ¶ 827**

Harvard does not dispute ¶ 827.

**Response to ¶ 828**

Harvard disputes SFFA's characterization of Dean Smith's testimony.  Dean Smith's full testimony is available in context in Ellsworth Ex. 103 at 43:22-44:15, 62:3-65:19 (Smith 2017 Dep.).

**Response to ¶ 829**

Harvard disputes SFFA's characterization of Dean Khurana's testimony.  Dean Khurana's full testimony is available in context in Ellsworth Ex. 104 at 63:5-68:19, 91:9-92:16 (Khurana Dep.).

**Response to ¶ 830**

Harvard disputes SFFA's characterization of Dean Fitzsimmons's testimony.  Dean Fitzsimmons's full testimony is available in context in Connolly Ex. 9 at 143:18-21, 178:21-179:11 (Fitzsimmons Dep.).

**Response to ¶ 831**

Harvard does not dispute that the Smith Committee met seven times between August 2017 and April 2018.  Harvard disputes that the Smith Committee often met in a conference room of the Office of General Counsel.  *See* Connolly Ex. 23 at 37:15-25 (Smith 2018 Dep.).

**Response to ¶ 832**

Harvard does not dispute ¶ 832.

**Response to ¶ 833**

Harvard does not dispute that attorneys from WilmerHale assisted with the drafting of proposed agendas for meetings of the Smith Committee.

**Response to ¶ 834**

Harvard does not dispute ¶ 834.

**Response to ¶ 835**

Harvard disputes ¶ 835.  *See* Ellsworth Ex. 144; Ellsworth Ex. 145; Ellsworth Ex. 146.

**Response to ¶ 836**

Harvard disputes ¶ 836.

**Response to ¶ 837**

Harvard disputes ¶ 837.  *See* Ellsworth Ex. 47; Ellsworth Ex. 155.

**Response to ¶ 838**

Harvard disputes ¶ 838.  *See* Ellsworth Ex. 155.

**Response to ¶ 839**

Harvard does not dispute ¶ 839.

**Response to ¶ 840**

Harvard disputes ¶ 840.  *See* Ellsworth Ex. 47 at 4-5.

**Response to ¶ 841**

Harvard disputes ¶ 841.  *See* Ellsworth Ex. 124 at 152:6-153:23 (Card Dep.).

**Response to ¶ 842**

Harvard disputes ¶ 842.  *See* Connolly Ex. 23 at 58:11-15 (Smith 2018 Dep.).

**Response to ¶ 843**

Harvard disputes ¶ 843.  *See* Ellsworth Ex. 123 at 64:9-67:10 (Smith 2018 Dep.).

**Response to ¶ 844**

Harvard disputes ¶ 844, and notes that the draft report was substantially revised by the Committee and at the Committee's direction. *See* Ellsworth Ex. 123 at 54:23-55:9, 73:5-76:7, 84:19-86:2, 190:5-191:14 (Smith 2018 Dep.)

**Response to ¶ 845**

Harvard disputes SFFA's characterization of the committee's report. *See* Ellsworth Ex. 47.

**Response to ¶ 846**

Harvard disputes SFFA's characterization of the committee's report. *See* Ellsworth Ex. 47.

**Response to ¶ 847**

Harvard does not dispute ¶ 847.

**Response to ¶ 848**

Harvard disputes SFFA's characterization of the committee's April 6 meeting. *See* Ellsworth Ex. 123 at 73:21-76:7, 173:13-174:12 (Smith 2018 Dep.).

**Response to ¶ 849**

Harvard disputes ¶ 849. *See, e.g.*, Ellsworth Ex. 123 at 64:12-65:16 (Smith 2018 Dep.); Ellsworth Ex. 45 at 1. Harvard further disputes the characterization of Dean Smith's testimony. Dean Smith's testimony may be reviewed in full at Connolly Ex. 22 at 94:7-97:11 (Smith 2017 Dep.).

**Response to ¶ 850**

Harvard disputes SFFA's characterization of Connolly Exhibit 190. *See* Connolly Ex. 190.

**Response to ¶ 851**

Harvard does not dispute ¶ 851.

**Response to ¶ 852**

Harvard does not dispute that the quoted language appears in Mr. Kahlenberg's Report.

**Response to ¶ 853**

Harvard has no information regarding the questions for which Mr. Kahlenberg was initially retained by SFFA to offer opinions.

