IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC.,<br>      Plaintiff,<br>  v.<br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br>      Defendant. | Civil Action No. 1:14-cv-14176-ADB |

**STUDENTS FOR FAIR ADMISSIONS, INC.'S MEMORANDUM IN OPPOSITION TO HARVARD-RADCLIFFE BLACK STUDENTS ASSOCIATION, KUUMBA SINGERS OF HARVARD COLLEGE, FUERZA LATINA OF HARVARD, NATIVE AMERICANS AT HARVARD COLLEGE, HARVARD-RADCLIFFE ASIAN AMERICAN ASSOCIATION, HARVARD-RADCLIFFE ASIAN AMERICAN WOMEN'S ASSOCIATION, HARVARD ASIAN AMERICAN BROTHERHOOD, HARVARD VIETNAMESE ASSOCIATION, HARVARD-RADCLIFFE CHINESE STUDENTS ASSOCIATION, HARVARD KOREAN ASSOCIATION, HARVARD JAPAN SOCIETY, HARVARD SOUTH ASIAN ASSOCIATION, HARVARD ISLAMIC SOCIETY, TASK FORCE ON ASIAN AND PACIFIC AMERICAN STUDIES AT HARVARD COLLEGE, HARVARD PHILLIPS BROOKS HOUSE ASSOCIATION, HARVARD MINORITY ASSOCIATION OF PRE-MEDICAL STUDENTS, COALITION FOR A DIVERSE HARVARD, FIRST GENERATION HARVARD ALUMNI, NATIVE AMERICAN ALUMNI OF HARVARD UNIVERSITY, HARVARD UNIVERSITY MUSLIM ALUMNI, AND HARVARD LATINO ALUMNI ALLIANCE'S MOTION TO PARTICIPATE AS AMICUS CURIAE**

SFFA consented to the Amici Organizations[1] filing a brief in support of Harvard's motion for summary judgment as amici curiae. SFFA opposes, however, the Amici Organizations' attempt to expand the evidentiary record at this late date with the sixteen sworn declarations—most of which include improper opinion testimony—it filed in support of their brief. SFFA respectfully requests that the Court limit the Amici Organizations' participation to advocating its positions through their brief and that the Court strike the declarations and the portions of the Amici Organizations' brief that refer to those declarations.[2]

On July 30, 2018 the Amici Organizations moved to be afforded "the same amici curiae status as the current individual Amici under the Court's Order." Dkt. 455 at 2. The amici curiae status of the individual Amici—who unsuccessfully sought to intervene in the case over three years ago—includes the right to "submit personal declarations or affidavits . . . which may be accorded evidentiary weight if otherwise proper." Dkt. 52 at 23. On July 31, 2018, the Court entered a minute order granting the Amici Organizations motion for "Leave to File Document." Dkt. 465. On August 3, 2018, the Amici Organizations filed their brief in support of Harvard's motion for summary judgment as well as sixteen sworn declarations in support of the Amici Organizations' brief. Dkt. 471.

---

[1] The Amici Organizations are Harvard-Radcliffe Black Students Association, Kuumba Singers of Harvard College, Fuerza Latina of Harvard, Native Americans at Harvard College, Harvard-Radcliffe Asian American Association, Harvard-Radcliffe Asian American Women's Association, Harvard Asian American Brotherhood, Harvard Vietnamese Association, Harvard-Radcliffe Chinese Students Association, Harvard Korean Association, Harvard Japan Society, Harvard South Asian Association, Harvard Islamic Society, Task Force on Asian and Pacific American Studies at Harvard College, Harvard Phillips Brooks House Association, Harvard Minority Association of Pre-Medical Students, Coalition for a Diverse Harvard, First Generation Harvard Alumni, Native American Alumni of Harvard University, Harvard University Muslim Alumni, and Harvard Latino Alumni Alliance.

[2] Attached as Exhibit 1 is a copy of the Amici Organizations' brief with the improper portions identified with yellow highlighting.

1

Permitting amici to offer evidence is the exception not the rule. An "amicus who argues facts should rarely be welcomed." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970); *see also Smith v. Pinion*, No. 1:10-CV-29, 2013 WL 3895035, at *1 (M.D.N.C. July 29, 2013) (an amicus "should not be accorded the right to present evidence or otherwise participate in an adversarial fashion"); *Parm v. Shumate*, No. CIV.A. 3-01-2624, 2006 WL 1228846, at *1 (W.D. La. May 1, 2006) (amicus "may not submit evidence and may not attach documents to its amicus brief"); *see also Metcalf v. Daley*, 214 F.3d 1135, 1141 n.1 (9th Cir. 2000) ("strik[ing] the extra-record documents that [an amicus] submitted with its amicus brief"); *Gaylor v. Lew*, No. 16-CV-215-BBC, 2017 WL 222550, at *3 (W.D. Wis. Jan. 19, 2017) ("[A]mici have no right to submit evidence to the court."); *Ctr. for Food Safety v. Vilsack*, No. C 10-04038 JSW, 2010 WL 4392847, at *1 n.3 (N.D. Cal. Oct. 29, 2010) (noting previous "ruling that Amici are not permitted to submit evidence regarding issues on the merits").

