**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION**

STUDENTS FOR FAIR ADMISSIONS, INC,

      Plaintiff,

      v.

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE (HARVARD
CORPORATION),

      Defendant.

Civil Action No. 1:14-cv-14176-ADB

**Leave to file granted on August 16, 2018**

**REPLY TO STUDENTS FOR FAIR ADMISSIONS, INC.'S
MEMORANDUM IN OPPOSITION TO
HARVARD-RADCLIFFE BLACK STUDENTS ASSOCIATION,
KUUMBA SINGERS OF HARVARD COLLEGE,
FUERZA LATINA OF HARVARD,
NATIVE AMERICANS AT HARVARD COLLEGE,
HARVARD-RADCLIFFE ASIAN AMERICAN ASSOCIATION,
HARVARD-RADCLIFFE ASIAN AMERICAN WOMEN'S ASSOCIATION,
HARVARD ASIAN AMERICAN BROTHERHOOD,
HARVARD VIETNAMESE ASSOCIATION,
HARVARD-RADCLIFFE CHINESE STUDENTS ASSOCIATION,
HARVARD KOREAN ASSOCIATION,
HARVARD JAPAN SOCIETY,
HARVARD SOUTH ASIAN ASSOCIATION,
HARVARD ISLAMIC SOCIETY,
TASK FORCE ON ASIAN AND PACIFIC AMERICAN
STUDIES AT HARVARD COLLEGE,
HARVARD PHILLIPS BROOKS HOUSE ASSOCIATION,
MINORITY ASSOCIATION OF PRE-MEDICAL STUDENTS,
COALITION FOR A DIVERSE HARVARD,
FIRST GENERATION HARVARD ALUMNI,
NATIVE AMERICAN ALUMNI OF HARVARD UNIVERSITY,
HARVARD UNIVERSITY MUSLIM ALUMNI, AND
HARVARD LATINO ALUMNI ALLIANCE
MOTION TO PARTICIPATE AS AMICUS CURIAE**

On July 30, 2018, Amici Organizations[1] filed a Motion for Leave to Participate as Amici Curiae, an amicus brief in support of the summary judgment motion filed by Defendant President and Fellows of Harvard College (Harvard Corporation) ("Defendant" or "Harvard"), and sixteen declarations from representatives of Amici Organizations. ECF No. 455, 455-1–17. Leave of the Court was not required to file an amicus brief under the Court's July 24, 2018 Order, ECF No. 432, but Amici Organizations did seek leave of the Court to submit declarations and participate in this action under the same terms granted by this Court to certain individual student amici. *See* Amici Organization's Motion to Participate as Amici Curiae, ECF No. 455 at 2. This motion was granted by the Court on July 31, 2018, ECF No. 465, and Amici Organizations subsequently filed their Declarations along with their Amicus Brief, ECF No. 471.

Plaintiff Students for Fair Admissions, Inc. ("Plaintiff" or "SFFA") now argues that, despite this Court's Order, the Amici Organizations' Declarations should be struck from the record and excised from the brief. Through its Opposition, ECF No. 479, SFFA is attempting to silence the unique voices of Harvard students and alumni organizations, which represent the interests of thousands of Harvard students and alumni of color and other students and alumni who are deeply committed to fostering diversity on Harvard's campus and, thus, have a deep interest in this case.[2]

---

[1] Amici Curiae include Harvard-Radcliffe Black Students Association ("BSA"), Kuumba Singers of Harvard College ("Kuumba"), Fuerza Latina of Harvard ("Fuerza Latina"), Native Americans at Harvard College ("NAHC"), Harvard-Radcliffe Asian American Association ("AAA"), Harvard-Radcliffe Asian American Women's Association ("AAWA"), Harvard Asian American Brotherhood ("AAB"), Harvard Vietnamese Association ("HVA"), Harvard-Radcliffe Chinese Students Association ("CSA"), Harvard Korean Association ("HKA"), Harvard Japan Society ("HJS"), Harvard South Asian Association ("SAA"), Harvard Islamic Society ("HIS"), Task Force on Asian and Pacific American Studies at Harvard College ("TAPAS"), Harvard Phillips Brooks House Association ("PBHA"), Harvard Minority Association of Pre-Medical Students ("MAPS"), Coalition for a Diverse Harvard ("Diverse Harvard"), First Generation Harvard Alumni ("FGHA"), Native American Alumni of Harvard University ("NAAHU"), Harvard University Muslim Alumni ("HUMA"), and Harvard Latino Alumni Alliance ("HLAA") (collectively "Amici Organizations").

