UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC, <br><br> Plaintiff, <br><br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION), <br><br> Defendant. | Civil Action No. 1:14-cv-14176-ADB |

### MOTION OF ADDITIONAL HARVARD STUDENT AND ALUMNI ORGANIZATIONS TO PARTICIPATE AS AMICI CURIAE

Proposed Amici Curiae Harvard Black Alumni Society ("HBAS"), Harvard Asian American Alumni Alliance ("H4A"), Association of Black Harvard Women ("ABHW"), and 21 Colorful Crimson ("21CC") hereby move for leave of court to participate in this matter as amici curiae. Proposed Amici Organizations represent the interests of current Harvard student and alumni organizations in support of race-conscious admissions. Proposed Amici Organizations will join the amici organizations already granted leave by the Court to submit declarations and participate in this action and are represented by the same counsel.[1]  *See* July 31, 2018 Order, ECF

---

[1] Those amici organizations are Harvard-Radcliffe Black Students Association ("BSA"), Kuumba Singers of Harvard College ("Kuumba"), Fuerza Latina of Harvard ("Fuerza Latina"), Native Americans at Harvard College ("NAHC"), Harvard-Radcliffe Asian American Association ("AAA"), Harvard-Radcliffe Asian American Women's Association ("AAWA"), Harvard Asian American Brotherhood ("AAB"), Harvard Vietnamese Association ("HVA"), Harvard-Radcliffe Chinese Students Association ("CSA"), Harvard Korean Association ("HKA"), Harvard Japan Society ("HJS"), Harvard South Asian Association ("SAA"), Harvard Islamic Society ("HIS"), Task Force on Asian and Pacific American Studies at Harvard College ("TAPAS"), Harvard Phillips Brooks House Association ("PBHA"), Harvard Minority Association of Pre-Medical Students ("MAPS"), Coalition for a Diverse

No. 465. Proposed Amici Organizations seek the same amici curiae status as the current individual Amici under the Court's June 15, 2015 Order. ECF No. 52 at 23 ("Amici Order").[2] Proposed Amici Organizations' declarations are attached hereto as Exhibits 1-4.

Proposed Amici Organizations include the following student and alumni organizations:

**Harvard Black Alumni Society ("HBAS"):** Founded in 2002, HBAS is the official alumni organization for African-American graduates of all Harvard schools. In addition to hosting events in various cities around the country for the purpose of bringing alumni together for socializing and community building, HBAS leads community building programs and initiatives for its members around the world to better serve the communities in which alumni live and work. HBAS is a forum for Black Harvard alumni to convene, communicate, and contribute to mutual professional development and the cultivation of black graduates both present and future. HBAS serves to enrich and enlighten its membership, as well as to embrace the challenges and triumphs that Black Harvard alumni encounter "post-Harvard." It is HBAS's mission that, through this organization, a strong and supportive society of Black Harvard alumni perpetually exists to address pertinent issues and to enhance the alumni experience of each graduating class.

**Harvard Asian American Alumni Alliance ("H4A"):** Founded in 2008, H4A exists to serve Asian American and Asian alumni who graduated from Harvard College or any of Harvard's 11 other degree-granting schools. Currently, H4A has approximately 6,000 members, representing all Harvard schools, with graduation years from 1957 to 2018 and ethnic backgrounds from

---

Harvard ("Diverse Harvard"), First Generation Harvard Alumni ("FGHA"), Native American Alumni of Harvard University ("NAAHU"), Harvard University Muslim Alumni ("HUMA"), and Harvard Latino Alumni Alliance ("HLAA").

[2] The court ordered that current amici curiae may through their counsel: (1) submit a brief or memorandum of law not to exceed 30 pages (exclusive of exhibits) on any dispositive motion in this case; (2) participate in oral argument on any dispositive motion in this case; and (3) submit personal declarations or affidavits in support of their memorandum of law, which may be accorded evidentiary weight if otherwise proper. Amici Order at 23. *See also* ECF No. 244 (granting individual students J.F. and M.A. leave to participate as amici curiae under the same terms).

throughout all parts of Asia and the Pacific Islands. Members live and work around the world, though primarily in the U.S., and H4A has chapters in Boston, New York, Washington, D.C., Los Angeles and Northern California. H4A seeks to develop a network and a sense of community and support among Asian American and Asian alumni globally, to provide an outlet for the expression of our shared culture and experience, to support the larger Harvard Asian American and Asian community, including students, faculty and staff, and to represent member concerns at the University and beyond. H4A's activities include a student Mentoring Program, a new Public Service Fellowship for a student serving the Asian American community, local professional and social events, information-sharing and discussions with members about relevant issues and a quadrennial Summit on campus that draws hundreds of alumni back to Harvard. A major initiative has been to support the 40+ year campaign for Asian American Studies and Ethnic Studies programs at Harvard. Though H4A is recognized as a Shared Interest Group of the Harvard Alumni Association, it receives no funding from Harvard and our activities are entirely led and run by volunteers.

