**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION**

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC, <br><br> Plaintiff, <br><br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION), <br><br> Defendant. | Civil Action No. 1:14-cv-14176-ADB |

**MOTION OF AMICI CURIAE
HARVARD STUDENT AND ALUMNI ORGANIZATIONS
TO PARTICIPATE IN TRIAL[1]**

Amici Curiae, Harvard student and alumni organizations ("Amici Organizations"), respectfully move to participate in trial by presenting opening and closing statements and testimony on the narrow issues of the educational benefits of diversity and whether Harvard would be able to continue to realize them if the Plaintiff's desired remedy were adopted.

**I.      Amici Organizations Are Uniquely Qualified to Assist the Court.**

Amici Organizations are 25 Harvard student and alumni organizations comprised of thousands of Asian American, Black, Latinx,[2] Native American, and white Harvard students, alumni (including some who are parents of current Harvard students and prospective applicants),

---

[1] Local counsel for Amici Curiae in this action, the law firm of Sugarman Rogers Barshak & Cohen, P.C. also represents the defendant, President and Fellows of Harvard College ("Harvard"), in matters wholly unrelated to the legal and factual issues presented by this action. Neither Harvard nor its litigation counsel in this action have provided any financial support for the preparation of Amici Curiae's briefs or other court filings in whole or in part.

[2] The gender-neutral term "Latinx" is used herein to refer collectively to Latinos, Latinas, and non-binary persons of Latin American background.

faculty, and alumni interviewers. Amici Organizations' alumni members have graduation years that span at least seven decades.[3] Amici include many longstanding organizations, some of whom have served Harvard for more than a century.

As the Supreme Court has recognized, the educational benefits of diversity include "better prepar[ing] students for an increasingly diverse workforce and society." *Grutter v. Bollinger*, 539 U.S. 306, 330 (2003). For decades, Amici Organizations have sought to foster these educational benefits, hosting events and initiating dialogue that promotes cross-racial understanding, critical thinking, and civic engagement by educating the Harvard community about the lived experiences of Black, Latinx, Asian, and Native people. Amici Organizations have long been instrumental in Harvard's realization of the educational benefits of diversity and are therefore uniquely qualified to assist the Court in determining whether Harvard would be able to continue to realize the educational benefits of diversity were it to stop considering race in admissions.

Amici Organizations wish "to assist the court" in this, a "case[] of general public interest," by offering their vast institutional knowledge and thereby "insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." Mem. & Order. on Proposed Def.-Intervenors' Mot. to Intervene at 21, *Students for Fair Admissions, Inc. v. President & Fellows of Harv. Coll.*, No. 14-14176 (D. Mass. June 15, 2015), ECF No. 52 (quoting *Sierra Club v. Wagner*, 581 F. Supp. 2d 246, 250 n.1 (D.N.H. 2008)), *aff'd*, 807 F.3d 472 (1st Cir. 2015).

---

[3] Amici organizations include 21 Colorful Crimson, Harvard Black Alumni Society, Association of Black Harvard Women, Coalition for a Diverse Harvard, First Generation Harvard Alumni, Fuerza Latina of Harvard, Harvard Asian American Alumni Alliance, Harvard Asian American Brotherhood, Harvard Islamic Society, Harvard Japan Society, Harvard Korean Association, Harvard Latino Alumni Alliance, Harvard Minority Association of Pre-Medical Students, Harvard Phillips Brooks House Association, Harvard South Asian Association, Harvard University Muslim Alumni, Harvard Vietnamese Association, Harvard-Radcliffe Asian American Association, Harvard-Radcliffe Asian American Women's Association, Harvard-Radcliffe Black Students Association, Harvard-Radcliffe Chinese Students Association, Kuumba Singers of Harvard College, Native American Alumni of Harvard University, Native Americans at Harvard College, and Task Force on Asian and Pacific American Studies at Harvard College. A description of Amici can be found in the Motion to Participate as Amici Curiae, ECF No. 455, and in the Motion of Additional Harvard Student and Alumni Organizations to Participate as Amici Curiae, ECF No. 503.

