# EXHIBIT 1

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC, <br><br> Plaintiff, <br><br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION), <br><br> Defendant. | Civil Action No. 1:14-cv-14176-ADB |

**[PROPOSED] REPLY IN SUPPORT OF
MOTION OF AMICI CURIAE
HARVARD STUDENT AND ALUMNI ORGANIZATIONS
TO PARTICIPATE IN TRIAL**

Plaintiff Students for Fair Admissions ("SFFA") offers no compelling reason why 25 Harvard student and alumni organizations ("Amici Organizations"), which play a crucial role in fostering cross-cultural engagement on campus and rely on a diverse student body to survive, should be precluded from offering their unique perspective to the Court during trial. First, SFFA misconstrues Amici Organizations' request for limited involvement in trial as a request for party status. Second, SFFA fails to acknowledge what the Court has already recognized: that Amici Organizations (as well as Student Amici) occupy a unique position in this case that makes them distinct from other amici. Finally, contrary to SFFA's claims, the limited involvement contemplated by Amici Organizations' motion will not disrupt judicial efficiency and will only minimally enlarge the trial.

Amici Organizations have never sought to obtain party status in this case. Rather, they request a limited role at trial commensurate with their unique institutional knowledge about the need for—and benefits of—racial and ethnic diversity at Harvard and their direct interest in the outcome of the case. The Court has already recognized the unique position of Amici Organizations by granting them *amicus plus* status, similar to that of the Student Amici. *See* ECF Nos. 465 & 516. The Court also contemplated that such amici could move to participate at trial. *See* ECF No. 52 at 23. This approach makes sense because Amici Organizations are not "typical" amici. Other amici in this case—such as economists, social scientists, other colleges and universities, and academics—have provided helpful information in amicus briefs but, unlike Amici Organizations, lack a direct connection to Harvard and will not be directly affected by the resolution of this case. Should SFFA prevail, the predicted drop in admission of students of color from underrepresented groups would decimate the membership ranks of many Amici Organizations and deeply hinder their ability to serve students of color and promote cultural awareness and exchange. Moreover, part of Amici Organizations' institutional missions is to ensure that Harvard supports and benefits from the racial and ethnic diversity of its students and alumni, and those missions will be directly affected by the Court's ruling in this case. Amici Organizations' interest in this action, therefore, goes beyond "an interest in the educational benefits of diversity." Pl.'s Opp'n to Amici Orgs.' Mot. to Participate in Trial (ECF No. 550) ("Opp'n") at 2. For some Amici Organizations, this case presents an existential threat, and its outcome will determine whether the groups continue to exist and flourish on campus and whether they can fulfill their institutional goals.

In addition, Amici Organizations will offer facts and perspectives that would otherwise be absent from the trial. Collectively, Amici Organizations have long-term institutional knowledge about the student experience of diversity on Harvard's campus, including from past years when

such diversity was grossly insufficient. Although SFFA claims they have no personal knowledge of the admissions process, Opp'n at 1, many Amici Organizations engage in recruitment of prospective students, have members who have participated in and coordinated alumni interviews, and have historically lobbied Harvard to increase diversity in its admissions process—not to mention the fact that every organizational member personally went through Harvard's admissions process and can reflect on that experience. Moreover, Amici Organizations play an instrumental role in helping Harvard and its students realize the educational benefits of a diverse campus. Testimony about how these organizations facilitate cross-cultural engagement; serve as a forum for dialogue, education, and debate; and engage in advocacy on behalf of communities of color will help develop a thorough and concrete trial record about how Harvard reaps the benefits of a diverse campus and what would be lost should Harvard be unable to maintain such diversity.

Further, contrary to SFFA's claims, Amici Organizations' involvement at trial will not undermine judicial efficiency or delay the progress of trial. Collectively, Amici Organizations' proposed testimony and presentation of opening and closing statements amounts to less than a day of trial, perhaps significantly less. Amici Organizations can also adjust their timing and/or number of witnesses according to the Court's needs and preferences. When weighed against the gravity of the matters at stake in this litigation, and the importance of a robust trial record in a case that will almost certainly face appellate scrutiny, this modest enlargement of trial is justified. Although concerns about judicial efficiency are valid, "concerns that the case be decided on the basis of a fully developed factual record and briefing, or at least as full as the circumstances permit, may carry similar weight" when the case involves "significant and difficult" "constitutional issues." *Daggett v. Comm'n on Gov't Ethics & Election Practices*, 172 F.3d 104-115 (1st Cir. 1999). In such cases, amicus "participation restricted to briefing of legal issues in amicus briefs may prove

