UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 14-cv-14176-ADB |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE | * |
| | * |
| | * |
| Defendant. | * |
| | * |

**MEMORANDUM AND ORDER REGARDING MOTIONS TO PARTICIPATE IN TRIAL PROCEEDINGS FILED BY AMICI CURIAE**

BURROUGHS, D.J.

Presently before the Court are two motions filed by groups of *amici curiae* seeking to participate at the trial scheduled to begin on October 15, 2018. [ECF Nos. 518, 532]. First, *Students*[1] request permission to make opening and closing statements, offer declarant testimony from eight witnesses, and cross-examine SFFA's expert witness, Professor Arcidiacono. [ECF No. 518 at 9]. Second, a group of "25 Harvard student and alumni organizations comprised of thousands of Asian Americans, Black, Latinx, Native American, and white Harvard students, alumni . . . , faculty, and alumni interviewers" ("*Organizations*") has requested leave to present six witnesses for 45 minutes each and to present opening and closing statements. [ECF No. 532 at 1, 7]. For the reasons set forth below, the Court will permit these two *amici curiae* groups to participate at trial within the limitations set forth herein.

---

[1] *Students* is a group of prospective, current, and former Harvard students who claim to "represent a broad cross-section of ethno-racial groups, identifying as Asian-American, Black, Latino, Native American, and Pacific Islander." [ECF No. 518 at 3].

**I.    BACKGROUND**

The participation of *amici curiae* in this case dates back more than three years to the Court's denial of a motion to intervene that was filed by *Students*, who then were a group of nine perspective and five then-current Harvard students. [ECF No. 52]. Although the Court denied *Students*' motion to intervene, it granted *Students* leave to participate as *amici curiae*. Id. at 2. The Court allowed *Students* to submit briefing, participate in oral arguments on dispositive motions, and submit declarations or affidavits in support of their memoranda. Id. The Court stated that "[s]hould this case proceed to trial, *amici curiae* may file a motion to participate in the proceedings, and the Court will consider the appropriate scope of participation at that time." Id. at 23. The Court subsequently also granted *Organizations* leave to participate as *amici curiae* with the same status as *students*. [ECF Nos. 465, 516].

President and Fellows of Harvard College ("Harvard") supports *Students* and *Organizations*' requests to present testimony at trial, but takes no position on the number of witnesses that *Students* and *Organizations* should be permitted to call or whether opening and closing arguments from the *amici* groups should be allowed, and opposes *Students'* request to cross-examine Professor Arcidiacono. [ECF No. 541]. Students for Fair Admissions ("SFFA") opposed *Students* and *Organizations*' requests to participate at trial. [ECF No. 543].

**II.   DISCUSSION**

The Federal Rules of Civil Procedure do not contain provisions concerning *amici* appearances, but a district court has "inherent authority" to appoint *amici* to assist it in a proceeding. Portland Pipe Line Corp. v. City of S. Portland, No. 2:15-CV-00054-JAW, 2017 WL 79948, at *4 (D. Me. Jan. 9, 2017) (quoting Animal Prot. Inst. v. Martin, 06-cv-128-B-W, 2007 U.S. Dist. LEXIS 13378, at *6, 2007 WL 647567 (D. Me. Feb. 23, 2007)); see also Borges

v. Our Lady of the Sea Corp., 935 F.2d 436, 442 (1st Cir. 1991) ("A trial judge has wide latitude to regulate the conduct of trial."). The First Circuit has noted that "by the nature of things an amicus is not normally impartial[,]" and "an amicus who argues facts should rarely be welcomed." Strasser v. Doorley, 432 F.2d 567, 569 (1st Cir. 1970). "Only a named party or an intervening real party in interest is entitled to litigate on the merits," and a district court should usually stop short of vesting *amici* with the "equal litigating rights of a named party/real party in interest, thereby subverting the right of the [parties] to effectively control the future course of the proceedings." United States v. State of Mich., 940 F.2d 143, 166 (6th Cir. 1991). Nevertheless, providing *amici* "a limited right to call and cross-examine witnesses" is appropriate in some circumstances. State v. Dir., U.S. Fish & Wildlife Serv., 262 F.3d 13, 14 (1st Cir. 2001). To the extent that witnesses are permitted to testify, "[d]istrict courts may impose reasonable time limits on the presentation of evidence." Borges, 935 F.2d at 442 (citing Johnson v. Ashby, 808 F.2d 676, 678 (8th Cir.1987)).

In considering *Students* and *Organizations*' motions to participate at trial, the Court is mindful of two considerations: (1) whether the participation will assist the Court or otherwise advance justice, and (2) whether the participation will prejudice any party or subvert the parties' control of the future of this litigation.[2]

Both *amicus* groups offer to present testimony from individuals with valuable perspectives that will otherwise be absent from the trial record. [ECF No. 518 at 4–8, No. 532 at 4–6]. SFFA provides a litany of reasons to doubt that the testimony will be probative of the alleged discrimination at issue. [ECF No. 543 at 3]. To the extent that *amici* might seek to

---

[2] The Court also believes that permitting lawyers to gain trial experience is valuable. Given the length of this case and the extent of *amici* participation, the Court considers this interest in crafting its limitations on *amici* participation.

present testimony that is not probative as to the claims before the Court, the Court will be free to disallow or disregard the testimony. While the Court concludes that the limited presentation of testimony from some of the individuals proffered by *amici* will likely advance the interests of justice by providing a valuable perspective, it does not find that it would be helpful to have *amici* cross-examine Professor Arcidiacono.

There is no reason to believe that the limited presentation of arguments and direct testimony will prejudice any party or subvert the parties' control of the litigation. Although SFFA notes Harvard did not identify students in its Rule 26 disclosures, SFFA has not claimed that allowing testimony or opening statements from *amici* would adversely affect its ability to make its case, nor is there any indication that SFFA has relied on the absence of students from the Rule 26 disclosures in a way that would make allowing student or alumni testimony at trial unfair.

### III. CONCLUSION

Accordingly, the Court orders as follows:

1. *Students* and *Organizations* may each submit a written opening statement. Alternatively, the opening statement may be delivered in court, provided that it is (a) less than 15 minutes in length, and (b) delivered by an attorney with 5 or less years of experience.

2. *Students* and *Organizations* may also submit a written closing statement. The Court is reserving on whether it will allow these closings to be delivered orally. If oral presentations are allowed, they must be (a) less than 15 minutes in length, and (b) delivered by an attorney with 5 or less years of experience.

3. *Students* will not be allowed to cross-examine Professor Arcidiacono.

4. *Students* and *Organizations* may each present the testimony of up to 4 witnesses from among the individuals identified in their motions, either as a written submission or through oral examination. Direct examination of each witness will be limited to 30 minutes. The Court requests that these direct examinations be handled by an associate with 5 or less years of experience. Either side may cross the *amici* witnesses.

5. *Students* and *Organizations* shall meet and confer with the parties regarding the scheduling of their participation. By October 12, 2018, *Students* and *Organizations* shall file with the Court the names of any witnesses whose testimony they intend to offer.

6. By October 12, 2018, *Students* and *Organizations* shall serve Harvard and SFFA with any and all exhibits they intend to offer. See [ECF No. 518 at 8 n.1].

**SO ORDERED.**

October 3, 2018                                                                 /s/ Allison D. Burroughs
                                                                                ALLISON D. BURROUGHS
                                                                                U.S. DISTRICT JUDGE