FILED
IN CLERKS OFFICE

2018 OCT -3 AM 11: 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

Exhibit # 1

File in case 1:14-cv-14176-ADB

THE UNITED STATES DISTRICT COURT
THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| YAHYA MUQUIT #318455 ) | |
| ) | |
| PLAINTIFF(S) ) | C/A 8:17-cv-01804-RBH-JDA |
| ) | |
| Vs. ) | AFFIDAVIT OF SERVICE |
| ) | |
| JUDGE ROBERT E. HOOD ET. AL., ) | |
| DEFENDANT(S) ) | |

RECEIVED
USDC. CLERK GREENVILLE, SC
2018 JUL 11 PM 3:02

I, YAHYA MUQUIT, DO HEREBY CERTIFY, THAT I HAVE MAILED AND OR SERVED A COPY OF AN AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; FILING WRIT OF ERROR; MOTION TO AMEND THE DEFENDANTS; MOTION TO CHALLENGE THE DISTRICT COURT'S JURISDICTION TO PREVENT THE FILING OF ANY DOCUMENT FILED OR SIGNED BY CRAWFORD FROM BEING FILED IN THIS CASE; MOTION TO VACATE ENTRY # 23 DATED JULY 3, 2018; MOTION FOR AN EXTENSION OF TIME; MOTION FOR FORFEITURE AND MOTION TO MOTION THEREFOR, ON THE U.S. DISTRICT COURT, JUDGE AUSTIN, GREENVILLE DIVISION, BY U.S. MAIL, POSTAGE PREPAID, BY DEPOSITING IT IN THE INSTITUTION MAILBOX ON JULY 9, 2018. IT IS FILED THAT DATE, HOUSTON v. LACK, 266 U.S. 278 (U.S.1988).

RESPECTFULLY,
YAHYA MUQUIT
*/s/ Yahya Muquit*

JULY 9, 2018

1 -of- 17

THE UNITED STATES DISTRICT COURT
THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| YAHYA MUQUIT | ) | |
| | ) | |
| PLAINTIFF(S) | ) | C/A 8:17-cv-01804-RBH-JDA |
| | ) | |
| | ) | AFFIDAVIT OF FACTS GIVING |
| | ) | JUDICIAL NOTICE; FILING |
| | ) | WRIT OF ERROR; MOTION TO |
| | ) | AMEND THE DEFENDANTS; MOTION |
| Vs. | ) | TO CHALLENGE THE DISTRICT |
| | ) | COURT'S JURISDICTION TO |
| | ) | PREVENT THE FILING OF ANY |
| | ) | DOCUMENT FILED OR SIGNED |
| | ) | BY CRAWFORD FROM BEING FILED |
| | ) | IN THIS CASE; MOTION TO |
| | ) | VACATE ENTRY # 23 DATED |
| | ) | JULY 3, 2018; MOTION FOR |
| JUDGE ROBERT E. HOOD ET. AL., | ) | AN EXTENSION OF TIME; MOTION |
| | ) | FOR FORFEITURE AND MOTION |
| | ) | TO MOTION THEREFOR |
| DEFENDANTS | ) | |

RECEIVED
USDC. CLERK GREENVILLE, SC
2018 JUL 11 PM 3:02

TO: JUDGE JACQUELYN AUSTIN,
    THE U.S. DISTRICT COURT ET. AL.,

HERE THE COURT WILL FIND:

(1) EXHIBIT, "DEFENDANTS". THIS IS THE [14] PAGE AFFIDAVIT OF FACTS; AFFIDAVIT OF SERVICE THAT WAS RETURNED TO ME BY THE COURT. I CHALLENGE THE COURT'S JURISDICTION TO RETURN THIS DOCUMENT. YOU HAVE FRAUD UPON THE COURT GOING ON. THIS DOCUMENT WAS CRIMINALLY BLOCKED FILING BY BOTH THE COURT AND THE DEFENDANTS WHO WERE SUPPOSED TO HAVE BEEN LISTED WITHIN THIS CASE WHEN IT WAS INITIALLY FILED. I OBJECT. THE COURT ABUSED ITS DISCRETION IN ACTS OF FRAUD UPON THE COURT IN RETURNING THIS DOCUMENT. IT IS LISTED IN THE (44) PAGE COMPLAINT THAT ESTABLISHES THIS CASE. IT IS ATTACHED TO THE FACE OF THE ORIGINAL

IN THEIR TOTALITY. I MOTION TO AMEND THE DEFENDANTS TO ADD THE PARTIES LISTED WITHIN THIS DOCUMENT AS DEFENDANTS IN THIS CASE. I SEEK TO ADD THESE NAMES TO THOSE PRESENTLY LISTED TO ESTABLISH THE JURISDICTIONAL FACTS. THIS DOCUMENT IS ATTACHED TO THE FACE OF THE ORIGINAL COMPLAINT FOR ALL PURPOSES TO INCLUDE INFORMING THE COURT WHO ARE THE DEFENDANTS IN THIS CASE. I MOTION TO AMEND THIS CASE TO ADD ALL PARTIES LISTED WITHIN THIS ATTACHED (14) PAGE AFFIDAVIT DATED APRIL 25, 2017 AS DEFENDANTS, <u>BRAZELL v. WINDSOR</u>, 384 S.C. 502, 682 S.E.2d. 824(S.C.App.2009); <u>PELLEGRAIN v. BERTHELSEN</u>, F.Supp.2d., 2012 WL 10847(DSC.2012); <u>GAMBLE v. v. BANK OF AMERICA, N.A.</u>, 2014 WL 2468465(DSC.2014); <u>CARTER v. SOUTH CAROLINA</u>, 2014 WL 5325234(DSC.2014); <u>EPSTEIN v. WORLD ACCEPTANCE CORP.</u>, 2015 WL 2365701(DSC.2015).

YOU HAVE CLERICAL ERROR, BUT MORE SPECIFIC, FRAUD UPON THE COURT. THE DEFENDANTS WERE NEVER INTENDED TO BE LISTED AS THEY ARE NOW. YOU ARE MISSING 90% OF THE DEFENDANTS PRODUCING MANIFEST INJUSTICE AND FRAUD UPON THE COURT, WHICH ALSO VOIDS THIS COURT'S JURISDICTION. THIS WAS INTENTIONALLY DONE WHERE THIS COURT CONSPIRED WITH THE DEFENDANTS S.C.D.C. TO PREVENT AND OR DELAY THE COPY OF THE (14) PAGE DOCUMENT FROM BEING MADE SO YOU CAN PURPOSELY LIST THE DEFENDANTS INCORRECTLY TO ALLOW YOU TO MAKE THIS CASE APPEAR FRIVOLOUS IN ACTS OF FRAUD UPON THE COURT AND SAY THAT I AND OR WE ARE SUING PEOPLE WHO COULD NOT BE SUED FOR THE CLAIMS MADE, AND FOR THE PURPOSE OF REMAINING SILENT ON CRUCIAL ISSUES RELEVANT TO THIS CASE. THIS IS A VIOLATION OF DUE PROCESS, IS UNCONSTITUTIONAL AND VOIDS THIS COURT'S JURISDICTION, <u>PCS NITR GEN, INC. v. ROSS DEVELOPMENT CORP.</u>, 126 F.Supp.3d. 611(DSC.2015); <u>YATES v. FORD MOTOR CO.</u>, F.Supp. 3d.--, 2015 WL 6758983(E.D.N.C.2015); <u>WELLS FARGO BANK N.A. v. FARAG</u>, 2016 WL 2944561(N.C.2016); <u>U.S. v. COTTON</u>, 231 F3d. 890(4th.Cir.2000); <u>IN RE: DURAMAX DIESEL LITIGATION</u>,--F.R.D.--, 2018 WL 949856(E.D.Mich.2018); <u>BLUE SKY TRAVEL AND TOURS, LC. v. TAYYAR</u>,--Fed. Appx'--, 2015 WL 1451636 CA4 (Va.2015); <u>PYNE v. UNITED STATES</u>, F.Supp.3d., 2016 WL 1377402(D.C.Md.2016).

