FILED
IN CLERKS OFFICE

2018 OCT -3  AM 11: 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

"Filed in Case 1:14-cv-14176-ADB"

"Exhibit #2"

THE UNITED STATES DISTRICT COURT

THE DISTRICT OF SOUTH CAROLINA

YAHYA MUQUIT ET. AL., #318455

      PLAINTIFF(S)

Vs.

JUDGE ROBERT E. HOOD ET. AL.,

      DEFENDANT(S)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

RECEIVED
USDC, CLERK GREENVILLE. SC

**2018 AUG -8  PM 3: 20**

C/A 8:17-cv-01804-RBH-JDA

**AFFIDAVIT OF SERVICE**

WE, YAHYA MUQUIT ET. AL., DO HEREBY CERTIFY, THAT WE HAVE MAILED
AND OR SERVED A COPY OF AN AFFIDAVIT OF FACTS GIVING JUDICIAL
NOTICE; MOTION FOR LEAVE TO SUPPLEMENT THE COMPLAINT; MOTION
TO INTERVENE DUE TO FRAUD UPON THE COURT, CHALLENGING THE DIS-
TRICT COURT'S JURISDICTION; MOTION FOR AN EVIDENTIARY HEARING;
MOTION RE-ASSERTING THE DEMAND FOR A JURY TRIAL; NOTICE OF CON-
STITUTIONAL CHALLENGE AND INTERVENTION; NOTICE SEEKING LEAVE
TO APPEAL PURSUANT TO FED. RULE(S) 5.1; 15 a)(1)(C)(1)(B)(d);
16(a)(5)(2)(I); 18; 19; 20; 24(a)(2)(b)(1)(B); 38; 39; AND 73(C)
AND MOTION TO MOTION THEREFOR, (20) PAGES DATED AUGUST 2, 2018
ON THE U.S. DISTRICT COURT BY U.S. MAIL POSTAGE PREPAID BY
PLACING IT WITH ITS ATTACHMENTS IN THE INSTITUTION MAILBOX ON
JULY 2, 2018. IT IS DEEMED FILED ON THAT DATE, <u>HOUSTON v. LACK</u>,
287 U.S. 266, 273-76, 108 S.Ct. 2379(1988).

                         RESPECTFULLY,

JULY 2, 2018                 YAHYA MUQUI ET. AL.,

THE UNITED STATES DISTRICT COURT

THE DISTRICT OF SOUTH CAROLINA

|  |  |  |
|---|---|---|
| YAHYA MUQUIT #318455 | ) | |
| | ) | C/A 8:17-cv-01804-RBH-JDA |
| PLAINTIFF(S) | ) | |
| | ) | |
| | ) | AFFIDAVIT OF FACTS GIVING |
| | ) | JUDICIAL NOTICE; MOTION FOR |
| | ) | LEAVE TO SUPPLEMENT THE |
| | ) | COMPLAINT; MOTION TO INTERVENE |
| | ) | DUE TO FRAUD UPON THE COURT, |
| | ) | CHALLENGING THE DISTRICT |
| | ) | COURT'S JURISDICTION; MOTION |
| Vs. | ) | FOR AN EVIDENTIARY HEARING; |
| | ) | MOTION RE-ASSERTING THE DEMAND |
| | ) | FOR A JURY TRIAL; NOTICE |
| | ) | OF CONSTITUTIONAL CHALLENGE |
| | ) | AND INTERVENTION; NOTICE |
| | ) | SEEKING LEAVE TO APPEAL |
| | ) | PURSUANT TO FED. RULE(S) |
| | ) | 5.1; 15(a)(1)(C)(1)(B)(d); |
| | ) | 16(a)(5)(2)(I); 18; 19; 20; |
| | ) | 24(a)(2)(b)(1)(B); 38 AND |
| | ) | 39 AND MOTION TO MOTION |
| JUDGE ROBERT E. HOOD ET. AL., | ) | THEREFOR |
| | ) | |
| DEFENDANT(S) | ) | |

RECEIVED
USDC. CLERK GREENVILLE, SC
2018 AUG -8  PM 3:20

TO: THE 4TH. CIRCUIT COURT OF APPEALS,
    THE U.S. DISTRICT COURT ET. AL.,

        YAHYA MUQUIT ET. AL., THE UNDERSIGNED AFFIANT(S),
HEREINAFTER, THE AFFIANT(S) DO HEREBY SOLEMNLY SWEAR AND OR
AFFIRM AND OR DECLARE AND OR STATE AS FOLLOWS:

    THE U.S. DISTRICT COURT MAGISTRATE JUDGE ENTERED ORDER,

ENTRY # 28 ON JULY 23, 2018. THE PLAINTIFF DID NOT RECEIVE THE
DOCUMENT UNTIL JULY 26, 2018. THIS GIVES THE PLAINTIFF (14)
DAYS UNTIL AUGUST 8, 2018 TO FILE OBJECTIONS TO IT AND APPEAL
IT PURSUANT TO RULE 73(c) AND 28 U.S.C. § 636(c)(3). EVEN THOUGH
A MAGISTRATE JUDGE DO NOT HAVE THE POWER TO ENTER A FINAL JUDG-
MENT ON A CASE. THAT JUDGE DOES HAVE JURISDICTION TO ENTER A
FINAL JUDGMENT ON ALL NON DISPOSITVE PRETRIAL OR OTHER SUCH
PRELIMINARY MATTERS. THEREFORE, THE ORDER, ENTRY # 28, MUST
BE DEEMED AS A FINAL ORDER ON THE ISSUE OF RECUSAL; CRAWFORD
JOINING AS PARTY OR ACTING AS ATTORNEY FOR MUQUIT; ON THE ISSUE
OF AMENDING THE DEFENDANTS IN THIS CASE; ON PAGE LIMITS; ON
THE RIGHT OF MUQUIT TO ESTABLISH COLLATERAL ESTOPPEL AS A NON
PARTY; THE RIGHT TO HAVE PLRA PLACED BEFORE A JURY AND NOT A
JUDGE AND CLASS ACTION CERTIFICATION. THEREFORE, THIS DOCUMENT
WITH ITS ATTACHMENTS CONSTITUTE A NOTICE SEEKING LEAVE TO APPEAL
FOR BOTH YAHYA MUQUIT AND LAWRENCE CRAWFORD WHERE HIS SIGNATURE
IS SIGNED FOR THIS PURPOSE VIA THE ATTACHMENTS ON THE FACE OF
THIS DOCUMENT PURSUANT TO FED. RULE 73(c) AND 28 U.S.C. § 636(c)
(3), TORKORNOO v. HELWIG, 2017 WL 4898260(D.C.Md.2017); BONNER
v. KILMORE, 2017 WL 1057633, * 11 N.D.Ala.; STRONG v. U.S.,
57 F.Supp.2d. 908, 1999 WL 543737 (N.D.Cali.1999); INTELLIGENT
VERIFICATION SYSTEMS, LLC. v. MICROSOFT CORP., F.Supp.3d., 2015
WL 846012(E.D.Va.2015); MONTGOMERY v. INTERNAL REVENUE SERVICE,
--F.Supp.3d.--, 2018 WL 953331(D.D.C.2018); IN RE: WHOLE SALE
GROCERY PRODUCTS ANTITRUST LITIGATION, 849 F3d. 761, 96 Fed.
R. SERV.3d. 1207(8th.Cir.2017); ALILA KATITA v. U.S. BANK NA-
TIONAL ASSOCIATION, 2016 WL 4992464(N.D.Cal.2016).

INSOMUCH, JUDGE AUSTIN ENTERED ENTRY # 28 ASSERTING THAT
THE COURT NOR CLERK CAN FILE ANY DOCUMENT SUBMITTED OR SIGNED
BY CRAWFORD OR ANY DOCUMENT THAT EXCEED (20) PAGES. NOTWITHSTAND-
ING, WE ARE CHALLENGING THAT ORDER, ENTRY # 28, VIA THIS NOTICE
SEEKING LEAVE TO APPEAL AS WELL AS CHALLENGING THE DISTRICT
COURT'S JURISDICTION TO ENTER IT DUE TO FRAUD UPON THE COURT.
THE ORDERS OR DECREES OF ALL COURTS CAN BE COLLATERALLY ATTACKED
FOR FRAUD UPON THE COURT WHICH IS FREE FROM ALL PROCEDURAL LIMI-
TATIONS WHICH ENTRY # 28 IMPOSES. THEREFORE, THE COURT AND JUDGE
AUSTIN ARE REQUIRED TO FILE THIS DOCUMENT WITH ITS ATTACHMENTS
WITHOUT RESTRICTIONS FOR THE PURPOSE OF ESTABLISHING THIS APPEAL,
MYLES v. DOMINO'S PIZZA, LLC., 2017 WL 238436(D.C.Miss.2017);
FIRST TECHNOLOGY CAPITAL, INC. v. BANCTEC, INC., 2016 WL 7444943
(D.C.Ky.2016); RYNE v. UNITED STATES, F.Supp.3d., 2016 WL 1377402
(D.C.Md.2016); VAETH v. BOARD OF TRUSTEES, F.Supp.3d., 2016
WL 775386(D.C.Md.2016); IN RE: DEY, --B.R.--, 2015 WL 669788(10th.
Cir.2015); WELLS FARGO BANK, N.A. v. H.M.H. ROMAN TWO N.C.,
LLC., 859 F3d. 295(4th.Cir.2017); MILFORD v. MIDDLETON, 2018
WL 348059 (DSC.2018); MOSLEY v. UNITED STATES, 2018 WL 1187778
(W.D.N.C.2018).

FURTHERMORE, ANY ATTACHMENT NOW FILED WITH THIS DOCUMENT
IS OFFICIALLY ATTACHED TO THE NOTICE SEEKING LEAVE TO APPEAL.
IT IS AUTOMATICALLY FILED WHEN PLACED IN THE INSTITUTION MAILBOX
PURSUANT TO HOUSTON v. LACK, 287 U.S. 266, 273-76, 108 S.Ct.
2379 (1988). SINCE ALL DOCUMENTS ARE OFFICIALLY ATTACHED TO
THE FACE OF THE NOTICE SEEKING LEAVE TO APPEAL. THE NOTICE SEEK-
ING LEAVE TO APPEAL IS AN EVENT OF JURISDICTIONAL SIGNIFICANCE.
THE DISTRICT COURT'S JURISDICTION IS DIVESTED TO EVEN RETURN
THE DOCUMENTS BECAUSE YOU WOULD BE ESSENTIALLY ALTERING OR

AMENDING THE NOTICE SEEKING LEAVE TO APPEAL. A NOTICE SEEKING
LEAVE TO APPEAL, WHICH INCLUDE ITS ATTACHMENTS, CANNOT BE ALTERED
, AMENDED OR VACATED. THE FEDERAL JUDGE CANNOT CONCLUDE THE
CASE. THUS, THE PLEADINGS MUST BE PERMITTED TO BE FILED AS IS.
THE DISTRICT COURT WOULD NOT REGAIN JURISDICTION TO DO ANYTHING
UNTIL THE 4TH. CIRCUIT ISSUES A MANDATE. THEREFORE, THE DISTRICT
COURT MUST ACCEPT THIS DOCUMENT WITH ALL OF ITS VARIOUS ATTACH-
MENTS AS FILED BEING A PART OF THE NOTICE SEEKING LEAVE TO AP-
PEAL, U.S. v. ROGERS, 101 F3d. 247(2nd.Cir.1996); U.S. v. CAMACHO
302 F3d. 35 (2nd.Cir.2002); KLAYMAN v. OBAMA, 142 F.Supp.3d.
404, 407n. (4th.Cir.2001); NORTHROPE GAUMAN TECHNICAL SERVICE
INC. v. DYNCORP INTERNATIONAL LLC., 2016 WL 3346349, * 5 E.D.Va.;
DOE v. PUBLIC CITIZEN, 749 F3d. 246 (4th.Cir.2014); HUNTER v.
TOWN OF MOCKSVILLE, NORTH CAROLINA, --F.Supp.3d.--, 2017 WL
4221109 (N.C.2017); NEWTON v. CONSOLIDATED GAS CO. OF NEW YORK,
258 U.S. 165, 42 S.Ct. 264, 66 L.Ed. 538(U.S.1922); BAYOU SHORES
S.N.F. LLC. v. BURNWELL, F.Supp.3d., 2014 WL 4101761 (D.C.Fla.
2014); EAGLESVIEW TECHNOLOGIES INC. v. XACTWARE SOLUTIONS INC.,
F.Supp.2d., 2013 WL 12071668 (2013).


