Exhibit

"0084 # 1"

"File in CASE 1:14-CV-14176-ADB"

FILED
IN CLERKS OFFICE
2018 OCT -5 PM 12: 16
U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| State of South Carolina | Court of Common Pleas |
| Richland County | 5th Judicial Circuit |
| Kershaw County | 5th Judicial Circuit |
| Florence County | 12th Judicial Circuit |
| State of New York | Northern District |
| U.S. District Court | Syracuse, New York |
| State of Ohio | Northern District |
| U.S. District Court | Cleveland, Ohio, |
| Et.al, | Et.al, |

RICHLAND COUNTY
FILED
2013 JAN 16  PH 12: 24
JEANETTE W MCBRIDE
C.C.P. & G.S.

Anthony Cook #U5157;
Lawrence L Crawford
aka Jonah Gabriel
Jahjah T. Tishbite

Amended

Complaint

CASE. 2013-CP-400-0084

8 of 32

#300839 ;

Quinta D. Lee ;

Aeriaelle J. Crawford

plaintiffs

vs.

Also connected to

cases 2006-CP-400-

3567 , 3568 , 3569 ;

2010-CP-400-8841 ;

2012-CP-21-2346 ;

The Norris H. Smith

case in the SC Court

of Appeals out of

Horry County ; The

Steven Barnes case ;

case(s) 2009-CP-320-

5477 ; 2011-CP-04-

0 0666 ; 2011-CP-46-

Judge Craig Brown
Cpl. Bouch,
C.O. Weatherford;
Christopher Florian;
Florence County;
Judge James Barber III;
Richland County
The Kershaw County
Family Court; The
Kershaw County MA-

00890; 2009-CP-33-
0435
C/A 1:12-CV-2238-PAG;
9:11-CV-01437; 9:12-
CV-00333; 9:12-CV-00
527; 9th. Circuit case
12-16306; 4:11-CV-
05206-YGR; 12-3890;
12-3928; 12-3943 2nd
Circuit Court of Appeals
and all other cases
listed in this 100 pages
document dated
April 18, 2011

10 of 32

gistrate Court; Kershaw County; Kershaw County Court of General Sessions; Kershaw County Sheriff Dept; Kershaw County Dept of Social Services; The SC Court of Appeals; Judges Kaye Hearns and Jean Toal; The SC Dept of Corrections; Warden McCabe; The United States; The 5th Circuit Solicitor's Office;

Also Affidavit of Facts seeking sanctions, filing Writ of Error; seeking to suspend or relax the procedural Rules, seeking a jury trial, seeking the appointment of legal counsel; seeking an injunction or protective order; Petition To Remove And Consolidate

John Meadors; Barney
Giese; Mr. Moakie;
The 193 member
States of the United
Nations; Cort Korsey;
Johnny Fellors;
Reginald I Lloyd;
michael Brown; SLED;
SC Attorney General;
Chief Deputy Atty Gen-
eral; Judges Wooten,
Merchant And Childs;
Ms Jones; Joyce
McDonald; Richard
Richstad; Alison Gee
defendents

Pursuant to 42 U.S.C
§§ 1983, 1985(2), 1985
(3), 1986 And 28 U.S.C
§§ 1443(1) And or 1443(2)
Also 28 U.SC § 1602-
1612 et seq And
International Law
of Human Rights
Also by S.C. R.C.P.
Rule(s) 23 And 19.

12of 32

To: The Richland County Court of Common Pleas,

The Kershaw County Court of Common Pleas,

The Florence County Court of Common Pleas,

The Kershaw County Magistrate Court, Family Court and Court of General Sessions,

The Kershaw County and or Richland Sheriff Dept.,

The Kershaw County Dept. of Social Services,

The SC Court of Appeals, Judges Kaye Hearn and Jean Toal,

13 of 32

The SC Dept of Corrections
Et Al,

Here comes the Holy Sovereign
of Sovereigns and his Sovereign Holy
offspring, including Sovereign members
of the Reestablished Global Theocratic
State, being Foreign Sovereigns and
Nationals, standing in propria persona,
and do hereby humbly present the
following:

PLEASE TAKE NOTICE, that the
Sovereign plaintiffs in the above
captioned matter, LAWRENCE L CRAWFORD
AKA Jonah Gabriel Jahjah T Tishbite,

14 of 32

Quinta Dulee, Aerialle T. Crawford and Anthony Cook, Sovereign citizen of the Holy Commonwealth, intend to file claim against the above captioned defendents, in pursuant to the relevant sections of the South Carolina Tort Claim Act, the provisions of the C.A.T. Treaty and The Foreign Sovereign Immunity Act.

The Post Office Addresses of the claimant(s) herein presently are:

Anthony Cook

15 of 32

#115157 WD D Rm 184

Lieber CI P.O. Box 205

Ridgeville SC 29472


Lawrence L Crawford AKA

Jonah Gabriel Jahjah T Tishbite

# 300839 WD D Rm 286

Lieber CI P.O. Box 205

Ridgeville SC 29472


Quinta Dominique Lee

c/o Mr & Mrs Herbert and Gert Lee

115 North Cromwell Drive

Florence, SC 29506

Aerialle Jekia Ashley Crawford

16 of 32

c/o MR & MRS Herbert And Gert Lee

115 North Cromwell Drive

Florence, SC 29506

The Sovereign plaintiffs motion for
judicial Notice And give all parties
Notice of the following documents
attached to the face of this complaint
related to the claims presented.

(1) A copy of the original summons
And complaint (19) pages dated De-
cember 24, 2012 filed by Anthony Cook
related to both him And MR.
Crawford AKA Jonah the Tishbite.

17 of 32

(2)  A copy of the complaint and summons, (96) pages dated July 25, 2012 and all documents referred to therein, filed by mr Crawford aka Jahjah.

(3)  A copy of the complaint and summons, (73) pages dated November 10, 2012 filed by mr Crawford aka Jahjah and all documents referred to therein.

This complaint and summons is also being filed, filing Writ of Error. The Clerk and conspiring defendents in acts of fraud on the court, filed

18 of 32

These documents in CASE 2006-CP-400-3567 to PREVENT the PARTIES from being SERVED these documents REQUIRING them to RESPOND in the pleadings. THEY ARE NOW being ARGUED in CASE 2013-CP-400-0084

For the RECORD ALL the CAUSES of ACTION AND RELIEF sought in these ATTACHED documents AND those RE-FERRED to THEREIN, ARE now being sought in this filed Tort. We AMEND THE PROCEEDINGS to REFLECT the NAME of ALL PARTIES involved as is

Now indicated within the caption of this document. All the claims, issues and defenses, petitions, motions, protective orders and or injunctions sought within these documents are now sought within this case, to include pendent jurisdiction claims, also claiming the relevant defendents are being sued in both their official and individual capacities, Wells v Brown, 891 F2d 591, 594 (6th Cir 1989). This is also a false imprisonment Tort seeking Declaratory Judgment.

20 of 32

The time when and the place where such claim(s) arose and the nature of the claim(s) are as follows:

(1) The (9) page Summons and complaint dated December 24, 2012 originally filed by Anthony Cook elaborates on the time, place and nature of the claims and torts done against both Anthony Cook and Lawrence Crawford. They are the inmates referred to who went to the education building

21 of 32

who WERE Unjustly sanctioned And denied legal copies seeking Relief, JOHNSON, 642 Fad 377.

2) The complaint And summons, both (96) pages dated July 25, 2012 And (13) pages dated November 10, 2012 elaborate further on the time, place And Nature of the claims And torts done further Against Jonah Gabriel Johjah T. Tishbite And his Holy Sovereign offspring Quinta D. Lee And Aerialle T Crawford. These documents the defendents conspired in fraud on the court to prevent from being served by purposely filing them in the

22 of 32

WRONG CASE ARE definite And cer-
tain as to the claims being made.
We seek sanctions and any issue of
exhaution or immunity be deemed
waived by the clear acts of fraud
presented. The clerk and or case
manager, conspiring with the defen-
dents, filed the (73) And (96) page docu-
ments in CASE 2006-CP-400-3567 to
prevent them from being served.
Rules of court require they be served
within (120) days of filing the ori-
ginal complaint. This error purposely
done would have created a defi-

23 of 32

cireplay ink SERVICE REQUIRING the
action to be dismissed not being served
within the (120) days of the filing
of the original complaint. This
occurred in Richland County, the
defendents soliciting the aid of
the Clerk of Court ei M°Bride
and case MANAGER on November
26, 2012 in Richland County S.C., Hen-
derson v SCDC, 385 SC 625, 686 SE2d 191 (2009).
    Additional Torts:

   (A) We ARE subject to disruptive
schedule which do not occur on every
yard, being denied Access to JUMMAh

24 of 32

And law library during crucial court deadlines, And denied congregate visits.

(B) We are denied the right to grow our hair being Nazarite vowed, our beards, not allowed to wear cufiis And yamakas except in service, hindered in access to religious oils, halal And Kosher diets, denied out of cell exercise for over 6 months, denied a muslim representative in the chaplains office and ~~denied~~ contact with other inmates in the class action foreing us to use the prison underground, And subject to mass punishment.   25 of 32

(c) Judge Craig Brown And Florence County Clerk of Court, with the knowledge of the assistant Attorney General, predated the conditional order in case 2012-CP-21-2346 A PCR proceeding in Florence County. This was done to pretend they did not have fore knowledge that we are arguing preemption and removal. This would have prevented them from signing the order, not being able to move further by Rule 82(c). This would have also allowed the plaintiffs

26 of 32

Cook And Jahjah to consolidate their cases by the Foreign Sovereign Immunity Act, transfer the PCR to Richland County, whereby the F.S.I.A. and preemption of the PCR statutes etc ~~xxxx~~ such consolidation normally may have not been permitted. The Foreign Sovereign Immunity Act, due to the parties, including the state of South Carolina Atty General And higher courts defaulted on the filed

27 of 30

Declaration of Sovereignty. This default and the invoking of preemption by the FSIA would permit consolidation. We motion that case No. 2012-CP-21-2346 be transferred from Florence County to Richland County being consolidated to this case and all the Crawford filed cases as is listed in the caption. We motion that the conditional order be rendered void by the fraud on the court by relief sought within this action.

# Relief Sought:

(1) The Relief sought by Anthony Cook in the (19) page document dated December 21, 2012 is being sought for both Cook and Jahjah the Tishbite.

(2) Since the defendents conspired to block and prevent the (73) and (96) page documents from being served to also prevent them from being required to produce that evidence that proves the lead Sovereign, Jahjah innocence. That Relief

29 of 32

is now changed from the (3) Billion 893.1 million, Adding Another (1) Billion 296 million for this recent Tort of Attempting to prevent the defendents from being served by filing the Torts in the wrong case. The total Amount is now (5) Billion 189.1 million dollars and we want that evidence they avoided producing.

We also seek the other causes of action Argued be remedied to include those sought in the Dillon Tort that was filed in case 2010-CP-400-8841 and the Cook PCR case, Pagan v Coughline 613 FSupp 849            30 of 32

Now I want you to look at page (60)
of the (73) page complaint and summons
dated November 10, 2012. I told you.
I repeatedly warned you all but in
█████ stupidity and ignorance you
continually failed to listen and ad-
here to the things I've told and
foreseen would occur from the start.
The Hurricane in the Philippines
killed about 2000. (28) children and
adults now dead! in Connecticut, 2 fire
men killed others injured. Their
blood is on your hands. These events
will continue as I foretold. You

31 of 32

have God's prophet and anointed King/ Khalifah framed in your jail. We want that evidence and our freedom.

Wherefore, we pray for this relief, to include any and all other relief the court would deem just, fair and proper.

Respectfully

Anthony Cook                    Anthony Cook

Qinta L.                          Quinta D. Lee

Aerialle Crawford              Aeria The Crawford

                                    Tahijah The Tishbite

JANUARY 9, 2013

32 of 32

Exhibit

" 0084 #2 "

=

" File in CASE 1:14-CV-14176-ADB "

=

File in case 2013-CP-400 —

## Certificate of Service

I, Jonah Gabriel Jahjah T. Tishbite and his Holy offspring, do hereby certify, that we have mailed and or served a copy of a complaint, 73 pages dated November 10, 2012, pendent jurisdiction action, by placing it in the institution mailbox postage prepaid on November 13, 2012 with attached documents

1 of 2

mentioned within. We are arguing preemption. Thus it is deemed filed the moment it is placed in the institution mail box, Houston v Lack, 487 U.S. 266, 273-76, 108 SCt 2379 (1988). Served on Richland County Common Pleas Court.

Respectfully

October 8, 2012        Jahjah et al,
The King of The North

State of South Carolina | Court of Common Pleas
Richland County | 5th Judicial Circuit
Kershaw County | 5th Judicial Circuit
State of New York | Northern District
U.S District Court | Syracuse, New York
State of Ohio | Northern District
U.S District Court | Cleveland, Ohio

Lawrence L Crawford
aka Jonah Gabriel
Jahjah T. Tishbite;
Quinta D. Lee;
Aerialle J. Crawford

Plaintiffs

CASE No._____

2013-CP-400-0084

1 of 73

VS.

Judge James Barber III;
Richland County; The
Kershaw County Family
Court; The Kershaw
County Magistrate
Court; Kershaw
County; Kershaw
County Court of
General Session;
Kershaw County
Sheriff Dept.; Kershaw
County Dept. of Social
Services; The S.C.

2 of 73

COURT of APPEALS;
JUDGE KAYE HEARN
AND JEAN TOAL; The
SC Dept of CORRECTIONS;
WARDEN McCabe; The
United States; The
5th Circuit Solicitors
office, John Meadors,
BARNEY GIESE, MR.
MOAKE; The 192
member STATES of
the United NATIONS;
CORT KORLEY; JOHNNY
Fellars; Reginald
I Lloyd; michAel

SUMMONS

Braun ; SLED ; SC
Attorney General )
Chief Deputy Atty.
General ; Judges
Wooten, Merchant
And Childs ; Ms Jones;
Joyce McDonald ; Richard
Richstad ; Alisa Gize

    defendents


To: James R Barber III ; Richland
County, Kershaw County, Kershaw
County Family, magistrate and General
Sessions Court, Kershaw County Sheriff
            4 of 13

Dept, Kershaw County Dept. of Social Services; The SC Court of Appeals; Judges Kaye Hearn and Jean Toal; The SC Dept of Corrections; Warden McCabe; The United States; The 5th Circuit Solicitors office, John Meadors, Barney Giese, Mr Moake; The 193 member States of the United Nations; Court Korley; Johnny Fellors; Reginald I Lloyd; Michael Brown; SLED; SC Attorney General; Chief Deputy Atty General; Judges Wooten, Merchant and Childs; Ms Jones; Joyce McDonald; Richard

5 of 73

Richstad; Alison Gee,

You ARE HEREBY SUMMONED AND REQUIRED, to answer the complaint and attached documents(s), which is herewith served upon you, And to serve a copy of your Answer upon the subscribers at the addresses below within (30) days after service thereof, exclusive of the day of such service, And if you fail to answer the complaint, judgment and default will be Rendered Against you for

6 of 73

All Relief demanded within the
complaint and attached documents.

Laurence L. Crawford aka
Jonah Gabriel Jahjah T. Tishbite
#300839 WOD Rm 206
Lieber CI P.O. Box 205
Ridgeville SC 29472

Aerialle J. Crawford
Quinta D. Lee
C/o Mr & Mrs Herbert and Gert Lee
115 N Cromwell Drive
Florence SC 29506

Richland County
November 2, 2012

7 of 73

State of South Carolina | Court of Common Pleas

Richland County | 5th Judicial Circuit

Kershaw County | 5th Judicial Circuit

State of New York | Northern District

U.S. District Court | Syracuse, New York

State of Ohio | Northern District

U.S. District Court | Cleveland, Ohio

LAWRENCE L Crawford | COMPLAINT
AKA Jonah Gabriel
Jahjah T. Tishbite; | 2013-CP-400-0084
Quinta D. Lee; | CASE No. _____
Aerialle J. Crawford
| Also connected to
plaintiffs | Cases 2006-CP-400-
| 3567, 3568; 3569

80873

2010-CP-400-8841;
The NORRIS H. Smith
CASE in the SC Court
of Appeals out of
HORRY County; The
Steven BARNES CASE;
CASE(S) 2009-CP-320-
5477; 2011-CP-04-
00666; 2011-CP-46-
00890; 2009-CP-33-
0435
CA 1:12-CV-02388-PAG;
9:11-CV-01437; 9:12-
CV-00333; 9:12-CV-00
527; 9th Circuit
CASE 12-16306;

VS.

96 73

Judge James R Barber III;
Richland County;
The Kershaw County
Family Court; The
Kershaw County Ma-
gistrate Court; Kershaw
County; Kershaw
County Court of Gen-
eral Sessions; Ker-
shaw County Sheriff
Dept; Kershaw County
Dept of Social Services;

4:11-cl-05206-YGR;
12-3890; 12-3928;
12-3943 2nd Circuit
Court of Appeals and
All other cases listed
in the 100 page
document dated
April 18, 2011

Affidavit of Facts
seeking sanctions,
, seeking to suspend
or relax the pro-
cedural Rules, seeking
A jury trial, seeking

10 of 73

The SC Court of Appeals ; Judges Kaye Hearns and Jean Toal ; The S.C. Dept. of Corrections ; Warden McCabe ; The United States ; The 5th. Circuit Solicitor's Office, John Meadors, Barney Giese, Mr. Moake ; The 193 Member States of the United Nations ; Cort Korley Johnny Fellors ; Reginald I Lloyd ; Michael Brown ; SLED ; SC Attorney General ; Chief Deputy Atty General ; Judges Wooten

the Appointment of legal Counsel ; Seeking an injunction or protective order ; Petition To Remove and Consolidate pursuant to 42 U.S.C. §§ 1983, 1985(2), 1985(3), 1986 and 28 U.S.C §§ 1443(1) and or 1443(2) Also 28 U.S.C § 1602-1612 et. seq. and International Law of Human Rights

11 of 73

Merchant And Childs;
Ms. Jones; Joyce
McDonald; Richard
Richstad; Alison Gee
defendents

Also by S.C.R.C.P.
Rule(s) 23 and 19

To: The Richland County Court of Common Pleas,

The Kershaw County Court of Common Pleas,

The Kershaw County Magistrate Court, Family Court and Court of General Sessions,

The Kershaw County Sheriff Dept,

12 of 73

The Kershaw County Dept of Social Services,

    The S.C. Court of Appeals, Judges Kaye Hearn and Jean Toal,

    The S.C. Dept of Corrections

Et Al,

    Here comes the Holy Sovereign of Sovereigns and his Sovereign Holy offspring, being Foreign Sovereigns and Nationals, standing in propria persona, and do hereby humbly present the following:

13 of 73

PLEASE TAKE NOTICE, that
the Sovereign plaintiffs in the above
captioned matter, LAWRENCE L CRAWFORD
aka Jonah Gabriel Jahjah T. Tishbite,
Quinta Lee and Aerialle Crawford,
intends to file claim against the
above captioned defendents, in
pursuant to the RELEVANT sections
of the South Carolina Tort Claim
Act, the Provisions of the C.A.T.
Treaty and The Foreign Sovereign
Immunity Act.

The post office Addresses of

14 of 73

the claimants herein presently
are :

LAWRENCE L. CRAWFORD AKA
JONAH GABRIEL JAHJAH T. Tishbite
#300839 WO D Rm 286
Lieber C.I. P.O. Box 205
Ridgeville, SC 29472

QuiNTA DomiNiquE LEE
c/o Gert and Herbert Lee
115 N. CROMWELL DRIVE
Florence, SC 29506

AERIAlle Jekia Ashley CRAWford
c/o mR & mRs HERBERT and GERT LEE
15 of 73

115 N Cromwell Drive

Florence, SC 29506

The Sovereign plaintiffs motion for judicial Notice And give All parties Notice of the following documents Attached to the face of this complaint.

(1) A copy of the complaint And Summons, 96 pages dated July 25, 2012.

(2) A copy of the motion And or Affidavit of Facts seeking A protective order and or injunction; motioning

16 of 73

to supplement the causes of action in the Kershaw County Tort And Relief Sought, 35 pages dated September 5, 2012.

For the Record all the causes of action and Relief sought in these two documents are Now being sought in this filed Tort. All the claims, issues and defenses, petitions, motions, protective orders and or injunctions sought within these documents are Now sought within this case, to

17 of 73

include pendent jurisdiction claims, also claiming the relevant defendents are being sued in both their official and individual capacities, Wells v Brown, 891 F2d 591, 594 (6th Cir. 1989).

(B) We motion to expand the scope and for inclusion as sought on pages 12 through 17 of the 96 page attached complaint.

(C) We motion for and seek the appointment of legal counsel as is sought and argued on page 17 through 20 of the 96 page complaint attached

180873

(5) We motion And seek judicial notice And inform this court of the claims, Anderments and matters seen And Argued on pages 20 through 27 of the 96 page Attached complaint. All the aforementioned Are Now being argued within this filed case.

(6) This is Also A False imprisonment Tort, Arguing the conviction of the lead plaintiff Jonah The Tishbite As seen on page 27 through 36 of the 96 page complaint And All other averments contained

19 of 73

Therein. All citings of law argued in all attached documents are now being argued within this case.

(7) We motion to relax and or suspend the procedural Rules for this case as is argued on page 36 through 38 of the 96 page attached complaint.

(8) We bring the court's attention to the attached motion To Waive The filling out of the motion and affidavit To proceed in Forma pauperis with civil Docket sheet; motion To

20 of 73

Disqualify the Judges and County of Kershaw County; motion for a change of venue and to consolidate; motion to Renew all motions, Affidavits And/or Petitions Previously filed and motion to motion Therefor; motion for a hearing, 23 pages dated August 14, 2012.

9) A copy of the document Entitled. " Affidavit of Facts Seeking Declaratory Judgment And Motion to motion Therefor

26 of 73

20 pages dated August 29, 2012.

(10) A copy of the order denying plaintiff's motion to proceed in Forma Pauperis dated October 8, 2012.

(11) A copy of the civil docket sheets from cases 9:12-cv-00333 and 9:12-cv-00527. These are the cases naming Judges Joal and Barber III as defendents in the action. Case No. 9:12-cv-00333 is being reopened due to fraud on the court by the 2nd Circuit court

22of 73

of Appeals by way of Writ of mandamus.

Insomuch, the motion to waive filing fees is now being argued in this case as will be elaborated on later, in this document.

The Sovereign plaintiffs give the court and parties notice of threat of imminent danger and diversity jurisdiction, this case also being an Article III case as is argued in the 96 page attached complaint and on pages 38 through 39 of the

23 of 73

same document.

We give the court and parties notice that the documents listed on pages 39 through 43 of the 96 page complaint will soon be filed in this case also to be attached to the face of this complaint.

The time when and the place where such claim(s) arose and the nature of the claim(s) are as follows:

Judge James R. Barber III,
2(4 of 73

in Richland County on October 8,
2012, conspiring in acts of judicial
fraud, conspiracy to commit murder
during and after the fact, in
acts of obstruction of justice, con-
spiring in acts of official mental
and physical torture, forcing me to
write these lengthy documents
Knowing I am laboring under a
disability to both my hand in
efforts to correct these criminal
acts, and save Jean Toal, his
judicial cohorts and the defendents

25 of 73

listed in the 96 page complaint, Also
in efforts to illegally seize and
or to continue to illegally seize
A foreign Sovereign National, King,
Khalifah, Imam, Prophet and
High Priest of the Reestablished
Global Theocratic State, issued
the order in question in Acts of
mental and physical torture and
fraud on the court to deny us
our right to be heard Also to deny
us access to the courts behind

26 of 73

Religious and Racial hatred, in violation of the Civil Rights Act of 1964, Also the Foreign Sovereign Immunity Act, as well as in violation of International Human Rights Laws.

Judge Jean Toal in the SC Supreme Court in Columbia S.C. conspiring under color of state law and under color of authority or Federal law, across multiple state and federal jurisdictions with the defendents listed, in

27 of 73

efforts to keep the foreign king,
Heir to 3 seperate independent
Thrones that globally exist, Then
Kidnapped
criminally intercepts the ███
Affidavit of Facts seeking De-
claratory Judgment sent to Judge
Pleeonies from that judge to
prevent fair adjudication, knowing
she is a defendent, like Judge
Barber III is a defendent, where
by law she was to Recuse herself,
Also being a defendent in the N.Y.

28 of 73

& Ohio District Court cases, to keep her and the defendents from being sued as did Judge Barber, by order dated October 5, 2012 which is highly inappropriate, criminal and an act of fraud on the court. The document was sent to Judge Pllecondes, not to her.

Important Notice:

The Sovereign plaintiffs motion for sanctions and motion that any issue of exhaustion, service

29 of 73

or any defense that can be alleged by the defendents be rendered void, moot and of no effect upon these proceedings due to the criminal acts of fraud on the court which renders any order issued by ██████ Barber II and Joal void, which include any claims of immunity, Callon Petroleum Co. v. Frontier Ins. Co. 351 F3d 204, 208 (5th Cir 2003); Digital Equip Corp v Desktop Direct Inc, 511 U.S. 863, 868, 114 Sct 1992, 1996, 128 Ledd 842 (1994); Chewing

30 of 73

v. Ford Motor Company, 354 SC 72, 579 SE2d 605 (2003); Appling v. State Farm Mut Auto Ins Co., 340 F3d 769, 780 (9th Cir 2003); United States v Beggerly, 524 U.S. 38, 118 SCt 1862, 141 LEd2d 32 (1998); King v First American Investigators Inc, 287 F3d 91, 95 (2nd Cir 2002) cert denied 537 U.S. 960, 123 SCt 393, 154 LEd2d 314 (2002); Felder v. Charleston County School Dist., 489 SE2d 191, 327 SC 21; Brailsford, 669 SE2d 342, 380 SC 443.

Judge James R. Barber III, Joal

presided over case no. 2010-CP-400-8841 in the Richland County Court of Common Pleas where he made a blatantly egregious and fraudulent determination to protect judge Joal from suit claiming I did not serve her personally when all that is required is that I serve her agent.   He, they are also defendents in at least two cases out of his/her jurisdictions involving the plaintiff(s) which even produce personal bias, which he know of by the proceedings also under 2010-CP-400-3567, 3569, 3568 requiring his reausal. His & Joal

32 of 73

prejudice stems from At least two extra judicial sources in cases not under **very** his jurisdiction, <u>Macaluso v. Keyspan Energy</u> No. 05-cv-823, 2007 WL 1041662 At * 14 (E.D. N.Y May 7, 2007); <u>Litekey v. United State</u>, 510 U.S. 540 (1994); <u>Apple v Jewish Hosp. And med. Cir</u>, 829 F2d 326, 333 (2nd Cir. 1989); <u>United States v Louaglia</u>, 954 F2d 811, 815 (2nd Cir 1992); <u>Gonzales v Crosby</u> 125 SCt 2649; <u>Pioneer Inv Services v Brunswick Associates</u>, 507 U.S. 394, 113 SCt 1489 (1993); <u>Roper v Dynamique Concept Inc</u>, 447 SE2d 218, 316 SC 131;

State v Jackson, 578 SE 2d 744, 353 SC 625 ; Floyd v State, 400 SE2d 145, 303 SC 298 ; United States v Sellers, 566 F2d 884 ; McBeth v. Nissan Motor Corp U.S.A., 921 F.Supp. 1473 ; Lindsey v City of Beufort, 911 F Supp 962.

The Actions of both Judges Barber III and Jean Toal conspiring in acts of official torture and fraud produce substantial prejudice violating the Sovereign plaintiffs DUE Process Rights serving to deny us the

34 of 73

equal protection of the laws. Judicial prejudice is found and bias when the judges' ████ factual findings are not supported by the record. It is well settled that judges should recuse themselves where question of impartiality or impropriety is raised as it was related to case 2010-CP 400-8411 in Richland County. With the judges also being defendants in the pending federal cases, such shows retaliation, bias, ill will, intent to do harm also personal as distinguished

35 of 73

from judicial in NATURE, Tall Tower Inc v. S.C Procurement Review Panel, 294 SC 225, 363 SE2d 683 (1987); Ellis v. Proctor and Gamble Distributing Co, 433 SE2d 836, 315 S.C. 283; State v Cheatham, 578 S.E2d 618, 349 SC 101; Parker v. Shecut, 340 SC 460, 531 SE.2d 546 (Ct App. 2000); Christensen v Mikell, 324 SC 70, 476 SE2d 692 (1996); Mallett v Mallett, 323 SC 141, 473 SE.2d 804 (Ct App. 1996); Universal Oil Prods. Co v Root Refining Co, 328 U.S 575, 66 SCt 1176, 90 LEd 1447

(1946) ; Appling v State Farm Mut. Auto Ins. Co supra. ; Hazel-Atlas Glass Co v. Hartford Empire Co., 322 U.S. 238, 64 SCt 997, 88 LEd 1250 (1944) ; United States v Beggerly supra. ; King v First American Investigators Inc supra.

The term "official Torture" is intended to encompass Acts of torture performed by or under the direction of government officials. The torture convention defined torture as "ANY" (emphasis added) Act by which severe pain and suffering, whether physical

37 of 73

or mental, is intentionally inflicted upon a person, such as by way of the disability to both my hands, for such purposes as to obtain from him or a third party information or a confession, punishing him, such as by retaliation, for an act he or the third party has committed, or is suspected to have committed, or intimidating or coercing him or a third party as Judge Toal did by order, or for any reason based on discrimination of "any" kind (emphasis added), in this case religious and racial hatred, when such pain

38 of 73

And suffering is inflicted by or at the instigation of or with the consent or acquiescence of the public official or other person acting in an official capacity like a judge or the other defendents. The agreement calls for all states to prevent such acts and make them punishable under criminal laws and must ensure victims obtain redress and compensation. By this such produces preemption and no state law of immunity can override the federal and International law, Caterpillar. Inc v Williams, 482 U.S. 396 73

U.S. 386, 389, 107 SCt 2425, 2427, 96 LEd2d 318 (1987); The Fair v. Kohler Die & Specialty Co, 228 U.S. 22, 25, 33 SCt 410, 411, 57 LEd 716 (1913)("[T]he party who brings suit is master to decide what law he will rely upon"); Beneficial National Bank v. Anderson, 539 U.S. 1, 8, 123 SCt 2058, 2063, 156 LEd2d 1 (2003); Fortis v. Suarez-Mason, 676 FSupp. 1531, 1541 (ND Cal 1987); Also See implied Waiver, supra at 389, 393-94; Parker & Neylon, Jus Cogens: The Compelling Law of Human Rights in Domestic Courts, supra at 354 n.

40 of 73

111; Randall, Universal Jurisdiction under International Law, 66 Texx L Rev 785, 830 (1988); Wang v Ashcroft 320 F3d 130 (2nd Cir. 2003); 28 USC §§ 1331, 1332 for pendent jurisdiction; Briscov Lahue, U.S. Ind 1983, 103 SCt 1108, 460 U.S 325, 75 LEd2d 96; Powell v Alexander, 391 F3d 1, 23 (1st Cir 2004); Skokos v Rhoades, 440 F3d 957, 960 (8th Cir. 2006); Pulliam v Allen, 466 U.S 522, 541-44 (1984); Forrester v White, 484 U.S. 219, 227 (1988); LeClerc v Webb, 419 F3d 405 (5th Cir 2005); Lugar v Edmondson Oil Co. Ine. 457 U.S. 922, 102 SCt 2744 (1982).

1108 73

By the documents sought by expanding the scope and inclusion of those filed in cases 2006-CP-400-3567, 3568, 3569; 2010-CP-400-8841, and in Kershaw County Family Court, the Sovereign plaintiffs invoke the provisions of the Civil Rights Act of 1964 and the Foreign Sovereign Immunity Act of 28 U.SC § 1602-1612 et. seq. By these provisions of law the claims of the plaintiffs must be considered as true. Therefore we motion for a jury trial. The defendents are required by

42 of 73

law to prove our claims ARE Not TRUE. With a Declaration of Sovereignty filed that the defendants defaulted on, that would be difficult to say the least, EIE GUAM v Long Term Credit Bank, JAPAN, 322 F3d 635 (9th Cir 2003); Liu v Republic of CHINA, 892 F2d 1419, 1424 (9th Cir 1989) cert dismissed –U.S– 111 SCt 27, 111 LEd2d 840 (1990); Boddie v Connecticut, 401 U.S. 371, 379, 91 SCt 780, 28 LEd2d 113 (1971); Tyrus v MARtinez, 106 SCt 1787, 475 U.S. 1138, 90 LEd 2d 333; MONROE v PAPE, 365 U.S. 167, 81 SCt 473, 5 LEd2d 492 (1961).

In addressing the fraud on the court and Judge Barber III relating to the filing fee or denying an application to proceed forma pauperis. First of all the plaintiffs never filed an application to proceed in forma pauperis. We filed a motion to waived this requirement. The judge cannot give a ruling on a document that was never filed. Thus he inappropriately in fraud and an abuse of discretion resolved genuine issues of dispute requiring the order

44 of 73

to be RENDERED void. Secondly This is a false Imprisonment Tort seeking Declaratory Judgment Related to the lead plaintiffs conviction. Like a PER or Writ of Habeas Corpus the court cannot Require the paying of a filing fee. Additionally this action deals with matters of divorce that occurred in the Kershaw County Family Court. By this no filing fee is Required for crying out loud. You cant force the plaintiff in acts of fraud on the court to pay filing fee when the matters are filed

45 of 73

Related to divorce or to challenge my conviction. Thereupon All cases to which I am party can be consolidated under the I.S.I.A., EUE GUAM v Long Term Credit Bank, Japan supra; Martin v. State, 321 SC 533, 535-536, 471 SE 2d 134, 134-135 (1995). Further, International Human Rights Laws and the U.S Constitution require that the plaintiffs be given an unconditional federal and International Due Process Right to access any global court, foreign or domestic being Sovereign foreign Nationals, Jahtinen v.

