# Exhibit 1



Michael Connolly <mike@consovoymccarthy.com>

## SFFA v. Harvard

**Dulberg, Andrew S.** <Andrew.Dulberg@wilmerhale.com>                        Mon, Jun 12, 2017 at 7:40 PM
To: William Consovoy <will@consovoymccarthy.com>, "tom@consovoymccarthy.com" <tom@consovoymccarthy.com>,
Michael Connolly <mike@consovoymccarthy.com>, "Michael Park (park@consovoymccarthy.com)"
<park@consovoymccarthy.com>, "Patrick Strawbridge Esq. (patrick@consovoymccarthy.com)"
<patrick@consovoymccarthy.com>, Paul Sanford <psanford@burnslev.com>, Benjamin Caldwell <bcaldwell@burnslev.com>
Cc: "Ellsworth, Felicia H" <Felicia.Ellsworth@wilmerhale.com>, "Wolfson, Paul" <Paul.Wolfson@wilmerhale.com>


Counsel,


Enclosed please find Harvard's responses and objections to SFFA's Notice of Rule 30(b)(6) Deposition.  Subject to its
responses and objections, Harvard designates Erin Driver-Linn to testify with respect to Topics 8, 9, and 30, and William
Fitzsimmons to testify with respect to Topics 2, 10, 11, 13, 16, 20, 25, 28, 31, 32, and 33.


Regards,


Drew


**Andrew S. Dulberg | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6352 (t)
+1 617 526 5000 (f)
andrew.dulberg@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be
privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to
postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.


📄  **Harvard Responses and Objections to 30(b)(6) Notice.pdf**
     98K



## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., | |
| Plaintiff, | |
| v. | Civil Action No.<br>1:14-cv-14176-ADB |
| PRESIDENT AND FELLOWS OF HARVARD<br>COLLEGE (HARVARD CORPORATION), | |
| Defendant. | |

### HARVARD'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S
### NOTICE OF RULE 30(B)(6) DEPOSITION

Defendant President and Fellows of Harvard College (Harvard Corporation) ("Harvard"), by and through its undersigned counsel, hereby responds and objects to Plaintiff Students for Fair Admissions, Inc.'s ("SFFA") Notice of Rule 30(b)(6) Deposition of Harvard ("Notice").

### GENERAL OBJECTIONS

Each of Harvard's responses to the definitions in the Notice or topics identified in Plaintiff's Notice of Rule 30(b)(6) Deposition of Harvard (the "Topics") is subject to and incorporates the following general objections as if set forth fully therein.   The assertion of the same, similar, or additional objections, or a partial response to any individual definition or Topic does not waive any of Harvard's general objections.

1.    Harvard objects to the Topics to the extent that they seek discovery of information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case.

2.      Harvard objects to the Topics to the extent that they are oppressive, harassing, duplicative, vague, ambiguous, overbroad, unduly burdensome, or would require unreasonable investigation by Harvard to respond.

3.      Harvard objects to the Topics to the extent that they purport to impose upon Harvard any duty or obligation that is inconsistent with or in excess of those obligations imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable rule.

4.      Any statement by Harvard that it will designate or has designated a witness is made without waiving or intending to waive any objection as to relevancy, materiality, privilege, or admissibility of any information in this or any subsequent proceeding or at trial of this or any other action, on any ground.   Harvard's statement that Harvard will designate or has designated a witness to testify to the Topics does not constitute an admission or representation that Harvard has any knowledge or information relating to a given topic, or an admission of the truth or accuracy of any statement or characterization contained in any Topic.   Harvard reserves the right to amend this response and to identify additional or different representatives on particular topics as Harvard's factual investigation continues.

5.      Harvard objects to the Topics to the extent they seek testimony that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection.   Testimony by Harvard, inadvertent or otherwise, containing information protected from disclosure by any privilege, immunity, or doctrine shall not constitute or be deemed to constitute a waiver by Harvard of such protections.

2

6.     Harvard objects to the Topics to the extent they seek information that is more appropriately sought through other means, including less burdensome means of discovery such as interrogatories and requests for production.

7.     Harvard objects to the Topics to the extent they seek information that is publicly available and/or already in the Plaintiff's possession, custody, or control, and is therefore equally available to the Plaintiff.

8.     Harvard objects to the Topics to the extent they seek information that is not in the possession, custody, or control of Harvard, purports to require Harvard to speculate about the identity of persons who might have responsive information, and/or purports to call for any description of documents that Harvard no longer possesses and/or was under no obligation to maintain.   Harvard further objects to each and every Topic to the extent that it purports to impose a burden on Harvard of testimony as to matters not known or reasonably available to it. Harvard will only provide testimony as to matters that are known or reasonably available to it.

9.     Harvard objects to the Topics to the extent that Plaintiff's overbroad and vague Topics shift the discovery burden to Harvard to define a reasonable scope for the Topic and to prepare witnesses on Topics that are not adequately defined.

10.     Harvard objects to the Topics to the extent they seek testimony that constitutes legal conclusions or contentions, which is an impermissible use of depositions taken pursuant to Fed. R. Civ. P. 30(b)(6).

11.     Harvard objects to the Topics to the extent they prematurely seek information that is properly within the scope of expert testimony.

12.     Harvard objects to the Topics to the extent that they are duplicative of each other.

3

13.     Harvard objects to the Topics to the extent they seek information about applicants or students that is protected from disclosure by state or federal law, including without limitation the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g.

