WILMERHALE

December 5, 2022

**By ECF**

Felicia H. Ellsworth

+1 617 526 6687 (t)
+1 617 526 5000 (f)
felicia.ellsworth@wilmerhale.com

The Honorable Allison D. Burroughs
U.S. District Court for the District of Massachusetts
John Joseph Moakley Courthouse
1 Courthouse Way
Boston, MA 02210

Re: *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, No. 14-cv-14176 (D. Mass.)

Dear Judge Burroughs,

At the November 21, 2022 status conference, the Court directed the parties to confer and propose redactions to the transcripts of the sealed sidebar proceedings during the 2018 bench trial in this matter. Counsel for Harvard and SFFA conferred on December 2. The parties agree that a portion of one sidebar excerpt should remain sealed (Corrected Tr. of Trial Day 6 at 6:17-8:5), but otherwise disagree on the material that should remain sealed. Accordingly, Harvard is filing this letter listing the limited portions of the sidebar proceedings that it believes should remain under seal. Of the approximately 145 pages of sealed sidebars, the portions that Harvard believes should remain sealed are:

| Day | Page/Line |
|---|---|
| 3 | 11:22-22:18 |
| 6 | 6:17-8:5 |
| 7 | 6:12-12:13 |
| 9 | 8:11-18 |
|   | 10:3-11 |
|   | 15:10-14 |
|   | 16:3-14 |
|   | 18:13 |
|   | 22:1-2 |
|   | 22:14-15 |
|   | 22:19-21 |
|   | 23:1 |
|   | 23:9 |
|   | 118:10-11 |

| Day | Page/Line |
|---|---|
| 10 | 119:22-129:24 |
| 11 | 7:11-16 |
|    | 8:4-7 |
|    | 10:11-18 |
|    | 12:5-6 |
| 12 | 6:20-7:1 |
| 14 | 173:20-22 |
|    | 174:23 |
|    | 176:20-24 |
|    | 198:1-3 |
|    | 198:19-20 |
|    | 199:22 |

While this letter provides the general rationales for Harvard's proposed redactions, it does not endeavor to exhaustively catalog Harvard's positions on these subjects, which would

WILMERHALE

The Honorable Allison D. Burroughs
December 5, 2022
Page 2

necessarily reveal information that should remain under seal. Harvard will be prepared to provide more detail during the sealed hearing the Court will hold on December 9, 2022, and should the Court seek additional detail in advance of the December 9 hearing, Harvard would be happy to provide such information.

Although the public and the press have the right of access to judicial proceedings, that right is a "qualified" one "that may be outweighed by competing interests in a given case." *In re Providence Trial Co., Inc.*, 293 F.3d 1, 9 (1st Cir. 2002); *see also United States v. Three Juveniles*, 61 F.3d 86, 88 (1st Cir. 1995) ("Competing values and interests may warrant a denial of access to proceedings and records in some situations."). District courts thus have "considerable leeway" in weighing the competing interests in a particular case and in crafting appropriately tailored sealing orders. *Siedle v. Putnam Investment, Inc.*, 147 F.3d 7, 10 (1st Cir. 1998). Relevant considerations may include, among others, "the strength of any privacy interest asserted," "the possibility of prejudice to those opposing disclosure," "the need for public access to the documents at issue," and "the purposes for which the materials were introduced during the proceedings." *E.g.*, *In re Los Angeles Times Commc'ns LLC*, 28 F.4th 292, 297 (D.C. Cir. 2022).

As reflected in its proposed redactions, Harvard believes that the vast majority of the sidebar proceedings need not remain sealed and may be released to the public in unredacted form. Limited transcript excerpts, however, should be redacted when the sidebar transcripts are otherwise made public. With respect to those limited excerpts, the strength of the implicated privacy interests and the purpose of these sidebar proceedings weigh heavily in the analysis. Unlike in a jury trial, the purpose of the sidebar proceedings in this bench trial was not to shield inadmissible material from the factfinder. Instead, many of these proceedings were conducted at sidebar because the parties and/or the Court reasonably believed that the discussions would involve—and indeed did involve—confidential and/or sensitive information. This information was prejudicial not only to Harvard or SFFA but to private-citizen third parties. Such "third-party privacy interests, in particular, have been referred to as a venerable common law exception to the presumption of access, and weigh heavily in a court's balancing equation" when determining whether to restrict access. *United States v. Kravertz*, 706 F.3d 47, 62 (1st Cir. 2013) (quotation marks and citations omitted).

Harvard has proposed redactions designed to protect the privacy interests of these non-party individuals. For example, certain exchanges concern the health conditions of witnesses' family members. Corrected Tr. of Trial Day 7 at 6:12-12:13 (sealed); Corrected Tr. of Trial Day 9 at 118:7-119:3 (sealed). That information is "highly personal" and has "no direct bearing upon the public's assessment" of the issues involved in this case. *Kravertz*, 706 F.3d at 62. In similar circumstances, the First Circuit has noted that "the privacy interests implicated by disclosure may overcome the presumption of public access" and warrant redactions. *Id.* (addressing sentencing letters "contain[ing] discussion of the ill health of the authors' families"). Other

WILMERHALE

The Honorable Allison D. Burroughs
December 5, 2022
Page 3

exchanges concern non-public hearsay from an individual not affiliated with Harvard that the Court already determined is not probative of the issues in this case.  *See* Corrected Tr. of Trial Day 3 at 11:22-22:19 (sealed); Corrected Tr. of Trial Day 10 at 119:21-131:21 (sealed).  Public disclosure of those hearsay statements would be prejudicial to the third-party non-participant who made them, and it would serve no meaningful public interest.  Corrected Tr. of Trial Day 3 at 16:7.

      Finally, apart from the concerns about third-party privacy interests, Harvard also has proposed redactions to portions of the transcripts that concern allegations relating to the integrity of individual witnesses.  *See, e.g.*, Corrected Tr. of Trial Day 9 at 8:11-18.  The Court rejected those accusations, and disclosure of unfounded accusations could be prejudicial given that SFFA's appeal is ongoing and may result in further proceedings in this Court, including potentially further testimony from those individuals.  To avoid any chilling effect on those witnesses, those exchanges should remain under seal at least until the possibility of further proceedings has been resolved.

      For these reasons, and additional ones that can be elaborated upon in sealed proceedings, Harvard respectfully requests that the Court adopt its proposed redactions to the trial sidebar transcripts.

Sincerely,

*/s/ Felicia H. Ellsworth*

Felicia H. Ellsworth