

Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
617.227.0548
www.consovoymccarthy.com

December 5, 2022

**VIA ECF**

Hon. Allison D. Burroughs
U.S. District Court, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:   *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*,
      No. 1:14-cv-14176-ADB

Dear Judge Burroughs,

As requested by the Court, SFFA and Harvard met and conferred to discuss their respective positions on the pending request to unseal the sidebars from the October 2018 bench trial in this case. Although Harvard has retreated from its prior position that *all* sidebars should remain sealed, *see* Doc. 692, SFFA believes that nearly all of Harvard's remaining requests to continue sealing portions of numerous sidebars run afoul of the First Amendment and precedent governing the Court's limited discretion to seal otherwise public court proceedings in a case of considerable public interest.

## I.     The First Amendment generally protects a right of public access to court proceedings, including those conducted at sidebar.

 "There is a longstanding tradition of public access to trials … in our judicial system—a tradition that is protected both by the common law and the First Amendment." *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447 (D. Mass. 2015) (citing *Nixon v. Warner Comm'ns*, 435 U.S. 589, 597 (1978)). "[C]ourts should be ungenerous with their discretion to seal judicial records." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021). Indeed, public court proceedings may be sealed only for "the most compelling reasons," *In re Providence Journal Co.*, 293 F.3d 1, 10 (1st Cir. 2002), and courts "must ensure that any sealing is narrowly tailored to shield as little from public view as possible," *Bradford & Bigelow*, 109 F. Supp. 3d at 449.

"The right to access … civil trials extends to transcripts of sidebar and *in camera* proceedings that, by definition, occur out of public earshot during civil … trials." *Dashner ex rel. Est. of Hirko v. Riedy*, No. CIV.A.99-CV-02124, 2004 WL 2252114, at *5 (E.D. Pa. Sept. 30, 2004) (citing *In Re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir.2001), and *United States v. Smith*, 787 F.2d 111, 114-15 (3d Cir.1986)). That is because such proceedings are "judicial proceedings," and the materials from them are entered into the court record. *In re Cendant*, 260 F.3d at 192; see *Binh Hoa Le*, 990 F.3d at 420. And given that trial has been completed for four years, Harvard cannot show any

legitimate prejudice to maintaining secrecy. *See United States v. Valenti*, 987 F.2d 708, 714 (11th Cir. 1993) (explaining that "the transcripts of properly closed proceedings must be released when the danger of prejudice has passed").[1]

## II. The parties agree that information sufficient to identify applicants should remain sealed.

SFFA and Harvard agree that identifying information about applicants should remain sealed, absent those applicants' consent to disclosure. At the November 21 status conference, Professor Gersen and the other media movants appeared to exclude such materials from their request. In any event, that limited category of information is appropriately protected because those challenging the admissions process may face "retaliatory physical or mental harm," because student applicants are largely "innocent non-parties," and because anonymity will help "forestall a chilling effect on future litigants who may be similarly situated." *Doe v. Massachusetts Institute of Technology*, 46 F.4th 61, 71–72 (1st Cir. 2022).

Thus, with respect to the sealed sidebar discussions at issue, SFFA and Harvard agree that the following lines of the transcript should remain sealed: Corrected Tr. of Bench Trial – Day 6:17-8:5.[2]

SFFA disagrees, however, with Harvard's proposed redaction of the discussion at Corrected Tr. of Bench Trial – Day 12 6:20-7:1. That excerpt does not contain any information sufficient to identify an applicant but is instead consistent with the kind of anonymized discussion that appears throughout the trial record.

---

[1] The remote possibility that this Court may have to revisit its prior trial proceedings on remand does not add any weight to Harvard's arguments. The pending Supreme Court consideration of this case largely involves *legal* issues (specifically, the continued constitutionality of racial classifications in college admissions). And even if it did, that does not mean Harvard can satisfy its heavy burden today—in the face of an objection by the media—of sealing past discussions.

[2] SFFA maintains its objection to the disclosure of any other personal applicant identifying information to the extent there are further unsealing efforts regarding trial exhibits, and it requests the right to be heard in the event of such proceedings.

### III. Harvard's request to seal other portions of the transcript fail to meet the high standard under the First Amendment and common law.

