UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

|  |  |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PRESIDENT AND FELLOWS OF <br> HARVARD COLLEGE (HARVARD CORPORATION), <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.  1:14-cv-14176-ADB <br> ) <br> ) <br> ) <br> ) <br> ) |

**MOTION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS
TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT RECORDS
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 24(b), the Reporters Committee for Freedom of the Press ("Reporters Committee") respectfully moves for leave to intervene in the above-captioned case for the limited purpose of asserting the rights of the press and public to access sealed judicial records in this matter, including transcripts of the sidebar proceedings held during trial that are the subject of the parties' recent letters to the Court (hereinafter the "Sidebar Transcripts").[1]

Where a party seeks to seal judicial proceedings or records, "representatives of the press and public must be given an opportunity to be heard on the question of their exclusion," *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982) (internal quotation omitted),

---

[1] The Reporters Committee previously participated in this matter as amicus curiae, *see* ECF Nos. 391, 432, and appeared at the November 21 status conference, *see* ECF No. 698. Based on that status conference, the Reporters Committee understands that the parties will make public an index of the thousands of pages of records currently under seal in this matter by January 2023.  The Reporters Committee respectfully reserves the right to challenge the continued sealing of records other than the Sidebar Transcripts following the public filing of said index.

1

and "permissive intervention is the procedurally correct vehicle" for members of the public and press to oppose such sealing, *R & G Mortg. Corp. v. Federal Home Loan Mortg. Corp.*, 584 F.3d 1, 11 (1st Cir. 2009). Rule 24(b)'s requirements for permissive intervention are all satisfied here.

This motion is timely: Where the First Amendment and common law rights of access attach, they attach "today for the records of cases decided a hundred years ago as surely as [they] do[] for lawsuits now in the early stages of motions litigation." *Pub. Citizen Grp. v. Liggett Grp., Inc.*, 858 F.2d 775, 786 (1st Cir. 1988) (internal citation omitted). No party will be prejudiced, *see* Fed R. Civ. P. 24(b)(3), by a full airing of the arguments in favor of transparency while the disputed portions of the Sidebar Transcripts remain under seal, *see Pub. Citizen Grp.*, 858 F.2d. at 787. The public's constitutional and common law rights of access, on the other hand, would be severely undermined by a truncated consideration of the appropriate scope of sealing of the Sidebar Transcripts, especially one that takes place entirely behind closed doors.

The process apparently contemplated for determining what portions of the Sidebar Transcripts, if any, should remain under seal—minimal public briefing followed by a closed hearing at which only the parties' views will be heard—would deny the press and public an opportunity "to be heard at a meaningful time and in a meaningful manner" on whether continued secrecy is warranted. *United States v. Raffoul*, 826 F.2d 218, 222 (3d Cir. 1987). For one, even though there can be—and appears to be—no dispute that "the vast majority of the sidebar proceedings need not remain sealed," Harvard Ltr. at 2 (ECF No. 701), the public cannot review the parties' proposed redactions in context. And while Harvard has "identified the redactions it seeks by page number and line number, it does not provide similarly specific compelling reasons to justify these redactions," *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1183–84 (9th Cir. 2006). As a result, the public is currently denied the chance to "directly

rebut" the proffered rationale for secrecy that due process and the First Amendment require. *In re Cap. Cities/ABC, Inc's Application for Access to Sealed Transcripts*, 913 F.2d 89, 95 (3d Cir. 1999).[2] Harvard ties the justifications it offers by way of "example" to only a fraction of the specific redactions it proposes, leaving the public with no hint as to why it believes concealing the remaining sections is necessary. Harvard Ltr. at 2. Some of the justifications that *are* tied to specific redactions—such as Harvard's claim that discussions of rulings on the admission of hearsay are beyond the scope of the public's rights, *see id.*—are inadequate on their face, underscoring the need for close public scrutiny of the remainder of the parties' arguments.