**Response to ¶ 854**

Harvard disputes ¶ 854 because the terms "extensive," "substantial," and "voluminous" are so vague as to preclude any other response, and because they are inconsistent with the one-page list of materials considered included with Mr. Kahlenberg's expert report. *See* Ellsworth Ex. 32 at 74.

**Response to ¶ 855**

Harvard does not dispute that the quoted language appears in Mr. Kahlenberg's Report.

**Response to ¶ 856**

Harvard does not dispute ¶ 856.

**Response to ¶ 857**

Harvard disputes ¶ 857.  *See, e.g.*, Ellsworth Ex. 47; Dkt. 420 ¶¶ 126-144, 191-196 (Harvard's Statement of Material Facts).

**Response to ¶ 858**

Harvard does not dispute that Table 3 of Dr. Arcidiacono's Declaration reflects data that Harvard produced to SFFA.

**Response to ¶ 859**

Harvard disputes ¶ 859.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 22, 186-187, 189.

**Response to ¶ 860**

Harvard does not dispute that Table 4 of Dr. Arcidiacono's Declaration reflects data that Harvard produced to SFFA.

**Response to ¶ 861**

Harvard disputes SFFA's characterization of Table 4 of Dr. Arcidiacono's Declaration. *See* Arcidiacono Decl., Table 4.

**Response to ¶ 862**

Harvard disputes ¶ 862.  *See, e.g.*, Ellsworth Ex. 37 ¶ 98.

**Response to ¶ 863**

Harvard disputes ¶ 863.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 95-99.

**Response to ¶ 864**

Harvard disputes ¶ 864.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 95-99, 103.

**Response to ¶ 865**

Harvard disputes SFFA's characterization of Connolly Ex. 112.  *See* Connolly Ex. 112.

**Response to ¶ 866**

Harvard does not dispute ¶ 866.

**Response to ¶ 867**

Harvard disputes SFFA's characterization of Dr. Card's opinions and deposition testimony.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37, and his full testimony is available in context in Ellsworth Ex. 124 at 99:2-101:24 (Card Dep.).

**Response to ¶ 868**

Harvard disputes SFFA's characterization of Dr. Card's opinions.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37.

**Response to ¶ 869**

Harvard does not dispute ¶ 869.

**Response to ¶ 870**

Harvard disputes ¶ 870.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 184, 196-197.

**Response to ¶ 871**

Harvard disputes ¶ 871.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 184, 196-197.

**Response to ¶ 872**

Harvard disputes ¶ 872.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 184, 196-197.

**Response to ¶ 873**

Harvard disputes SFFA's characterization of Dr. Card's deposition testimony.  Dr. Card's full testimony is available in context in in Ellsworth Ex. 124 at 146:8-147:7 (Card Dep.).

**Response to ¶ 874**

Harvard disputes ¶ 874.  *See, e.g.*, Ellsworth Ex. 37 ¶ 188.

**Response to ¶ 875**

Harvard disputes ¶ 875.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 186-187.

**Response to ¶ 876**

Harvard does not dispute that the reports cited contain the data contained in the table in ¶ 876.

**Response to ¶ 877**

Harvard disputes SFFA's characterization of the table in ¶ 876.  *See supra* ¶ 876.

**Response to ¶ 878**

Harvard disputes ¶ 878 on the ground that it states a legal conclusion.

**Response to ¶ 879**

Harvard disputes ¶ 879, including on the ground that it states a legal conclusion.  Harvard further notes that it makes extraordinary efforts to recruit and admit a socioeconomically diverse class.  *See, e.g.*, Ellsworth Ex. 47 at 4-6, 9-11, 13.

**Response to ¶ 880**

Harvard does not dispute that the reports cited contain the data discussed in ¶ 880.

**Response to ¶ 881**

Harvard disputes ¶ 881.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 196-197; Ellsworth Ex. 47 at 18.

**Response to ¶ 882**

Harvard disputes ¶ 882.  *See, e.g.*, *supra* ¶ 876.

**Response to ¶ 883**

Harvard disputes SFFA's characterization of Dr. Card's opinions.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37.

**Response to ¶ 884**

Harvard disputes ¶ 884, including its characterization of Dr. Card's opinions and deposition testimony.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 192-197 & Card Ex. 26; Ellsworth Ex. 47 at 8-9.  Dr. Card's analysis and opinions may be reviewed in full in Ellsworth Exs. 33 and 37, and his full testimony is available in context in Connolly Ex. 3 at 152:6-21 (Card Dep.).  Harvard further disputes SFFA's characterization of the committee report.  *See* Ellsworth Ex. 47.