There is no reason to depart from the general rule here. First, the Amici Organizations' effort to supplement the factual record is untimely. The parties spent years developing the record in accordance with the deadlines adopted by the Court. Based on that record, both parties moved for summary judgment. The Amici Organizations' declarations were submitted after the parties' summary judgment motions and almost a year (364 days) after fact discovery closed. SFFA had no opportunity to explore the veracity or credibility of the declarations during discovery. And with two months remaining before trial, it does not have the time to do so now. The Amici Organizations' declarations are the definition of untimely and should be struck for this reason alone.

Second, the declarations are replete with improper opinion testimony. *See, e.g.,* Sam Decl. ¶ 15 (opining that an alleged policy brutality incident provides a rationale for a critical mass of Black students at Harvard); *id.* at ¶ 18 (the implications of SFFA's case are "the height of ignorance in my opinion"); *id.* at ¶ 19 (opining that the "Harvard administration needs to do more to support Black students and students of color"); Nuñez Decl. ¶ 11 (opining regarding the necessity of a critical mass

of Latinx students); *Id.* at ¶¶ 12–13 (opining that a decrease in Latinz students would harm Fuerza Latina and be socially isolating); Paek Decl. ¶¶ 4–5 (opining as to the importance of considering race in admissions); *id.* at ¶ 6 (opining as to the consequences of a race-neutral admissions policy); Ho Decl. ¶ 8 (opining as to the importance of race-conscious admissions policies); *id.* at ¶ 11 (speculating that "any potential implicit bias in Harvard admissions does not stem from the consideration of race in admissions"); *id.* at ¶ 12 (opining as to the consequences of a race-neutral admissions policy); Choi Decl. ¶ 6 (opining that Edward Blum and SFFA do not "represent the interests of Asian-American students or other students at Harvard"); *id.* at ¶ 7 (opining that "[t]o the extent there is a problem with the way Harvard approaches Asian and Asian-American applicants, the problem does not lie with race-conscious admissions or affirmative action"); Tran Dec. ¶ 9 (opining as to the importance of race-conscious admissions); Parmley Dec. ¶ 6 (conceding "there is a problem with the way Harvard approaches Asian and Asian-American applicants" but opining that "the problem does not lie with race-conscious admissions or affirmative action"); Shabaz at ¶ 10 (opining as to the consequences of eliminating race-conscious admissions); *id.* at ¶ 11 (opining that "Edward Blum is using Asian Americans as a political tool in his fight to end the consideration of race in admissions"); Lobo Dec. ¶ 11 (opining on the potential negative implications of SFFA's case); Van Dyke Dec. ¶ 16 (opining as to the negative consequences of race-neutral admissions). The Amici Organizations' inclusion of opinion testimony into what are presumably lay witness declarations (surely the Amici Organizations do not contend the declarants are expert witnesses) provides an additional reason to strike the declarations from the record.

SFFA acknowledges that the Court permitted the individual student amici—who sought to intervene in April 2015—to submit declarations. But those amici are differentially situated than the Amici Organizations. Those amici moved to intervene over three years ago and filed their initial declarations during discovery. This permitted the parties, to the extent necessary, to address the

significance of those declarations. It also gave SFFA the option of seeking discovery concerning those declarations in a timely and orderly fashion. The fact that SFFA decided it did not need to exercise that option is not a reason to allow the Amici Organizations the opportunity to expand the record two months before trial.

    For the reasons set forth above, SFFA respectfully requests that the Court limit the participation of the Amici Organizations to their brief and strike the Amici Organizations' declarations and the portions of the brief which refer to those declarations.

Dated: August 13, 2018					Respectfully submitted,

							*/s/ John M. Hughes*
							Adam K. Mortara
							Bartlit Beck Herman Palenchar & Scott LLP
							54 West Hubbard Street, Suite 300
							Chicago, IL 60654
							312.494.4400
							adam.mortara@bartlit-beck.com

							John M. Hughes
							Bartlit Beck Herman Palenchar & Scott LLP
							1801 Wewatta Street, Suite 1200
							Denver, CO 80202
							303.592.3100
							john.hughes@bartlit-beck.com

							William S. Consovoy
							Thomas R. McCarthy
							Michael H. Park
							J. Michael Connolly
							CONSOVOY MCCARTHY PARK PLLC
							3033 Wilson Boulevard, Suite 700
							Arlington, Virginia 22201
							703.243.9423
							will@consovoymccarthy.com
							tom@consovoymccarthy.com
							park@consovoymccarthy.com
							mike@consovoymccarthy.com

							Patrick Strawbridge BBO #678274
							CONSOVOY MCCARTHY PARK PLLC
							Ten Post Office Square
							8th Floor South PMB #706
							Boston, MA 02109
							617.227.0548
							patrick@consovoymccarthy.com

							Paul M. Sanford BBO #566318
							Benjamin C. Caldwell BBO #675061
							BURNS & LEVINSON LLP
							One Citizens Plaza, Suite 1100 Providence,
							RI 02903
							617.345.3000
							psanford@burnslev.com
							bcaldwell@burnslev.com

							*Attorneys for Plaintiff Students for Fair Admissions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 13th day of August, 2018.

*/s/John M. Hughes*
John M. Hughes