[2] It bears emphasis that, since the Court granted the Amici Organizations' motion to file its brief and declarations (ECF No. 465), the proper vehicle for Plaintiffs' opposition here is actually a Motion for Reconsideration under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. The granting of a motion for reconsideration is

Plaintiff's objections should be rejected, not only because they would prevent this Court from considering important information and perspectives from student and alumni organizations that have long dealt with—and have been concerned about—the issues at the heart of this case, but also because they fail to explain how Amici Organizations' declarations are untimely or will cause unfair prejudice.

This Court granted leave to participate in this action as *amici plus* to a group of current and prospective Harvard students ("Individual Amici") on June 15, 2015. ECF No. 52 at 23.[3] The Court later extended the same *amicus plus* status to other student amici. *See* ECF No. 244 (granting individual students J.F. and M.A. leave to participate as amici curiae under the same terms). Amici Organizations sought the same inclusion under the June 15 order. ECF No. 455 at 2.  SFFA's contention that the Amici Organizations are not similarly situated to those additional student amici is incorrect. Amici Organizations took the same steps as the additional student amici, including: (1) moving the Court to seek the same status granted Individual Amici; and (2) filing declarations by the July 30 amicus deadline, the very same day that declarations were filed by Individual Amici who were already granted this status. *See* ECF No. 40-1.

SFFA's purported interest in seeking discovery from Amici Organizations, despite not seeking discovery about any other amici over the years it has been litigating this case, warrants skepticism and is not a ground for excluding the declarations of the Amici Organizations.

---

"an extraordinary remedy which should be used sparingly." 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2810.1 (2d ed.1995). "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (citing cases). Plaintiff has not met this exacting standard.

[3] The Court ordered that these amici curiae, who are current and prospective students, may through their counsel: (1) submit a brief or memorandum of law not to exceed 30 pages (exclusive of exhibits) on any dispositive motion in this case; (2) participate in oral argument on any dispositive motion in this case; and (3) submit personal declarations or affidavits in support of their memorandum of law, which may be accorded evidentiary weight if otherwise proper. ECF No. 52 at 23.

Moreover, SFFA has two months before trial commences to seek discovery from Amici Organizations and, thus, has demonstrated no prejudice from the declarations. Thus, SFFA's request to exclude Amici Organizations' declarations on the basis of timeliness is meritless and should be rejected. *See Albert v. Warner–Lambert Co.*, No. 99-11700, 2002 WL 745822 at \*1.  (D. Mass. Apr. 24, 2002) (recognizing that "even in cases where a party cannot demonstrate that its failure to comply with a . . . disclosure deadline was justified or harmless," a more measured approach is required because preclusion of evidence is an extreme sanction).

By seeking to strike Amici Organizations' declarations entirely, rather than cure any prejudice through additional discovery, SFFA reveals the true motivation behind its Opposition: to exclude the voices of Harvard student and alumni organizations. *See* ECF No. 479-1 (proposing to broadly strike the perspectives of Harvard student and alumni declarants from nearly every page of Amici Organizations' brief). This is especially troubling because Amici Organizations include longstanding and prominent organizations for Black, Latinx, Asian American, and Native American students at Harvard, and can offer the Court institutional knowledge otherwise missing from this important case. *See* ECF No. 455 at 10. The perspectives of underrepresented student and alumni groups are crucial to understanding why a race-conscious admissions policy is needed and should not be erased from the record. *Id.* at 13-14.

SFFA also argues that Amici Organizations' declarations should be struck because they include opinion testimony. This contention is also incorrect. The testimony of Amici Organizations should be admitted under Federal Rule of Evidence 701 because it is based on the declarants' perceptions and personal experiences and can help the court determine factual issues as to how race-conscious admissions affects Harvard students. *See United States v. Valdivia*, 680 F.3d 33, 50 (1st Cir. 2012) ("If a witness is not testifying as an expert, testimony in the form of [opinions or

inferences] is limited to [those which are] (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." (quoting Fed. R. Evid. 701 (emphasis removed)). The portions of the declarations that SFFA challenges describe how Harvard organizational leaders experience the admissions process and student life on campus and are not only permissible lay person testimony, but directly inform the key issues in this case. *See also Friend v. Leidinger*, 446 F. Supp. 361, 381 (E.D. Va. 1977), *aff'd*, 588 F.2d 61 (4th Cir. 1978) (holding in a case alleging racial discrimination against black firemen, affidavits of firemen opining about the conditions relating to their employment could be considered under Federal Rule of Evidence 701). Moreover, even if portions of the declarations are not permissible under Rule 701, the correct remedy would be to strike only those portions of the declarations that are impermissible, not the declarations in their entirety.