**Association of Black Harvard Women ("ABHW"):** ABHW was founded in 1975 when students from Radcliffe College met to develop an organization that would allow Black women to remain united after graduation. Since its inception, ABHW has focused on cultivating a place and community for Black Harvard women both on campus, and in the world at large. ABHW seeks to bring Black women together for academic, cultural, political and social purposes. Members combine their intellect, spirit, and resources, to address the needs and problems of Black women both at Harvard College, and within the University as a whole. ABHW also engages in discourse about national and international women's issues and causes. In addition to social and community events, ABHW provides opportunities for professional advancement, mentorship, political action,

and community service. Each of these activities is centered around the goal of creating a space of belonging and sisterhood for Black women on campus.

**21 Colorful Crimson ("21CC"):** 21CC was founded in January 2018 to unite artists from diverse backgrounds through musical collaboration. While the organization operates as a creative incubator, with members creating, recording, and performing original music, 21CC also seeks to break down racial, ethnic, and social divisions at Harvard through art. Its members come from a range of backgrounds and represent a variety of racial and ethnic, socioeconomic, cultural, and geographic identities. The diversity of 21CC is integral to the development of its performances, which showcase pieces that are a fusion of many genres and styles. 21CC operates under three pillars: creativity, inclusion, and love. Through application of these three pillars, 21CC aims to employ art to defy stereotypes, advocate for diversity, overcome the social divisions within the community, and celebrate the multifaceted talents of students at Harvard. In the future, 21CC hopes to expand the ways in which it promotes this mission by organizing campus-wide campaigns and conversations about diversity.

Like the amici organizations already granted leave by the Court, Proposed Amici Organizations also have specific interests in this case. These interests are distinct from those of the current parties and individual student amici. Proposed Amici Organizations are affinity groups whose organizational missions include supporting historically underrepresented and/or disadvantaged students who face particular challenges at Harvard because of their identities or personal backgrounds. Many of the Proposed Amici Organizations exist to improve the recruitment, retention, and quality of life of underrepresented and/or disadvantaged student populations on campus by providing their members with resources to navigate campus life and opportunities to build connections with others who share similar experiences. Others were formed

specifically because of their interest in working collectively to fight for diversity and equity at Harvard.

All the reasons articulated in the July 30, 2018 Motion to Participate as Amici Curiae apply equally to the Proposed Amici Organizations here and are incorporated herein by reference. In addition, the parties will not be unduly prejudiced by the participation of Proposed Amici Organizations in this action. Should the parties want to seek discovery from Proposed Amici Organizations—and the Court grant leave—there is ample time to do so before trial. The prospect of such discovery seems unlikely, however, given that neither party has previously sought discovery from any other amici that were known to them during the years this case has been pending.

Proposed Amici Organizations have a direct and substantial interest in the continued consideration of race in Harvard's admissions process, as part of a larger need to address the challenges—and, at times, hostility—that underrepresented and/or disadvantaged students experience after they are admitted. Proposed Amici Organizations devote significant time and resources toward fostering a supportive and inclusive environment for their members and for all students.

Moreover, Proposed Amici Organizations have an interest that is distinct from Harvard. Proposed Amici Organizations engage in advocacy that directly challenges Harvard to adopt new policies and programs to actively support underrepresented and/or disadvantaged students beyond its current efforts. Because Proposed Amici Organizations believe that Harvard does not fully address the needs of current students, Proposed Amici Organizations are compelled to provide support services to address the otherwise unmet needs of their members.