Indeed, this Court granted Amici Organizations' motion to participate as amici curiae on the same basis as the individual amici. *See* ECF Nos. 465 & 516 (granting Amici Organizations' motion seeking "the same amici curiae status as the current individual Amici under the Court's Order. ECF No. 52 at 23," ECF No. 455 at 2, and a second motion, ECF No. 503 at 2, seeking the same for four additional organizations). Per this Court's June 15, 2015 order, "Should this case proceed to trial, amici curiae may file a motion to participate in the proceedings, and the Court will consider the appropriate scope of participation at that time." ECF No. 52 at 23. Amici Organizations now so move.

## II.     **Amici Organizations Have a Vested Interest in the Outcome of this Lawsuit.**

Amici Organizations will be directly affected by the outcome of this case. This lawsuit threatens the very existence of many of the Amici Organizations and the sub-organizations for which the Amici Organizations serve as an umbrella group. Should Plaintiff prevail, many Amici Organizations and their sub-groups would suffer such a sharp decline in their membership ranks that Amici either would cease to exist altogether or would no longer have the capacity to effectively promote cross-racial understanding. Because collaboration across Amici Organizations is essential, even Amici Organizations whose membership ranks are not decimated would no longer be able to promote cross-racial understanding as effectively.

The impact on students of color at Harvard would be profound. With some Amici Organizations no longer existing, and others seriously weakened, the Amici Organizations collectively would no longer have the capacity to effectively provide support to students of color— jeopardizing the health and safety of the very students who, individually and collectively via Amici Organizations, provide the Harvard community with the educational benefits of diversity. The fact that the United States Department of Justice has recently wielded its substantial influence in favor

of the plaintiff, *see* ECF No. 497, makes Amici Organizations' participation in a trial threatening

their very survival that much more urgent.

III.    **Amici Organizations Seek to Present Only Limited Argument and Live Testimony.**

Amici Organizations seek leave to present just 15 minutes of opening and closing argument

and live testimony from just six witnesses. Amici Organizations estimate that each direct

examination would take no longer than 45 minutes. If the Court is inclined to grant Amici

Organizations leave to present fewer than six witnesses, Amici Organizations can do so. On the

other hand, Amici Organizations are prepared to present additional witnesses if the Court wishes.

Amici Organizations seek to present the following witnesses:

**Emily Van Dyke**, A.B. '03, President of the Native American Alumni of Harvard

University and alumna of Native Americans at Harvard College, will testify about the ways

NAAHU and NAHC and more than 1,000 Native alumni have spent decades educating the Harvard

community about indigenous history and current affairs and providing support to Native students.

Dr. Van Dyke will also testify about the devastating impact the plaintiff's desired remedy would

have on NAAHU and NAHC's ability to continue to help Harvard realize the educational benefits

of diversity.

**Cecilia Nuñez**, class of 2020, Vice-President of Fuerza Latina of Harvard and an officer

of the Phillips Brooks House Association, will testify about the ways that Fuerza Latina, and the

sub-groups for which Fuerza Latina serves as an umbrella organization, have, for 25 years,

educated the Harvard community about the varied lived experiences, history, and culture of people

from different Latinx subgroups. Ms. Nuñez will also testify about how PBHA, which was founded

in 1904, enriches the Harvard community and promotes cross-racial understanding by organizing

1,500 volunteers (mostly Harvard College students) to run over 80 programs serving 10,000 low-

income Asian, Black, Latinx, and other people in the greater Boston area. Ms. Nuñez will further

testify that PBHA relies on student volunteers who come from diverse racial, cultural, linguistic, and socioeconomic backgrounds to promote cross-racial understanding and effectively serve the community. Ms. Nuñez will also testify about how Fuerza Latina and PBHA have long served as a vital source of support for Latinx and other underrepresented students. Ms. Nuñez will also testify about the devastating impact the plaintiff's desired remedy would have on Fuerza Latina, its sub-groups, and PBHA's ability to continue to help Harvard realize the educational benefits of diversity.