3

to be least satisfactory," and "some courts have offered proposed intervenors 'amicus-plus' status, or the right to call and cross-examine witnesses as well as to submit briefs." *Id.* Such amicus participation is not "rare" in this Circuit and others. *See, e.g.*, *Maine v. Dir.*, *U.S. Fish & Wildlife Serv.*, 262 F.3d 13, 14 (1st Cir. 2001) (granting amici-plus a "limited right to call and cross-examine witnesses"); *Daggett v. Webster*, 190 F.R.D. 12, 14 (D. Me. 1999) (permitting amici to examine and cross-examine witnesses); *see also United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 992 (2d Cir. 1984) (affirming ruling that offered proposed intervenors an "elevated amicus status" that included allowing them to call their own witnesses and to cross-examine the witnesses); *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) (affirming ruling granting amicus "participat[ion] in the case with the full rights of parties"); Moore's Federal Practice 3d § 24.23[2], at 24-88 ("Amicus status allows the applicant to present legal argument, and, in some cases, to call and cross-examine witnesses.").

Finally, Harvard supports the presentation of Amici Organization witnesses and took no position on whether counsel for Amici Organizations can present opening and closing statements. *See* ECF No. 541 at 1. Harvard declined to present student or alumni testimony itself "out of respect for their privacy and other concerns," but expressed no desire to exclude their voices from trial. *Id.* at 2. Indeed, Harvard recognized the usefulness to the Court to hear testimony from Amici Organization witnesses regarding the "salience of race in the witnesses' lived experiences, including their time at Harvard," "the effect that student body diversity achieved through Harvard's whole-person admissions program" that includes race as one of many factors, and "the enduring benefits conferred by their diverse Harvard experience, including the effects of this experience on their professional and personal lives." *Id.* Moreover, if SFFA would have no objection to the presentation of these witnesses if put on by Harvard's counsel, then its purported

4

concerns about judicial efficiency and delay ring hollow. Thus, one may surmise that SFFA objects to Amici Organizations' participation in trial merely because the testimony may not advance SFFA's own self-interests, rather than based on issues of relevance or judicial efficiency.

## CONCLUSION

For the foregoing reasons and those articulated in the Motion, Amici Organizations respectfully request that the Court grant their Motion to Participate at Trial.

    Respectfully submitted,

    /s/ Jennifer A. Holmes
    Jennifer A. Holmes *
    Michaele N. Turnage Young*
    NAACP Legal Defense &
      Educational Fund, Inc.
    700 14th Street NW, Suite 600
    Washington, DC 20005
    (202) 682-1300

    Sherrilyn Ifill*
    Janai Nelson*
    Samuel Spital*
    Jin Hee Lee*
    Rachel Kleinman*
    Cara McClellan*
    Earl Kirkland*
    NAACP Legal Defense &
      Educational Fund, Inc.
    40 Rector Street, 5th Floor
    New York, NY  10006
    (212) 965-2200

    /s/ Kenneth N. Thayer
    Kenneth N. Thayer, BBO #671029
    thayer@sugarmanrogers.com
    Kate R. Cook, BBO #650698
    cook@sugarmanrogers.com
    Sugarman, Rogers, Barshak & Cohen, P.C.
    101 Merrimac Street (9th floor)
    Boston, MA 02114-4737
    (617) 227-3030

*Counsel for Amici Curiae 21 Colorful Crimson, Harvard Black Alumni Society, Association of Black Harvard Women, Coalition for a Diverse Harvard, First Generation Harvard Alumni, Fuerza Latina of Harvard, Harvard Asian American Alumni Alliance, Harvard Asian American Brotherhood, Harvard Islamic Society, Harvard Japan Society, Harvard Korean Association, Harvard Latino Alumni Alliance, Harvard Minority Association of Pre-Medical Students, Harvard Phillips Brooks House Association, Harvard South Asian Association, Harvard University Muslim Alumni, Harvard Vietnamese Association, Harvard-Radcliffe Asian American Association, Harvard-Radcliffe Asian American Women's Association, Harvard-Radcliffe Black Students Association, Harvard-Radcliffe Chinese Students Association, Kuumba Singers of Harvard College, Native American Alumni of Harvard University, Native Americans at Harvard College, and Task Force on Asian and Pacific American Studies at Harvard College.*

*\*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th of September 2018, a copy of the above and foregoing [PROPOSED] REPLY IN SUPPORT OF MOTION OF AMICI CURIAE HARVARD STUDENT AND ALUMNI ORGANIZATIONS TO PARTICIPATE IN TRIAL was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ Jennifer A. Holmes
Jennifer A. Holmes*
NAACP Legal Defense &
  Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 682-1300

*Admitted Pro Hac Vice

7