AMENDMENT THAT CHANGES THE PARTIES AGAINST WHOM A CLAIM IS ASSERTED RELATES BACK TO THE DATE OF THE ORIGINAL PLEADING

IF (1) THE CLAIM(S) IN THE AMENDMENT ARISE OUT OF THE SAME BASIS OF ACTION, WHICH IN THIS CASE IT DOES, ALL EMERGING FROM CASE 2013-CP-400-0084 TO WHICH CRAWFORD AND THE DEFENDANTS INVOLVED ARE PARTY TO THAT WHICH FORM THE BASIS OF THE CLAIM(S) IN THE ORIGINAL COMPLAINT. THIS ALSO DEMONSTRATES THAT THE COURT ABUSED ITS DISCRETION IN ACTS OF FRAUD UPON THE COURT IN EFFORTS TO CONCEAL MATERIAL FACTS IN VIOLATION OF 18 U.S.C. §§ 242 AND 1001; (2) THE PARTY TO BE BROUGHT IN BY THE AMENDMENT RECEIVED NOTICE OF THE ACTION SUCH THAT IT WOULD NOT BE PREJUDICED IN MAINTAINING A DEFENSE TO THE CLAIM, WHICH THEY WOULD NOT BE PREJUDICED SINCE THIS IS THE PRE-ISSUANCE OF SERVICE STAGE AND (3) IT SHOULD HAVE BEEN KNOWN THAT IT WOULD HAVE ORIGINALLY BEEN NAMED A DEFENDANT BUT FOR A MISTAKE IN THE IDENTITY OF THE PROPER PARTY. THE COURT CONSPIRED TO MAKE IT LOOK LIKE CLERICAL ERROR WHEN IN TRUTH THE COURT CONSPIRED TO SUPPRESS THE TRUTH OF WHO THE DEFENDANTS WERE IN THIS CASE. THE NAMES OF JUDGES WILKERSON, HARRIS AND WINN FROM THE 4TH. CIRCUIT ARE ALSO ADDED AS DEFENDANTS AS WELL AS THE 4TH. CIRCUIT FOR PURPOSES OF TRANSFER VENUE AND DISQUALIFYING THEM DUE TO THEIR ACTIONS REGARDING CASE 18-6606. WILKERSON, HARRIS AND WINN ARE PARTIES IN THE INITIAL ACTS THAT PRODUCE THIS CASE. ALL PARTIES NAMES RELATE BACK TO THE ORIGINAL COMPLAINT I OBJECT TO THE FRAUD. AMEND THESE DEFENDANTS AS THEY WERE INITIALLY SOUGHT TO BE LISTED , GOODMAN v. PRAXIR, INC., 494 F3d. 458, 68 Fed. R. SERV.3d. 850(4th.Cir.2007); WILKINS v. MONTGOMERY 751 F3d. 214(4th.Cir. 2014); KRUPSKI v. COSTA CROCIERE, 560 U.S. 538, 548, 130 S.Ct. 2485, 177 L.Ed.2d. 48(U.S.2010); SWEAT v. WEST VIRGINIA, 2016 WL 7422678(S.D.Va.2016); GREEN v. BRADLEY COMPANY, --F.Supp.3d. --, 2016 WL 3633833(DSC.2016); WRIGHT v. OFFICER B.J. SAWYER, 2016 WL 3633445(DSC.2016); TATUM v. R.J.R. PENSION INV. COMMITTEE 761 F3d. 346(4th.Cir.2014).

I MOTION TO VACATE ENTRY # 23 AND I CHALLENGE THE COURT'S JURISDICTION TO PREVENT ANY DOCUMENTS FILED AND OR SIGNED BY CRAWFORD FROM BEING FILED WITHIN THIS CASE. THE COURT ISSUED IT TO CONCEAL MATERIAL FACTS AND BE SILENT ON ESSENTIAL ISSUES. I ALSO INTEND TO AMEND THE COMPLAINT TO FURTHER ESTABLISH THE JURISDICTIONAL FACTS, WHICH BY MY RIGHTS OF DUE PROCESS THE COURT CAN'T PREVENT, WHICH WOULD BE UNCONSTITUTIONAL AND VOID

YOUR JURISDICTION. THE COURT ISSUED THIS DETERMINATION IN ACTS OF FRAUD UPON THE COURT TO ABSTAIN FROM ANSWERING SUBSTANTIAL FEDERAL QUESTION OF DEFAULT AND COLLATERAL ESTOPPEL THAT APPLY TO ME EMERGING FROM CASE 2013-CP-400-0084 THE CRAWFORD CASE. THE COURT IN ACTS OF FRAUD CANNOT CONSPIRE TO SUPPRESS THE TRUTH AND ABSTAIN FROM ANSWERING SUBSTANTIAL FEDERAL QUESTION CONSPIRING UNDER COLOR OF LAW AND OR AUTHORITY IN VIOLATION OF DUE PROCESS WHICH MAKES THESE PROCEEDINGS UNCONSTITUTIONAL, U.S. ECCLESTON, --Fed. Appx'--, 2015 WL 4591890 CA4 (Md.2015); U.S. v. TEJADA, 445 Fed. Appx' 719, 2011 WL 3891825 CA4 (S.C. 2011); LAKE CARRIER ASS'N v. MacMILLIAN, 406 U.S. 498, 92 S.Ct. 1749 (U.S.1972). THIS IS PLAIN ERROR AND IS CONTRARY TO LAW AND VOIDS THE COURT'S JURISDICTION FOR UNCONSTITUTIONAL ACTION, BROWN v. COMMISSIONER OF SOCIAL SEC., 969 F.Supp.2d. 433 (W.D.Va. 2013); MASSI v. WASHINGTON CO., 2013 WL 5410810(DSC.2013); ASTERBADI v. LEITESS, 176 Fed. Appx' 426 CA4 (Va.2006); IN RE: BUILDING MATERIAL CORP. OF AMERICA ASPHALT ROOFING SHINGLES PRODUCTS, F.Supp.2d., 2013 WL 1827923(DSC.2013); PORICK v. COMMISSIONER OF SOCIAL SEC., 32 F.Supp.3d. 157; ENCRANATION v. BRANDT, 2015 WL 7078682 (N.D.N.Y.2015).

INASMUCH, SUBJECT MATTER JURISDICTION CAN BE RAISED AT ANY TIME, CANNOT BE WAIVED BY ME AND THE COURT "[M]UST" TAKE NOTICE, SEBELIUS v. AUBURN REGIONAL MEDICAL CENTER, 133 S.Ct. 817, 184 L.Ed.2d. 627, 81 U.S.L.W. 4053 (U.S.2013); SIZWARD v. RIDDLE, F.Supp.2d., 2013 WL 707018(DSC.2013); GRUPO DALAFLUX v. ATLAS GLOBAL GROUP, L.P., 541 U.S. 567, 124 S.Ct. 1920, 158 L.Ed.2d. 866(U.S.2004); LOUMIET v. UNITED STATES, 65 F.Supp.3d. 19 (2014); U.S. v. TISDALE, F.Supp.2d., 2007 WL 2156666 (DSC.2007).