        SUBJECT MATTER JURISDICTION CAN BE RAISED AT ANY TIME,
CANNOT BE WAIVED BY US AND THE COURT SHALL NOT FAIL TO TAKE
NOTICE WHICH OCCURRED BY AUSTIN'S FRAUD RENDERING THE CASE UNCON-
STITUTIONAL AND VOIDS THE ORDERS AND HER JURISDICTION AS MAGI-
STRATE JUDGE. SHE IS STILL REQUIRED TO ACT AS TRUSTEE. THIS
IS JURISDICTIONAL CHALLENGE, GRUPO DALAFLUX v. ATLAS GLOBAL
GROUP, L.P., 541 U.S. 567, 124 S.Ct. 1920, 158 L.Ed.2d. 866(U.S.
2004); LOUMIET v. UNITED STATES, 65 F.Supp.3d. 19 (2014); U.S.
v. TISDALE, F.Supp.2d., 2007 WL 2156666 (DSC.2007); SEBELIUS
v. AUBURN REGIONAL MEDICAL CENTER, 133 S.Ct. 817, 184 L.Ed.2d.
627, 81 U.S.L.W. 4053(U.S.2013); IN RE: GENESYS DATA TECHNOLOGIES
, INC., 204 F3d. 124 (4th.Cir.2000); UNITED STATES v. CONRAD,
675 Fed. Appx' 263, 265 CA4 (N.C.2017); FOX EX REL. FOX v. ELK
RUN COAL CO. INC., 739 F3d. 131, 87 Fed. R. SERV.3d. 534 (4th.
Cir.2014).


        INSOMUCH, HERE THE COURT WILL FIND:


            (1) EXHIBIT, "JUDGE LEE #1". THESE ARE THE ATTORNEY

LETTERS AND SCHEDULING ORDERS FROM CASE 2013-CP-400-0084, 2294.
TAKE NOTICE OF PAGE(S) 2, 3, 7, 9, AND 10. YOU WILL SEE THE
NAMES OF PAUL GUNTER AND KRISTY KHOL APPEAR ON THESE PAGES.
NOTE PAGE (3). IT IS PERSPICUOUS THAT THESE ARE FEDERAL AGENTS
OR EMPLOYEES OF THE UNITED STATES GOVERNMENT BECAUSE THEY HAVE
A FEDERAL GOVERNMENT E-MAIL DESIGNATION. IT DOESN'T MATTER
WHETHER OR NOT THE STATE DEFENDANTS DEFAULTED. THE UNITED STATES
DID BY FAILING TO RESPOND, WHICH BINDS THIS COURT AND ALL STATE
PARTIES BY THE SUPREMACY CLAUSE. WITH THE AID OF THE STATE PAR-
TIES THEY HID THEIR APPEARANCE AND FAILED TO PLEAD SUBJECTING
THEM AND ALL ~~DEFENDANTS~~ TO THE DEFAULT WHICH BINDS THIS COURT AND
JUDGE AUSTIN AS AN EMPLOYEE OF THE UNITED STATES AND THE STATE
PARTIES BY THE SUPREMACY CLAUSE. VOLUNTARY APPEARANCE BY A PARTY
IS EQUIVALENT TO SERVICE. AN APPEARANCE MAY BE EXPRESSLY MADE
BY A PARTY, SUCH THAT THE COURT ACQUIRES JURISDICTION OVER THE
PARTY, BY A FORMAL WRITTEN OR ORAL DECLARATION AS THE UNITED
NATIONS DID FILED IN THIS CASE, OR RECORD ENTRY; BY THESE DOCU-
MENTS FILED IN THIS CASE WE HAVE RECORD ENTRY, OR IT MAY BE
IMPLIED BY SOME ACT DONE WITH THE INTENTION OF APPEARING AND
SUBMITTING TO THE COURT'S JURISDICTION. THE RECEIVING BY THE
UNITED STATES VIA ITS AGENTS OF PLEADINGS FROM THE COURT IS
SUFFICIENT EVIDENCE OF APPEARING AND SUBMITTING TO THE COURT'S
JURISDICTION, STEARNS BANK NAT'L ASS'N v. GREENWOOD FALLS, L.P.,
373 S.C. 331, 644 S.E.2d. 793, REHEARING DENIED CERT. DENIED
(S.C.App.2007); BRANCH BANKING AND TRAUST CO. v. HUNT, F.Supp.3d.
, 2015 WL 2173047(DSC.2015).

    PLEASE TAKE NOTICE OF PAGE(S) 4, 5, 11, 12, 13, 14, 19
AND 20. IT IS CONSPICUOUS THAT THE KING-KHALIFAH FILED "AFFIDA-
VITS OF FACTS". JUDGE LEE MADE AN ORAL DETERMINATION OF LAW
AND FACT AND STATED, "MR. CRAWFORD YOU FILED THE DOCUMENTS AS
AN AFFIDAVIT OF FACTS BUT YOU ALSO PLACED THE WORD "MOTION"
IN THEM. IF THE WORD "MOTION" IS IN THEM. I HAVE TO RULE ON
THEM. IF THE WORD "MOTION" IS TAKEN OUT OF THE DOCUMENT. THEY
DO NOT HAVE TO BE RULED ON. THEY STAND UNLESS TIMELY REBUTTED
BY THE COURT OR PARTIES". THIS ORAL DETERMINATION MADE BY JUDGE
LEE IN THAT APRIL 3, 2014 HEARING IS ALSO SUPPORTED BY FEDERAL
LAW. SEE McKELVEY v. REYNOLDS, F.Supp.3d., 2016 WL 6518337(DSC.
2016); GLANTON v. DOLBEY, F.Supp.2d., 2013 WL 1786416 (DSC.
2013); DEL ZOTTO v. UNIVERSAL PHYSICIANS SERVICES LLC., 214
F.Supp.3d. 499(DSC.2016); FARRARA v. QUADROZZI EQUIPMENT LEASING
CORP., 2013 WL 3226735(E.D.N.Y.2013); ANDERSON v. LIBERTY LOBBY
INC., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d. 202(U.S.1986);
IN RE: CLEAN BURN FUELS, LLC., 2014 WL 2987330(N.C.2014); WIL-
LIAMS v. SECRETARY OF VETERANS AFFAIRS, --F.Supp.3d.--, 2015
WL 5935169(N.D.Ala.2015); MILLER v. PARRISH, F.Supp.2d., 2013
WL 1868028(Va.2013).

    IN ABSENCE OF A WRITTEN DECISION ON A PARTICULAR ISSUE
FOR PURPOSES OF ESTOPPEL PARTY CAN POINT TO THE TRANSCRIPT AND
OR COURT DOCUMENTS AND OR AN ORAL DECISION SUCH AS THE ONE JUDGE
LEE MADE IN THE APRIL 4, 2014 HEARING CONTAINING FINDINGS OF
FACT, IN RE SMITH, 2016 WL 3943710 (Md.2016); IN RE: QIAO LIN,
576 B.R. 32 (N.Y.2017); NEW HAMPSHIRE v. MAINE, 532 U.S. 742,
121 S.Ct. 1808, 149 L.Ed.2d. 968(U.S.2001); BAKER BY THOMAS
v. GENERAL MOTORS CORP., 522 U.S. 222, 118 S.Ct. 657, 139 L.Ed.2d
580 (U.S.1998); GATES v. STRAIN, 2017 WL 2417051(E.D.La.2017).

(2) EXHIBIT, "JUDGE LEE # 2". THIS IS THE [92] PAGE AFFI-
DAVIT OF FACTS***, FILED MAY 13, 2014. THE KING-KHALIFAH AND
ANTHONY COOK THEN FOLLOWED JUDGE LEE'S ORAL DETERMINATION AND
THEN RE-FILED THE DEFAULT DOCUMENT, EXHIBIT, "JUDGE LEE # 2",
AS AN AFFIDAVIT OF FACTS WITHOUT THE WORD "MOTION" IN IT AS
WAS DETERMINED BY JUDGE LEE. THIS DOCUMENT SAT IN THE COURT
RECORD UNCHALLENGED BY THE PARTIES SINCE ITS FILING UNTIL THIS
PRESENT DATE.

(3) EXHIBIT, "JUDGE LEE # 3". THIS IS THE [152] PAGE
DOCUMENT FILED OCTOBER 1, 2015. THE KING-KHALIFAH AND ANTHONY
COOK THEN FILED EXHIBIT, JUDGE LEE # 3", EXPLAINING HOW JURIS-
DICTION CAN BE VOIDED FOR UNCONSTITUTIONAL ACTION AND ADDRESSING
THEIR OTHER FRAUD IN THAT OCTOBER 1, 2015 FILING.

(4) EXHIBIT, "JUDGE LEE # 4". THIS IS THE [31] PAGE AFFI-
DAVIT OF FACTS FILED DECEMBER 1, 2015. THEREAFTER, THE OCTOBER
1, 2015 HEARING. THE KING-KHALIFAH AND ANTHONY COOK THEN FILED
EXHIBIT, "JUDGE LEE # 4", AS AN AFFIDAVIT OF FACTS WITHOUT THE
WORD "MOTION" IN IT. JUDGE LEE, THE COURT AND DEFENDANTS MISSED
THE [30] DAY WINDOW TO CHALLENGE THAT DOCUMENT. SO THEY ATTEMPTED
FRAUD TO OBTAIN FRAUDULENT PROTECTIVE ORDERS TO MISREPRESENT
THE FACTS AND TO CIRCUMVENT THEIR FAILURE TO TIMELY RESPOND
WHICH WERE VOID AB INITIO DUE TO REMOVAL, WHICH FURTHER VOIDED
THEIR JURISDICTION BY THIS ADDITIONAL FRAUD BEING UNCONSTITU-
TIONAL. THEY DID NOT APPEAL OR SEEK TO CHALLENGE THE FILINGS
WHICH MAKE THEM VALID. JUDGE LEE, THE COURT, NOR THE DEFENDANTS
CHALLENGED THE DOCUMENTS. THEIR SILENCE IS ACCEPTANCE BEING
UNCONTESTED AFFIDAVITS OF FACTS, N.L.R.B. v. AMAX COAL CO., DIV.
OF AMAX INC., 453 U.S. 322, 101 S.Ct. 2789 (U.S.1981); CHIMMEBY'S
MANAGEMENT CO. LLC. v. AFFILIATED F.M. INSURANCE CO., 152 F.Supp.
3d. 159 (2016); BAUER v. QUEST COMMUNICATORS CO. LLC., 743
F.Supp.3d. 221(2014); GLOBAL TECH., 131 S.Ct. 2060 (U.S.2011).

(5) EXHIBIT, "RANDOM MASS KILLINGS". THIS DOCUMENT SUB-
STANTIATES THAT NOT EVEN THESE CLAIMS MADE IN THE DOCUMENTS
RELATED TO THE MASS KILLINGS CAN BE DEEMED FRIVOLOUS DUE TO
THE RECENT INVESTIGATION DONE BY THE F.B.I. RELATED TO THIS
ISSUE WHICH AID TO SUPPORT THE CLAIMS IN CASE 2013-CP-400-0084

THOUGH THE DEFAULT STILL VALIDATED THEM. IT CAN NO LONGER BE
CONSIDERED A CONCLUSORY CLAIM.