46 of 73

Superior Court, Pinal County, 130 Ariz 513, 637 P2d 723 (1981); Steinkamp v Jacque, 36 Conn. Sup. 37, 410 A2d 489 (1979); 1986 Op. S.C Atty Gen. No. 86-44 At 131; United States v Wheeler, 98 Sct 1079 (1978); Fortis v Suarez-Mason supra; implied waiver supra.; Parker & Neylon supra; Randall supra; 18 U.S.C. § 1116 (a)(b)(4); L'Europeenle de Banque v La Republic de Venezuela, 700 FSpp 114, 121 (S.D NY. 1988) (extending Rule to cover foreign plaintiffs); 18 U.S.C. § 1116 (a)(b)(2)(3)(A); the Conception, Fed. Cas. No. 3, 137 Brunner, 61 Cas. 497, 2

47 of 73

Wheat, 235, 5 LEd 249; State v Dizdar CA 2 (N.Y.) 1978, 581 F2d 1031; Weepe v United State - U.S - 106 Sct 179, 88 LEd 2d 148 (1985); Boddie v Connecticut SUPRA.; Schlesinger v Ballard, 419 U.S. 498, 500 n. 3, 95 Sct 527, 42 LEd2d 610 (1975); Romer v Evans, 517 U.S. 620, 631, 116 Sct 1620, 134 LEd2d 856 (1996); Also see pages 27 And 62 of the 96 page complaint.

Among the statutory provisions allowing and requiring the waiving of filing fees are S.C Code Ann § 17-27-60 (No filing fee required for indigent

4 of 13

filing Post Conviction Relief Action which this false imprisonment Tort seeking Declaratory Judgment pursuant to my conviction embellish). Further, where certain fundamental rights are involved, such as International Law of Human Rights, the Constitution Requires that an indigent be allowed access to the courts. Compare Boddie v Connecticut supra (An indigent must be given access to court in divorce action which this filed action involve) and Smith v Bennett, 365 U.S. 708, 81 SCt. 895, 6 LEd2d 39 (1961) (An indigent prisoner

49of 73

may not be required to pay a filing fee for filing writ of Habeas Corpus which include false imprisonment Torts showing again that when a persons conviction is being argued including false Imprisonment Torts, no filing fee is required); PARKAM v Johnson, 126 F3d 454, 461 (3rd Cir. 1997); The American Declaration on The Rights and Duties of man; Article N§2 U.S. Const.; Reinstatement (Third) of Foreign Relation Law, section 702 (1987); Filartiga v Pena-Irala, 630

5 oof 73

F2d 876 (2nd Cir. 1980); The Convention Against Torture Treaty; <u>Foster v. Neilson</u>, 27 U.S. 253 (1829) | <u>Harris v. Harris</u>, 373 SC 524, 646 SE2d 180 (Ct App. 2007).

To impose any financial consideration between an indigent prisoner of the state and his exercise of a state right to sue for his liberty is to deny that prisoner the equal protection of the laws. The availability of procedure to regain liberty lost through criminal process cannot

56 of 73

be made contingent upon a choice
of labels, especially when other legal
process has proven inadequate and in-
effective in protecting the plaintiffs
Constitutional Rights. When it comes
to convicted indigent prisoners, finan-
cial hurdles must not be permitted
to condition its exercise, Smith v
Benpette supra.

The Sovereign plaintiffs have an
International, federal and state Right
to be heard. Just as a valid Notice
procedure may fail to satisfy Due
process because of the circumstances

that surround these unprecedented cases, so too, a cost requirement, valid on its face, may offend the Due Process Clause because it operates to foreclose a particular party's opportunity to be heard, <u>Boddie v Connecticut</u> supra. ; <u>Jeffreys v Jeffreys</u>, 58 misc 2d 1045, 1056, 296 N.Y.S. 2d 74, 87 (1968) ; <u>Harris v Harris</u>, 373 S.C. 524, 646 SE 2d 180 (Ct App. 2007) ; <u>State v Middleton</u>, 207 S.c. 478, 36 SE 2d 742 (1946); <u>Eslinger</u> <u>v Thompson</u>, 340 F. supp. 886 (D. SC 1972) Aff'd 476 F 2d 255 (4th Cir 1973) ; <u>McLaughlin</u> <u>v Florida</u>, 379 U.S. 184, 85 SCt 283, 13

53 of 73

LEd2d 222 (1964).

Any identifiable Attorney, including Pro se litigates, or legal Representatives in any civil or criminal proceeding, should not be Restricted in their communication, demand or Requirements of the court. Judge Toal Restricted my communication and demands of Judge Pieconies to keep herself from being sued, Taylor v. Sterrett; 532 F2d 462, 474 (5th Cir. 1976). It is a breach of law and substantial constitutional violation to hinder, deter or prevent legal mail and or documents

54 of 73

from REACHING individuals, And or
court, who is Assigned, And or desig-
Nated by circumstances to answer it,
Judge Pleconies was Required to Answer
the document, Not Judge Joan who Acted
in Acts of Retaliation And intimidation
to prevent the Action from being filed in
Acts of fraud on the court, GUJARodov
Estelle, 580 F2d at 757-58; Faulkner v
McLochlin, 727 F Supp. 489-90; Jackson v
Mowery, 743 F Supp 600, 606 (N.D. Ind 1990);
Knlop v Johnson, 977 F2d 996, 100 (6th Cir.
1992); Richardson v. McDonnell, 841 F2d
120, 122 (5th Cir 1998); Wilson v. Holman, 793

55 of 73

F. Supp. 920, 922-23 (E.D. mo. 1992).

An Act taken in retaliation for exercising of a constitutionally protected Right is actionable Under § 1983 And the SC Tort Claim Act pursuant to gross Negligence and deliberate indifference behind such Acts, when taken for different Reasons, would have been proper, And the issue is whether the victim view the Acts As Retaliatory, Matzker v Herr, 748 F2d 1142 (1984); SC. Tort Claim Act; 42 U.S.C. § 1983; Buise v. Hudkins, 584 F2d 223, 229 (1978). A person may maintain An Action for damages

Against any person or prison official who retaliates against him for exercising his right to seek judicial relief, _Milhouse v Carson_, 652 F2d 371, 373-74 (3rd Cir. 1981); _McDonald v Hall_, 610 F2d 16, 18 (1st Cir 1979). The Sovereign plaintiffs without a doubt view the acts of the conspiring defendents as acts of retaliation for his free exercise of constitutionally protected rights. Persons in prison, like other individuals, have the right to petition the government for redress of grievances which, of course, include access of prisoners to courts for the purpose of presenting

57 of 73

Their complaints and the states may
Not abridge, Nor impair; Nor may they
impermissibly burden its exercise in
Acts of fraud on the court to prevent
suit. Moreover, there may be A
claim based upon 8th Amendment
prohibition of cruel and unusual punish-
ment also retaliating against the
Sovereign plaintiffs for their religious
beliefs under the 1st Amendment also
behind racial hatred in violation of the
Civil Rights Act, Lingo v Boone, 402 F Supp.
768, 775 (N.D. Cal 1975); Monroe v Pape supra;
Blanks v Cunningham, 409 F2d 220 (4th
Cir 1969); Cruz v. Beto, 405 U.S. 319, 321,

58 of 73

92 Sct 1079, 1081, 31 LEd2d 263 (1972);

Bounds v Smith, 430 U.S. 817, 821, 97 Sct.

1491, 1494, 52 LEd2d ** (1977); Ferranti v.

Morgan, 618 F2d 888, 891-92 (1st Cir 1980);

Hudspeth v. Figgurs, 584 F2d 1345, 1347

(4th Cir. 1978) cert. denied 441 U.S. 913, 99

Sct 2013, 60 LEd2d 386 (1979).

The defendents were grossly

negligent. Gross negligence is the

intentional conscious failure to do

something which is incumbent upon one

to do, or the doing of a thing inten-

tionally that one ought not to do.

It is also the failure to exercise

Slight CARE. It was gross negligence for them to conspire in acts of official torture in efforts to illegally seize or continue to illegally seize a foreign Sovereign official and kidnap him from his family, exercise jurisdiction in the courts involved over him, fail to recall remititurs to correct this and the other acts, torts, mentioned, Jinks v Richland County (SC 2003) Wel 219 10551. Their acts of fraud were malicious. Pursuant to SC Code Ann § 15-78-70(b), actual fraud, actual malice, intent to harm, or crimes involving moral tur-

pitude ARE excluded from immunity.
No one is above the law, Pritchette
v Lanier (1990), 766 F Supp. 442; Briggs v.
Malley, 475 U.S. 335 (1986); Briso v Lahue
U.S Ind 1983, 103 SCt 1108, 460 U.S 327, 75
LEd2d 96; Pulliam v Allen supra

The Sovereign plaintiffs need not
prove the existence of a formal agree-
ment to establish conspiracy, the
agreement may be silent, but must
show overt act in furtherance of
conspiracy. Circumstantial evidence
can be used to show existence of con-
spiracy. MERE PRESENCE OR A single

61 of 73

Act will suffice to support a conspiracy conviction if circumstances permit inference that presence and or act was intended to advance the ends of the conspiracy, even though mere PRESENCE or mere Association with conspirators will not itself support a conspiracy conviction, <u>U.S. v. BRINKLEY</u>, 903 F2d 1130; <u>United States v Repper</u>, 683 F2d 1129, 1134 (5th Cir 1982); <u>United States v Sheikh</u>, 654 F2d 1057, 1063 (5th Cir 1981) cert denied 455 U.S. 991, 102 SCt 1617, 71 Ledad 852 (1982); <u>United States v Acosta</u>, 763 F2d 671 (5th Cir) cert denied sub nom;

62 of 73

Weepe v United States — US — 106 SCt
179, 88 LEd 2d 148 (1985); United States
v Aguirre, Aguirre, 716 F2d 293 (8th
Cir 1983). You got Judge Barber III
Ruling on a motion to file forma pauperis
that don't exist then deny access to
the court, knowing he is a defendent
in the cases, making fraudulent rulings
knowing conviction and divorce are being
argued requiring no filing fee. Then
Joan intercepts the documents sent to
Pleeonies to make a fraudulent ruling
on the motion for Declaratory Judgment
when she is a defendent, both

630873

conspiring to aid the defendents and avoid suit. You have numerous acts not just one making the claim sufficient.

You seen the devestation that occurred with Hurricane Sandy. You seen the Dark Knight Killing at the Arora movie Theatre. I told you since 2006 that these events these acts of God will continue as long as I am falsely imprisoned and framed. There is a lot more to come. You framed the forerunner to God's Christ. Barack Obama will be a two term president. All I have told you has come to pass.

6408 73

Additional claims and causes of Action:

(1) On April 4, 2011 the burgundy team, in the form of the SC Dept of Correction broke my dental partials in the midst of A search. Then they got the dental personnel to lie to cover it up stating that on July 11, 2011 I had an Adjustment on the plate when I went there to show the person the plate was broke At McCormick CI. This is A medical issue 1.2 million saght.

(2) Since August 2012 until this

6 5 of 73

(11/14/12)

present date we have been denied

Exercise in Wando D side at Lieber

C.I. This issue deals with our health

so its medical being 1.2 million in

tort action. No shower 10/31/12 - 11/5/12.

(3) Since September 19, 2012

I was taken off my medical diet without

being seen by the MD at Lieber which

was done in Retaliation for Accessing

the court. This is medical issue being

1.2 million in Tort. Twice I got sick.

(4) While locked down at Lieber

various times from August to this

66 of 73

PRESENT date I was denied proper calorie intake being given 2 boiled eggs and an English muffin for breakfast, one sandwich with one piece of meat for lunch, 2 sandwiches and small piece of cake for dinner. This is not proper calorie intake under federal law. This is a health matter being also medical in nature at 1.2 million in tort. The total being 4.8 million. Weekend meals also, and no shower in 5 days.

(5) On October 18, 2012 officer Bennett cursed at me in the cafeteria. This violates SCDC policy. If I don't

67 of 73

CURSE these officers, they better not curse me. Thats 300k in tort action. These torts total 5.1 million dollars.

Additional causes of Action ARE seen on pages 43 through 89 of the 96 page attached complaint. We Renew our motion for protective orders and injunctive relief, to include the appointing of legal counsel as is outlined within all documents. Other causes of action ARE Also seen in the attached 35 page document Related to Johnny Fellors dated September 5, 2012

688 73

Relief Sought:

(1) All criminal action initiated in the Kershaw County General Sessions Court related to conviction be Rendered void pursuant to Declaratory Judgment which include any action taken involving the Sovereign plaintiffs in the Kershaw County magistrate and family courts, even related to the divorce be Rendered void, which include that done Related to the Sovereigns children, in total.

(2) The 5.1 million given by way

698 73

of the torts that occurred after the 96 page complaint was written up, waiving any claims of immunity or exhaustion due to fraud by sanctions sought.

(3) All relief sought in the attached 96 page complaint dated July 25, 2012 are now to be given in this case.

(4) The plaintiff seeks dental implants by dentist of his choice paid in full, being allowed access to internet or directory to find doctor due to their fraud and lying trying to cover it up, to

70 of 73

be given Also by sanctions.

(5) If the court would take Notice of the 35 page document dated September 5, 2012, you will see the Relief by monetary Amount went to 1 Billion 296 million. Due to Judge BARBER III involvement in these injustices that Amount is now doubled to 2 Billion 592 millions. Due to the Actions of Judge Toal Another 1 Billion 296 millions is Added making the total 3 Billion 888 million

by sanctions and punitive damages because each of them conspired in a seperate independent jurisdiction to keep this action from going forward. Any amount beyond the SC Tort Claim Act permitted will be sought within the US District Court, pendent jurisdiction, in Ohio or New York removed there under the Civil Rights Act and Foreign Sovereign Immunity Act. The 5.1 million is to be added to the 3 Billion 888 million. This is not to be construed as multiple punishment for the same Acts. These

72 of 73

figures are based upon each seperate and independent acts and the additional torts that followed by the judges sanctions conspiring to avoid suit ar aid the defendents, Appling v State Farm Mut Auto Ins Co, 340 F3d 769, 780 (9th. Cir 2003).

Wherefore, we pray for this relief to include any and all other relief the court would deem just, fair and proper.

Respectfully

_____
Jonah Gabriel Jahjah T. Fishbite

_____
Quinta D. Lee

_____
Aerialle Crawford          Aerialle T. Crawford

November 18, 2012

73 of 73

Exhibit

" 0084 #3 "

≈

" File in CASE 1:14-cv-14176-ADB "

≈

State of South Carolina | Court of Common Pleas
The County of Kershaw | 5th Judicial Circuit
Et AL. | Et AL,


LAWRENCE L CRAWFORD
AKA JONAH GABRIEL
JAHJAH T. TISHBITE ;        2013-CP-00-0084
QUINTA LEE ;                CASE _____
AERIALLE CRAWFORD

        plaintiffs


Vs.

THE KERSHAW COUNTY
FAMILY COURT ; THE
KERSHAW COUNTY
MAGISTRATE COURT ;

                1 of 96

Kershaw County Court
of General Sessions;
Kershaw County Sheriff
Dept.; Kershaw County
Dept of Social Services;
The SC Court of Appeals;
Judges Kaye Hearn
and Jean Toal; The
SC Dept. of Corrections;
Warden McCabe; The
United States; The
192 member states
of the United Nations;
The 5th Circuit Solicitors
Office, John Meadors,
Barney Giese, Mr.

2 of 96

MOAKIE ; Cort Korley;
Johnny Fellors ;
Reginald I Lloyd ;
Michael Brown ; SLED;
SC Atty. Gen ; SC
Chief Deputy Atty.
Gen ; Judges Wooten,
Merchant And Childs;
Ms. Jones, Joyce
McDonald ; Richard
Richstad ; Alison Gee;
Kershaw County
            defendents

SUMMONS

To: The Kershaw County Family Court,
The Kershaw County Magistrate Court;
Kershaw County; The Kershaw County Court
of General Sessions ; the Kershaw

3 of 96

County Sheriff Dept.; Kershaw County Dept. of Social Services; The SC Court of Appeals; Judges Kaye Hearns and Jean Toal; The S.C. Dept. of Corrections; Warden McCabie; The United States; the 192 member states of the United Nations; The 5th Circuit Solicitors Office; John Meadors; Barney Giese; Mr Moake; Cort Korhey; Johnny Fellors; Reginald I. Lloyd; Michael Brown; SLED; S.C. Atty. General; S.C Chief Deputy Atty. General; Judges Wooten; Merchant and Childs; Ms. Jones; Joyce McDonald; Richard Richstad And Alison A Giese.

YOU ARE HEREBY SUMMONED
4 of 96

AND REQUIRED, to ANSWER the complaint, which is herewith served upon you, and to serve a copy of your answer upon the subscribers at the addresses below within (30) days after service thereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment and default will be rendered against you for all relief demanded within the complaint and attached documents.

LAWRENCE L CRAWFORD AKA
JONAH GABRIEL JAHJAH TISHBITE
# 300839 WD D Rm 286
LIEBER CI PO Box 205
Ridgeville, SC 29472

5 of 86

Quinta Dominique Lee
c/o Mr & Mrs Herbert Lee
115 N. Cromwell Drive
Florence, SC 29506

Aeriaulle Jekia A. Crawford
c/o Mr & Mrs Herbert Lee
115 N. Cromwell Drive
Florence, SC 29506

Kershaw County
July 19, 2012

608 96

State of South Carolina

The County of Kershaw

State of New York

U.S. District Court

Court of Common Pleas

5th Judicial Circuit

Northern District

Syracuse, New York

LAWRENCE L CRAWFORD

AKA Jonah Gabriel

Johjah T. Tishbite;

Quinta Lee; Aerialle

Crawford

plaintiffs

# COMPLAINT

2013-CP-400-0084

CASE No.

Also connected to case(s)

The Norris H. Smith

case in the SC court

of Appeals out of Horry

County; The Stolen

BARNES CASE; CASE(s)

2009-CP-320-5477;

2011-CP-04-00666;

2011-CP-46-00890;

2009-CP-33-0435

V.S.

The Kershaw County

Family Court; The

Kershaw County Ma-

gistrate Court; Kershaw

County; Kershaw

7 of 86

County Court of General Sessions; Kershaw County Sheriff Dept.; Kershaw County Dept of Social Services; The S.C. Court of Appeals; Judges Kaye Hearn and Jean Toal; The S.C. Dept. of Corrections; Warden McCabe; The United States; The 5th Circuit Solicitors office, John Meadors, Barney Giese, Mr McRae; The 192 member States of the United

C/A 9:11-CU-01437; 9:12-CU-00333; 9:12-CU-00527 C/A No. 4:10-CU-4625-YGR 9th Circuit case No. 10-71855 and all other cases listed in the 100 page document dated April 18, 2011

Affidavit of Facts Seeking a Jury Trial; Seeking the appointment of legal counsel; Seeking an injunction and or Protective order; Petition to Remove and consolidate pursuant to

Mations; Cort Korley; Johnny Fellors; Reginald ILloyd; michael Brown; SLED; SC Attorney General; Chief Deputy Atty General; Judges Wooten, merchant And Childs; Ms. Jones; Joyce McDonald; Richard Richstad; Alison Gee

defendents

42 U.SC §§ 1983, 1985(2), 1985(3), 1986 And 28 U.SC §§ 1443(1) And OR 1443(2) Also 28 U.SC § 1602-1612 et. seq. And International Human Rights Laws Also by SCRCP. Rules 23 And 19

To: The Kershaw County Court of Common Pleas, The Kershaw County magistrate Court, Family Court And Court of

9 of 96

General Sessions,

The Kershaw County Sheriff Dept,

The Kershaw County Dept of

Social Services,

The SC Court of Appeals, Judges

Kaye Hearn And Jean Toal,

The SC Dept of Corrections et al,

Here comes the Holy Sovereign of
Sovereigns and his Sovereign Holy off-
spring, being Foreign Sovereigns and
Nationals, standing in propria persona,
and do hereby humbly present the
following:

PLEASE TAKE NOTICE, That

10 of 96

The Sovereign plaintiffs in the above captioned matter, LAWRENCE L CRAWFORD AKA JONAH GABRIEL JAHJAH T. Tishbite, Quinta Lee And Aerialle Crawford, intends to file claim against the above captioned defendents, in pursuant to All relevant sections of the South Carolina Tort Claim Act, the provisions of the C A T. Treaty And The Foreign Sovereign Immunity Act.

The post office Addresses of the claimants herein presently ARE:

LAWRENCE L CRAWFORD AKA
Jonah Gabriel Jahjah T. Tishbite
# 300 839  WD D Rm 286

11 of 96

Lieber CI P.O. Box 205
Ridgeville, SC 29472

Quinta Dominique Lee
c/o Gert And Herbert Lee
115 N. Cromwell Drive
Florence, SC 29506

Aerialle Iekia Ashley Crawford
c/o Gert And Herbert Lee
115 N. Cromwell Drive
Florence, S.C 29506

The Sovereign plaintiffs seek to
expand the scope And seek inclusion
of all documents filed in the Kershaw
county Family Court under case No.

12 of 96

2012-DR-28-514 And All documents contained therein, along with All documents filed in case 0:06-CV-2459-TLW-BM in the SC U.S. District Court, cases 9:11-CV-01437, 9:12-CV-00333 And 9:12-CV-00527 from the New York District Court And case No. 2010-CP-41-48 McDowell And Booker Vs. S.C.DC be obtained And officially Attached to the face of this complaint. The documents contained in these cases Related to discovery And the expanding of scope Are crucially tied to these proceedings which would Allow the jury to make A fair And proper determination of the matters before the court.

They produce concrete, indisputable and substantial evidence, that the Sovereign plaintiffs assertions are true and not frivolous or vexatious. They show clear indication of the defendents conspiring at all levels of court, across multiple state and federal jurisdictions, also across multiple International jurisdictions, in acts of official mental and physical torture of Foreign Sovereign Officials, to impede, hinder and obstruct the Due Course of justice, and deny the Sovereign plaintiffs the Equal protection of the laws, behind a class based

14 of 96

invidiously discriminatory animus, in the form of Religious and Racial hatred, conspiring during and After the fact in Attempted murder and conspiracy to commit murder, etc.

The discovery Rule Applies to All cases in State And Federal Court, except for those narrow exceptions listed in Rule 81. The Rule Apply in cases of this NATURE. The U.S. Supreme Court has defined "Relevant" to en-compass All matters that have a bearing on, or reasonably could lead to other matters that can bear on Any issue that is or may be in this

15 of 96

CASE. A party may submit such documents and or Affidavits in support of or in opposition of a motion or other Affidavit, in order to demonstrate facts not found in the record, JONES v. Bush, 122 F.Supp 2d 713, 715 (N.D. Tex 2000); Valentin v. Hospital Bella Vista, 254 F3d 358, 364 (1st Cir 2001); Spurlock v. Lawson, 881 F.Supp 436, 438 (ED Ark 1995); Scoffstall v. Henderson, 223 F3d 818, 823 (8th Cir 2000); Beuia v. Shapiro, 176 F.R.D. 277, 280 (N.D Ill 1997).

For "Good Cause" the court may expand the scope to include matters relevant to the subject matter involved in the action. The "good cause" standard is meant to be flexible, giving broad discretion to the

court. A party may discover any matter that is relevant to the claim, issue or defense, that is pleaded in the case, IN RE: Maxim Group Inc. Securities Litigation, 2002 WL 987660 (N.D. GA 2002); Fed. Rule of Civ Pro., Rule 26 (b)(1); Oppenheimer Fund Inc. v Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389-90, 57 L.Ed 2d 253 (1978); Kidwiler v Progressive Paloverde Inc Co., 192 F.D.R 193, 199 (N.D.W. Va. 2000).

For the record, the sovereign plaintiffs give all parties notice that the defendents are being sued in both their official and individual capacity, Wells v. Brown, 891 F2d 591, 594 (6th Cir 1989).

For the time being the sovereign

plaintiffs will be Representing them-selves until legal counsel can be Appointed pursuant to the Americans With Disabilities Act And due to the complex nature of the proceedings. Due to the Allegations And claims placed before the court, the Appointment of legal counsel becomes mandatory not discretionary, As seen by the docu-ments filed in CASE(S) No.(S) 2012-DR-28-514; 0:06-CV-2459-TLW-Bm; 9:12-CV-00333; 9:12-CV-00527 et. Al., <u>Chaney v. Lewis</u>, 801 F2d 1191, 1196 (9th Cir 1986); <u>Eskridge v Rhay</u> 345 F2d 778, 782 (9th Cir 1965); <u>Knaubert v. Goldsmith</u>, 791 F2d 722 (9th Cir 1986); <u>Town-send v Sain</u>, 372 U.S. At 313, 83 SCt At 757;

18 of 96

Richmond v Ricketts, 774 F2d At 961;
BAshor v Risley, 730 F2d 1228, 1234 (9th
Cir 1984); 42 U.SC. §§ 1983, 1985(2), 1985(3)
And 1986; Jett v Castaneda, 578 F2d 842,
844-45 (9th Cir 1978); Dillon v United States,
307 F2d 445, 446-47 & n.3 (9th Cir 1962);
28 U.SC. § 1602-1612 et seq.; Anderson v.
Heinze, 258 F2d 479, 481 (9th Cir) cert
denied 358 U.S. 889, 79 SCt 131, 3 LEd2d
116 (1958); Kreiling v Field, 431 F2d 638,
640 (9th Cir 1970); matthew v Eldridge,
424 U.S. 319, 335, 96 SCt 893, 903, 47
LEd2d 18 (1976); Austad v. Risley, 761
F2d 1348, 1351-54 (9th Cir 1985); 18 U.SC
§ (a)(b)(2)(3)(A); 18 U.SC § 1116 (a)(b)(4); ELE
Guam v Long Term Credit Bank, Japan,
120 of 96

332 F3d 635 (9th Cir 2003) ; 42 U.SC §
12131(2) ; 28 C.F.R. § 35.150 (b)(1) ; <u>Boddie</u>
<u>v. Connecticut</u>, 401 U.S. 371, 379, 91 SCt.
780, 28 LEd 2d 113 (971) ; <u>United States</u>
<u>v. Georgia</u>, 126 SCt 877 (2006) ; <u>Kimel v.</u>
<u>Florida Board of Regents</u>, 528 U.S. 62,
72-73, 120 SCt 631, 145 LEd 2d 522 (2000);
<u>Joyota v. Williams</u>, 122 SCt 681 (2002) ; ADA,
Title II 29 C.F.R. § 1630 (2)(j) (3)(i) (1999) ; 42
U.SCA. § 12102(2)(A) ; <u>Ferrell v. Estelle</u>, 568
Fed 1128, 1132-1133 (CA.5 1978) ; <u>People v.</u>
<u>Rivera</u>, 125 misc 2d 516, 528, 480 N.Y.S2d
426, 434 (Sup. Ct. 1984) .

   The Sovereign plaintiffs seek judicial
Notice and officially inform the court of
the following :

   (1) This case is directly connected to
200896

All cases listed within the caption And the case mentioned within the documents filed in case No. 2012-DR-28-514; 0:06-cv-2459-TLW-Bm; 2002-DR-28-098; 9:12-cv-00527; 9:12-cv-00333 And 9:11-cv-01437 within the New York District Court, possessing Article III dynamics Also involving defendents And or Respondents in multiple states within the United States, the United States government itself And several Foreign Sovereign Governments Around the world in the form of the 192 member states of the United Nations Around the world. Thus, it becomes Apparent that this case And all the captioned cases Are filed in the wrong court. The matters contained within these documents presented And

21 of 96

sought by expanding the scope and discovery must be heard within the Federal District Court, not the S.C. U.S. District Court, because that court and the judges contained therein, are named as defendants and the S.C. U.S. District Court is sought to be disqualified due to acts of judicial fraud and abuse of judicial process. The Sovereign plaintiffs invoke the provisions of the Foreign Sovereign Immunity Act. By all the documents submitted within case No. 2012-DR-28-514 in the Kershaw County Family Court, the California, New Jersey and New York District Courts and within case No. 0106-cv-2459-TLW-Bm in the SC U.S. District Court and other cases captioned,

22 of 96

The Sovereign plaintiffs made the Required prima facie showing that would permit us to invoke the provisions of 28 U.S.C § 1602-1612 et seq. There are also egregious violations of the Ku Klux Klan Act and or Civil Rights litigation Act. There is a threat of imminent danger as outlined within the documents filed within case No. 2012-DR-28-514. The Sovereign of Sovereigns, his Holy offspring and the other Sovereigns of the Reestablished Global Theocratic State must be permitted to exercise federal forum. By the provisions of the Foreign Sovereign Immunity Act the Sovereign Plaintiffs and other connected Sovereign petitioners are

23 of 86

given the right to establish venue and jurisdiction. We seek that this case and those others referred to and captioned be consolidated and transferred to the U.S. District Court in the state of California and or Ohio and or New Jersey and or New York, no other state, to be heard before one judge, even if the court must open a new case itself, which is our right under the Foreign Sovereign Immunity Act. The state court cannot be permitted to adjudicate cases that possess national and international ramifications when the Sovereign plaintiffs seek to exercise their right to Federal Forum,

240896

And especially when the state court does not have jurisdiction over all named parties. Pursuant to Rule 82 on venue and jurisdiction. When a case is filed in the wrong court, the state court shall not dismiss the action. The state court must transfer the case to the proper court in which it could have been had. Since the right of venue and jurisdiction fall to the sovereign plaintiffs and sovereign petitioners in this case, the cases in total must be transferred to California, Ohio, New Jersey or New York, along with the sovereign plaintiffs and other sovereign petitioners as well, thereupon

25 of 96

be consolidated and heard before one court. This case, the Sovereign of Sovereigns conviction and the legal claims and issues presented cause an affect in all 50 states within this nation and within all global nations around the world, producing by this prevalent conspiracy, extra territorial claims and public juris claims, State v Dudley, 354 SC 514, 581 SE2d 171 (2003); Strassheim v Daley, 221 U.S. 280 (1911); Auger v Revco Drug Co., 1986, 791 F2d 956, 253 U.S. App. 54; Branden v District Court of Columbia Board of Parole, 734 F2d 56, 59 (D.C Cir 1984) cert denied —U.S— 105 SCt 811, 83 LEd 2d 804 (1985); Miranda v United States CA 2 (N.Y)

26 of 96

1972, 458 F2d 1179 cert. denied 93 SCt 207, 409 U.S. 874, 34 LEd2d 126; <u>Coppedge v. United States</u>, 369 U.S. 438, 82 SCt 917, 8 LEd2d 21 (1962); <u>Thomas v Scully</u> CA2 (N.Y.) 1991, 943 F2d 259; <u>Schweitzer v Scott</u> DC Cal. 1979, 469 F.Supp 1017; <u>Burns v. King County</u> CA9 (Wash) 1989, 883 F2d 819.