14.     Harvard objects to the Topics to the extent they implicate privacy concerns by seeking testimony regarding the personal information of applicants, donors, alumni, or other third parties who are not parties to this case.

15.     Harvard objects to the Topics to the extent they purport to require Harvard to provide testimony about "any," "including, but not limited to," or other similarly expansive, infinite, or all-inclusive terms to the extent that such use of these terms renders topics overly broad and unduly burdensome, and/or not proportional to the needs of the case.

16.     Harvard objects to the date of the deposition as stated in the Notice, and may offer alternative dates for any witnesses it may designate to testify on behalf of Harvard.

17.     Harvard's objections as set forth herein are made without prejudice to Harvard's right to assert any additional or supplemental objections.

18.     Harvard responds to the Notice based on information in its possession, custody, and control that it has been able to ascertain based on reasonable search and inquiry.   Harvard reserves the right to review, correct, add to, supplement, or clarify any of the responses contained herein.

19.     These general objections are applicable to and are incorporated by reference in each specific response as if fully set forth therein.   The inclusion of specific objection(s) in connection with any topic shall not be construed as a waiver of such general objection(s), or any of these objections, in any other response.

## OBJECTIONS TO DEFINITIONS

1.      Harvard objects to the definitions of "Harvard," "You," and "Yours" to the extent that they render topics overly broad and unduly burdensome, and seek testimony that is not relevant to any party's claim or defense or proportional to the needs of the case.   Harvard further objects to the definitions of "Harvard," "You," and "Yours" to the extent that they seek to impose an obligation on Harvard to provide testimony that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege, protection, or immunity.   For purposes of responding to this Notice, Harvard interprets the term "Harvard" to mean Harvard College, unless otherwise specified.

2.      Harvard objects to the definition of "Including" to the extent it renders topics overly broad and unduly burdensome, and/or not proportional to the needs of the case.

3.      Harvard objects to the definition of "Relate" to the extent it renders topics overly broad and unduly burdensome, and seeks testimony that is not relevant to any party's claim or defense and/or not proportional to the needs of the case.   Harvard will only provide testimony that is relevant to the claims or defenses of the parties.

## OBJECTIONS TO TIME PERIOD

1.      Harvard objects to the time period in the Notice to the extent it seeks information about communications that occurred after the filing of the November 17, 2014 Complaint, on the ground that such information is overwhelmingly likely to be protected from disclosure by the attorney-client privilege and the work product doctrine.

5

## RESPONSES AND OBJECTIONS TO SPECIFIC RULE 30(b)(6) TOPICS OF EXAMINATION

### Topic No. 1

The process by which applicants are considered and accepted for admission to Harvard.

### Response to Topic No. 1

In addition to the General Objections set forth above and incorporated here, Harvard objects to this Topic on the grounds that it is overly broad and unduly burdensome in seeking information regarding how applicants are "considered" for admission to Harvard without any limitation to the Harvard College Admissions Office or undergraduate freshman admissions.

Subject to and without waiving the foregoing general and specific objections, and reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard designates as its corporate testimony certain testimony that SFFA has already elicited. Transcript of Deposition of Marlyn McGrath (June 18, 2015) ("McGrath Tr.") at 9:12-12:20; 22:14-19; 24:4-25:3; 27:18-28:14; 38:24-39:24; 41:1-42:24; 51:5-57:18; 59:14-61:15; 68:6-24; 70:20-72:19; 77:7-78:5; 94:7-98:21; 127:1-21; 157:10-18; 158:1-185:10; 186:18-192:12; 193:16-194:10; 198:22-199:16; 203:14-204:10; 207:15-210:12; 211:7-17; 217:10-224:9; 224:21-227:24.

### Topic No. 2

The documents used and created by the Admissions Office in the process of evaluating applicants for admission, including (but not limited to) documents that note or identify the race of the applicant.

### Response to Topic No. 2

In addition to the General Objections set forth above and incorporated here, Harvard objects to this Topic because it is overly broad and unduly burdensome, and seeks testimony that is not proportional to the needs of the case, in that it seeks testimony regarding, without

6

limitation, documents "used and created by the Admissions Office in the process of evaluating applicants for admission."   Harvard further objects to this Topic to the extent it purports to impose a burden on Harvard of testifying as to all documents (including all e-mails) that were "used" or "created" by the Admissions Office in the process of evaluating applicants for admission.   Harvard further objects to this Topic on the grounds that it seeks discovery that is more appropriately sought through other means and is duplicative of information already produced and/or provided in discovery responses.

Subject to and without waiving the foregoing general and specific objections, and reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard will present one or more witnesses to testify about relevant, non-privileged factual matters known to Harvard, at an appropriate level of generality, concerning this Topic.

**Topic No. 3**

Harvard's use of electronic databases in its Admissions Office, including its tracking of students by race, ethnicity, socioeconomic status, and other factors that bear upon the admissions decision.

**Response to Topic No. 3**

In addition to the General Objections set forth above and incorporated here, Harvard objects to this Topic because it is overly broad and unduly burdensome, and seeks testimony that is not proportional to the needs of the case.   Harvard further objects to this Topic on the grounds that it is vague and ambiguous as to the meaning of the term "tracking."   Harvard further objects to this Topic on the grounds that it seeks discovery that is more appropriately sought through other means and is duplicative of information already produced and/or provided in discovery responses.