The other portions of the transcript that Harvard seeks to insulate from public view can be grouped into several categories—none of which are sufficient to overcome the compelling public interest in trial proceedings that have long since concluded.

#### A. Discussions regarding public documents that the Court declined to admit should be unsealed.

Harvard proposes to keep under seal all discussions regarding a proposed trial exhibit that SFFA obtained not from Harvard, but from a public records request. *See* Corrected Tr. of Bench Trial – Day 3 12:22-23:18; Corrected Tr. of Bench Trial – Day 10 119:22-129:24; Corrected Tr. of Bench Trial – Day 14 198:1-3, 198:19-20, 199:22.

The document involves communications with a government official that even the Court recognized had some baseline relevance, although it ultimately excluded the evidence from trial. Although sealing this discussion may have served some interest in orderly trial administration when the proceedings were ongoing, it cannot do so four years later. *Valenti*, 987 F.2d at 714 (11th Cir. 1993); *see also Doe*, 46 F.4th at 73 (noting that "the interests weighing in favor of open judicial proceedings may change as the litigation progresses").

That the evidence was ultimately excluded matter to this analysis. The First Amendment and common law right of access extends to evidentiary rulings themselves. *Dashner*, 2004 WL 2252114, at *5. Rule 403 is not the First Amendment; the Court's resolution of the former in deciding admissibility does not satisfy the latter's demand for transparency in judicial proceedings.

#### B. Discussions among counsel about witness testimony should be unsealed.

Harvard proposes to seal numerous discussions about witness testimony and potential lines of questioning during the 2018 trial. Again, Harvard's desire to shield this information from public view falls well short of the line required by the law governing public access.

To begin, many of the discussions Harvard contends should remain forever secret track those that are replicated on the public record in this case. Witnesses were recalled in this case to discuss their prior testimony, and concerns about the accuracy of this testimony was raised in open court at both closings, *see* Corrected Tr. of Bench Trial – Day 15 54:16-24; Tr. of Final Closing Argument (Feb. 13, 2019) 21:2-25:17, and in subsequent public filings, *see* Doc. 620, at 47 ¶133; Doc. 227, at 33 ¶133. As a result, Harvard cannot meet its burden to continue sealing the following transcript sections: Corrected Tr. of Bench Trial – Day 9 8:11-18, 10:3-11, 16:3-14; Corrected

Tr. of Bench Trial – Day 11 7:11-16, 8:4-7, 10:11-18, 12:5-6; Corrected Tr. of Bench Trial – Day 14 173:20-22, 174:23, 176:20-24.

The second set of exchanges in this category involve a dispute over the cross examination of a particular witness. Harvard's position on this is curious. At the time, it contended that the subject matter of this dispute was publicly available—so much so that any person with a casual interest in the witness would know about it. Corrected Tr. of Bench Trial – Day 7 6:21-22. The Court ultimately disagreed. Corrected Tr. of Bench Trial – Day 9 15:10-14. Since the trial, the witness has voluntarily disclosed this information in the press (as a Google search *today* reveals). Thus, although the underlying discussion involved a topic of some sensitivity, that sensitivity has since diminished.

At the parties' meet-and-confer, Harvard suggested that its objection to disclosure of these exchanges was not to protect the information itself, but rather counsel's discussion of it. To the extent Harvard is saying it wants to seal these exchanges to protect *SFFA's* trial counsel from the disclosure of Harvard's trial counsel's baseless allegations, SFFA is quite comfortable with the state of the record on this matter and its disclosure to the public. There is thus no basis to seal the following transcript excerpts: Corrected Tr. of Bench Trial – Day 7 6:12-12:13; Corrected Tr. of Bench Trial – Day 9 15:10-14; 18:13-14.

*   *   *

There is a reason that Harvard faces a high burden in seeking to seal the transcript of the sidebars in this case. As the First Circuit has recently recognized, our nation has a "tradition of doing justice out in the open, neither 'in a corner nor in any covert manner.'" *Doe*, 46 F.4th at 68 (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 567 (1980)). "Public access to judicial records and documents allows the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system." *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) (cleaned up).

Respectfully submitted,

*/s/ Patrick Strawbridge*
Patrick Strawbridge

cc:   ECF recipients