Of particular concern, the parties' submissions apparently contemplate that the *only* merits hearing on the question whether and to what extent the Sidebar Transcripts will remain under seal will, itself, be sealed. *See* Harvard Ltr. at 2. The Reporters Committee was not aware prior to the parties' recent letters that the December 9 proceeding was intended to be not only entirely closed to the public, but also a full-fledged resolution of the sealing question. *See* Clerk's Notes (ECF No. 700) (characterizing the December 9 proceeding as a "Status Conference"). The First Amendment requires more. Just as the parties have been required to articulate their secrecy interests in public filings, they should be required to justify them at a public hearing. *See In re Cap. Cities*, 913 F.2d at 95 ("[W]here the press or public requests an

---

[2] For the same reason, while the press and public's rights of access to judicial records plainly provide the "common question of law and fact" that Rule 24(b)(1)(B) requires, *see Comm'r v. Advance Local Media LLC*, 918 F.3d 1161, 1173 n.12 (11th Cir. 2019) (collecting cases), the Reporters Committee at this stage can only outline the "claim or defense for which intervention is sought," Rule 24(c). But Rule 24(c) does not require more at this juncture, so long as this Court is fairly "apprised of the grounds" for intervention: namely, that the First Amendment and common law presumptions of access attach to the Sidebar Transcripts; that the parties' have not shown that either is overcome; and that members of the public, including the Reporters Committee, are entitled to a meaningful opportunity to challenge the parties' proposed redactions. *Beckman Industries, Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992).

open hearing, one must be held." (internal quotation omitted)).  Harvard's objection that it cannot elaborate on its case for secrecy in a public setting, *see* Harvard Ltr. at 1–2, flies in the face of the norm that "[a] motion to seal itself should not generally require sealing or redaction because litigants should be able to address the applicable standard without specific reference to confidential information." *Tequan Doe v. City of New York*, No. 1:22-cv-7910, 2022 WL 15153410, at *4 (S.D.N.Y. Oct. 26, 2022) (internal citation omitted) (collecting cases).

To provide the public a meaningful opportunity to be heard on the sealing of the Sidebar Transcripts, the Reporters Committee respectfully asks the Court to: (1) order that the parties file on the public docket the portions of the Sidebar Transcripts that neither party seeks to maintain under seal, with proposed redactions accompanied by justifications detailed enough that the Reporters Committee and other representatives of the press and public may meaningfully respond in writing; (2) provide for a subsequent hearing on the merits at which representatives of the press and public can be heard, alongside the parties; and (3) thereafter, issue a final, public written ruling—supported by "particularized findings" that are "specific enough to permit a reviewing court to determine whether sealing was appropriate"—identifying those discrete portions of the Sidebar Transcripts, if any, that the Court determines must remain sealed to protect an overriding interest.  *United States v. Kravetz*, 706 F.3d 47, 60 (1st Cir. 2013).

"People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing."  *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572 (1980).  The public deserves a full and fair opportunity to challenge the secrecy the parties seek in this case, and neither party will be prejudiced by a process that provides the public that chance.

## CONCLUSION

For the reasons given above, the Reporters Committee respectfully requests that the Court grant its motion for leave to intervene, order that the parties file proposed redactions to which representatives of the press and public can meaningfully respond in writing, and hold a public hearing on the merits at which representatives of the press and public can be heard.

Respectfully submitted,

Date:   December 7, 2022

*/s/ Robert A. Bertsche*
Robert A. Bertsche (BBO #554333)
KLARIS LAW PLLC
6 Liberty Square #2752
Boston, MA 02109
Telephone: 857-303-6938
rob.bertsche@klarislaw.com

*Counsel of Record for Reporters Committee for Freedom of the Press*

Katie Townsend*
Grayson Clary*
REPORTERS COMMITTEE FOR
    FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Telephone:  202-795-9300
Facsimile:  202-795-9310
ktownsend@rcfp.org
gclary@rcfp.org

*\* Pro hac vice application pending*

## LOCAL RULE 7.1 CERTIFICATION

Counsel for the Reporters Committee for Freedom of the Press hereby certifies that counsel for the Reporters Committee have conferred with counsel to Harvard and Students for Fair Admissions, Inc., in a good-faith attempt to resolve or narrow the issues raised by this motion.  Students for Fair Admissions, Inc., does not oppose limited purpose intervention.  Counsel for Harvard provided the following statement of Harvard's position on the motion:

> To the extent the Reporters Committee seeks intervention pursuant to Rule 24, Harvard opposes the intervention request.  Should the Court conclude that those portions of the Sidebar Transcripts that neither Harvard nor SFFA seeks to maintain under seal should not remain sealed, Harvard would not oppose an order that the parties file those on the public docket.  Harvard takes no position on the request for a subsequent public hearing and written order.

　　　　　　　　　　　　　　　　　　*/s/ Robert A. Bertsche*_____
　　　　　　　　　　　　　　　　　　Robert A. Bertsche

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2022, the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

　　　　　　　　　　　　　　　　　　*/s/ Robert A. Bertsche*_____
　　　　　　　　　　　　　　　　　　Robert A. Bertsche