**Response to ¶ 885**

Harvard does not dispute that it does not set quotas by racial group.

**Response to ¶ 886**

Harvard disputes ¶ 886.  *See, e.g.*, Ellsworth Ex. 41; Ellsworth Ex. 47.

**Response to ¶ 887**

Harvard disputes ¶ 887.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 184-185.  Harvard fully complied with the Court's orders as to what applicant information to produce, including the Court's orders of September 6 and 7, 2016.  *See* Dkt. 181 ¶ 3.

**Response to ¶ 888**

Harvard does not dispute that in Card Simulation x4, Kahlenberg Simulation 6, and Kahlenberg Simulation 7, the average composite SAT score would be reduced from 2244 to, respectively, 2189, 2173, and 2180.

**Response to ¶ 889**

Harvard does not dispute that its admissions process is not focused solely on maximizing the SAT scores of its admitted class, but notes that the cited page of Dean Smith's testimony is not contained in Connolly Ex. 23.  Dean Smith's full testimony is available in context in Ellsworth Ex. 123 at 149:7-10 (Smith 2018 Dep.).

**Response to ¶ 890**

Harvard disputes ¶ 890.  *See, e.g.*, Ellsworth Exs. 37 ¶¶ 194-197 & Card Ex. 26; Ellsworth Ex. 47 at 17-18.

**Response to ¶ 891**

Harvard disputes ¶ 891, including on the ground that it is a legal conclusion.  Harvard further notes that it already gives consideration to applicants' socioeconomic backgrounds.  *See, e.g.*, Ellsworth Ex. 47 at 13.

**Response to ¶ 892**

Harvard does not dispute that the report of the committee to study race-neutral alternatives included the language quoted in ¶ 892.

**Response to ¶ 893**

Harvard disputes ¶ 893.   *See, e.g.*, Ellsworth Exs. 37 ¶¶ 194-197 & Card Ex. 26; Ellsworth Ex. 47 at 17-18.

**Response to ¶ 894**

Harvard disputes ¶ 894.  *See, e.g.*, Ellsworth Exs. 37 ¶¶ 98; Ellsworth Ex. 47 at 15-17.

**Response to ¶ 895**

Harvard disputes ¶ 895.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 198-209.

**Response to ¶ 896**

Harvard disputes ¶ 896.   *See, e.g.*, Ellsworth Ex. 37 ¶¶ 199-201; Ellsworth Ex. 47 at 6, 10-11.

**Response to ¶ 897**

Harvard disputes ¶ 897.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 202-204; Ellsworth Ex. 47 at 4-5, 9-10.

**Response to ¶ 898**

Harvard disputes ¶ 898.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 184-185; Ellsworth Ex. 47 at 1 & n.1, 13-15.

**Response to ¶ 899**

Harvard disputes ¶ 899.  *See, e.g.*, Ellsworth Ex. 37 ¶ 205; Ellsworth Ex. 47 ¶¶ 12-13.

**Response to ¶ 900**

Harvard disputes ¶ 900.  *See, e.g.*, Ellsworth Ex. 37 ¶¶ 184-185, 202-204; Ellsworth Ex. 47 ¶¶ 11-12.

Respectfully submitted,

/s/ Seth P. Waxman
Seth P. Waxman (*pro hac vice*)
Paul R.Q. Wolfson (*pro hac vice*)
Daniel Winik (*pro hac vice*)
WILMER CUTLER PICKERING
      HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Tel: (202) 663-6800
Fax: (202) 663-6363
seth.waxman@wilmerhale.com
paul.wolfson@wilmerhale.com
daniel.winik@wilmerhale.com

Debo P. Adegbile (*pro hac vice*)
WILMER CUTLER PICKERING
      HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 295-6717
Fax: (212) 230-8888
debo.adegbile@wilmerhale.com

William F. Lee (BBO #291960)
Felicia H. Ellsworth (BBO #665232)
Andrew S. Dulberg (BBO #675405)
Elizabeth Mooney (BBO #679522)
WILMER CUTLER PICKERING
      HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6687
Fax: (617) 526-5000
william.lee@wilmerhale.com
felicia.ellsworth@wilmerhale.com
andrew.dulberg@wilmerhale.com
elizabeth.mooney@wilmerhale.com

Dated:  July 27, 2018                    *Counsel for Defendant President and*
                                         *Fellows of Harvard College*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and that the sealed version of this document will be served on counsel for SFFA by email.

/s/ Seth P. Waxman
Seth P. Waxman