For the above reasons, Amici Organizations respectfully request that the Court deny SFFA's request to strike their declarations and those portions of their amicus brief that reference the declarations.

Dated: August 16, 2018

Respectfully submitted,

/s/ Rachel Kleinman
Sherrilyn Ifill*
Janai Nelson*
Samuel Spital*
Jin Hee Lee*
Rachel Kleinman*
Cara McClellan*
NAACP Legal Defense &
  Educational Fund, Inc.

5

40 Rector Street, 5th Floor
New York, NY  10006
(212) 965-2200

Michaele N. Turnage Young\*
Jennifer A. Holmes\*
NAACP Legal Defense &
  Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 682-1300

/s/ Kate R. Cook
Kate R. Cook, BBO #650698
cook@sugarmanrogers.com
Kenneth N. Thayer, BBO #61029
thayer@sugarmanrogers.com
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street (9th floor)
Boston, MA 02114-4737
(617) 227-3030

*Counsel for Amici Curiae Harvard-Radcliffe Black Students Association, Kuumba Singers of Harvard College, Fuerza Latina of Harvard, Native Americans at Harvard College, Harvard-Radcliffe Asian American Association, Harvard-Radcliffe Asian American Women's Association, Harvard Asian American Brotherhood, Harvard Vietnamese Association, Harvard-Radcliffe Chinese Students Association, Harvard Korean Association, Harvard Japan Society, Harvard South Asian Association, Harvard Islamic Society, Task Force on Asian and Pacific American Studies at Harvard College, Harvard Phillips Brooks House Association, Harvard Minority Association of Pre-Medical Students, Coalition for a Diverse Harvard, First Generation Harvard Alumni, Native American Alumni of Harvard University, Harvard University Muslim Alumni, and Harvard Latino Alumni Alliance*

\**Admitted* Pro Hac Vice

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of August, 2018, a copy of the above and foregoing REPLY TO STUDENTS FOR FAIR ADMISSIONS, INC.'S  MEMORANDUM IN OPPOSITION TO HARVARD-RADCLIFFE BLACK STUDENTS ASSOCIATION, KUUMBA SINGERS OF HARVARD COLLEGE, FUERZA LATINA OF HARVARD, NATIVE AMERICANS AT HARVARD COLLEGE, HARVARD-RADCLIFFE ASIAN AMERICAN ASSOCIATION, HARVARD-RADCLIFFE ASIAN AMERICAN WOMEN'S ASSOCIATION, HARVARD ASIAN AMERICAN BROTHERHOOD, HARVARD VIETNAMESE ASSOCIATION, HARVARD-RADCLIFFE CHINESE STUDENTS ASSOCIATION, HARVARD KOREAN ASSOCIATION, HARVARD JAPAN SOCIETY, HARVARD SOUTH ASIAN ASSOCIATION, HARVARD ISLAMIC SOCIETY, TASK FORCE ON ASIAN AND PACIFIC AMERICAN STUDIES AT HARVARD COLLEGE, HARVARD PHILLIPS BROOKS HOUSE ASSOCIATION, MINORITY ASSOCIATION OF PRE-MEDICAL STUDENTS, COALITION FOR A DIVERSE HARVARD, FIRST GENERATION HARVARD ALUMNI, NATIVE AMERICAN ALUMNI OF HARVARD UNIVERSITY, HARVARD UNIVERSITY MUSLIM ALUMNI, AND HARVARD LATINO ALUMNI ALLIANCE MOTION TO PARTICIPATE AS AMICUS CURIAE was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ Rachel Kleinman
Rachel Kleinman*
NAACP Legal Defense &
  Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY  10006
(212) 965-2200
*Admitted Pro Hac Vice

7