The interests of Proposed Amici Organizations further differ from those of Harvard because of their view that Harvard's admissions policy does not do *enough* to ensure diversity and to admit underrepresented minorities. Despite using a holistic, whole-person admissions model, Harvard still gives tremendous weight to standardized test scores. Proposed Amici Organizations argue that such test scores are tainted by racial bias, and underpredict the potential of many talented and qualified students of color. Further, Proposed Amici Organizations argue that Harvard must take additional steps to counter bias—whether implicit or explicit—not only in test scores, but in other factors affecting the admissions decision, such as interviews, teacher and counselor recommendations, and stereotypical views of student applicants. Harvard itself is unlikely to raise similar concerns in the context of this case, in which its primary objective must be to defend its current admissions process.

Proposed Amici Organizations' interests differ from current amici as well because Proposed Amici Organizations are institutionally affected by any decrease in the diversity of Harvard's student body. Proposed Amici Organizations exist—many for decades—independent of the everchanging student body at Harvard, and intend to provide support to underrepresented and/or marginalized Harvard students pursuant to their organizational missions for generations to come. A decrease in their membership resulting from the elimination of race-conscious admissions would not only detrimentally affect their members, but also create additional burdens for Proposed Amici Organizations as they are compelled to provide even more support (with less members to carry the burden) in what would become an even more hostile student climate. For some Proposed Amici Organizations, their very existence may also be at risk from any substantial decline in membership. Each Proposed Amici Organization would likewise be harmed from a decline in

membership in other Proposed Amici Organizations because cross-racial collaboration and learning would be more difficult to achieve.

Proposed Amici Organizations are further compelled to become involved in this action due to signals from the United States of an intention to support Plaintiff Students for Fair Admissions, Inc. ("SFFA") and oppose race-conscious admissions. The United States indicated its "substantial interest" in this case and its intention to file a statement of interest on the schedule the Court has set for amicus filings. *See* U.S. Notice of Interest in Public Access to Summ. J. Briefing and Materials (ECF No. 395). On July 3, 2018, the U.S. Department of Justice also rescinded 24 guidance documents, including seven that expressed the United States' prior support for the voluntary use of race to achieve diversity in education. *See* Press Release 18-883, Dep't of Justice, Office of Public Affairs, Attorney General Jeff Sessions Rescinds 24 Guidance Documents, July 3, 2018, https://www.justice.gov/opa/pr/attorney-general-jeff-sessions-rescinds-24-guidance-documents. This demonstrates a likelihood that the United States will take a position that is directly adverse to the interests of Proposed Amici Organizations. Given that the United States will place its substantial institutional weight behind the argument to end race-conscious admissions practices, it is especially urgent for Proposed Amici Organizations to seek amicus status at this time. Proposed Amici Organizations believe that it is imperative for this Court to hear the views of myriad student and alumni organizations that would be institutionally harmed by the United States' anticipated position in a manner different from Harvard College or individual students.

While no rule governs the participation of *amicus curiae* in a trial court action, federal district courts "have inherent authority" to appoint amici, *Boston Gas Co. v. Century Indem. Co.*, No. 02–12062–RWZ, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006), and "a court is usually delighted to hear additional arguments from able amici that will help the court toward right

answers . . . ." *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999). Participation as *amicus curiae* is commonly granted "when there is an issue of general public interest, the *amicus* provides supplemental assistance to existing counsel, or the *amicus* insures a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *All. of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 307 (D. Me. 2003) (granting a party permission to act as *amicus curiae* "plus") (citation and internal quotation marks omitted).

Proposed Amici Organizations are uniquely positioned to inform the court about how the relief sought by SFFA will have damaging repercussions on their organizations and members. The evidence presented by Harvard at summary judgment suggests that eliminating the consideration of race in admissions "would reduce the population of students who self-identify as African-American, Hispanic, or 'Other' … by nearly 50%." ECF No. 419, Ex. 36 (Dr. Card's Report) (relative to Class of 2019, African-American students would decrease from 14% to 6%, and Hispanic students would decrease from 14% to 9%). Furthermore, a race-blind admissions policy would prevent Native Americans and members of certain Asian American/Pacific Islander subgroups, who often face challenges comparable to their Black and Latinx counterparts, from being considered as a specific group at risk of racial isolation within the Harvard community.

Proposed Amici Organizations are deeply concerned that decreasing the presence of Black and Latinx students, as well as potentially other underrepresented and/or disadvantaged students, on campus will negatively impact their organizations. SFFA's request seeks to threaten the existence of some of the Proposed Amici Organizations, as such a severe reduction in their membership will impact their organizations' capacity to function and provide programming and support to their members. At a minimum, it will increase the already existing challenges that their

members face at Harvard, thereby creating greater burdens for their respective organizations. SFFA's proposed remedy has the potential to exacerbate the isolation experienced by their members, their ability to organize effectively, and the services that they must provide.