**Margaret M. Chin**, A.B. '84, Past President of the Harvard-Radcliffe Asian American Association, former Board member of the Harvard Asian American Alumni Alliance, and co-founder and Board member of the Coalition for a Diverse Harvard, will testify about the particular ways that AAA has, for 42 years, educated the Harvard community about the lived experiences, history, and culture of people from different Asian subgroups. Prof. Chin will also testify about how HAAAA and its 6,000 members have spent a decade enriching the Harvard community by raising awareness of the multi-faceted Asian American experience and providing support for Asian American students. Prof. Chin will also testify about how Diverse Harvard and its 1,000 members have promoted cross-racial understanding across the Harvard community. Prof. Chin will also testify about how AAA, HAAAA, and Diverse Harvard would be affected if the plaintiff prevails.

**Madison Trice**, class of 2021, a representative of the Harvard-Radcliffe Black Students Association and the Political Action Chair of the Association of Black Harvard Women, will testify about the ways that BSA and ABHW have spent more than 40 years educating the Harvard community about the varied lived experiences, history, and culture of people of African descent. Ms. Trice will also testify about the various ways that BSA and ABHW support members. Ms. Trice will also testify to the devastating effect that the plaintiff's desired remedy would have on

BSA and ABHW and their ability to continue to serve their traditional role of helping Harvard realize the educational benefits of diversity.

**Daniel Lobo**, A.B. '14, President of First Generation Harvard Alumni, will testify about the ways that FGHA and its 500 members have, since 2012, enriched the Harvard community by promoting cross-racial understanding and provided support for current Harvard students who are the first in their families to attend college. Mr. Lobo will also testify about the damaging effect the plaintiff's desired remedy will have on FGHA and the first-generation student community's ability to continue to serve their traditional role of helping Harvard realize the educational benefits of diversity.

**Catherine Ho**, class of 2021, Co-President of the Harvard-Radcliffe Asian American Women's Association, will testify about the ways that AAWA has spent more than a decade educating the Harvard community about the varied intersectional identities of Harvard's female and non-binary Asian American Pacific Islander population. Ms. Ho will explain that AAWA also works with other Amici organizations to build connections between students of a wide variety of backgrounds in a way that is accessible and pertinent to the greater Harvard community. Ms. Ho will also testify about the various ways that AAWA supports its members. Ms. Ho will also testify to the damaging effect that Plaintiff's desired remedy would have on AAWA's ability to continue to serve its traditional role of helping Harvard realize the educational benefits of diversity.

## IV.   Amici Organizations' Presentation of Testimony Will Not Cause Undue Delay, Be Duplicative, Or Prejudice the Parties.

As explained above, Amici Organizations have provided Harvard with the educational benefits of diversity for decades and thereby are uniquely qualified to offer the Court vast institutional knowledge otherwise missing from the presentation of evidence in this case. *See generally Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567

(1st Cir. 1999) ("[A] court is usually delighted to hear additional arguments from able amici that will help the court toward right answers . . . ."). Amici Organizations' contribution transcends that of any individual student and is distinct from that of the individual amici curiae who have moved to participate in trial, *see* ECF No. 518. Nevertheless, Amici Organizations will make all efforts to coordinate with the individual amici curiae to ensure that none of the testimonial evidence presented is cumulative.

Moreover, because Amici Organizations propose to present just six witnesses for only 45 minutes each and just 15 minutes of opening and closing argument, Amici Organizations' participation in trial will not cause undue delay. Given this, Amici Organizations' participation will not significantly disrupt the trial schedule. *See, e.g., Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904 (3d Cir. 1977) (holding that exclusion of two key witnesses on the ground that they were not listed in plaintiff's pretrial memorandum was an abuse of discretion because failure to list the witnesses was not in bad faith, was not intended to mislead, did not prejudice or surprise the adversary, and would not disrupt the order and efficiency of a bench trial).