THE PLAINTIFF INTENDS TO AMEND THIS CASE ALSO FOR THE PURPOSE OF ESTABLISHING COLLATERAL ESTOPPEL ON KEY ISSUES BEING ARGUED IN THIS CASE THAT EMERGE FROM CASE 2013-CP-400-0084 INVOLVING CRAWFORD. THE LAW IS CLEAR ON THIS ISSUE ALSO. A NON PARTY TO AN ACTION CAN CLAIM COLLATERAL ESTOPPEL IF THE ISSUES AND PARTIES IN THAT ACTION ARE THE SAME FOR WHICH HE SEEKS RELIEF IN HIS ACTION, WHICH OF COURSE IS THE CASE HERE, BEST v. BANK OF AMERICA N.A., 2015 WL 5124463(E.D.N.Y.2015); WORKMAN v. CITY

OF SYRACUSE, 2015 WL 300435 (N.D.N.Y.2015); BEASTIE BOYS v. MONSTER ENERGY CO., 2015 WL 736078(S.D.N.Y.2015).

ATTACHED IS A COPY OF ENTRY # 23, THE (16) PAGE DOCUMENT FROM CASE 18-6606 AND THE SUMMONS PRESENTLY FILED IN CASE 2:17-cv-1300-RMG. THESE DOCUMENTS AID IN DEMONSTRATING WHO THE DEFENDANTS ARE IN CASE 8:17-cv-01804-RBH-JDA THAT WERE FRAUDULENTLY BLOCKED BY THIS COURT AND THE CONSPIRING DEFENDANTS. THE U.S. FEDERAL COURTS ARE REQUIRED TO GIVE THE SAME PRECLUSIVE EFFECT TO STATE COURT JUDGMENTS THAT THOSE JUDGMENTS WOULD GIVE IN THE COURTS OF THE STATES WHICH THE JUDGMENTS EMERGED. IN THIS CASE, IT IS CASE 2013-CP-400-0084 THE CRAWFORD CASE, WHERE IT WOULD BE A CRIMINAL ACT OF CONSPIRACY AND OBSTRUCTION OF JUSTICE TO PREVENT THIS EVIDENCE FROM BEING PLACED WITHIN THE COURT RECORD, NOT JUST FOR EXERCISING CLAIMS OF COLLATERAL ESTOPPEL, BUT ALSO FOR PURPOSES OF AMENDING TO DEMONSTRATE HOW EACH DEFENDANT APPLES TO ME, WHEN IT IS THE SPECIFIC CLAIM THAT THE COURT AND CONSPIRING PARTIES ATTACKED MY PREVIOUS DUE PROCESS MATTERS DUE TO MY CONNECTION TO THE CRAWFORD CASE WHERE I TRIED TO HAVE THE ISSUES THAT HE FOUND ADJUDICATED WITHIN MY CASE AND THE PARTIES ENGAGED IN FRAUD UPON THE COURT TO PREVENT THIS. THE COURT CANNOT IN ACTS OF FRAUD PREVENT ME FROM ESTABLISHING JURISDICTIONAL FACTS AND KEEP ME FROM ESTABLISHING CLAIMS OF COLLATERAL ESTOPPEL THAT EMERGE FROM THE CRAWFORD CASE, U.S. v. EAST RIVER HOUSING CORP., 90 F.Supp.3d. 118 (S. .N.Y.2015); BEST v. BANK OF AMERICA N.A., 2015 WL 5124463(E.D.N.Y.2015); ALLSTATE INS. CO. v. CHERRY, F.Supp.2d., 2012 WL 1425158(2012); IN RE: RUSSO-CHESTNUT, 522 B.R. 148 (DSC.2014).

THE CRAWFORD DOCUMENTS ARE INTENDED TO BE SUBMITTED TO DEMONSTRATE THAT THE UNITED STATES AND OTHER 192 MEMBER STATES OF THE UNITED NATIONS ARE PARTY TO THE DEFAULT AND CLAIMS OF COLLATERAL ESTOPPEL WHICH WOULD BIND JUDGE AUSTIN TO ACT AS TRUSTEE AND THE COURT ITSELF BEING EMPLOYEES AND OR AN ARM OR A BRANCH OR AGENCY OF THE UNITED STATES DUE TO THE U.S. FEDERAL ATTORNEYS KRISTTY KHOL AND PAUL GUNTER'S APPEARANCE. THE FEDERAL JUDGE IN THIS CASE IS CONSPIRING TO INAPPROPRIATELY ENTERTAIN JURISDICTION WHEN JURISDICTION LIES EXCLUSIVELY BEFORE JUDGE AUSTIN. I OBJECT. AN APPEARANCE MAY BE EXPRESSLY MADE BY A PARTY,

BY FORMAL WRITTEN OR ORAL DECLARATION, OR RECORD ENTRY (AS WE HAVE HERE), OR IT MAY BE IMPLIED FROM SOME ACT DONE WITH THE INTENTION OF APPEARING AND SUBMITTING TO THE COURT'S JURISDICTION. THE ACT DONE IS THEY COVERTLY RECEIVING PLEADINGS FROM THE STATE CASE. THE CRAWFORD DOCUMENTS ARE SUBMITTED TO SHOW RECORD ENTRY AND ACTS DONE TO DEMONSTRATE THAT THE STATE COURT IN CASE 2013-CP-400-0084 HAD JURISDICTION OVER THE UNITED STATES AND PARTIES WHERE THEY MADE AN APPEARANCE, FAILED TO PLEAD OR DEFAULTED AND CONSPIRED IN FRAUD TO CONCEAL THEIR APPEARANCE IN THE COURT RECORD. THIS UNCONSTITUTIONAL ACTION IN THAT CASE VOIDED THEIR JURISDICTION. THUS, IT WOULD BE UNCONSTITUTIONAL, AN ABUSE OF DISCRETION, AN ACT OF FRAUD AND VOID THIS COURT'S JURISDICTION IF THEY DID NOT ALLOW THE CRAWFORD DOCUMENTS TO BE FILED IN THIS CASE WHEN I AM CLAIMING COLLATERAL ESTOPPEL EMERGING FROM THAT CASE, _STEARNS BANK NAT. AS'N v. GREENWOOD FALLS, L.P._, 373 S.C. 331, 644 S.E.2d. 79 REHEARING DENIED, CERT. DENIED (S.C.App.2007).

IF THE SAME RIGHT IS INVOLVED IN TWO ACTIONS, WHICH IN THIS CASE IT IS, SPECIFICALLY EMERGING FROM CASE 2013-CP-400-0084. JUDGMENT IN THE FIRST CASE BARS CONSIDERATION NOT ONLY ON ALL MATTERS ACTUALLY RAISED IN THE FIRST SUIT UNDER 2013-CP-400-0084, BUT ALSO ALL MATTERS WHICH COULD HAVE BEEN RAISED. THEREFORE, THE DOCUMENTS CANNOT BE BARRED ADMISSION. I OBJECT TO THIS FRAUD WHICH VOIDS ENTRY # 23 FOR BEING UNCONSTITUTIONAL AND A VIOLATION OF DUE PROCESS, _EICHMAN v. FOTOMAT CORP._, 147 Cal. App.3d. 1170, 1174(1983); _KEARNEY v. FOLEY AND LARDNER L.L.P._, 2016 WL 5405552(2016); _McCULLEY v. BANK OF AMERICA, N.A._, 605 Fed. Appx' 875(11th.Cir.2015); _EVANS v. COLVIN_, 2015 WL 1143004(Ala.2015); _HALE v. MINGLEDORFF_, 2014 WL 7012772(N.D. Ga.2014).