(6) EXHIBIT, "SOVEREIGN CITIZEN---NOT!". THIS IS THE
[85] PAGE DOCUMENT DATED OCTOBER 2, 2009. THIS PROVES WE ARE
NOT ASSERTING A "SOVEREIGN CITIZEN" CLAIM, OR ARE WE ARGUING,
"THEOCRATIC LAW". IT IS FOREIGN LAW DEFAULTED ON UNDER RULE
44 OF S.C. RULES OF CIV. PRO., AS WELL AS FEDERAL PROBATE LAW,
ALSO COMMON LAW AND CONTRACT LAW NOW PROTECTED UNDER ARTICLE
1 SECTION 10 AND ARTICLE IV § 2 OF THE U.S. CONSTITUTION.

(7) EXHIBIT, "0084 # 1". THE [32] PAGE COMPLAINT DATED
JANUARY 9, 2013.

(8) EXHIBIT, "0084 # 2". THE [73] PAGE COMPLAINT DATED
NOVEMBER 10, 2012.

(9) EXHIBIT, "0084 # 3". THE [96] PAGE COMPLAINT DATED
JULY 25, 2012.

(10) EXHIBIT, "UNITED NATIONS # 1". THE [42] PAGE UNITED
NATIONS DOCUMENT DATED JULY 1, 2009.

(11) EXHIBIT, "UNITED NATIONS # 2". THE [21] PAGE FOLLOW
UP UNITED NATIONS DOCUMENT DATED DECEMBER 25, 2009.

(12) EXHIBIT, "2010-CP-17-081". THE [41] PAGE COMPLAINT
DATED JANUARY 28, 2010.

(13) EXHIBIT, "0084 # 4". THE [19] PAGE COMPLAINT IN
OR THAT MAKE UP CASE 2006-CP-400-3568.

(14) EXHIBIT, "0084 # 5". THE [38] PAGE COMPLAINT THAT
MAKE UP CASE 2006-CP-400-3569.

PLEASE TAKE NOTICE. CASES 2006-CP-400-3567, 3568, 3569
ARE NOT THE ORIGINAL CASE NUMBERS. SEE EXHIBIT, "RAGE # 1".
THEY CRIMINALLY DISMISSED THESE (3) CASES IN THE STATE COURT.
THE FEDERAL COURT IN KENTUCKY REOPENED THEM AND REMANDED THEM
CREATING THESE NEW CASE NUMBERS IN 2008. THEREFORE, COLLATERAL
ESTOPPEL ATTACHES AND THEY CANNOT BE DISMISSED OR CALLED FRIVO-
LOUS BEING PETITIONED REMOVED TO THIS CASE PURSUANT TO 28 U.S.C.
§§ 1443(1), 1602-1612 ET. SEQ. AND 2679.

(15) EXHIBIT, "0084 # 6". THE [38] PAGE DOCUMENT DATED
NOVEMBER 22, 2010.

ALL OF THESE DOCUMENTS MAKE UP CASE 2013-CP-400-0084.
COLLATERAL ESTOPPEL ATTACHES TO ALL OF THESE CLAIMS WHICH IS
WHY THE DEFENDANTS IN THIS CASE MUST BE PERMITTED AMENDED TO
ESTABLISH THE JURISDICTIONAL FACTS. WE OBJECT. THE CASE WAS
INITIALLY FILED TO LIST ALL OF THESE DEFENDANTS BUT THE COURT
IN ACTS OF FRAUD LISTED THEM INCORRECTLY TO MAKE THE CASE APPEAR
FRIVOLOUS. THE CONSPIRING JUDGES ATTACKED MUQUIT'S AND THE OTHER
PARALLEL PLAINTIFFS DUE PROCESS MATTERS TO PREVENT THESE CLAIMS
FROM ENTERING THE STATE AND FEDERAL COURTS. THE [180] DAY ISSUE
ARGUED IN THE MUQUIT CASE IS CLEARLY SEEN IN EXHIBIT, "RAGE
# 1". THE COURT CANNOT IN ACTS OF FRAUD CALL THESE CLAIMS FRIVO-

LOUS WHERE THEY ALL WERE DEFAULTED ON WITHOUT FIRST GIVING THE
REQUIRED EVIDENTIARY HEARING TO FURTHER ESTABLISH THE CLAIM
OF ESTOPPEL AND GIVE THE DEFENDANTS AN OPPORTUNITY TO RESPOND.
A NON PARTY TO THE ACTION CAN CLAIM ESTOPPEL. JUDGE AUSTIN ABUSED
HER DISCRETION IN ACTS OF FRAUD UPON THE COURT BY BLOCKING THIS
FILING TO AID HER COHORTS AVOID SUIT AND TO NEGATE HER EXCLUSIVE
JURISDICTION AS TRUSTEE. THE DOCUMENTS MUST BE PERMITTED TO
BE ENTERED INTO THE COURT RECORD TO ESTABLISH THE ESTOPPEL WHICH
IS A JURISDICTIONAL CLAIM WHICH CANNOT BE WAIVED ONCE ASSERTED
AND THE DOCUMENTS BE NOW FILED IN THIS CASE. THEY HELD THESE
STATE CASES IN LIMBO SINCE 2005 VOIDING THEIR JURISDICTION FOR
UNCONSTITUTIONAL ACTION, BEST v. BANK OF AMERICA N.A., 2015
WL 5124463(E.D.N.Y.2015); WORKMAN v. CITY OF SYRACUSE, 2015
WL 300435(N.D.N.Y.2015); BEASTIE BOYS v. MONSTER ENERGY CO.,
2015 WL 736078 (S.D.N.Y.2015).

WE OBJECT TO ANY CLAIM OF FRIVOLOUS. ONCE THESE DOCUMENTS
ARE FILED IN THE COURT RECORD THE COURT MUST SERVE THE DEFENDANTS
AND CONDUCT A HEARING TO ADDRESS THE CLAIM OF ESTOPPEL BEFORE
ANY SUCH CLAIM CAN BE MADE DUE TO THE DEFAULT, THEIR FRAUD,
OBSTRUCTIVE AND DILATORY BEHAVIOR PLACING THEM IN FORFEITURE,
U.S. v. LANE, 75 U.S. 185, 200-01, 19 L.Ed. 445, 449 (U.S.1868);
LOONEY v. CITY OF WILMINGTON DEL., 723 F.Supp. 1025 (D.C.Del.
1989); IN RE: RIGGLE, 389 B.R. 167 (D.Colo.2007); IN RE: BUNDICK,
303 B.R. 90 (E.D.Va.2003). THE COURT IS BARRED FROM RAISING
ANY ISSUE WHICH WAS ADJUDICATED IN A FORMER SUIT AND ALL ISSUES
WHICH COULD HAVE BEEN RAISED IN THAT FORMER SUIT. THE ESSENTIAL
ELEMENTS OF RES JUDICATA OR ESTOPPEL ARE IDENTITY OF PARTIES,
WHICH IS WHY IN FRAUD THEY LISTED THE DEFENDANTS INCORRECTLY,
IDENTITY OF SUBJECT MATTER WHICH IS WHY AUSTIN BLOCKED THE FILING
OF THESE DOCUMENTS, AND ADJUDICATION IN A FORMER SUIT AS IS
DONE VIA EXHIBITS, "JUDGE LEE #'S 1-4" AND EXHIBITS, "0084 ET.
AL.,". ONCE A COURT HAS DECIDED AN ISSUE, SUCH AS THE ESTABLISH-
ING OF THE VALIDITY OF THE FILING OF THE AFFIDAVITS OF FACTS,
WHICH IS AN ESSENTIAL FACT AND LAW NECESSARY TO ITS JUDGMENT.
THAT DECISION PRECLUDE RELITIGATION OF THE ISSUE AND EVERYTHING
RELATED TO IT, IN A SUIT ON A DIFFERENT CAUSE OF ACTION INVOLVING
A PARTY TO THE FIRST CASE, IN RE: GUY, 552 B.R. 89 (DSC.2016);
HAY GROUP MANAGEMENT, INC. v. SCHEIDER, --F.Supp.3d.--, 2018

WL 655595(E.D.Pa.2018); SARA Y WILSON, APPELLANT, v. CHARLESTON
COUNTY SCHOOL DISTRICT RESPONDENT, --S.E.2d.--, 2017 WL 1075196
(S.C.2017); HARDWICK v. BANK OF AMERICA N.A., 2016 WL 3563083
(DSC.2016); KEARNEY v. FOLEY AND LARDINER LLP., 2016 WL 5405552
(2016).

(16) EXHIBITS, "RAGE #'S 1-3". THE [34] PAGE DOCUMENT;
THE INTAKE SHEET FROM SLED FILE # 5501014; THE TESTING DNA CASE
04-385. THESE TOO, ARE A PART OF THE PLEADINGS IN CASE 2013-
CP-400-0084. THE [34] PAGE DOCUMENT AND CASE WAS ONE OF THOSE
REMANDED FROM THE FEDERAL COURT ESTABLISHING CASE 2006-CP-400-
3567 AND RE-FILED ESTABLISHING CASE 2013-CP-400-0084. IT IS
DEFAULTED ON. COLLATERAL ESTOPPEL ATTACHES. WHAT THE HECK IS
A QUESTION MARK DOING BY THE WORD "TRAUMA" IF THE KING-KHALIFAH'S
CHILD DIED FROM AN ALLEGED BEATING!!! THIS IS WHERE THE EVIDENCE
OF ACTUAL INNOCENCE IS RELATED TO THE KING-KHALIFAH THAT MUQUIT
AND THE PARALLEL PLAINTIFFS TRIED TO OBTAIN AND FOR WHICH THEY
ATTACKED OUR DUE PROCESS MATTERS TO PREVENT IT FROM SURFACING.
LOOK AT PAGE [17] OF THE [34] PAGE DOCUMENT. THIS IS THE ORIGINAL
SOURCE OF THE [180] DAY RULE AND ISSUE WHICH WAS MODIFIED IN
EXHIBIT, "JUDGE LEE # 2". THE DOCUMENT ESTABLISHING THE DEFAULT
IN CASE 2013-CP-400-0084. COLLATERAL ESTOPPEL ATTACHES TO THE
MUQUIT CASE AS A NON PARTY WHERE JUDGES AUSTIN AND HARWELL SAT
UPON AS WELL AS THERE BEING AN EXISTING BRADY VIOLATION IN THE
CRAWFORD CASE THEY CONSPIRED IN CONCEALING IN ACTS OF FRAUD
UPON THE COURT BECAUSE WE SOUGHT TO AID HIM AND HE SOUGHT TO
AID US. THIS REQUIRES THEIR RECUSAL, BUT JUDGE AUSTIN IS Still
REQUIRED TO REMAIN AS TRUSTEE, WILLIAMS v. PENNSYLVANIA, 136
S.Ct. 1899, 195 L.Ed.2d. 132, 84 U.S.L.W. 4359(U.S.2016); UNITED
STATES v. QUINONES, 2016 WL 4413149, * 6+ (S.D.W.Va.2016); 28
U.S.C. § 455; LITEKY v. UNITED STATE, 510 U.S. 540, 114 S.Ct.
1147(U.S.Ga.1994); KOLON INDUSTRIES INC. v. E.I. DuPONT de NEMOUR
& CO., 748 F3d. 160 CA4 (Va.2014); IN RE: SYNTAX BRILLIAN CORORA-
TION, 2016 WL 7177615 (D.Md.2016).