(2) This is also a false imprisonment Tort action pursuant to the Sovereign of Sovereigns. It is the Sovereign plaintiffs complaint that the actions perpetrated by the defendents in this case were designated and designed to illegally seize and or to continue to illegally seize, by acts of judicial fraud, Kidnapping and conspiracy to commit murder of a foreign

270896

Sovereign, National And or Sovereign entity, And to prevent the Reestablishing of A Foreign Sovereign State, Khalifate, Kingship, High Priesthood And Imamate under Theocratic law And by the laws of the decedent domicile, by way of the (3) Holy Books And Sunnah, being the last will And testament of Gods Holy Kings, Khalifahs, Prophets, Imams And High Priest of all Christians, muslims And Jews world wide, subjecting the Holy Sovereign plaintiffs to Egregious Acts of official mental And physical torture in violation of the C.A.T. Treaty provisions, the Foreign Sovereign Immunity Act And International Law. Pursuant to the provisions of the J.S.I.A. the

28 of 96

Claims of the sovereign plaintiffs must be considered as true. Their actions are directly related to the attached false imprisonment torts and other cases listed in the caption and those found under case No. 2012-DR-28-514 in the Family Court and the various attached documents. Their desire was to prevent discovery and suppress and or halt the release of evidence that would have proven their guilt during and after the fact to class A, B and C felonies mentioned in the attached documents, standing in egregious violation of State, Federal and International Law. This same said evidence would have proven the sovereign

29 of 96

of Sovereigns innocence of the crime he now stands convicted of. Their intent was to inflict unwarranted, malicious and criminal pain, mental and physical official torture upon the Sovereign of Sovereigns and his Holy offspring, by forcing him to write and produce these lengthy court documents to correct these injustices after maliciously destroying his typewriter, knowing the lead Sovereign is laboring under a disability to both his hands caused by the negligent acts of torture done by the conspiring defendents, hoping this inflicted pain would compel the lead Sovereign to forego seeking any further redress before the courts,

30 of 96

further subjecting his Holy offspring to these acts of official torture by depriving them of their father, spiritual leader and loved one for over 12 years, also knowing the lead sovereign was producing these written documents in defiance to strict doctors orders. This strips them of any claim of immunity. They did this conspiring under color of state law and under color of authority across multiple state and federal jurisdictions in acts of intrinsic as well as extrinsic judicial fraud, sham legal process and abuse of judicial process, in all efforts to deny the sovereign plaintiffs the equal protection of the laws, behind religious and racial

3 of 96

hatred in Acts of gross Negligence
And deliberate indifference, failing
to recall the remittiturs in the S.C.
Court of Appeals, denying our Right to
Appointed federal legal counsel And or
compromising state Appointed counsel in
violation of the Americans With Disabilities
Act, in efforts to impede, hinder And
obstruct the Due Course of justice And
Abrogate our 1st Amendment Right to
Access the courts And violate our 14th
Amendment Rights of Due Process. This
includes the Family Court denying the
Application to proceed forma pauperis in
Case No. 2012-DR-28-514 in Kershaw
County, denying the Sovereign plaintiffs,

32 of 96

And or seeking to hinder the Sovereign plaintiffs in obtaining their Holy inheritance, name change and all rights and titles pertaining thereto, E1E Guam v. Long Term Credit Bank, Japan, 322 F3d 635 (9th Cir 2003); Liu v. Republic of China, 892 F2d 1419, 1424 (9th Cir 1989) cert dismissed - U.S - 111 SCt 27, 111 LEd2d 840 (1990); United States v Wheeler, 98 SCt 1079 at 1083 (1978); 99 SCt. 1186; Chisolm v Georgia, 2 Dall 419, 458; English v Thorn, 676 F.Supp 761 (S.D. miss. 1987); In Re Green, 980 F2d 590 (9th Cir 1992); 18 U.SC § 1116 (a)(b) (a)(3)(A); 18 U.SC § 1116 (a)(b)(4); 28 U.SC § 1602-1612 et seq; Monroe v. Pape, 365 U.S 167, 81 SCt 473, 5 LEd 2d 492 (1961); Civil Rights

Act of 1964 § 201, 42 U.S.C.A. §§ 2000 A. (1966);
Concessions Consultants Inc v. Mirish,
CA.2 (N.Y.) 1966, 355 F2d 369; Also see
the Compendium of United Nations
Standards And Norms in Crime Pre-
vention And Criminal Justice I.S.BN:
978-92-1-133765-5; Boddie v. Connecticut,
401 U.S 371, 379, 91 SCt 780, 28 LEd2d 113
(1971); 42 U.S.C § 12131(2); 28 C.F.R. § 35.
150 (b)(1); ADA Title II 29 C.F.R. § 1630 (2)(j)
(3)(b)(1999); Schlesinger v. Ballard, 419
U.S. 498, 500 n. 3, 95 SCt 572, 42 LEd2d
610 (1975); Romer v. Evans, 517 U.S. 620,
631, 116 SCt 1620, 134 LEd2d 856 (1996);
United States v. LePatourel CA. 8 (Neb.) 1978,
571 F2d 405 on Rehearing 593 F2d 827

340896

ON REMAND 463 F.Supp 264; <u>L' EUROPEENE de BANQUE v. La Republic de VENEZUELA</u>, 700 F.Supp 114, 121 (S.D. N.Y. 1988) (extending Rule to cover foreign plaintiffs); <u>Will v. Michigan State Police</u>, 105 L.Ed 2d 45 (1989); <u>WANG v. Ashcroft</u>, 320 F3d 130 (2nd Cir 2003); <u>United States v. Dizdar</u> CA.2 (N.Y.) 1978, 581 F2d 1031; <u>WEEP v. United States</u> - U.S. - 106 S.Ct 179, 88 L.Ed 2d 148 (1985); <u>Fortis v. SUAREZ - MASON</u>, 676 F.Supp 1531, 1541 (N.D. Cal. 1987); Also see implied WAIVER, SUPRA at 389, 393-94; PARKER & NEYLON, Jus Cogen; The Compelling Law of HUMAN Rights, 12 Hasting Int'l & Comp L Rev 411, 437-39 (1989); HUMAN Rights in Domestic Courts, SUPRA at 354 n. 111; RANDAL

350896

Universal Jurisdiction under International law, 66 Texas. L Rev. 785, 830 (1988); The Schooner Exchange v. McFaddon, 11 U.S. [7 Cranch] 116, 3 LEd 287 (1812); Filartiga, 630 F2d At 884; M.L.B. v. S.L.J., 519 U.S. 102; 113, 117 SCt 555, 136 LEd 2d 473 (1996); Jafflin v Levitt, 493 U.S. 455, 458, 110 SCt 792, 107 LEd 2d 887 (1990); R.F.R.A 42 USCA. § 2000 bb et seq.; (RLUIPA) 42 U.S.CA. § 2000 et seq.; Pennsylvania v. Africa, 662 F2d 1025, 1032 (3Rd Cir 1981); Jama v. U.S.I.N.S., 343 F.Supp.2d 338, 370 (D.N.J. 2004); Wisconsin v. Yoder, 406 U.S. 205, 92 SCt 1526, 32 LEd 2d 15 (1972).

The Sovereign plaintiffs seek to suspend And or Relax the procedural

36 of 86

Rules for the form of this document since the lead sovereign plaintiff is laboring under a disability to both his hands being the only one who can properly construct this case, also due to us giving notice that this is a pendent jurisdiction case. The state Tort claims are placed before the state court seeking damages, but we are also seeking punitive damages before the federal court in the sum of $300 million for Quinta, Aerialle and the lead Sovereign plaintiff for these new additional Torts related to the same matters before all courts plus the $15 Trillion that is already sought before

37 of 70

The federal courts for the Sovereign of Sovereigns.

(3) The Sovereign Plaintiffs give the court Notice that there is still the threat of imminent dAnger that is Argued in case No. 2010-cp-17-081 Also mentioned in the other cases And documents filed before the courts involved. Therefore the protective orders And injunctions filed And sought in case No. 2010-cp-17-081 ARE now sought in this Newly filed case. Those documents ARE herewith Attached.

(4) The Sovereign plaintiffs give the court Notice that this is A diversity

38 of 96

jurisdiction Tort Action. It involves acts that occurred in Kershaw County, Richland County, Dorchester County And multiple states. Therefore, the action can be filed in either county, therein, where venue and jurisdiction would be proper.

The time when and the place where such claim(s) Arose and the nature of the claim(s) Are As follows:

The sovereign plaintiffs gives All parties judicial Notice And bring your Attention to the following Attached documents;

(1) Affidavit of Facts in support of Filing Forma Pauperis; Writ of Error; Writ

390896

in the Nature of Discovery; Name and Title Reclamation; Judicial Notice, Recalling Remittiturs; Release of evidence; seeking protective orders And or injunctions And Acknowledging All rights Related Thereto, 51 pages dated April 23, 2012.

(2) A copy of the complaint And Attached documents filed in CASE No. 9:11-CV-01437-DNH-RFT in the New York District Court.

(3) A copy of the complaint filed in CASE. No. 9:12-CV-00333-TJM-TWD in the New York District Court.

(4) A copy of the complaint filed in CASE 9:12-CV-00527-TJW-TWD in the New York District Court.

400096

(5) A copy of the United Nations document 42 pages dated July 1, 2009.

(6) A copy of the summons And supplement to the United Nations document, 21 pages dated December 25, 2009.

(7) A copy of the motion For Declaratory Judgment; motion For Recusal; motion To suspend or Relax the Procedural or Appellate Court Rules ***, 65 pages dated January 2, 2012.

(8) A copy of the motion For Declaratory Judgment; motion to suspend or Relax the procedural And or Appellate Court Rules; motion to Establish Venue in Richland County Court of Common Pleas
41086

And or SC Court of Appeals until trans-ferred ✗✗✗ 100 pages dated April 18, 2011.

(9) A copy of the legal issues of Religious prophesy, 130 pages dated July 10, 2011 that was filed in the Norris H. Smith case.

(10) A copy of the Declaration of Sovereignty, 79 pages dated July 10, 2011, the Receipts of service And the subsequent 7 page summons dated October 13, 2011 And a copy of the order denying filing for ma pauperis in case 2012-DR-28-514.

(11) A copy of the Summons And Complaint filed in case No. 2010-CP-17-081.

(12) A copy of the summons And

420 96

complaint filed in case No. 2010-cp-400 8841.

(13) A copy of the Response to motion to make more ~~definite~~ definite and certain - Amended Complaint filed in case No. 2006-cp 400-0552 which is now case(s) No.(s) 2006-cp-400-3568 And 3569 pending in Richland County.

(14) A copy of the 7 page letter sent to the Kershaw County Clerk dated July 10, 2012, And OBAMA letters.

This is what All of this is about. In Richland, Kershaw And Dorchester Counties, from the month of April 2012 until this present date July 24, 2012, of the filing of this Action, the defendents

4300 86

involved in this case failed to release the evidence sought and or take action as demanded by the Affidavit of Facts in Support of Filing Forma Pauperis; Writ of Error; Writ in the Nature of Discovery; Name and title Reclamation ***, 51 pages dated April 23, 2012 because they being in compliance to the document would have produced indisputable evidence that would have substantiated the claims made in all these attached documents.

(A) The Kershaw County Clerk failed to send the Sovereign plaintiffs copies of the documents filed in case No. 2012-DR-28-514 in Acts of Retaliation

44 of 96

And to obstruct Justice Also to impede our Access to the Courts.

(b) The Kershaw County Clerk failed to send a copy of the search warrant in question or acknowledge its non existence.

(c) The Family Court denied the motion to file forma pauperis in case No 2012-DR-28-514 because they knew that under ADA And due to the complexity of the case, legal counsel would have had to be Appointed, and that counsel would have been Required to obtain the evidence sought which would have proven their guilt of the crimes Alleged And issues Asserted in the complaints.

45 of 96

(d) The S.C. Court of Appeals Refused to Recall the Remittiturs involved when the Foreign Sovereign Immunity Act Requires such because such recalling would have placed forth evidence that proved their guilt and the defendents involvement in the claims made.

(E) They conspired to keep the United States government from being brought before the International Court based upon the argument asserted in the 51 page document and to prevent the 192 member states of the U.N. from any further default on the *15 Trillion Lien.

(F) They failed to get the lead Sovereign

46 of 96

before the physician to have it placed in the computer to use plastic restraints, while he was unjustly on lock up at McCormick C.I. and Lieber C.I. and during Red Team searches, inflicting unwarranted pain on him in acts of official torture and retaliation.

(9) The SC Dept of Correction, two counts, cut the lead Sovereigns hair by force, in violation of his religion and Nazarite Vow, when they failed to respond and defaulted on the properly served Declaration of Sovereignty from about April of 2012 until this present date, once at McCormick C.I.

47 of 96

And once At Lieber C.I., in Acts of Retaliation where by default such should not have occurred.

(h) The SC Dept. of Corrections placed the lead Sovereign on the hill/lock up, in Acts of Retaliation because the lead Sovereign sought to protect the rights of the class members of the ~~████~~ filed class Action, when they illegally seized our incoming mail from the New York District court in the form of civil ~~docket~~ sheets with out A legal warrant Reading our incoming legal mail.

(i) The S.C Dept of Corrections

48 of 96

purposely, maliciously placed the lead Sovereign in the cell with a homicidal inmate hoping this homicidal inmate would kill the lead Sovereign, in acts of retaliation and conspiracy to commit murder.

(j) The S.C Dept sent the lead Sovereign to a "ME" dorm, in the middle of a gang war blood bath that was about to occur from this decision, in a dorm where another inmate was recently slaughtered and mutilated, pictures seen on the internet, hoping the lead Sovereign would be killed at McCormick CI, where the officer

49 of 96

had to instruct me to Refuse the order to go in the cell for fear of the Sovereigns safety, also done in acts of Retaliation and in a second attempt at conspiracy to commit murder due to the Sovereign filing action against them in the courts and the Sovereign seeking this evidence.

(K) The SC Dept of Corrections placed (3) bogus charges on the lead Sovereign, took away the lead Sovereigns canteen, phone privileges and access to the character Dorm, in acts of Retaliation, conspiring under color of state law and color

of Authority, Across multiple state
And federal jurisdictions, violating
state liberty interest which are
protected under the Due Process
Clause, when they took a minor
offense, made it into a major, did
Not give the lead Sovereign opportunity
to even plea or Negotiate or informally
Resolue it, had Ms Jimenez whom
the document was not even Addressed
to, Also being A court document, to bring
the charge, Acting as proxy for the
defendents, conspiring in Acts of official
mental torture And retaliation, gave
me 45 days lock up time, Not even

5 10 86

giving me credit for the days served, in efforts to keep the Sovereign plaintiff from the other Sovereign plaintiffs in a malicious effort to cause irreparable harm to our filed class action proceedings, <u>Nix v Norman</u>, 879 F2d 429 (8th Cir 1989); <u>Wilson v Beebe</u>, 770 F2d 578 (6th Cir 1985); <u>Will v Michigan Dept of State Police</u>, – U.S. – 109 SCt 2304, 105 LEd 2d 45 (1989).

(L.) The SC Dept of Corrections shipped the lead Sovereign from McCormick C.I. to Lieber C.I. hoping to keep the lead Sovereign from the other Sovereign petitioners hoping this

Transfer done in acts of Retaliation would prevent the Sovereign plaintiffs from perfecting their filed actions collectively.

(m) Ms. Jones in the Lieber mailroom lies to the lead Sovereign, tells the lead Sovereign that his out-going legal mail to the court is sealed and ready to go out to said court(s), lying, leaving it open by criminal, malicious deception so she could illegally do an unreasonable search and seizure of this legal mail going out to the N.Y. District Court, without my permission or a federal search

53 of 96

WARRANT, seizing illegally said mail, forwarding it to a division of S.C.D.C. Headquarters, to unjustly maliciously prevent and or delay and or impede and or hinder our access to the courts and legal action from being filed against them, in violation of the 4th and 14th Amendments.

(N) Judges Merchant, Wooten, Childs and the Clerk Richstad refuses to release the evidence filed in case No. 0:06-cu-2459-TLW-Bm without copy fees, knowing the Sovereign plaintiff is indigent as part of a trick and scheme to conceal material facts and

54 of 96

PERVERT government functions And obstruct justice, because this evidence sought would have served to Aid in substantiating the facts before all courts, related to the criminal Acti-vities of all the defendents in total.

(0)  Reginald Lloyd, michael Brown And SLED failed to Release the evidence in the form of the investigative file No. 5501014, because the evidence contained therein, would have proven the defendents guilt of the crimes Alleged in Acts of official torture to illegally seize A foreign Sovereign

55 of 96

official And other claims made.

(P) John Meadors, Barney Giese, MR Moake, the 5th Circuit Solicitors Office, the Atty General, the Chief Deputy Atty General, Johnny Fellors, Cort Korley, the Kershaw County Sheriff Dept. failed to release the evidence sought, because it would have proven their guilt of the crimes And claims made, even involving the United States And the 192 member states of the United Nations.

(Q) The Kershaw County Dept of Social Services also failed to be in compliance to the document producing

56 of 86

The evidence and documentation of the addresses sought to aid the defendents to prevent evidence from being revealed of the crimes they committed, even involving the United States and the 192 member states of the United Nations.

(R) The S.C Dept. of Corrections forced the lead Sovereign to wear fagot, homosexual, sodomite unisex clothing in violation of Quran, Sunnah, Old Testament and New Testament Theocratic law of the Reestablished Global Theocratic State, in acts of retaliation and humiliation, in the form of these "fagot" foot clogs

57 of 96

which make it impossible to properly exercise without risk of substantial physical injury to the Sovereign of Sovereigns physical health, where if you went to any shoe expert like Niki, Reebox, Addidas, Converse, they all will tell you this footwear is not suitable for exercise depriving me of this federally protected right also violating the lead Sovereigns Religious beliefs, subjecting the lead Sovereign to future possible illness, where this fagot, unisex homosexual footwear do not even adequately protect the lead Sovereign from the natural elements of rain and snow, prejudicing the lead Sovereign

58 of 96

by way of his poverty a class based invidiously discriminatory animus behind religious and racial hatred like all the claims presented in this action.

In Islam, the prophet Muhammad (PBUH) forbid men from wearing any form of womens attire and visa versa. There is no "unisex" in Islam. Islam also teaches muslims that they must believe in and adhere to the two Holy Books, the Taurat and Injeel (Old and New Testament) written before the Quran (Surah 2: 62-63; 2:136). The Authorized King James Bible, Deuteronomy 22:5 states, "The woman shall not wear that which pertaineth

unto a man, neither shall a man put on a woman's garment; for all that do so are an abomination to the Lord". All (3) of the true Religions teach the same fundamental Godly truths.

(5) The S.C Dept of Corrections criminally, maliciously destroyed my typewriter in hopes that due to the disability in both the head Sovereign's hands, this would by the extreme pain in writing, such would force me to forego seeking any further Redress within the courts, in acts of Retaliation, conspiring in acts of official mental and physical torture of a Foreign

60 of 96

Sovereign Official, to protect the defendents involved from having criminal and civil litigation being levied Against them by way of the evidence sought, Henderson v SCDC, 686 S.E.2d 191 (2009).

(7) The lead Sovereign expands the scope for this Next issue And cause of Action, seeking that the evidence filed in the case of McDowell and Booker v SCDC filed in the Saluda Court of Common Pleas under case No. 2010-CP-41-48. The SC Dept. of Corrections, in Acts of Retaliation using food As A punishment, every time the lead Sovereign goes in the cafeteria to eat,

6 of 96

instructs the inmates to serue the lead Sovereign with less amount of portions diesignated by policy in further Acts of official mental and physical torture of a Foreign Sovereign official.

(U)  The Kershaw County Family Court, magistrate Court, Court of General Sessions exercised jurisdiction over the Sovereign of Sovereigns, his Holy offspring and Related to his marriage, (conviction) as well as the selling of his Jaguar in the magistrate Court, when the Sovereign of Sovereigns and his family are repre- sentative of a Sovereign Foreign State and None of the courts in question had the permission of God's Holy King. They

62896

did this conspiring under color of authority and under color of state law, in acts of retaliation behind a class based invidiously discriminatory animus in the form of religious and racial hatred. They illegally in violation of INTER NATIONAL law took the Kings children from his home and presided over his divorce in violation of The Foreign Sovereign Immunity Act and the laws of the decedent domicile of the Sovereign of Sovereigns by this evidence.

Insomuch, each of the defendents listed, conspired during and after the fact in conspiracy to commit murder. And in all the other claims mentioned, also in suppressing the evidence in

63086

question, of the Sovereign of Sovereigns innocence and deprive his Royal Holy offspring of the presence of their father, loved one, spiritual leader and protector for over 12 years subjecting the Sovereign plaintiffs to immeasurable amounts of official mental and physical torture, aiding the defendents during and after the fact in class A, B and C Felonies listed in the documents attached also because the lead Sovereign now seeks this essential evidence pertaining to their substantial crimes. The hand of one is the hand of all by the accomplice liability doctrine and the Pinkerton Theory of liability.

64896

Even though there are numerous Acts listed in this complaint and documents attached, a single Act will suffice and mere presence to support a conspiracy conviction if circumstances permit inference that presence or act was intended to advance the ends of the conspiracy. U.S. v. Brinkley 903 F2d 1130; U.S. v. Stchmidt, 947 F2d 362; U.S. v. Zarnes, 33 F3d 1454; U.S. v. Masotto 73 F3d 1233 cert. denied 117 SCt 54, 136 LEd 2d 18; State v Chavis, 277 S.C. 521, 290 S.E. 2d 412 (1982); U.S. v. Arboleda 929 F2d 859; Hudson v. McMillian 503 U.S. 1, 6-7 (1992); Madrid v Gomez, 889 FSupp 1146,

65 of 96

1248-50 (N.D. Cal 1995); JORDAN v. GARDNER, 986 F.2d 592, 595-97 (9th Cir 2002); FARMER v. BRENNEN, 511 U.S. 825, 837 (1994); BRADLEY v. PUCKETT, 157 F.3d 1022, 1025 (5th Cir 1998); Conn v. City of Reno, 591 F3d 1081, 1097 (9th. Cir 2010); Vintning-Blu Long, 482 F3d 923, 925 9th Cir 2007; Gates v Cook, 376 F3d 323, 343 (5th Cir 2004); Hope v. Pelzer, 536 U.S. 730 (2002); Estelle v Gamble, 429 U.S 97, 104 (1976); Brock v Wright, 315 F3d 158, 162 (2nd Cir 2003); Greeno v Daley, 414 F3d 645, 653 (7th Cir 2005).

By many of the actions mentioned the defendants deprived the sovereign plaintiffs of basic human needs such as food, exercise and reasonable safety, the objective element, Helling v McKinley 509 U.S. 25, 31-32 (1993).

666 of 96

The Eighth Amendment protects against conditions that pose an unreasonable risk of future harm, as well as those that are currently causing harm, like the use of iron cuffs on the head Sovereigns lifelong injuries, the depriving him of proper footwear to allow him to exercise, and punishment by way of ~~████~~ lessening the amount of food given to the head Sovereign that is designated by policy, Helling, 509 U.S at 33.

It is not enough to allege that the "totality of conditions" is unconstitutional. In this case the Sovereign

67 of 96

plaintiffs allege specific deprivation of one or more identifiable human needs, showing deliberate indifference on the part of one or more defendents. By such the sovereign plaintiffs have met the burden. Pursuant to the Foreign Sovereign Immunity Act our claims must be considered as true, Wilson v. Seiter, 501 U.S. 294, 304-05 (1991); Greeno v. Daley, 414 F3d 645, 653 (7th Cir 2005); Boretti v Wiscomb, 930 F2d 1150, 1154 (6th Cir 1991); Haynes v Snyder, 546 F3d 516, 526 (7th Cir 2008); Wells v Franzen, 777 F2d 1258, 1261-62 (7th Cir 1985); Glisson v. Sangamon County

680896

Sheriff Dept, 408 F Supp 2d 609, 621-22 (C.D. Ill. 2006).

Prisoners are constitutionally entitled to out-of-cell exercise. Denial of all out of cell exercise for 6 months violates 8th Amendment. The issuing of these clogs acts as a denial of all out of cell exercise if one cannot engage in such upon their issuing. Recreation for only 45 minutes per week state a claim. If the prison allots a standard number of hours per week for exercise, the prison officials are aware that denial of this exercise for a substantial period creates an ~~excessive~~ excessive risk to

a prisoner's health. No matter how many hours of out of cell recreation the prison Allots, if the clogs given would cause Risk of twisting ankles, making it difficult to run, jog or jump rope which the Sovereign plaintiff does Regularly, he cannot engage in that constitutionally protected Right of out of cell exercise, subjecting him to risk harm to his future health, HEARNS v TERHUNE, 413 F3d 1036, 1042 (9th Cir 2005); DELANEY v DETELLA, 256 F3d 679 (7th Cir 2001); PERKINS v KANSAS Dept of CORRECTIONS, 165 F3d 803, 810 (10th Cir 1999); DIVERS v Dept of CORRECTIONS, 921 F3d 191, 194 (8th Cir 1990); RICHARDSON v RUNNELS, 594 F3d 666, 672 (9th Cir 2010).

It was mentioned that these clogs were tested on 200 inmates with no complaints. This cannot possibly be deemed as a sufficient control group when well over 200 other inmates the Sovereign plaintiff spoke to at Mc Cormick C.I and Lieber C.I, have the lead Sovereigns same complaint, telling the lead Sovereign that these clogs are only good for the shower and walking around on the Rock, like bedroom slippers, and the only genuine exercise the 200 inmates the Dept of Corrections spoke of engage in, is walking from their cells to the cafeteria and the remainder of their days exercise consist of sitting on their lazy rumps in

71 of 96

front of a "tell-lie-vision" (T.V.) where even their jelly saturated lack of cognizance brain is deprived of proper mental exercise, Davenport v De Robertis, 844 F2d 1310, 1315 (7th Cir 1988); Spain v Procunier, 600 F2d 189, 199-200 (9th Cir 1979); Toussaint v McCarthy 597 F.Supp. 1388, 1402, 1412 (N.D. Cal. 1984).

Additionally the defendents cannot be permitted to give inadequate food as a means of punishment and retaliation because the sovereigns seek to obtain evidence, accessing the court to seek redress for his grievances, Phelps v. Kapnolas, 308 F3d 180 (2nd Cir. 2002); Ramos v Lamm, 639 F2d 559, 570-71 (10th. Cir. 1980);

72 of 96

WILSON v. VAN NATTA, 291 F.Supp.2d 811, 817 (N.D. Ind. 2003); DRAKE v. VALASCO, 207 F.Supp.2d 809 (N.D. Ill. 2002); Smith v. Ozmint, 578 F3d 246, 251-52 (4th Cir. 2009); WAR-SOldiER v. Woodford, 418 F3d 989 (9th. Cir 2005).

The Sovereign of Sovereign is also protected by § 504 of the Rehabilitation Act of 1973, 29 U.SC. § 794 (a), and by Ii the II of the Americans with Disabilities Act which abrogates 11th Amendment immunity, 42 U.SC. § 12131, et. seq see PennSylvania Dept. of Corrections v. Yeskey, 524 U.S. 206 (1998) (ADA); Onishea v. Hopper, 171 F3d 1289 (11th Cir 1999); (En banc) (§ 504); Bonner v. Lewis, 857 F2d 730 & 96

559 (9th. Cir 1988) (§ 504), Johnson 642 F3d 377.

One Court has held that limita-
tions on prisoner's statutory rights may
be justified under the Turner Standard,
Gates v. Rowland, 39 F3d 1439, 1446-47
(9th Cir 1994); U.S. v. Georgia, 546 U.S. 151 (2006),
Yeskey v. Penn. Dept. of Corr., 118 F3d 168,
174-75 (3rd Cir 1997).

The defendents failed to follow
State, federal and International law
as well as their own policies. By such
they are not immune, Clark v. S.C Dept.
of Public Safety, 353 S.C 291, 598 SE 2d
16. Pursuant to SC Code Ann § 15-78-70(b),
Actual fraud, Actual malice, intent to
740896

do harm, or crimes involving moral turpitude are excluded from immunity. The defendents actions fall within all these categories.

The defendents were grossly negligent. Gross negligence is the intentional conscious failure to do something which is incumbent upon one to do, or the doing of a thing intentionally, that one ought not to do. It is also the failure to exercise slight care, Jinks v Richland County, (SC 2003) WL 219 10551; Pritchette v Lanier (1991), 766 F Supp 442; Malley v Briggs, 475 U.S. 335 (1986); Lugar v Edmondson Oil Co., 457 U.S. 922, 928-30, 7508 96

102 SCt 2744, 2749-50, 73 LEd 2d 482 (1982).

18 U.S.C § 1001 (1988 Ed) Provides:

"Whoever, in any manner, within the jurisdiction of any department or agency of the United States, knowingly and willfully falsifies, conceals, or cover up by any trick, scheme, or devise a material fact, or make use of any false, fictitious or fraudulent statements or representations, or makes use of any false writing or document (ei trial transcript and autopsy), knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years.

76846

or both ".

This covers false statements or documents of any kind to include those falsehoods that pervert government functions, United States v. Gonzales, 520 U.S 1, 5 (1997); Brogan v. United States, 522 U.S. 398 (1998); United States v. Gilliland, 312 U.S. 96 (1941).

Convicted persons do not forfeit all constitutional rights or protections by reason of their conviction or confinement in prison. Inmates retain some degree of first Amendment protection. They also retain 4th Amendment protection against unreasonable searches and seizures.

77 of 96

Prison walls do not form a barrier seperating prison inmates from protections of the Constitution. The 14th Amendment prohibits states from making law prohibiting or retaliating against inmates for free exercise of their rights of Freedom of Religion and his right to access the Courts, Bell v Wolfish, 441 U.S. 520, 545, 99 SCt. 1861, 1877, 60 LEd2d 447 (1979); Turner v Safhey, 482 U.S. 78, 84, 107 SCt 2254, 2259, 96 LEd2d 64 (1987); O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 SCt 2400, 2404, 96 LEd2d 282 (1974); Pell v Procunier, 417 U.S. 817, 822, 94 SCt 2800, 2804, 41 LEd2d 495 (1974);

780896

Cruz v Beto, 405 U.S 319, 322, 92 SCt 1079, 1081, 31 LEd2d 263 (1972); United States v. Mikrash, 367 F2d 740, 744 (7th Cir 1966); United States v Matzger, 965 F2d 213 (7th Cir 1992).

Prosecutors, state agents, police, judges, etc, who under color of law and or authority, willfully deprive individuals of constitutional rights, break the law, and who are negligent, may be punished criminally and or in a civil action, Brisco v Lahue, U.S. Ind 1983, 103 SCt 1108, 460 U.S. 327, 75 LEd2d 96; Powell v Alexander, 391 F3d 1, 23 (1st Cir 2004); Pinaud v County of Suffork, 52 F3d 1139, 1151 (2nd Cir 1995);

79 of 96

<u>Pulliam v Allen</u>, 466 U.S. 522, 541-44 (1984).

Private persons can be convicted for acts of negligence and or conspiracy to deprive victims of Civil Rights, on allegations of collaboration with police or state employees, despite private person's incapacity to act under color of law and or authority, <u>United States v. Lester</u> CA 6(KY) 1966, 363 F2d 68 cert denied 87 SCt 951, 368 U.S. 938, 17 LEd 2d 813.

42 U.SC § 1985(2) Provides:

"If two or more persons conspire for the purpose of hindering, impeding, obstructing or defeating in any

000896

MANNER, the due course of justice, in any state or territory, with the Intent to deny any citizen the equal protection of the laws, or to injure him in his property for lawfully enforcing or attempting to enforce the right of any person, or cause of any person, to the equal protection of the laws, an action for damages will lie", BRAWER v HUROWITZ, 535 F2d 830, 836-37 (3rd. Cir 1976); HOUSTON v PARTEE, 998 F2d 362, 367 (7th Cir 1992); SKOKOS v RHOADES, 440 F3d 957, 960 (8th Cir 2006); FORRESTER v WHITE, 486 U.S. 219, 227 (1988); LECHERC v WEBB, 419 F3d 405 (5th Cir 2005).

Any identifiable attorney, including
B10896

Pro Se litigates, or legal Representa-
tives in Any civil or criminal pro-
ceeding, should not be Restricted
in their communication, demands,
or requirements of the courts,
Taylor v Sterrett, 532 F2d 462, 474
(5th Cir 1976). In this situation it is A
breach of law and substantial consti-
tutional violation to hinder, deter,
or prevent legal mail, and or docu-
ments from reaching individuals,
And or court(s), who Are Assigned, And
or designated by circumstances to
Answer them, Gujarodo v Estelle,
580 F2d At 757-58; Faulkner v Mc
Locklin, 727 F Supp 600, 606 (N.D Ind 1990);

82 of 96

<u>Knop v Johnson</u>, 977 F2d 996, 100 (6th Cir 1992); <u>Richardson v McD onnell</u>, 841 F2d 120, 122 (5th Cir 1998); <u>Wilson v. Holman</u>, 793 F Supp. 920, 922-23 (E.D. mo. 1992); <u>Pagal v. Coughlin</u>, 613 F Supp. 848

An Act taken in retaliation for exercising of a constitutionally pro-tected right is actionable under § 1983 And the S.C Jort Claim Act pursuant to the gross negligence And deliberate indifference behind such acts, even if the act, when taken for different reasons, would have been proper, And the issue is whether the plaintiffs view the

Acts As Retaliatory, MATZKER v. HERR, 748 F2d 1142 (1984); SC Tort Claim Act; 42 U.S.C. § 1983; BUISE v. Hudkins, 584 F2d 223, 229 (1978). A person may maintain an action for damages against any person and or prison official who Retaliates against him for exercising his Right to seek judicial Relief, milhouse v. CARSON, 652 F2d 371, 373-74 (3Rd Cir 1981); MC Donald v. Hall, 610 F2d 16, 18 (1st Cir 1979).

The Holy Sovereign plaintiffs without a doubt view the acts of the conspiring defendents as acts of Retaliation for their free exercise of constitutionally

84 of 96

protected Rights. Persons in prison, like other individuals, have a right to petition the government for redress of grievances which, of course, include "Access of prisoners to courts for the purpose of presenting their complaints and the state may not abridge, nor impair; nor may they impermissibly burden its exercise. Moreover, there may be a claim based upon 8th Amendment prohibition of cruel and unusual punishment", Lingo v Boone, 402 FSupp 768, 775 (N.D. Cal 1975); Blanks v Cunningham, 409 F2d 220 (4th Cir 1969); Cruz v Beto, 405 U.S. 319, 321 (92 SCt 1079, 1081, 31 L.ed.2d

85 of 96

263 (1972); <u>Bounds v Smith</u>, 430 U.S. 817,
821, 97 SCt 1491, 1494, 52 LEd2d ** (1977);
<u>Ferranti v Moran</u>, 618 F2d 888, 891-92
(1st Cir 1980); <u>Hudspeth v Figgurs</u>, 584 F2d
1345, 1347 (4th Cir 1978) cert. denied 441
U.S. 913, 99 SCt 2013, 60 LEd2d 386 (1979).

42 U.SC § 1985 (3) Provides:

"For violations of the ku klux klan
Act, And or civil right litigation Act, to
state cause under these provisions of
§ 1985, Regarding the denial of the
Equal Protection of the laws And in-
jury to his property related thereto,
the plaintiff must demonstrate conspiracy
86a86

of two or more persons motivated
by specific class based invidiously dis-
criminatory animus ; to deprive the
Sovereign plaintiffs of the equal pro-
tection of the laws, which resulted in
damages to the Sovereign plaintiffs,
as a consequence of the overt acts
committed by said defendents in
connection to the conspiracy ", U.S.C.A.
Const Amend(s) 5 and 14 ; 42 U.S.C.A. § 1985
(3) ; MARTINEZ v WINNER, 771 F2d 424 ;
Tyrus v MARTINEZ, 106 SCt 1787, 475
U.S. 1138, 90 LEd 2d 333.

   42 U.S.C § 1986 Provide :
" EVERY PERSON, who having Know-
87 of 96

ledge that any of these wrongs conspired to be done, and mentioned in Section 1985 of this title, are about to be committed, and having power to prevent, or aid in the preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representative, for all damages caused by such wrongful acts, which such person by reasonable diligence could have prevented; and such damages may be covered in an action on the case; and any number of persons guilty of such wrongful

88896

Acts, or Refusal to Act, MAY BE JOINED AS DEFENDENTS iN THE Action".
This is the lynch-pin language which shows All these defendents listed MAY be joined As defendents iN this Action. 11th Amendment immunity is Abrogated, <u>Boddie v Connecticut</u>, 401 U.S. 371, 379, 91 SCt 780, 28 LEd 2d 113 (1971).