7

Subject to and without waiving the foregoing general and specific objections, and reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard designates as its corporate testimony certain testimony that SFFA has elicited to date. Transcript of Deposition of Elizabeth Yong (March 24, 2017) ("Yong Tr.") at 40:7-41:2; 81:24-85:2; 98:15-100:15; 102:20-105:22; 108:9-24; 112:13-114:21; 132:2-133:5; 165:13-166:7; McGrath Tr. 99:19-100:14, 147:13-148:13; 148:20-149:13; Transcript of Deposition of Grace Cheng (April 7, 2017) ("Cheng Tr.") at 96:6-13; 97:2-98:13.

Harvard is willing to meet and confer to the extent SFFA contends that there are additional questions that Harvard witnesses have not yet answered, in which case Harvard may present one or more witnesses to testify about relevant, non-privileged factual matters known to Harvard, at an appropriate level of generality, concerning the Harvard College Admissions Office's use of the NEVO and Slate electronic databases.

**Topic No. 4**

The extent to which race is used during Harvard's admissions process.

**Response to Topic No. 4**

In addition to the General Objections set forth above and incorporated here, Harvard objects to this Topic to the extent it seeks testimony protected from disclosure by the attorney-client privilege and the work product doctrine.   Harvard further objects to this Topic on the grounds that it is overly broad and unduly burdensome, and seeks testimony that is not proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, and reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard designates as its corporate testimony certain testimony that SFFA has elicited to date.   McGrath

8

Tr. 14:8-15:4; 144:12-15; 147:13-150:23; 157:1-24; 185:6-186:5; 204:6-10; 231:4-234:19; 252:2-10; Transcript of Deposition of Caroline Weaver (March 6, 2017) ("Weaver II Tr.") at 206:15-21; 209:23-210:8; 238:19-239:15; 295:6-9; Transcript of Deposition of Roger Banks (May 4, 2017) ("Banks Tr.") at 81:2-5.

**Topic No. 5**

Harvard's purpose in using race as a factor in its admissions process.

**Response to Topic No. 5**

In addition to the General Objections set forth above and incorporated herein, Harvard objects to this Topic to the extent that it seeks testimony protected from disclosure by the attorney-client privilege and the work product doctrine.   Harvard further objects to this Topic on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks testimony that is not proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, and reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard designates as its corporate testimony certain testimony that SFFA has elicited to date.   McGrath Tr. 232:4-16; 233:16-234:19; 238:13-239:6; 252:2-10; Transcript of Deposition of Catherine Drew Gilpin Faust (March 10, 2017) ("Faust Tr.") at 11:23-12:17; 23:17-24:4; 24:17-25:2; Transcript of Deposition of Michael Smith (April 11, 2017) ("Smith Tr.") at 38:1-39:10; 43:22-44:15; Transcript of Deposition of Rakesh Khurana (April 27, 2017) ("Khurana Tr.") at 60:16-61:5; 117:9-18.

**Topic No. 6**

The history of Harvard's use of a "holistic" admissions process.

9

**Response to Topic No. 6**

In addition to the General Objections set forth above and incorporated herein, Harvard objects to this Topic in full because it is overly broad and unduly burdensome, and seeks information that is neither relevant to the parties' claims or defenses nor proportional to the needs of the case.   Harvard further objects to this Topic to the extent that it seeks testimony protected from disclosure by the attorney-client privilege or the work product doctrine.   Harvard further objects to this Topic to the extent that it purports to impose a burden on Harvard of testifying as to matters not known or reasonably available to it.   Harvard further objects to this Topic on the grounds that it seeks testimony on a topic that the Court has indicated is not the proper subject of discovery, as it is "very unlikely to reveal probative information in this case" and constitutes a "red herring."   *See* Transcript of Sept. 6, 2016 Status Conference at 15:17-17:12; Dkt. 181, Discovery Order.

In light of the foregoing general and specific objections, Harvard does not agree to produce a witness to testify regarding this Topic.

**Topic No. 7**

The sharing of admissions data with third parties (including, but not limited to, the Association of Black Admissions and Financial Aid Officers of the Ivy League and Seven Sisters, and the Consortium on the Financing of Higher Education) during Harvard's admissions process.

**Response to Topic No. 7**

In addition to the General Objections set forth above and incorporated herein, Harvard objects to this Topic because it is overly broad and unduly burdensome, and seeks information that is not proportional to the needs of the case, including insofar as it encompasses the sharing

10

of any admissions data by anyone with any "third part[y]" individual or entity without limitation.
Harvard further objects to this Topic on the grounds that it is vague and ambiguous as to the
meaning of the terms "sharing," "admissions data," and "during."   Harvard further objects to
this Topic on the grounds that it seeks discovery that is more appropriately sought through other
means and is duplicative of information already produced and/or provided in discovery
responses.   Harvard further objects to this Topic to the extent it purports to impose a burden on
Harvard of testifying as to matters not known or reasonably available to it.

Subject to and without waiving the foregoing general and specific objections, and
reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard
designates as its corporate testimony certain testimony that SFFA has elicited to date.   Banks Tr.
at 153:9-154:19; 161:7-162:21; 163:18-165:5.

Harvard is willing to meet and confer to the extent SFFA contends that there are
additional questions that Harvard witnesses have not yet answered, in which case Harvard may
present one or more witnesses to testify about relevant, non-privileged factual matters known to
Harvard, at an appropriate level of generality, concerning this Topic.

**Topic No. 8**

Any reports, analyses, or other information that the Admissions Office requested or
received from the Office of Institutional Research.