Proposed Amici Organizations are additionally concerned that the elimination of race consciousness in Harvard's admissions policy will significantly degrade the quality of Harvard's educational experience by preventing students from interacting with—and learning from—a wide panoply of people with varied backgrounds and experiences. Exposure to diverse perspectives and opinions is a crucial part of a Harvard education, and student members will be ill-prepared for success beyond Harvard without it.

Moreover, Proposed Amici Organizations have a collective interest in—and commitment to—combating bias, dispelling stereotypes, enhancing mutual respect, and fostering interactions between students that go beyond tokenism and firmly believe that the admission of a diverse array of students is crucial to these efforts. In contrast, a non-diverse educational environment would not be welcoming to—or comfortable for—students who identify as members of underrepresented and/or disadvantaged groups, not just the Black and Latinx students for whom admissions outcomes will likely be most severely affected. Proposed Amici Organizations are further alarmed by SFFA's inaccurate portrayal of various racial and ethnic groups as having conflicting interests with respect to race-conscious admissions when, in fact, the Proposed Amici Organizations unequivocally believe, in solidarity, that race consciousness is necessary to ensure a more diverse, inclusive, and successful student body at Harvard from which all students benefit.

Proposed Amici Organizations' participation in this action will not delay the Court's schedule but will provide the Court with greater insight into the perspectives and experiences of these organizations and their members on questions critical to this case. *See* Amici Order at 21

("The role of an amicus curiae, meaning friend of the court, is to assist the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision.") (citation and internal quotation marks omitted), *aff'd*, 807 F.3d 472 (1st Cir. 2015). Proposed Amici Organizations, some of whom have been a part of the Harvard community for several decades, have an institutional interest in fostering diversity and inclusion not only for current Harvard students, but also for future Harvard students for generations to come.

WHEREFORE, the Proposed Amici Organizations respectfully request that the Court grant them leave to participate as amici curiae in accordance with its Amici Order. ECF No. 52 at 23.

Dated: August 30, 2018

>                                   Respectfully submitted,
>
>                                   /s/ Jin Hee Lee
>                                   Sherrilyn Ifill*
>                                   Janai Nelson*
>                                   Samuel Spital*
>                                   Jin Hee Lee*
>                                   Rachel Kleinman*
>                                   Cara McClellan*
>                                   Earl Kirkland*
>                                   NAACP Legal Defense &
>                                     Educational Fund, Inc.
>                                   40 Rector Street, 5th Floor
>                                   New York, NY  10006
>                                   (212) 965-2200
>
>                                   Michaele N. Turnage Young*
>                                   Jennifer A. Holmes*
>                                   NAACP Legal Defense &
>                                     Educational Fund, Inc.
>                                   700 14th Street NW, Suite 600
>                                   Washington, DC 20005
>                                   (202) 682-1300

/s/ Kenneth N. Thayer
Kenneth N. Thayer, BBO #671029
thayer@sugarmanrogers.com
Kate R. Cook, BBO #650698
cook@sugarmanrogers.com
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street (9th floor)
Boston, MA 02114-4737
(617) 227-3030

*Counsel for Proposed Amici Curiae Harvard Black Alumni Society, Harvard Asian American Alumni Alliance, Association of Black Harvard Women, and 21 Colorful Crimson*

*\*Admitted Pro Hac Vice*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I hereby certify that counsel for the above-listed amici curiae conferred with counsel for the defendant, President and Fellows of Harvard College, on August 27, 2018 and with counsel for the plaintiff, Students for Fair Admissions, Inc., on August 30, 2018. Both parties assent to the Proposed Amici Organizations' filing a brief as amici curiae. The plaintiff, however, indicated that it opposes Proposed Amici Organizations' accompanying submission of declarations from certain of its members.

/s/ Kenneth N. Thayer

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of August, 2018, a copy of the above and foregoing MOTION OF ADDITIONAL HARVARD STUDENT AND ALUMNI ORGANIZATIONS TO PARTICIPATE AS AMICI CURIAE was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ Kenneth N. Thayer
Kenneth N. Thayer
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street (9th floor)
Boston, MA  02114-4737
(617) 227-3030