Finally, Amici Organizations' participation in trial will not prejudice the parties. *See In re Dorsie's Steak House, Inc.*, 130 B.R. 363, 365-66 (D. Mass. 1991) (citing *Johnson v. H.K. Webster, Inc.*, 775 F.2d 1, 7 at n.7 (1st Cir. 1985), for the proposition that "[t]he First Circuit 'agrees with the Third Circuit that the two most important factors to be considered are the prejudice and surprise suffered by the opposing party, and that party's ability to cure the prejudice.'"). Plaintiff has not sought any discovery from the longstanding individual amici curiae in the past three years, so Plaintiff cannot make a good faith claim that it needs to seek discovery from amici curiae now. In any event, Plaintiff can seek discovery from Amici Organizations now, while still allowing

Plaintiff more than a month to prepare for any cross-examination Plaintiff wishes to conduct. *See Williams v. Monarch Mach. Tool Co.*, 26 F.3d 228, 230 (1st Cir. 1994) (holding that a district court did not abuse its discretion by allowing the testimony of a witness who had been disclosed a month before trial where the other party had a month and a week to depose the witness). Accordingly, this court should allow Amici Organizations to present testimonial evidence. *See Albert v. Warner–Lambert Co.*, No. 99-11700, 2002 WL 745822 at *1. (D. Mass. Apr. 24, 2002) (recognizing that preclusion of evidence is an extreme sanction that should not be imposed in the absence of concrete prejudice to the opposing party).

## V.     Conclusion

For the foregoing reasons, Amici Organizations respectfully request that the Court grant their motion to participate in trial.

Respectfully submitted,

/s/ Michaele N. Turnage Young
Michaele N. Turnage Young*
Jennifer A. Holmes*
NAACP Legal Defense &
   Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 682-1300

Sherrilyn Ifill*
Janai Nelson*
Samuel Spital*
Jin Hee Lee*
Rachel Kleinman*
Cara McClellan*
Earl Kirkland*
NAACP Legal Defense &
   Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY  10006
(212) 965-2200

/s/ Kenneth N. Thayer
Kenneth N. Thayer, BBO #671029
thayer@sugarmanrogers.com
Kate R. Cook, BBO #650698
cook@sugarmanrogers.com
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street (9th floor)
Boston, MA 02114-4737
(617) 227-3030

*Counsel for Amici Curiae 21 Colorful Crimson, Harvard Black Alumni Society, Association of Black Harvard Women, Coalition for a Diverse Harvard, First Generation Harvard Alumni, Fuerza Latina of Harvard, Harvard Asian American Alumni Alliance, Harvard Asian American Brotherhood, Harvard Islamic Society, Harvard Japan Society, Harvard Korean Association, Harvard Latino Alumni Alliance, Harvard Minority Association of Pre-Medical Students, Harvard Phillips Brooks House Association, Harvard South Asian Association, Harvard University Muslim Alumni, Harvard Vietnamese Association, Harvard-Radcliffe Asian American Association, Harvard-Radcliffe Asian American Women's Association, Harvard-Radcliffe Black Students Association, Harvard-Radcliffe Chinese Students Association, Kuumba Singers of Harvard College, Native American Alumni of Harvard University, Native Americans at Harvard College, and Task Force on Asian and Pacific American Studies at Harvard College.*

*\*Admitted Pro Hac Vice*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1</u>

I hereby certify that counsel for the above-listed amici curiae conferred with counsel for the defendant,

President and Fellows of Harvard College and counsel for the plaintiff, Students for Fair Admissions, Inc., on

September 6 and 7, 2018. Plaintiff opposes Amici Organizations' motion. Harvard does not oppose Amici

Organizations' motion.

<u>/s/ Michaele N. Turnage Young</u>
Michaele N. Turnage Young

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th of September 2018, a copy of the above and foregoing MOTION OF AMICI CURIAE HARVARD STUDENT AND ALUMNI ORGANIZATIONS TO PARTICIPATE IN TRIAL was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ Michaele N. Turnage Young
Michaele N. Turnage Young*
NAACP Legal Defense &
  Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 682-1300

*Admitted Pro Hac Vice