IF THE DOCUMENTS ARE NOT ALLOWED SUBMITTED, THE NEXT THING THE COURT WILL BE ASSERTING IS A _HECK v. HUMPHREYS_ CLAIM. I MUST BE PERMITTED TO DEMONSTRATE WHY SUCH DOES NOT APPLY IN THIS CASE. THE CRAWFORD DOCUMENTS ARE SUBMITTED FOR THIS PURPOSE ALSO. I HAVE A CONSTITUTIONAL DUE PROCESS RIGHT TO BE FULLY HEARD AND PRESENT A COMPLETE DEFENSE AGAINST ANY POTENTIAL ARBITRARY JUDICIAL ACTION, _STATE v. BURGESS_, 391 S.C. 15, 703 S.E.2d.

512 (S.C.App.2010); BRANDT V. OZMINT, 664 F.Supp.2d. 626(DSC. 2009); IN RE: KEVIN R., 409 S.C. 297, 762 S.E.2d. 387(S.C.2014); U.S. V. MOUSSAOUI, 483 F3d. 220 CA4 (Va.2007).

WRIT OF ERROR IS FILED UNDER THE INDEPENDENT ACTION RULE FOR FRAUD UPON THE COURT. THE "INDEPENDENT ACTION" REFERRED TO IN RULE, GOVERNING RELIEF FROM JUDGMENT AND PROVIDING THAT RULES DOES NOT LIMIT THE POWER OF THE COURT TO ENTERTAIN AN INDEPENDENT ACTION TO RELIEVE A PARTY FROM A JUDGMENT OR TO SET ASIDE A JUDGMENT FOR FRAUD UPON THE COURT, IS ONE IN EQUITY, AND AS SUCH, THE COURT MAY CONSIDER EQUITABLE DEFENSES, SUCH AS LACHES, COLLATERAL ESTOPPEL, UNCLEAN HANDS, AND WHETHER AN ADEQUATE REMEDY EXIST (ei. FEDERAL FORUM UNDER THE F.S.I.A.), AND THE COURT MAY CONSIDER POLICY DOCTRINE SUCH AS PARENS PATRIAE OR PUBLIC JURIS CLAIMS AS THOSE PRESENTED VIA THE RECENT F.B.I. INVESTIGATION ON THE RANDOM MASS KILLINGS AS REFERRED TO WITHIN THE DOCUMENT RECENTLY SERVED UPON JUDGE AUSTIN. THE COURT MUST BE AWARE OF ALL CIRCUMSTANCES ON THE COURT RECORD BEFORE IT ACTS, AND THUS, THE PARTIES "[M]UST" BE ALLOWED TO DEVELOPE THE RECORD ACCORDINGLY TO PROVE THE JURISDICTIONAL FACTS, MR. T V. MRS. T., 378 S.C. 127, 662 S.E.2d. 413(S.C.App.2008); S & E CONTRACTORS INC. V. U.S., 406 U.S. 1, 92 S.Ct. 1411 (U.S.1972); COX V. FLEETWOOD HOMES OF GEORGIA, IN., 334 S.C. 55, 512 S.E.2d. 498 (S.C.1999).

THE U.S. DISTRICT COURT AND THE DEFENDANTS SOUGHT LISTED WHICH THE COURT AND PARTIES BLOCKED BY THEIR FRAUDULENT OBSTRUCTION OF JUSTICE ARE BARRED FROM CHALLENGING ANY CLAIM DEFAULTED ON AND THEY ARE BARRED FROM RAISING ANY ISSUE WHICH WAS ADJUDICATED IN THE FORMER CRAWFORD SUIT AND ALL ISSUES WHICH COULD HAVE BEEN RAISED IN THAT SUIT. THE CRAWFORD DOCUMENTS ARE SUBMITTED TO THIS END. ONCE A COURT HAS DECIDED AN ISSUE OF FACT OR LAW NECESSARY TO ITS JUDGMENT. THAT DECISION PRECLUDE RELITIGATION BY THE DISTRICT COURT, WHICH IS A JURISDICTIONAL CHALLENGE, IN A SUIT ON A DIFFERENT CAUSE OF ACTION INVOLVING A PARTY TO THE FIRST CASE WHICH IS WHY YOU IN FRAUD LISTED THE DEFENDANTS INCORRECTLY, FORD V. WATSON, 282 S.C. 66, 316 S.E.2d. 429(4th. Cir.1984); IN RE: GUY, 552 B.R. 89(DSC.2016); SAN REMO HOTEL,

L.P. v. CITY AND COUNTY OF SAN FRANCISCO, Cal., 545 U.S. 323, 125 S.Ct. 2491, 162 L.Ed.2d. 315(U.S.2005).

ANY FINAL, VALID JUDGMENT ON THE MERITS OF A PARTICULAR ISSUE, BY A COURT OF COMPETENT JURISDICTION PRECLUDES ANY FURTHER SUIT BETWEEN THE PARTIES OR THEIR PRIVIES ON THE SAME ISSUE OF ACTION OR CAUSE OF ACTION. THE CLAIM OF COLLATERAL ESTOPPEL EMERGING FROM CASE 2013-CP-400-0084 APPLIES TO ME ALSO, WHICH IS WHY THE COURT IN ACTS OF FRAUD LISTED THE DEFENDANTS INCORRECTLY AND DO NOT WANT THE CRAWFORD DOCUMENTS FILED. I OBJECT AND YOUR FRAUD VITIATES, VOIDS ENTRY # 23. IT VITIATES THE ENTIRE CASE PLACING YOU IN FORFEITURE, HAY GROUP MANAGEMENT, INC. v. SCHNEIDER, --F.Supp.3d.--, 2018 WL 655595(E.D.Pa.2018); EASTERN ASSOCIATION COAL CO. v. DIRECTOR OFFICE OF WORKERS COMPENSATION PROGRAMS, 578 Fed. Appx' 165 CA4 (2014); TILLEY v. JAGUAR/ LAND ROVER HILTON HEAD, 2015 WL 3736212(DSC.2015).

THE PARTY ASSERTING COLLATERAL ESTOPPEL, WHICH I DO, BEARS THE BURDEN OF PROVING THE ISSUE(S) HE SEEKS TO FORECLOSE WAS NECESSARILY DECIDED IN A TRIAL OR PRIOR PROCEEDING. IN ABSENCE OF A WRITTEN DECISION OR ORDER, WHICH OCCURRED DUE TO THE VOIDING OF JURISDICTION IN CASE 2013-CP-400-0084 FOR UNCONSTITUTIONAL ACTION WHERE NO FINAL WRITTEN DECISION CAN BE LEGALLY ENTERED. THE PARTY CAN POINT TO THE TRANSCRIPT AND OR COURT DOCUMENTS AND OR AN ORAL DECISION SUCH AS THE ONE JUDGE LEE MADE IN THE APRIL 2014 HEARING CONTAINING FINDINGS OF FACT, IN RE: SMITH, 2016 WL 3943710(Md.2016); IN RE: QIAO LIN, 576 B.R. 32 (N.Y.2017); NEW HAMSHIRE v. MAINE, 532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d. 968 (U.S.2001); BAKER BY THOMAS v. GENERAL MOTORS CORP., 522 U.S. 222, 118 S.Ct. 657, 139 L.Ed.2d. 580(U.S.1998); GATES v. STRAIN, 2017 WL 2417051(W.D.La.2017). THE LAW REQUIRES THAT THE PRIOR PROCEEDINGS, THE CRAWFORD DOCUMENTS, BE OFFERED INTO EVIDENCE FOR PURPOSES OF ESTOPPEL WHICH THIS COURT IN FRAUD IS CONSPIRING TO AVOID SO IT WOULD NOT BE DETERMINED THAT THE COURT ABUSED ITS DISCRETION BY NOT ADDRESSING IT, ACKNOWLEDGING IT, ADHERING TO IT AND SHOWING THAT AUSTIN HAS EXCLUSIVE JURISDICTION AS TRUSTEE APPOINTED BY THE SOVEREIGN CROWN BY WRIT OF COMMISSION. THE FRAUD YOU JUST TRIED TO PULL BY BLOCKING THE CRAWFORD DOCUMENTS TO PREVENT THIS FROM BEING