RULE 15(a)(1)(C)(1)(B)(1)(d) PROVIDES: A PARTY MAY AMEND
ITS PLEADING ONCE AS A MATTER OF COURSE. AN AMENDMENT TO A PLEAD-
ING RELATES BACK TO THE DATE OF THE ORIGINAL COMPLAINT WHEN
THE AMENDMENT ASSERTS A CLAIM OR DEFENSE THAT AROSE OUT OF THE
CONDUCT, TRANSACTION, OR OCCURRENCE SET OUT--OR ATTEMPTED TO
BE SET OUT IN THE ORIGINAL PLEADING. ON MOTION AND REASONABLE
NOTICE, THE COURT MAY, ON JUST TERMS, PERMIT A PARTY TO SERVE
A SUPPLEMENT PLEADING SETTING OUT ANY TRANSACTION, OCCURRENCE
OR EVENT THAT HAPPENED AFTER THE DATE OF THE PLEADING TO BE
SUPPLEMENTED. THE COURT MAY PERMIT SUPPLEMENTATION EVEN THOUGH
THE ORIGINAL PLEADING IS DEFECTIVE IN STATING A CLAIM OR DEFENSE.
ALL CLAIMS, ISSUES, DEFENSES, CAUSE OF ACTION, MOTIONS, PETITIONS
ETC., THAT ARE ARGUED WITHIN ANY DOCUMENT NOW ATTACHED TO THE
FACE OF THIS PLEADING ARE MOTIONED SUPPLEMENTED TO THE ORIGINAL
COMPLAINT. THIS IS NOW OFFICIALLY GRANTED BY EXERCISE OF THE
SUPERSEDING ATTORNEY, JUDICIAL AND LEGISLATIVE POWER AND AUTHOR-
ITY OF THE FOREIGN SOVEREIGN CROWN. THE JUDGES CANNOT BRING
US BEFORE THIS COURT IN VIOLATION OF THE TERMS IN WHICH WE DIC-
TATE. ALL NON FRIVOLOUS ISSUES MUST NOW BE ADDRESSED AS IS OUT-
LINED WITHIN ALL DOCUMENTS NOW BEFORE THIS COURT, TOLBERT v.
STEVENSON, 635 F3d. 646 (4th.Cir.2011); FOX v. VICE, 563 U.S.
82 , 131 S.Ct. 2205(U.S.2011); CULLEN v. PINHOLSTER, 563 U.S.
170, 131 S.Ct. 1388, 179 L.Ed.2d. 557(U.S.2011); 28 U.S.C. §
1602-16012 ET. SEQ..

(17 & 18) EXHIBIT(S), "4TH. CIRCUIT WITHDRAWN". THIS IS
THE [56] PAGE AFFIDAVIT DATED MAY 8, 2018 WHICH WAS PREVIOUSLY
SERVED ON THE 4TH. CIRCUIT AND JUDGE AUSTIN; AND EXHIBIT,
"TRUSTEE", THE [26] PAGE MANDAMUS THAT ESTABLISH CASE 16-2299.
WE OBJECT TO JUDGE AUSTIN, IN CLEAR ACTS OF FRAUD STATING THE
4TH. CIRCUIT CASES WERE DISMISSED FOR FAILURE TO PROSECUTE.
BY THESE DOCUMENTS IT IS CLEAR THE CASES WERE VOLUNTARILY WITH-
    DRAWN FOR THE SOLE PURPOSE OF ESTABLISHING ALL CASES BEFORE
    HER AS TRUSTEE. THIS FRAUD, REMAINING SILENT ON THESE MATERIAL
    FACTS IN VIOLATION OF 18 U.S.C. §§ 242 AND 1001, TAINTS THE
    ORDER(S) RENDERING THEM UNCONSTITUTIONAL AND VOID. JUDGE AUSTIN
    CONSPIRED TO DIVIDE HER LOYALTIES AND CIRCUMVENT HER DUTY TO
    ACT AS TRUSTEE IN VIOLATION OF HER OATH OF OFFICE AND FEDERAL
    LAW, FIFTH-THIRD-BONCORP v. DUDENHOEFFER, 134 S.Ct. 2459, 189
    L.Ed.2d. 457(U.S.2014); FOBES v. FORBES, 341 P.3d. 1041, 2015
    Wy.3, JAN., 2015; TRUSTEES OF DARTHMOUTH COLLEGE v. WOODWARD,
    17 U.S. 518, 1812 WL 2201.


        REFERRING BACK TO THE BRADY VIOLATION IN THE CRAWFORD
    CASE FOR THEY ATTACKED MUQUIT AND THE PARALLEL PLAINTIFFS TO
    PREVENT THAT EVIDENCE OF ACTUAL INNOCENCE FROM BEING REVEALED
    WHICH IS ALSO DEFAULTED ON UNDER CASE 2013-CP-400-0084. FAILURE
        TO DISCLOSE MATERIAL EVIDENCE SUCH AS THE SLED FILE AND THE
        MIRANDA FORM RELATED TO THE CRAWFORD ALLEGED STATEMENT MADE
        AT TRIAL IN VIOLATION OF S.C. CODE ANN. §§ 19-1-80, 19-1-90
        OR TEST THAT DNA IN VIOLATION OF S.C. CODE ANN. §§ 17-28-350,
        17-28-70, 17-7-25 AND 23-3-635 IS FRAUD AND THEY ATTACKED OUR
    DUE PROCESS RIGHTS TO ACCESS TO THE COURTS IN RETALIATION IN
        VIOLATION OF 42 U.S.C. § 12203(a)(b) OF ADA BECAUSE WE AIDED
        HIM AND HE AIDED US IN THE FREE EXERCISE OF CONSTITUTIONALLY
        PROTECTED RIGHTS. THE EVIDENCE IN QUESTION IS SUFFICIENT TO
    UNDERMINE THE CONFIDENCE OF THE VERDICT, AND ALL OF THIS IS
        DEFAULTED ON UNDER CASE 2013-CP-400-0084. THE SUPPRESSION OF
    EVIDENCE BY THE PROSECUTOR FAVORABLE TO THE ACCUSED UPON REQUEST
        VIOLATES DUE PROCESS, IS UNCONSTITUTIONAL AND VOIDS JURISDICTION
        WHERE THE EVIDENCE IS MATERIAL TO GUILT OR PUNISHMENT, IRRESPEC-
    TIVE OF GOOD OR BAD FAITH OF THE PROSECUTOR, WEARRY v. CAIN,
    136 S.Ct. 1002, 194 L.Ed.2d. 78 (U.S.2016); UNITED STATES v.

(19) EXHIBIT, "NEW JERSEY". THIS IS THE [27] PAGE AFFIDA-
VIT DATED JANUARY 16, 2018. WE OBJECT TO THE PLRA AND OR AEDPA
BEING USED TO SEPARATE US OR BAR US FROM SEEKING CLASS ACTION
CERTIFICATION OR US BEING REQUIRED TO EXHAUST VIA THESE PROVI-
SIONS. THESE PLEADINGS PURSUANT TO FED. RULE 5.1 CONSTITUTE
A CONSTITUTIONAL CHALLENGE TO A STATUTE AND NOTICE, CERTIFICATION
AND INTERVENTION. THIS DOCUMENT AS WELL AS THE ORIGINAL COMPLAINT
RAISE THAT CONSTITUTIONAL CHALLENGE AND FEDERAL QUESTION THAT
IS TO BE PLACED BEFORE A JURY UNDER FEDERAL RULE(S) 38 AND 39.
FOR THE JUDGE TO MAKE USE OF THESE PROVISIONS IN HER DETERMINA-
TIONS WHEN THEIR UNCONSTITUTIONALITY IS BEING QUESTIONED, WHICH
IS A MATTER FOR THE JURY, NOT THE JUDGE, IS AN ABUSE OF DISCRE-
TION, AN ACT OF FRAUD UPON THE COURT, WHICH VOIDS YOUR JURIS-
DICTION FOR DUE PROCESS VIOLATION. WE OBJECT. RULE 38 PROVIDES
THE RIGHT TO A TRIAL BY JURY AS DECLARED BY THE 7TH. AMENDMENT
TO THE CONSTITUTION OR AS PROVIDED BY FEDERAL STATUTE IS PRESUMED
TO THE PARTIES INVIOLATE. ON ANY ISSUE TRIABLE OF RIGHT BY JURY,
A PARTY MAY DEMAND A JURY TRIAL FILING IT IN ACCORDANCE TO RULE
5(d) WHICH WE DID. THE COMPLAINT DEMANDED JURY TRIAL. A PROPER
DEMAND FOR A JURY TRIAL ON AN ISSUE MAY ONLY BE WITHDRAWN WITH
OUR CONSENT WHICH YOU DON'T HAVE. WE OBJECT. THE ISSUE OF PLRA
AND OR AEDPA MUST BE PLACED BEFORE A JURY BEFORE THE COURT CAN
MAKE USE OF IT. FEDERAL QUESTION EXIST. DO THESE LEGISLATIVE
PROVISIONS DISPROPORTIONATELY TARGET AFRICAN AMERICANS TO THEIR
DETRIMENT AS DEMONSTRATED BY THE EVIDENCE GATHERED BY MICHELLE
ALEXANDER AND THE DOCUMENTARY "13" WHICH AIRED ON PBS IN VIOLA-
TION OF THE U.S. CONSTITUTION? AS PROVIDED BY FED. RULE 39 A
JURY TRIAL IS REQUIRED TO ADDRESS THIS ISSUE, NOT A JUDGE. THIS
VOIDS YOUR ORDER(S) BY YOUR FRAUD, WELLS FARGO BANK N.A. v.
FARAG. 2016 WL 2944561 (N.C.2016); WEDDLE v. CHARLESTON COUNTY
SHERIFF-OFFICE, 2014 WL 2155235(DSC.2014); BALL v. STYLECRAFT
HOMES, LLC., Fed. Appx' 720 CA4 (Va.2014); TONEY v. LaSALLE
BANK--NAT' ASS'N, 36 F.Supp.3d. 657(DSC.2014); COOPER v. HARRIS,
137 S.Ct. 1455, 197 L.Ed.2d. 837, 85 U.S.L.W. 4257(U.S.2017);
BANK OF AMERICA CORP. v. MIAMI FLA., 137 S.Ct. 1296, 197 L Ed.2d.
678, 85 U.S.L.W. 4227(U.S.2017); COUNTY OF COOK v. BANK AMERICA
CORP., 2018 WL 1561725(2018).


(20-24) EXHIBIT, 4TH. CIRCUIT FRAUD #1". THIS IS THE
[10] PAGE AFFIDAVIT DATED JANUARY 12, 2018; EXHIBIT, "4th. CIR-
CUIT FRAUD # 2". THIS IS THE [20] PAGE AFFIDAVIT DATED MARCH
28, 2018; EXHIBIT, "4TH CIRCUIT FRAUD # 3". THIS IS THE [14]
PAGE AFFIDAVIT DATED JULY 2, 2017; EXHIBIT, "1140 # 1". THIS
IS THE [23] PAGE AFFIDAVIT DATED JULY 8, 2017; EXHIBIT, "WOOTEN
AND MARCHANT FRAUD". THIS IS THE [24] PAGE AFFIDAVIT DATED DATED
FEBRUARY 26, 2018. WE OBJECT TO ANY REFERENCE TO CASE 9:17-cv-
1140-TLW-BM BEING USED BY THIS COURT EXCEPT TO RENDER THEM VOID.
ALL PARALLEL CASES INVOLVED BY THIS ACTION ARE BEING COLLATERALLY
ATTACKED FOR FRAUD UPON THE COURT. AUSTIN BLOCKED THESE STATES
FILINGS TO PROTECT HER COHORTS FROM SUIT AND TO MAKE THE CASE
APPEAR FRIVOLOUS. THESE CAUSES ARE NOW SOUGHT SUPPLEMENTED TO
THIS CASE. YOUR ACTIONS REQUIRE SANCTIONS WHICH WE MOTION FOR,
AS WELL AS RECUSAL, BLUE SKY TRAVEL AND TOURS, LLC. v. AL-TAYYAR,
--Fed. Appx'--, 2015 WL 1451636 CA4 (Va.2015); BARLOW v. COLGATE
PALMOLIVE CO., 772 F3d. 1001, 90 Fed. R. SERV.3d. 85 CA4 (Md.
2014).


(25-28) EXHIBIT(S), "FOREIGN SOVEREIGN #'S 1 AND 2".