The Sovereign plaintiff's SEEK protective orders And injunctive Relief As is sought iN All the Attached documents within this Newly filed CASE to include the Appointing of Legal Counsel.

90 96

# Relief Sought:

(1) Insomuch, points (A) through (7) make up 20 various Torts and or causes of action Under the SC Tort Claim Act And or §1983. All these claims are either directly or indirectly related to medical claims because when they conspired to block my access to the courts behind a criminal and direct attack in efforts to maintain the head Sovereigns conviction by the continual suppression of the evidence sought, medical claims were also clearly embedded and attached within them

90096

having direct affect upon the claims presented. We seek sanctions and by sought sanctions they all be reviewed as such due to the prevalent conspiracy that exist in this case. Therefore, you have 20 issues at the cap of $1.2 million each bringing the total to $24 million for each of the sovereign plaintiffs.

(2) The sovereign plaintiffs seek 500 K each for pain and suffering.

(3) The sovereign plaintiffs seek 500 K each for distress and mental anguish.

(4) The lead sovereign plaintiff

970896

seeks the replacement of his jaguar with a current present date model of the Sovereigns choosing with tax, tags and insurance paid in full for 12 years the equivalent of his time incarcerated.

(5) The lead Sovereign seeks 300k for the loss of his home and land, the cost paid in full for his timeshare with all tax and maintenance fees, A laptop computer, IBM, with cd's, printer and ink, and all items lost listed in the Dillon case replaced.

(6) The Sovereign plaintiffs seek open and fully paid medical for the

920896

ENTIRE SPAN of their lives, paid in full with no deductable, globally, including all dental due to these egregious acts of mental and physical torture ~~crime~~ and outrageous crimes levied at the Sovereign plaintiffs.

(7) The Sovereign plaintiffs seek Declaratory judgment on all issues and claims argued within all documents Attached to the complaint including name change and title Reclamation, Release of evidence and Recalling all Remitittures in question with all other items sought in the 51 page affidavit dated April 23, 2012 And this 100 page document dated April 18, 2011, including

930896

The right to file forma pauperis within all state, federal and International courts.

(8) The Sovereign plaintiffs seek that all jurisdiction that was exercised by the Kershaw County Magistrate, Family Court for both the divorce and unjust seizure of the lead Sovereigns Holy offspring and the Court of General Sessions be rendered void to include any judgment of any kind, or decree be reversed and or rendered void.

(9) The Sovereign plaintiffs seek $300 million each in punitive damages

94 of 96

That will be sought before the federal court due to their failure to be in compliance to the summons Attached to 51 page Affidavit dated April 23, 2012.

(0) The $15 million for each plaintiff in the § 1983 writ class Action And the $15 Trillion will be sought in the New York or other states District Courts Actions, but will be officially sought frozen by this Action until Remedy / Relief forthwith is granted.

The defendents entered themselves into A secret And deliberate scheme to defraud the Sovereign plaintiffs and the members of the reestablished global

95 of 96

Theocratic State, planned and executed to tamper with the Administration of justice in a manner showing harm to the plaintiffs, subverting the integrity of the court itself, so that the judicial machinery cannot perform in its usual manner its impartial tasks of Adjudicating matters. Chewing v Ford Motor Co, 354 SC 72, 579 SE2d 605 (2003); Hazel-Atlas Glass Co. v. Hartford Empire Co. 322 U.S. 238, 64 SCt 997, 88 LEd 1250 (1944).

Wherefore the Sovereign of Sovereigns and his Holy offspring pray for this Relief, to include any and all other Relief deemed Just.

July 25, 2012

96 of 96

Respectfully

Aerialle Crawford

Exhibit

"JUDGE LEE # 1"

=

"File in CASE 1:14-cu-14176-ADB"

=

Julius W. McKay, II
Mark D. Cauthen
Daniel R. Settana, Jr.
M. Stephen Stubley
Janet Brooks Holmes
Peter P. Leventis

Kelli L. Sullivan*
Erin Farrell Farthing
Temus C. Miles, Jr.
David M. Bornemann
Brandon P. Jones
James E. L. Fickling

Law Offices

# McKay, Cauthen, Settana & Stubley, P.A.

P.O. Box 7217
Columbia, South Carolina 29202-7217

———

1303 Blanding Street
Columbia, South Carolina 29201

Douglas McKay, Jr.
(1917-2008)

Telephone
(803) 256-4645
Fax
(803) 765-1839
E-Mail
mms@mckayfirm.com
Web
www.mckayfirm.com

*S.C. Certified Mediator

June 17, 2014

**Via Hand Delivery:**
The Honorable L. Casey Manning
Chief Administrative Judge
Fifth Judicial Circuit
1201 Main St., Room 124
P.O. Box 192
Columbia, SC   29202-0192

Re:    Anthony Cook v. Attorney General's Office et al.
       Dominic Gallman v. Warden McKie, et al.
       Case No:    13-CP-40-00084, 13-CP-40-02294
       Claim Nos:  92579, 93510
       Our File No: 9-384

Dear Judge Manning:

Thank you for speaking with me this morning regarding my request for continuance in this case. I represent SCDC and the Attorney General's Office in cases 2013-CP-40-2294 (which was #4 on the trial roster for the week of June 23, 2014), as well as the companion case -0084. We have several motions pending in both of these cases, each of which have repeatedly been continued at the request of Plaintiffs.

As I mentioned in our conversation this morning, you have previously recused yourself in these cases involving inmate Lawrence Crawford, a/k/a Jah Jah Tishbite, King of the North. He has named a litany of defendants and members of the judiciary, including yourself, in various complaints around the country. As part of our request for a continuance, we also respectfully requested that these cases be consolidated and placed on the Complex Case Roster. For the sake of judicial expediency, we believe that a singular Judge hearing all further matters in these cases would provide much needed continuity and clarity.

Thank you again for agreeing to take care of our request for a continuance in this matter. I have enclosed a proposed order for your signature, should it meet your approval. If I can provide anything further to the court, please let me know.

Sincerely,

Meghan Hall

Meghan Hazelwood Hall

1 of 20

cc:   Anthony Cook #115157
      Lawrence L. Crawford, #300839
      Dominic Gallman #234627
      Aerialle J. Crawford
      Quinta D. Lee
      Paul Gunter (via hand delivery)
      Kristy Kohl (via hand delivery)

## Meghan Hall

| | |
|---|---|
| **From:** | Manning, L. Casey Law Clerk (Eve Goodstein) <CManningLC@sccourts.org> |
| **Sent:** | Thursday, June 19, 2014 4:07 PM |
| **To:** | Meghan Hall |
| **Cc:** | Paul Gunter (GUNTERP@rcgov.us); kohlk@rcgov.us |
| **Subject:** | RE: Gallman v. SCAG; C/A No. 2013-CP-40-2294 |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Meghan,

Judge Manning has signed your proposed order in this case.

Thank you,
Eve

**From:** Meghan Hall [mailto:mhall@mckayfirm.com]
**Sent:** Friday, June 13, 2014 12:26 PM
**To:** Manning, L. Casey Law Clerk (Eve Goodstein)
**Cc:** Paul Gunter (GUNTERP@rcgov.us); kohlk@rcgov.us; Manning, L. Casey Secretary (Ada H. James)
**Subject:** FW: Gallman v. SCAG; C/A No. 2013-CP-40-2294

Dear Eve,

I am following up again regarding our request for a continuance in the above-referenced matter. This case is presently #4 on the trial roster for the week of June 23, 2014. I failed to mention in my previous email that Judge Manning previously recused himself of matters involving one of the Plaintiffs in this case, inmate Lawrence Crawford, a/k/a Jah Jah Tishbite, as the Plaintiff claimed to have added him as a Defendant to another lawsuit. As such, we would seek a continuance on that additional ground, as well as the others I previously enumerated in my letters and emails to the Court. Finally, I am the associate handling this case, and I am scheduled to be out of town the week of June 23, 2014. I did not seek protection because this case was not ready for trial, and there are many outstanding motions in both 2013-CP-40-2994 and -0084, which require hearings before this case can be tried. We would respectfully request a continuance in this matter, and ask that these cases be consolidated and placed on the Complex Case Roster.

If I can provide any additional information to the court, or set up a status hearing, please let me know. I look forward to hearing from you at your earliest convenience.

Sincerely,
Meghan Hall

**Meghan Hazelwood Hall, Esq.**
McKay, Cauthen, Settana & Stubley, PA
1303 Blanding Street (29201)
P.O. Drawer 7217
Columbia, SC 29202-7217
803-256-4645 ext. 132
803-765-1839 (fax)
mhall@mckayfirm.com

3 of 20

## NOTICE OF MOTION SCHEDULING

**STATE OF
SOUTH CAROLINA**

February 11, 2014



**Motion "MMFDEF - Affidavit of Facts Seeking to File Objections to Counsel Sub" for Case: 2013CP4002294 - Dominic #234627 Gallman , plaintiff, et al vs   Warden McKie , defendant, et al has been added to the following Motions Roster:**

**648 - MOTION ROSTER MARCH 6, 2014 COURTROOM**

**This hearing of this motion has been scheduled for 3/6/2014 at 2:00 PM.**

The above referenced case is scheduled for a Motion Hearing before Judge Eugene C. Griffith, Jr. The Plaintiff's Attorney is to notify the Defendant in writing of the time and date of all Default and Damages Hearings. All requests for continuances must be in writing with a $25.00 filing fee and received by the Chief Administrative Judge prior to the hearing. A request for a continuance does not guarantee that a case will be continued. Please notify the Court in writing if the Motions are resolved prior to the hearing. Please file any briefs or memorandum the Wednesday before the week of the hearing. ALL ATTORNEYS MUST SEND A PROPOSED ORDER OR MEMORANDUM OF LAW BY Wednesday, February 26, 2014 FOR THE MOTION HEARING THAT IS BEING HEARD ON HARD COPY AND DISK:  OR IT CAN BE SENT BY EMAIL TO EGriffithLC@sccourts.org.

| Mail Notice To: | Court Info: |
|---|---|
| Lawrence L. # 300839 Crawford
Lieber Correctional Inst.
Po Box 205
Ridgeville, SC 29472 | Richland County Common Pleas
Richland County Judicial Center
1701 Main Street
Columbia, SC 29201-9201 |

Judge L. Casey Manning
Chief Adminstrative Judge
Fifth Judicial Circuit

4 of 20

NOTICE OF MOTION SCHEDULING

 Exhibit Benjamin No. 2

**STATE OF**
**SOUTH CAROLINA**

March 20, 2014



Motion "MMSTAY - Affidavit of Facts Seeking to File Objection to Defendants'" for Case: 2013CP4000084 - Anthony #115157 Cook , plaintiff, et al vs   CPL Bouch , defendant, et al has been added to the following Motions Roster:

### 668 - MOTION ROSTER APRIL 3, 2014 COURTROOM 3-B

This hearing of this motion has been scheduled for 4/3/2014 at 9:30 AM.

The above referenced case is scheduled for a Motion Hearing before Judge Alison R. Lee. The Plaintiff's Attorney is to notify the Defendant in writing of the time and date of all Default and Damages Hearings.  All requests for continuances must be in writing with a $25.00 filing fee and received by the Chief Administrative Judge prior to the hearing.  A request for a continuance does not guarantee that a case will be continued.  Please notify the Court in writing if the Motions are resolved prior to the hearing.  Please file any briefs or memorandum the Wednesday before the week of the hearing.  ALL ATTORNEYS MUST SEND A PROPOSED ORDER OR MEMORANDUM OF LAW BY Wednesday, March 26, 2014 FOR THE MOTION HEARING THAT IS BEING HEARD ON HARD COPY AND DISK:  OR IT CAN BE SENT BY EMAIL TO ALeeLC@sccourts.org.

| Mail Notice To: | Court Info: |
|---|---|
| Anthony #115157 Cook<br>Lieber Correctional Instution<br>P O Box 205<br>Ridgeville, SC 29472 | Richland County Common Pleas<br>Richland County Judicial Center<br>1701 Main Street<br>Columbia, SC 29201-9201 |

Judge James R. Barber III
Chief Adminstrative Judge
Fifth Judicial Circuit

5 of 20

Julius W. McKay, II
Mark D. Cauthen
Daniel R. Settana, Jr.
M. Stephen Stubley
Janet Brooks Holmes
Peter P. Leventis, IV
Kelli L. Sullivan*

Temus C. Miles, Jr.
David M. Bornemann
Brandon P. Jones
James E. L. Fickling+
Richard E. Marsh, III
Meghan H. Hall

Law Offices
# McKay, Cauthen, Settana & Stubley, P.A.

P.O. Box 7217
Columbia, South Carolina 29202-7217

———

1303 Blanding Street
Columbia, South Carolina 29201

Douglas McKay, Jr.
(1917-2008)

Telephone
(803) 256-4645
Fax
(803) 765-1839
E-Mail
mms@mckayfirm.com
Web
www.mckayfirm.com

*S.C. Certified Mediator
+ Also licensed in N.C.

September 29, 2014

**Via Hand Delivery:**
The Honorable DeAndrea G. Benjamin
1201 Main Street
P.O. Box 192
Columbia, SC 29202-0192

Re:     Anthony Cook v. Attorney General's Office et al.
        Dominic Gallman v. Warden McKie, et al.
        Case No:      13-CP-40-02294
        Claim Nos:    92579, 93510
        Our File No:  9-384

Dear Judge Benjamin:

I am writing to send a proposed order in the above referenced matter, civil action number 2013-CP-40-02294.

This matter was scheduled for a hearing on Defendants South Carolina Department of Corrections, South Carolina Attorney General, Chief Deputy Attorney General, Erin Farthing, and McKay, Cauthen, Settana and Stubley's ("Defendants") Motions to Dismiss on September 12, 2014, in the Common Pleas Court for Richland County, South Carolina. On that date, you ruled that the case was dismissed, and gave Plaintiffs 15 days from the date of the hearing to provide any proof of service that may exist.

To date, I am unaware of any such proof of service submitted by the Plaintiffs in this case. I have enclosed a Proposed Order dismissing this case with prejudice, pursuant to your instructions. If this order meets your approval, I would ask that you please sign and return to me for filing in the enclosed, self-addressed envelope.

6 of 20

McKay, Cauthen, Settana & Stubley, P.A.

By copy of this letter to Plaintiffs, I am informing them of the same. Thank you very much for your consideration in this matter and please do not hesitate to contact me with any questions.

Sincerely,

*Meghan Hall*

Meghan H. Hall

cc:    Anthony Cook #115157
       Lawrence L. Crawford, #300839
       Dominic Gallman #234627
       Aerialle J. Crawford
       Quinta D. Lee
       Paul Gunter

7 of 20

Julius W. McKay, II
Mark D. Cauthen
Daniel R. Settana, Jr.
M. Stephen Stubley
Janet Brooks Holmes
Peter P. Leventis

Kelli L. Sullivan*
Erin Farrell Farthing
Temus C. Miles, Jr.
David M. Bornemann
Brandon P. Jones
James E. L. Fickling

Law Offices
MCKAY, CAUTHEN, SETTANA & STUBLEY, P.A.

P.O. Box 7217
Columbia, South Carolina 29202-7217

1303 Blanding Street
Columbia, South Carolina 29201

Douglas McKay, Jr.
(1917-2008)

Telephone
(803) 256-4645
Fax
(803) 765-1839
E-Mail
mms@mckayfirm.com
Web
www.mckayfirm.com

*S.C. Certified Mediator

June 17, 2014

**Via Hand Delivery:**
The Honorable L. Casey Manning
Chief Administrative Judge
Fifth Judicial Circuit
1201 Main St., Room 124
P.O. Box 192
Columbia, SC   29202-0192

Re:    Anthony Cook v. Attorney General's Office et al.
       Dominic Gallman v. Warden McKie, et al.
       Case No:    13-CP-40-00084, 13-CP-40-02294
       Claim Nos:  92579, 93510
       Our File No: 9-384

Dear Judge Manning:

Thank you for speaking with me this morning regarding my request for continuance in this case. I represent SCDC and the Attorney General's Office in cases 2013-CP-40-2294 (which was #4 on the trial roster for the week of June 23, 2014), as well as the companion case -0084. We have several motions pending in both of these cases, each of which have repeatedly been continued at the request of Plaintiffs.

As I mentioned in our conversation this morning, you have previously recused yourself in these cases involving inmate Lawrence Crawford, a/k/a Jah Jah Tishbite, King of the North. He has named a litany of defendants and members of the judiciary, including yourself, in various complaints around the country. As part of our request for a continuance, we also respectfully requested that these cases be consolidated and placed on the Complex Case Roster. For the sake of judicial expediency, we believe that a singular Judge hearing all further matters in these cases would provide much needed continuity and clarity.

Thank you again for agreeing to take care of our request for a continuance in this matter. I have enclosed a proposed order for your signature, should it meet your approval. If I can provide anything further to the court, please let me know.

Sincerely,

Meghan Hall

Meghan Hazelwood Hall

8 of 20

cc:   Anthony Cook #115157
      Lawrence L. Crawford, #300839
      Dominic Gallman #234627
      Aerialle J. Crawford
      Quinta D. Lee
      Paul Gunter (via hand delivery)
      Kristy Kohl (via hand delivery)



9 of 20

MCKAY, CAUTHEN, SETTANA & STUBLEY, P.A.



Mr. Paul Gunter
June 28, 2013
Page Two

Thank you very much for your consideration in this matter and please do not hesitate to contact me with any questions.

Sincerely,

Erin Farrell Farthing

EFF/cma

cc:   Anthony Cook #115157
      Lawrence L. Crawford, #300839
      Aerialle J. Crawford
      Quinta D. Lee

10 of 20

# NOTICE OF MOTION SCHEDULING

**STATE OF**
**SOUTH CAROLINA**

### March 20, 2014



**Motion "MMSTAY - Affidavit of Facts Seeking to File Objection to Defendants'" for Case: 2013CP4000084 - Anthony #115157 Cook , plaintiff, et al vs   CPL Bouch , defendant, et al has been added to the following Motions Roster:**

**668 - MOTION ROSTER APRIL 3, 2014 COURTROOM 3-B**

**This hearing of this motion has been scheduled for 4/3/2014 at  9:30 AM.**

The above referenced case is scheduled for a Motion Hearing before Judge Alison R. Lee. The Plaintiff's Attorney is to notify the Defendant in writing of the time and date of all Default and Damages Hearings.  All requests for continuances must be in writing with a $25.00 filing fee and received by the Chief Administrative Judge prior to the hearing.  A request for a continuance does not guarantee that a case will be continued.  Please notify the Court in writing if the Motions are resolved prior to the hearing.  Please file any briefs or memorandum the Wednesday before the week of the hearing.  ALL ATTORNEYS MUST SEND A PROPOSED ORDER OR MEMORANDUM OF LAW BY Wednesday,  March 26, 2014 FOR THE MOTION HEARING THAT IS BEING HEARD ON HARD COPY AND DISK:  OR IT CAN BE SENT BY EMAIL TO ALeeLC@sccourts.org.

| Mail Notice To: | Court Info: |
|---|---|
| Lawrence #300839 Crawford<br>Kirkland Correctional Inst.<br>4344 Broad River Road<br>Columbia, SC 29210 | Richland County Common Pleas<br>Richland County Judicial Center<br>1701 Main Street<br>Columbia, SC 29201-9201 |

Judge James R. Barber III
Chief Adminstrative Judge
Fifth Judicial Circuit

11 of 20

## NOTICE OF MOTION SCHEDULING

**STATE OF**
**SOUTH CAROLINA**

**March 20, 2014**



**Motion "MMFDEF - Affidavit of Facts Opposing Defendants Notice of Motion to D" for Case: 2013CP4000084 - Anthony #115157 Cook , plaintiff, et al vs   CPL Bouch , defendant, et al has been added to the following Motions Roster:**

**668 - MOTION ROSTER APRIL 3, 2014 COURTROOM 3-B**

**This hearing of this motion has been scheduled for 4/3/2014 at  9:30 AM.**

The above referenced case is scheduled for a Motion Hearing before Judge Alison R. Lee. The Plaintiff's Attorney is to notify the Defendant in writing of the time and date of all Default and Damages Hearings.  All requests for continuances must be in writing with a $25.00 filing fee and received by the Chief Administrative Judge prior to the hearing.  A request for a continuance does not guarantee that a case will be continued.  Please notify the Court in writing if the Motions are resolved prior to the hearing.  Please file any briefs or memorandum the Wednesday before the week of the hearing.  ALL ATTORNEYS MUST SEND A PROPOSED ORDER OR MEMORANDUM OF LAW BY Wednesday,  March 26, 2014 FOR THE MOTION HEARING THAT IS BEING HEARD ON HARD COPY AND DISK:  OR IT CAN BE SENT BY EMAIL TO ALeeLC@sccourts.org.

| Mail Notice To: | Court Info: |
|---|---|
| Lawrence #300839 Crawford<br>Kirkland Correctional Inst.<br>4344 Broad River Road<br>Columbia, SC 29210 | Richland County Common Pleas<br>Richland County Judicial Center<br>1701 Main Street<br>Columbia, SC 29201-9201 |

Judge James R. Barber III
Chief Adminstrative Judge
Fifth Judicial Circuit

12 of 20

## NOTICE OF MOTION SCHEDULING

**STATE OF
SOUTH CAROLINA**

March 20, 2014



**Motion "MSUPPL - Affidavit of Facts and or Motion to Supplement The
Writs of" for Case: 2013CP4000084 - Anthony #115157 Cook , plaintiff,
et al vs   CPL Bouch , defendant, et al has been added to the following
Motions Roster:**

**668 - MOTION ROSTER APRIL 3, 2014 COURTROOM 3-B**

**This hearing of this motion has been scheduled for 4/3/2014 at  9:30 AM.**

The above referenced case is scheduled for a Motion Hearing before Judge Alison R. Lee.
The Plaintiff's Attorney is to notify the Defendant in writing of the time and date of all
Default and Damages Hearings.  All requests for continuances must be in writing with a
$25.00 filing fee and received by the Chief Administrative Judge prior to the hearing.  A
request for a continuance does not guarantee that a case will be continued.  Please notify the
Court in writing if the Motions are resolved prior to the hearing.  Please file any briefs or
memorandum the Wednesday before the week of the hearing.  ALL ATTORNEYS MUST
SEND A PROPOSED ORDER OR MEMORANDUM OF LAW BY Wednesday,  March 26,
2014 FOR THE MOTION HEARING THAT IS BEING HEARD ON HARD COPY AND
DISK:  OR IT CAN BE SENT BY EMAIL TO ALeeLC@sccourts.org.

| Mail Notice To: | Court Info: |
|---|---|
| Lawrence #300839 Crawford<br>Kirkland Correctional Inst.<br>4344 Broad River Road<br>Columbia, SC 29210 | Richland County Common Pleas<br>Richland County Judicial Center<br>1701 Main Street<br>Columbia, SC 29201-9201 |

Judge James R. Barber III
Chief Adminstrative Judge
Fifth Judicial Circuit

13 of 20

# NOTICE OF MOTION SCHEDULING

**STATE OF
SOUTH CAROLINA**

· March 20, 2014



**Motion "MSTRIK - Affidavit of Facts Seeking to Stike; Motion For Judicial Not" for Case: 2013CP4000084 - Anthony #115157 Cook , plaintiff, et al vs  CPL Bouch , defendant, et al has been added to the following Motions Roster:**

**668 - MOTION ROSTER APRIL 3, 2014 COURTROOM 3-B**

**This hearing of this motion has been scheduled for 4/3/2014 at  9:30 AM.**

The above referenced case is scheduled for a Motion Hearing before Judge Alison R. Lee. The Plaintiff's Attorney is to notify the Defendant in writing of the time and date of all Default and Damages Hearings. All requests for continuances must be in writing with a $25.00 filing fee and received by the Chief Administrative Judge prior to the hearing. A request for a continuance does not guarantee that a case will be continued. Please notify the Court in writing if the Motions are resolved prior to the hearing. Please file any briefs or memorandum the Wednesday before the week of the hearing. ALL ATTORNEYS MUST SEND A PROPOSED ORDER OR MEMORANDUM OF LAW BY Wednesday,  March 26, 2014 FOR THE MOTION HEARING THAT IS BEING HEARD ON HARD COPY AND DISK:  OR IT CAN BE SENT BY EMAIL TO ALeeLC@sccourts.org.

| Mail Notice To: | Court Info: |
|---|---|
| Lawrence #300839 Crawford<br>Kirkland Correctional Inst.<br>4344 Broad River Road<br>Columbia, SC 29210 | Richland County Common Pleas<br>Richland County Judicial Center<br>1701 Main Street<br>Columbia, SC 29201-9201 |

Judge James R. Barber III
Chief Adminstrative Judge
Fifth Judicial Circuit

14 of 20

## NOTICE OF MOTION SCHEDULING

**STATE OF**
**SOUTH CAROLINA**

**March 20, 2014**



**Motion "MMFDEF - Motion For Default and Judgment" for Case:**
**2013CP4000084 - Anthony #115157 Cook , plaintiff, et al vs   CPL Bouch**
**, defendant, et al has been added to the following Motions Roster:**


**668 - MOTION ROSTER APRIL 3, 2014 COURTROOM 3-B**

**This hearing of this motion has been scheduled for 4/3/2014 at  9:30 AM.**


The above referenced case is scheduled for a Motion Hearing before Judge Alison R. Lee.
The Plaintiff's Attorney is to notify the Defendant in writing of the time and date of all
Default and Damages Hearings.  All requests for continuances must be in writing with a
$25.00 filing fee and received by the Chief Administrative Judge prior to the hearing.  A
request for a continuance does not guarantee that a case will be continued.  Please notify the
Court in writing if the Motions are resolved prior to the hearing.  Please file any briefs or
memorandum the Wednesday before the week of the hearing.  ALL ATTORNEYS MUST
SEND A PROPOSED ORDER OR MEMORANDUM OF LAW BY Wednesday,  March 26,
2014 FOR THE MOTION HEARING THAT IS BEING HEARD ON HARD COPY AND
DISK:  OR IT CAN BE SENT BY EMAIL TO ALeeLC@sccourts.org.


| Mail Notice To: | Court Info: |
| --- | --- |
| Lawrence #300839 Crawford<br>Kirkland Correctional Inst.<br>4344 Broad River Road<br>Columbia, SC 29210 | Richland County Common Pleas<br>Richland County Judicial Center<br>1701 Main Street<br>Columbia, SC 29201-9201 |


Judge James R. Barber III
Chief Adminstrative Judge
Fifth Judicial Circuit

15 of 20

# NOTICE OF MOTION SCHEDULING

**STATE OF
SOUTH CAROLINA**

March 20, 2014



**Motion "MDISMS - Motion to Dismiss S.C. Attorney General and Chief
Deputy Att" for Case: 2013CP4000084 - Anthony #115157 Cook ,
plaintiff, et al vs   CPL Bouch , defendant, et al has been added to the
following Motions Roster:**

**668 - MOTION ROSTER APRIL 3, 2014 COURTROOM 3-B**

**This hearing of this motion has been scheduled for 4/3/2014 at  9:30 AM.**

The above referenced case is scheduled for a Motion Hearing before Judge Alison R. Lee.
The Plaintiff's Attorney is to notify the Defendant in writing of the time and date of all
Default and Damages Hearings.  All requests for continuances must be in writing with a
$25.00 filing fee and received by the Chief Administrative Judge prior to the hearing.  A
request for a continuance does not guarantee that a case will be continued.  Please notify the
Court in writing if the Motions are resolved prior to the hearing.  Please file any briefs or
memorandum the Wednesday before the week of the hearing.  ALL ATTORNEYS MUST
SEND A PROPOSED ORDER OR MEMORANDUM OF LAW BY Wednesday,  March 26,
2014 FOR THE MOTION HEARING THAT IS BEING HEARD ON HARD COPY AND
DISK:  OR IT CAN BE SENT BY EMAIL TO ALeeLC@sccourts.org.

| Mail Notice To: | Court Info: |
|---|---|
| Lawrence #300839 Crawford<br>Kirkland Correctional Inst.<br>4344 Broad River Road<br>Columbia, SC 29210 | Richland County Common Pleas<br>Richland County Judicial Center<br>1701 Main Street<br>Columbia, SC 29201-9201 |

Judge James R. Barber III
Chief Adminstrative Judge
Fifth Judicial Circuit

16 of 20

# NOTICE OF MOTION SCHEDULING

**STATE OF**
**SOUTH CAROLINA**

**March 20, 2014**



**Motion "MSUBCN - Motion For Substitution of Counsel" for Case:**
**2013CP4000084 - Anthony #115157 Cook , plaintiff, et al vs   CPL Bouch**
**, defendant, et al has been added to the following Motions Roster:**

## 668 - MOTION ROSTER APRIL 3, 2014 COURTROOM 3-B

**This hearing of this motion has been scheduled for 4/3/2014 at  9:30 AM.**

The above referenced case is scheduled for a Motion Hearing before Judge Alison R. Lee.
The Plaintiff's Attorney is to notify the Defendant in writing of the time and date of all
Default and Damages Hearings.  All requests for continuances must be in writing with a
$25.00 filing fee and received by the Chief Administrative Judge prior to the hearing.  A
request for a continuance does not guarantee that a case will be continued.  Please notify the
Court in writing if the Motions are resolved prior to the hearing.  Please file any briefs or
memorandum the Wednesday before the week of the hearing.  ALL ATTORNEYS MUST
SEND A PROPOSED ORDER OR MEMORANDUM OF LAW BY Wednesday,  March 26,
2014 FOR THE MOTION HEARING THAT IS BEING HEARD ON HARD COPY AND
DISK:  OR IT CAN BE SENT BY EMAIL TO ALeeLC@sccourts.org.

| Mail Notice To: | Court Info: |
|---|---|
| Lawrence #300839 Crawford<br>Kirkland Correctional Inst.<br>4344 Broad River Road<br>Columbia, SC 29210 | Richland County Common Pleas<br>Richland County Judicial Center<br>1701 Main Street<br>Columbia, SC 29201-9201 |

Judge James R. Barber III
Chief Adminstrative Judge
Fifth Judicial Circuit

17 of 20

**NOTICE OF MOTION SCHEDULING**

STATE OF
SOUTH CAROLINA

March 20, 2014



Motion "MDISMS - Motion to Dismiss" for Case: 2013CP4000084 -
Anthony #115157 Cook , plaintiff, et al vs   CPL Bouch , defendant, et al
has been added to the following Motions Roster:

**668 - MOTION ROSTER APRIL 3, 2014 COURTROOM 3-B**

**This hearing of this motion has been scheduled for 4/3/2014 at  9:30 AM.**

The above referenced case is scheduled for a Motion Hearing before Judge Alison R. Lee.
The Plaintiff's Attorney is to notify the Defendant in writing of the time and date of all
Default and Damages Hearings.  All requests for continuances must be in writing with a
$25.00 filing fee and received by the Chief Administrative Judge prior to the hearing.  A
request for a continuance does not guarantee that a case will be continued.  Please notify the
Court in writing if the Motions are resolved prior to the hearing.  Please file any briefs or
memorandum the Wednesday before the week of the hearing.  ALL ATTORNEYS MUST
SEND A PROPOSED ORDER OR MEMORANDUM OF LAW BY Wednesday,  March 26,
2014 FOR THE MOTION HEARING THAT IS BEING HEARD ON HARD COPY AND
DISK:  OR IT CAN BE SENT BY EMAIL TO ALeeLC@sccourts.org.

| Mail Notice To: | Court Info: |
|---|---|
| Lawrence #300839 Crawford<br>Kirkland Correctional Inst.<br>4344 Broad River Road<br>Columbia, SC 29210 | Richland County Common Pleas<br>Richland County Judicial Center<br>1701 Main Street<br>Columbia, SC 29201-9201 |

Judge James R. Barber III
Chief Administrative Judge
Fifth Judicial Circuit

18 of 20

## NOTICE OF MOTION SCHEDULING

STATE OF
SOUTH CAROLINA

**February 11, 2014**



**Motion "MMFDEF - Affidavit of Facts Seeking to File Objections to Counsel Sub" for Case: 2013CP4002294 - Dominic #234627 Gallman , plaintiff, et al vs   Warden McKie , defendant, et al has been added to the following Motions Roster:**

**648 - MOTION ROSTER MARCH 6, 2014 COURTROOM**

**This hearing of this motion has been scheduled for 3/6/2014 at  2:00 PM.**

The above referenced case is scheduled for a Motion Hearing before Judge Eugene C. Griffith, Jr. The Plaintiff's Attorney is to notify the Defendant in writing of the time and date of all Default and Damages Hearings.  All requests for continuances must be in writing with a $25.00 filing fee and received by the Chief Administrative Judge prior to the hearing.  A request for a continuance does not guarantee that a case will be continued.  Please notify the Court in writing if the Motions are resolved prior to the hearing.  Please file any briefs or memorandum the Wednesday before the week of the hearing.  ALL ATTORNEYS MUST SEND A PROPOSED ORDER OR MEMORANDUM OF LAW BY Wednesday, February 26, 2014 FOR THE MOTION HEARING THAT IS BEING HEARD ON HARD COPY AND DISK:  OR IT CAN BE SENT BY EMAIL TO EGriffithLC@sccourts.org.

| Mail Notice To: | Court Info: |
|---|---|
| Lawrence L. # 300839 Crawford<br>Lieber Correctional Inst.<br>Po Box 205<br>Ridgeville, SC 29472 | Richland County Common Pleas<br>Richland County Judicial Center<br>1701 Main Street<br>Columbia, SC 29201-9201 |

Judge L. Casey Manning
Chief Adminstrative Judge
Fifth Judicial Circuit

19 of 20

# NOTICE OF MOTION SCHEDULING

STATE OF
SOUTH CAROLINA

February 11, 2014



**Motion "MMSTAY - Affidavit of Facts Seeking to File Objection to Defendants'" for Case: 2013CP4002294 - Dominic #234627 Gallman , plaintiff, et al vs   Warden McKie , defendant, et al has been added to the following Motions Roster:**

**648 - MOTION ROSTER MARCH 6, 2014 COURTROOM**

**This hearing of this motion has been scheduled for 3/6/2014 at  2:00 PM.**

The above referenced case is scheduled for a Motion Hearing before Judge Eugene C. Griffith, Jr. The Plaintiff's Attorney is to notify the Defendant in writing of the time and date of all Default and Damages Hearings. All requests for continuances must be in writing with a $25.00 filing fee and received by the Chief Administrative Judge prior to the hearing.  A request for a continuance does not guarantee that a case will be continued.  Please notify the Court in writing if the Motions are resolved prior to the hearing.  Please file any briefs or memorandum the Wednesday before the week of the hearing.  ALL ATTORNEYS MUST SEND A PROPOSED ORDER OR MEMORANDUM OF LAW BY Wednesday,  February 26, 2014 FOR THE MOTION HEARING THAT IS BEING HEARD ON HARD COPY AND DISK:  OR IT CAN BE SENT BY EMAIL TO EGriffithLC@sccourts.org.

| Mail Notice To: | Court Info: |
|---|---|
| Lawrence L. # 300839 Crawford<br>Lieber Correctional Inst.<br>Po Box 205<br>Ridgeville, SC 29472 | Richland County Common Pleas<br>Richland County Judicial Center<br>1701 Main Street<br>Columbia, SC 29201-9201 |

Judge L. Casey Manning
Chief Adminstrative Judge
Fifth Judicial Circuit

20 of 20

Exhibit

" JUDGE LEE # 2 "

" FILE IN CASE 1; 14-CV-14176-ADB "

# Certificate of Service

RICHLAND COUNTY
FILED

2014 MAY 13  AM 8:39

JEANETTE M. McBRIDE
S.C.P. & FCC

We, Thompson, Cook, Crawford & Lee
et al, do hereby certify that we
have mailed and or served a copy
of an Affidavit of Facts Giving Judicial
Notice; Seeking Default and Judgment;
Seeking To File objections; Renewing
the Petition To Remove; Renewing
Request For The appointment of legal
counsel under ADA; seeking To
suspend or relax the Rules for any
defect in filing, service or Form;
seeking To supplement the Writ

1 of ~~20~~ 92

of mandamus, (80) pages dated May 2, 2014, on the Richland Court, Attorney for defendants, the U.S. District Court, the 3rd Circuit and all involved parties, by U.S. mail postage prepaid by placing it in the institution mailbox on May 2, 2014. Thus, it is filed that date, Huston v Lack, 287 U.S. 266, 273-76, 108 SCt 2379 (1988).