**Response to Topic No. 8**

In addition to the General Objections set forth above and incorporated herein, Harvard
objects to this Topic because it is overly broad and unduly burdensome, and seeks information
that is not proportional to the needs of the case.   Harvard further objects to this Topic on the
grounds that it is vague and ambiguous as to the meaning of the terms "analyses" and "other

11

information."   Harvard further objects to this Topic on the grounds that it seeks discovery that is more appropriately sought through other means and is duplicative of information already produced and/or provided in discovery responses.   Harvard further objects to this Topic to the extent it seeks testimony protected from disclosure by the attorney-client privilege and the work product doctrine.   Harvard further objects to this Topic to the extent it purports to impose a burden on Harvard of testifying as to matters not known or reasonably available to it.

Subject to and without waiving the foregoing general and specific objections, and reserving the right to object to specific questions posed by SFFA regarding this topic, Harvard will present one or more witnesses to testify about relevant, non-privileged factual matters known to Harvard, at an appropriate level of generality, concerning this Topic, related to documents prepared by the Office of Institutional Research that Harvard has produced in this litigation or will produce before the 30(b)(6) deposition.

**Topic No. 9**

The creation, use, and discussion of reports prepared by the Office of Institutional Research, including, but not limited to, the reports produced with the following Bates stamps: HARV00007805, HARV00019628, HARV00031328, HARV00031687, HARV00031859, HARV00032837.

**Response to Topic No. 9**

In addition to the General Objections set forth above and incorporated herein, Harvard objects to this Topic because, to the extent it seeks testimony concerning any report prepared by the Office of Institutional Research, it is overly broad and unduly burdensome, and seeks information that is not proportional to the needs of the case.   Harvard further objects to this Topic on the grounds that it is duplicative of Topic No. 8.   Harvard further objects to this Topic

on the grounds that it is vague and ambiguous as to the meaning of the term "reports."   Harvard

further objects to this Topic to the extent it seeks testimony protected from disclosure by the

attorney-client privilege and the work product doctrine.   Harvard further objects to this Topic to

the extent it purports to impose a burden on Harvard of testifying as to matters not known or

reasonably available to it.   Harvard further objects to this Topic on the grounds that it seeks

discovery that is more appropriately sought through other means and is duplicative of

information already produced and/or provided in discovery responses.

Subject to and without waiving the foregoing general and specific objections, and

reserving the right to object to specific questions posed by SFFA regarding this topic, Harvard

will present one or more witnesses to testify about relevant, non-privileged factual matters

known to Harvard, at an appropriate level of generality, concerning this Topic, related to

documents prepared by the Office of Institutional Research that Harvard has produced in this

litigation or will produce before the 30(b)(6) deposition.

**Topic No. 10**

Harvard's receipt of and response to allegations of racial discrimination against Asian

Americans by Harvard's admissions process, including allegations made by Ron Unz.

**Response to Topic No. 10**

In addition to the General Objections set forth above and incorporated herein, Harvard

objects to this Topic on the grounds that it is vague and ambiguous as to the meaning of the

terms "response" and "allegations."   Harvard further objects to this Topic to the extent that it

seeks testimony protected from disclosure by the attorney-client privilege and the work product

doctrine.   Harvard further objects to this Topic on the ground that it implicates privacy concerns

to the extent it seeks testimony regarding the personal information of applicants or other third

parties who are not parties to this case.   Harvard further objects to this Topic to the extent it

requires Harvard to provide information about applicants or students that is protected from

disclosure by state or federal law, including without limitation by FERPA.

Subject to and without waiving the foregoing general and specific objections, and

reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard

will present one or more witnesses to testify about relevant, non-privileged factual matters

known to Harvard, at an appropriate level of generality, concerning this Topic.

**Topic No. 11**

Investigations by the Department of Education's Office of Civil Rights of Harvard's

admissions process.

**Response to Topic No. 11**

In addition to the General Objections set forth above and incorporated herein, Harvard

objects to this Topic because, to the extent it seeks testimony concerning any investigation of

Harvard's admissions process by the Department of Education's Office for Civil Rights, it is

overly broad and unduly burdensome, and seeks information that is neither relevant to the

parties' claims or defenses nor proportional to the needs of the case.   Harvard further objects to

this Topic to the extent that it seeks testimony protected from disclosure by the attorney-client

privilege and the work product doctrine.   Harvard further objects to this Topic to the extent that

it purports to impose a burden on Harvard of testifying as to matters not known or reasonably

available to it.   Harvard further objects to this Topic on the ground that it implicates privacy

concerns to the extent it seeks testimony regarding the personal information of applicants or

other third parties who are not parties to this case.   Harvard further objects to this Topic to the

14

extent it requires Harvard to provide information about applicants or students that is protected

from disclosure by state or federal law, including without limitation by FERPA.

Subject to and without waiving the foregoing general and specific objections, and

reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard

will present one or more witnesses to testify about relevant, non-privileged factual matters

known to Harvard, at an appropriate level of generality, concerning this Topic, limited to

allegations of discrimination by Asian-American applicants to Harvard.

**Topic No. 12**

The use of alumni interviewers as part of Harvard's admissions process.

**Response to Topic No. 12**

In addition to the General Objections set forth above and incorporated herein, Harvard

objects to this Topic because it is overly broad and unduly burdensome, and seeks information

that is not proportional to the needs of the case.   Harvard further objects to this Topic because it

is vague and ambiguous as to the meaning of the term "use."   Harvard further objects to this

Topic to the extent that it purports to impose a burden on Harvard of testifying as to matters not

known or reasonably available to it. Harvard further objects to this Topic on the ground that it

implicates privacy concerns to the extent it seeks testimony regarding the personal information

of applicants, alumni, or other third parties who are not parties to this case.   Harvard further

objects to this Topic to the extent it requires Harvard to provide information about applicants or

students that is protected from disclosure by state or federal law, including without limitation by

FERPA.