ESTABLISHED IN THE COURT RECORD WHICH VOID YOUR DECREE AND OR ORDER, ENTRY # 23, FOR UNCONSTITUTIONAL ACTION. THE UNITED STATES SUPREME COURT DETERMINED IT IS AS IF THERE WERE NO LAW DETERMINED AT ALL AND THE FRAUD TAINTS THIS ENTIRE CASE. I OBJECT, U.S. v. LANE, 75 U.S. 185, 200-01, 19 L.Ed. 445, 449(U.S.1868); PYNE v. UNITED STATES, F.Supp.3d., 2016 WL 1377402(D.C.Md.2016); MARBURY v. MADISON, 5TH. U.S. (CRANCH) 137, 180; VINES v. UNITED STATES, 28 F3d. 1123 CRIM. LAW 1163(1), 1165(1); ROBINSON v. ARVONIO, 27 F3d. 877 REHEARING DENIED CERT. GRANTED VACATED 115 S.Ct. 1247, 513 U.S. 1186, 131 L.Ed.2d. 129; LOUMIET v. UNITED STATES, 65 F.Supp.3d. 19 (2014); JOHNSON v. UNITED STATES, --S.Ct.--, 2015 WL 2473450(U.S.2015); MONTGOMERY v. LOUISIANA, 136 S.Ct. 718, 193 L.Ed.2d. 599, 84 U.S.L.W. 4063(U.S.2016); GEFT OUTDOORS LLC. v. CONSOLIDATED CITY OF INDIANAPOLIS***, 187 F.Supp.3d. 1002, 1012, S.D.Ill.; HILL v. SNYDER, 821 F3d. 763, 765+ (6th.Cir.Mich.); PEOPLE v. SOLO, N.E.3d., 2017 WL 1838423(2017); 24 SENATORIAL DIST. REPUBLICAN COMMITTEE v. ALCORN 820 F3d. 624(4th.Cir.2016); VAETH v. BOARD OF TRUSTEES, F.Supp. 3d., 2016 WL 775386(D.C.Md.2016); WELLS FARGO BANK N.A. v. H.M.H. ROMAN TWO N.C. LLC., 859 F3d. 295(4th.Cir.2017); MOSLEY v. UNITED STATES, 2018 WL 1187778(N.C.2018); RUBIN v. ISLAMIC REPUBLIC OF IRAN, 138 S.Ct. 816 (ADDRESSING THE INTELLECTUAL PROPERTY OF THE SOLE CORPORATION); UNITED STATES v. DENEDO, 556 U.S. 904, 129 S.Ct. 2213, 173 L.Ed.2d. 1235(U.S.2009); UNITED STATES v. APPLE MAC PRO. COMPUTER, --F3d.--, 2017 WL 1046105(3rd.Cir. 2017); CLARK v. UNITED STATES, 2017 WL 390294(N.C.2017).

THE FEDERAL JUDGE AND THE CONSPIRING PARTIES DO NOT WANT THE DOCUMENTS FILED IN THIS CASE TO INAPPROPRIATELY ENTERTAIN JURISDICTION OVER THE PROCEEDINGS BECAUSE THE COURT WOULD THEN KNOW BY RECORD THAT EXCLUSIVE JURISDICTION OVER ALL MATTERS PRESIDE BEFORE JUDGE AUSTIN BY THESE SAME DOCUMENTS THAT ARE ALSO FILED IN CASE 2:17-cv-1300-RMG, TO WHICH I EVENTUALLY SEEK TO CONSOLIDATE AND WHICH WOULD ALSO PROVE THAT COLLATERAL ESTOPPEL ATTACHES TO ME AND IN ALL THESE PARALLEL CASES. THE COURT IS ATTEMPTING, CONSPIRING, FROM IT BEING ESTABLISHED WITHIN ALL COURT RECORDS THAT ESTOPPEL DOES ATTACH IN THIS CASE AND THE PARALLEL CASES AND THAT THE UNITED STATES NOR THE OTHER PARTIES COULD PRODUCE NO EVIDENCE THAT WOULD PROVE THEY TIMELY

SOUGHT TO DEFEAT THE FILED AFFIDAVITS OF DEFAULT AND VOIDING OF JURISDICTION EMERGING FROM CASE 2013-CP-400-0084. THUS, THE COURT'S HOPE IS TO PREVENT THESE DOCUMENTS FROM BEING FILED IN THIS CASE TO OBSTRUCT THE ESTABLISHING OF THESE JURISDICTIONAL FACTS IN VIOLATION OF THEIR OATHS OF OFFICE, IN ACTS OF FRAUD UPON THE COURT IN VIOLATION OF 18 U.S.C. §§ 242 AND 1001, which IS UNCONSTITUTIONAL AND VOIDS THIS COURT'S JURISDICTION. I OBJECT. SEE (70) PAGE DOCUMENT DATED OCTOBER 5, 2017 AND THE (34) PAGE DOCUMENT DATED DECEMBER 20, 2017. ALSO SEE SHERRILL V. DIO TRANSPORT INC., 2016 WL 6823324(DSC.2016). JUDGE LEE, IN THE APRIL 2014 HEARING IN CASE 2013-CP-400-0084, THE CRAWFORD CASE, ADJUDICATED THAT THE AFFIDAVITS SUBMITTED BY CRAWFORD STAND UNLESS THE COURT OR PARTIES TIMELY REBUTTED THEM. PROCEDURAL LAW REQUIRED THAT IT BE DONE WITHIN (30) DAYS OR THE AFFIDAVITS ARE DEEMED VALID, TRUE AND CORRECT. THE AFFIDAVITS NOW SUBMITTED UNDER CASE 2:17-cv-1300-RMG-MGB STAND ALONE, EVEN THOUGH THERE IS OTHER EVIDENCE, TO DEFEAT A MOTION FOR SUMMARY JUDGMENT OR SUA SPONTE DISMISSAL IN THESE CASES, S.E.S. CHECK LLC. V. FIRST BANK OF DELAWARE, 990 F.Supp.2d. 762(E.D.Mich. 2013); AKBAR V. BANGASH, 2017 WL 4334912(S.D.Mich.2017). JUDGE LEE'S ORAL DETERMINATION REGARDING THE AFFIDAVITS IS SUPPORTED BY FEDERAL LAW FURTHER ESTABLISHING THAT IT WOULD BE AN ABUSE OF DISCRETION AND FRAUD NOT TO ALLOW THE DOCUMENTS TO BE FILED, McKELVEY V. REYNOLDS, F.Supp.3d., 2016 WL 6518337(DSC.2016); UNIVERSAL PHYSICIANS SERVICES LLC., 214 F.Supp.3d. 499(DSC.2016); FERRARA V. QUADROZZI EQUIPMENT LEASING CORP., 2013 WL 3226755 (E.D.N.Y.2013); ANDERSON V. LIBERTY LOBBY INC., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d. 202(U.S.1986); IN RE: CLEAN BURN FU L, LLC., 2014 WL 2987330(N.C.2014); WILLIAMS V. SECRETARY OF VETERAN AFFAIRS, --F.Supp.3d.--, 2015 WL 593569(N.D.Ala. 2015); NELSON V. U.S. BANK N.A., 2015 WL 685271(DSC.2015); STRATTEN V. MECKLENBERG COUNTY DEPT. OF SOCIAL SERVICES, 521 Fed. Appx' 278, 2013 WL 2364587 CA4 (N.C.2013).