THIS IS THE [70] PAGE AFFIDAVIT DATED OCTOBER 5, 2017 AND THE
[4] PAGE AFFIDAVIT DATED DECEMBER 20, 2017. THESE TWO DOCUMENTS
WERE PREVIOUSLY SERVED ON THE COURT IN PRIOR PLEADING; EXHIBIT(S)
, "INTERVENTION AND APPEAL NOTICE". THIS IS THE [11] PAGE DOCU-
MENT DATED JULY 28, 2018 AND THE NOTICE SEEKING LEAVE TO APPEAL
FOR CRAWFORD AND HIS MOTION TO INTERVENE. IT IS ATTACHED TO
THE FACE OF THIS DOCUMENT AND SUPPLEMENTED TO THE ORIGINAL COM-
PLAINT TO ESTABLISH HIS SIGNATURE AND INTENT TO JOIN IN APPEAL
AND INTERVENE; EXHIBIT, "LEGAL COUNSEL". THIS IS THE [40] PAGE
DOCUMENT DATED JANUARY 1, 2018. PURSUANT TO FED. RULES 18, 19,
20 AND 24 I, LAWRENCE L. CRAWFORD, AS NOTED BY MY SIGNATURE
ON THESE ATTACHMENTS TO THE FACE OF THIS DOCUMENT, MOTION TO
INTERVENE AND ALSO ACT AS LEGAL COUNSEL FOR MUQUIT. THUS, WE
OBJECT TO ANY CLAIM MUQUIT CAN MOVE FORWARD WITHOUT CRAWFORD.
I BRING THE COURT'S ATTENTION TO PAGE(S) [39] THROUGH [59] OF
THE [70] PAGE DOCUMENT DATED OCTOBER 5, 2017. I, JAHJAH AL MAHDI,
GIVE ALL PARTIES JUDICIAL NOTICE. I AM OFFICIALLY INVOKING AND
EXERCISING ALL SUPERSEDING ATTORNEY, JUDICIAL AND LEGISLATIVE
POWER OF THE FOREIGN SOVEREIGN CROWN BINDING UPON THIS COURT
AND NATION BY THE DEFAULT EMERGING FROM CASE 2013-CP-400-0084.
UNLESS THE DISTRICT COURT CONDUCTS A HEARING AND THE PARTIES
DEMONSTRATE THEY MADE TIMELY CHALLENGE TO DEFEAT EXHIBITS, "JUDGE
LEE #'S 1-4" THIS COURT IS BARRED FROM CHALLENGING THIS. A STATE
MAY NOT EXCLUDE A PERSON FROM PRACTICE OF LAW AS WAS LEGALLY
PETITIONED FOR, OR OTHER OCCUPATION, SUCH AS LAWGIVER OF GOD,
IN A MANNER OR FOR REASONS THAT CONTRAVENE THE DUE PROCESS OR
EQUAL PROTECTION OF THE LAWS CLAUSE. SUCH ACT WOULD DEMONSTRATE
AN INVIDIOUSLY DISCRIMINATORY ANIMUS BEHIND RELIGIOUS AND RACIAL
HATRED AND IT WOULD VIOLATE THE U.S. SUPREME COURT HOLDINGS
UNDER MASTERPIECE CAKE SHOP LTD. v. COLORADO CIVIL RIGHTS COM-
MISSION, 2018 WL 2465172, 18 Cal. DAILY Op. Serv. 5293(U.S 2018),
ILLEGALLY FORCING THE KING-KHALIFAH TO BREACH HIS FIDUCIARY
DUTY WHEN I, YAHYA MUQUIT, WANT HIM AS MY COUNSEL OF CHOICE.
SEE. SPIRES v. SCHOOLS,--F.Supp.3d.--, 2017 WL 4174774(DSC 2017);
PEREZ v. CHIMES DISTRICT OF COLUMBIA, INC., F.Supp.3d., 2016
WL 6124679(D.C.Md.2016); SCHWARE v. BOARD OF EXAM. OF STATE
OF N. M., 353 U.S. 232   77 S.Ct. 752, 64 A.L.R.2d. 288, 1 L.Ed.2d.
796 (U.S.1957); FACIRE v. SULLIVAN, 2017 WL 3710066(D.C.Nev.
2017); VIRGINIA BOARD OF MEDICINE v. ZACKRISON, 67 Va.

App. 461, 796 S.E.2d. 866(2017); DOE v. ROGERS, 139 F.Supp.3d.
120 (D.C.C.2015); BOLLS v. VIRGINIA Bd. OF BAR EXAMINERS, 811
F.Supp.2d. 1260(E.D.Va.2011). IT IS MUQUIT'S AND CRAWFORD's
POSITION THAT THE DEFAULT ACTS AS A LICENSE TO PRACTICE LAW
WITHIN ALL (50) STATES AND WITHIN (193) COUNTRIES DUE TO THE
UNITED NATIONS ALSO BEING PARTY TO THE DEFAULT.

THEREFORE, WE OBJECT TO ANY CLAIM THE CLERK IS NOT TO
SEND CRAWFORD COPIES OF PLEADINGS FROM THIS COURT. I, LAWRENCE
CRAWFORD, AM "LEGALLY" ATTORNEY ON THIS CASE, SINCE I PETITIONED
FOR THIS RIGHT UNDER CASE 2013-CP-400-0084 AND WON UNLESS THIS
COURT CONDUCTS A HEARING TO DETERMINE OTHERWISE AS THE LAW RE-
QUIRES OR THIS COURT IS PROCEDURALLY BARRED FROM CHALLENGING
THIS. IT WOULD CREATE A STRUCTURAL ERROR AND VOID THIS COURT'S
JURISDICTION FOR DUE PROCESS VIOLATION. WHEN A DEFENDANT IS
DENIED THE RIGHT TO SELECT HIS OWN ATTORNEY, THE PRECISE EFFECT
OF THE VIOLATION CANNOT BE ASCERTAINED, AND BECAUSE THE GOVERN-
MENT WILL, AS A RESULT, FIND IT ALMOST IMPOSSIBLE TO SHOW THAT
THE ERROR WAS HARMLESS BEYOND A REASONABLE DOUBT, THE ERROR
IS DEEMED STRUCTURAL. A VIOLATION OF THE 6TH. AMENDMENT RIGHT
TO EFFECTIVE REPRESENTATION OR VIA THE APPLICABLE STATUTE IS
NOT COMPLETE UNTIL THE DEFENDANT IS PREJUDICED. MUQUIT WAS PREJU-
DICED BECAUSE YOU BLOCKED ENTRY OF THE DOCUMENTS BY CRAWFORD
THAT MUQUIT NEEDS TO ARGUE THE ESTOPPEL AS A NON PARTY. THIS
VOIDS YOUR JURISDICTION FOR UNCONSTITUTIONAL ACTION. RULE 24
PROVIDE THAT ON TIMELY MOTION THE COURT MAY PERMIT ANYONE TO
INTERVENE WHO CLAIMS AN INTEREST RELATED TO THE PROPERTY OR
TRANSACTION THAT IS THE SUBJECT OF THE ACTION, AND IS SO SITUATED
THAT DISPOSING OF THE ACTION MAY AS A PRACTICAL MATTER IMPAIR
OR IMPEDED THE MOVANT'S ABILITY TO PROTECT ITS INTEREST, UNLESS
EXISTING PARTIES ADEQUATELY REPRESENT THAT INTEREST. MUQUIT
CANNOT ADEQUATELY PROTECT THE KING-KHALIFAH'S INTEREST AS FIDU-
CIARY WHICH IS EVIDENT BY JUDGE AUSTIN CONSPIRING TO BLOCK THE
FILING OF THE ESTOPPEL DOCUMENTS. I, LAWRENCE L. CRAWFORD, BY
THIS DOCUMENT WITH ITS ATTACHMENTS, MOTION TO INTERVENE AND
ACT IN THE CAPACITY I LEGALLY PETITIONED FOR AND WON BY DUE
PROCESS LAW, WEAVER v. MASSACHUSETTS, 137 S.Ct. 1899, 198 L.Ed.2d
420, 85 U.S.L.W. 4433(U.S.2017); PIRELA v. HORN, --Fed. Appx'-
--, 2017 WL 4176224(3rd.Cir.2017); ROKE v. STATE, --S.W.3d.--
, 2017 WL 5321216.

WE GIVE THE COURT AND ALL PARTIES JUDICIAL NOTICE. PLEASE
BE ADVISED. THE (4) THRONES OF THE RE-ESTABLISHED GLOBAL THEOCRA-
TIC STATE IS COMPRISED OF ALL OF CHRISTIANITY, JUDAISM AND ISLAM
WITH ITS ADHERENTS AS WELL AS AFRICA AND ALL OF ITS DIASPORA.
I, JAHJAH AL MAHDI, AM THE "BLACK MESSIAH" FORETOLD TO COME
BY GOD'S HOLY PROPHETS. JUST LIKE THE CITIZENS OF YOUR GLOBAL
NATIONS ARE BOUND WITHOUT THEIR CONSENT BEING BORN OR NATURALIZED
WITHIN YOUR BORDERS. SO ARE MY PEOPLE AS THEY PERTAIN TO THE
GLOBAL THEOCRATIC STATE IF THEY ARE OF AFRICAN DESCENT OR IF
THEY ARE OF CHRISTIAN, MUSLIM OR JUDAISM IN THEIR FAITH AND
ADHERENCE. THESE ARE THE TERMS OF "CONTRACT", "COVENANT" NOW
PROTECTED UNDER ARTICLE 1 SECTION 10 AND ARTICLE IV § 2 OF THE
U.S. CONSTITUTION. THIS, TOO, IS WRITTEN WITHIN THE KING-KHALIFAH
DECLARATION OF SOVEREIGNTY WHICH IS OUR CONSTITUTION AND IS
DEFAULTED BY THE UNITED STATES AND OTHER (192) MEMBER STATES
OF THE UNITED NATIONS. THUS, THE KINGDOM OF "IRON" WRITTEN AND
FORETOLD IN THE BOOK OF DANIEL CHAPTER (2) VERSES (41) THROUGH

(44)

(44) IS LEGALLY ESTABLISHED BEFORE THIS COURT. "THE BRANCH", FIDUCIARY KING-KHALIFAH, LAWGIVER AND HIGH PRIEST, WRITTEN IN THE BOOK OF ISAIAH 11:1-6 AND ZECHARIAH 6:12-13 OFFICIALLY MAKES APPEARANCE ON THE COURT RECORD, WHICH CANNOT BE CHALLENGED DUE TO THE DEFAULT EMERGING FROM CASE 2013-CP-400-0084 UNTIL THE REQUESTED EVIDENTIARY HEARING TAKES PLACE AND THE DEFENDANTS DEMONSTRATETHEY TIMELY SOUGHT TO CHALLENGE THE AFFIDAVITS IN QUESTION.