Respectfully

Douglas M Jross
Anthony Cook
Dominic Gallman

May 2, 2014

State of South Carolina

Richland County

State of New Jersey

Bergen County

State of New Jersey

State of S. Carolina

Court of Appeals

Court of Common Pleas

5th Judicial Circuit

The Superior Court

The Civil Division

U.S. District Court

U.S. District Court

For The 3rd Circuit

Douglas M. Thompson,

Lawrence L Crawford

AKA Jonah Gabriel

Jahjah T. Tishbite,

Anthony Cook

CASE 2013-CP-400-0084, 2294

Also Related to cases

14-2000 3rd Circuit

5:13-CV-3415-DCN

2013-CP-400-2294

308 ~~~~ 92

Aerialle T. Crawford
Quinta D. Lee et al,

plaintiffs

14-CV-2218-ES

BER-L-1708-14-1708-
14 et al.,

26-13 PCR and all

RELEVANT CASES
RELATED THERETO

Affidavit of Facts

Giving Judicial Notice;

Seeking Default and

Judgment ; Seeking

To File Objections;

Renewing the

4 of 92

VS.

Petition To Remove;
Renewing Request
For The Appointment
of legal counsel
under ADA; seek-
ing To Suspend or
Relax the Rules
For Any defect in
filing, service or
form; seeking To
Supplement the
Writ of Mandamus

Judge David Norton
Cpl. Bauch et Al,
defendants

In. Re: To Case 2013-CP-400-0084
5 of ███ 92

And 2013-CP-400-2294 pending in
The Richland County Court of Commons
Pleas

    To: The Richland Court of Commons
Pleas,
        The New Jersey District Court,
        The South Carolina District Court,
        The 3rd Circuit Appeals Court,
        The New Jersey Superior
Court,
        The SC Attorney General,
        The SC Dept of Corrections et.
al.,
        The plaintiffs give judicial

6 of 92

Notice there the parties will find if
the documents have not already
been previously served upon you,
copies of :

(1) A copy of the Certificate of
Service and the Writ of mandamus
dated march, 24, 2014 and the
(5) page affidavit for sanctions dated
April 16, 2014 in case 14-2000 3rd
Circuit.

(2) Certificate of Service and copy
of affidavit of facts Giving Judicial
notice; seeking rehearing; Petition

7of ▮▮▮ 92

To Remove ; seeking To suspend or relax the Rules For any defeet in Form, supplementing the New Jersey Complaint and mandamus, (38) pages dated April 28, 2014 Related To case 26-13 et al . This document is used to argue the issue of modern day slavery and the F.S.I.A..

(3) A copy of the certificate of service and Affidavit of Facts seeking Recusal ; motion To Disqualify ; motion For Judicial Notice ; motion For change of Venue And motion To motion there For filed in case 26-13 further

80 of 92

highlighting the complexity of this case, all cases sought consolidated.

(4) A copy of the Certificate of Service and Affidavit of Facts Giving Judicial Notice; Petition To Remove, (15) pages dated April 22, 2014. This case was filed in New Jersey seeking to disqualify the State of South Carolina in its entirety in handling any civil or criminal case related to these matters including "0084" and "2294" in the Richland County Court. The cases are now removed by Dayhas Thompson in case 14-CV-2218-ES.

9 of ███ 92

(5) This is the complaint that makes up case 14:cu-2218-ES. For the record this is not service. I am force to give you prenotice for the sake of filing this document only.

(6) A copy of Notice of motion scheduling dated February 11, 2014 related to case 2013-cp-400-2094. This proves Judge Griffin knew by law he could not proceed with this case since it was petitioned removed, knowing he could not even file in the case ~~service~~ an order of continu-ance until the case was remanded.

10 of ~~~~ 92

The same situation existed in case 2013-CP-400-0084. Yet Judge Lee in acts of fraud on the court, filed an order of continuance knowing fully well she did not have jurisdiction to do so until the case was remanded.

(7)   A copy of the (19) page complaint that make up case BER-L-1708-14 et al. seeking to disqualify the state of South Carolina.

(8)   A copy of the amended complaint and summons filed in case 2013-CP-400-2294 also filed in case BER-L-1708-14 et al. and all other related cases.

Note that it is clocked stamped by the superior court of New Jersey. Notice that on page (31) of the (160) page Amended complaint that case 2013-cp-400-0084 has been made an intrinsic part of case 2013-cp-400-0294. Also take notice of the order from Hudson County dated December 10, 2013 and Essex County dated January 10, 2014. Once these documents are filed properly with any court, this means the plaintiffs in case 2013-cp-400-0084 have been officially amended by order to include all plaintiffs

13 of 92

listed in the documents. Since all plaintiffs were not before the court on April 3, 2014 where judge Lee issued the order of continuance, it can not be deemed proper or valid since all plaintiffs now party to this case were not present. We objected at the proceedings held on April 3, 2014, we object now. Please do not ever bring us before the courts if all plaintiffs are not present.

(9)   A copy of the attorney Kays letter dated October 27, 2013. This is the initial discovery sought in all

136 of 92

relevant cases by mandamus, injunctive relief and or protective order, which include the appointing of legal counsel in all related cases by writ of mandamus in case 14-2000. I, Douglas Thompson supplement the mandamus to require this.

(10) A copy of the certification of counsel filed in case-BER-L-1708-14 et al. and Exhibits.

(11) A copy of the PCR in case 26-13 and the legal issue that is at the heart of the matter in all related

14 of 92

CASES (69) pages.

(12) A copy of the letter to the Florence District Court providing the petition to remove case 2013-CP-400-0084 was placed in the mailbox on April 2, 2014 pursuant to Houston v Lack, 287 U.S 266, 273-76, 108 SCt 2379 (1988), being filed on that date.

(13) A copy of the certificate of service and motion To Supplement the Writ of mandamus being processed (14-2000) in the 3rd Circuit and the § 1983 in pat (CASE 14-cv-2218-IES),

15 of ~~■■■~~ 92

Petition To Remove ; Motion For Reusal, (12) pages dated April 1, 2014. Note that it is clocked stamped by the Richland Court on April 3, 2014. This means under Rule 82(c) the court was to proceed no further until the case was remanded. Yet, despite not having jurisdiction. You will now see a copy of form (1) from the Richland Court showing an order of continuance was filed in the case in clear de- fiance of Rule 82(c) making that order of continuance void.

(15) A copy of the original complaint

16 of ▮▮ 92

And summons, (19) pages dated December 24, 2012 filed January 4, 2013, And the amemberized complaint (32) pages dated January 9, 2013. These documents prove they had one year to get us before the court to adjudicate the case or place an order of continuance in the case or default. Such was to occur before the (365) days expired not after. This is the main issue of concern that produces this document. The parties and court defaulted creating a procedural defect and or error requiring default,

17 of ~~200~~ 92

discovery, the appointing of counsel and this case being placed before a jury. Any claims of lack of service etc must be deemed waived in fundamental fairness to the plaintiffs.

Judicial notice takes place of proof. It simply means that the court will admit into evidence and consider, without proof of facts, matters of common and general knowledge, Moss v Aetna Life Ins Co., 228 SE2d 108; State v Broad River Power Co., 177 SC 240, 180 SE 41; 31 C.J.S.

18 of 92

Evidence §§ 6 and 9; ~~Federal~~ Rules of Evidence, Rule 201(a).

This is a manifest constitutional ERROR. An error on the part of the trial court that has an identifiably negative impact on the proceedings to such a degree, that the constitutional DUE Process Rights of the party are compromised. A manifest constitutional error can be reviewed by an appellate court even if the plaintiff did not object at the proceedings. Yet in this case

1908 ■■■■ 92

We did object at the April 3, 2014 hearing (Black Law Dictionary 8th Edition). We seek sanctions.

The plaintiffs humbly contend, in pursuant to Article V & 4 of the South Carolina Constitution:

Common Pleas Order

Effective date October 1, 1983

IT IS ORDERED, that all common pleas cases in the state of South Carolina "shall" be disposed of within (365) days from the date of filing of the initial complaint in 2006▬▬ 92

EACH CASE. PROVIDED, however, that the Circuit Court may continue a common pleas case beyond (365) days by written order stating the reasons therefore if the court determines that exceptional circumstances exist in the case.

It is FURTHER ORDERED, that each Circuit Court judge is to continue any and all common pleas cases which have been pending for a period less than (365) days from the date of the initial (emphasis added) filing of each

2 of _ 95

complaint until such time as there are no cases exceeding (365) days (emphasis added) from the date of the filing of the initial complaint in each case (emphasis added). Cases shall be disposed in chronological order beginning with the oldest case. This shall not include cases which do not require a hearing or cases in which the chief circuit Court Judge, by written order (emphasis added) stating the reasons therefor, determines that ex-

22 of 92

ceptional circumstances exist which require the disposition of the case in advance of a case pending for more than (365) days.

IT IS FURTHER ORDERED, that the Chief Circuit Court Judge for administrative purposes shall be responsible for coordinating the preparation of trial rosters for each term of common pleas court so as to accomplish the timely disposition of cases within the time period established by this

23 of ~~█████~~ 92

ORDER.

CHIEF JUSTICE

Columbia, South Carolina

August 17, 1983. (See SC Rules of Court 2003 Edition on page 652 and SC Rules of Court 2004 Edition on page 659).

Article V privileges, Rule 501 General Rule Provides:

" Except as required by the South Carolina Constitution, by the Constitution of the United States, or by the South Carolina statutes, the privileges

24 of 92

of a witness, person, or the government (emphasis added) shall be governed by the principles of the common law as they may be interpreted by the courts in light of reason and experience. This Rule modifies the federal Rule to refer to the South Carolina Constitution".

Article v provisions in this case make it mandatory, draconian, requiring any interpretation of this provision to be referred to the South Carolina Constitution as a primary Rule and or first choice, and not to common law or state

25 of ▓▓▓ 92

law as it pertains to normal adminis-trative matters, especially in light of the fact that we are dealing with a judicial order issued by these Supreme Court under Article V. Not only regarding judicial orders, but also the provisions of the South Carolina Constitution are to be deemed and construed as mandatory unless there is some language contained therein that would dictate otherwise. This Article V order has NEVER been RESCINDED. Therefore, it applies today. This order was issued by the

26 of 92

South Carolina Supreme Court in 1983 renewed 1999, making it mandatory, draconian, being applicable to every Court of Common Pleas case within this state regarding this (365) day provision.

The S.C. Supreme Court's intent, legislative or otherwise should be ascertained from the plain language of this provision of law. The language must read also in a sense which harmonizes with its subject matter and accords with its general purpose. Once the South Carolina Supreme Court has made a choice, there is

2 of ~~oo~~ 92

No room for the court to impose a different judgment based upon their own notions. If the provision of law's language is unambiguous and clear, there is no need to employ the Rules statutory and or common law construction, even pursuant to the Judges action, Judge Lee had no right to look for or impose another meaning. Where the language of this provision of law is clear and explicit, the court "cannot" rewrite the provision of law and interject matters into it which are not in the S.C Supreme Courts

280B 92

language. Under the plain meaning Rule, it is not the courts place to change the meaning of a clear and unambiguous provision of law, Bass v. Isochem, 617 SE2d 369 (SCApp 2005), State v Brannon, 666 SE2d 272 (SCApp 2008), State v Pittman, 647 SE2d 144 (SC2007), Liberty Mut. Ins. v. Second Injury Fund, 611 SE2d 297 (SCApp. 2005).

To further bolster the proposition that this Rule, order, or provision is mandatory, draconian by nature, the plaintiffs bring the court's attention to South Carolina Rules of Court 2005

92

Edition, pages 296, 297, 303 and 304,
They state:

Pursuant to Article V§4 of the South Carolina Constitution;

"It is Ordered, that upon the filing of a Post trial motion under Rules 50, 52, 59 or 60(a) S.C.R.C.P., by a party in a jury or non-jury action, the party "so hall" within (10) days provide a copy of the motion to the trial judge."

It is FURTHER ORDERED, *** the Chief Judge for administrative

300 ~~~~ 92

purposes in each Circuit shall ensure compliance with this order, also see SC Rules of Court 2013 edition".

It is perspicuous that if the lower court is not in compliance to Rule(s) 50, 52, 59 or 60(a) by these judicial orders issued from the South Carolina Supreme Court, the higher courtes cannot entertain jurisdiction, and must remand for further adjudication by the lower court in question, making this Article V. provision and or order draconian, mandatory. On this same premise,

the criminal court under the (180) day provision, and or the common pleas court under the (365) day provision, "cannot" continue to invoke and or enact their "[p]owers" of Subject matter Jurisdiction if they fail to be in compliance to this order, even though they do indeed possess such power. Pursuant to the government blatantly diso-beying this order issued by the SC Supreme court, in the appro-priate case, "Trial court and ar

32 of 92

relevant court, shall not hesitate to grant relief or mistrial where its rulings and or orders were violated to the prejudice of those they were intended to protect", _Toyota of Florence Inc v. Lynch_, 314 SC 257, 442 SE2d 611, 615 (1994); (SC Rules of Court Annotated 2006 Edition, pg 270).

To make use of the holdings made in _State v Gentry_, 363 SC 93, 610 SE2d 494, 495 (SC 2005), related to subject matter jurisdiction would be misplaced. That case dealt with

33 of 92

indictment defects. This issue
has absolutely nothing to do with
indictment defects. To make use
of the holdings made in _State v._
_Culbreath_ regarding Rule 3(c) would
be misplaced. Rule 3(c) is totally ad-
ministrative. If the court and
parties would take notice of the
bottom of the page of 652 and 659
as it relates to this mandate, you
will see that the administrative
factors related to this provision
have been rescinded. Further,

34 of ~~000~~ 92

There are two material and distinct differences between Rule 3(c) and this requirement of Due Process Law. Rule 3(c) is not tied to the provisions of the South Carolina Constitution. This requirement of criminal and/or civil procedure is. Secondly, Rule 3(c) is not a judicial order issued by the SC supreme court. This requirement of criminal procedure and civil procedure in the common pleas court is. This has absolutely nothing to do with a speedy trial

35 of 92

issue. This is not what the plaintiffs are arguing. This is simply a matter of judicial order, "Stare Decisis et Non Quieta movere", South Carolina Rules of Court, South Carolina Rules of criminal procedure for the criminal court, Rules of Civil procedure for the common Pleas court and DUE PROCESS Law. Once this provision was issued as a judicial order then tied to the provisions of the South Carolina Constitution pursuant to Article v & u its observance became mandatory by the provisions contained therein making

36 of ~~92~~ 92

it draconian in Nature.

SC Code Ann § 1-7-730 And SC Code Ann § 17-13-150 require that the prosecution and or prosecuting body "shall" fulfill and see that all duties, requirements, and Rules of Procedure related to Due Process and the Constitution are adhered to and completed within the Court. The Attorney General is a defendant. They are well aware of the judicial orders in question.

In order to understand the meaning of any statute or phrase of law, it is necessary to determine

5 of 92

the meaning of the language as it is used in the particular context, Robinson v Shell Oil Company, 117 SCt 843 (1997). Article 12 &2 utilizes the words "shall provide, ...". In this context "shall" is mandatory, see United States v Myers, 106 F3d 936, 941 (CA 10 1997). In order to understand the meaning of any word, sentence or phrase, "[t]he cardinal rule is that the words should be given their plain and ordinary meaning and or interpretation without the court interjecting into them matters or a construing thates

380 ~~000~~ 92

Not in the language", Seekinger v. The Vessel Excalibur, 483 S.R.2d 775 (S.CApp 1997); United States v Ron Pair Enterprises Inc, 109 SCt 1026, 1030 (1989); Bass v Isochem, 617 SE2d 369 (SC App. 2005); State v Brannon, 666 SE2d 272 (SC App 2008); State v Pittman, 647 SE2d 144 (SC 2007); Liberty Mut. Ins V. SC Second Injury Fund, 611 SE 2d 297 (SCApp. 2005).

Article 1§ 23 of the South Carolina Constitution dictates:

"The provisions of the South Carolina Constitution shall be taken, deemed and construed to be manda-

tory and or prohibitory and not merely directory, except where made directory or permissory by its own terms".

Article 12 § 2 of the South Carolina Constitution is clear and unambiguous, "shall" is mandatory, STATE v CARSON, 317 SC 430, 431, 454 SE 2d 888, 889 (1995).

Therefore, it can be factually stated that not only by the provisions of Article V § 4 of the South Carolina Constitution, also by judicial order issued by the South Carolina Supreme Court, it is mandatory that the plaintiffs

400 of 92

DUE PROCESS matters bne disposed of before the court of common Pleas within (365) days of the filing of the initial complaint. If the court would take notice of the initial complaint related to these matters, you will see that the initial complaint was filed on JANUARY 4, 2013 and Amended JANUARY 9, 2013. If the court would take notice of the only order of continuance filed in this case by Judge Lee. It was not issued until April 3, 2014. By the initial complaint,

4 of ~~███~~ 92

The date filed with the Common Pleas Court. This means the plaintiffs' DUE PROCESS matters should have been disposed of and concluded by JANUARY 4, 2014. Yet the case is still pending and no order of continuance was filed in the action until April 3, 2014, over (90) days past the (365) days prescribed by judicial order and the provisions of the South Carolina Constitution. There is no "WRITTEN" order (emphasis added) of continuance filed with the Clerk of Court before the (365) day time period expired or which was

420~~00~~ 92

served on the plaintiffs at the appropriate time. Such an order of continuance by the plaintiffs' rights of DUE PROCESS and pursuant to judicial order issued by the SC SUPREME Court, "CANNOT" be obtained after the fact. It must be obtained before the (365) days expires. This is especially true since the case was removed prior to Judge Lee's filing of the order. Just like Judge Griffin knew he could not place such an order in case "2294" since that case was removed. The same applies

43 of ~~000~~ 92

To Judge Lee since case "0084" was and still is removed. To go beyond the prescribed time period and or deadline without a "written" (emphasis added) order of continuance filed in the case prior to the (365) day deadline creates a "[p]rocedural [d]efect" which deprives the Common Pleas Court of Subject Matter Jurisdiction, and or the "[p]ower" and or "[a]bility" to enact, and or invoke, and or continue its "[p]owers" of subject matter Jurisdiction in compliance to judicial order from the SC Supreme Court, Rules of Court and

44 of ~~000~~ 92

DUE PROCESS law to adjudicate any matter before it Requiring at least sanctions to be Rendered against the court and default which we seek, especially in light of the fact, that the case was petitioned Removed and Rule 82 (c) prevented Judge Lieu from acting further in the case, United States Ex Rel Echevarra v Silberglitt, 441 F2d 225 (1971); 28 USC §§ 1446 (c)(4), 1446 (e); Dugas v Hanover County Circuit Court, Fsupp 2d 2008 WL 4153765; Johnson v Mississippi, 421 U.S 213, 219 (1975); Reilly v Phil Tolkan Pontiac Ine, 372 F supp 1205

4 5 of 92

(NIST 1974) ; Cullazos v United States, 368 F3d 190 (2nd Cir 2004) ; State v Dudley, 354 SC 514, 581 SE2d 171 (2003) ; Monroe v Pape, 365 U.S. 167, 81 SCt 473, 5 L.ed 2d 492 (1961).

   The plaintiffs places forth this issue in a straight forward fashion and want to make certain that there is no misunderstanding as to the specific claims and/or question(s) that is being placed before the court. ~~First~~, First, during the April 3, 2014 hearing the plaintiffs objected and brought this issue to judge Levels attention. Thereupon

460f 92

she stated, "placing forth the con-
tinuance by order was up to her
discretion and that this was not
a normal case". This statement
for one, proves her acknowledge-
ment of the complexity of the
case warranting the appointment
of legal counsel under ADA.

Yet it is more than this. Yes,
we agree with the judge when she
stated such was up to her discretion
and that this is not a normal case
which would justify the continuance.
What the plaintiffs don't agree

478 of 92

with and ARE specifically challenging is whether or not she could use or exercise that discretion to continue the case when she is well past the time frame to do so, which was designated by SC Supreme Court judicial order, especially in light of the fact the case has been officially removed to the federal court and there presently exist no order to remand. We renew our objection previously made at the April 3, 2014 hearing related to case "0004". Rule 82(c) states: Removal To Federal Court.

48 of 92

When a petition for removal of any action pending in any court of this state or any court of the United States is filed, no order accepting the petition or directing action to be removed shall be required. We seek sanctions. Such orders referred to in this issue may be used for establishing offensive collateral estoppel, DUNN V DUNN, 298 SC 499, 381 SE2d 734 (1989); Johnson v. Dailey, 318 SC 318, 457 SE 2d 613 (SC 1995); Darden v Witham, 263 SC 183, 209 SE2d 42 (1974); Higgins v Medical University of South Carolina, 326 SC 592, 486 SE2d 269 (SC App. May 12, 1997); Plante v State,

490 of 92

315 SC 562, 446 SE2d 437 (1994); middle

borough Horiz Property Regime Counsel

of Co.-Owners v Montedison S.p.A, 320

SC 470, 465 SE2d 765 (SC App. 1995);

Gould v O'Shaugnessy Realty Co, 671

SE2d 79, 84, 380 S.C. 548, 557 (SC App.

May 20, 2008); Gunnels v Freedman,

2009 WL 9159479.

Referring back to the issue of

subject matter Jurisdiction. The

plaintiffs are not arguing whether or

not the Court of Common Pleas has

subject matter Jurisdiction to hear

and determine cases of "[T]his"

general class to which the proceed-

50 of ~~00~~ 92

ings in question belong. The plain-
tiffs concedes this fact. The plain-
tiffs in this context agrees with all
(3), Gentry, Cotton and Parkhurst
court(s) when they determined that
criminal courts, and in this case we
can add civil courts, do have subject
mather Jurisdiction to hear and
determine cases of their relevant
nature and class. This is not the
issue. What the plaintiffs are in-
disputably arguing is a question which
clearly was not answered by either
the Gentry, Cotton or Parkhurst
court(s) is this. Despite the fact that

51 of ~~0000~~ 92

the criminal court, and in this case, the civil court, do have subject matter Jurisdiction to hear cases of this general class to which the proceedings in question belong. Do their egregious, blatant failure to be in compliance to said certain, essential, crucial "(jurisdictional (prerequisites" and or "(jurisdictional (requisites" at various phases of, and or at the commencement of the subject matter Jurisdictionary action and or process. Do their blatant, egregious failure to be in compliance to said certain, essential, crucial "(jurisdict-

53 of ~~0000~~ 92

tional "[p]rerequisites" and or "[j]uris-
dictional "[r]equisites at various phases
of, and or at the commencement of
the subject matter jurisdictionary
action and or process, .... halt, check,
constrain, restrain, limit, arrest, or
stop the continuance of the subject
matter juris dictionary "[p]owers" before
the court, even though that court
without a doubt do indeed possess
such "[p]ower". This is a crucially,
materially, distinctly different
question related to subject matter
jurisdiction that was never answered
by any of the (3) three courts involved

53 of ~~XXX~~ 92

pursuant to Gentry. This is a New question of law and fact. Thus, using the holdings made in the Gentry court would be misplaced. Such a New question of law and fact is not barred in seeking relief for (ei sanctions), does relate to subject matter Juris-diction, "cannot" be waived by the plaintiffs, can be raised at "any" time, and the court "shall enot" fail to take notice, see Indictments suffi-ciency, 70 Columbia L Rev. 876, 888 (1970); United States v Abrams, 539 FSupp. 378, 384 (SDNY 1982); Stirone v United States, 361 U.S. 212 (1960); Gaither v United States, 548 92

413 F2d 1061 (DC Cir 1969).

The Common Pleas Court, and the defendants involved, acting arbitrarily, conspiring under color of state law, the hand of one is the hand of all by the accomplice liability doctrine, in blatant defiance to Rules of Court, SC Supreme Court judicial order, and the provisions of the South Carolina Constitution, has failed to be in compliance to their own state laws in violation of the plaintiffs substantial Federal Constitutional Rights of DUE PROCESS. Thus, such action serves to violate the plaintiffs' rights under

55 of ~~92~~ 92

The equal protection of the laws clause, 42 USC §§ 1983, 1985, 1986 as well as 18 USC §§ 241 and 242 warranting sanctions which we seek by affidavit, Screws v United States, 325 U.S. 91, 65 Sct 1031 (1945); United States v Walsh, 194 F3d 37 (2nd Cir 1999); State v Pirro, 212 F3d 86 (2nd Cir 2000); Dubinka v Judges of Superior Court of The State of California, For The County of Los Angeles, 23 F3d 218; Jones v State of Arkansas, 929 F2d 375; Hicks v Oklahoma, 447 U.S. 343, 346, 100 Sct 2227, 2229, 65 LEd2d 175 (1980); Dozier v Loop College, City of Chicago, 776 F2d 752; Lugar v Edmonson Oil Co, 457 U.S. 922, 928-30, 102 Sct 2744, 2749-50, 73 LEd2d 482 (1982).

56 of ██ 92

Subject matter Jurisdiction is the "power" to hear and determine cases of a general class to which the proceedings in question belong, Bell v Monsanto Corp., 519 SE 2d 325 SC 553 (SC 2003). Inasmuch, subject matter Jurisdiction does not only cover and or involve whether or not the matter resides in a proper court of jurisdiction to hear and determine it. The court's "power" to hear and determine a case, is also defined as the courts "ability" to hear and determine a case. Thus, subject matter

57 of 92

jurisdiction also involves any issue that may "[A]ffect" and or "[H]inder" that "[P]ower" and or "[A]bility" to act in Accordance of Rules of Court, Rules of Civil Procedure, Criminal Procedure and Due Process Law. Such matters can be Raised At "[A]ny" time, "[C]annot" be waived by the plaintiffs, and the Court "[S]hall [N]ot" fail to take notice before this case can ever move forward, State v Gentry supra.; Mathis v State, 355 SC 87, 584 SE2d 366 (SC App. 2003); Brown v State, 343 SC 342, 540 SE 2d 846 (2001); State 580 92

v Browning, 320 SC At 368, 46 SE2d At 359; State v Munn, 357 SE2d 461 (SC 1987). Without a "written" (emphasis added) order of continuance filed with the Clerk of court issued prior to the (365) day deadline prescribed by judicial order, especially in light of the removal, the court and parties were prohibited from continuing the cause. Such deprives the court of Subject matter Jurisdiction and/or prohibits the Civil court from continuing and/or invoking and/or exact ing their subject matter Jurisdic-

59 of 92

tionary powers warranting estoppel and sanctions.

Inasmuch, the plaintiffs are not seeking default and judgment on every issue or relief argued in the complaints. What the plaintiffs are seeking by this egregious procedural defect is the following:

(1) That any issue of and or for dismissal by any defendant presently served or in the future be deemed waived and or rendered void and null,

(2) That all motions filed by the

608 and 92

plaintiffs be granted in favor of the plaintiffs with the exception of the issues that are to be placed before the jury, scheduled April 3, 2014.

(3) That legal counsel be appointed to represent the plaintiffs and that appointed counsel be given additional time to serve any remaining defendant who was not served.

(4) That protective order and injunction be issued to secure the evidence listed in the Attorney Kays letter, A copy of it which is filed

61 of ~~000~~ 92

in case "2294" within (20) days of the filing of this document. This includes the repairing of the Crawford word processor "120, the replacement of his 2 reinkable ribbons, 2 bottles of print ink, Koss Headphones, Hot pot, muslim oil (2lbs), "40 canteen replaced, not placed on card, contact be permitted to all plaintiff by mailing due to indigence, DNA and search warrant secured and sheriff mailing.

(5) That this case be officially schedulled for a jury trial and the case be given class action certi-

620 ~~92~~

fication for the main legal issue filed and argued related to the establishing of modern day slavery by the structural error in the indictments, and notice be given to all inmates within this state and or nationally upon review of discovery,

(6) That name change and the establishing of all rights and titles as sought by Mr. Crawford be officially granted and established before the court in the manner he dictated, for the state of South Carolina. This

63 of ~~92~~ 92

includes the establishing of Sovereign Power. All other matters are to be placed before the jury.

To all parties and courts involved. We are going to do this thing again, since somehow ya'lle lost clarity on this issue at hand. Both cases 2013-CP-400-0084 and 2013-CP-400-2294, to include all cases involving Crawford in the common pleas court and S.C. Court of Appeals is hereby petitioned removed to be heard in case 14-cv-2218-ES, by both plaintiffs Thompson,

64 of ~~92~~ 92

Crawford, also Cook. The Judges and parties conspiring under color of state law in violation of 18 USC § 241, 242 and 42 USC § 1985; 1983 and 1986 REQUIRE such.

molinelli-Freytes v University of Puerto Rico, 727 F.Supp. 2d 60 (2010); Andre v Castor M.D., Fla 1997, 963 F.Supp 1158; Berrios v Inter Am. University, CA 1 (Puerto Rico) 1976, 535 F2d 1330, 37 A.L.R. Fed 596; O'Bradovich v Village of Tuckahoe, SD N.Y 2004, 325 F.Supp 2d 413; Perry v Barnard, SD. Ind 1989, 745 F.Supp 1394; Kohl Indus Park Co. v. Rockland County, CA 2 (N.Y) 1983, 710

650 922

F2d 895 ; MYERS V BOWMAN, CA 11 (G.A) 2013 , 713 F3d 1319 ; Jizapley v Vahle, CA 7 (Ill) 2002 , 304 F3d 734 ; CASA MARIE, INc, 1993 , 988 F2d 252; Lopez, 1980, 620 F2d 1229 ; GREGORY V. Thompson, CA 9 (Ariz) 1974 , 500 F2d 59; Plaisance v Reese , E.D. La 2004, 353 FSupp.2d 735; Bordages v McElroy, S.D. Tex 1996 , 952 F.Supp. 499 ; Johnson 39 ; Kenyatta v Moore , SD miss 1985, 623 F.Supp 224; Disability Discrimination Under ADA 42 U.SC § 1985; 20 Am JURS Proof of Facts 3d 361; Pollack v Ridge, WD NY 2004 , 310 FSupp 2d 519;

66 of 92

Bradley v Baltimore Police Dept Md 2012, 887 F.supp.2d 642; Baines v Masiello, W.D.N.Y. 2003, 288 F.supp.2d 370; Porter v Selsky, W.D.N.Y. 2003, 287 F.supp. 2d 180.