Subject to and without waiving the foregoing general and specific objections, and

reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard

designates as its corporate testimony certain testimony that SFFA has elicited to date.   McGrath

Tr. 51:5-52:23; 54:15-24; 55:4-56:20; 57:2-58:21; 59:14-60:23; 61:6-15; Transcript of

Deposition of Caroline Weaver (October 9, 2015) ("Weaver I Tr.") at 69:16-70:23; 71:18-72:2;

78:15-79:9; 80:10-24; 82:7-19; 88:11-23.

**Topic No. 13**

Any efforts by Harvard to consider and analyze race-neutral alternatives to its admissions

process, at any time.

**Response to Topic No. 13**

In addition to the General Objections set forth above and incorporated herein, Harvard

objects to this Topic on the grounds that it is vague and ambiguous as to the meaning of the

terms "efforts," "consider," "analyze" and "admissions process."   Harvard further objects to this

Topic to the extent that it seeks testimony protected from disclosure by the attorney-client

privilege and the work product doctrine.   Harvard further objects to this Topic to the extent that

it purports to impose a burden on Harvard of testifying as to matters not known or reasonably

available to it, insofar as this Topic seeks testimony regarding such efforts "at any time" that

may predate the knowledge of any current Harvard employees.

Subject to and without waiving the foregoing general and specific objections, and

reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard

will present one or more witnesses to testify about relevant, non-privileged factual matters

known to Harvard, at an appropriate level of generality, concerning this Topic.

**Topic No. 14**

Any analysis by Harvard of disparities in the GPA, graduation rates, or chosen

concentrations of matriculating students by racial categories.

16

**Response to Topic No. 14**

In addition to the General Objections set forth above and incorporated herein, Harvard objects to this Topic in full because it seeks information that is neither relevant to the parties' claims or defenses nor proportional to the needs of the case.   Harvard further objects to this Topic on the grounds that it is vague and ambiguous as to the meaning of the terms "analysis" and "disparities."   Harvard further objects to this Topic on the grounds that the Court has entered an order making clear that this Topic is not relevant, because "Plaintiff has not shown that such data is likely to lead to the discovery of admissible evidence."   Dkt. 181, Discovery Order (Sept. 7, 2016); *see also* Transcript of Sept. 6, 2016 Status Conference, at 10:6-16.

In light of the foregoing general and specific objections, Harvard does not agree to produce a witness to testify regarding this Topic.

**Topic No. 15**

The process by which students are assigned ratings by the Admissions Office for the following categories: academics, athletics, extracurricular, personal, and overall.

**Response to Topic No. 15**

In addition to the General Objections set forth above and incorporated herein, Harvard objects to this Topic on the grounds that it seeks discovery that is duplicative of information already produced and/or provided in discovery responses.

Subject to and without waiving the foregoing general and specific objections, and reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard designates as its corporate testimony certain testimony that SFFA has elicited to date.   McGrath Tr. 158:9-162:16; 163:3-173:24; Weaver II Tr. 191:5-192:23; 193:12-194:13.

17

**Topic No. 16**

       Any efforts by Harvard to ensure consistency or audit the reliability of the ratings assigned by admissions officers.

**Response to Topic No. 16**

       In addition to the General Objections set forth above and incorporated herein, Harvard objects to this Topic because it is overly broad and unduly burdensome, and seeks information that is not proportional to the needs of the case. Harvard further objects to this Topic on the grounds that it is vague and ambiguous as to the meaning of the terms "ensure consistency," and "audit the reliability."

       Subject to and without waiving the foregoing general and specific objections, and reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard will present one or more witnesses to testify about relevant, non-privileged factual matters known to Harvard, at an appropriate level of generality, concerning this Topic.

**Topic No. 17**

       The extent to which Harvard's Admissions Office has analyzed or otherwise discussed the "mismatch" effect in college admissions.

**Response to Topic No. 17**

       In addition to the General Objections set forth above and incorporated herein, Harvard objects to this Topic in full because it seeks information that is neither relevant to the parties' claims or defenses nor proportional to the needs of the case, and it is overly broad and unduly burdensome insofar as it seeks information relating to college admissions generally.   Harvard further objects to this Topic on the grounds that the Court has entered an order making clear that this Topic is not relevant, because "Plaintiff has not shown that such data is likely to lead to the

discovery of admissible evidence."   Dkt. 181, Discovery Order (Sept. 7, 2016); *see also*
Transcript of Sept. 6, 2016 Status Conference, at 10:6-16.

In light of the foregoing general and specific objections, Harvard does not agree to
produce a witness to testify regarding this Topic.

**Topic No. 18**

The extent to which a donation to Harvard can affect the chances of admission for a
particular applicant.

**Response to Topic No. 18**

In addition to the General Objections set forth above and incorporated herein, Harvard
objects to this Topic because it is overly broad and unduly burdensome, and seeks information
that is not relevant to the parties' claims or defenses nor proportional to the needs of the case.
Harvard further objects to this Topic on the grounds that it is vague and ambiguous as to the
meaning of the terms "donation," "affect," and "chances."   Harvard further objects to this Topic
on the ground that it implicates privacy concerns to the extent it seeks testimony regarding the
personal information of applicants, donors, alumni, or other third parties who are not parties to
this case. Harvard further objects to this Topic to the extent it requires Harvard to provide
information about applicants or students that is protected from disclosure by state or federal law,
including without limitation by FERPA.