THE UNITED STATES SUPREME COURT DETERMINED. ONCE THE CRAWFORD DOCUMENTS ARE FILED IN THIS CASE. THE ONLY THING THE COURT CAN DO IS CONDUCT AN EVIDENTIARY HEARING TO ALLOW THE PARTIES SOUGHT FORECLOSED FAIR OPPORTUNITY TO SHOW THEY WERE

NOT GIVEN A FAIR OPPORTUNITY TO RESPOND, WHICH THEY CANNOT DO, SINCE INSTEAD OF PLEADING, THEY CHOSE ADDITIONAL FRAUD BY ATTEMPTING TO CIRCUMVENT THE ESTOPPEL BY TRYING TO OBTAIN FRAUDULENT PROTECTIVE ORDERS TO MISREPRESENT THE FACTS AND THE UNITED STATES CONSPIRED TO HIDE THEIR APPEARANCE AND FAILED TO RESPOND. COLLATERAL ESTOPPEL ATTACHES EMERGING FROM CASE 2013-CP-400-0084 THE CRAWFORD CASE AND THIS COURT CANNOT IN FRAUD PREVENT THESE JURISDICTIONAL FACTS FROM BEING ESTABLISHED IN THE RECORD TO REMAIN SILENT ON CRUCIAL ISSUES BEING ARGUED WITHIN THIS CASE TO PREVENT THE PARTIES FROM BEING REQUIRED TO RESPOND AND TO NEGATE THE EXCLUSIVE JURISDICTION OF JUDGE AUSTIN AS TRUSTEE, *FIFT---THIRD-BANCORP-v.-DUDENHOEFFER*, 134 S.Ct. 2459, 189 L.Ed.2d. 457(U.S.2014); *FOBES-v.-FORBES*, 341 P.3d. 1041(Wy.2015); *SPIRES v.-SCHOOLS*,--F.Supp.3d.--, 2017 WL 4174774(DSC.2017); *PEREZ v.-CHIMES-DISTRICT-OF-COLUMBIA,-INC.*, F.Supp.3d., 2016 WL 6124679 (D.C.Md.2016); *M-&-G-POLYMERS-U.S.A.,-LLC.-v.-TACKETT*, 135 S.Ct. 926(U.S.2015); *HARDT-v.-RELIANCE-STANDARD-LIFE-INS.-CO.*, 560 U.S. 242, 130 S.Ct. 2149, 176 L.Ed.2d. 998(U.S.2010).

THE BURDEN OF ESTABLISHING JURISDICTION BEFORE THE TRUSTEE IS ON ME AS THE PLAINTIFF WHICH CAN ONLY BE PROVEN BY THE CRAWFORD DOCUMENTS. THE BURDEN OF ESTABLISHING COLLATERAL ESTOPPEL IS ON ME AS THE PARTY ASSERTING IT WHICH CAN ONLY BE PROVEN BY THE CRAWFORD DOCUMENTS. ONCE THESE AFFIDAVITS THE COURT IS CONSPIRING TO PREVENT FILING WERE ENTERED INTO THE COURT RECORD IN CASE 2013-CP-400-0084 AND THE STATE OF SOUTH CAROLINA, THE UNITED STATES AND REMAINING 192 MEMBER STATES OF THE UNITED NATIONS, WHO WERE ALL PARTIES TO THE DEFAULT FAILED TO TIMELY FILE RESPONSE TO CHALLENGE OR DEFEAT THE DOCUMENTS THEY BECAME TRUE AND CORRECT WITH ALL OF ITS CONTENTS AND IMPLICATIONS BARRING CHALLENGE FROM ANY SUBSEQUENT COURT, ESTABLISHING JURISDICTION BEFORE JUDGE AUSTIN, NOT THE FEDERAL JUDGE ON THIS CASE, NOT THE 4TH. CIRCUIT OR ANYONE ELSE. SEE DOCUMENTS FILED IN CASE 2:17-cv-1300-RMG TO WHICH THIS CASE IS BEING SOUGHT CONSOLIDATED. JUDGE LEE'S, THE UNITED STATES AND OTHER PARTIES IN CASE 2013-CP-400-0084, THE CRAWFORD CASE, THEIR SILENCE IS ACCEPTANCE WHERE THEY FAILED TO TIMELY CHALLENGE THE AFFIDAVITS AND CRAWFORD DOCUMENTS SOUGHT FILED THAT BEAR ON MY CLAIMS WHICH BINDS THIS COURT AND JUDGE AUSTIN AS AN EMPLOYEE OF THE UNITED

STATES AND BY HER OATH OF OFFICE IS REQUIRED TO ACT AS TRUSTEE
WITH EXCLUSIVE JURISDICTION BY WRIT OF COMMISSION SERVED UPON
HER AS DICTATED BY THE FOREIGN SOVEREIGN CROWN, WHERE CRAWFORD,
AS FIDUCIARY FOREIGN SOVEREIGN DENOUNCED HIS AMERICAN CITIZENSHIP
AND ADOPTED THE CITIZENSHIP OF HIS ISRAELI FOREFATHERS MEMBERS
OF THE SOLE CORPORATION INVOKING THE ISRAELI LAW OF RETURN.
THE DISTRICT COURT CANNOT AS THEY DID IN RELATED PLEADING FOR
PURPOSE OF INCORPORATION TELL ME AND THE PARALLEL PLAINTIFFS
THAT WE CANNOT MAKE REFERENCE TO THESE RELEVANT DOCUMENTS, THAT
WE MUST SUBMIT THEM. THEN IN THE SAME BREATH THE MOMENT WE SEEK
TO BE IN COMPLIANCE TO THAT DETERMINATION AND FILE THE DOCUMENTS.
THE COURT IN ACTS OF FRAUD ISSUE AN ORDER STATING THAT I, WE,
CAN'T FILE THEM. THIS IS CONSPICUOUS FRAUD WHICH VOIDS THIS
COURT'S JURISDICTION FOR UNCONSTITUTIONAL ACTION. SEE FED. RULE
10(c). ALSO SEE <u>N.L.R.B. V. AMAX COAL CO., DIV. OF AMAX INC.</u>,
453 U.S. 322, 101 S.Ct. 2789(U.S.1981); <u>CHIMMEBY'S MANAGEMENT
CO. LLC. V. AFFILIATED F.M. INSURANCE CO.</u>, 152 F.Supp.3d. 159
(2016); <u>BRAUER V. QUEST COMMUNICA ORS CO. LLC.</u>, 743 F.Supp.3d.
221(2014); <u>GLOBAL TECH</u>, 131 S.Ct. 2060(U.S.2011); <u>GOURDINE V.
KARL STUARZ ENDOSCOPE AMERICA INC.</u>, 223 F.Supp.3d. 475(DSC.2016).