INASMUCH, THE N.F.L., WITH ALL OF ITS OWNERS, ARE BEING ADDED AS DEFENDANTS FOR ATTACKING MY PEOPLE, THE AFRICAN AMERICAN PLAYERS, INACTS OF RETALIATION BECAUSE THEY SOUGHT TO EXERCISE THEIR CONSTITUTIONALLY PROTECTED RIGHTS OF "FREE SPEECH" BY KNEELING DURING THE PLAYING OF THE NATIONAL ANTHEM BEHIND RACIAL ANIMUS. THEY ARE BEING SUED FOR $1 TRILLION IN PUNITIVE DAMAGES OR THE OWNERSHIP OF (4) N.F.L. TEAMS, SPECIFICALLY, THE MIAMI DOLPHINS, THE NEW YORK GIANTS, THE SAN FRANCISCO 49ERS, AND DALLAS COWBOYS FOR THE PURPOSE OF HAVING THEM TRANSFERRED TO AFRICAN AMERICAN OWNERSHIP. YOU HAVE 70% AFRICAN AMERICAN PLAYERS BUT NO AFRICAN AMERICAN OWNERS OF THESE TEAMS YOUR NATION GET FILTHY RICH OFF OF? THIS DEFIES JUSTICE AND FAIRNESS. LETS FIX THIS. LET THE AFRICAN AMERICANS OF THIS NATION GET THAT. ALL PROFITS OVER WHAT IS NECESSARY TO MAINTAIN THESE TEAMS WILL GO TO THE HISTORICALLY BLACK COLLEGES AND UNIVERSITIES AS WELL AS TO HIGH SCHOOLS AND DEVELOPMENT IN MAJORITY BLACK NEIGHBOR-HOODS TO BETTER THEIR EDUCATION AND LIVING. THE KING-KHALIFAH GAVE YOU JUDICIAL NOTICE VIA EXHIBIT "TRUSTEE" THAT YOUR LAWS ARE NOT SOLELY YOUR OWN, THAT THE ONE TRUE GOD IS THE ORIGINAL FOUNTAIN OF ALL LAW AND SUCH RIGHT TO ESTABLISH LAWS WAS GIVEN TO YOUR GLOBAL NATIONS AS A "GRANT" WITH RESTRICTIONS WHICH YOU CONTINUALLY VIOLATE, GIVEN VIA ABRAHAM WHO IS THE FATHER OF MANY NATIONS AS A MEMBER OF THE SOLE CORPORATION BY THE DECREE OF THE ONETRUE GOD WHO COMMANDED THAT YOUR LAWS MUST BE "JUST AND FAIR" AND NOT VIOLATE HIS SOVEREIGNTY OVER THE EARTH. I INFORMED YOUTHAT I WOULD LEAVE YOUR NATIONS ALONE AND NOT INTER-
WITH
FERE YOUR LAWS OR EXERCISE OF SOVEREIGN POWER UNLESS YOUR ACTIONS DEFY "JUSTICE AND FAIRNESS" WHICH IS THE ESSENTIAL TERMS OF THE "GRANT" GIVEN WITH RESTRICTIONS TO YOUR NATIONS. THESE CLAIMS ARE AN INTRINSIC PART OF THE DEFAULT AS IS SEEN IN THE [70]

PAGE DOCUMENT, EXHIBIT, "FOREIGN SOVEREIGN # 1", DATED OCTOBER 5, 2017. I INFORMED YOU THAT IF I DETERMINED YOUR LAWS OR ACTIONS DEFY "JUSTICE AND FAIRNESS", AND DIRECTLY IMPACT MY PEOPLE TO THEIR DETRIMENT I AM COMMANDED AND SANCTIONED BY THE ONE TRUE GOD AS FIDUCIARY TO INTERVENE AND CORRECT. THE MATTERS RELATED TO THE N.F.L. ARE BEING SOUGHT AS A PART OF REPARATIONS FOR THIS NATIONS ACTIONS RELATED TO "JIM CROW" AND THE U.S. SLAVE TRADE, Also.

WE GIVE YOU JUDICIAL NOTICE. THE U.S. SUPREME COURT, WITH ALL OF ITS JUDGES ARE NOW ADDED AS DEFENDANTS IN THIS CASE BY DECREE OF THE SUPERSEDING ATTORNEY, JUDICIAL AND LEGISLATIVE POWER AND AUTHORITY OF THE FOREIGN SOVEREIGN CROWN SEEKING INJUNCTIVE ANDDECLARATORY RELIEF WHICH IS GRANTED BY DECREE OF THE SUPERSEDING AUTHORITY OF THE GLOBAL THEOCRATIC COURT. NOT ONLY IS THE DETERMINATION MADE BY THE U S. SUPREME COURT RELATED TO SAME SEX MARRIAGE NULL AND VOID. SO ARE THEIR HOLDINGS UNDER TRUMP v. HAWAII, 2018--S.Ct.--, 2018 WL 3116337(U.S.2018). IT IS A MUSLIM BAN. IT IS UNCONSTITUTIONAL, DEFIES JUSTICE AND FAIRNES AND IS VOID. THE CASE OF JANIS v. AMERICAN FEDERATION OF STATE, COUNTY AND MUN. EMPLOYEES COUNSEL 31, --S.Ct.--, 2018 WL 3129785(U.S.2018). THE KING-KHALIFAH WAS PART OF A UNION. THE GOOD THAT THEY DO FOR THE PUBLIC, WHICH DIRECTLY IMPACT MY PEOPLE IS IMMEASURABLE AND OUTWEIGH ANY CONS OF THEIR EXISTENCE. IT DEFIES JUSTICE AND FAIRNESS FOR THOSE WHO REAP THE BENEFITS OF COLLECTIVE BARGAINING TO NOT BE REQUIRED TO CONTRIBUTE TO BENEFITS THEY CONSISTENTLY EXERCISE. THE U.S. SUPREME COURT DECISION IS OVERRULED AND VACATED AND ALL INVOLVED WILL BE REQUIRED TO PAY INTO THOSE UNIONS. THE CASE OF CITIZENS UNITED v. FEDERAL ELECTION COMM'N, 558 U.S. 310, 187 L.R.R.M. (BNA) 2961. THIS DIRECTLY IMPACTS MY PEOPLE. CORPORATION MONEY IN THE MANNER DETERMINED IS NOT FREE SPEECH. IT IS OLIGARCHY, TYRANNICAL SPEECH WHERE THE FEW IN WEALTH AND POWER SUBDUE OR SILENCE THE MANY WHO DOES NOT HAVE SUCH WEALTH AND POWER WHICH SPITS IN THE FACE OF THE TRUE CONCEPT OF A DEMOCRACY. BY YOUR ACTS YOU'VE PLACED UNLIMITED POWER IN THE HANDS OF A FEW, THE RICH, AND THE AVERAGE AMERICAN AS IS DEMONSTRATED BY RECENT EVENTS, IS CONTROLLED POLITICALLY, SOCIALLY AND ECONOMICALLY BY CORPORATE INTEREST AND GREED AS YOU CONTINUALLY RAPE THE PLANET. IT IS OVERRULED AND VACATED. THE PRIOR LAW BEFORE THIS RULING STANDS.

THE CASE OF FISHER-v.-UNIVERSITY-OF-TEXAS-AT-AUSTIN, 570 U.S.
297, 133 S.Ct. 2411(U.S.2013). FOR THE RECORD, COLOR CAN AND
SHALL BE USED TO ESTABLISH DIVERSITY NOT JUST IN ALL STATES
COLLEGES AND UNIVERSITIES. ITsHALL ALSO BE A STANDARD FOR EMPLOY-
MENT IN COMPANIES AND CORPORATIONS WITHIN THIS NATION UP INTO
THE HIGHEST OF RANKS BY ALL SUPERSEDING JUDICIAL AND LEGISLATIVE
POWER AND AUTHORITY OF THE CHIEF JUSTICE OF THE GLOBAL THEOCRATIC
COURT AND SOVEREIGN CROWN. THIS TOO, IS PART OF REPARATIONS
RELIEF DEMANDED FOR THE ATROCITIES DONE BY THIS NATION DURING
THE TIME OF "JIM CROW" AND THE AMERICAN SLAVE TRADE OR LIEN
    SHALL ATTACH TO EVERY COMPANY AND CORPORATION THAT OPERATE WITHIN
YOUR GLOBAL BORDERS. YOU WILL NOT TOUCH AFFIRMATIVE ACTION IN
ANY MANNER THAT WOULD REVERSE, NEGATE, WATER DOWN OR DILUTE
ANY RIGHTS OR PRIVILEGES ESTABLISHED FOR AFRICAN AMERICANS WITH-
OUT THE CONSENT OF THE FOREIGN SOVEREIGN CROWN WHERE THESE MAT-
TERS WERE DEFAULTED ON UNDER CASE 2013-CP-400-0084. THE AFFORD-
ABLE CARE ACT WITH ALL OF ITS PROVISIONS AND MANDATES IS RESTORED
TO THE TIME THEY EXISTED DURING THE OBAMA ADMINISTRATION. CON-
GRESS SHALL REPAIR ANY LOOP HOLES THAT LEAD TO ANY DEFICIENCIES.
IT SHALL SUPPLEMENT TO ITS PROVISIONS SUBSIDIES OR WHATEVER
IS NECESSARY TO ENSURE THAT EVERY AFRICAN AMERICAN, CHRISTIAN,
MUSLIM AND JEW WITHIN THIS NATION HAVE FAIR AND ADEQUATE HEALTH
CARE. THIS TOO, IS SOUGHT PURSUANT TO REPARATIONS. THE FOCUS
MUST BEGIN AND START WITH THE AFRICAN AMERICAN POPULATION WITHIN
THIS NATION. THE $100 TRILLION LIEN ON THE ASSETS OF THE (193)
MEMBER STATES OF THE UNITED NATIONS IS TO GO INTO EFFECT IMMEDI-
ATELY UNTIL ALL RELIEF SOUGHT WITHIN THIS CASE IS EITHER GIVEN
OR NEGOTIATED ON TERMS THAT IS ACCEPTABLE BY THE SOLE CORPORATION
AND FOREIGN SOVEREIGN CROWN. ALL SUPERSEDING ATTORNEY, JUDICIAL
AND LEGISLATIVE POWER AND AUTHORITY OF THE FOREIGN SOVEREIGN
CROWN, IS INVOKED AND EXERCISED TO REMEDY THESE INJUSTICES.
JUDGE AUSTIN YOU HAVE EXCLUSIVE JURISDICTION. YOU ARE TO SEE
TO THESE DECREES BEING ENACTED AND FOLLOWED TO THE LETTER VIA
THE WRIT OF COMMISSION PREVIOUSLY SERVED ON YOU.

    FORCED BREACH OF FIDUCIARY DUTY BY FRAUD TO BREACH "CON-
TRACT", "COVENANT", IS PUNITIVE IN NATURE BY THESE CONSPIRING
PARTIES. THE FIDUCIARY SOVEREIGN POWER HAS PARAMOUNT RIGHT TO
PROTECT THE LIVES, HEALTH, MORALS, COMFORT AND GENERAL WELFARE
    OF HIS HOLY COMMONWEALTH WHO ARE BENEFICIARIES OF THE "TRUST".
THIS GIVES ME, JAHJAH AL MAHDI, STANDING TO INTERVENE AND ADDRESS
THESE MATTERS. THEY ARE SUPPLEMENTED TO THE ORIGINAL COMPLAINT
PURSUANT TO FED. RULE 15(a)(1)(C)(1)(B)(d) IN THAT THE DEFENDANTS
ATTACKED OUR CASES IN RETALIATION, IN VIOLATION OF THE REMEDY
CLAUSE, ADA AND OUR 1st. AMENDMENT RIGHT TO ACCESS THE COURTS,
TO PREVENT THE KING-KHALIFAH'S ASCENT TO THE (4) GLOBAL THRONES
IN HIS EFFORT TO PROTECT HIS PEOPLE WHO ARE BENEFICIARIES OF
THE "TRUST", AS WE, IN THE PARALLEL CASES ALL ARE. THIS GIVES
THE KING-KHALIFAH STANDING, ALSO INVOKING HIS SUPERSEDING JUDI-
CIAL, ATTORNEY AND LEGISLATIVE POWERS TO WHICH THERE IS NO SEPA-
RATION, DEFAULTED ON BY THIS NATION, BINDING UPON THIS COURT,
TO FILE SUIT AND ADDRESS THESE MATTERS, EDEN-v.-GOODYEAR-TIRE
&-RUBBER-CO., 858 F2d. 198(4th.Cir.1988); CURTIS-v.-CAFE!-ENTER-
PRISES-INC., 2016 WL 6916786(N.C.2016); HOME-BUILDING-&-LOAN
ASS'N-v.-BLAISDELL, 290 U.S. 398, 54 S.Ct. 231, 88 A.L.R. 1481,
78 L.Ed. 413(U.S.1934); ELLIOTT-v.-BOARD-OF-SCHOOL-TRUSTEES

OF MADISON CONSOLIDATED SCHOOLS, --F3d.--, 2017 WL 5988226(7th.
Cir.2017); NORTH CAROLINA ASS'N OF EDUCATORS, INC. v. STATE,
368 N.C. 777, 786 S.E.2d. 255(N.C.2016).