Referring back to the issue of the sovereignty related to the plaintiffs involve as it pertain to the members of the reestablished global Theocratic state, that would permit us to invoke the provisions of the Foreign Sovereign Immunity Act. The Declaration of Sovereignty

67 of ~~79~~ 92

And the (85) page document dated
October 1, 2009 filed in these cases,
also 18 USC § 1116 (a)(b)(c) ; 18 USC § 1116
(a)(b)(2)(3)(A) define those persons
protected under the F.S.I.A.. The
lead plaintiff, Jahjah The Tishbite,
being heir to (4) independent thrones
that globally exist and the default(s)
that exist related to this case, make
him a Foreign State designated by
those defaults and clear rules of
court and by way of the judicial order
which is the source of the procedural
defect. Thus, there is a bases to

68 of 92

object, remove and consolidate under the J.S.I.A giving the plaintiffs right of venue. A sovereign by the law cited in the Declaration of Sovereignty and Will and Testament, Theocratic/Foreign Law under Rule 44, related to Religious beliefs under the 1st amendment, as well as state and federal law, cannot be named in an indictment. We ARE Sovereign by way of our original status as Sovereigns, English v Thorn, 676 F.supp 761 (SD Miss 1987); IN RE GREEN, 980 F2d 590 (9th Cir 1992); Yicks Wo. v. Hopkins, 69 of ~~oof~~ 92

118 U.S. 356 ; United States v. Lee, 106 U.S. 196 At 208 ; Perry v United States, 294 U.S. 330, 353 (1935) ; Julliard v Greenman, 110 U.S. 421. The United States Supreme Court in the case of Wills v Michigan State Police, 105 L.Ed.2d 45 (1989), made it perfectly clear that the sovereign cannot be named in any statute as merely a "person" or "any person" including indictments which are produced by statute, Lansing v Smith, 4 Wend. 9, 20 (1829); Afroyim v Rusk, 387 U.S. 253 (1967); The Amistad, 40 U.S. 518, 15 Pet. 518,

70 of ~~000~~ 92

1841 WL 5024, 2006 A.M.C. 2955, 10 LEd 826, U.S. Conn. January 1841; <u>United States v Wheeler</u>, 98 SCt 1079 At 1083.

Decedent domicil issues attach to these cases. The lineal descendents, in infinitum, of any person deceased shall represent his or her ancestor, that is, shall stand in the same person as his Holy ancestors would stand, if he or she were living. The common law required that in order for property, tangible or intangible, which include titles of High Priesthood, Imamate, Khalifate and

"11 of 92"

Kingship, to descend from person to person, it must APPEAR either (1) that the person have obtained the property by purchase; or (2) if he obtained it by descent, that he was seized of the property at the time of his death. The defendants in the cases attached seized my ancestors in Acts of brutal, tortorous slavery and seized their property and titles at the time of their captivity and death. Property and titles in this instance, was not considered as passing by descent until

72 of ~~XXXX~~

The descendant took possession, and the act of taking possession was called entry. King Solomon took possession from King David. Ali ibn Abu Talib and Fatima took possession from the Prophet Muhammad. Menyelek the son of King Solomon whose mother was the Queen of Sheba, the Ethiopian Queen, took possession of the throne of Africa / Ethiopia from King Solomon. The Prophet Muhammad's bloodline was introduced in the African diaspora through the Kingdom of Saudi Arabia's involvement

73 of ~~~ 92

in the U.S. Slave trade. Then you brought my ancestors here, kidnapping them by brutal, sadistic, terroristic, torturous force (PBUT). The Head Sovereign Jahjah Al Mahdi, officially took possession via the Declaration of Sovereignty and the United Nations documents. Thus, we clearly have entry. Jahjah Al Mahdi is the fiduciary heir by Will and Testament of Gods Holy Prophets and Kings foretold to come. "Haeres Est Eadem Persona Cum Antecessore" — The Heir is the same person as his

74 of ~~90~~ 92

ANCESTOR. Once the true Heir to the Global Theocratic Throne makes an Appearance on the global stage He, by that Appearance, establishes every Christian, Muslim and Jew worldwide, as Kings, Khalifahs, not subject to action before any global court without the consent of Jahjah The Tishbite. This act occurs without their consent under Foreign - Theocratic Law. Our Sovereign power emanates from the same source globally. That being the one true God. Thus, the state statutes must yield by way of preemption

750f 92

Under the Supremacy Clause, U.SCA Const. Art. 6 cl 2, see (3) Holy Books and Sunnah of The Prophet Muhammad; Books entitled, "Before The Mayflower, A History of Black America", by Lerone Bennett; Sunan ibn-e-majah vol No. 5 ISBN No. 81-7151-294-1 pages 391-395; Signs Before The Day of Judgement by Ibn Kathir ISBN No. 1 870582 039 pages 18-24; Isaiah 14:29-32; 41:25; World's Greatest men of Color Volume 1 by J.A. Rodgers ISBN No. 978-0-684-81581-7; The Kebra Nagast or "Glory of The Kings"

766 ~~808~~ 92

A Chronicle of The Rulers of Ethiopia; Budge E.A.W., The Queen of Sheba and her only son Menyelek, London 1923; Ormonde, Czenzi, Solomon and The Queen of Sheba, New York, Farrar Straus and Young 1954; Zechariah 6:12-13; Daniel chapt. 11; Nation, Cox v Shalala, 112 F3d 151; English v Gen Elec. Co., 496 U.S. 72, 79, 100 SCt 2270, 2275, 110 LEd2d 65 (1990); McLean v Ford Motor Co., 831 F2d 723; Cairns v Franklin Mint Co., 24 FSupp 2d 1013; Dache-Naux v Secretary of The Interior of U.S., 837 F2d 340 cert. 77 of ~~●●●~~ 92

deprived 108 SCT 2822, 486 U.S. 1055, 100 LEd2d 923; Estate of Harvey v. United States, 678 F.Supp. 1268; Bell v United States, 310 F.Supp 1189; Stephan v Carothers, 97 F.Supp 2d 698; Craig v. United States, 89 F.Supp 2d 858; Leguette v Rose, 776 F.Supp. 229; Casey v Gralla gher, 11 Ohio St2d 42, 227 NE 2d 801 (1967); Miller v United States supra; Sandy v Mauhot, 1 Ohio St3d 143, 438 NE 2d 117 (Ohio 1982).

To: The 3rd Circuit Court of Appeals. I, Douglas M. Thompson hereby supplement the Writ of

7808~~~~92

mandamus in case 14-2000 to require all the sought relief in this document. As Thomas Jefferson, one of our founding fathers stated:

"Single Acts of Tyranny may be ascribed to the accidental opinion of the day; but a series of oppressions, begun at a distinguished period and pursued unalterably through every change of ministers too plainly prove a deliberate, systematic plan of reducing us to slavery".

Regarding any issue of frivolous or

790892

the seeking of summary judgement or dismissal. With the 50+ plaintiffs attached to this case being of sound mind, and the claims in part are based upon documented historical facts, religious tenants, beliefs and doctrine protected under the 1st amendment, it would be highly inappropriate to dismiss such as frivolous without first requiring the defendants in total to respond on the court record. The record is incomplete where SCDC blocked service of the other defendants, conspiring under color of law, just like the New Jersey

80 of 92

defendants, to argue unjust defeats and create a complete record to cause harm to future appeal, which we object. The claims cannot be deemed malicious since we are arguing and seeking relief for DUE Process violations, violations of the 1st, 4th, 5th, 6th, 8th, 13th, 14th and 15th Amendments, violations of the CAT Treaty, International Human Rights Laws, land appropriation by foreign government, Name and Title reclamation under probate law, matters of divorce and unjust deprival of parental rights, violations of the

81 of 92

Foreign Sovereign Immunity Act bearing a nexus to religion that are also tantamount to the defendants commercial activities here in the United States and abroad, both past and present in the form of the Slave Trade, Jim Crow laws and this NEW Jim Crow - modern day slavery by way of this present Judicial system possessing commercial dynamics as well. We stated numerous claims upon which relief can be granted.

It would be an abuse of discretion to dismiss or grant summary judge if we can demonstrate that we are entitled to relief on only single claim

argued upon any theory asserted, especially in light of the fact we presented an arguable basis in law and fact for all claims made. Even though some claims may appear "fantastic" they are not indisputably meritless and are indeed common to the human experience thus demonstrating that sua sponte dismissal, dismissal for not stating a claim or granting defendants summary judgment would be an abuse of discretion. It must appear beyond a doubt that the plaintiffs can prove no set of facts to support their claims, which is obvious we can. The

court cannot state without certainty
that the plaintiffs are unable to make
any rational argument in law and fact.
specific allegations are made. specific
defendants are named. If it appears
that the action after discovery would
offer facts which would validate the
complaint, which it would in this case, it
would be highly inappropriate to dismiss
or grant summary judgment. Discovery
and an evidentiary hearing would affect
disposition of legal questions raised and
reduce the work of the courts by
preventing through premature dismissal,
the creation of appeals based upon in-

complete Records, Neitzke v Williams 490 U.S. 319, 325, 109 SCt 1827, 104 LEd2d 338 (1989); Brown v Bargery, 207 F3d 836, 866 (6th Cir 2000); Brandon v District of Columbia Board of Parole, 734 F2d 56, 59 (DC Cir 1984) cert. denied 469 U.S. 1127, 105 SCt 811, 83 LEd2d 804 (1985); Jones v Morris, 777 F2d 1277, 1278-79 (7th Cir 1985) cert denied 475 U.S. 1053, 106 SCt 1280, 89 LEd 2d 587 (1986); William v Faulkner, 837 F2d 304 (7th Cir. 1988); Haggans v Lavine, 415 U.S. 528, 536-37, 94 SCt 1372, 39 LEd2d 577 (1974); Lawler v Marshall, 898 F2d 1196, 1198-99 (6th Cir 1990); Block v Ribar, 156 F3d 673, 677 (6th Cir 1998); Parratt v

8 of 92

Taylor, 451 U.S. 527, 535, 101 SCt 1908, 68 LEd2d 420 (1981); Brentwood Academy v. Tennessee Secondary School Athletics Ass'n, 531 U.S. 288, 121 SCt 924, 930, 148 LEd2d 807 (2001); Robinson v. Lane, 155 F.R.D. 535 (Ed Pa 1994).

Freedom of thought, which include Freedom of Religious beliefs, is basic in a society of free men, .... It embraces the right to maintain theories of life and death and of the hereafter which are ranked heresies to members of orthodox faiths. Men may believe what they cannot prove. They may not be put to proof of their religious

doctrine or beliefs. Religious experi-
ence which are as real as life to
some may be incomprehensible to
others, ... the Fathers of our Consti-
tution were not unaware of the
varied and extreme views of religious
sects, of the violence of disagreement
among them, and the lack of any
one religious creed on which all men
may agree. They fashioned a charac-
ter of government which envisaged
the widest possible tolerance to con-
flicting views. man's relationship to
his God was made no concern of the
state. he is granted the right to

87 of 92

Worship as he please and to answer to no man for the verity of his religious views, especially in light of the fact he may be a genuine Prophet and Lawgiver of God. See (3) Holy Books; Rule Civ Pro, Rule 44; _Cantwell v State of Connecticut_, 310 U.S. 296, 303, 60 SCt 900, 84 LEd 1213 (1940); _United States v Ballard_, 322 U.S 78, 86, 64 SCt 882, 886, 88 LEd 1148 (1944); _Stevens v Berger_, 428 F.Supp 896, 899-900 (ED NY 1977); _Pennhurst State Sch & Hosp. v Halderman_, 465 U.S 89, 99, 104 SCt 900, 79 LEd 2d 67 (1984); _Argentina Republic v Amerada Hess Shipping Corp_, 488 U.S 428, 434, 109 SCt 683, 102 LEd 2d 88 of 92

818 (1989); Crisafi v Holland, 635 F2d 1305, 1308 (DC Cir 1981); Watson v Ault, 525 F2d 886 (5th Cir 1976) (adopting same standard); cf Anders v California, 386 U.S. 738, 87 SCt 1396, 18 LEd2d 493 (1967); Bolling v Sharpe, 347 U.S. 497, 499, 74 SCt 693, 694, 98 LEd 884 (1954) (showing dismissal was premature); Denton v Hernandez, 504 U.S. 33, 112 SCt 1728 (1992); White v White, 886 F2d 721 (4th Cir 1989).

Additional Relief Sought by sanctions due to the procedural defect:

We want all cases placed on the complex case docket, assigned to 89 of 92

Judge Benjamin and allowed to go to trial; the muslims, christians and Jews in SCDC must be permitted to attend all religious functions during phase and disruptive schedulling; Crawford retains his hair due to his Nazarite vow; no steel cuffs are to be used on him at any time, only plastic restraints; the muslims, christians and Jews in SCDC must be permitted to grow 48" beards; full meals are to be given at all times during phase and disruptive schedules; some form of sneakers are to be given to all inmates to allow them to

90 of 92

ENGAGE in PROPER EXERCISE; Muslims must be permitted to have oil in their personal property via inmate coordinator and attend daily congregational prayers statewide, also collectively at each institution during the month of Ramadan; that family members and friends will be allowed to visit during the ID feasts with appropriate security measures taken.

For the sake of clarity. The (365) day continuance issue is being argued for cases 2006-CP 400-3567, 3568, and 3569 which sat in court since 2006 with this default also.

9 1 of 92

These cases are removed also.

Wherefore the plaintiffs pray for this relief to include any and all other relief the court would deem just, fair and proper.

Respectfully

Douglas M. Thompson
Douglas M. Thompson

Anthony Cook
Anthony Cook

Dominique Gallman
Dominque Gallman

MAY 2 2014

Lawrence L Crawford aka
Jonah Gabriel Jahjah T. Tishbite

92 of 92

Exhibit

" JUDGE LEE #3 "

=

File in CASE 1:14-cv-14176-ADB "

=

Court of Appeal RECEIVED

For The 2nd Circuit
APR 12 2018
SC Court of Appeals

U.S District Courts

State of New York et al,

The Crawford and or Sutcliffe
Appeals within the 2nd  15-3807,
15-15414 and 14th Circuits et al, 15-14078
14078

Also Related To U.S. District Court

Cases 9;15-CU-984 ; 9;18-CU-183;

9;14-CU-1501 ; 1;15-CU-2309 ; 1;15-CU-

2310 ; 15-1494 ; 15-1386 ; The New

Writ of Error in Georgia District Court

Cook et al,                              petitioners

1 of 152

VS.

The United States Et Al.,

defendants
_____

Affidavit of Facts Giving Judicial
Notice ; supplementing The Newly
Filed Georgia Writ of Error, Also
The Crawford and Sutcliffe Appeals
of cases 9:15-cu-183 ; 9:14-cu-1501;
1:15-cu-2310 and All pending state
And Federal cases ; motion For
Sanctions ; motion To Strike ;
motion For Recusal ; motion For
En Banc Review , Evidentiary

2 of 152

Hearing, the appointment of legal counsel, and To exceed any page limits; motion for an extension of Time; motion To expand the scope and for Inclusion; motion for an official Independent Investigation by The U.S. Department of Justice

---

In Re: Various state cases; The Crawford and Sutcliffe Appeals; Case 9US-cv-984; The Writ of Error Case in Georgia District Court "4005" To; The 2nd and 11th Circuit Courts of Appeals,

3 of 152

The Georgia and New York District Courts et al.,

The plaintiffs / petitioners in the above captioned matters have recently received conditional and or final orders in the sutcliffe and mitchell pleas and report and recommendation in cases 1115-cv-2309, 2310 and 4005 also New GA. Writ of Error.

Since Judge Batten in acts of fraud upon the court adjudicated the motion for extension of time within a case (7) years closed when he had no jurisdiction not

4 of 152

being the presiding Judge over this case conspiring with Evans and defendants. Also due to Judges in case 15-1386 in Acts of Fraud Upon the court asserting there was no arguable bases in law to get ahead of us establishing that arguable bases in law within case 915-cv-484, and kill the emergency stays on the state cases. We seek sanctions and the determinations must be made void for Due Process viola-tion and Fraud upon the courts deeming this response timely.

5 of 152

Due to removal of the sutcliffe and mitchell pcrs at the time the conditional orders and final order was submitted. This tainted these documents rendering them void. The court was to proceed no further and you conspired with the federal actors across multiple state and federal jurisdictions to do so. The motion to strike those pcr orders in the sutcliffe and mitchell pcrs via sanctions sought for the sake of justice and fairness due to the parties resorting to unjust legal tactics, judicial chicanery and

60 of 152

Fraud upon the court see Harper & James The Law of Torts 1642-1643 L. (1956).

Any determination made in case 15-1386 is made void by fraud upon The court. First there was an independent Writ of Error filed that Required a seperate case number. The 2nd circuit asked for in forma pauperis documents to establish a seperate independent case then adjudicated under the closed case 15-1194. This is Fraud. There was motion for Livingston's recusal being a defendant circum vented. She sat on the proceeding reading additional

7 of 152

judges in Fraud who are now defendants and whose recusal is sought, to place forth fraudulent adjudication to keep herself from being sued. Another Act of Fraud is that you cannot combine or consolidate cases 15-1494 and 15-1386 without first giving us notice and issuing an order stating such is being done. This is Fraud and the damage is it prevented the hearing of the independent Writ of Error filed to address what Livingston did in case 15-1494. The 2nd circuit then files motions in-tended to be adjudicated in the

8 of 152

closed Case 15-1494 to prevent ruling
in Case 15-1386. They realized we
caught them, called them on it, which
is why they at the last minute
inappropriately consolidated without
order or notice. Yet the documents
still were circumvented being
ruled on or Judge Livingston would
not have been able to sit upon
these proceedings when recusal
was required, conspiring with sharpe
and me away within the lower court;
They determined that we established
an arguable bases in law within
Case 9:15-cu-984 and wanted to

9 of 152

get ahead of that litigation and untie the stagger (cases). So they made a fraudulent ruling in case LS-1386. Inasmuch, here the Georgia court will find seized upon you within this new writ of error which you received in prior proceedings!

(1) A copy of A motion To strike all magistrate report(s), motion for recusal, motion for extension of Time and En Banc Review, (4) pages dated July 16, 2015, with its (7) page attachment dated July 16, 2015.

10 of 152

(2) A copy of the (2) page certificate of service dated July 10, 2015 with its summons and Affidavit of Facts giving judicial notice, motion for Recusal, motion for extension of time Due to additional Fraud upon the court(s), motion for sanctions; motion for emergency stays, supplementing all state and Federal Actions; motion for En Banc hearing, (43) pages dated July 8, 2015.

Again we review our previous filed motions to strike and motion for sanctions. We object to these

41 of 152

reports or conditional and or final
orders being admitted into the
court records because they are
tainted by Acts of Fraud upon the
court(s) where these parties con-
spired across multiple state and
federal jurisdictions to submit
them. If the afore listed docu-
ments are not filed in cases
2309, 2310 then you have further
Acts of spoliation by the conspiring
parties requiring sanctions and
the reports be stricken from the
court record. The conditional
and final orders submitted in
12 of 152

The sutcliffe and mitchell PDF's were submitted via fraud upon the court at a time of removal requiring sanctions. The motion for such.

Pursuant to Houston v Lack that (43) page document was deemed filed on July 10, 2015 (3) days prior to the issuing of the report where emergency stay was in place via the 2nd circuit. Thus, no report should have been entered into the court record due to emergency stay and where the reports issued in both cases "2309" and "2310" are tainted by fraud. The orders

13 of 152

submitted in the sutcliffe and mitchell pars where submitted during time of removal. Add to this the aggravating factors of the 2nd circuit filing the documents in a closed case to prevent adjudication and made a fraudulent Ruling in case 15-1386 to get ahead of the fact that we established an arguable bases in law in case 9115-cu-984. We object and move to strike the reports and conditional or final orders and render all orders in cases 15-1386 | 11 15-cu-2309 and 2310 void on the bases of fraud upon the

14 of 152

court and the spoliation where
Judge Harrington destroyed or prevented
filing of the original Sutcliffe re-
mount documents, Christianson
v M.B. N.A. American Bank plea.
SE2d 2013 WL 8507850 (SCApp 2013);
Miller v Columbia Forest Inc, SE2d
2014 WL 5390504 (SC App 2014); Cald-
well v Wiquist, 402 SC 595, 741 SE2d
583 (SC App 2013); U.S. v Sterling, 724
F3d 482 (4U(Va 2013); SUNOCO PRO-
ducts Co v Guven, 2014 WL 5474633
(DSC 2014); Hawkins v College of
Charleston, 2013 WL 6050324 (DSC 2013);
Turner v U.S, 736 F3d 274 (4U(NC 2013);

150 of 152

NUCAR Corp v Bell, 251 F.R.D. 191, 194 (DSC 2008); Ex Parte Virginia, 110 U.s. 339, 25 LEed 676 (1872); 28 Usc §§ 2074, 2072.

We renew our objection to any (3) strike concern being levied at Crawford. This is also what they are being sued for; to render all past adverse orders void. The arguable bases in law to do so is litigated in case 91 15-cu-984 and will now be litigated within this document to include the right Crawford has to interject himself into his citizen members legal cases acting as Judge, legislator and attorney. Further,

116 of 152

the issue of threat of imminent danger pursuant to any (3) strikes in full related to these cases was already adjudicated within the 2nd circuit under case 15-1494. That higher court granted in forma pauperis review addressing these same claim(s) where the plaintiff, Jahjah Al mahdi, survived at minimum (4) previous assassination attempts directly connected to these cases. Once the 2nd circuit in case 15-1494 granted in forma pauperis filing related to these

17 of 152

cases, which threat still exist until this very date. The Georgia District Court or any other subsequent court is barred in challenging such by collateral estoppel. To deny such when the 2nd Circuit granted it in case LS-1494 under same conditions and circumstances would be fraud upon the court, and abuse of discretion, a miscarriage of justice and a violation of the equal protection of the laws clause. The Georgia District Court can provide no justifiable reason for the disparity in treatment

18 of 152

where the 2nd Circuit is a higher court addressing the same issues under 15-1494. The threat of "imminent danger" is continuous and is directly connected to this case where Jahjah Al Mahdi, is now legally (emphasis added) established as the Global Theocratic King-Khalifah of the (4) Global Thrones by default and collateral estoppel where the United States and other 192 member states of the U.N. are parties, appeared and defaulted.

We object to any claim of "shot gun" pleading, or that the

case wreaks havoc on the judicial system, or that this case is frivolous or incomprehensible. You are dealing with the largest case in earth's judicial history which carries an exception to the concept of the "shot gun" pleading. If it were "shot gun" pleading everybody in the world would be named as defendants. Only specific parties are named who were involved directly to the torts and causes of action who are necessary to bring the suit. Furthermore, they defaulted at the state level in case 2013-CA-400-0084

20 of 152

Now removed to these cases, making
all claims true. By the default
and collateral estopped the courts
circumvented or failed to acknowledge,
in acts of fraud upon the court, all
claims are made true. Thus it
would be and is an abuse of discretion
to state the claims are frivolous or
that there is no arguable bases in
law. The default makes the claims
true clearly establishing an arguable
bases in law and fact. Inasmuch,
via the default, we are dealing
with "Acts of God", Acts of God carries
an exception to the "shotgun"

21 of 152

pleading analysis. Acts of God tend to wreak havoc when and wherever they manifest themselves. But by law they cannot be deemed to injure anyone. No one can be penalized by judicial determination or otherwise for "Acts of God". The fulfilling of religious prophesy is an "Act of God". Elijah must restore "all" (emphasis added) things. How can the Elijah, Al mahdi, restore "all" (emphasis added) things unless there was a case filed in this manner addressing all things God command to be addressed pursuant to religious prophesy. See mark 9:12

22 of 152

New Testament (Bible).

Additionally, you cannot legally call a case frivolous or incomprehensible, which is tangible proof of the Georgia District Courts fraud upon the court, where the case was pleaded within the state courts under 2013-CA-400-0084 And New Jersey A-05205-13 T4 And the 2nd Circuit in case 15-1386 and all Judges And Attorneys, State And Federal, comprehended the pleadings. Thereafter, in case 2013-CA-400-0084, the parties, which include all 193 member states of the United Nations

23 of 152

defaulted, making all claims true and the case is merely being removed to the Federal Court(s) pursuant to Article III section 2 of The U.S Const., the civil Rights Act of 1964 and Foremost the Foreign Sovereign Immunity Act of 28 U.S.C § 1602-1612. The Courts are procedurally barred from calling this case frivolous or stating there is no arguable bases in law or fact by collateral estoppel. We object, Blue Sky Travel and Tours, LLC v Al Tayyar — Fed Appx — 2015 WL 1451636 CAU (Va 2015); 448 F3d 268; 772 F3d 1101; Slater v South Carolina Ry Co, 29 SC 96, 6 SE

24 of 152

936 SC (1888) ¶ Smith v Georgia Power Co, 172 SC 142, 173 S.E. 297 SC (1954); Mount batten SUR Co. Inc v Town of WAREShoAues, FSupp 2d 2008 WL 2704921 (DSC 2008); Addy's Harbor Dodge LLC u. Global Vehicles U.S.A. Inc, 2014 WL 4929335 (DSC 2014); Norfolk Southern Ry Co. U. Baltimore And Annapolis R.R. Co, 2015 WL 685303 (DSC 2014); S.E.C. U. Jarkas, 557 Fed Appx' 204 (A4 (Va 2014); U.S Bank Nat. Ass'N v ZARARBi, 560 Fed Appx" 181 (A4 (Va 2014).

We object to the Report submitted in both cases "2309", "2310", the final order in case "183", the Georgia District Court cases, And case 15-1386, As

25 of 152

well as the orders submitted in the Sutcliffe and Mitchell pcrs, because you circumvented and did not address the claims of default and collateral estoppel, ignored or spoliated emergency stay documents, crucial evidence filed or removal documents, adjudicated documents presently filed in closed cases, some closed for over (7) years, in egregious acts of fraud upon the court(s) warranting sanctions. The reports, conditional and or final orders are tainted with fraud and must be stricken from the court record or rendered

26 of 152

void due to violations of the 6th, 7th, and 14th Amendments, 28 U.S.C. § 1602-1612 and DUE PROCESS LAW. Judges Wright, Cooper, Evans, Harrington etc. collaborating with Sharpe and defendants did not merely abuse their discretion. They conspired with the Judges in spoliation within State and Federal cases to which they were void of all jurisdiction, stripping them of immunity and engaged in acts of Fraud upon the courts. They never properly or sufficiently Addressed or Rebutted the acts of Fraud or spoliation in their reports.

27 of 152

Orders submitted or in their determi-
ations. We object. We object also
to the failure to rule on class action
certification, the right to an evident-
iary hearing, En Banc Review, the
Appointment of legal counsel to re-
present the class members and
they bringing the now "legally"
established Foreign Sovereigns be-
fore this court in violation of the
terms they dictate. By their cri-
minal fraudulent Assessment, They are
Asserting that the constitutional
right to be presumed innocent until
proven guilty by a jury of one's peers,

28 of 152

Not our convictions being illegally adju-
dicated by the Grand Jury via the language
presented is frivolous and has no argu-
able bases in law? The right of a legally
established sovereign not to have his
property or liberty attached, arrested
or executed without his consent is
frivolous despite the default which
makes the claims true by law and
collateral estoppel has no arguable base
in law? They are asserting by actions
that the evils and atrocities done during
slavery and Jim Crow are frivolous and
have no arguable bases in law or fact?
They are asserting that the violating
of essential jurisdictional prerequisites

and jurisdictional requisites are frivolous and have no arguable bases in law? What was done during slavery and Jim Crow by this nation with all of its atrocities committed therein is frivolous and have no arguable bases in law? Do we really want to go down this road? These conspiring parties are recreant liars and white supremacist or black Uncle Tom slave overseer types, fraudulent thieves deprived of sagacity, justice and fairness. Their judicial discretion have become egregiously compromised via overwhelming acts of fraud upon the court(s)

30 of 152

and ulterior motives creating a mis-
carriage of justice. They have entered
into a deliberate scheme to defraud
the plaintiffs and inmates of this nation
making a mockery and abuse of the
judicial process involving themselves in
crimes, spoliation, requiring their
recusal by sanctions sought, U.S v Ray,
547 Fed Appx' 343 (4 (w. Va 2013); U.S. v
Blondeau, 480 Fed Appx' 241 (4 (nc 2012),
Wellon v Hall, 558 U.S. 220, 130 sct 727
(u.s 2010); Ochoa Lizarbe v Rivera
Rondon, 402 Fed Appx' 834 (4 (md 2010);
Project Management Co. v Dyn corp Inter,
LLC, 734 F3d 366 (4 (Va 2013); Hawkins
v College of Charleston, 2013 wl 6050
31 of 152

324 (DSC 2013) ; BRUNSON v U.S. 2014 WL 4402803 (DSC 2014) ; MASSI v WALGREEN Co, 2015 WL 3796507 (DSC 2015) ; GRAYSON Consulting Inc v CARTH CART, 2013 WL 3946203 (DSC 2013) ; Ex Parte Virginia, 100 U.S. 339

DUE to these continual injustices the Injunction And Protective order once filed must be granted to get At the truth And also to bring the court transcripts from the Judge Lee and Griffith hearings before these courts And make them A part of the court record. I want the audio preserved As evidence from both those Judges hearings. We need to determine

32 of 152

What Judge Lee said about the affidavits of facts and how I need to file them where she determined if I detach the word "motion" from the affidavit of facts they legally stand, do not have to be ruled on unless by rules of court they are timely challenged when served upon the parties. We must establish that the pleadings were comprehensible to all judges and parties which will prove the fraud upon the court via the various Federal Judges in the Georgia District Court. Even the 2nd Circuit once they reviewed the pleading

33 of L52

comprehended them where they made a fraudulent ruling stating that there was no arguable bases in law to inappropriately avoid recusal, and they consolidated cases without order or notice. I will deal with the issue as to whether there is an arguable bases in law later. Nevertheless, none of the state or Federal parties who made appearance and whom were properly served, including the U.N., moved for an extension of time to answer before the default was filed. Nor did they timely challenge any subsequent related document.

34 of 152

They did not resist entry of the default document or rights/rights claims to exercise power given by the default. They did not "timely" contest damages. They did not seek to appeal the filed default document nor those subsequently filed which sought to exercise sovereign power and authority or move to defeat them in a "timely" (emphasis added) manner making all claims, assertion of rights, titles, power and authority true. This bars all subsequent state and Federal Courts from

35 of 152

challenging these claims by default and collateral estoppel. Thus it was an act of fraud and an abuse of discretion to claim there is no arguable basis in law, Hodges v State Farm mut. Auto Ins Co, 488 FSupp. 1057 (DSC 1980); Standard Sewing machine Co. v. Henry 43 SC 17, 20 SE 790 SC (1895); White Oak manor Inc v Lexington Ins Co, 407 SC 1, 753 SE2d 537 (SC 2014); Ash-craft v Iqbal, 557 U.S. 662, 129 SCt 1937 (US 2009); Pyatt v Byars, FSupp 2d, 2012 wl 799726 62 (DSC 2012); Kunst v Loree, 404 SC 649, 746 SE2d 360 (SCApp 2013); In Re Joney, 396 SC 303, 721 SE2d 437 (SC 2012) Walker v Brooks, 403 SC 212,

36 of 152

742 SE2d 869 (SC App. 2013); Ledford v U.S, FSupp 2d 2006 wl 29 46187 (DSC 2006); Aughtry v Richland / Lexington Schools. Dist. 5, FSupp 2d 2009 wl 2257615 (DSC 2009); State v Brockmizier, 406 SC 324, 751 SE2d 645 (SC 2013); In Re Bruity, 411 SC 434, 769 SE 2d 426 (SC 2015); Taylor v Taylor, SE2d 2013 wl 8541 474 (SC 2013); In Re Lapham – SE2d – 2015 wl 3761510 (SC 2015).

Once the 2nd and or 4th circuits and other courts see that the parties were served; see that they made appearance or acknowledge receipt of complaint and summons but failed

37 of 152

to timely Respond, that is it. The
courts conspiring under color of law
or color of authority shall go no
further except to acknowledge this
truth within the Federal court re-
cord. The courts cannot call the case
frivolous or claim there is no Arguable
bases in law or fact in Acts of Fraud
upon the court conspiring with the
United States and defendants to help
them avoid suit. They cannot due
to collateral estoppel relieve the
defendants of the default acting
as their legal counsel when they
failed to timely plead before the

38 of 152

state court or challenge those subse-
quent documents in question, Shah
v Palmetto Health Alliance, SE2d 2012
WL 108 62 486 (SC App. 2012) Burgess v.
Burgess, SE2d 2012 WL 108 64 559 (SC
App. 2012) Sheppard v Higgins, SE2d 2014
WL 5777 187 (SC App. 2014) In RE Smith,
401 SC 96, 736 SE2d 270 (SC2012) mims
Ex Rel mims v Babcock Center Inc 399
SC 344, 732 SE2d 395 (SC 2012).

They past the (30) days permitted
by rules of court to challenge the
default document or subsequent filed
and served documents exercising
new established power and authority.
39 of 152

They did not properly seek leave but attempted further Acts of Fraud and got caught requiring sanctions which were timely sought, Holmes v. Haynesworth, Sinkler & Boyd P.A., 408 SC 620, 760 SE2d 399 (SC 2014); Kinlock v. Pinkney, SE2d, 2014 WL 25 89672 (SCApp. 2014); McBride, SE2d, 2013 WL 8541576 (SC App. 2013).

By the default and collateral estoppel the claims in total are made true, not frivolous producing clear arguable bases in law, establishing rights and titles As King-Khalifah, Imam, High Priest, Lawgiver

40 of L52

Who is legislator, Judge and Attorney combined, with the right to remove pursuant to the F.S.I A which cannot be challenged, Stratten v Mecklienberg County Dept of Social Services, 521 Fed Appx' 278, 2015 WL 236 45 87 (A4 (N.c 2013) 134 Sct 2250 ; Yousuf v Samantar, 699 F3d 763 (Va 2012) ; ELE GUAM v Long Term Credit Bank, Japan, 322 F3d 635 (9th Cir 2003) ; Liu v Republic of China, 892 F3d 1419, 1424 (9th Cir 1989) Cert dismissed — US — 111 Sct 27, 111 Led 2d 840 (1990).