Subject to and without waiving the foregoing general and specific objections, and
reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard
designates as its corporate testimony certain testimony that SFFA has elicited to date.   Smith Tr.
251:3-15; 252:5-14.

**Topic No. 19**

　　　　The extent to which legacy status can affect the chances of admission for a particular

applicant.

**Response to Topic No. 19**

　　　　In addition to the General Objections set forth above and incorporated herein, Harvard

objects to this Topic because it is overly broad and unduly burdensome, and seeks information

that is neither relevant to the parties' claims or defenses nor proportional to the needs of the case,

insofar as it is not limited to Harvard College undergraduate admissions.   Harvard further

objects to this Topic on the grounds that it is vague and ambiguous as to the meaning of the

terms "legacy status," "affect," and "chances."   Harvard further objects to this Topic on the

ground that it implicates privacy concerns to the extent it seeks testimony regarding the personal

information of applicants, alumni, or other third parties who are not parties to this case.   Harvard

further objects to this Topic to the extent it requires Harvard to provide information about

applicants or students that is protected from disclosure by state or federal law, including without

limitation by FERPA.

　　　　Subject to and without waiving the foregoing general and specific objections, and

reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard

designates as its corporate testimony certain testimony that SFFA has elicited to date.   Faust Tr.

79:4-13; Weaver II Tr. 197:1-198:21; Banks Tr. 209:9-17; Cheng Tr. 220:14-221:1.

**Topic No. 20**

　　　　The creation, purpose, and use of the Dean's Lineage and Interest List, the Director's

Interest List, and any other similar lists maintained by the Admissions Office.

**Response to Topic No. 20**

In addition to the General Objections set forth above and incorporated herein, Harvard objects to this Topic because it is overly broad and unduly burdensome.   Harvard further objects to this Topic on the grounds that it is vague and ambiguous as to the meaning of the terms "any other similar lists" and "maintained."   Harvard further objects to this Topic on the ground that it implicates privacy concerns to the extent it seeks testimony regarding the personal information of applicants, donors, alumni, or other third parties who are not parties to this case.   Harvard further objects to this Topic to the extent it requires Harvard to provide information about applicants or students that is protected from disclosure by state or federal law, including without limitation by FERPA.

Subject to and without waiving the foregoing general and specific objections, and reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard will present one or more witnesses to testify about relevant, non-privileged factual matters known to Harvard, at an appropriate level of generality, concerning this Topic.

**Topic No. 21**

Harvard's use of reports reflecting the ethnic composition of a class during its admissions process.

**Response to Topic No. 21**

In addition to the General Objections set forth above and incorporated herein, Harvard objects to this Topic because it is overly broad and unduly burdensome, and seeks information that is neither relevant to the parties' claims or defenses nor proportional to the needs of the case. Harvard further objects to this Topic because it is vague and ambiguous as to the meaning of the terms "use," "reports," "reflecting," "class," and "during its admissions process."

21

Subject to and without waiving the foregoing general and specific objections, and reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard designates as its corporate testimony certain testimony that SFFA has elicited to date.   McGrath Tr. 202:7-22; 228:1-22; 253:4-254:6.

**Topic No. 22**

Harvard's use of "lop lists" as part of its admissions process.

**Response to Topic No. 22**

In addition to the General Objections set forth above and incorporated herein, Harvard objects to this Topic because it is overly broad and unduly burdensome, and seeks information that is neither relevant to the parties' claims or defenses nor proportional to the needs of the case. Harvard further objects to this Topic because it seeks information that is more appropriately sought through other means, including less burdensome means of discovery such as interrogatories and requests for production.   Harvard further objects to this Topic on the ground that it implicates privacy concerns to the extent it seeks testimony regarding the personal information of applicants, donors, alumni, or other third parties who are not parties to this case. Harvard further objects to this Topic to the extent it requires Harvard to provide information about applicants or students that is protected from disclosure by state or federal law, including without limitation by FERPA.

Subject to and without waiving the foregoing general and specific objections, and reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard designates as its corporate testimony certain testimony that SFFA has elicited to date.   Cheng Tr. 46:19-47:18; 195:14-197:2; 198:19-199:18; 200:16-201:24; 202:12-203:13; 206:9-207:5; Banks Tr. 95:19-98:21; 122:3-18; 124:1-23; 128:20-129:4.

22

**Topic No. 23**

The use of the "ad dot" and "ad star" (or Ad*) designations in evaluating candidates for admission to Harvard.

**Response to Topic No. 23**

In addition to the General Objections set forth above and incorporated herein, Harvard objects to this Topic, insofar as it is not limited to Harvard College's Admissions Office use of such designations, it is overly broad and unduly burdensome and seeks information that is neither relevant to the parties' claims or defenses nor proportional to the needs of the case. Harvard further objects to this Topic because it seeks information that is more appropriately sought through other means, including less burdensome means of discovery such as interrogatories and requests for production.

Subject to and without waiving the foregoing general and specific objections, and reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard designates as its corporate testimony certain testimony that SFFA has elicited to date.   Weaver II Tr. 256:22-259:7; 260:4-261:4.

**Topic No. 24**

Harvard's use of prior admissions class statistics as part of its admissions process.