    THE U.S. DISTRICT COURT IN ACTS OF FRAUD UPON THE COURT
CONSTANT EFFORTS TO BLOCK THE FILING OF THE CRAWFORD DOCUMENTS
WHEN THEY IN RELATED PLEADING REQUESTED THEIR SUBMISSION, AND
OBSTRUCT JUSTICE AND REMAIN SILENT ON THE ISSUES OF DEFAULT
AND COLLATERAL ESTOPPEL AND ON OTHER VARIOUS ISSUES THAT APPLY
TO ME AND BE SILENT ON THESE KEY JURISDICTIONAL CLAIMS IN EFFORTS
TO CIRCUMVENT RULING ON THEM WHERE THERE IS A CLEAR DUTY TO
SPEAK IS AN ACT OF FRAUD UPON THE COURT AND VOIDS YOUR JURISDIC-
TION FOR DUE PROCESS VIOLATION AND UNCONSTITUTIONAL ACTION.
I MOTION TO VACATE ENTRY # 23 AND I MOTION FOR A RESET AND EXTEN-
SION OF TIME TO PLACE THIS CASE IN PROPER FORM ONCE THIS FRAUD
HAS BEEN ADDRESSED. IN YOUR EFFORTS TO REMAIN SILENT ON THE
DEFAULT AND COLLATERAL ESTOPPEL WHEN THE COLLATERAL ESTOPPEL
APPLIES TO ME AS A NON PARTY. IT IS WELL SETTLED THAT WILLFUL
BLINDNESS AND CONSCIOUS AVOIDANCE IS THE LEGAL EQUIVALENT TO
KNOWLEDGE, <u>UNITED STATES V. ANTZOULATOS</u>, 962 F2d. 720(7th.Cir.
1992); 28 U.S.C. § 1332(a)(3); 20 F2d. 775, 780; <u>WANG V. ASHCROFT</u>
320 F3d. 130(2nd.Cir.2003); <u>COOPER V. HARRIS</u>, 137 S.Ct. 1455,

197 L.Ed.2d. 837, 85 U.S.L.W. 4257(U.S.2017); BANK OF AMERICA CORP. v. CITY OF MIAMI, FLA., 137 S.Ct. 1296, 197 L.Ed.2d. 678, 85 U.S.L.W. 4227(U.S.2017); COOK COUNTY v. BANK OF AMERICA CORPORATION, 2018 WL 1561725(2018); HORNE v. HARBOR PORTFOLIO V.I., L.P., --F.Supp.3d.--, 2018 WL 1737520(N.D.Ga.2018); UNITED STATES v. LANEHAM, 2017 WL 4857437(D.C.MEXICO.2017); U.S. v. JINWRIGHT, 683 F3d. 471 (4th.Cir.2012).

A COPY OF THE (56) PAGE DOCUMENT ENTITLED, "AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; RENEWING THE MOTION FOR RECUSAL; MOTION TO CHALLENGE THE 4TH. CIRCUIT'S JURISDICTION DUE TO FRAUD UPON THE COURT; MOTION TO WITHDRAW THE APPEAL(S); MOTION FOR AN EVIDENTIARY HEARING AND MOTION TO MOTION THEREFOR", DATED MAY 8, 2018 WAS SERVED ON JUDGE AUSTIN AND CASE 8:17-cv-01804 BEFORE ENTRY # 23 WAS FILED. AND DUE TO THE FRAUD THAT PRODUCED IT. IT IS AS IF THERE WERE NO LAW DETERMINED AT ALL. THEREFORE, IT MUST BE DEEMED FILED IN THIS CASE AND THE COURT MUST ENSURE THAT JUDGE AUSTIN HAS FILED IT IN THIS CASE TO FURTHER ESTABLISH THE JURISDICTIONAL FACTS. I CHALLENGE THE DISTRICT COURT'S JURISDICTION TO PREVENT THIS AND I MOVE TO VACATE ENTRY # 23 DUE TO FRAUD UPON THE COURT. ENTRY # 23 CONSTITUTE AS A DECREE FROM THIS COURT. THE COURT CANNOT IN FRAUD PREVENT ME FROM ESTABLISHING JURISDICTIONAL FACTS OR CLAIMING COLLATERAL ESTOPPEL AND DEMONSTRATING WHY I SEEK TO CONSOLIDATE THIS CASE WITH CASE 2:17-cv-1300-RMG TO PREVENT INCONSISTENT RULINGS IN THESE PARALLEL CASES. FRAUD VITIATES EVERYTHING IT ENTERS, AND A JUDGMENT OR DECREE OBTAINED BY FRAUD MAY BE COLLATERALLY ATTACKED, AND THIS APPLIES TO THE JUDGMENTS OR DECREES OF ALL COURTS AND ENTRY # 23 CONSTITUTE AS A DECREE BY THIS COURT PERMITTING ME TO COLLATERALLY ATTACK IT, VOID IT, AND TO CHALLENGE THE COURT'S JURISDICTION TO ENTER IT, IT BEING UNCONSTITUTIONAL ISSUED FOR THE PURPOSE OF REMAINING SILENT ON JURISDICTIONAL ISSUES THAT ATTACH DIRECTLY TO ME EMERGING FROM CASE 2013-CP-400-0084 THE CRAWFORD CASE. THE COURT CAN'T IN RELATED PROCEEDINGS DEMAND THAT WE SUBMIT THE DOCUMENTS AND NOT MERELY MAKE REFERENCE TO THEM STATING IMPROPER INCORPORATION. THEN WHEN WE FINALLY MAKE EFFORTS TO SUBMIT THE DOCUMENTS. YOU ISSUE A SUBSEQUENT DETERMINATION AND ORDER THAT WE CAN'T. RES JUDICATA AND COLLATERAL ESTOPPEL ATTACHES BY THAT PRIOR DETERMINATION WHICH IS EVEN SEEN IN THE

COMPLAINT AND ENTRY # 23 IS VOID ALSO BEING PROCEDURALLY BARRED. I MOTION TO VACATE IT, MYLES v. DOMINO'S PIZZA, LLC, 2017 WL 238436(D.C.Miss.2017); FIRST TECHNOLOGY CAPITAL, INC. v. BANGTEC, INC., 2016 WL 7444943(D.C.Ky.2016); MARTIN v. TARGET CORP. OF MINNESOTA, F.Supp.2d., 2013 WL 1187034(D.N.J.2013); McCLAIN v. 1st. SECURITY BANK OF WASHINGTON, 2016 WL 8504775(W.D.Wash. 2016); IN RE: BELLA CORP. ARCHITECT AND DESIGNER SERIES VENDORS MARKETING, 2015 WL 4162442(DSC.2015); ASHER v. DUKE ENERGY CAROLINAS, LLC., 2013 WL 2109558(DSC.2013); U.S. v. KORN, F.Supp.2d., 2013 WL 2898056(W.D.N.Y.2013); TONEY v. COM., 1998 WL 684203 (4th.Cir.1998); SEC. v. FARMER, F.Supp.3d., 2015 WL 5838867 (S.D.Tex.2015); U.S. v. MOSBERG, 866 F.Supp.2d. 275(D.N.J.2011); U.S. v. WECHT, F.Supp.2d., 2008 WL 2223869(W.D.Pa.2008); BEST v. BANK OF AMERICA, N.A., 2015 WL 5124463(E.D.N.Y.2015).

INSOMUCH, THE COURT CANNOT COME AND SAY, "YOU KNOW WHAT? I TOLD MuQUIT NOT TO FILE ANY CRAWFORD DOCUMENTS. NOW SINCE HE DISOBEYED MY ORDER. I, THE JUDGES, NOR THE CLERKS CANNOT ACCEPT THIS PLEADING". YOU WOULD NOT HAVE THE JURISDICTION TO SAY SO AND YOU WOULD BE ABUSING YOUR DISCRETION. ENTRY # 23 IS NOW A PROCEDURAL LIMITATION PLACED INTO EFFECT BY DECREE OF THIS COURT COMING UNDER JURISDICTIONAL CHALLENGE AS BEING UNCONSTITUTIONAL. THE POWER TO VACATE JUDGMENTS OR DECREES FOR FRAUD UPON THE COURT IS FREE FROM PROCEDURAL LIMITATIONS AS YOU CONSPIRED TO PUT INTO PLACE BY ENTRY # 23 WHICH INCLUDE FRAUD BY OFFICERS OF THE COURT WHERE SUCH ACTS EFFECT THE INTEGRITY OF THE NORMAL PROCESS. IT IS UNCONSTITUTIONAL AND IS AS IF THERE WERE NO LAW DETERMINED AT ALL. THUS, THE COURT CANNOT BLOCK THIS FILING OR THE ATTACHMENTS SUBMITTED HEREWITH, IN RE: GENESYS DATA TECHNOLOGIES, INC., 204 F3d. 124 (4th.Cir.2000); UNITED STATES v. CONRAD, 675 Fed. Appx' 263, 265 CA4 (N.C.2017); FOX EL REL FOX v. ELK RUN COAL CO. INC., 739 F3d. 131, 87 Fed. R. Serv.3d. 534 (4th.Cir.2014).