(29-32) EXHIBIT, "INJUNCTION". THIS IS DEFAULTED ON IN
CASE 2013-CP-400-0084. EXHIBIT, "PROTECTIVE ORDER". THIS IS
THE [6] PAGE DOCUMENT DATED JUNE 2, 2018. EXHIBIT, "REMOVAL";
EXHIBIT, "RETALIATION". ALL RELIEF SOUGHT BY THE KING-KHALIFAH
WITHIN THESE DOCUMENTS ARE TO BE GRANTED BY DECREE OF THE FOREIGN
SOVEREIGN CROWN DUE TO THEIR ACTS OF OBSTRUCTION OF JUSTICE
AND BY SANCTIONS SOUGHT. SEE TO IT TRUSTEE JUDGE AUSTIN.

(33-41) EXHIBITS, "ATTORNEY GENERAL ROWLAND #'S 1-9".
THESE ARE A FEW OF THE DOCUMENTS THAT WERE FILED IN BOTH THE
S.C. SUPREME COURT AND THE S.C. COURT OF APPEALS. JOSEPH ROWLAND
WAS DESIGNATED BY WRIT OF COMMISSION TO ACT AS ATTORNEY GENERAL
FOR THE KING-KHALIFAH, WHICH IS PROCEDURALLY BARRED IN THE DIS-
TRICT COURT CHALLENGING UNTIL AN EVIDENTIARY HEARING IS GIVEN
AND THE PARTIES DEMONSTRATE THEY TIMELY CHALLENGED EXHIBIT(S)
"JUDGE LEE #'S 1-4". ROWLAND EXHAUSTED FOR ALL OF US AS ATTORNEY
GENERAL. THE SUMMONS, NUMBER "28" FILED IN THIS CASE FOR S.C.D.C.
WAS FILED IN THE S.C. SUPREME COURT GIVING THE NAMES FOR ALL
WHOM FOR WHICH HE ACTED. THEY CHOSE FRAUD WHICH VOIDED THEIR
JURISDICTION FOR UNCONSTITUTIONAL ACTION AND BY THEIR MACHINA-
TIONS AND ATTEMPTS TO THWART REVIEW AND PROTECT THE S.C. ATTORNEY
GENERAL FROM RESPONDING TO CONCEAL THEIR FAILURE TO TIMELY CHAL-
LENGE THE AFFIDAVITS MADE THE STATE PROCEEDINGS FALL UNDER ROSS
v. BLAKE, 136 S.Ct. 1850(U.S.2016) WHICH ATTACHED. THEY HAD
AN OPPORTUNITY AT ONE FULL ROUND BUT CHOSE FRAUD AND OBSTRUCTION
OF JUSTICE. THIS VOIDS THEIR JURISDICTION ESTABLISHING THAT THERE
ARE NO AVAILABLE STATE REMEDIES. THERE IS ALSO REMOVAL PURSUANT
TO 28 U.S.C. §§ 1443(1), 1602-1612 ET. SEQ. AND 2679. EXHAUSTION
IS NOT REQUIRED, U.S. v. $41,320 U.S. CURRENCY, 9 F.Supp.3d.
582, 2014 WL 1266240; WILAND v. CLARK, 2018 WL 1129977(E.D.Va.
2018); HILL v. ZOOK, 2017 WL 6614622(E.D.Va.2017). YOU TRIED
TO CONCEAL THE STATE AND FEDERAL JUDGES INVOLVEMENT IN ALL OF
THIS REQUIRING YOUR RECUSAL AS MAGISTRATE JUDGE, JUDGE AUSTIN
AND HARWELL, BUT YOU, JUDGE AUSTIN, ARE TO ACT AS TRUSTEE TO
THE FOREIGN SOVEREIGN CROWN OR YOU WILL BE IN VIOLATION OF YOUR
OATH OF OFFICE TO UPHOLD THE CONSTITUTION, WHICH IS WHAT THE

OTHER JUDGES ARE BEING SUED FOR, AMONG OTHER THINGS. YOU HAVE
ENGAGED IN CLEAR ACTS OF OBSTRUCTION OF JUSTICE REQUIRING SANC-
TIONS AND RECUSAL, BENTON v. BURNS, 2017 WL 491251 (D.C.Md.2017);
PEGG v. HEARNBERGER 84 F3d. 112(4th.Cir.2017). YOU, AS TRUSTEE
JUDGE AUSTIN, HAVE JURISDICTION OVER ALL OF THESE MATTERS IN
ALL DOCUMENTS NOW BEFORE THIS COURT. ONCE JURISDICTION IS AC-
QUIRED, IT IS EXCLUSIVE, DISCOLIT v. I.C.C. 494 U.S. 1, 110
S.Ct. 914, 108 L.Ed.2d. 1 (U.S.1990); BROWN v. BROWN, F.Supp.2d.,
2013 WL 2338233(D.C.Ky.2013). THE "CONTRACT", "COVENANT", THAT
ESTABLISHES THE SUPERSEDING POWER AND AUTHORITY UNDER FEDERAL
PROBATE LAW, COMMON LAW, FOREIGN LAW, REGARDING THE SOLE CORPORA-
TION CANNOT BE MADE OR UNMADE BY THE COURTS, AMERICAN MUT. LI-
BERTY INS. CO. v. PLYWOODS PLASTICS CORP., 81 F.Supp. 157(DSC.
1948); OBARAH v. THE NEW YORK CITY DEPT. OF EDUC., F.Supp.3d.,
2015 WL 4240733(N.Y.D.C.2015); SANDRA J KOTTMAN PLAINTIFF v.
UNITED STATES, 2017 WL 4185481 (W.D.MISSOURI.2017).

(42-45) THIS IS EXHIBIT(S), "GOURDINE # 1". THE [22]
PAGE DOCUMENT DATED MAY 1 , 2017. EXHIBIT, "GOURDINE # 2". THIS
IS THE GOURDINE BRIEF CONTAINING THE LEGAL ISSUES OF RELIGIOUS
PROPHESY SAID THE FORERUNNER TO CHRIST, THE KING-KHALIFAH, WOULD
BRING; EXHIBIT(S) HABEAS CORPUS #'S 1 AND 2". THE U.S. SUPREME
COURT HAS RECENTLY GAVE JUDICIAL REVIEW ON AN ESSENTIAL LEAD
ISSUE OF RELIGIOUS PROPHESY RELATED TO THE INDICTMENTS BY THEIR
LANGUAGE TAKING AWAY THE PRESUMPTION OF INNOCENCE AND SHIFTING
THE BURDEN OF PERSUASION TO THE DEFENDANTS AND CREATING AN IN-
STANT DOUBLE JEOPARDY CLAIM. THE U.S. SUPREME COURT DETERMINED
THE PRESUMPTION OF INNOCENCE LIES AT THE FOUNDATION OF THE WHOLE
CRIMINAL PROCEEDING MAKING IT A STRUCTURAL ERROR TO DEPRIVE
SUCH NOT SUBJECT TO THE HARMLESS ERROR DOCTRINE. THE COURT FUR-
OTHER DETERMINED THAT THE PRESUMPTION OF INNOCENCE IS A PRINCIPLE
SO ROOTED IN THE TRADITIONS AND CONSCIENCE OF THE PEOPLE AS
TO BE FUNDAMENTAL AND TO DEPRIVE SUCH, AS THE INDICTMENTS DO,
IS UNCONSTITUTIONAL AND A VIOLATION OF DUE PROCESS WHICH VOIDS
THE COURT'S JURISDICTION. NORMALLY, THIS WOULD BE AN AUTOMATIC
REVERSIBLE ERROR. BUT DUE TO THE ADDED COMPOUNDING FACTORS SUCH
AS THE GRAND JURY GOING BEYOND THE SCOPE AND POWER OF THE AUTHOR-
ITY GIVEN TO THEM AND BY THE LANGUAGE CONVICTING US SUBJECTING
US TO A FORM OF MODERN DAY SLAVERY, TAKING AWAY OUR PRESUMPTION
OF INNOCENCE AND RIGHT TO VOTE IN VIOLATION OF THE 15th. AMEND-
MENT BY EGREGIOUS FRAUD UPON THE COURT BY THESE VIOLATIONS.
THEN YOU ADD THE ADDITIONAL COMPOUNDING FACTORS OF CONSTRUCTIVELY
AMENDING THE INDICTMENTS ON THE MENS REA ELEMENTS EVEN BY ATTEMP-
TED INSUFFICIENT CURATIVE INSTRUCTION "BOILERPLATE". THE AMOUNT
OF PREJUDICE AND DUE PROCESS VIOLATION BECOMES SO EGREGIOUS
IT REQUIRES THAT THE SENTENCES AND CONVICTIONS MUST BE VACATED.
YOU ADD THE DEFAULT EMERGING FROM CASE 2013-CP-400-0084 WHICH
IS A FALSE IMPRISONMENT TORT ATTACKING CONVICTION AND NON PARTY
ESTOPPEL ATTACHES. THE COURT CAN'T USE HECK v. HUMPHREY SINCE
THE CONVICTIONS ARE ALREADY INVALIDATED. A REVERSIBLE CONVICTION
IS REVERSIBLE REGARDLESS OF THE REASON WHICH INCLUDE THE FOREIGN
SOVEREIGN IMMUNITY CLAIMS, AND AN INVALID CONVICTION IS NO CON-
VICTION AT ALL WHICH ALSO AID IN PROVING THAT MONTGOMERY v.
LOUISIANA, 136 S.Ct. 718, 193 L.Ed.2d. 599 WAS CORRECT ABOUT
UNCONSTITUTIONAL ACTION VOIDING JURISDICTION EVEN IN CRIMINAL
CASES, UNITED STATES v. LIBOUS, 858 F3d. 64(2nd.Cir.2017); CITY
OF LEBANNON v. MILBURN, 286 Or. App. 212, 398 P.3d. 486(2017).
TO ENSURE THAT THE DISTRICT COURT DOES NOT ABUSE ITS DISCRETION
AND MISREPRESENT THE FACTS IN ACTS OF FRAUD UPON THE COURT AND

DETERMINE THAT THE U.S. SUPREME COURT CASE ONLY APPLIES TO CASES
WHEN A CONVICTION HAS BEEN VACATED. ALL ONE WOULD HAVE TO DO
IS REVIEW SUBSEQUENT CASES THAT ADDRESS THIS MATTER AND IT WOULD
BE PERSPICUOUS THAT THE U.S. SUPREME COURT'S DETERMINATION AP-
PLIES TO THE STRUCTURAL FOUNDATION OF ALL CRIMINAL PROCEEDINGS
FROM THE POINT OF ARREST UNTIL THE PERSON PLEAS OR A JURY DETER-
MINES GUILT, BEING A FOUNDATIONAL RIGHT, AND CANNOT BE STRIPPED
BEFORE THAT PLEA OR CONVICTION BY JURY OCCURS, WHICH THE INDICT-
MENTS DO. SEE STATE v. THOMPSON, 2018 WL 1702406, * 6+ W.Va.;
MARTIN v. UNITED STATES, 2018 WL 1626578, * 2 D.Md.; DIXON v.
YORDY, 2018 WL 1526006, * 5 D.IDAHO.