Judges Wright, Evans, the court in Case 15-1386 failed to Rule on whether or not We meet the criterion for

41 of 152

the commercial exception carried pursuant to the J.S.I.A. due to the default. We object. They failed to rule on the claim or acknowledge the default with all rights, titles and authority because in acknowledging such they could not make the fraudulent claim of frivolous or there being no arguable bases in law.

Is the punitive damages and/or lien in the amount sought of $75 Trillion exorbitant, outrageous or unreasonable? Lets look at it. The King Khalifah is bringing suit for the Atrocities done during the

42 of 152

time of the U.S. and Global slave trade and the Neo slavery period of Jim Crow here in America. Pursuant to 18 USC § 1116 Jah Jah do not have to be recognized by this government though the default establishes these rights. The U.S. and United Nations should have timely responded to prevent Jah Jah from obtaining power and authority of this magnitude. The F.B.I. who are employees of the United States supplied, trained and armed the Ku Klux Klan various instances, in their raids and attacks upon African Americans here in the United States. This makes the U.S.

43 of 152

culpable . White slave Traders and their govertments, even the African nations They paid that sold their brethren to these white slave Traders are culpable . Nations who remained silent benefitting from the commerce and Trade Globally are culpable . All maritime operations, railroads, Banks, Companies that engaged, supported, transferred funds and assets, purchased the products produced by the blood and torture of slaves . Global and U.S. companies directly tied to it . These global and U.S. Companies are

44 of 152

businesses built in the future off of this wealth. The Saudi oil empire whose oil infrastructure and commerce was indeed established and built from revenue obtained via the slave trade. They now trade this oil until this present date, built off the blood and torture of slaves, with the global nations and their oil companies. All either directly or indirectly had a hand in it. This blood wealth is benefitted globally until this present date, especially by the top 2% via their ancestors. The hand of one is the hand of

45 of 152

All by the Accomplice liability doctrine and Pinkerton doctrine of liability pursuant to conspiracy. All are culpable. These claims are not delusionable, but are clearly documented facts. My African heritage gives me standing even without any claims of sovereignty which are established by the default. This carries an exception to the "shotgun" pleading analysis producing exceptional circumstances because all or any one can be sued pursuant to 18 USC § 242, The C.A.T. Treaty, Rico Act and other provisions of Law, as well as foreign law defaulted on by

46 of 152

the defendants in the state court proceedings, Rule 44. Additionally, foreign law (via [3] Holy Books and sunnah) make the claims true, also defaulted on, establishing rights under International probate law, 18 U.S.C § 1116 (a)(b)(4); 18 U.S.C § 1116 (a)(b) (2)(3)(A) ; United States v. Dizdar, CA2 (N.Y.) 1978, 581 F2d 1031) Wiekke v. United States, — U.S. — 106 S.Ct 179, 88 L.Ed. 2d 148 (1985) ; English v. Gen. Elec Co, 496 U.S. 72, 79, 100 S.Ct 2270, 2275, 110 L.Ed 2d 65 (1990) ; Cairns v. Franklin Mint. Co, 24 F.Supp 2d 1013 ; 28 U.S.C §§ 2071, 2072.

Walter Edgar, the Great Histo-

Rian who lives until this present date wrote in his Book entitled, "The History of The South", He stated that if you were to take the U.S. Cotton Trade for (30) years. It would take all the wealth from all gold minds from around the entire world for (500) years to equal the wealth obtained from the blood and torture of slaves within the (30) years of the U.S. Cotton Trade. Now do not be afraid to interject and correct me in my calculations. But lets do the math. Slavery in America

48 of 152

existed from 1619-1865. That comes to (246) years. So you take the (30) years of Cotton Trade and divide it into the (246) total years of slavery which comes to 8.6 (30) year periods. Then multiply the 8.6 (30) total year periods of Cotton Trade by the (500) years of the earth's gold. This means it would take 4,300 years of all the gold on earth to equal the wealth obtained by slavery within these (246) years. Give or take a few dollars. Would this amount be more than the $75 Trillion

49 of 152

When we seek to impose? Of course it would be ... astronomically. This is just the cotton trade. You also had rice, sugar and tobacco trades. Now multiply these additional (3) slave produced products by that 4,300 years of the world's gold if they are anywhere equivalent. This figure would equate to 13,200 years of all the gold on the face of the planet. Do the $75 Trillion lien and freeze touch or even come close to this amount? Of course it does not. Its not even a drop in the bucket.

50 of 152

Were not finished calculating.
Now you add in the aggravating
factors such as, over 100 million
killed or dumped in oceans, feed
to the sharks during the middle
passage being forced to live in their
own blood, urine and feces packed
like sardines on top of each other.
Factor in the acts of torture, rape,
beatings, dismemberments, adult
and child sex slavery, sodomizing
males, females and children right
before each other's eyes, the
crucifixions, the tearing apart
of families, children from their

51 of 152

fathers and mothers, husbands from their wives, the lack of homes, the beheadings, the robbing of land and property after reconstruction, being burnt at the stake, even while hanged, the cutting of unborn fetus' from their mothers wombs'. Add the depriving of education, job opportunities, unfair lending practices, discrimination, taxation without proper and fair representation that occurred during the neo slavery period of Jim Crow, the murdering of my people by klans men,

52 of 152

government officials and others when they sought to vote or obtain other civil rights. Are you bastards and dogs telling me that these crimes against humanity are delusional, frivolous and have no arguable bases in law? Factor into this interest, the loss of wages and productivity due to loss of life and cost of living increases over the (246) year period until this present day, the debt not being paid. Factor in the cost of pain, prison, suffering and mental anguish. Add in the revenue that was

53 of 152

obtained from the Saudi oil empire OPEC, that was founded off the blood and torture of slaves. The amount owed would be staggering, blinding, requiring the human conscience in shock and awe, inconceivable, impossible to pay in over ten, hundred thousand lifetimes. This is delusional to you rats and snakes? Are you trying to tell us that we African Americans, do not have an established right to address what you've done to my ancestors during slavery and Jim Crow? You attacked and framed me now due to my

54 of 152

claim of being the Heir to the
Ethiopian Throne and these people
who suffered in the past. This pro-
duces cause of action now not apply-
ing CAT TREATY or Rico Act retroactively
violations of the CAT TREATY or Rico Act
are not delusional and Rights are
established thereby. WE can give
the defendants a choice. All the
OPEE oil wealth since the time of
slavery, coupled by the wealth
gained by the Global Banks,
along with 13,200 years of the
Earth's gold plus punitive damages
for the additional aggravating

55 of 152

factors mentioned and unmentioned? or "75 Trillion spreading the cost over the 193 sovereign nations' assets in Lien and Freeze? Which is the more less, more reasonable more merciful, more forgiving amount? Its not rocket science. "75 Trillion is a small insignificant figure and drop in the bucket compared to what is truly owed. You're telling me this is delusional and not an established Right of African Americans?

The four horsemen of the Apocalypse must be sent into Repose. How many more random

56 of 152

mass killing must occur within
this nation before you come to
realize that I spoke the truth
all along. Those babies dying
in Newtown should have been
this nations wake up call. Now
more have died !!! The anger of God
is kindled. Same sex marriage glo-
bally must be annulled. Give them
civil unions, not Gods intellectual pro-
perty and religious covenant, my pro-
perty as his appointed king. The raping
killing, bombing, mayhem and
global Jihad around the world
must be brought to an end! The

57 of 152

only way to accomplish this task and bring the world a period of peace is to unite all contending factions under neath one banner. my people, Africans, its diaspora, Christians, muslims and Jews do not need another hero. They need their King, Khalifah, Imam, Lawgiver and High Priest of religious Prophesy. The one foretold who would purge them, lead them back to the old paths and Godly truths from the days of yore, back to their "promised land", a land flowing with "milk and honey". I have come.

58 of 152

I am sent. I must be freezed to go as God commands me. That $75 Trillion is written in the Book of Daniel chapter 11 verses 1-3. Thus, it too, is an "Act of God". Though they tend to wreak havoc, an "Act of God" injuries no one. All of this is established by the default making the claims true by law. That which is written cannot be broken. The courts and 2nd circuit abuse their discretion in Acts of fraud upon the court for calling clearly written religious doctrine of christianity,

59 of 152

Judaism and Islam delusional where no man shall be called into question for the verity of his religious beliefs and the United States and U.N. members defaulted on all of this binding all by the SUPREMACY CLAUSE and Kings DECREE. This is where the 2nd Circuit and courts are controlled by AN ERROR of LAW. They have construed the pleadings to believe that the lead Sovereign opened the door to address these claims. This is the error of law. The lead Sovereign did not open the door on these religious claims no matter how strange or fantastic

60 of 152

they may sound. The truth is that the state of South Carolina not only opened the door to the religious beliefs being argued before all courts, but they used these religious beliefs for the purpose of obtaining a murder conviction in violation of State and Federal Law. The claim, as ludicrous and false that it is. Is that the head sovereign beat his family member to death over a "5 microscope. If no witness the state produced ever stated that "God told me to do it". Then what the heck is my religious beliefs, no matter how strange, doing being brought up in that trial for murder

61 of 152

for the sake of establishing law
when the beliefs, no matter how
strange have no relevance to
the facts argued within the murder
conviction? This creates an arguable
bases in law and establishes an
indisputable constitutional right of
all citizens not to be prosecuted
for their religious beliefs if they
are not relevant to the facts in
a case or break any established
laws. The state, not the head
sovereign, opened the door for all
of this the day they used these
beliefs to obtain, that murder
conviction violating the 1st, 5th, 6th

62 of 152

13th, 14th, and 15th amendments as it
freehed to the structural error in the
indictments where our presumption of
innocence is clearly taken away. This
taints and compromises the Crawford
criminal conviction, is clear reversible
error requiring a new trial. This
is addressed in the (240) page Kershaw
county petition sought by discovery,
Bank of St. Matthew Baptist Church, 406
SC 156, 750 SE 2d 605 (SC 2013), McGovern
u maryland, 366 U.S. 420, 81 SCt 1153 (mem
(US 1961), U.S. u Poston, 312 F.Supp 587 (SC 1970),
Valley Forge Christian College u Americans
United For Seperation of Church and State
Inc, 454 U.S. 464, 102 SCt 752, 70 L.Ed.2d 700
(1982).

63 of 152

We review all previous filed motions, petitions etc for en Banc review, evidentiary hearing, Appointment of legal counsel in all Federal Courts and Richland County State Court, for extension of Time to make additional Response in the New York and Georgia District Courts once the 2nd and 11th Circuits rule establishing the Crawford and Sutcliffe Appeals. We review all emergency stays and seek that the Georgia District Court, not the 2nd Circuit, consolidate all (3) Cook, Crawford, and Sutcliffe cases. We

64 of 152

motion To expand the scope and
for inclusion and that all docu-
ments filed in cases 9:15-CU-984)
9:15-CU-183 | 9:14-CU-1501 | 2013-CP-400-
0084, 2294 | 1:14-CU-3713 ) 1:15-CU-2309,
2310 and 4005 | The Kentucky District
Court cases and New Writ of ERROR
processed in Georgia "4005", be deemed
filed, added to the RECORD in each
of these cases seeking that both
the 2nd and 11th Circuit grant all
relief sought within all cases col-
lectively, including EMERGENCY stay
on SAME SEX MARRIAGE NATIONALLY
Until these matters are brought
to trial, middleton v Nissan

6 5 of 152

motor Co Ltd, FSupp 2d 2012 wl 3612572 (DSC 2012) | U.S. Ex Rel Knight v Reliant Hospice Iplc, FSupp 2d 2011 wl 132-1584 (DSC 2011) | Harbison v Bell, 556 U.s. 180, 129 sct 1481 (US 2009) | U.s v Attar, 92 F3d 1182 (74 (ルC 1996). They blocked Crawford from exhausting by fraud.

To: Judges Harrington, markley, Evans, McQuay, Joseph L Yanniotti, of Dubque New Jersey Superior Court and Judge Hummell. We motion for your recusal and to strike any conditional orders, final orders(s) Report and Recommendations issued in these cases. No one judge

66 of 152

can sit on these cases until after
En Banc Review is initially given
within the Relevant courts to pre-
vent only further Acts of fraud
upon the court(s). This includes
seeking Recusal of the panel in
cause 15-1494, 15-1386 and any judge
in the 2nd circuit that sat on any
prior cause involving Crawford. The
remaining judges must give En Banc
review. These names are officially
supplemented as defendants in case
9:15-cv-984 and the Writ of Error
being processed in the Georgia
District court. Wright, Evans and

67 of 152

other Georgia Judges initiated legisla-
tive functions, Acting as legislators chang-
ing law as they went, then violating
the separation of powers provisions by
implementing unsanctioned new law
by their actions stripping them of
immunity, conspiring to prevent
these cases from moving forward
and stifle our right to be fairly
heard before a jury which is ex-
trinsic fraud upon the court. con-
duct our Judges (Canon 3 (C)(i)(d)
mandates recusal of these judges
involved in total who conspired
with sharpe and the 2nd circuit.

68 of 152

We supplement the Appeal in both the 2nd and 11th Circuit and Writ of mandamus also sought recapstrated to require this. MACALUSCO V KEY-spring Energy, plc. 05-CV-823, 2007 WL 104 1602, AT * 14 (E.D. N.Y 2007); Ad "falta v. south carolina, F.supp 2d 2012 WL 3467298 (D.S.C. 2012); Kolon Industries Inc v E.I. Dupont de Memours & Co, 748 F3d 1160 (4 (Va 2014); Liteky v United States, 510 U.S. 540, 114 Sct 1149 (U.S GA. 1994)

We give the 2nd and 11th circuits Notice, Judge Yannotti in case A-00-5205-13T4 just transferred the case out of his jurisdiction in Feb

69 of 152

of Fraud upon the court by order dated July 27, 2015 remanding case to lower court. His intent was to avoid being required to be subject to any pending ruling that may come from the 2nd and 4th Circuits. Appeal of that order is sought within the plts Supreme Court under case number 076372. We motion to supplement to require that any determination by the 2nd and 4th circuits apply to any court the plts. case resides in at the time of the 2nd and 4th Circuits Ruling. By the way. The court in case A-005205-70 of 152

13TH And the lower court the case
was transferred to via video confer-
ence understood the pleading and
even ruled partially in the appellate
court. This too, proves the fraud
upon the court via the Georgia
District court when it asserted the
claims were incomprehensible.
Again we motion to exceed any
page limits because we are dealing
with multi-District and state and
Federal jurisdiction litigation where
response to Report and Recommen-
dations, conditional and Final orders
is mandated and these issues must

71 of 152

be properly addressed. The legal Foreign Sovereign is laboring under a disability to his hands placing him in pain arguing a case this complex and size. This format is needed pursuant to his rights under ADA. This includes any defect.

Addressing the conditional and or final orders in the Sutcliffe and mitchell PCRS. Attached the court will find a supplement PCR application that is to be filed in both cases 2015-CA-10-2153 and 3080.

The structural constitutional error in the indictments taking away the presumption of innocence etc.

72 of 152

is being argued in both cases. Since
the conspiracy indictment was not pros
in the mitchell case. The murder
indictment do not allege who mitchell
conspired with. The sutcliffe indict-
ment do not allege what Battery
took place. In the supplement PCR
is placed litigation arguing elements,
even though it may refer to other
elements. The same litigation
applies to the elements deficient
in these two cases. The (180) day
gatieleu & 4 judicial order is being
argued in both cases, sutcliffes
judicial matters were supposed to
have been concluded by July of

73 of 152

2011, not march of 2012. mitchells
case was suppose to be concluded by
may of 2003, not november of 2004.
You don't have a successive pca on
mitchell because its tainted by a
similar judicial order requiring the
pca to be concluded within (365) days.
All these are claims of subject
matter jurisdiction and Gentry
was Adjudicated under FRAUD upon
the court. Your use of it opens the
door for attack. Violations of
Anti Peonage Act is being argued
none of this can be waived, can
be raised at any time and is
not subject to limitations bar

74 of 152

which include hashes and successive
constructive amendment of the in-
dictments and Gentry Fraud issue
is being argued in both cases. A
hearing is required and the appoint-
ing of legal counsel. You have foreign
sovereign issues argued. This too is
a challenge to jurisdiction requiring
all parties, including Crawford be
brought before any court together,
not seperately. We move to con-
solidate all pending RCRES and
seek class action certification arguing
preemption under Rules (19) and (23)
joiner of parties. Crawford is now
party pursuant to preemption, Rule

75 of 152

19 Under Federal Rules . We made Crawford be added as a party in all pending PCRs since he discovered the lead issue(s) pursuant to seeking class action or consolidation . He must be permitted under Federal law, Rule 19 to protect his interest . We must be brought before any state or Federal court together even pursuant to REMOVAL, 28 USC §§ 2011, 2012 .

Referring back to the issue of collateral estoppel . Does it attach And did Jahjah Al mahdi, Crawford, establish all rights And titles with

76 of 152

his ability of Act as Lawgiver
within the 193 member states
of the United Nation's borders
which include the United States
clearly binding all state and
Federal courts due to the default
via the supremacy clause of the
U.S. Constitution and King's decree
establishing an arguable bases
in law even for this claim, Legally
all the plaintiffs have to do is
prove the United States was
served, made an APPEARANCE
and produced no challenge to
any claim submitted and A judg-

There are additional circum-
stances in this case that indis-
putably establishes the default
and the attachment of collateral
estoppel. That being that the
default emanates from a judicial
order adjudicated, determined
and resolved by the SC Supreme
court under Article V § 4 of the
South Carolina constitution where
all administrative factors attached
to the order have been rescind-
ed. Thus it is not an administra-
tive issue or determination. It

79 of 152

is a judicial order, mandatory, draconian, based upon SC constitution DUE PROCESS law creating a 6th and 14th amendment claim, under fair and impartial hearing and EQUAL PROTECTION of LAWS.

Further the order has been attached to the SC constitution where under Article 1 §23 of the SC constitution, by the language of the order it is not discretionary. It by this additional provision makes it mandatory, draconian, creating a "jurisdictional prerequisite", unless there

80 of L52

is something in the language
of the order that states other-
wise, to wit, there is not. This
applies to the Sutcliffe and
Mitchell cases also.

Once the state court fails
to be in compliance to this es-
sential "(j)urisdictional (r)equisite"
by the time demanded via the
SC Supreme Court order (i
file a written order of continuance
within the pending case within (365)
days of its original filing to proceed
with the case beyond the (365)
days demanded via SC Supreme

81 of 152

court order. This applies to the (180) day provision for trial courts as well.

Failure to be in compliance immediately voids the state courts jurisdiction. So once the party detects this "jurisdictional" flaw or defect and enters it into the court record by affidavit of facts, not a motion as was determined by Judge Lee. The affidavit of facts stands as true in the court record as a final determination on the issue, not being contested by the court or parties within (30) days of filing as is required by S.C.

82 of 152

law. The affidavit of Facts is then made true on the court record by S.C. SUPREME Court order, determination, resolution and adjudication even though JUDGE LEE made a similar oral determination to support this fact related to the affidavits standing. It becomes a final determination supported by the S.C. SUPREME Court order in the pending case because the state court and parties, which include the United States, would be procedurally barred in challenging the affidavit being past the (30) days permitted to challenge by south CAROLINA RULES

of court, now also being divested
of jurisdiction. Collateral estoppel
would immediately attach preventing
challenge from any subsequent
court. The affidavit of facts laid
clear claim on all titles, rights,
power, authority established by
all documents filed in the case
which include the memorandum
of Law and Declaration of Sovereignty
as well as the (95) page document
dated December 8, 2014 exercising all
rights as lawgiver of God and as
King-Khalifah etc of the (4) Global
Thrones. The Affidavit of Facts

84 of 152

claiming default with that (as)
page subsequent document and those
that followed them, now become
binding on all courts, all appearing
parties, all those served, who
conspired to avoid service and who
failed to timely respond or respond
at all. This specifically include
the United States. The other 192
member states were served at the
U.N. and additional service was
done on the United States via the U.S.
Justice Dept., the U.S. Congress, the U.S.
Senate and various other Federal
Attorneys, Ex parte Virginia, 100 U.S. 339,
25 L.Ed 676 (1812).

85 of 152

There are (4) essential elements to establishing a claim of collateral estoppel. (1) The issue of fact is identical to the one previously litigated. The Affidavit of Facts filing default pursuant to the Article v & 4 S.C. Supreme Court order and mandate was previously litigated in the state court. The clock stamp on the document is proof of its filing. It is argued in subsequent pleading. (2) The issue of fact was actually resolved in a prior proceeding. Judge Lee resolved the issue of the filing of the affidavits in a prior pro-

86 of 152

ceeding by oral determination where she said the affidavits stand, do not have to be ruled on if the word "motion" is detached and no one timely rebuts them. The issue was also resolved by the S.C supreme court where via their Article V powers they detached any administrative factors so it could not be construed as an administrative proceeding. They resolved it as an order and jurisdictional requisite, being mandatory, draconian in nature further establishing it to be so by also attaching it to

87 of 152

the S.C. Constitution under Article
1 § 23. This placed double emphasis
on it being mandatory. (3) The
issue of facts is critical and ne-
cessary to the judgment in the
prior proceeding. This issue is so
critical and necessary to the judg-
ment that failure to be in com-
pliance to this jurisdictional re-
quisite divest and or voids their juris-
diction ary powers to proceed further
or render any additional judgment.
(4) The judgment in the prior pro-
ceeding is final and valid. DUE
to the divesting and or voiding of

88 of 152

jurisdiction. The judgment of Judge Lee on the court record related to the filing of The Affidavit of Facts, their claims being valid unless timely disputed, which the court or no party timely disputed, is final and valid. Additionally the finality and validity of the judgment becomes strengthened by the S.C Supreme Court order in that prior proceeding where the S.C Supreme Court's decision is final and valid being the states highest court. And (5) The party to be fore-closed by the prior Judge Lee and SC Supreme court resolution of the issue of fact, the filing of the Af-

89 of 152

Findquit of facts and Article V & 4 order, had full and fair opportunity to litigate the issue of fact in the prior proceeding. That default document with its subsequent (95) page document and those that followed exercising power by default was served on all parties since may of 2014 where they appeared. South Carolina law gives them (30) days to challenge any pleading filed. They never, all parties involved (emphasis added), timely challenged any of these facts. The United States instead of taking

90 of L52

advantage of the opportunity to litigate, conspired at points to avoid service, then concealed their appearance before the court and then got caught hiding, creeping like a bunch of back door ghost. The plaintiffs exposed them and moved for default. They engaged in fraud upon the court warranting sanctions which was sought. The aforementioned meets every element for establishing collateral estoppel, U.S. Bank Nat. Ass'n v. ZARRABI, 560 Fed Appx. 181 (4th (Va 2014); IN RE RAGUCCI, 433 B.R. 889, 895 Bank (MD Fla 2010).

91 of 152

Claim preclusion only requires a valid and final judgment. In these exceptional circumstances we have two. One from Judge Lees determination on the filing of the affidavit of facts. The second further making that prior Lee Judgment final and valid comes via the SC supreme court Article V § 4 order where all administrative factors have been rescinded where it could not be construed as an order emanating from an administrative proceeding, creating a jurisdictional requisite. The SC

92 of 152

SUPREME Court then tied it to the SC Constitution to emphasize this provision was and is mandatory, draconian in nature. State jurisdiction is voided preventing the United States and defendants from challenging the affidavit that established the default being so late in the game, S.E.C v Farkas, 557 Fed App'x 204 (4th Cir 2014); DELTA APPAREL INC v FARINA, 406 SC 257, 750 S.E.2d 615 (SC App. 2013); MOORE v BYARS, 2013 WL 6710273 (DSC 2013); In RE ESTRAN, 529 B.R. 865 Bkrptcy (DSC 2015); PARKER v. Asbestos Processing, LLC, 2015 WL

93 of 152

127930 (DSC 2015) ; Jomney v La Salle Bank Nat Assn ,36 FSupp 3d 657 (DSC 2014) ; Harper & James The Law of Torts 1642-1643 L. (1956).

When a party has substantially participated in an action in which he has had full opportunity to defend, like the state court proceedings and mandamus under 15-1494 where the United States appeared in both proceedings then engaged in acts of fraud upon the court(s) conspiring to defeat the mandamus and then concealed their appearance in case 2013-cp-400-0084, 3394 and got caught. They never disputed or challenged

94 of 152

the merits. The case was placed on the complex case docket demonstrating the pleadings were comprehended by all parties proving Georgia's fraud. It is not an abuse of discretion to apply collateral estoppel after default document was filed which void their jurisdiction for Due Process violation, And Judge Lee resolved the issue of the Affidavit of facts as a final determination on that issue, before jurisdiction was then void by order preventing any further challenge to the document. When substantial participation and sanc-

95 of 152

tions were sought for dilatory or obstructive conduct. Such as the United States hiding its appearance to negate the requirement to respond to the pleadings, or avoiding service, conspiring in fraud upon the court, skirting procedural rules where they failed to timely respond. Or placing the case on the complex case docket after the fact to evade the voiding of their juris- diction or circumvent their failure to timely be in compliance to the initial SC Supreme Court Article u 34 order because the complex

96 of 152

CASE docket has different time Rules OR spoliating evidence and documents in subsequent cases because they did not want evidence of this default placed in subsequent court records. Sanctions sought for Fraud upon the court(s), intimidation of plaintiffs, judges acting as investigators conducting Ex Parte investigations subjecting us to official mental and physical torture, retaliation for us seeking redress and other miscarriages of justice producing aggravating factors. The "actual litigated" requirement is

97 of 152

met and collateral estopped attaches,
Instituform Tech Inc v Amerik
Supplies Inc, 850 F supp 2d 1336, 1362
(ND GA. 2012); Eastern Association
Coal Co. v Director office of Workers
Compensation Programs, 578 Fed Appx.
165 (4th (2014); Radmite v University
of SC, SE2d 2015 wil 4275972 (SC App.
2015); Jillery v Jaguar / Land Rover
Hilton Head, 2015 wil 373 6216 (DSC 2015);
IN RE RUSSO-CHESTNUT, 522 B.R. 148
(DSC 2014); White, 2014 wil 1513 280 (DSC 2014).

This is the issue of controversy
here. The defendants never ex-
pected the now "legally" (emphasis

98 of 152

added) established Foreign Sovereign
King, Khalifah and Lawgiver of the
one True God, to have knowledge
of The S.C Supreme Court order and
jurisdictional requirement as well
as how and when to make use of it.
Once rights of S.C Constitutional
Due Process Law was placed on the
court record making all claims
true by default. Thereupon per-
mitting the plaintiffs to exercise
now established Foreign Sovereign
power and authority. It was an
Abuse of discretion for Judge
Casey Manning, who is a defen-

99 of 152

dant in these cases and who was not the presiding judge in these cases. In violation of the code of judicial conduct, to place these cases on the complex case docket, after the fact, as a means to circumvent the jurisdictional written order of continuance requirement. Done to conceal the fact that they "dropped the ball" and are in procedural error and default, creating a SC state constitutional jurisdictional defect voiding their jurisdiction to submit any further judgment, violating the

plaintiffs DUE PROCESS Rights Under
the F.S.I.A of 28 USC § 1602 - 1612 et seq.,
his 4th Amendment Rights pursuant
to the illegal seizure of a sovereign,
his 6th amendment Right to a fair
and impartial hearing and his 14th
amendment Rights Under the Equal
protection of the Law Clause related
to established rights via default clearly
demonstrating an ARGUABLE basis
in law. The United States is involved
in this conspiracy concealing its Ap-
pearance within the Richland Court.
This satisfys the minimal Adversity
requirement permitting us to remove

101 of 152

And disqualify pursuant to sanctions and 28 USC § 1602-1612 et seq of The Foreign Sovereign Immunity Act. See ELE GUAM v Long Term Credit Bank, Japan supra, Currency, 9 Fsupp3d 582 (2014)

Once the default and collateral estoppel attaches making all claims true, establishing all rights, titles and authority of The Global Theo-cratic King-Khalifah, which include his right to act as Lawgiver with superseding authority. It also automatically made the (3) Holy Books true as the last will and Testament of God's Holy Prophets

102 of 152

and Kings pursuant to International Probate law. This established the "Act of Marriage", as a religious covenant, one of Gods Laws and commands given to "Adam and Eve", Gods servants, not "Adam and Steve". "Adam and Steve" cannot "procreate" which is an essential requirement to be given and practiced by this religious law and covenant.

The laws of God are an intrinsic part of the intellectual property and portion of the inheritance given to this Global Theocratic King, Khalifah, High Priest, Imam and Prophet as it relates to the ove-

103 of 152

scendants of AARON and King David. This is clearly written in the Biblical text. Is the court calling the Holy Bible delusional? You acted as a Theologian not a judge stripping you of immunity. This property cannot now, legally by law, due to the default, be ARRESTED, attached or executed without Gods Appointed Kings expressed consent which this state or any global nation have related to same sex MARRIAGE. "Elijah must first come and restore all things" (Mark 9:12). All of this is an intrinsic part of the default establishing the right to secure my

104 of 152

And Gods property. Suit is being brought for this. Declaratory Judgment and injunctive Relief is sought as well. By the aforementioned these cases should have never been dismissed Sua sponte or said frivolous without first serving the parties in the Federal Court to make them respond to the default that occurred in the state court and all crimes, torts, spoliation connected to it. There exist genuine issues of dispute and arguable bases in law ei Foreign law with rights and titles, Theocratic Law, Probate

105 of 152

law defaulted on by the defendants, specifically, the United States, made true by the existing default where they failed to respond, instead contracted their appearance. Fraud upon the court(s) is established requiring EN BANC REVIEW, JONES v Stern heimer, 387 Fed Appx 366 2010 WL 2711305 (4A (Va 2010); U.S. v. Watson, — F3d — 2015 WL 4385697 (4A (Va 2015); Hanley v South Carolina Dept of Corrections, 2013 WL 5428585 (DSC 2013); People v Rogers, FSupp2d 2010 WL 424201(DSC 2010); Gentry Technology of S.C. Inc v Baptist Health South

106 of 152

Florida Ins, 2015 WL 1219251(TSC2013).

Referring back to the issue of subject matter jurisdiction and or voiding jurisdiction as it relates to the Article VI § 4 orders that is one of the sources of the default, as well as jurisdictional prerequisites and or jurisdictional requisites in total as they exist within State and Federal courts, which can be raised at anytime and cannot be waived. We bring the courts and parties attention to the following cases State v Gentry, 365 SC 93, 610

107 of 152

SE 2d 494, 495 (SC 2005) ; United States v Cotton , 535 U.s. 625, 122 Sct 1781, 152 LEd2d 860 (2002) ; State v Parkhurst , 845 S.W. 2d 31 (MO 1992) ; Russell v United States , 369 U.s. 749, 82 Sct 1038 (1962) ; Indictment sufficiency 70 Columb L Rev 876, 888 (1970) ; United States v Abrams , 539 FSupp. 378, 384 (SD NY 1982) ; Stirone v United States 361 U.s. 212 (1960) ; Gaither v United States , 413 F2d 1061 (DC Cir 1969) . We are suing the state of south Carolina and the 4th circuit for injunctive relief and and abuse of discretion and acts of fraud upon the Rele.

108 of 152

want courts for their deceptive,
fraudulent, criminal adjudication
they have done in and related to
the State v Gentry case. This is
further reason why we are suing
to disqualify them, injunctive relief.

By the holdings made in the
Gentry case. They purposely mis-
interpreted the holdings made in
U.S v Cotton and destroyed the true
concept of our Due Process Rights as
they relate to subject matter
Jurisdiction and Indictments. They
adopted the Federal laws, and
Requirements of the indictment

109 of 152

via their states constitutions. They engaged in Acts of FRAUD upon the court(s) for the purpose of essentially establishing modern day slavery in violation of the anti Peonage Act where wee can no longer be deemed "duly" (emphasis added) convicted making void their power and jurisdiction. We ARE suing them for this as well as JUDGE Sharpe and all judges listed within these cases because they conspired during and after the fact to esta- blish modern day slavery in vio- lation of the CAT. TREATY and RICO

110 of 152

Act and to conceal this crime and miscarriage of Justice. They conspired to conceal the fact that the legal issues affected the state of New York and all (50) States producing public juris claims and the minimum contact requirement pursuant to long arm statute provisions and conspiracy pursuant to the Rico Act and extra-territorial jurisdiction claims.

By the holdings made in the Gentry case. That court essentially took the position that courts powers of subject matter jurisdiction are absolute via state legislative or

congressional statutes or enactments of law and at no time can that power be divested or voided. The Gentry court essentially claimed there can be no situation that can develope during the course of judicial proceedings that can divest or void jurisdiction. We object to this. This is a ludicrous and criminal position to take which will be proven by judicial determinations made after the Gentry case was established.

There are essentially (2) prongs to subject matter jurisdiction. One (1) is where the courts lack subject matter jurisdiction (ei where a

family court would attempt to try a criminal case, or a probate court would attempt to try a military tribunal case). Of course in these situations those courts would "lack subject matter jurisdiction".