**Response to Topic No. 24**

In addition to the General Objections set forth above and incorporated herein, Harvard objects to this Topic because it is overly broad and unduly burdensome and seeks information that is not proportional to the needs of the case.   Harvard further objects to this Topic on the ground that it is vague and ambiguous as to the meaning of the term "prior admissions class statistics."

23

Subject to and without waiving the foregoing general and specific objections, and reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard designates as its corporate testimony certain testimony that SFFA has elicited to date.   Banks Tr. 146:4-23; 191:9-21; McGrath Tr. 220:19-221:4; 230:8-17; 241:24-242:24.

**Topic No. 25**

Efforts by Harvard to measure the benefits or results of its use of race in its admissions process.

**Response to Topic No. 25**

In addition to the General Objections set forth above and incorporated herein, Harvard objects to this Topic because it seeks information that is not relevant to the claims or defenses of any party.   Harvard further objects to this Topic on the grounds that it seeks information more appropriately sought through other means, including less burdensome means of discovery such as interrogatories and requests for production.   Harvard further objects to this Topic on the grounds that it is vague and ambiguous.   Harvard further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, and reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard will present one or more witnesses to testify about relevant, non-privileged factual matters known to Harvard, at an appropriate level of generality, concerning this Topic.

**Topic No. 26**

Efforts by Harvard to measure any harm resulting from its use of race in its admissions process.

24

**Response to Topic No. 26**

In addition to the General Objections set forth above and incorporated herein, Harvard objects to this Topic because it is overly broad and unduly burdensome and seeks information that is neither relevant to the parties' claims or defenses nor proportional to the needs of the case. Harvard further objects to this Topic on the grounds that it is vague and ambiguous as to the meaning of the terms "efforts," "measure," and "any harm."   Harvard further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege and work product doctrine.   Harvard further objects to this Topic on the grounds that the Court has entered an order making clear that this Topic is not relevant, because "Plaintiff has not shown that such data is likely to lead to the discovery of admissible evidence."   Dkt. 181, Discovery Order (Sept. 7, 2016); *see also* Transcript of Sept. 6, 2016 Status Conference, at 10:6-16.

In light of the foregoing general and specific objections, Harvard does not agree to produce a witness to testify regarding this Topic.

**Topic No. 27**

Harvard's efforts to use socioeconomic status in its admissions process.

**Response to Topic No. 27**

In addition to the General Objections set forth above and incorporated herein, Harvard objects to this Topic because it is overly broad and unduly burdensome.   Harvard further objects to this Topic because it is vague and ambiguous as to the meaning of the terms "efforts" and "socioeconomic status."

Subject to and without waiving the foregoing general and specific objections, and reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard

25

designates as its corporate testimony certain testimony that SFFA has elicited to date.   McGrath

Tr. 22:14-19; 24:4-25:3; 25:15-26:3; 68:6-17; Faust Tr. 37:10-24; 38:12-39:5.

**Topic No. 28**

Any changes to Harvard's admissions process after the filing of the Complaint by SFFA.

**Response to Topic No. 28**

In addition to the General Objections set forth above and incorporated herein, Harvard

objects to this Topic because it seeks information that is neither relevant to the parties' claims or

defenses nor proportional to the needs of the case.   Harvard further objects to this Topic to the

extent it seeks information protected from disclosure by the attorney-client privilege and work

product doctrine.   Harvard further objects to this Topic because it is vague and ambiguous as to

the meaning of the term "changes" and overly broad and unduly burdensome as to the term

"any."

Subject to and without waiving the foregoing general and specific objections, and

reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard

will present one or more witnesses to testify about relevant, non-privileged factual matters

known to Harvard, at an appropriate level of generality, concerning this Topic.

**Topic No. 29**

Harvard's certification of compliance with Title VI of the Civil Rights Act of 1964.

**Response to Topic No. 29**

In addition to the General Objections set forth above and incorporated herein, Harvard

objects to this Topic because it is seeks information that is neither relevant to the parties' claims

or defenses nor proportional to the needs of the case.   Harvard further objects to this Topic on

the grounds that it is overly broad and unduly burdensome insofar as it is not limited to Harvard

College's undergraduate admissions process.   Harvard further objects to this Topic to the extent

26

it seeks information protected from disclosure by the attorney-client privilege and work product doctrine.

In light of the foregoing general and specific objections, Harvard does not agree to produce a witness to testify regarding this Topic.

**Topic No. 30**

The policies and practices associated with the retention of email from the Office of Institutional Research in 2014.

**Response to Topic No. 30**

In addition to the General Objections set forth above and incorporated herein, Harvard objects to this Topic because it seeks information that is neither relevant to the parties' claims or defenses nor proportional to the needs of the case.   Harvard further objects to this Topic because it is overly broad and unduly burdensome.   Harvard further objects to this Topic because it is vague and ambiguous as to the meaning of the terms "policies," "practices," and "from the Office of Institutional Research."   Harvard further objects to this Topic because it seeks information that is more appropriately sought through other means, including less burdensome means of discovery such as requests for production of documents.   Harvard further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing general and specific objections, and reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard will present one or more witnesses to testify about relevant, non-privileged factual matters known to Harvard, at an appropriate level of generality, concerning this Topic.

27

**Topic No. 31**

The recruitment of high school students on the basis of their race, geographic location, socioeconomic status, or other characteristics.

**Response to Topic No. 31**

In addition to the General Objections set forth above and incorporated herein, Harvard objects to this Topic because insofar as it is not limited in scope to Harvard College's Admissions Office it seeks information that is neither relevant to the parties' claims or defenses nor proportional to the needs of the case.   Harvard further objects to this Topic on the grounds that it is vague and ambiguous as to the meaning of the terms "geographic location," "socioeconomic status," and "other characteristics."