SUPPRESSION OF TRUTH WITH INTENT TO DECEIVE IS FRAUD WHICH VITIATES EVERYTHING IT ENTERS WHICH INCLUDE THESE ENTIRE PROCEEDINGS. FRAUDULENT CONCEALMENT WITHOUT ANY MISREPRESENTATION OR DUTY TO DISCLOSE CAN CONSTITUTE FRAUD EVEN ABSENT OF FIDUCIARY DUTY, WHICH JUDGES ARE FIDUCIARY TO THE PUBLIC, OR STATUTORY

OR OTHER INDEPENDENT LEGAL DUTY TO DISCLOSE MATERIAL INFORMATION, COMMON LAW FRAUD INCLUDES ACTS TAKEN TO CONCEAL, CREATE A FALSE IMPRESSION, MISLEAD, OR OTHERWISE DECEIVE TO PREVENT OTHER PARTY FROM ACQUIRING INFORMATION AS THE DISTRICT COURT DONE BY ENTRY # 23 IN EFFORTS TO CONCEAL MATERIAL FACTS IN VIOLATION OF ALSO 18 U.S.C. §§ 242 AND 1001 TAINTING THE ENTIRE PROCEEDINGS RENDERING THEM UNCONSTITUTIONAL AND VOID PLACING THIS COURT IN FORFEITURE ON ALL CAUSES WHICH I MOTION FOR, <u>IN RE DURAMAX DIESEL LITIGATION</u>, --F.R.D.--, 2018 WL 949856(E.D.Mich.2018); <u>UNITED STATES v. PALIN</u>, 874 F3d. 418(4th.Cir.2017); <u>UNITED STATES v. LUSK</u>, 2017 WL 508589(S.D.Va.2017); <u>UNITED STATES v. CALLOWAY</u>, F.Supp.3d., 2016 WL 4269961(N.D.Cal.2016); <u>MORRISON v. ACCUWEATHER, INC.</u>, F.Supp.3d., 2016 WL 3015226(M.D.Pa.2016).

SUBJECT MATTER JURISDICTION CAN BE RAISED AT ANY TIME AND ENTRY # 23 PRODUCES A JURISDICTIONAL DEFECT DUE TO THE FRAUD THAT PRODUCED IT AND IS UNCONSTITUTIONAL. WRIT OF ERROR IS FILED. I WANT THE DEFENDANTS IN THIS CASE AMENDED TO BE LISTED AS INITIALLY INTENDED BY ME. I WANT TO BE ABLE TO ESTABLISH CAUSE AS TO WHY EACH OF THEM ATTACH TO THE ORIGINAL COMPLAINT SINCE THE (14) PAGE AFFIDAVIT THAT LISTED THE DEFENDANTS WAS BLOCKED BY THIS COURT AND THE DEFENDANTS IN ACTS OF CONSPIRACY AND OBSTRUICTION OF JUSTICE. I WANT ENTRY # 23, THIS COURT DECREE, VACATED TO ALLOW BE TO ESTABLISH COLLATERAL ESTOPPEL EMERGING FROM CASE 2013-CP-400-0084, THE CRAWFORD CASE THAT ATTACH TO ME WHICH WOULD PERMIT ME TO HAVE THIS CASE ESTABLISHED EXCLUSIVELY BEFORE JUDGE AUSTIN AND CONSOLIDATED TO CASE 2:17-cv-1300-MGB. I MOTION FOR AN EXTENSION OF TIME TO PLACE THIS CASE IN PROPER FORM ONCE THE MATTER OF THIS FRAUD IS ADDRESSED ON THE COURT RECORD. I MOTION FOR SANCTIONS AND FORFEITURE WHICH IS TO BE GRANTED BY THE TRUSTEE DUE TO THE FRAUD AND THE DISTRICT COURT BE NOT PERMITTED TO DISMISS THIS CASE UNTIL THE AMENDMENT OF THE DEFENDANTS OCCUR AND SERVICE ON ALL PARTIES ISSUE AND THEY BE REQUIRED TO RESPOND TO DEMONSTRATE THEY TIMELY SOUGHT TO DEFEAT THE AFFIDAVITS IN QUESTION WHICH I MOTION FOR AN EXTENSION OF TIME TO FILE ONCE THESE INITIAL ESSENTIAL PRE-TRIAL MATTERS ARE ADDRESSED. I WANT THIS CASE PLACED BEFORE A JURY WITH JUDGE AUSTIN PRESIDING OVER THAT JURY. I WANT THE REQUIRED EVIDENTIARY HEARING AND BOTH I AND CRAWFORD BE BROUGHT BEFORE

THIS COURT TO ESTABLISH THE JURISDICTIONAL FACTS. COURTS HAVE INHERENT EQUITY POWER TO SET ASIDE JUDGMENTS OR DECREES SUCH AS ENTRY # 23 CONSTITUTE, WHENEVER THEIR ENFORCEMENT WOULD BE MANIFESTLY UNCONSCIONABLE BECAUSE OF FRAUD UPON THE COURT. ENTRY # 23 IS VOID AND IS AS IF THERE WERE NO LAW DETERMINED AT ALL BEING UNCONSTITUTION. THE COURT CANNOT COMPLAIN ABOUT US INCORPORATING DOCUMENTS, MAKING REFERENCE TO THEM WITHOUT SUBMITTING THEM. THEN WHEN WE TRY TO SUBMIT THEM THE COURT THEN COMPLAINS AND ORDER THAT WE CAN'T SUBMIT THEM. WHAT KIND OF STUPID MESS YOU PEOPLE GOT GOING ON. THIS IS FRAUD, IS INCONSTITUTIONAL AND VOID YOUR JURISDICTION, <u>M.D.C. INNOVATIONS, LLC. v. NORTHERN,</u> --Fed. Appx'--, 2018 WL 1129607(4th.Cir.2018); <u>HAMER v. NEIGHBORHOOD HOUSING SERVICES OF CHICAGO,</u> 138 S.Ct. 13, 199 L.Ed.2d. 249(U.S.2017); <u>PHILLIPS v. BROCK & SCOTT PLLC,</u> 2017 WL 3226866 (D.C.Md.2017); <u>IN RE: DEY,</u> --B.R.--, 2015 WL 669788(10th.Cir.2015); <u>MONTGOMERY v. LOUISIANA,</u> 136 S.Ct. 718, 193 L.Ed.2d. 599, 84 U.S.L.W. 4063(U.S.2016); <u>24 SENATORAIAL DIST. REPUBLICAN CO-MITTEE v. ALCORN,</u> 820 F3d. 624(4th.Cir.2016); <u>WHITE v. MANIS,</u> 2014 WL 1513280(DSC.2014).

 

RESPECTFULLY,
YAHYA MUQUIT

*/s/ Yahya Muquit*

JULY 9, 2018