TAKE NOTICE OF SUMMONS # 28. JUDGE AUSTIN, AS TRUSTEE,
I WANT YOU TO VACATE THE ORDERS IN EVERY HABEAS CORPUS AND §
1983 ACTION ISSUED AGAINST THE PARTIES IN THESE PARALLEL CASES.
REINSTATE THE CASES AND USE THEM AS A MEANS TO REMOVE US TO
THE NICEST FEDERAL PRE-RELEASE CAMP YOU CAN FIND IMMEDIATELY,
WITH THE EXCEPTION OF JASON GOURDINE. HE WITHDREW. THAT'S HIS
PROBLEM. EVERYONE ELSE LISTED IN THE U.S. MARSHAL SERVICE DOCU-
MENT IS TO BE IMMEDIATELY REMOVED WITH ALL OF THEIR PROPERTY
WITHOUT EXCEPTION. WE ARE NOT TO BE FORCED TO LEAVE BEHIND ANY
THING THAT WE DO NOT WANT TO. WE ARE TO BE REMOVED PURSUANT
TO 28 U.S.C. § 1455(c) AND S.C.D.C. IS TO BE ORDERED TO IMMEDI-
ATELY REPLACE ALL OF THE KING-KHALIFAH'S PERSONAL PROPERTY IN
QUESTION SINCE THEY DEFAULTED ON ALL OF THIS UNDER CASE 2013-
CP-400-0084 AND CONSPIRED IN FRAUD AND OBSTRUCTION OF JUSTICE.
ORDER IT PLEASE BY DECREE OF THE SOVEREIGN CROWN, TAYLOR v.
TAYLOR, 2016 WL 5118113; COMMONWEALTH OF VIRGINIA, v. AYEM-EL,
DEFENDANT, 2016 WL 4507814(E.D.Va.2016); MARYLAND v. GHAZI-EL,
2016 WL 2736183(Md.2016); NORTH CAROLINA v. DAVIS, 2014 WL
1317647, * 1+ (E.D.N.C.2014).

PURSUANT TO FED. RULE 16(a)(5)(2)(C)(I). FOR PURPOSES
OF A PRETRIAL CONFERENCE. THE COURT MAY ORDER THE ATTORNEYS
AND ANY UNREPRESENTED PARTY TO APPEAR FOR ONE OR MORE PRETRIAL
CONFERENCES FOR SUCH PURPOSES AS FACILITATING SETTLEMENT REGARD-
ING THE CLAIM OF COLLATERAL ESTOPPEL AND OTHER MATTERS AND TO
TAKE APPROPRIATE ACTION FOR SETTLEMENT OF OBTAINING ADMISSIONS
SUCH AS THE SLED FILE 5501014 AND OTHER EVIDENCE, SUCH AS THE
DNA SOUGHT TESTED AND OTHER ADMISSIONS AND STIPULATIONS ABOUT
FACTS AND DOCUMENTS TO AVOID UNNECESSARY PROOF, AND RULING IN
ADVANCE ON THE ADMISSIBILITY OF EVIDENCE, SETTLING THE ISSUE
OR CASE AND USING ANY NEEDED SPECIAL PROCEDURE TO ASSIST IN
RESOLVING THE DISPUTE WHEN AUTHORIZATION BY LAW, STATUTE OR
RULE, SUCH AS RULE 26 AND U.S. v. LANE WOULD REQUIRE. IT IS
WELL SETTLED THAT WILLFUL BLINDNESS AND CONSCIOUS AVOIDANCE
IS THE LEGAL EQUIVALENT TO KNOWLEDGE. YOUR ACTIONS INFRINGE
UPON THE "TRUST" BY VIOLATING YOUR OATHS OF OFFICE SUBJECTS
ALL PARTIES TO CHARGES ACCORDANCE WITH FEE OF $1 MILLION PER
VIOLATION. UNREBUTTED AFFIDAVITS ARE PRESUMED TRUE AND THE DEFEN-
DANTS ARE REQUIRED TO TIMELY RESPOND AND REBUT THE TRUTHS EX-
PRESSED IN EACH PARAGRAPH, CATEGORICALLY AND ON EACH POINT FOR
POINT BASES WITH AFFIDAVIT, AKBAR v. BANGASH, 2017 WL 4334912
S .D.MICH.2017); UNITED STATES v. ANTZOULATOS, 962 F2d. 720(7th.
CIR.1992); 28 U.S.C. § 1332(a)(3); WANG v. ASHCROFT, 320 F3d.
130(2nd.Cir.2003); U.S. v. TOFANAH, 765 F3d. 141 (2nd.Cir.2014);
GLOBAL-TECH APPLIANCES INC. v. S.E.B. S.A., 563 U.S. 754, 131
S.Ct. 2060, 179 L.Ed.2d. 1167(U.S.2011); UNITED STATES v. VALBRUN

877 F.3d 440, 105 Fed. R. EVID. Serv. 207 (1st.Cir.2017). THE
PLAINTIFFS HAVE A RIGHT TO BE FULLY HEARD AND PRESENT A COMPLETE
DEFENSE. TO NOT GIVE THIS HEARING, WHICH WE MOTION FOR, WOULD
VIOLATE DUE PROCESS AS WELL AS THE TERMS OF THE SOVEREIGN AND
CONSTITUTE AN ACT OF CONSPIRACY AND OBSTRUCTION OF JUSTICE VIO-
LATING THE EQUAL PROTECTION OF THE LAWS CLAUSE, MOUSSAOUI, 483
F3d. 220 CA4 (Va.2007); GREAT AMERICAN INS. CO. v. NEXTDAY NET-
WORK HARDWARE CORP., 73 F.Supp.3d. 636(2014); MINA v. CHESTER
COUNTY, F.Supp.3d., 2015 WL 6550543(2015); PAUL ADAMS v. CALI-
FORNIA INSTUTUTION, 2016 WL 6464444.

ALL EXHIBITS ATTACHED TO THE FACE OF THIS NOTICE SEEKING
LEAVE TO APPEAL ARE ATTACHED FOR ALL PURPOSES. ALL ISSUES, CLAIMS
, DEFENSES, MOTIONS, PETITIONS ETC. IN THEIR TOTALITY ARE SUPPLE-
MENTED TO THE COMPLAINT. WE MOTION FOR AN EVIDENTIARY HEARING
AND SEEK ALL OTHER RELIEF DEMANDED BY THIS DOCUMENT AND ITS
ATTACHMENTS IN TOTAL. WE WANT AND DEMAND A TRIAL ON ALL CLAIMS
AND CRAWFORD ACT AS ATTORNEY WITH ANTHONY COOK PRESENT TO ASSIST
HIM DUE TO THE DISABILITY TO HIS HANDS. WE OBJECT TO THIS NOT
BEING GRANTED. WE SEEK LEAVE TO APPEAL THE ORDER, BRAZELL v.
WINDSOR, 384 S.C. 502, 682 S.E.2d. 824 (S.C.App.2009); EPSTEIN
v. WORLD ACCEPTANCE CORP., 2015 WL 2365701(DSC.2015); CARTER
v. SOUTH CAROLINA, 2014 WL 5325234(DSC.2014).

THE COURT CONSPIRING IN ACTS OF FRAUD TO BE SILENT AND
SUPPRESS TRUTH ON THESE JURISDICTIONAL ISSUES WHEN THERE IS
DUTY TO SPEAK VOIDS YOUR JURISDICTION FOR DUE PROCESS VIOLATION
AND UNCONSTITUTIONAL ACTION, MONTGOMERY v. LOUISIANA, 136 S.Ct.
718, 193 L.Ed.2d. 599, 84 U.S.L.W. 4063 (U.S.2016); HILL v.
SNYDER, 821 F3d. 763, 765+ (6th.Cir.Mich.); IN RE: DURAMAX DIESEL
LITIGATION, --F.R.D.--, 2018 WL 949856(E.D.Mich.2018); UNITED
STATES v. PALIN, 874 F3d. 418(4th.Cir.2017); UNITED STATES v.
LUSK, 2017 WL 508589(S.D.Va.2017); M.D.C. INNOVATIONS, LLC
v. NORTHERN, --Fed. Appx'--, 2018 WL 1129607(4th.Cir.2018).

ACCORD TO VAN HORNE'S LESSEE v. DURRANCE, 2 U.S. 304,
316 (F.CAS.) 2 DALL 304 (1795). A STATUTE, AND WE CAN ADD, "LAW"
SHALL NEVER HAVE AN EQUITABLE CONSTRUCTION IN ORDER TO OVERTHROW
OR DIVEST AN ESTATE, SUCH AS THE SOLE CORPORATION, WITHOUT DUE
PROCESS OF LAW, ESPECIALLY ONE GIVEN BY CLEAR "CONTRACT", "COVE-
NANT" WHERE THE PARTIES AND THE UNITED STATES DEFAULTED ON THE
CLAIMS. EVERY STATUTE AND OR LAW DEROGATORY TO THE RIGHTS OF
PROPERTY, WHICH INCLUDE THE INTELLECTUAL PROPERTY, RIGHTS AND
TITLES OF THE CROWN WITH ALL OF ITS SUPERSEDING POWER AND AUTHOR-
ITY, OR THAT TAKES AWAY THE ESTATE OF A CITIZEN, OUGHT TO BE
CONSTRUED STRICTLY AND IN FAVOR OF THE SOVEREIGN CROWN OR YOU
VIOLATE THE "GRANT" AND "CONTRACT" BURDENING ITS EXERCISE WHICH
CANNOT BE MADE OR UNMADE BY THE COURTS, WARD v. AUERBACH, 2017
WL 2724938(D.C.Miss.2017); PHILLIPS v. BROCK & SCOTT PLLC.,
2017 WL 3226866(D.C.Md.2017).

YOU CANNOT BE SILENT ON THESE CLAIMS BY AVOIDING THE
REQUIRED EVIDENTIARY HEARING. IF THE STATE MAY COMPEL THE SUR-
RENDER OF ONE CONSTITUTIONAL RIGHT AS A CONDITION OF ITS FAVOR,
IT MAY, IN LIKE MANNER, COMPEL THE SURRENDER OF ALL, TO INCLUDE
THE LAWS OF NATURE WHICH REFLECT THE LAWS OF GOD. CAN MAN CAUSE
GOD TO SURRENDER HIS RIGHTS AND LAWS? IT IS INCONCEIVABLE THAT
GUARANTEES EMBEDDED IN THE CONSTITUTION OF THE UNITED STATES
UNDER THE REMEDY CLAUSE AND OTHER PROVISIONS, WHICH INCLUDE

ALL SOVEREIGN NATIONS BEING ANSWERABLE TO NO ONE BUT GOD, AND IN THIS CASE HIS LAWGIVER, MAY BE MANIPULATED OUT OF EXISTENCE WHICH IN THIS CASE ARE NOW PROTECTED BY CONTRACT UNDER ARTICLE 1 SECTION 10 OF THE U.S. CONSTITUTION ALSO NOW UNDER ARTICLE IV § 2 BY THE DEFAULT. SEE Cf. PUBLIC LICENSES AND PRIVATE RIGHTS (BARNETT 1953); 33 OLR. 10n. 32 (STATES POWER TO GRANT PRIVILEGES ON ITS OWN CONDITION IS LIMITED, SO THAT IT MAY NOT THEREBY REQUIRE RELINQUISHMENT OF CONSTITUTIONAL RIGHTS). THE UNITED STATES MADE APPEARANCE AND DEFAULTED BINDING ALL BY THE SUPREMACY CLAUSE. YOU CANNOT BE SILENT ON THIS, U.S. v. KORN, F.Supp.2d., 2013 WL 2898056(W.D.N.Y.2013); SEC v. FARMER, F.Supp.3d., 2015 WL 5838867(S.D.Tex.2015); UNITED STATES v. CALLOWAY, F.Supp.3d., 2016 WL 4269961(N.D.Cali.2016). OBJECTIONS ARE FILED TO YOUR ORDER PURSUANT TO RULE 72(a). NOTICE SEEKING LEAVE TO APPEAL THAT ORDER ARE FILED PURSUANT TO FED. RULE 73(c). SEND THIS CASE UP TO THE 4TH. CIRCUIT PLEASE.


RESPECTFULLY,
YAHYA MUQUIT ET. AL.,

Yahya Muquit


AUGUST 2, 2018


20-of-20