This is essentially what the Cotton court was saying which is the reason why the litigant in that case did not prevail. By state and federal statutes or congressional enactments, specific courts have jurisdiction to hear cases of a general class (e: criminal courts have jurisdiction to hear criminal cases). (2) But there is

113 of 152

A second prong to subject matter jurisdiction where jurisdiction is made void because of DUE PROCESS violation despite any existing state statute or Federal law. So the Cotton court was essentially saying is that the litigant, by the language he presented, he was arguing his case under the wrong prong. More specifically, the litigant should have asserted that jurisdiction is made void due to a particular DUE PROCESS violation. see Ensus

The GENTRY court knew the Cotton court was VAGUE on this issue and went on a "fishing ex-

predition" to find Cotton and Park-
hurst so they could adjudicate the
Gentry case under the same in-
correct prong to defraud the in-
mates of this state. Like the Arti-
cle V §4 orders leading to the
claims of default and collateral
estoppel in these cases. The sufficiency
of an Indictment is a "jurisdictional
prerequisite" and Due Process
claim that voids jurisdiction as
opposed to the other prong where
the Family Court would attempt to
try a criminal case and would lack
subject matter jurisdiction. The
Due Process prong is what we

are arguing the Article VI & 4 orders
default, and structural error of
religious prophesy pertaining to
the indictments predetermining in
advance the outcome of the pro-
ceedings, taking away of presump-
tion of innocence, convicting us
before plea or trial under. Thus
the determination made by Judge
Lee related to the filing of the
affidavit of facts becomes a final
judgment where every act done
after becomes void upon the docu-
ments filing when they went past
the (30) days to challenge it.
This is a crucial part of the fraud
upon the court they perpetrated
116 of 152

against the inmates of this state
and plaintiffs, Sharpe conspired
to aid them conceal this, even by
acting as an investigator, a non-
judicial act, with parties, the se
atty gen, scdc etc, conducting
ex parte secret investigations,
and bringing that tainted know-
ledge back into court to initiate
ruling in case "183", for the
purpose of establishing modern
day slavery in violation of the
C.A.T. Treaty carving an exception
to they being sued though they
are judges. Congress confers upon
no court, state or Federal, the

107 of 152

power to establish modern day slavery, The Amistad, 40 U.S. 518, 15 Pet 518, 1841 WL 5024.

When the constitutionality of a ruling is in doubt (ci the Cotton and Gentry cases). The court has an obligation to interpret the Cotton case as it relates to Gentry, Abrams, Gaither, Stirone, Russell and the voiding of jurisdiction for DUE PROCESS violations under this prong, not the other. Stare Decisis et non quieta movere". Once clearly decided the courts shall not make from it, certain violations of DUE

118 of 152

PROCESS void jurisdiction, 9 FSupp3d 582.

If A criminal case is Appealed but no trial transcript is produced, what occurs? The trial transcript is A jurisdictional Requirement in the Appeals court. The court must Remand for a new trial If A case is in the state court And A petition to Remove is filed, what occurs? The state court jurisdiction is divested And that court can not proceed until Remand order is issued, State v.Ladson ,373 SC 320, 644 SE2d 271 (SC App 2007) , Lovett v. Deutsche Bank Nat' Trust Co, FSupp. 2d ,2013 WL 841679 (DSC 2013) : A case

119 of 152

is in lower court. A motion is filed where adverse ruling is given. The party appeals it, what occurs? The higher court cannot here it without the jurisdictional prerequi- site final order, Fortmill v Fitz- gerald, SE2d, 2014 WL 733 94 53 (SC App. 2014). In civil cases parties must be in compliance to all rules of constructive service. Compliance is jurisdictional prere- quisite. If a step is omitted (compar- ingly a sufficient indictment omitted) decree or ruling is void, Caldwell v Winquist, 402 SC 565, 741 SE2d 583 (SC App 2013). Where case

120 of 152

filed in District Court but parties file a second case to subvert the District courts jurisdiction in the state court. This act would void state courts jurisdiction. This jurisdiction is not absolute despite legislative statute of a state or Federal law, Ackerman v Exxon Mobil Corp, 734 F3d 237 (4 (Md 2013). jurisdictional defects in tax cases void jurisdiction, Reeping v Jebbco, LLC, 402 SC 195, 740 SE2d 507 (SCApp 2013). money amounts jurisdictional in wills, probate and estates Dickson v Alexander Hospital, 177 F3d 876 (4 (Va 1949); Aladecha 2010 WL 4054267 (2011

When a conviction fails to
comport with DUE PROCESS if the
statute under which it is obtained,
and we can add to this an indictment,
_(is comport to Due Process and law)_
fails to provide a person of ordi-
nary intelligence "fair" notice
or other essential REQUIREMENTS
of DUE PROCESS (ci double jeopardy
protection, presumption of innocence),
jurisdiction is void. If the court
fails to act in a manner consis-
tent with DUE PROCESS and author-
izes and or encourages arbitrary
and discriminatory _(adieu or aff)_ practices (ci
deny us equal protection of the
laws, constructively Amending g

122 of 152

indictments on essential elements, taking AWAY our presumption of innocence predetermining in Advance the outcome of the pro-ceedings by indictment language, spoliating documents And evidence, illegally seizing evidence And foreign sovereigns, engaging in Acts of Fraud Upon the courts, knowingly submit any delay, claim fraud or be lost any, depriving us of PROPER Notice in violation of the 4th, 5th, 6th, 13th, 14th., violating refs. 15th Amendments, JURISDICTION is made void for violation of DUE PROCESS, Gentry Technology of SC Inc. v. Baptist Health South Florida,...., 2015 WL 1219251 (DSC 2015), Yates Estate of

123 of 152

Yates, 2014 WL 2579917 (SC App 2014);
Ware v Ware, 404 SC 1, 743 SE2d
817 (SC App 2013); Orlando Residence,
Ltd v Hilton Head Hotel Investors,
F.Supp 2d, 2013 WL 1103027 (DSC 2013);
Federal Land Bank Assn of
Asheville, N.C. v C.I.R., 573 F2d 179
(A4 (1978); Al shimani v C.A. C.I
Inther Inc, 679 F3d 205 (A4 (Md 2012).
The use of U.s. v Cotton, Parkhurst
and Gentry must be deemed
misplaced or overruled due to
vagueness, Johnson v United States,
— Sct — 2015, WL 2473450 (US 2015);
U.s v McKee, 506 F3d 225, 229-32 (3rd
Cir 2007); U.s. v Resendez-Ponce, 549
U.s. 102, 127 Sct 782 (US 2007); U.s. v Huet,
1240f 152

665 F3d 588 (3Rd Cir 2008); Ingram v Phillips, 36 S.C. L. 200, 1850 WL 2857 SC App Law 1850; Lewis-Murray v Murray, SE2d 2005 WL 708 4812 (SC App 2005); Bankers v South Carolina, FSupp 2d, 2010 WL 558580 (DSC 2010); Lamp man v Diemolff Boberg & Associates, Inc, 319 Fed. Appx 293 (4 (SC 2009); United Student Aids Funds, Inc v Espinosa, 559 U.S. 260, 130 SCt 1367 (US 2010); Arata v Village West Owners Assn Inc, SE2d 2011 WL 1735004 (SC App 2011) Elderberry of Weber City, LLC v. Living Centers-South east, Inc - F3d -, 2015 WL 4430836 (4 (Va 2015) The Judgment in these cases (ei Gentry

125 of 152

15-1386 ) 15-1494 ) 1:15-cu-2309 , 2310 ;
9:15-cu-183 ) 9:14-cu-1501 etc ) is one
affected by fundamental infirmities.
There is arguable bases in law,
established rights and clear error.
The state opened the door for
the religious matters to be argued,
not crawford , where they tried
him on it to obtain a murder conviction
and it had no relevance to the facts
in the case. You cannot convict a
man for the verity of his religious
beliefs when they had no bearing on
the case. The claims are made
true by default and anything occur-
ring after is made void. Removal
is permitted now under the F.S.I.A.

126 of 152

We meet the criterion for establish
ing class action. The legal issue(s) affects
(50) states, 2.3 million inmates. No sua
sponte dismissal should have occurred.
Counsel should have been appointed to
represent class. Evidentiary hearing
and en banc review is required. You
have fraud upon the courts, spoliation
and the establishing of modern day
slavery via the defective indictments
and complaints we not being "duly"
convicted. You have judges conspiring
in venues in which they are void
of all jurisdiction doing non judicial
acts stripping them of immunity in
their effort to prevent this case

127 of 152

from going to trial. These infirmities may be raised after any judgment becomes final. United States Aids Funds, Inc v Espinoza supra ; Vose v. Hannahan, 10 Rich 465, 1857 WL 3239 S.C. Era. 1857 ; Norbrega v Hinkle, 576 Fed Appx. 224 (A4 (Va 2014) ; Jones v. Sternheimer, 387 Fed Appx' 366 2010 WL 2711305 (A4 (Va 2010) ; U.S. v. Watson — F3d — 2015 WL 4385697 (A 4 (Va 2015); Harley v South Carolina Dept of Cor- rections, 2013 WL 5428585 (DSC 2013) ; People v Rogers, F.Supp 2d 2010 WL 424 201 (DSC 2010) ; Gentry Technology of SC Inc v Baptist Health South Florida Inc, 2015 WL 1219251 (DSC 2015).

There are essentially two

REQUIREMENTS that must be met before a case can be deemed frivolous or it be stated there is no arguable bases in law. One - is which it is clear that the defendants are immune from suit. The Writ of Error in Georgia being processed list all defendants As do case 9:15-cv-984. Many are not judges. Some are individuals and companies. You have Judges doing non judicial Acts and Acting in venues where they are void of All jurisdiction. You have them creating law (Legislative functions) and implementing them. You have Judges Acting As investigators, destroying evidence And doing executive functions. So

129 of 152

it is obvious the courts have not met the first requirement for establishing there is no arguable bases in law, Baccus v Merchant, 2014 WL 133 09 84 (DSC 2014); Forrester v. White, 484 U.S. 219, 108 SCt 538 (US 1988); Wuse v U.S., FSupp 2d 2009 WL 305 2608 (DSC 2009); King v Myers, 973 F2d 354 (A4 (Va 1992); Abebe v Seymour, FSupp 2d 2012 WL 113 066 0 (DSC 2012); Ex Parte Virginia supra.

The second requirement is where claims infringement of a legal interest which clearly does not exist. The head Sovereign did not first bring this seemingly strange religious beliefs up. The state did

130 of 152

When they tried him in a murder case for these beliefs where they had no bearing on the case at all and did not break any law to believe such. The sovereign has a legal interest under the 1st, 6th, 14th amendments not to be tried for the verity of his religious beliefs. Furthermore, unless the 2nd, 11th circuits or any court address the issue of default and collateral estoppel. No court can legitimately claim that these claims infringement of a legal interest which clearly does not exist because they are made true by the default. The default and collateral estoppel must be addressed before any court

131 of 152

can claim the case is frivolous or has no arguable basis in law because the default makes the claims true and establishes all rights and titles, White v White, 886 F2d 721 cpu (W.Va 1989)( Ex parte Virginia, 100 U.S. 339 (1872).

Where complaint has arguable bases in law (ei bringing my religion in the court for the purpose of establishing law or the default making all claims true). Notice of any deficiency was required where the party was to be given opportunity to amend which was sought in G.A. the 2nd circuit, via seeking extension of time to submit Writ of error

132 of 152

which was not given by fraud. It would have allowed clarification to explain further the default that established the rights. Numerous injuries were listed within the documents filed expanding over centuries. The case was required to be factually developed within the District Courts requiring service on the parties due to the existing state default. This created a miscarriage of justice and denial of meaningful access to the courts and proper Due Process of Law, King v Atiyeh, 814 F2d 565, 568 (9th Cir 1987); Procunier v Martinez 416 U.S. 396, 419, 94 Sct 1800, 1814,

40 LEd2d 224 (1974); Johnson v Avery, 393 U.S. 483, 485-87, 89 Sct 747, 748-50, 21 LEd2d 718 (1969) Bounds v Smith, 430 U.S. 817, 97 Sct 1491, 52 LEd2d 72 (1977); White v Gregory, 1 F3d 267 (A4 (W Va 1993); Neitzke v. Williams, 490 U.S. 319, 109 Sct 1827, 104 LEd 2d 338 (US 1989); Beasley v Dunell, 952 F2d 395 (A4 (W Va 1991); Mapp v Biell-McKensie, 2015 wel 1224299 (DSC 2015); Whiteside v U.S., 775 F3d 180 (A4 (N.C. 2014).

A plaintiff must allege with specificity facts to support the claims. The documents filed in these cases do just that expanding over the (10) years we struggled 134 of 152

to get these matters heard. It is
an abuse of discretion to dismiss
an artfully pleaded case, which
this case is, where a sympathetic
reader of the documents filed in
these cases indicate that it is not
beyond a reasonable doubt that
the plaintiffs could prove a set of
facts in support of his claim which
would entitle him to relief. The
claims can be proven true in that
there is a default making them
true, Whitten v Gregory, 510 U.S. 1096,
114 SCt 934, 127 LEd2d 223 (U.S. 1994);
Rogers v McKinney, FSupp 2d 2009 WL
4920800 (DSC 2009); U.S. v Jones, 538
Fed Appx" 285 c9u (Va 2013); Prieto v.

135 of 152

Zook, 791 F3d 465 (A4 (Va 2015);
Sanders v Warden at Leath CI, 2015
WL 4635144 (DSC 2015); Ortiz v U.S, 555
Fed Appx' 261 (A 4 (Md 2014); U.S. v.
Suaratt, -- F3d --, 2015 WL 459 1677 (A4
(NC 2015); U.S. v Newbold, 791 F3d 455
(A4 (NC 2015).

It is an abuse of discretion
and an act of fraud upon the court
to state there is no arguable bases
in law when these cases are
criminal proceedings as well
arguing for class action certification
under Habeas Corpus and Venue
falls to us under the ISIA and

136 of 152

We are suing to disqualify the 4th Circuit where their actions cause detrimental effect in all other circuits nationally. Criminal actions historically are non frivolous and the criminal issue of they bringing up religion at trial And the indictments / criminal complaints by their language predetermining in advance the outcome of the proceedings swearing oath our guilt before trial or plea can be clearly proven. These are not indisputable meritless theories. The

137 of 152

government was the one who opened up the door for the religious rhetoric to be argued where they brought it in that court for the purpose of establishing law and convicted me of it in a murder trial which should have never occurred requiring a new trial, then blocked exhaustion.

Once the 2nd circuit or courts came back and made a determination that there is no arguable bases in law. It is an act of fraud upon the court where they are conspiring to protect their employer The United States who

Attempted to conceal them ap-
pearance and defaulted in the
state case. The court then acts
as their attorney or their asso-
ciate partner and is attempting
to correct their fraud and failure
to respond by not addressing
the default where there also
exist actual innocence claim
creating a miscarriage of justice
which voids your orders for
DUE PROCESS violation and Fraud
upon the courts. You were re-
quired to address the Fraud
and default. You were required

139 of 152

to address the criminal claims
and allow discovery to establish
and develop the case. This is
arguable bases in law, MORRIS
v York, 2013 WLL 263 5610 (DSC 2013);
milligan v DRUG Enforcement Admin,
2014 WLL 8971 44 (DSC 2014); Clemont v
West, 86 F3d 1149 CA4 (NLC 1996); BRyant
v LEE, 993 F2d 1535 CA4 (NLC 1993);
Whiteside v U.S., 135 Sct 2890 (U.S 2015);
DREWTON v HERNANDEZ, 504 U.S. 25,
112 Sct 1728 (U.S. 1992); CRUZ v GOMEZ,
202 F3d 593 (2nd Cir 2000); Smith v.
WADERMOTH, 2015 WLL 403108 (N.D. N.Y.
2015); MORSE v NETWORK OF Al Qeida
Attorneys, 2012 WLL 1155821 (ED N.Y. 2002)
140 of 152

SWAYZEE's LESEE v BURKE, 37 U.S.A. 1839 WLL 3940 (U.S. 1839) ; Lough man v U.S, 134 Sct 2384 (U.S. 2014) ; U.S. v. PIERCE, 400 F3d 176 (C4 (Va 2005); Smith v Clark / smoot / RUSSELL, -- F3d -- 2015 WLL 4717932 (C4 (Md 2015); Lucas v Bristol Condominium Pro- perty Owners Ass'N, SE2d 2015 WLL 3885837 (SC App. 2015); Fox Ex Rel Fox v ELK RUN Coal Co, INC, 739 F3d 131 (C4 (2014)); U.S. v. Abdul Wahab, 715 F3d 521 (C4 (Va 2013); U.S. Ex Rel. Nathan v Takeda Pharmaceuticals North American INC, 707 F3d 451 (C4 (Va 2013); U.S. v JONES, 716 F3d 851 (C4 (Va 2013); U.S. v PAN lock,

141 of 152

494 Fed Appx' 366 (A 4 (W. Va 2012);
BROWNING v Tiger EyE Benefits
Consulting, 313 Fed Appx' 656, 2009
WL 497391 (A 4 (Va 2009).

To Attorney KAREN F. LESPER-
ANEE U.S. Attorney J.T. F. U.S.
Courthouse 445 Broadway, Albany
N.Y. 12207 OR any Federal Attorney
assigned to this case, the 2nd and 4th
Circuits. What the heck is going
on within the 2nd, 4th Circuits Courts?

You have additional acts of Fraud
upon the courts. You cannot
consolidate two seperate cases

142 of 152

with different parties unless
you first issue an order saying
you are doing so and you must
give the parties notice before
you do it. You did not rule on
the recusal. Livingstons presence
taints the proceedings and ruling
requiring it be voided. We motion
for recusal of all judges involved,
and who sat on any past case dealing
with Crawford. En Banc review is
sought by those judges remaining.
We filed writ of mandamus, not
appeal in the 11th circuit December

143 of 152

of 2014. What are you doing accepting tainted evidence in the appeal without our consent? The letter the 11th circuit sent don't make any sense. What the heck is the 11th circuit doing sending you our documents after blocking us and being silent for over (8) months unless someone in the 2nd circuit told them to send them? There was no pending action in the 11th circuit. How did they know of the pending 2nd circuit appeal? It appears this was done to secretly file those documents in case 15-1386 to conceal the spoliation that occurred in the lower court by Sharpe. Would

144 of 152

You have mentioned that the documents you are in possession of are from the 11th circuit? Or would you have asserted that no spoliation occurred under the guise of having these sent 11th circuit documents? New appeal and actions are filed in both the Georgia and New York District Courts justifying reinstating the mandamus due to also your fraud in case 15-1386. Additional criminal acts done by Sharpe, Batten, Evans and others are challenged. We sent that writ of error into the 2nd circuit a long time ago. The court told us all

145 of 152

We had to do is fill out in forma pauperis forms and a seperate case number would be assigned. We complied and this was not done. Additional damages are occurring due to delay and your fraud. The Lee PCR case is making efforts to further conceal the spoliation. Sutcliffe PCR in Charleston has spoliation. We have other inmates whose cases are being attacked and SCDC is denying us copies to prevent us from placing these cases in proper form by Sharpe and the conspiring 2nd, 4th court judges secret orders requiring you grant the injunction if I am not speaking

146 of 152

the truth. It was never explained why the Writ of error was not assigned a seperate independent case number when the court via the case manager gave indication this would be done in your Acts of fraud upon the court. We are officially motioning for an independent investigation done by the U.S. Justice Dept. to look into the spoliation, the fraud, the U.S hiding their appearrance in the Richland court and other criminal Acts done. Who called for those documents from the 4th

147 of 152

Circuit? Its been over 8 months of silence and fraud with criminal conspiracy and obstruction of justice. Now these documents show up in cases 15-1494 and 15-1386? We object. There is no telling what has been spoliated within these documents and you added them despite our warning and protest. We demand an investigation and seek that you, attorney Lesperance or any U.S. Attorney now Assigned and the 2nd and 11th circuits, forward our official request to the Justice Dept. and all pending Appeals in 2nd and 148 of 152

with circuit be stayed with all related state and Federal cases until that Independent investigation is completed and its findings are officially made a part of the Record in all involved courts. I want that DNA tested to michael Lee and a copy of the findings. I want copy of the search warrant in the Crawford murder case. Karen, U.s Attorney(s), 2nd and 4th circuits, by duty you are required to act on this Request also by motion pursuant to 42 USC § 1986. We motion to exceed any page limits due to the exceptional circumstances that surround this case. This is also Response to

149 of 152

REPORTS, conditional and final orders in Georgia, New York and South Carolina cases. Livingston should have never sat on the 2nd circuit cases for the purpose of heading in fraud, criminal conspiracy and obstruction of justice. We motion for an independent investigation and stay until it is concluded, Ashcroft v Iqbal, 556 U.S. 662, 129 Sct 1939 (U.S. 2009); millbrook of U.S, 133 Sct 1441 (US 2013); In Re Grand Jury Subpoena May 1978 at Baltimore, 596 F2d 630 C4u (md 1979); Riley v. California, 134 Sct 2473 (Us Cal. 2014);

150 of 152

J.D.B u North Carolina , 131 Sct 2394
(U.S plc 2011) ; F.A.A u Cooper , 132 Sct
1441 (U.S. 2012) ; Mix u U.S. , 572 F2d 988 (A4
(SC 1978) ) City of Los Angeles , Calif u.
Pretel , 135 Sct 2443 (US 2015) ; Atkins u
Holder , FSupp 2d , 2012 wll 4378594 (DSC
2012) ; U.S. u Windsor , 133 Sct 2675
(2013 ) ; Schuette u Coalition Jo Defend
Affirmative Action Intergration And
... , 134 Sct 1623 (US 2014) ; Bardacs u
Haley , 58 FSupp 3d 514 (DSC 2014) ;
Obergefell u Hodges , 135 Sct 2584
(U.S 2015) ; De Cecco u University of
South Carolina , 918 FSupp 2d 471 (DSC
2013) ; Lard & Taylor , LLC u White

Flipit, L.P., 780 F3d 24 (A4 (Md 2015);

IT' SUGAR, LLC v I LOVE SUGAR, Inc,
2013 WL 6077353 (DSC 2013); Wallu Wade,
741 F3d 492 (A4 (Va 2014); Exe Parte
Virginia, 100 U.S 339, 25 LEed 676
(1812); 28 USC § 2071, 2072

Mason Johnson

Respectfully,
Jahtah Al Mahdi

Robert mitchell

Anthony Cook

Exhibit

"Judge Lee #4"

=

File in

Case 1:14-cu-14176-ADB

# Certificate of Service

We, Cook Crawford et al, do hereby certify that we have mailed and or served a copy of an affidavit of facts Giving Judicial Notice; challenging the Richland Courts Jurisdiction; responding to defendants motions and letters, (31) pages dated October 7, 2015 on the Richland Court, Judge Lee and all involved parties by U.S. mail postage prepaid on October, 8, 2015

Anthony Cook
anthony Cook
October 9, 2015

Respectfully,
Jahjah al mahdi

1 of 31

State of South Carolina          Court of Common Pleas

County of Richland               5th Judicial Circuit

U.S. District Court              State of New York

U.S. District Court              State of Georgia

Court of Appeals                 2nd, 11th Circuits

et al.,                          et al.,


Anthony Cook;
Lawrence L Craw-                 CASES 2013-CP-
ford aka Jonah                   400-0084, 2294;
Gabriel Jahjah                   9:15-cu-984 et al.,
T. Tishbite et al.,

       plaintiffs

vs.

Cpl Bolch, SCDC,
State of South Caro-
lina, The United
States et al.,
defendants

Affidavit of Facts
Giving Judicial
Notice; challenging
the Richland Courts
Jurisdiction; Respond-
ing to defendants
motions and letters

To: The Richland Court of
Common Pleas,
    Judge Alison Lee et al.,
        The defendants in this

3 of 31

Richland case filed motion for
hearing which was originally
scheduled October 1, 2015. They
made claims that the plaintiffs
were amending the proceedings.
We object to a hearing being
granted and to any claims of
amendment by the defendants.

The plaintiffs give judicial
notice. On October 1, 2015 the
plaintiffs filed a document
entitled, " Affidavit of Facts
Giving Judicial Notice, Supple —

4 of 31

menting the newly filed Georgia
Writ of Error, also the Crawford
and Sutcliffe Appeals of cases 9:15-
CV-183 ; 9:14-CV-1501 ; 1:15-CV-2310
and all pending state and federal
cases; motion for sanctions;
motion to strike ; motion for
recusal; motion for en Banc
review, evidentiary hearing,
the Appointment of legal counsel,
and to exceed any page limits;
motion for an extension of time;
motion to expand the scope and
for inclusion ; motion for an

50 of 51

documents filed on October 1, 2015 from the Richland Clerk of Court due to state interference to delay or impede service. You people know I have a disability to my hands.

What's argued within this document is why they want that motion granted Judge Lee. They are trying to play you. They are trying to deceive you. The defendants are involved in dilatory and obstructive behavior in their efforts to prevent removal

2 of 31

To the federal courts which include the destroying of evidence. They are conspiring across multiple state and Federal jurisdictions to prevent removal because the case is sound and they don't want to pay all that money or accept the fact that a black man, an intimate, supposedly, beat them. I'm just keeping it real. They want to restrict me from placing on the court record their crimes and documenting the dilatory and

8 of 31

obstructive behavior as it manifest itself during the course of these proceedings. Thus we object to the hearing and motion they submitted because it would extremely prejudice us in documenting and addressing the dilatory and obstructive behavior in their efforts to prevent REMOVAL.

Their intent is to push the case back into the state court and have a judge appointed that they knew will make a bogus

9 of 31

Ruling to kill the default because they know we are using that default as a spring board to move the case in federal jurisdiction. We object. This is fraud upon the court.

They are trying to "play you" and the court, deceive you and misrepresent the facts. By no means are we amending the complaint. What's occurring is that the defendants are engaged in further, continual, acts of dilatory and obstructive behavior to prevent removal and we

100 of 31

are merely documenting the
elements as they manifest them-
selves in our efforts to seek
sanctions before irreparable
harm can come to our proceedings.
We object to any claim of us
amending. It is documenting
sanctionable acts being contin-
ually perpetrated against us.

It becomes perspicuous as to
what their intention is in their
efforts to force this case back to
the state courts. So to protect our
DUE PROCESS rights. I am now

11 of 31

Required to act. Judge Lee I bring your, the court, and parties attention to pages 76 through 152 of (152) page document dated September 14, 2015. To prevent any further acts of fraud I am officially voiding this courtes jurisdiction for DUE PROCESS violations as is argued within this document. Judge Lee you, yourself told me how the Affidavits were to be filed at your last hearing. Now these corrupt defendants want to penalize me

12of31

and deny me my DUE PROCESS rights because I was intelligent enough to pick up on your instructions given in the court? This is wrong JUDGE LEE. Now I must act. I am challenging, voiding the courts jurisdiction for DUE PROCESS violation. At this juncture only post proceedings as to how and when these people will pay us or when we are going to be released should and can be conducted before this court. Thus no

13 of 31

hearing they sought can now occur. I want this documented in the case file so that who-ever is the Administrative Judge in the upcoming term will see this and acknowledge this in the court record until those post proceedings can occur. Don't let them penalize us because I followed your instruction and oral determinations Judge Lee. The default stands as a final deter-mination via your determination on the filing of the affidavits

14 of 31

And the voiding of jurisdiction for DUE PROCESS violation. Collateral estoppel now attaches and only post proceedings can be conducted before this court where they failed to "timely" (emphasis added) respond to that default document and subsequent (95) page document within (30) days of service upon them to REBUT them.

With this foundation being laid. I Jahjah Al mahdi, by default and collateral estoppel, to include the voiding of the

15 of 31

Court of Common Pleas jurisdiction in CASE 2013-CP-400-0084; Reiterate within the court official record. That I am the Fiduciary Heir, King, Khalifah, Imam, High Priest and Lawgiver, the direct descendant of Gods Holy Prophets and Kings and I am beneficiary of the trust pursuant to the (1) Global Thrones of the reestablished Global Theocratic State by divine decree with superseding power over all global courts etc. This is clearly written within the

16 of 31

last will and Testament of God's
Holy Prophets and Kings Under Pro-
bate International law making
all these rights that are establish-
ed by will and Testament TRUE. see
Ecclestiastical Law Volume 1 pages
53 and 54 ; The ancient Law of
mortmain (Probate Law) ; Zechariah
6: 12-13 ; Book of Numbers 18:1-8 ;
Book of Exodus 40: 12-15 ; 1Kings 8:25 ;
1 Chronicles 17:7-14 ; Isaiah 14:29 -
32 ; Isaiah 41:25 ; Book of Daniel
10:14 ; Book of Daniel 11:1-3 ; mark
9:12 ; Isaiah 61:1-3 ; Book of malachi
17 of 31

3:1-4; Malachi 4:5-6; Sunnah ibn Majah Volume 5 pages 391-396 ISBN no 81-7151-294-1. The default now makes the (3) Holy Books and Sunnah "legally" (emphasis added) true and correct. Thus, the court and defendants can no longer call the claims frivolous or assert that I am attempting to act upon rights I have not established.

By these rights, titles, power and authority now established by the default and voiding of juris-

18 of 31

diction of the Richland Court to hear any other matter other than post matters. Also via the memorandum of Law and Declaration of Sovereignty; the (92) page default document and subsequent (95) page document exercising authority, that the United States, hiding its appearance and defendants defaulted on. I legally and respectfully bind you Judge Lee without your consent as an employer of this state and by the Supremacy

Clause where the United States appeared, concealed their appearance and failed to plead making them party to the default. I am officially appointing you, Judge Lee, as my trustee by decree of the King, Khalifah and Chief Justice of the Global Theocratic State and Court whose power and authority now legally supersedes this court and all other global courts and governments. You are now officially my trustee Judge Lee. I want you

20 of 31

to discharge our debts in all crimi-
nal matters related to Jahtah, the
king, Khalifah and my people;
African Americans, Christians,
muslims and Jews within this state
pursuant to their convictions. make
history count.

You shall, with all due Respect,
order that the SC attorney General
Release Jahtah, Anthony Cook (PCR
case 2015-CP-21-0851); Henry
nesbit case 2014-001237 since this
case was filed before jurisdiction was
established in appellate court; mason
Johnson (PCR case 2015-CP-460-0415);
Anthony Lee (PCR case 2013-CP-02-0704);

24 of 31

Rygis Rivera (PCR Case 2014-cp-400-7536); Terrance McCrea (PCR Case 2015-cp-45-272); David A. Duran (PCR Case 2015-cp-43-2134); Robert Mitchell and John Sutcliffe (PCR Cases 2015-cp-10-2153 and 2015-cp-10-3080); all plaintiffs, inmates listed in Case 2013-cp-400-2294 with the exception of Yisin Harkin, Gathers and Jalan people. They will remain in captivity. The release is to occur within (30) days of the Clerk receiving this document which will be done by

22 of 31

creatifieed mail without conditions.

JUDGE LEE, you shall order that the S.C. Attorney General be in compliance to that discovery request for evidence and depositions as sought via the Attorney Kays letter and foam 24 which copies of, they were sealed, and have in their possession. It is still needed to prove their crimes.

You shall issue and order granting class action certification pursuant to the legal issues of religious prophesy pertaining to

23of31

The indictments and Release
The remaining inmates within
the state of south carolina over
a period of (7) months which is
plot to be extended without consent
of the king. All criminal Records
which include DNA data base
shall be ordered expunged to
give them a second chance to
get their lives together. Don't worry.
The wicked ones will come right
back. The repented ones will
benefit. This is Gods will.
    You shall order that all
        24 of 31

indictments in this state be changed to correct the structural error before anyone else is brought to trial. All that has to be done is to add the two lines of presumption of innocence language seen in the warrants to the indictments.

You shall issue an order to reclaim the intellectual property of the global theocratic state in the form of the right to "marry". You shall order that all same sex marriage be stayed and those existing within the

25 of 31

State of South Carolina shall be annulled. All global government laws must forever remain subordinate to Gods Laws. See the Book of Leviticus 18:22 and Romans 11:26-28.

Further, pursuant to all the damage, fraud, spoliation, obstruction, crimes and sanctions argued and also listed in cases 2006-CA-400-3567, 3568, 3569 and these cases, the unspeakable injury caused to the King-Khalifah, his family and his Holy commonwealth. I wish we

26 of 31

be compensated for and be granted all relief "originally" filed in cases 2006-CA-400-3567, 3568, 3569; 2013-CA-400-0084 and default document, in fairness to the defendants. Additional relief (ei punitive damages in additional amounts) will be sought within the Federal courts within Independent or pendent jurisdiction cases. The conviction relief do not apply to michael Slager or Dylan Roof in charleston.

The Judge shall order that U.S., the state and various counties

27 of 31

issue a check to Jahjah Al mahdi in the amount of $100 million; $50 million for Anthony Cook and John Sutcliffe; $30 million for Quinta and Azrialle Crawford to be given to Jahjah on their behalf to dispense to them as deemed proper by their father and the King - Khalifah. $200k is to be given to the remaining plaintiffs. This is initial immediate payment. Any remaining balance is to be paid to the King, Cook and his children in

28 of 31

the amount of $1 million per Year until paid in full. $100 k to the remaining plaintiffs until paid in full per Year. Failure will result in immediate Freeze on all relevant assets.

Conviction Relief do not apply to known lesbians or homosexuals or transgenders. The Equal Protection of the laws Clause is of no effect upon this determination whereas theocratic law, foreign law, supersedes state

29 of 31

And Federal law. "Give not that which is holy unto the dogs, neither cast ye your pearls before swine" (matthew 7:6). This applies to those convicted of hate crimes as well with exception of those related to homosexual or lesbian behavior.

You shall issue an order establishing legal name change acknowledging all rights and titles as sought within the Default document for Crawford and his Holy Sovereign offspring.

30 of 31

This relief is not appealable to any global court, the Global Theocratic court now being the highest court globally by default and collateral estoppel. Judge Lee you are officially appointed as trustee to discharge the debt and shall ensure order be issued granting all the aforementioned within (30) days the Clerk receives this document before your team as Adm. Judge expires. Thank You.

Anthony Cook

Anthony Cook

October 2, 2015

Respectfully,

Jahtoph Al maholi

3 of 31