Subject to and without waiving the foregoing general and specific objections, and reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard will present one or more witnesses to testify about relevant, non-privileged factual matters known to Harvard, at an appropriate level of generality, concerning this Topic.

**Topic No. 32**

The use of "likely letters" in Harvard's admissions process, including, but not limited to, the racial composition of students receiving such letters.

**Response to Topic No. 32**

In addition to the General Objections set forth above and incorporated herein, Harvard objects to this Topic because it is overly broad and unduly burdensome, and to the extent it seeks information that is not proportional to the needs of the case.   Harvard further objects to this Topic on the ground that it implicates privacy concerns to the extent it seeks testimony regarding the personal information of applicants or other third parties who are not parties to this case.

28

Harvard further objects to this Topic to the extent it requires Harvard to provide information about applicants or students that is protected from disclosure by state or federal law, including without limitation by FERPA.   Harvard further objects to this Topic because it seeks information that is more appropriately sought through other means, including less burdensome means of discovery such as interrogatories.   In lieu of providing testimony regarding the racial, socioeconomic, and legacy status of students who receive "likely letters," Harvard will respond to Interrogatory No. 13.

Subject to and without waiving the foregoing general and specific objections, and reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard will present one or more witnesses to testify about relevant, non-privileged factual matters known to Harvard, at an appropriate level of generality, concerning the use of "likely letters" in Harvard's admissions process.

**Topic No. 33**

The use of the "Z List" in Harvard's admissions process, including, but not limited to, the racial, socioeconomic, and legacy status of those placed on the "Z List."

**Response to Topic No. 33**

In addition to the General Objections set forth above and incorporated herein, Harvard objects to this Topic because it is overly broad and unduly burdensome, and to the extent it seeks information that is neither relevant to the parties' claims or defenses nor proportional to the needs of the case.   Harvard further objects to this Topic on the ground that it is vague and ambiguous as to the meaning of the terms "racial, socioeconomic, and legacy status" and "those."   Harvard further objects to this Topic because it seeks information that is more appropriately sought through other means, including less burdensome means of discovery such

29

as database records produced through requests for production.   Harvard further objects to this

Topic on the ground that it implicates privacy concerns to the extent it seeks testimony regarding

the personal information of applicants or other third parties who are not parties to this case.

Harvard further objects to this Topic to the extent it requires Harvard to provide information

about applicants or students that is protected from disclosure by state or federal law, including

without limitation by FERPA.   Harvard further objects to this Topic because it seeks

information that is more appropriately sought through other means, including less burdensome

means of discovery such as interrogatories.   In lieu of providing testimony regarding the racial,

socioeconomic, and legacy status of those placed on the "Z List," Harvard will respond to

Interrogatory No. 15.

   Subject to and without waiving the foregoing general and specific objections, and

reserving the right to object to specific questions posed by SFFA regarding this Topic, Harvard

will present one or more witnesses to testify about relevant, non-privileged factual matters

known to Harvard, at an appropriate level of generality, concerning the use of the "Z List" in

Harvard's admissions process.

PRESIDENT AND FELLOWS OF HARVARD
COLLEGE (HARVARD CORPORATION)

By its attorneys,

*/s/ Felicia H. Ellsworth*
Seth P. Waxman (*pro hac vice*)
Paul R.Q. Wolfson (*pro hac vice*)
Daniel Winik (*pro hac vice*)
WILMER CUTLER PICKERING
     HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Tel: (202) 663-6800
Fax: (202) 663-6363

30

seth.waxman@wilmerhale.com
paul.wolfson@wilmerhale.com
daniel.winik@wilmerhale.com

Debo P. Adegbile (*pro hac vice*)
WILMER CUTLER PICKERING
        HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 295-6717
Fax: (212) 230-8888
debo.adegbile@wilmerhale.com

William F. Lee (BBO #291960)
Felicia H. Ellsworth (BBO #665232)
Andrew S. Dulberg (BBO #675405)
Elizabeth C. Mooney (BBO #679522)
WILMER CUTLER PICKERING
        HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6687
Fax: (617) 526-5000
william.lee@wilmerhale.com
felicia.ellsworth@wilmerhale.com
andrew.dulberg@wilmerhale.com
elizabeth.mooney@wilmerhale.com

*Counsel for Defendant President and
Fellows of Harvard College*

Dated:   June 12, 2017

31

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2017, I caused a true and correct copy of the foregoing Responses and Objections to Plaintiff's Notice of Rule 30(b)(6) Deposition to be served by email on the following counsel of record:

William S. Consovoy
Thomas R. McCarthy
J. Michael Connolly
CONSOVOY MCCARTHY PLLC
3033 Wilson Boulevard
Suite 700
Arlington, VA 22201
Tel: (703) 243-4923
Fax: (703) 243-4923
will@consovoymccarthy.com
tom@consovoymccarthy.com
mike@consovoymccarthy.com

Patrick Strawbridge
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
Boston, Massachusetts 02109
Tel: (617) 227-0548
patrick@consovoymccarthy.com

Paul M. Sanford
Benjamin C. Caldwell
BURNS & LEVINSON LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
Tel: (617) 345-3000
Fax: (617) 345-3299
psanford@burnslev.com
bcaldwell@burnslev.com

*/s/ Andrew S. Dulberg*
Andrew S. Dulberg